Gene H. Shioda – SBN 186780
ghs@slclawoffice.com
Christopher J. Langley – SBN 258851
chris@slclawoffce.com
Steven P. Chang – SBN 221783
schang@slclawoffice.com
**SHIODA, LANGLEY & CHANG LLP**
1063 E. Las Tunas Dr.
San Gabriel, CA 91776
Tel: (626)281-1232
Fax: (626)281-2919

Proposed Counsel for Jinzheng Group (USA) LLC
Debtor and Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>JINZHENG GROUP (USA) LLC<br><br>Debtor and Debtor in Possession. | Case No. 2:21-bk-16674-ER<br><br>Chapter 11<br><br>**MOTION OF DEBTOR FOR ORDER EXTENDING DEBTOR'S EXCLUSIVITY PERIOD TO FILE CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THERETO; MEMORANDUM OF POINTS AND AUTHORITES; DECLARATIOON OF MAX YANG IN SUPPORT THEREOF**<br><br>**HEARING DATE:**<br><br>Date:    January 4, 2022<br>Time:    10:00am<br>Location:  Ctrm 1568<br>            255 E. Temple St.<br>            Los Angeles, CA 90012 |

**TO THE HONORABLE ERNEST M. ROBLES, U.S. BANKRUPTCY JUDGE, OFFICE OF THE U.S. TRUSTEE, AND ALL PARTIES IN INTEREST:**

1

Jinzheng Group (USA) LLC, the chapter 11 debtor and debtor-in-possession (hereafter "Debtor"), hereby submits this motion ("Motion") for an Order Extending Debtor's Exclusivity Periods to File Chapter 11 Plan and Solicit Acceptances Thereto (the "Motion") as follows:

**MEMORANDUM OF POINTS AND AUTHORITIES**

Jinzheng Group (USA) LLC, the herein Chapter 11 Debtor and Debtor-in-Possession ("Debtor") hereby moves this Court for an Order, pursuant to sections 105(a) and 1121(d) of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code"), extending the period in which the Debtor has exclusive right to file a Chapter 11 plan (the "Exclusivity Period") by 120 days, through and including April 21, 2022; and (b) further extending the period in which the Debtor has the exclusive right to solicit acceptance of the Chapter 11 plan (the "Exclusive Solicitation Period" and together with the Exclusivity Period, the Exclusive Periods") by 149 days, through and including May 20, 2022. In support of this Motion, the Debtor respectfully represents as follows:

I.

JURISDICTION AND VENUE

This Court has original and exclusive jurisdiction over the Motion pursuant to 28 U.S.C. §§157 and 1334. Venue of this proceeding and the Motion is proper in this district pursuant to 28 U.S.C §§1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b). As set forth herein, the statutory predicate for the relief sought in the Motion is section 1121 of the Bankruptcy Code.

II.

FACTUAL SUMMARY

Debtor commenced its reorganization by filing a voluntary petition for relief under chapter 11 bankruptcy protection on August 24, 2021 (the "Petition Date").

The Debtor continues in possession of its assets and is operating and managing its business as debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

From the Petition Date through December 6, 2021, there was little activity in this case other than the filing of necessary reports and compliance issues with the office of the US Trustee's office. The filing bankruptcy counsel, never sought to be employed by the estate, nor have any other professionals been employed.

In the final week of November, new bankruptcy counsel was hired into the case. Shioda Langley & Chang LLP (hereafter "SLC") filed its substitution of attorney and Application to be Employed on December 6, 20021. On December 7, 2021, the Court set a bar date for claims of February 4, 2022. The notice has been served on all creditors. Debtor is reviewing the claims as they come in.

Debtor is owned by Jiaqing Yang. Debtor was registered in California on May 25, 2016. Jiaqing Yang currently resides in China and has not been to the United States since the global outbreak of Covid-19. Betty Zheng managed the Debtor on behalf of Jiaqing Yang. Debtor is a real estate development company.

Debtor was very well capitalized and purchased the properties without the need for financing. The principal asset is multiple adjacent parcels of raw land in Los Angeles totally roughly 32 acres (collectively the "Los Angeles Properties"). The Los Angeles Properties were purchased between August 2016 and July of 2017 a little over 36 million dollars all of which was contributed by Jianqing Yang as a capital contribution into the Debtor. Jianqing Yang also contributed at least 2 properties personally owned by him to the Debtor.

