M. Jonathan Hayes (Bar No. 90388)
Matthew D. Resnik (Bar No. 182562)
Pardis Akhavan (Bar No. 320342)
**RESNIK HAYES MORADI LLP**
17609 Ventura Blvd., Suite 314
Encino, CA 91316
Telephone:  (818) 285-0100
Facsimile:  (818) 855-7013
jhayes@RHMFirm.com
matt@RHMFirm.com
pardis@RHMFirm.com

Attorneys for Secured Creditor
Royalty Equity Lending LLC/ Bobs LLC

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>JINZHENG GROUP (USA) LLC,<br><br>Debtor. | Case No. 2:21-bk-16674-ER<br><br>Chapter 11<br><br>**OPPOSITION OF CREDITOR ROYALTY EQUITY LENDING LLC/BOBS LLC TO DEBTOR"S MOTION TO EXTEND EXCLUSIVITY**<br><br>Date: January 4, 2022<br>Time: 10:00 a.m.<br>Place: Courtroom 1568<br>         255 East Temple Street,<br>         Los Angeles, CA 90012 |

**TO THE HONORABLE ERNEST M. ROBLES, UNITED STATES BANKRUPTCY JUDGE; DEBTOR JINZHENG GROUP (USA) LLC; ITS ATTORNEYS OF RECORD; AND TO ALL INTERESTED PARTIES:**

Secured Creditor Royalty Equity Lending LLC/Bobs LLC ("Bobs") hereby submits it opposition to the Debtor's Motion for Order Extending Exclusivity Period to File Chapter 11 Plan and Solicit Acceptances Thereto [Dco. 61].

1

## I.     INTRODUCTION

The Debtor Jinzheng Group (USA) LLC filed its chapter 11 petition on August 24, 2021, four months ago. The Debtor's assets consist entirely of vacant land, apparently originally intended to be developed. As the Debtor admits in the motion, little to nothing has taken place during that time, certainly until new counsel came in a couple weeks ago. New counsel has admitted that it and the Debtor's "local management" is "still at the early stages of ascertaining the facts" of the case. Motion page 4, line 8. The Declaration of Max Yang is apparently entirely hearsay as he admits that he too is "still at the early stages of ascertaining the facts" of the case. Motion page 12, line 19.

In the meantime, the Debtor is not paying the mortgage on the properties, long overdue, at least as to Bobs. It is not making progress on developing the properties. It has staved off Bobs' foreclosure sale for four months in the meantime.

The motion to extend exclusivity should be denied for the reasons set forth below.

## II.    STATEMENT OF FACTS

On or about September 5, 2018, Bobs LLC made a short-term, business purpose loan to Jinzheng Group (USA) LLC, the Debtor herein, in the principal sum of $7,000,000. The amount owed at this time is approximately $9,353,009. There have been no monthly payments made on this loan since July, 2021.

The Note is secured by a first priority deed of trust encumbering the property located at *2929 Amethyst Street, Los Angeles, CA 90032* ("2929 Amethyst Property"). The Note is also secured by a deed of trust encumbering the real properties located at *2526-2528 Lincoln Park Ave, Los Angeles, CA 90031* ("2526-2528 Lincoln Park Ave. Property); *2602 Lincoln Park Ave, Los Angeles, CA 90031*("2602 Lincoln Park Ave. Property); *2600 Sierra Street, Los Angeles, CA 90031* ("2600 Sierra Street").

On December 22, 2019, Bobs LLC assigned the loan to Royalty Equity Lending LLC with all its rights, title and interest in all loan documents and its security interest in the collaterals securing the Loan.

The Debtor failed to make the balloon payment that became due and payable on April 1, 2020. On April 8, 2020, the parties entered into a loan extension agreement at which the maturity date for the Loan was extended to October 1, 2020 at which time all amounts became due. Thereafter Royalty Equity Lending LLC began the foreclosure process. This bankruptcy was filed to stop the foreclosure sale.

### III. ARGUMENT

**A. Statutory context.**

The exclusivity structure of section 1121 reflects three Congressional decisions:

- The debtor in possession should generally have, for some limited period, a monopoly on the ability to file a plan of reorganization.
- Other parties in interest should also have an opportunity to file a plan. The debtor's monopoly on filing a plan is not permanent.
- 120 days is presumed to be a sufficient debtor monopoly.

The Court should bear these considerations in mind as it evaluates whether the Debtor has met its burden of demonstrating "cause" for a lengthy extension of exclusivity.

