Gene H. Shioda – SBN 186780
ghs@slclawoffice.com
Christopher J. Langley – SBN 258851
chris@slclawoffce.com
Steven P. Chang – SBN 221783
schang@slclawoffice.com
**SHIODA, LANGLEY & CHANG LLP**
1063 E. Las Tunas Dr.
San Gabriel, CA 91776
Tel: (626)281-1232
Fax: (626)281-2919

Proposed Counsel for Jinzheng Group (USA) LLC
Debtor and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>JINZHENG GROUP (USA) LLC<br><br>Debtor and Debtor in Possession. | Case No. 2:21-bk-16674-ER<br><br>Chapter 11<br><br>**MOTION FOR EXAMINATION OF DAVID PARK AND PRODUCTION OF DOCUMENTARY EVIDENCE PURSUANT TO FRBP RULE 2004; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF STEVEN P. CHANG IN SUPPORT THEREOF**<br><br>(No Hearing Scheduled on Motion)<br><br><u>2004 Examination Scheduled:</u><br>Date: January 18, 2022<br>Time: 10:00am<br>Place: 1063 E. Las Tunas Dr.<br>         San Gabriel, CA 91776<br><br><u>Production of documents due:</u><br>January 11, 2021 |

1
DEBTOR'S MOTION FOR TESTIMONY AND PRODUCTION OF DOCUMENTARY EVIDENCE PURSUANT
TO FRBP RULE 2004

**TO THE HONORABLE ERNEST M. ROBLES, U.S. BANKRUPTCY JUDGE, OFFICE OF THE U.S. TRUSTEE, JONATHAN PAE AND ANY PARTIES IN INTEREST:**

    Jinzheng Group (USA) LLC, the herein Chapter 11 Debtor and Debtor-in-Possession ("Debtor") hereby submits, through its proposed general counsel, Shioda Langley & Chang LLP, its Motion for an Order pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure authorizing the issuance of subpoenas for the production of documents and oral examination of David Park in connection with financial transaction relating to Debtor, as well as to ascertain if he is an insider of Debtor, as well as to ascertain other potential claims the estate may have against Mr. Park.

## I.    BACKGROUND

    Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code on August 24, 2021 (the "Petition Date") in the United States Bankruptcy Court for the Central District of California. Debtor Jinzheng Group (USA), LLC ("Jinzheng") is a wholly owned LLC by the individual member Jiaqing Yang. Jiaqing Yang currently resides in China and has not been to the United States since the global outbreak of Covid-19. Betty Zheng was appointed to manage the Debtor on behalf of Jiaqing Yang. Debtor is a real estate development company.

    Debtor was very well capitalized and purchased its real properties without the need for financing. The principal asset is multiple adjacent parcels of raw land in Los Angeles totaling roughly 32 acres (collectively the "Los Angeles Properties"). The Los Angeles Properties were purchased between August 2016 and July of 2017 for a little over 36 million dollars, all of which was contributed by Jianqing Yang as a capital contribution into the Debtor. Jianqing Yang also contributed at least 2 real properties personally owned by him to the Debtor. However, for reasons uncertain, Jinzheng suffered severe financial losses which led to the filing of this bankruptcy. For the last four (4) years, Jonathan Pae, David Park, Jamie Cho, Betula Lenta, and The Code Solution were involved with the Debtor's real estate development project ("project")

as the consultant, developer, broker, manager, member, and purported partner, as well as various loan brokers where they arranged some or all of the loans which Debtor has borrowed.  Based on information and belief, Jonathan Pae, David Park, Jamie Cho, Betula Lenta, and The Code Solution participated in Jinzheng's day to day management regarding the project.  Additionally these individuals and entities were involved and participated with the preparation and filing of the instant bankruptcy and possibly caused the instant bankruptcy to be filed.  These same individuals are also believed to have full control over Betty Zheng, who was the manager of Debtor, and who resigned as the manager when new counsel attempted to inquire with her about the dealings between Debtor and Betula, Jonathan, David, and The Code Solution, and has since refused to speak with Debtor's counsel or provide any information of which she has exclusive access.

