Gene H. Shioda – SBN 186780
ghs@slclawoffice.com
Christopher J. Langley – SBN 258851
chris@slclawoffce.com
Steven P. Chang – SBN 221783
schang@slclawoffice.com
**SHIODA, LANGLEY & CHANG LLP**
1063 E. Las Tunas Dr.
San Gabriel, CA 91776
Tel: (626)281-1232
Fax: (626)281-2919

Proposed Counsel for Jinzheng Group (USA) LLC
Debtor and Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>JINZHENG GROUP (USA) LLC<br><br>Debtor and Debtor in Possession. | Case No. 2:21-bk-16674-ER<br><br>Chapter 11<br><br>**REPLY IN SUPPORT OF MOTION OF DEBTOR FOR ORDER EXTENDING DEBTOR'S EXCLUSIVITY PERIOD TO FILE CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THERETO**<br><br>**HEARING DATE:**<br><br>Date:    January 4, 2022<br>Time:    10:00am<br>Location:  Ctrm 1568<br>           255 E. Temple St.<br>           Los Angeles, CA 90012 |

### I.    INTRODUCTION

Jinzheng Group (USA) LLC ("Debtor") files this Reply in support of its *Motion for an Order Extending Debtor's Exclusivity Periods to File Chapter 11 Plan and Solicit Acceptances Thereto* ("Motion") [Doc. 61], and in response to the opposition thereto ("Opposition") [Doc. 67] filed thereto by Royalty Equity Lending LLC.

1

The Debtor's new counsel substituted into this case on December 6, 2021. They filed the Motion on December 13, 2021 without a full understanding of the Debtor's prepetition affairs and the current status of its projects. The Debtor's former counsel and CRO have been uncooperative. Accordingly, on December 9, 2021, the Debtor's new counsel filed a motion for the 2004 examination of Michael Carlin, the Debtor's former CRO. That motion was approved by order entered on December 13, 2021, however, Mr. Carlin has so far evade personal service outside his apartment. On December 22, 2021, the Debtor's new counsel has also filed motions for the 2004 examinations of Jonathan Pae and David Park, who are principals of Betula Lenta, Inc. ("Betula"), the real estate consulting firm paid millions of dollars for unverified services and indiscernible progress. Those motions were approved by orders entered on December 27, 2021.

Good cause exists to grant the Motion and extend the exclusivity period because it will facilitate moving this Bankruptcy Case forward toward a fair and equitable resolution.

**II.    STATEMENT OF FACTS**

The Debtor restates the following factual background as the facts become better understood by Debtor's new counsel.

**A.    The Debtor and Real Property**

Debtor is a single member LLC that is wholly owned by Mr. Jiaqing Yang. Mr. Yang currently resides in China and has not been to the United States since the global outbreak of Covid-19. Debtor was managed by Betty Zheng.

Between August 2016 and July 2017, the Debtor acquired approximately 32 contiguous acres in Los Angeles that it intended to develop (the "Los Angeles Properties"). All funds used to obtain the Los Angeles Properties were contributed by Mr. Yang as capital contributions into the Debtor. The Los Angeles Properties have a collectively value of $26,316,600. They cross-collateralized with a first priority deed of trust held by Royal Equity Lending to secure the amount of $9,353,009. POC 2. They are also encumbered with a tax lien for tax years 2019 and 2020. (The Debtor is current on property taxes in 2021.) POC 1. A table summarizing the Los Angeles Properties is below:

| | | | |
|---|---|---|---:|
| **Los Angeles Properties** | | | |
| 2929 Amethyst | | Sch AB 55.1 | $23,450,000 |
| 2526-2528 Lincoln Park | | Sch AB 55.2 | $1,000,000 |
| 2520-2522 Lincoln Park | | Sch AB 55.3 | $1,000,000 |
| 2602 Lincoln Park | | Sch AB 55.4 | $300,000 |
| APN 5209-005-003 | | Sch AB 55.5 | $300,000 |
| | | | $26,050,000 |
| Less Liens (Cross-Collateralized) | | | |
| | Los Angeles County Tax Collector[1] | POC 1 | $647,814 |
| | Royalty Equity Lending | POC 2 | $9,353,009 |
| Net Equity | | | $16,049,177 |
| | | | |
| **10 Vacant Lots on Paradise Drive** | | Sch AB 55.8 | $266,600 |
| Less Liens (Cross-Collateralized) | | | |
| | Los Angeles County Tax Collector | POC 1 | $66,281 |
| | Pacific Mortgage Exchange | Sch D 2.7 | $127,000 |
| Net Equity | | | $73,319 |

To further fund the development of the Los Angeles Properties, Mr. Yang transferred to the Debtor two single family homes that he personally owned ("Transferred Properties") and which the Debtor borrowed against. A table summarizing the Transferred Properties is below:

| | | | |
|---|---|---|---:|
| **Transferred Properties** | | | |
| 2240 Lorain, San Marino, CA | | Sch AB 55.6 | $3,000,000 |
| Less Liens | | | |
| | Royal Business Bank | Sch D 2.2 | $1,100,000 |
| | Corona Capital | Sch D 2.3 | $540,000 |
| | DNQ | Sch D 2.4 | $420,000 |
| Net Equity | | | $940,000 |
| | | | |
| 6840 De Celis Pl, Apt 9, Van Nuys, CA | | Sch AB 55.7 | $660,000 |
| Less Liens | | | |
| | Investment Management Co. | POC 5 | $350,000 |
| | Michael and Sheri Dorff | POC 4 | $50,000 |
| Net Equity | | | $260,000 |

---

[1] The Los Angeles County Tax Collector filed a proof of claim (Claim 1) asserting a secured claim in the amount of

3

### B. The Debtor Contracts With Betula Lenta, Inc. to Develop the Los Angeles Properties

For reasons uncertain, the Debtor suffered severe financial losses which led to the filing of this bankruptcy. The Debtor contracted with Betula Lenta, Inc. ("Betula"), a real estate consultancy company, to assist it with the development of the Los Angeles Properties.

Betula was directed by Jonathan Pae, David Park, and Jamie Cho. The Debtor is now informed and believes that Mr. Pae, Mr. Park, and Mr. Cho, among others, effectively controlled the Debtor's manager, Ms. Zheng. The Debtor and Betula entered into at least three separate written agreements.

The first, a "Predevelopment Consulting Agreement" dated December 7, 2017, the Debtor agreed to pay Betula $2,594,000 for consulting services.

The second, a "Construction Management Agreement" dated June 22, 2018, the Debtor agreed to pay Betula an additional $4,517,913.00 for "phase 2" services. It appears that in order to pay for this contract, Betula assisted Debtor in obtaining a short-term loan (18 months) for $7,000,000 from BOBS LLC with a balloon payment due April 1, 2020. (BOBS LLC later transferred the claim to Royalty Equity Lending (POC 2).)

The third, a "CFD Bonds Procurement – CM – Development Agreement" dated March 13, 2019 was for "construction" services for an additional $6,224,490.00.

While the three contracts totaled over $13,336,903.00 and much of the fees were paid, the Debtor is still waiting for entitlements on the Los Angeles Properties which remain undeveloped. What value, if any, the Debtor received on behalf of these paid fees is unclear.

### C. The Bankruptcy Case and Debtor's Employment of New Counsel

On August 24, 2021, the Debtor filed a voluntary petition under Chapter 11, initiating this Bankruptcy Case. The Debtor is informed and believes that Betula (through Mr. Pae, Mr. Park, and Mr. Cho) were involved and participated with the preparation and filing of this Bankruptcy Case.

---

$977,015. However, the property tax bills attached to Claim 1 only total $132,990. It is unclear what the remaining $844,025 as asserted in Claim 1 are for.

4

In this Bankruptcy Case, the Debtor was initially represented by Donna C. Bullock, an attorney who shares a business address with Betula: 800 W 6th St Ste 1250, Los Angeles, CA 90017. Likewise, the Debtor was initially managed by Michael Carlin as Chief Restructuring Officer who signed its monthly operating reports. (Mr. Carlin manages or controls a website called Century City News, centurycity.news, on which Ms. Bullock advertises.) To date, however, neither Ms. Bullock nor Mr. Carlin have sought court approval of their employment.

On November 29, 2021, Ms. Zheng resigned as the Debtor's manager when new counsel began inquiring about the Debtor's dealings with Betula, Mr. Pae, Mr. Park, and Mr. Cho.

On December 6, 2021, the Debtor filed a substitution of attorney naming undersigned counsel as its new counsel. That same day, the Debtor filed a motion to employ new counsel and a motion to set a claims bar date.

Shortly thereafter, the Debtor's new counsel started formally investigating the Debtor's dealings with Betula by noticing the 2004 examinations of Mr. Carlin, Mr. Pae and Mr. Park. See Doc. 60, 72, 73 (Orders Approving 2004 Examinations). To date, Mr. Carlin has actively evaded personal service outside his apartment and has ceased all communications with Debtor's new counsel. The orders approving the 2004 examinations of Mr. Pae and Mr. Park were entered recently (12/27/21) and the Debtor has not had an opportunity to attempt service on them.

The claims bar date is February 4, 2022. Doc. 55 (Order Setting Last Day to File Claim). To date, the following proofs of claim have been filed against the Debtor's bankruptcy estate:

| Claim | Creditor | Secured | Priority | Unsecured | Total |
|---|---|---|---|---|---|
| 1 | LA County Tax Collector | $977,015.17 | -- | -- | $977,015.17 |
| 2 | Royalty Equity Lending LLC | $9,353,009.29 | -- | -- | $9,353,009.29 |
| 3 | IRS | -- | $28,700.70 | -- | $28,700.70 |
| 4 | Michael and Shari Dorff | $50,000.00 | -- | -- | $50,000.00 |
| 5 | Investment Management Company | $350,000.00 | -- | -- | $350,000.00 |
| 6 | Testa Capital Group | -- | $13,650.00 | $672,900.00 | $686,550.00 |
| 7 | Home Loans Unlimited inc. | -- | $13,650.00 | $672,900.00 | $686,550.00 |
|  |  | $10,730,024.46 | $56,000.70 | $1,345,800.00 | $12,131,825.16 |

At this stage in the case, the Debtor must first fully investigate the Debtor's prepetition transactions with Betula and others to determine what value, if any, the Debtor received for its millions of dollars of payments. It must also investigate why there are no entitlements for the Los

5

Angeles Properties to date and what progress, if any, has been made towards that goal. Finally, the Debtor investigate what causes of action, if any, the bankruptcy estate has against Betula and related parties.

This investigation is necessary to better evaluate the best reorganization strategy. For example, the Debtor could proceed with the sale of the Los Angeles Properties as-is. Or the Debtor could refinance the Los Angeles Properties and obtain a construction loan to develop them. Likewise, before proposing a plan, the Debtor should wait for the claim bar date (2/4/22) to expire because the ultimate composition of the creditor body and Debtor's subsequent negotiations therewith may also influence how the Debtor elects to proceed.

Accordingly, the Debtor filed the Motion seeking a first extension of the exclusivity period for 120 days so that the Debtor may proceed with the pending investigations and better evaluate the current status of the projects. For the reasons discussed in the Motion and below, good cause exists to grant the Motion.

### III.    ARGUMENT

#### A. Legal Standard

In determining whether cause exists to extend a debtor's exclusivity period, courts may consider a variety of factors, including whether: (I) the case is complicated; (2) the debtor is seeking a first extension; (3) the case has been pending for a long time, relative to its size and complexity; (4) the debtor appears to be proceeding in bad faith; (5) the debtor has improved operating expenses so that it is paying current expenses; (6) the debtor has shown a reasonable prospect for filing a viable plan; (7) the debtor is making satisfactory progress in negotiating with key creditors; (8) the debtor appears to be seeking an extension of exclusivity to pressure creditors; and (9) the debtor is depriving creditors of material or relevant information. *See, In re Henry Mayo Newhall Memorial Hospital*, 282 B.R. 444, 452 (B.A.P. 9th Cir 2002).

No single factor is dispositive in determining whether to extend exclusivity; courts can choose to rely on only a few factors or even altogether differing factors. In re The Elder-Beerman Stores Corp., No. C-3-97-175, 1997 WL 1774880, at *4 (S.D. Ohio June 23, 1997). As the Ninth Circuit Appellate Panel in In re Henry Mayo held in granting the debtor's motion for an extension

of the exclusivity period, the main factor is "whether adjustment of the exclusivity will facilitate moving the case forward toward a fair and equitable resolution." *In re Henry Mayo*, 82 B.R. at 453; *See also, In re Dow Corning Corp.* 208 B.R. 661,670 (Bankr. E.D. Mich 1997).

Here, the Dow-Corning Factors favor granting the Motion because an extension of the exclusivity period will facilitate moving the case forward toward a fair and equitable resolution.

### 1. The size and complexity of the case

This case is large as its real estate holdings are valued at nearly $30 million. This case is also complex as it involves two separate groups of cross-collateralized at unknown stages of development due to the opaque prepetition transactions and non-cooperation of the Debtor's former management and counsel. Also, there are multiple reorganization strategies available, including the sale, refinance, and development of the Los Angeles Properties, that can be better evaluated after the claims bar date expires on February 4, 2021.

### 2. The necessity of sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;

The Debtor's new counsel substituted into the case on December 6, 2021, and needs sufficient time to investigate the Debtor's financial affairs, evaluate the current status of the projects' development, determine the best reorganization strategy, negotiate with creditors, and propose a plan of reorganization. The Debtor's request for an additional 120 days (4 months) is reasonable and warranted.

### 3. The existence of good faith progress toward reorganization;

The Debtor's new counsel has shown good faith progress towards investigating the Debtor's financial affairs, which is necessary before proposing a plan of reorganization.

Also, the Debtor's sole member, Mr. Yang, has committed to making additional capital contributions to the extent necessary for operating expenses and to pay down the loan enough to obtain new financing to satisfy some of all of the secured lenders in this case.

In addition to a new loan and the capital contribution of the principal, Debtor will bring in additional funds within the next three months through the sale of the 2240 Lorain Road property. Debtor anticipates filing a motion to employ a broker to sell the property shortly.

**4.      The fact that the debtor is paying its bills as they become due;**

The Debtor is current on its post-petition obligations, including property taxes.

**5.      Whether the debtor has demonstrated reasonable prospects for filing a viable plan;**

The Debtor has substantial equity in the Real Properties and the ability to sell or refinance the Los Angeles Properties. If it is practical to obtain the necessary entitlements to build, Debtor will do so. Once the entitlement is obtained Debtor will develop the Los Angeles Properties according to the approved plan. If it is not practical to obtain entitlements, Debtor will sell the Los Angeles Properties. Either way, there are reasonable prospects for filing a viable plan.

**6.      Whether the debtor has made progress in negotiations with its creditors;**

The claims bar date is February 4, 2022. The Debtor's new counsel is still evaluating the property of the estate and the composition of the creditor body. Negotiations with creditors can begin as the Debtor's new counsel gets up to speed.

**7.      The amount of time which has elapsed in the case;**

This case was filed on August 24, 2021 and has been pending for four months, and less than one month with new counsel. This is the first extension requested by the Debtor.

**8.      Whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands**

The Debtor has not made any reorganization demands and is not attempting to pressure creditors. Rather, the Debtor's new counsel must first investigate the Debtor's financial affairs to propose a plan of reorganization.

**9.      Whether an unresolved contingency exists.**

The discovery efforts of Debtor's financial affairs has been frustrated so far by the cooperation of the Debtor's former CRO and counsel. They hope to obtain the cooperation of all witnesses going forward but this will remain an unresolved contingency until that happens.

### IV. CONCLUSION

For the reasons above and in the Motion, the Debtor respectfully requests that the Court issue an order extending (a) the Exclusivity Periods through and including April 21, 2022, (b) and extending the Exclusive Solicitation Period through and including May 20, 2022

Respectfully Submitted,

Dated:  December 28, 2021

/s/Christopher Langley
By: Christopher J. Langley
Shioda, Langley & Chang LLP
Proposed Attorneys for Debtor and Debtor in Possession

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: **4158 14th Street, Riverside, CA 92501**

A true and correct copy of the foregoing document entitled (*specify*): **REPLY IN SUPPORT OF MOTION OF DEBTOR FOR ORDER EXTENDING DEBTOR'S EXCLUSIVITY PERIOD TO FILE CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THERETO; MEMORANDUM OF POINTS AND AUTHORITES; DECLARATIOON OF MAX YANG IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>**:**  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) <u>December 28, 2021</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Donna C Bullock    donnabullockcarrera@yahoo.com, donna.bullock@ymail.com
- Michael F Chekian    mike@cheklaw.com, chekianmr84018@notify.bestcase.com
- Susan Titus Collins    scollins@counsel.lacounty.gov
- Richard Girgado    rgirgado@counsel.lacounty.gov
- M. Jonathan Hayes    jhayes@rhmfirm.com, roksana@rhmfirm.com;matt@rhmfirm.com;rosario@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com;boshra@rhmfirm.com;rosario@rhmfirm.com
- Christopher J Langley    chris@slclawoffice.com, omar@slclawoffice.com;langleycr75251@notify.bestcase.com
- Benjamin R Levinson    ben@benlevinsonlaw.com, courtney@benlevinsonlaw.com
- Eric A Mitnick    MitnickLaw@aol.com, mitnicklaw@gmail.com
- Giovanni Orantes    go@gobklaw.com, gorantes@orantes-law.com,cmh@gobklaw.com,gobklaw@gmail.com,go@ecf.inforuptcy.com;orantesgr89122@notify.bestcase.com
- Matthew D. Resnik    matt@rhmfirm.com, roksana@rhmfirm.com;rosario@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com
- Allan D Sarver    ADS@asarverlaw.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Hatty K Yip    hatty.yip@usdoj.gov, hatty.k.yip@usdoj.gov

☐    Service information continued on attached page

2. <u>**SERVED BY UNITED STATES MAIL**</u>:
On (*date*) <u>December 28, 2021</u>, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows: Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Honorable Ernest M. Robles
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1560 / Courtroom 1568
Los Angeles, CA 90012

☒    Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: (<u>state the method for each person or entity served</u>):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) <u>December 28, 2021</u>, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows:  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 28, 2021 | John Martinez | /s/John Martinez |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |