Donna Bullock
Attorney at Law (SBN 109223)
LAW OFFICES OF DONNA BULLOCK
800 W. 6th St., Ste. 1250
Los Angeles, CA 90017
Tel: (562) 726-0778
Fax: (562) 683-0319
donnabullockcarrera@yahoo.com

Creditor and Responding Party

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>JINZHENG GROUP (USA) LLC<br><br>　　　　Debtor and Debtor in Possession. | Case No:  2:21-BK-16674-ER<br><br>Chapter 11<br><br>**SEPARATE STATEMENT OF OBJECTIONS TO MOTION BY DEBTOR TO DETERMINE WHETHER COMPENSATION PAID TO COUNSEL WAS EXCESSIVE AND TO DECLARATION OF CHRISTOPHER J. LANGLEY MISTAKENLY IDENTIFIED IN THE NOTICE AS THE DECLARATION OF STEVEN CHANG**<br><br>**OBJECTIONS AND MOTIONS TO STRIKE INADMISSIBLE EVIDENCE, ARE FILED IN SUPPORT OF THE OPPOSITION TO MOTION**<br><br>**(Opposition filed concurrently herewith)**<br><br>**HEARING DATE:**<br><br>Date:  February 23, 2022<br>Time:  10:00 a.m.<br>Location:  Courtroom 1568<br>　　　　　255 E. Temple St.<br>　　　　　Los Angeles, CA 90012 |

//

PRELIMINARY STATEMENT

This Statements of Objections is made pursuant to Bankruptcy Local Rule 9013-1 to the MOTION OF DEBTOR TO DETERMINE WHETHER COMPENSATION PAID TO COUNSEL WAS EXCESSIVE UNDER 11 USC 329 AND FRBP 2017 . . . DECLARATION OF STEVEN CHANG (The "MOTION"), filed on February 2, 2022 as Docket No. ____ by Debtor Jinzheng Group (USA) LLC ("DEBTOR") by and through its general bankruptcy counsel as of December 6, 2021 Shioda, Langley & Chang LLP by Christopher J. Langley and Steven Chang (collectively "SLC"), by Creditor and responding party, former counsel Donna Bullock and The Law Offices of Donna Bullock (collectively "BULLOCK").

The MOTION is supported only by a one (1) page Declaration of Christopher J. Langley ("Langley Decl."), purporting to provide foundation for introduction into evidence in the hearing of this MOTION concerning email communications between BULLOCK and another attorney with SLC, one Steven Chang.  It appears from the error in the Notice of MOTION that Mr. Chang's declaration was intended originally to support this MOTION, but no such declaration appears in the MOTION filing, only that of Mr. Langley.

Each Objection contained in this statement of objections, is a Motion to Strike the inadmissible or objectionable matter on the grounds listed.

EVIDENTIARY OBJECTIONS

Opposing and Objecting party, former counsel for DEBTOR, Ms. Bullock, objects to and herein moves to strike the Declaration of Christopher Langley in its entirety as follows:

1.   Objection is made to the entirety of the as lacking in foundation, pursuant to <u>Federal Rules of Evidence</u>, Rule 601.

2. Further objection is made in that the Declaration in its entirety fails to include any statement of the personal knowledge of this witness to the facts therein, under <u>Federal Rules of Evidence</u>, Rule 602.  There is no standard statement that Mr. Langley has personal knowledge of the facts to which he attests under penalty of perjury contained in his declaration.  He states only that he is an attorney and represents the DEBTOR.  He does not state that he has personal knowledge, that he is competent to testify to these facts, omitting the standard competency statement appearing in declarations used as evidence for matters to be heard before this Court.

In fact, Mr. Langley does not have any personal knowledge of any facts as BULLOCK has only ever received a single email from him, which was on February 2, 2022 providing an electronic copy of this MOTION.

3. Objection is made to Paragraph 4 of the Langley Decl. purporting to authenticate emails between SLC attorney Steven Chang and BULLOCK, as lacking in personal knowledge under Federal Rules of Evidence, Rule 602.

4. Objection is made to the entirety of the Langley Decl. as hearsay pursuant to Federal Rules of Evidence, Rule 801(c) and not falling within any hearsay exception.

## OBJECTIONS TO STATEMENTS IN MOTION

The following excerpts from the MOTION comprise unsubstantiated, and mostly fictitious and false statements which are not attested to by the declaration of the sole witness in support of this MOTION, Christopher J. Langley of SLC. There is no evidence, no declaration under penalty of perjury or any sufficient statement thereon of personal knowledge of any of the following statements, in direct violation of Local Bankr. Rule 9013-1(i) which mandates as follows:

> **"Factual contentions involved in any motion, opposition or other response to a motion, or reply, must be presented, heard, and determined upon declarations and other written evidence. The verification of a motion is not sufficient to constitute evidence on a motion, unless otherwise ordered by the court."**

5. Objection is made to the following statement in the MOTION, (Page 3, lines 5-6) not referenced in the Langley Declaration, stating:

". .. Bullock received an estimated $53,390.00 wired into her trust account post filing . . "

(a) Objection is made under Federal Rules of Evidence, Rules 601 and 602, as Mr. Langley cannot state that he has personal knowledge of the amount of money received in Ms. Bullock's trust account.

(b) Objection is further made as this statement is hearsay, under Federal Rules of Evidence, Rule 801(c) without falling within any hearsay exception.

Ms. BULLOCK did not receive this amount, and this is not argument but purports to be a statement of fact, but without any evidentiary support. (BULLOCK Decl. ¶ 8)

6. Objection is made to the following statement in the MOTION, (Page 5, lines 2-3) not referenced in the Langley Declaration, which states:

> "Debtor is informed and believes that at least $53,390.00 was deposited into Bullock's account after the petition date."

(a) Objection is made under Federal Rules of Evidence, Rules 601 and 602, as Mr. Langley cannot state that he has personal knowledge of the amount of money received in Ms. Bullock's trust account.

(b) Objection is further made as this statement is hearsay, under Federal Rules of Evidence, Rule 801(c) without falling within any hearsay exception.

> Ms. BULLOCK did not receive this amount, and this is not argument but purports to be a statement of fact, but without any evidentiary support. (BULLOCK Decl. ¶ 8)

7. Objection is made to the following statement in the MOTION, (Page 6, lines 6-7) not referenced in the Langley Declaration, which states:

> "retained funds ($53,390.00) . . "

(a) Objection is made under Federal Rules of Evidence, Rules 601 and 602, as Mr. Langley cannot state that he has personal knowledge of the amount of money received in Ms. Bullock's trust account, and merely speculates.

(b) Objection is further made as this statement is hearsay, under Federal Rules of Evidence, Rule 801(c) without falling within any hearsay exception.

> Ms. BULLOCK did not receive this amount, and as this is not argument but purports to be a statement of fact, is not true and without any evidentiary support. (BULLOCK Decl. ¶ 8)

8. Objection is made to the following statement in the purported FACTUAL SUMMARY of the MOTION (Motion, page 4, lines 14-16) as follows:

> "Disputes arose later than day as Betty Zhang became uncomfortable with the professionals' scrutiny of Debtor's relationship with Betula Lenta, Inc. Debtor terminated Marshak's representation at approximately 8:30 p.m. on August 23, 2021."

(a) Objection is made under Local Bankr. Rule 9013-1(i) as this information is not referenced in the Langley Declaration. Further objection is made pursuant to Federal Rules of Evidence, Rule 601 and 602 as Mr. Langley was not present and cannot attest to personal knowledge of these facts.

(b) Objection is further made as this statement is hearsay, under Federal Rules of Evidence, Rule 801(c) without falling within any hearsay exception.

This statement is pure fiction. Aside from there being no evidence in any supporting declaration meeting the evidentiary standards required to make this statement as argument or otherwise, it is completely false.

(i) Marshak had included in their retainer agreement a statement that they would accept representation of Debtor in filing an emergency Chapter 11 petition in Bankruptcy the night before the foreclosure sale for its primary asset, (at risk of loss were the 31 acres of vacant land commonly known as 2929 Amethyst, and possibly the improved parcels owned for entry into the proposed project) if Betty Zheng on behalf of DEBTOR would agree that '. . . the purpose of the Client's Chapter 11 case will be to effectuate a sale of substantially all of its assets . . . given the financial condition, is to maximize the sale proceeds for the benefit of your creditors." (BULLOCK Decl. ¶2);

(ii) Marshak also included in their retainer a statement that:
"Client acknowledges that the Firm will only agree to this representation if YOU retain pre-petition and independent Chief Restructuring Officer ("CRO") to run an open and transparent sales process. YOU have informed the Firm that YOU have inadequate capital to continue development of certain undeveloped real estate owned by YOU." (BULLOCK Decl. ¶¶2 and 3);

(iii) Marshak required a Company Resolution giving Grobstein Teeple full authority to sell all property owned by DEBTOR <u>without the requirement for approval by the members or the DEBTOR.</u> ." Debtor refused to authorize a third party CRO to sell property without their unanimous consent, and Marshak declined the representation. (BULLOCK Decl. ¶3);

(iv) The true fact is that there was <u>no mention</u> of Marshak's "scrutiny" of any relationship between DEBTOR and its member and Project Manager, Betula Lenta, Inc., as claimed without any evidentiary support whatsoever in the MOTION. Marshal refused representation when by 8:30 p.m. DEBTOR refused to sign any resolution giving an unknown third party CRO unfettered discretion and power to sell of the DEBTOR's assets. DEBTOR intended to file the bankruptcy to avoid loss of the 2929 Amethyst property and related parcels for the project, and to reorganize using the substantial equity in each property owned

by DEBTOR. ." (BULLOCK Decl. ¶4). That was the only reason why Marshak declined representation at 8:30 p.m. on the night before the foreclosure sale on the 2929 Amethyst parcel. ." (BULLOCK Decl. ¶¶ 4 and 5);

(v)    Marshak had the contractual right to decline representation of the DEBTOR and exercised that right at 8:30 p.m. on August 23, 2021.

9.    Objection is made to the statement in the MOTION (page 4, line 19) that:

" . . . Debtor terminated Marshak's retention.. . " under Federal Rules of Evidence, Rules 601 and 602. Mr. Langley was not present and cannot attest to personal knowledge of these facts.

(a) Objection is further made as this statement is hearsay, or from a hearsay source under Federal Rules of Evidence, Rule 801(c) without falling within any hearsay exception.

The true fact is that Marshak had the right, and did decline to make the filing, as DEBTOR refused to hire the CRO and agree to liquidate its real properties. Ms. BULLOCK was present during all such discussions and asked Marshak to file and represent DEBTOR in a reorganization using refinance of equity in the properties, to stop the foreclosure sale and not require liquidation of all assets. Marshak declined DEBTOR's representation and declined to file the Emergency Chapter 11 Petition. Debtor did not terminate Marshak's retention. (BULLOCK Decl. ¶4).

10.    Objection is made to the statement in the MOTION (page 4, line 17) that:

"On August 26, 2021 . . . Marshak returned the initial retainers (less payments for services rendered) to Bullock.. . " under Federal Rules of Evidence, Rules 601 and 602 as Mr. Langley was not present and cannot attest to personal knowledge of these facts.

(a) Objection is further made as this statement is hearsay, or from a hearsay source under Federal Rules of Evidence, Rule 801(c) without falling within any hearsay exception.

Marshak was holding the retainer paid to it by DEBTOR on August 23, 2021 and the balance of that retainer was assigned to BULLOCK by Company Resolution of Debtor JINZHENG GROUP (USA) LLC signed by all members and managers, personally and by Betty Zheng's power of attorney for Jianqing Yang. On August 23, 2021, pre-petition, Betty Zheng as manager of Debtor and by her power of attorney for Jianqing Yang, signed BULLOCK's retainer agreement perfecting BULLOCK's security interest in the balance of the Marshak retainer pre-petition. (BULLOCK Decl. ¶¶5, 6 and 7).

11. Objection is made to the statement in the MOTION (page 4, lines 23-24) stating that "(bank statement showing Marshak transferred funds to Bullock on 8/26/21)" under Federal Rules of Evidence, Rules 601 and 602 as Mr. Langley was not present and cannot attest to personal knowledge of these facts.

(a) Objection is further made as this statement is hearsay, or from a hearsay source under Federal Rules of Evidence, Rule 801(c) without falling within any hearsay exception.

12. Objection is made to Paragraph 2 **and Exhibit 2** of the Langley Declaration purporting to authenticate banking records of Marshak, by reference to hearsay emails from Marshak. Declarant Langley has no personal knowledge, under Federal Rules of Evidence, Rule 601 or 602 and cannot provide fact to support competency to testify about Marshak's banking records.

(a) No evidence authenticates the banking records of third party Marshak, and objection is made under Federal Rules of Evidence, Rule 901.

(b) Objection is further made as this statement is hearsay, or from a hearsay source under Federal Rules of Evidence, Rule 801(c) without falling within any hearsay exception.

13. Objection is made to the statement in the MOTION (page 4, lines 25-26) stating that "(email dated 12/17/21 from Wood to Langley showing Grobstein transferred funds to Bullock on 8/26/21)" under Federal Rules of Evidence, Rules 601 and 602 as Mr. Langley was not present and cannot attest to personal knowledge of these facts.

(a) Objection is further made as this statement is hearsay, or from a hearsay source under Federal Rules of Evidence, Rule 801(c) without falling within any hearsay exception.

14. Objection is made to Paragraph 2 and Exhibit 2 of the Langley Declaration purporting to authenticate through an email, banking records of Grobstein Teeple which are even attached to the hearsay email from Joshua Teeple attached to Exhibit 2. Declarant Langley has no personal knowledge, under Federal Rules of Evidence, Rule 601 and 602.

(a) Objection is made to the email referencing banking records as this statement is hearsay, or from a hearsay source under Federal Rules of Evidence, Rule 801(c) without falling within any hearsay exception.

(b) Objection is made to the email, for failure to provide documents authenticate by a custodian of records, under Federal Rules of Evidence, Rule 802(6) and 901; and failure to provide a true and correct copy of the original under Federal Rules of Evidence, Rule 1002.

15. Objection is made to the statement in the MOTION (page 4, lines 27-28) stating: "BBK $5,000 and Debtor is informed and believes that BBK returned this same amount post-petition." under Federal Rules of Evidence, Rules 601 and 602 as Mr. Langley was not present and cannot attest to personal knowledge of these facts.

(a) There is no reference whatsoever in the Langley Declaration or any supporting Declaration to this fact or the basis for Debtor's "information and belief" other than pure speculation, and Objection is made under Federal Rules of Evidence, Rule 801(c) as hearsay or information from a hearsay source..

The true fact remains that the $5,000 from BBK was not cashed by BULLOCK, and is available for return to DEBTOR directly from BBK's trust account. (BULLOCK Decl. 8)

16. Objection is made to the purported quote of an email from BULLOCK to Steven Chang of SLC on December 8, 2021 as follows:

The Email is **MISQUOTED in a manner appearing to an intentional misstatement of fact to this Court, in a manner intending to deceive this Court about BULLOCK's qualifications in Bankruptcy.** In the MOTION, (page 5, line 27-28) the email purports to quote BULLOCK as follows:

"I myself am a civil litigator, **without** about 4 years of practice devoted specifically to bankruptcy law . . . "

It is shocking and apparently intentional as the actual email states as follows:
"I myself am a civil litigator, **_WITH_** about 4 years of practice devoted specifically to bankruptcy law . . . " (emphasis, capitals and underlines added) (BULLOCK Decl. ¶ 26)

(a) Objection is made under Federal Rules of Evidence, Rule 106, to the extent that the original email was required to provide a declaration and attach a true and correct copy. Instead, the email was misquoted in the body of the MOTION on a critical matter in this MOTION to discredit BULLOCK's qualifications to dispute the value of her services as if to say she did not have "4 years" of specific bankruptcy practice. If DEBTOR and SLC is permitted to introduce all or part of the subject email, objection is made to require the introduction, at that time, of the

actual email as evidence of the content which was a statement that BULLOCK had 4 years of practice devoted specifically to bankruptcy law, and not the contrary.

(b) Objection is made to the entirety of the inclusion of the December 8, 2021 email, pursuant to <u>Federal Rules of Evidence</u>, Rule 901 for failure to provide the declaration of a witness competent to authenticate the true content of this writing. Further objection is made as hearsay under <u>Federal Rules of Evidence</u>, Rule 801(c) and not falling within any exception under Rule 802.

(c) Further objection is made under <u>Federal Rules of Evidence</u>, Rule 1002 required attachment of a true and correct copy of the original and objection is made to the incorrect copy of the email into the body of the MOTION.

Respectfully Submitted,

Dated: February 8, 2022         by  *Donna Bullock Carrera*
                                   Donna Bullock, Creditor, Responding Party and
                                   former counsel for Debtor

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 800 W. 6th St., Ste. 1250, Los Angeles, CA 90017  A true and correct copy of the foregoing document entitled (*specify*): STATEMENT OF EVIDENTIARY OBJECTIONS IN OPPOSITION TO DEBTORS MOTION TO DETERMINE IF COMPENSATION PAID WAS EXCESSIVE, etc.
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 2/9/2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Michael F Chekian    mike@cheklaw.com, chekianmr84018@notify.bestcase.com
Susan Titus Collins     scollins@counsel.lacounty.gov
Jeffrey W Dulberg    jdulberg@pszjlaw.com
Richard Girgado    rgirgado@counsel.lacounty.gov
M. Jonathan Hayes    jhayes@rhmfirm.com, roksana@rhmfirm.com;matt@rhmfirm.com;rosario@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com;boshra@rhmfirm.com;rosario@rhmfirm.com Christopher J
Christopher Langley    chris@slclawoffice.com, omar@slclawoffice.com
Benjamin R Levinson     ben@benlevinsonlaw.com, courtney@benlevinsonlaw.com
Eric A Mitnick   MitnickLaw@aol.com, mitnicklaw@gmail.com
Giovanni Orantes    go@gobklaw.com, gorantes@orantes-law.com,cmh@gobklaw.com,gobklaw@gmail.com
Matthew D. Resnik    matt@rhmfirm.com,
Allan D Sarver    ADS@asarverlaw.com
David Samuel Shevitz    david@shevitzlawfirm.com, shevitzlawfirm@ecf.courtdrive.com;r48785@notify.bestcase.com;Jose@shevitzlawfirm.com United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
Hatty K Yip    hatty.yip@usdoj.gov, hatty.k.yip@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 2/9/2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Ernest M. Robles
Edward R. Roybal Federal Building & Courthouse
255 E. Temple St, Suite 1560/Courtroom 1568
Los Angeles, CA 90012

☐ Service information continued on attached page

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 2/9/2022 | Donna Bullock | /s/ Donna Bullock |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**