To develop the Los Angeles Properties, Debtor contracted with Betula Lenta, Inc. (hereafter "Betula") in late 2017 to coordinate all the pre-development services including developing a master plan and obtaining City Entitlements. The original contract entered into on December 17, 2017 was for those services totaling $2,594,500.00. A subsequent contract was entered for a "phase 2" on June 22, 2018, for an additional $4,517,913.00. It appears that in order to pay for the second contract, Betula assisted Debtor in obtaining a short-term loan (18 months) with BOBS LLC incurred on September 4, 2018 and to be repaid by April 1, 2020. Once the Los Angeles Properties was entitled, the Debtor was to obtain a long-term construction loan. Debtor is still waiting for entitlements on the Los Angeles Properties as 2 years has turned into 4 years. Debtor is unaware at this time how much of an impact Covid-19 had in the delays. The delays have jeopardized all of the Debtor's assets, since BOBS LLC was on the verge of foreclosure prior to the filing of this case.

Concerned about the Chapter 11 case and the current economic situation of the Debtor, Jiaqing Yang appointed Max Yang as his attorney-in-fact and requested that he oversee the Chapter 11 case. No one was able to give Max Yang a straight answer on the financial affairs of the Debtor, or any details the Entitlement or the alleged refinancing efforts. Max Yang determined that it would be in the best interest of the Debtor to bring in experienced Bankruptcy Counsel into the case and retained SLC.

SLC immediately sought to familiarize itself with the case but is unfortunately still at the early stages of ascertaining the facts and what led to the financial difficulties of the Debtor.

As soon as SLC was hired into this case, it requested documents from Betty Zhang, the acting manager. She resigned her position shortly thereafter. SLC is in the process of filing a motion for a 2004 examination with Ms. Zhang.

Michael Douglas Carlin was purportedly appointed as a Chief Restructuring Officer ("CRO") to the Debtor. It is not clear when he was hired or what the terms of his employment were, and his employment has never been approved by the Court. Mr. Carlin has refused to answer any questions or provide any information to SLC until he is paid, even though SLC has taken the position that he cannot be compensated without approval of the court (a pre-requisite of which is disclosing the terms of his employment with the Court). On December 9, 2021, SLC filed for an order for a 2004 examination, which the Court entered on December 13, 2021. Debtor anticipates concluding Mr. Carlin's examination within the next 30 days.

The other party that is in possession of necessary information is Betula. Betula has been an active participant in the financial affairs of the Debtor, even serving as an officer of the Debtor. Betula was very involved in the events that led up to this Bankruptcy. The prior CEO of Betula, David Park, was the primary person seeking to obtain refinancing for the Debtor. On October 30, 2021, Betula even committed to contribute $3,000,000 in exchange for an 8.5% of the Debtor. Betula failed to contribute the funds by the October 31st deadline.

Debtor is now in contact with Betula's attorney to coordinate timing for a 2004 examination. Counsel for Betula has indicated that his client will cooperate with providing the

necessary information and documents to the Debtor. Debtor anticipates filing the request within the next few days.

To preserve the equity and the assets of the Debtor, Debtor's principal has committed to additional capital contributions to the extent necessary for operating expenses and to pay down the loan enough to obtain new financing to satisfy some of all of the secured lenders in this case.

In addition to a new loan and the capital contribution of the principal, Debtor will bring in additional funds within the next three months through the sale of the real property located at 2240 Lorain Road in San Marina, CA. Debtor anticipates filing a motion to employ a broker within the next week to sell the San Marino property.

Debtor has received outside contributions to pay the property taxes on all the real property assets of the Debtor.

The path forward for this Chapter 11 is simple. If it is practical to obtain the necessary entitlements to build, Debtor will do so. Once the entitlement is obtained Debtor will develop the Los Angeles Properties according to the approved plan. If it is not practical to obtain entitlements, Debtor will sell the Los Angeles Properties.

The Debtor is currently in discussions with a broker to refinance the Properties so as to pay off BOBS LLC as soon as possible.

A necessary element of the Debtor's reorganization however is to determine any claims exists against third parties, or if the Debtor has rights to seek specific performance in connection with the entitlement process.

Since new management and counsel has been hired, the Debtor is seeking an extension of time to be able to conduct an orderly reorganization. Debtor believe that this extension is necessary to preserve the value of the assets of the Debtor so that Creditor are able to be paid.

## III.

## FACTORING IN FAVOR OF COURT GRANTING MOTION

Debtor seeks the entry of an Order, pursuant to sections 105(a) and 1121(d) of the Bankruptcy Code: (a) extending the Debtor's Exclusivity Period by 120 days, through and including April 21, 2022, and (b) extending the Exclusive Solicitation Period by 149 days, through

1  and including May 20, 2022. The Debtor requests the extension of its Exclusive Periods without

2  prejudice to the Debtor's right to seek additional extensions of the Exclusive Periods for cause

3  shown.

4      This is the Debtor's first request for an extension.

5      Pursuant to Bankruptcy Code section 1121 and the computation provisions set forth in

6  Federal Rule of Bankruptcy Procedure 9006(a), the Debtor's Exclusivity Period will expire on

7  December 22, 2021, unless extended by the Court.

8      In turn, section 1121(d)(1) provides, in relevant part:

9      *"[O]n request of a party in interest made within the respective periods in*

10  *subsections (b) and (c) of this section and after notice and a hearing, the court may for*

11  *cause reduce or increase the 120-day period or the 180-day period referred to in this*

12  *section"*

13      Pursuant to section 1121(d)(d), however, the 120-day Exclusivity Period may not be

14  extended beyond a date that is 18 months after the Petition Date and the 180-day Exclusive

15  Solicitation Period may not be extended beyond a date this is 20 months after the Petition Date. 11

16  U.S.C. §1121(d)(2). The Debtor has not requested an extension that exceeds these dates.

17      Section 1121(d)(1) allows a court to extend the Exclusivity Period for "cause" shown.

18  Although the Bankruptcy Code does not define the term "cause," the legislative history indicates

19  that that it is intended to be a flexible standard to balance the competing interests of a debtor and

20  its creditors. See H.R. Rep. No. 95-595 at 231-232 (1978) printed in 1978 U.S.C.C.A.N. 5787

21  (Congress intended to give bankruptcy courts flexibility to protect a debtor's interest by allowing

22  unimpeded opportunity to negotiate settlement of debts without interference from other parties in

23  interest). This flexibility is intended to give a debtor an adequate opportunity to stabilize its

24  business operations at the onset of its Chapter 11 case, restructure its operations and financial

25  obligations, and negotiate a Chapter 11 plan with creditors. See In re Ames Dep't Stores, Inc.,

26  1991 WL 259036 (S.D.N.Y): In re Airport/Hotel L/P., 156 B.R. 444, 451 (Bankr. D.N. J.), aff'd

27  155 B.R. 93 (D.N.J. 1993).

28      The purpose of exclusivity is to "promote an environment in which the debtor's business

may be rehabilitated and a consensual plan may be negotiated." See, H.R. Rep. No. 95-959, at 36(1994). The exclusivity periods provided by Congress were incorporated in the Bankruptcy Code to afford a debtor a full and fair opportunity to propose a consensual plan and solicit acceptances of such a plan without the deterioration and disruption of the debtor's business that might be caused by the filing a competing plan by non-debtor parties. Indeed, the primary objective in a Chapter 11 case is the formulation, confirmation and consummation of a consensual Chapter 11 plan and it is the intention of the Debtor to achieve this objective. To allow Exclusivity to lapse at this stage in this Chapter 11 case is to defeat the very purpose of section 11 of the Bankruptcy Code.

In determining whether cause exists to extend a debtor's exclusivity period, courts may consider a variety of factors, including whether: (I) the case is complicated; (2) the debtor is seeking a first extension; (3) the case has been pending for a long time, relative to its size and complexity; (4) the debtor appears to be proceeding in bad faith; (5) the debtor has improved operating expenses so that it is paying current expenses; (6) the debtor has shown a reasonable prospect for filing a viable plan; (7) the debtor is making satisfactory progress in negotiating with key creditors; (8) the debtor appears to be seeking an extension of exclusivity to pressure creditors; and (9) the debtor is depriving creditors of material or relevant information. See, In re Henry Mayo Newhall Memorial Hospital, 282 B.R. 444, 452 (B.A.P. 9th Cir 2002).

No single factor is dispositive in determining whether to extend exclusivity; courts can choose to rely on only a few factors or even altogether differing factors. In re The Elder-Beerman Stores Corp., No. C-3-97-175, 1997 WL 1774880, at *4 (S.D. Ohio June 23, 1997). As the Ninth Circuit Appellate Panel in In re Henry Mayo held in granting the debtor's motion for an extension of the exclusivity period, the main factor is "whether adjustment of the exclusivity will facilitate moving the case forward toward a fair and equitable resolution." In re Henry Mayo, 82 B.R. at 453; See also, In re Dow Corning Corp. 208 B.R. 661,670 (Bankr. E.D. Mich 1997).

The Debtor's case is of the complexity that the courts have recognized as warranting an extension of Exclusivity. Nonetheless, the other eight factors (set forth below) which courts consider when ruling on a motion for extension of the Exclusivity Period are also met in this case.

1     The Exclusivity Period in this case should be extended is based upon the number of disputed and unliquidated claims in this case and the necessity of determining and/or estimating the claims. Other factors justifying the extension is the Debtor's improving cash flow, the fact that this is the first extension requested, and that this is a relatively new case.

     The claim bar date has been set for February 2, 2022, a date after the present exclusivity period expires, and Debtor will need additional time to assess and potential object to some of the claims.

     An extension of the exclusivity based on the claims issues in this case will facilitate moving the case forward toward a fair and equitable resolution. The most common basis upon which courts grant an extension of exclusivity periods is the complexity of the Chapter 11 case. In re Henry Mayo, supra. See, e.g. In re United Press Intern, Inc., 60. B.R 265, 270 (Bkrtcy. D.Dist.Col. 1986) (court granted extension of exclusive periods based on size and complexity of case); In re Express One Intern, Inc., 194 B.R. 98, I 00 (Birney E.D. Tex. 1996); In re Manville Forest Prods. Corp., 31 B.R. 991, 995 (S.D.N.Y. 1983). The complexity in this case involves a complete understand, and possible pursuit of case and the resolution of the claims.

     Regarding the second factor, only about three to four months have elapsed since the Petition Date, and this is only the Debtor's first request for an Extension of its Exclusive Periods. Furthermore, this request is within the timelines established under 1121(d)(2) (Exclusivity Period of 18 months; Exclusive Solicitation Period of 20 months).

     Regarding the third factor, the case has not been pending a long time, relative to its complexity. The case was filed on August 24, 2021. It is not uncommon for a bankruptcy court to grant a debtor's first request for an extension. See, In re Henry Mayo, supra at 322.

     Regarding the fourth factor, the Debtor is not proceeding in bad faith. Debtor has attempted to negotiate with creditors, it has filed the requisite schedules and statements with the Court; is in compliance with the Office of the United States Trustee, and is continuing in possession of its assets, and is operating and managing its business affairs as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

     Regarding the fifth factor, the Debtor is paying its post-petition bills as they come due.

Regarding to the sixth factor, Debtor has shown a reasonable prospect for filing a plan.

Regarding to the seventh factor, Debtor is open to negotiating with key creditors and will continue to seek compromise.

Regarding the eighth factor, the Debtor is not seeking an extension of exclusivity in order to pressure creditors. Indeed, there are no facts present that would unduly prejudice the creditors. The facts, as well as the law set forth above establish that an extension is necessary for a fair and equitable resolution of this case.

Regarding the ninth factor, the Debtor is not depriving the creditors of material or relevant information. Indeed, the Debtor has a policy of providing information to the creditors when properly requested.

Finally, although the Debtor has substantially met all of the standards contained in the nine factors set forth above, it is not required that all factors be established in order for a motion seeking an extension of the exclusivity period to be granted. What is required-that adjustment of the exclusivity will facilitate moving the case forward toward a fair and equitable resolution - has been established.

Under the circumstances, the Debtor does not believe any party would be prejudiced by the extension of the Debtor's Exclusive Periods. The Debtor has sufficient liquidity and is paying its bills as they become due in the ordinary course of business. Through prudent business decisions and cash management, the Debtor has sufficient resources to meet its required post-petition obligations and is managing its business affairs effectively and preserving the value of its assets for the benefit of creditors.

## IV.

## CONCLUSION

Wherefore, the Debtor respectfully requests that the Court issue an order extending (a) the Exclusivity Periods through and including April 21, 2022, (b) and extending the Exclusive Solicitation Period through and including May 20, 2022 or such shorter time that the Court shall permit after considering all the facts and oppositions (if any), and that such extension be without prejudice to Debtor's ability to request additional extensions of time.

Respectfully Submitted,

Dated: December 13, 2021

/s/Christopher J.Langley
_____
By: Christopher J. Langley
Shioda, Langley & Chang LLP
Proposed Attorneys for Debtor and Debtor in Possession

**DECLARATION OF MAX YANG**

I, Max Yang, am the attorney in fact for Jianquing Yang, the managing member of Debtor and Debtor-in-Possession, Jinzheng Group (USA) LLC. I make this declaration in support of the *Motion of Debtor For Order Extending Debtor's Exclusivity Period To File Chapter 11 Plan And Solicit Acceptances Thereto* which this declaration is attached to.

1. Debtor commenced its reorganization by filing a voluntary petition for relief under chapter 11 bankruptcy on August 24, 2021.

2. The Debtor continues in possession of its assets and is operating and managing its business as debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. From the Petition Date through December 6, 2021, there was little activity in this case. I believe that all necessary reports were filed, and that Debtor is in compliance with the office of the US Trustee. There have not been any professionals employed by the Estate to my knowledge.

4. In the final week of November, I reach out to and hired the office of Shioda Langley & Chang LLP ("SLC") to replace the filing attorney in this case. SLC filed its substitution of attorney and Application to be Employed on December 6, 20021.

5. On December 7, 2021, the Court set a bar date for claims of February 4, 2022. The notice has been served on all creditors. Debtor is reviewing the claims as they come in.

6. Debtor is a real estate development company owned by Jiaqing Yang. Debtor was registered in California on May 25, 2016. Jiaqing Yang currently resides in China and has not been to the United States since the global outbreak of Covid-19. Betty Zheng managed the Debtor on behalf of Jiaqing Yang. Debtor was very well capitalized and purchased the properties without the need for financing. The principal asset is multiple adjacent parcels of raw land in Los Angeles totally roughly 32 acres (collectively the "Los Angeles Properties"). The Los Angeles Properties were purchased between August 2016 and July of 2017 a little over 36 million dollars all of which was contributed by Jianqing Yang as a capital contribution into the Debtor. Jianqing Yang also contributed at least 2 properties personally owned by him to the Debtor.

7. To develop the Los Angeles Properties, Debtor contracted with Betula Lenta, Inc.

(hereafter "Betula") in late 2017 to coordinate all the pre-development services including developing a master plan and obtaining City Entitlements. The original contract seems to have been entered into on December 17, 2017 was for those services totaling $2,594,500.00. A subsequent contract was entered for a "phase 2" on June 22, 2018, for an additional $4,517,913.00. In order to pay for the second contract, I believe that Betula assisted the Debtor in obtaining a short-term loan (18 months) with BOBS LLC which was incurred on September 4, 2018, and to be repaid by April 1, 2020. Once the Los Angeles Properties was entitled, the Debtor was to obtain a long-term construction loan. Debtor is still waiting for entitlements on the Los Angeles Properties as 2 years has turned into 4 years. Debtor is unaware at this time how much of an impact Covid-19 had in the delays. The delays have jeopardized all of Debtor's assets, since BOBS LLC was on the verge of foreclosure prior to the filing of this case.

8. Concerned about the Chapter 11 case and the current economic situation of the Debtor, Jiaqing Yang appointed me as his attorney-in-fact and requested that he oversee the Chapter 11 case. No one was able to give me a straight answer on the financial affairs of the Debtor, or any details the Entitlement or the alleged refinancing efforts. I determined that it would be in the best interest of the Debtor to bring in experienced Bankruptcy Counsel into the case and retained SLC.

9. SLC and I immediately sought to familiarize ourselves with the case, but we are still at the early stages of ascertaining the facts and what led to the financial difficulties of the Debtor.

10. As soon as SLC was hired into this case, it requested documents from Betty Zhang, the acting manager. She resigned her position shortly thereafter. I understand that SLC is in the process of filing a motion for a 2004 examination with Ms. Zhang.

11. Michael Douglas Carlin was purportedly appointed as a Chief Restructuring Officer ("CRO") to the Debtor. It is not clear when he was hired or what the terms of his employment were, and his employment has never been approved by the Court. Mr. Carlin has refused to answer any questions or provide any information to SLC until he is paid, even though SLC has taken the position that he cannot be compensated without approval of the court (a pre-

requisite of which is disclosing the terms of his employment with the Court). On December 9, 2021, SLC filed for an order for a 2004 examination, which the Court entered on December 13, 2021. Debtor anticipates concluding Mr. Carlin's examination within the next 30 days.

12. The other party that is in possession of necessary information is Betula. Betula has been an active participant in the financial affairs of the Debtor, even serving as an officer of the Debtor. Betula was very involved in the events that led up to this Bankruptcy. I believe that the prior CEO of Betula, David Park, was the primary person seeking to obtain refinancing for the Debtor. On October 30, 2021, Betula even committed to contribute $3,000,000 in exchange for an 8.5% of the Debtor. Betula failed to contribute the funds by the October 31st deadline.

13. Debtor is now in contact with Betula's attorney to coordinate timing for a 2004 examination. Counsel for Betula has indicated that his client will cooperate with providing the necessary information and documents to the Debtor. Debtor anticipates filing the request within the next few days.

14. To preserve the equity and the assets of the Debtor, Debtor's principal has committed to additional capital contributions to the extent necessary for operating expenses and to pay down the loan enough to obtain new financing to satisfy some of all of the secured lenders in this case.

15. In addition to a new loan and the capital contribution of the principal, Debtor will bring in additional funds within the next three months through the sale of the real property located at 2240 Lorain Road in San Marina, CA. Debtor anticipates filing a motion to employ a broker within the next week to sell the San Marino property.

16. Debtor has received outside contributions to pay the property taxes on all the real property assets of the Debtor.

17. If it is practical to obtain the necessary entitlements to build, Debtor will do so. Once the entitlement is obtained Debtor will develop the Los Angeles Properties according to the approved plan. If it is not practical to obtain entitlements, Debtor will sell the Los Angeles Properties.

18. The Debtor is currently in discussions with a broker to refinance the Properties so

as to pay off BOBS LLC as soon as possible.

19. A necessary element of the Debtor's reorganization however is to determine any claims exists against third parties, or if the Debtor has rights to seek specific performance in connection with the entitlement process. Debtor believe that additional time is necessary to be able to propose a confirmable plan, and accordingly request that the Court continue out the deadlines.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: December 3, 2021        By: _____
                                   Max Yang

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **4158 14th Street, Riverside, CA 92501**

A true and correct copy of the foregoing document entitled (*specify*): **MOTION OF DEBTOR FOR ORDER EXTENDING DEBTOR'S EXCLUSIVITY PERIOD TO FILE CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THERETO; MEMORANDUM OF POINTS AND AUTHORITES; DECLARATIOON OF MAX YANG IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) December 13, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Michael F Chekian**    mike@cheklaw.com, chekianmr84018@notify.bestcase.com
**Susan Titus Collins**    scollins@counsel.lacounty.gov
**Richard Girgado**    rgirgado@counsel.lacounty.gov
**M. Jonathan Hayes**    jhayes@rhmfirm.com, roksana@rhmfirm.com;matt@rhmfirm.com;rosario@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com;boshra@rhmfirm.com;rosario@rhmfirm.com
**Christopher J Langley**    chris@slclawoffice.com, omar@slclawoffice.com;langleycr75251@notify.bestcase.com
**Benjamin R Levinson**    ben@benlevinsonlaw.com, courtney@benlevinsonlaw.com
**Eric A Mitnick**    MitnickLaw@aol.com, mitnicklaw@gmail.com
**Giovanni Orantes**    go@gobklaw.com, gorantes@orantes-law.com,cmh@gobklaw.com,gobklaw@gmail.com,go@ecf.inforuptcy.com;orantesgr89122@notify.bestcase.com
**Matthew D. Resnik**    matt@rhmfirm.com, roksana@rhmfirm.com;rosario@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com
**Allan D Sarver**    ADS@asarverlaw.com
**United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
**Hatty K Yip**    hatty.yip@usdoj.gov, hatty.k.yip@usdoj.gov

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) December 13, 2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows: Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Ernest M. Robles
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1560 / Courtroom 1568
Los Angeles, CA 90012

☒ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: (state the method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) December 13, 2021, I served the following persons and/or entities by personal delivery, overnight

15

mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows: Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐   Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 13, 2021 | John Martinez | /s/John Martinez |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0973-2<br>Case 2:21-bk-16674-ER<br>Central District of California<br>Los Angeles<br>Mon Dec 13 16:43:45 PST 2021 | Chekian Law Office, Inc.<br>Chekian Law Office, Inc.<br>445 South Figueroa Street<br>31st Floor<br>Los Angeles, CA 90071-1635 | Employment Development Dept.<br>Bankruptcy Group MIC 92E<br>P.O. Box 826880<br>Sacramento, CA 94280-0001 |
| Franchise Tax Board<br>Bankruptcy Section MS: A-340<br>P.O. Box 2952<br>Sacramento, CA 95812-2952 | Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | Investment Management Company LLC<br>Law Offices Allan Sarver<br>16000 Ventura Blvd<br>Suite 1000<br>Encino, CA 91436-2762 |
| JINZHENG GROUP (USA) LLC<br>100 E. Huntington Drive<br>Ste. 207<br>Alhambra, CA 91801-1022 | (p)LOS ANGELES COUNTY TREASURER AND TAX COLLE<br>ATTN BANKRUPTCY UNIT<br>PO BOX 54110<br>LOS ANGELES CA 90054-0110 | (p)OFFICE OF FINANCE CITY OF LOS ANGELES<br>200 N SPRING ST RM 101 CITY HALL<br>LOS ANGELES CA 90012-3224 |
| Orantes Law Firm, P.C.<br>The Orantes Law Firm, P.C.<br>3435 Wilshire Blvd., suite 2920<br>los angeles, CA 90010-2015 | Securities & Exchange Commission<br>444 South Flower St., Suite 900<br>Los Angeles, CA 90071-2934 | Los Angeles Division<br>255 East Temple Street,<br>Los Angeles, CA 90012-3332 |
| Accutax Services<br>9040 Telstar Ave Ste 105<br>El Monte CA 91731-2838 | American Modern Insurance<br>7000 Midland Blvd<br>Amelia OH 45102-2608 | BOBS LLC<br>Attn: Barry Shy<br>7525 Avalon Bay St<br>Las Vegas, NV 89139-5307 |
| Bamboo Insurance<br>7050 Union Park Center Ste 400B<br>Midvale UT 84047-6055 | Best Alliance<br>16133 Ventura Blvd.<br>Suite 700<br>Encino, CA 91436-2406 | Betula Lenta, Inc.<br>800 W. 6th Street<br>Suite 1250-B<br>Los Angeles, CA 90017-2704 |
| Build Group Construction Co<br>700 Flower St 575<br>Los Angeles CA 90017-4122 | California American Water<br>8657 Grand Ave<br>Rosemead CA 91770-1220 | Corona Capital Group, LLC<br>1222 Crenshaw Blvd.<br>#B<br>Torrance, CA 90501-2496 |
| Craig Fry & Associates<br>990 S. Arroya Pkwy, #4<br>Pasadena, CA 91105-3920 | David S Zu<br>100 N Citrus St Ste 330<br>West Covina CA 91791-1674 | Donna Bullock<br>Attorney at Law<br>800 W 6th St<br>Suite 1250<br>Los Angeles, CA 90017-2721 |
| EFI Global<br>5261 W Imperial Hwy<br>Los Angeles CA 90045-6231 | Franchise Tax Board Chief Counsel<br>c/o General Counsel Section<br>P.O. Box 720, MS: A-260<br>Rancho Cordova, CA 95741-1720 | Griffin Underwriters<br>PO Box 3867<br>Bellevue WA 98009-3867 |
| Home Loans Unlimited<br>28859 Phantom Trail<br>Santa Clarita, CA 91390-5295 | Investment Management Company<br>1507 7th Street, #344<br>Santa Monica, CA 90401-2605 | Jade Capital<br>333 Thornall St Ste 101<br>Edison NJ 08837-2220 |

| | | |
|---|---|---|
| Jianqing Yang<br>PO Box 3702<br>Alhambra CA 91803-0702 | LA City Treasurer and Tax Collector<br>255 N Hill St 1st Fl<br>Los Angeles CA 90012-2705 | Land Design Consultants<br>800 Royal Oaks Drive<br>Suite 104<br>Monrovia, CA 91016-6364 |
| Law Offices of Matthew C. Mullhofer<br>2107 N. Broadway<br>Suite 103<br>Santa Ana, CA 92706-2633 | Los Angeles Treasurer Tax Collector<br>P.O. Box 54018<br>Los Angeles, CA 90054-0018 | Marc Cohen<br>Cohen Law Group, APC<br>541 S. Spring Street<br>Ste. 1208<br>Los Angeles, CA 90013-1667 |
| Michael E. Dorff and Shari L. Dorff<br>3239 Bordero Lane<br>Thousand Oaks, CA 91362-4659 | Office of the United States Trustee<br>915 Wilshire Blvd.<br>Los Angeles, CA 90017-3409 | Overland Traffic Consultants<br>952 Manhattan Beach Blvd 100<br>Manhattan Beach CA 90266-5112 |
| Pacific Geotech Inc<br>Attn Jirayus Pukkansasut<br>15038 Clark Ave<br>Hacienda Heights CA 91745-1408 | Pacific Mortgae Exchange, Inc.<br>73241 Hwy. 111, Ste. 1-A<br>Palm Desert, CA 92260-3921 | Pennington Construction Advisors Inc<br>Attn Todd Pennington<br>79 Bell Pasture Rd<br>Ladera Ranch CA 92694-1558 |
| Phalanx<br>424 E. 15th Street<br>Suite 10<br>Los Angeles, CA 90015-3140 | (p)ROYAL BUSINESS BANK<br>1055 WILSHIRE BLVD SUITE 1220<br>LOS ANGELES CA 90017-3103 | Royalty Equity Lending LLC<br>600 S. Spring Street<br>Suite 106<br>Los Angeles, CA 90014-1979 |
| Shawn Charles Sourgose<br>24730 Avenue Tibbits<br>#180<br>Valencia, CA 91355-4768 | State Farm Insurance<br>PO Box 588002<br>North Metro GA 30029-8002 | Testa Capital Group<br>620 Newport Center Drive<br>Suite 1100<br>Newport Beach, CA 92660-8011 |
| The Alison Company<br>2060 D Avenida De Los Arboles<br>#471<br>Thousand Oaks, CA 91362-1376 | The Code Solution, Inc.<br>800 W. 6th Street<br>Suite 1250 A<br>Los Angeles, CA 90017-2721 | The Phallanx Group<br>424 E 15th St Ste 10<br>Los Angeles CA 90015-3140 |
| UltraSystems Environmental<br>Attn Hassan Ayati<br>16431 Scientific Way<br>Irvine, CA 92618-4355 | United States Trustee (LA)<br>915 Wilshire Blvd, Suite 1850<br>Los Angeles, CA 90017-3560 | Yepez Gardening Services<br>2121 N Marengo Ave<br>Pasadena CA 91001 |
| Christopher J Langley<br>Shioda, Langley & Chang LLP<br>4158 14th St.<br>Riverside, CA 92501-3426 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
L.A. County Tax Collector              Los Angeles City Clerk                  (d)Los Angeles County Tax Collector
Bankruptcy Unit                        P.O. Box 53200                          225 N. Hill Street, #1
P.O. Box 54110                         Los Angeles, CA 90053-0200              Los Angeles, CA 90012
Los Angeles, CA 90051-0110


(d)Los Angeles County Tax Collector    (d)Los Angeles County Treasurer and Tax Colle   Royal Business Bank
P.O. Box 54018                         Attn: Bankruptcy Unit                   1055 Wilshire Blvd.
Los Angeles, CA 90054-0018             PO Box 54110                            Suite 1220
                                       Los Angeles, CA 90054-0110              Los Angeles, CA 90017



              The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)Courtesy NEF                        (u)Michael E. Dorff and Shari L. Dorff  (d)Employment Development Department
                                                                               Bankruptcy Group MIC 92E
                                                                               P.O. Box 826880
                                                                               Sacramento, CA 94280-0001


(d)Franchise Tax Board                 (d)Home Loans Unlimited, Inc.           (d)Internal Revenue Service
Bankruptcy Section, MS:A-340           28859 Phantom Trail                     P.O. Box 7346
P.O. Box 2952                          Santa Clarita, CA 91390-5295            Philadelphia, PA 19101-7346
Sacramento, CA 95812-2952


(u)Ji Anqi Ngyang                      (d)Jinzheng Group (USA) LLC             End of Label Matrix
66 Yuhua West Rd                       100 E. Huntington Dr. Ste 207           Mailable recipients   54
Shi Ji Azhuang Hebei Province 050000 Chi  Alhambra, CA 91801-1022              Bypassed recipients    8
                                                                               Total                 62
```