**B. The standards governing exclusivity extensions.**

Section 1121(b) of the Bankruptcy Code provides for an initial period of 120 days after the commencement of a chapter 11 case during which a debtor has the exclusive right to propose and file a plan of reorganization. 11 U.S.C. § 1121(b). If a debtor files a plan during this exclusive period, section 1121(c)(3) of the Bankruptcy Code grants the debtor an additional 60 days during which the debtor may solicit acceptances of that plan while no other party in interest may file a competing plan. 11 U.S.C. § 1121(c)(3).

Section 1121(d) of the Bankruptcy Code permits an extension of the debtor's exclusivity periods upon a demonstration of cause:

> On request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.

11 U.S.C. § 1121(d).

Although Section 1121(d) does not define "cause," legislative history indicates that Congress intended to provide debtors with an adequate period in which to negotiate and propose a viable plan and solicit acceptances thereof. See H.R. Rep. No. 95-595, at 231-32 (1978), reprinted in 1978 U.S.C.C.A.N. 5787. As noted in the legislative history, "the granted extension should be based upon some showing of some promise of probable success" and "[a]n extension should not be employed as a tactical device to put pressure on parties in interest to yield to a plan they consider unsatisfactory." Id.

Moreover, extensions of the exclusivity periods are neither automatic nor routine. Requests to extend or reduce a period of exclusivity are not favored by courts and should not be granted cavalierly. *In re Parker St. Florist & Garden Ctr., Inc.*, 31 B.R. 206, 207 (Bankr. D. Mass. 1983); see also *In re Curry Corp.*, 148 B.R. 754, 756 (Bankr. S.D.N.Y. 1992) ("The court will not routinely extend the exclusivity period absent a showing of 'cause' when creditors object to such requests for extensions."). In *In re Gibson & Cushman Dredging Corp.*, 101 B.R. 405, 409-10 (E.D.N.Y. 1989), the court stated:

> Taking such considerations into account, it has been held that courts considering extensions of the exclusivity period must "avoid reinstituting the imbalance between debtors and creditors that characterized proceedings" under prior law.

*Gibson*, 101 B.R. at 409-10.

Moreover, the debtor has the burden of making an affirmative showing of cause supported by evidence in order to obtain an extension of exclusivity. The debtor bears the

burden of establishing that "cause" exists to justify the extension. *In re Dow Corning Corp.*, 208 B.R. 661, 664-65 (Bankr. E.D. Mich. 1997).

Although the Bankruptcy Code does not define the form of "cause" required to extend exclusivity, courts have relied on a variety of factors. These factors include:

1. the size and complexity of the case;
2. the necessity of sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;
3. the existence of good faith progress toward reorganization;
4. the fact that the debtor is paying its bills as they become due;
5. whether the debtor has demonstrated reasonable prospects for filing a viable plan;
6. whether the debtor has made progress in negotiations with its creditors;
7. the amount of time which has elapsed in the case;
8. whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and
9. whether an unresolved contingency exists.

*Dow Corning*, at 664-65.

Creditor submits that, considering the foregoing factors that apply in this case, cause does not exist to extend exclusivity. Most importantly, this is not a large or complex case, and Creditor has no confidence in the Debtor to propose, confirm, or perform under any plan.

**IV. THE MOTION IS NOT SUPPORTED BY CAUSE, IS INCONSISTENT WITH THE PURPOSES OF SECTION 1121(d), AND SHOULD BE DENIED.**

**A. The Dow Corning factors weigh heavily in favor of denying the motion.**

Going through the *Dow Corning* factors::

1. the size and complexity of the case;

The Debtor's case is neither large nor complex. It owns vacant land. It has no business operations.

2.  the necessity of sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;

It is apparent that the Debtor needs more time. Management knows little about the assets and the progress of the development. That there is no local management is not a basis to force creditors to wait hoping that the information eventually helps the Debtor to pay its creditors.

3.  the existence of good faith progress toward reorganization;

There has been no progress toward reorganization.

4.  the fact that the debtor is paying its bills as they become due;

As the Debtor has no operations, the concept of "paying its bills" has almost no meaning. There is no evidence that management even knows what bills it has and where the money is coming from to pay the bills.

5.  whether the debtor has demonstrated reasonable prospects for filing a viable plan;

This is obvious. A viable plan is going to require significant new money or a sale of some or all of the properties.

6.  whether the debtor has made progress in negotiations with its creditors;

There has been no progress in negotiations with creditor here. There have been a few conversations between counsel with no meaningful information being provided to creditor and certainly no negotiations.

7. the amount of time which has elapsed in the case;

The case is four months old.

8. whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and

Creditor can only speculate about why this motion was filed.

9. whether an unresolved contingency exists.

The unresolved contingency seems to be "what's going on?" The Debtor's management does not know. Extending exclusivity could only have the effect of impermissibly allowing the Debtor to use further delay to put undue, unfair pressure on the creditors.

**B. Debtor has made no progress toward a confirmable plan.**

The Debtor has made no proposal to Bobs for treatment of its secured claim which is based on a Promissory Note. Merely alleging that a plan will be forthcoming and that continuing exclusivity is in the best interests of the debtor and estate is insufficient to establish "cause" for an extension. *In re Ravenna Indus., Inc.,* 20 B.R. 866, 890 (Bankr. N.D. Ohio 1982). Cause for an extension is lacking where the dominant creditor in the case objects and would be entitled to full payment of its claim which is the case here. *In re Gagel & Gagel*, 24 B.R. 674, 675 (Bankr. S.D. Ohio 1982).

**C. Creditor has no confidence in Debtors' ability to use an extension in good faith to formulate a confirmable plan.**

The sole purpose of an extension of exclusivity in this case would be additional delay, in furtherance of the Debtor's efforts to thwart the creditors' legitimate rights. The Debtor certainly cannot present itself to this Court as an honest broker to be entrusted with

an extended monopoly on plan formulation.  In addition to the foregoing, creditors' loss of confidence in the capability of Debtor's management is a factor to consider in determining cause.  See *In re All Seasons Indus., Inc.*, 121 B.R. 1002 (Bankr. N.D. Ind. 1990).

### D. The Debtor will not be harmed if exclusivity lapses.

Expiration of exclusivity does not interfere with Debtor's ability to file a plan: "Denying such a motion only affords creditors their right to file the plan; there is no negative effect upon the debtor's co-existing right to file its plan." *All Seasons*, 121 B.R. at 1005.  Accordingly, the Debtor loses nothing (other than the ability to further delay the case) if the Court denies the Motion.

### V. CONCLUSION

WHEREFORE, Bobs respectfully requests that the Court deny the motion, and grant such other and further relief as is just and proper under the circumstances.

Dated:  December 21, 2021                    **RESNIK HAYES MORADI LLP**

                              **By:**      /s/ M. Jonathan Hayes
                                        M. Jonathan Hayes
                                        Matthew D. Resnik
                                        Pardis Akhavan
                                        *Attorneys for Secured Creditor*
                                        Royal Equity Funding, LLC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

17609 Ventura Blvd., Suite 314, Encino, CA 91316.

A true and correct copy of the foregoing document entitled (*specify*): **OPPOSITION OF CREDITOR ROYALTY EQUITY LENDING LLC/BOBS LLC TO DEBTOR"S MOTION TO EXTEND EXCLUSIVITY** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 12/21/2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 12/21/2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 12/21/2021, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/21/2021 | Daniel Lavian | /s/ Daniel Lavian |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

- **Donna C Bullock**   donnabullockcarrera@yahoo.com, donna.bullock@ymail.com
- **Michael F Chekian**   mike@cheklaw.com, chekianmr84018@notify.bestcase.com
- **Susan Titus Collins**   scollins@counsel.lacounty.gov
- **Richard Girgado**   rgirgado@counsel.lacounty.gov
- **M. Jonathan Hayes**   jhayes@rhmfirm.com, roksana@rhmfirm.com;matt@rhmfirm.com;rosario@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com;boshra@rhmfirm.com;rosario@rhmfirm.com
- **Christopher J Langley**   chris@slclawoffice.com, omar@slclawoffice.com;langleycr75251@notify.bestcase.com
- **Benjamin R Levinson**   ben@benlevinsonlaw.com, courtney@benlevinsonlaw.com
- **Eric A Mitnick**   MitnickLaw@aol.com, mitnicklaw@gmail.com
- **Giovanni Orantes**   go@gobklaw.com, gorantes@orantes-law.com,cmh@gobklaw.com,gobklaw@gmail.com,go@ecf.inforuptcy.com;orantesgr89122@notify.bestcase.com
- **Matthew D. Resnik**   matt@rhmfirm.com, roksana@rhmfirm.com;rosario@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com
- **Allan D Sarver**   ADS@asarverlaw.com
- **United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov
- **Hatty K Yip**   hatty.yip@usdoj.gov, hatty.k.yip@usdoj.gov

**2.  SERVED BY UNITED STATES MAIL:**

**JINZHENG GROUP LLC**
**100 E. Huntington Drive**
**Ste. 207**
**Alhambra, Ca 91801**