      Betula Lenta, Inc. (hereafter "Betula") were contracted in late 2017 to coordinate all the pre-development services including developing a master plan and obtaining City Entitlements. The original contract entered into on December 17, 2017 was for those services totaling $2,594,500.00. A subsequent contract was entered for a "phase 2" on June 22, 2018 for an additional $4,517,913.00. It appears that in order to pay for the second contract, Betula assisted Debtor in obtaining a short-term loan (18 months) with BOBS LLC incurred on September 4, 2018, and to be repaid by April 1, 2020. Once the Los Angeles Properties were entitled, the Debtor was to obtain a long-term construction loan. Debtor is still waiting for entitlements on the Los Angeles Properties as 2 years has turned into 4 years.  A third contract was entered into for "construction" on March 13, 20219, for an additional $6,224,490.00.  While the three contracts totaled over $13,336,903.00 and much of the fees were paid, none of the parties would provide an accounting, despite inquiries.  The parcels currently remain undeveloped with no approval by any government agencies.

      Jonathan Pae is identified as the CEO of Betula Lenta, and David J. Park and Jonathan Pae are both identified as the Directors of Betula Lenta in the Statement of Information filed with the Secretary State.  Jonathan Pae is the purported CEO of The Code Solution.   All of these

individuals and entities share the same address, telephone number and email extensions.  When current proposed counsel substituted in for the Debtor, requests were made on several occasions for an explanation of these parties' relationship but no response has been provided.  Counsel also requested the current status of the development projects but again no information has been provided.  What is known is that after 4 years, the project is still undeveloped and no government agency has approved any entitlement to allow any construction or subdivision of the lot when a typical entitlement process with the City of Los Angeles should take 12-18 months.

Prior to bringing this motion, Debtor made several attempts for Mr. Pae's cooperation, without judicial intervention, but he refused.  These attempts were made on December 6, 2021, December 8, 2021 and December 13, 2021 via written correspondence, December 13, 2021 and December 15, 2021 via telephone.  Debtor requested information, including any money owed by Jinzheng to Betula, Mr. Pae, Mr. Park or any other creditors, or any money that Betula, Mr. Pae, Mr. Park may have in their possession that belongs to Jinzheng.   The Debtor also requested information about the relationships and connection Betula, Mr. Pae, Mr. Park and the Code Solutions may have with each and the various corporate entities.

The lack of information and the failure to voluntarily comply, when they are purportedly the consultant and management for the Debtor, and the refusal to provide any information has caused the Debtor to believe that it may have a claim under 11 USC §544 for preferential payments to insider, as well as other potential tort and contractual claims including breach of fiduciary duty, breach of contracts, and false representations (additional claims may exist after the documents and information are produced). Accordingly, Debtor brings this request for examination to ascertain the necessary facts to understand the relationship, the actions, review of documents, the involvement, and why $4 million dollars were given to these individuals and entities so the Bankruptcy Estate can recover any harm it sustained against these individuals and entities.

## II.  MEMORANDUM OF POINTS AND AUTHORITIES

A.  <u>Debtor' Basis for Relief</u>

Debtor and Debtor-in-Possession pursuant to § 1107 of the Bankruptcy Code has the right to be heard on this issue in the present case. Pursuant to FRBP 2004(b), Debtor and the Debtor-in-Possession have the authority to investigate matters which affect the administration of the debtor's estate. Here, Mr. Park's involvement with the Debtor, including Debtor's day to day operations and management, as well as control of Debtor's manager Betty Zheng, is suspect based on his refusal to provide information.

Examinations under Bankruptcy Rules 2004(a) and 2004(c) may include within their scope, among many other things: any matter that may relate to the property and assets of the estate, the financial condition of the debtor; and any matter which may affect the administration of a debtor's estate. "The purpose of a Rule 2004 examination is 'to show the condition of the estate and to enable the Court to discover its extent and whereabouts, and to come into possession of it, that the rights of creditors may be preserved.'" <u>In re Coffee Cupboard, Inc.</u>, 128 B.R. 509, 514 (Bankr. E.D.N.Y. 1991) (citing <u>Cameron v. United States</u>, 231 U.S. 710, 717 (1914)). The scope and inquiry permitted under Rule 2004 is generally very broad, and can "legitimately be in the nature of a 'fishing expedition.'" <u>In re Wilcher</u>, 56 B.R. 428, 433 (Bankr. N.D. Ill. 1985).

Here, the information Debtor seeks concerns assets of the estate and potential actions/claims against Mr. Park. Debtor seeks information, including any money owed by Jinzheng to Betula, Mr. Pae, Mr. Park or any other creditors, or any money that Betula, Mr. Pae, Mr. Park may have in their possession that belongs to Jinzheng.  The Debtor also requested information about the relationships and connection Betula, Mr. Pae, Mr. Park and the Code Solutions may have with each and the various corporate entities.

A thorough and complete examination of Mr. Park is crucial for Debtor to evaluate whether there were any preferential transfers as well as other potential tort and contractual claims. As such, the validity of any claim against Mr. Park and whether an adversary case will be filed

will be further determined during a 2004 exam.

Without the information that can only be provided by Mr. Park's testimony and production of the requested documentary evidence (which can only be obtained by Mr. Park), Debtor and Debtor in Possession are unable to fully evaluate the case before potentially filing an adversary proceeding against Mr. Park.

There is no adversary proceeding or contested matter currently pending. Debtor requests Mr. David Park to be examined on January 6, 2022 at 10AM in Debtor's counsel's office.

The information and documents sought by Debtor for David Park to produce and permit inspection and copying are listed in a detailed and separate addendum entitled **Exhibit "A"**. Debtor requests David Park to produce these documents one week prior to his examination, or by December 30, 2021 at 10AM in Debtor's counsel's office.

B.      Debtor has complied with Local Rule 2004 before Filing the Within Motion

Prior to bringing this motion, Debtor made several attempts for Mr. Park's cooperation, without judicial intervention, but he refused. These attempts were made on December 6, 2021, December 8, 2021 and December 13, 2021 via written correspondence, and December 13, 2021 and December 15, 2021 via telephone. However, no agreement could be reached and no information has been provided. See Declaration of Steven Chang.

### III.    CONCLUSION

For the foregoing reasons and the authorities cited herein, the Examiner Debtor and Debtor in Possession respectfully requests that this Court enter an order granting this Motion and permitting the Rule 2004 examination of David Park, on the terms set forth above, and granting such other relief that the Court deems just and proper.

Respectfully Submitted,

SHIODA LANGLEY & CHANG, LLP

Dated: December 22, 2021        By:    /s/Christopher J. Langley
                                        Christopher J. Langley
                                        Attorneys for Debtor

# DECLARATION OF STEVEN P. CHANG

I, STEVEN P. CHANG, declare as follows:

1. I am an attorney admitted to practice of law in the State of California and before the United States District Court for the Central District of California. I am the bankruptcy counsel of record for Debtor.

2. This declaration is made in support of the attached Motion requesting an order of the Court permitting the Rule 2004 examination of David Park.

3. I have personal knowledge of the facts stated below, except those that are stated on information and belief. I can testify that said facts are true and correct.

4. Debtor Jinzheng Group (USA), LLC. (hereinafter "Debtor of Jinzheng") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code on August 24, 2021 (the "Petition Date") in the United States Bankruptcy Court for the Central District of California.

5. Jinzheng Group (USA), LLC. is a wholly owned LLC by Jiaqing Yang. Jinzheng suffered financial loss and upon information and belief, Jonathan Pae, David Park, Jamie Cho, Betula Lenta, and The Code Solution were involved with the Debtor's real estate development project ("project") as the consultant, developer, broker, manager, member, and purported partner, as well as various loan brokers where they arranged some or all of the loans which Debtor has borrowed. Based on information and belief, Jonathan Pae, David Park, Jamie Cho, Betula Lenta, and The Code Solution participated in Jinzheng's day to day management regarding the project. Additionally these individuals and entities were involved and participated with the preparation and filing of the instant bankruptcy and possibly caused the instant bankruptcy to be filed. These same individuals are also believed to have full control over Betty Zheng, who was the manager of Debtor, and who resigned as the manager when new counsel attempted to inquire with her about the dealings between Debtor and Betula, Jonathan, David,

and The Code Solution, and has since refused to speak with Debtor's counsel or provide any information of which she has exclusive access.

6. New counsel for Jinzheng substituted in with this Court on December 6 2021 and filed his application to be employed by the estate on the same day.

7. Prior to bringing this motion, Debtor made several attempts for Mr. Park's cooperation, without judicial intervention, but he refused. These attempts were made on December 6, 2021, December 8, 2021 and December 13, 2021 via written correspondence, and December 13, 2021 and December 15, 2021 via telephone. Debtor requested information, including any money owed by Jinzheng to Betula, Mr. Pae, Mr. Park or any other creditors, or any money that Betula, Mr. Pae, Mr. Park may have in their possession that belongs to Jinzheng. The Debtor also requested information about the relationships and connection Betula, Mr. Pae, Mr. Park and the Code Solutions may have with each and the various corporate entities. These individuals and entities have, however, refused to provide any information.

8. The lack of information, the failure to comply has caused the Debtor to believe, amongst other things, that it may have a claim under 11 USC 544 for preferential payment as to David Park and other potential tort and contractual claims including breach of fiduciary duty.

9. A thorough and complete examination of David Park is crucial for Debtor to evaluate whether he performed his duties competently and whether any insider or preferential payments were made. As such, the validity of any claim against David Park and whether an adversary case will be filed will be further determined during a 2004 exam.

10. Without the information that can only be provided by David Park's testimony and production of the requested documentary evidence (which can only be obtained by David Park), Debtor and Debtor in Possession are unable to fully evaluate the case before potentially filing an adversary proceeding against David Park.

11. There is no adversary proceeding or contested matter currently pending.

I declare under penalty of perjury and the laws of the United States of America that the foregoing facts are true and correct.

Executed on December 22, 2021, at San Gabriel, California.

By: /s/Steven P. Chang
Steven P. Chang

**schang@slclawoffice.com**

| | |
|---|---|
| **From:** | schang@slclawoffice.com |
| **Sent:** | Monday, December 13, 2021 1:44 PM |
| **To:** | 'Jonathan Pae'; 'David Park'; 'Jamie Cho' |
| **Cc:** | 'Christopher Langley' |
| **Subject:** | 2004 Examination |

Dear Jonathan, David and Jamie,

I tried calling all of you at 213-537-0158 to discuss the examination date and time for each of you as well as for the Code Solution, but the voicemail indicates that no one will be answering the call and the best way is to reach each of you via email. The purpose of my call is to discuss with each of you a mutually convenient time for your examination as more fully outlined in my prior emails to each of you.

Please contact me as soon as practical, if I do not hear back from you by tomorrow 12/14/2021 before 5PM then I will set your examination date and time unilaterally.



Steven P. Chang, Attorney at Law
Managing Partner
1063 E. Las Tunas Dr.
San Gabriel, California 91776
o. 626/281-1232 | f. 626/281-2919

Serving California since 1996
Additional Offices in Riverside, Santa Ana and Santa Rosa

This message is being sent by or on behalf of a lawyer and legally privileged. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately and delete all copies of the message.  IRS Circular 230 Notice: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein. CAUTION: Unauthorized interception of this transmittal is a federal and state crime.

**schang@slclawoffice.com**

---

| | |
|---|---|
| **From:** | schang@slclawoffice.com |
| **Sent:** | Wednesday, December 08, 2021 5:00 PM |
| **To:** | 'Jonathan Pae'; 'David Park' |
| **Cc:** | 'Christopher Langley'; 'Gene Shioda'; 'Heidi M. Cheng'; 'Real Estate Lawyer Steven Chang Vivian' |
| **Subject:** | In re: Jinzheng Group (USA), LLC |

Dear Mr. Jonathan Pae and Mr. David Park,

My office is bankruptcy counsel for Jinzheng Group (USA) LLC ("Jinzheng"). Please accept this letter as my attempt to confer with Betula Lenta prior to bringing a motion for examination and for production of documents under FRBP (Federal Rules of Bankruptcy Procedure) 2004. I am reaching out to the both of you because you are the CEO, CFO, Corporate Secretary, as well as the Directors of Betula Lenta. Please propose two (dates) and two (2) times that are convenient for you to meet and confer as well as time for the person most knowledge within Betula Lenta relating to its dealing with Jinzheng Group (USA), LLC. to be examined. I will also call your office on December 10, 2021 at 4PM in an attempt to discuss this with either of you two in person relating to this examination. If you fail to respond or take my call we will set the date and time on our own in the corresponding motion for examination.

The reason why we must conduct an examination under FRBP 2004 is that you have information and documents that are pertinent to the administration of the bankruptcy case. By providing these documents and your information, they will help us determine if you have information as it relates to any money owed by Jinzheng to you or other creditors, or any money that you have in your possession that belongs to Jinzheng. In addition, you may have information as it relates to any internal and self dealings you may have Jinzheng where Jinzheng has been prejudiced and harmed due to these self dealings which will affect the administrations of the bankruptcy case and whether there exist tort claims or breach of contract claims against you.

The Examination will take place at my office in San Gabriel at 1063 E. Las Tunas Dr., San Gabriel, CA 91776. If you do not reply with a proposed date and a proposed time by December 10, 2021 at 4PM I will proceed with my motion without further notice. Alternatively, you can agree to produce these requested documents forthwith.

The scope of the examination will also include the requested information as outlined above as well as examination into the relationships between you and Donna Carrera, Betty Zheng, Jianqing Yang, 150 Sierra, Jonathan Pae, David Park, and Jamie Cho within the last 5 years. If you need additional time please reach out to me before the expiration of the deadline and I will try to work with you while not harming my client's rights and remedies.

Your immediate attention is requested.



**SHIODA LANGLEY & CHANG, LLP**

Steven P. Chang, Attorney at Law
Managing Partner
1063 E. Las Tunas Dr.
San Gabriel, California 91776
o. 626/281-1232 | f. 626/281-2919

Serving California since 1996

**schang@slclawoffice.com**

| | |
|---|---|
| **From:** | schang@slclawoffice.com |
| **Sent:** | Monday, December 06, 2021 4:52 PM |
| **To:** | 'Hazel Eum' |
| **Cc:** | heidi@slclawoffice.com; 'Gene Shioda'; 'David Park'; 'Jamie Cho'; 'Jonathan Pae'; 'Christopher Langley' |
| **Subject:** | RE: Bankruptcy Jinzhang Group 21-bk-16674-ER |

Hazel and Jonathan,

In the future, please address me correctly, my name is "Steven Chang," not Steven Cheng. Your email is essentially non-responsive and simply stating what you stated before. We requested information from you and it appears you are refusing to comply. Accordingly, I will use this letter as the opportunity to meet and confer with The Code Solution prior to filing a motion for examination. Accordingly, this letter is also addressed to Jonathan Pae the registered CEO of the Code Solution.

As you are aware I have requested for a copy of the contract with the Code Solution as well as status update of work done to date, invoices, communication and all payments. Your response is that Code Solution will not cooperate. The requested information is pertinent to the administration of the bankruptcy case and the Code Solution's cooperation is necessary and required. By providing these documents, they will help us determine if the Code Solution may be an insider within the meaning of 11 USC 101(31), or whether there exist tort claims or breach of contract claims against the Code Solution.

I have also inquired concerning Jonathan Pae, David Park, Jamie Cho's relationship with Code Solutions this again is pertinent relating to insider analysis and basis for other claims.

Please accept this as my attempt to confer with you prior to bringing a motion for examination and for production of documents under FRBP 2004. Please propose two (dates) and two (2) times that are convenient for the Code Solution to be examined, we would request the date and time by the close of business December 7, 2021. If you fail to respond we will set the date and time on our own in the corresponding motion for examination.

The Examination will take place at my office in San Gabriel at 1063 E. Las Tunas Dr., San Gabriel, CA 91776. If you do not reply with a proposed date and a proposed time by December 7, 2021 at 5PM I will proceed with my motion without further notice. Alternatively, you can agree to produce these requested documents forthwith.

The scope of the examination will also include the requested information as outlined above as well as examination into the relationships between the Code Solutions and Donna Carrera, Betty Zheng, Jianqing Yang, Betula Lenta, Jonathan Pae, David Park, and Jamie Cho within the last 5 years. If the Code Solution needs additional time please reach out to me before the expiration of the deadline and I will try to work with the Code Solution while not prejudicing my client.

Your immediate attention is requested.

1

# EXHIBIT "A"

| DEBTOR: | JINZHENG GROUP (USA), LLC. |
|---|---|
| CASE NO.: | 2:21-bk-16674-ER |
| WITNESS: | DAVID PARK |

## DEFINITIONS

1   "YOU", "YOUR", or "YOURS" means DAVID PARK, as well as anyone else or any entity acting on your behalf excluding your Attorney.

2.   The term "DEBTOR" as used herein shall mean DEBTOR/DEBTOR IN POSSESSION JINZHENG GROUP (USA), LLC.

3.   "**DOCUMENT**" or "**DOCUMENTS**" when used in this discovery request shall mean any original writing or any tangible thing and any non-identical copy thereof which is in the possession, custody or control of DEFENDANT or its counsel, upon which is recorded by handwriting, printing, typing, photographing, photostating, mechanical, electronic, magnetic or any other means of recording any form of communication, information or representation, including letters, electronic letters, words, numbers or their equivalent, set down by handwriting, printing, typing, photographing, photostating, mechanical, or electronic recording, or other form of data compilation, and including, without limitation, all writings and recordings as those terms are defined in section 250 of the California Evidence Code including, without limitation, any and all notes (handwritten, typewritten and/or computer stored), letters, correspondence, e-mail or other computerized communications, drafts, charts, photographs, drawings, graphic representations, calendar entries of any meetings or telephone conversations, messages, schedules, memoranda, daily logs, diaries, progress reports, contracts, accounting records,

budgets, videotapes, films, motion pictures, audiotapes, photographs, pictures, articles, worksheets, analytical data, telecopies, telegrams and telexes.

4. The term **"CORRESPONDENCE"** or **"CORRESPONDENCES"** as used herein mean and refer to communications, both oral and written, including but not limited to, records, reports, minutes, transcripts, memoranda, notes, letters, telegrams, telexes, facsimiles, messages, e-mails, "WeChat" records or any evidence of phone conversations or conferences.

5. The term **"RELATE"** or **"RELATING TO"** as used herein means constituting, evidencing, memorializing, referring to, or otherwise pertaining in any way, in whole or in part, to the subject matter referred to in the demand. Where a demand is made for DOCUMENTS that "relates to" an identified DOCUMENT, the demand includes, but is not limited to, the identified DOCUMENT itself.

6. Every non-identical copy (that is, any "document" initially identical in all respects to another "document" which is no longer identical by virtue of any notation or modification of any kind, including, without limiting the generality of the foregoing, notes, modifications, highlighting or underlining on the face of pages thereof, notes or modifications on the backs or margins of pages thereof or on copies thereof by virtue of attachments thereto) of a "document" is a separate "document" and must be produced in response to this demand.

7. If any of the documents requested are claimed to be privileged or otherwise withheld, you are requested to specifically identify each such document, including the following information:

(a) A specific statement of the ground and authority on which you rely in withholding production; and

(b) For each document, a statement which identifies the document, including the following:

(1) the identity of the author thereof, the parties thereto (including any party who received or who is indicated on the document as receiving a copy), and any person who helped in its preparation;

(2)  the title or other identifying description;

(3)  the date of the document, or if no date appears thereon, the approximate date;

(4)  the identity and location of the person or entity in possession, custody, or control of the original and any and all copies of the document; and

(5)  if such document was, but no longer is, in your possession, custody or control, the disposition that was made of it, including, but not limited to, specification of:

i.  the name and address of the person who disposed of the document;

ii.  the date, time, place, mode and method of the disposal.

**REQUEST FOR PRODUCTION**

1.  All records, ledgers, books, checks, stubs, receipts of expenditure, evidence of income, written instruments, documents and memorandum of every kind and description, including, but not limited to, W-2 forms and 1099 forms, relating to cash, checks, loans, commissions, earnings, gifts, income, compensation, money or reimbursements received by YOU for the last twenty (24) months from Jinzheng Group (USA), LLC.

2.  All records, ledgers, books, checks, stubs, receipts of expenditure, evidence of income, written instruments, documents and memorandum of every kind and description, including, but not limited to, W-2 forms and 1099 forms, relating to cash, checks, loans, commissions, earnings, gifts, income, compensation, money or reimbursements received by YOU for the last twenty (24) months from Donna Bullock Carrera.

3.  A current copy of your Curriculum Vitae

4.  Your current contact information

5.  Your employment contract or terms of employment with Debtor

6.  All communication you have in this matter with Debtor or Debtor's agents

7.  All communication you have in this matter with Donna Bullock Carrera

8.  All communication you have in this matter with Michael Douglas Carlin.

9. All communication you have in this matter with Jonathan Pae.

10. All communication you have in this matter with Jamie Cho

11. All communication you have in this matter with Betula Lenta

12. All communication you have in this matter with the Code Solution

13. All bank, savings, credit union, and other financial institution records, including but not limited to, monthly statements and cancelled checks for the last twenty (24) months, for all accounts upon which YOU have signing authority relating to Jinzheng Group (USA), LLC.

14. All supporting documents which you used to prepare the Bankruptcy petition

15. Any and all DOCUMENTS you reviewed prior to attending the 341 hearing for the instant matter.

16. All documents you have been provided by anyone relating to Jinzheng Group (USA), LLC.

17. All DOCUMENTS RELATING TO any CORRESPONDENCE between YOU and any Creditors in the instant bankruptcy within the last five years.

18. All DOCUMENTS RELATING TO any agreements or contracts signed by and between YOU and DEBTOR within the last five years.

19. Any and all DOCUMENTS RELATING TO payment(s) made between YOU and DEBTOR in the last five years.

20. Any and all DOCUMENTS RELATING TO any pending litigation involving YOU within the last five years.

21. Any and all DOCUMENTS RELATING TO any claims against YOU which have been settled or otherwise resolved within the last five years.

22. Any DOCUMENTS regarding any communication YOU have had with any third party concerning the Debtor.

23. Any payment you have received from DONNA CARRERA in any capacity in the last 24 months.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**4158 14th Riverside St., Riverside, CA 92501**

A true and correct copy of the foregoing document entitled (*specify*): MOTION FOR EXAMINATION OF DAVID PARK AND PRODUCTION OF DOCUMENTARY EVIDENCE PURSUANT TO FRBP RULE 2004; will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **12/22/2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Donna C Bullock    donnabullockcarrera@yahoo.com, donna.bullock@ymail.com
Michael F Chekian    mike@cheklaw.com, chekianmr84018@notify.bestcase.com
Susan Titus Collins    scollins@counsel.lacounty.gov
Richard Girgado    rgirgado@counsel.lacounty.gov
M. Jonathan Hayes    jhayes@rhmfirm.com, roksana@rhmfirm.com;matt@rhmfirm.com;rosario@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com;boshra@rhmfirm.com;rosario@rhmfirm.com
Christopher J Langley    chris@slclawoffice.com, omar@slclawoffice.com;langleycr75251@notify.bestcase.com
Benjamin R Levinson    ben@benlevinsonlaw.com, courtney@benlevinsonlaw.com
Eric A Mitnick    MitnickLaw@aol.com, mitnicklaw@gmail.com
Giovanni Orantes    go@gobklaw.com, gorantes@orantes-law.com,cmh@gobklaw.com,gobklaw@gmail.com,go@ecf.inforuptcy.com;orantesgr89122@notify.bestcase.com
Matthew D. Resnik    matt@rhmfirm.com, roksana@rhmfirm.com;rosario@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com
Allan D Sarver    ADS@asarverlaw.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
Hatty K Yip    hatty.yip@usdoj.gov, hatty.k.yip@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **12/22/2021**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Ernest M. Robles
255 E. Temple Street, Suite 1560 / Courtroom 1568
Los Angeles, CA 90012

David Park
800 W. 6th St. Ste 1250
Los Angeles, CA 9001

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/22/2021 | John Martinez | /s/ John Martinez |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |