# Law Offices of Donna Bullock

### *Donna Bullock, Attorney at Law*

800 W. 6th St., Ste. 1250
Los Angeles, CA 90017
(562) 726-0778
Fax: (562) 683-0319
donnabullockcarrera@yahoo.com
donna.bullock@ymail.com

August 23, 2021

Jinzheng Group (USA) LLC c/o Betty Zheng, Manager
100 E. Huntington Drive, Ste. 207
Alhambra, CA 91801

> RE: Retainer of the Law Offices of Donna Bullock for filing of a Chapter 11 Petition in
> Bankruptcy of JINZHENG GROUP (USA) LLC

Dear Ms. Zheng:

This retainer agreement concerns the hiring of the Law Offices of Donna Bullock, and Donna Bullock, Attorney at Law, to file the voluntary Chapter 11 bankruptcy of Jinzheng Group (USA) LLC, on an emergency basis, to avoid the August 24, 2021 10:30 a.m. Trustee's Sale of subject real properties, and to comply with the immediate deadlines to maintain the Chapter 11 case, also on an emergency basis. This agreement sets forth information about the legal services and the fees and expenses required. If you agree with these terms of retention set forth in this agreement, please place your initials where called for, sign the Client Acknowledgment and Agreement at the end of the agreement. Once executed, this agreement may not be changed or modified except by a written document signed by each of us. If you have any questions concerning any of these provisions, please do not hesitate to call.

## IDENTITY OF THE CLIENT(S)

The client(s) retaining the Attorney by this agreement is "JINZHENG GROUP (USA) LLC." "You" and "Your" as used in this document mean JINZHENG GROUP (USA) LLC.

## SUBJECT OF RETENTION

The Attorney has agreed to render legal services for the following aspects of the proposed Chapter 11 bankruptcy case: (a) Preparation and filing of Chapter 11 petition on an emergency basis in advance of the foreclosure sale; compliance with the 7-Day US Trustee reporting requirements; as well as preparation of all schedules, statement of financial affairs, and all documents needed to commence a Chapter 11 case; and (b) Representation of the Client in a Chapter 11 bankruptcy proceeding. The additional services required will involve the Attorney obtaining, reviewing and

JINZHENG GROUP (USA) LLC
RETAINER – PAGE 2
August 23, 2021

analyzing, on an expedited basis, all information concerning the properties, financial condition, and other matters.

In the event you require additional services not set forth above, including the filing of or defense of any lawsuit or adversary proceeding filed in the Chapter 11 case, a separate written agreement must be executed before additional services will be rendered. Unless otherwise agreed to in writing, additional services will be provided pursuant to our regular hourly rates set forth below.

If the case is converted to Chapter 7, a Trustee will be appointed. There is also a possibility that the Court will appoint a Chapter 11 Trustee. A Trustee is charged with a duty to administer or liquidate assets for the benefit of creditors. The Trustee "steps into the shoes" of the Debtor and has the ability to operate the Debtor's business or sell assets as if he or she was the Debtor. The liquidation involves the Trustee investigating the value of each of Client's assets and trying to sell such assets to produce money for creditors. Specifically, Client is advised that the Trustee will attempt to sell Client's properties1 ownership interests in businesses, profit percentages in companies, vehicles, personal property of every kind, lawsuit claims, etc. Even if there is no equity in an asset as of the date of bankruptcy, any post-bankruptcy appreciation will belong to the estate. Client further acknowledges that the Trustee will have an unfettered right to require all financial documentation to be produced including tax returns. A trustee also holds the attorney-client privilege and can waive it to obtain all communications between You and the Attorney. Creditors too have the opportunity to have personal financial documents produced, including tax returns. These document productions also extend to the financial affairs of businesses in which Client has an interest because such business interests are subject to being sold to raise funds to pay creditor claims. Client's assets and liabilities thus are an "open book" in a bankruptcy case.

In general, absent a court order, you may not use cash or cash equivalents that are subject to a lien. For example, revenues subject to security interests cannot be used to cover operating expenses without consent or Court order. While we will attempt to obtain use of cash collateral, you acknowledge that the Attorney is not giving any guarantee of success.

Additionally, you acknowledge that the Attorney has informed you, and you acknowledge, that your secured creditors may seek relief from the automatic stay to foreclose their security interests. Utility providers also may cancel service unless additional deposits are paid to them to provide adequate assurance of payments for ongoing services. Additionally, you acknowledge that the Attorney has explained that your case could and/or may be characterized as a "single asset real estate" case ("SARE") as defined by Title 11 of the United States Code ("Bankruptcy Code"). YOU understand and have been advised regarding the shortened timeline set forth in the Bankruptcy Code for a single asset real estate case. We have also informed you, and you acknowledge, that your secured creditors may seek relief from the automatic stay to foreclose their security interests. The restrictions on use of cash collateral and the expedited timelines associated with a SARE case present added risk and difficulty to your case.

JINZHENG GROUP (USA) LLC
RETAINER – PAGE 3
August 23, 2021

The Debtor must close all bank accounts and open new debtor-in-possession accounts. No funds may be used to pay pre-bankruptcy claims including wages without first obtaining court approval. You may want to run a special payroll to pay employees for all services rendered prior to bankruptcy.

Transfers made during the four-year period prior to bankruptcy where the Client made such a transfer with actual intent to hinder, delay, or defraud creditors are subject to avoidance as being actually fraudulent. Transfers made during the four-year period prior to bankruptcy where the Client received less than reasonably equivalent value while insolvent are subject to avoidance as being constructively fraudulent. The four-year period can be extended to seven years in certain circumstances.

Client acknowledges being advised of the risks involved in a bankruptcy case. Because of these risks and to ensure the optimum result from the bankruptcy case, Client promises to be 100% truthful with the Attorney at all times. Furthermore, Client acknowledges that the Attorney will never aid the Client in committing a crime or misleading the Court or any trustee appointed in this case as to the facts on any issue. If Client instructs the Attorney to not be completely honest, Client acknowledges that the Attorney will seek to withdraw as his counsel.

There are many requirements to confirm a Chapter 11 plan. One such requirement is to get a class of impaired creditors to vote in favor of the plan. As such, it may be difficult to get a class of creditors to vote to accept the plan. Client's vendors, judgment creditors, and other unsecured creditors may or may not be able to be separately classified. If Client's judgment creditors cannot be separately classified, there is a risk that Client may not be able to obtain a class of creditors that would vote to accept the plan. A class of creditors accepts the plan if more than half of the voting creditors and two-thirds of the claims voted, elect to accept the plan. The votes of insiders (entities or people related to Jinzheng Group) do not count for purposes of determining if a class of creditors has voted to accept the plan.

Client acknowledges that the Attorney has not guaranteed any particular result in the bankruptcy.

Lastly, the members of the Debtor cannot retain any equity ownership in the Debtor unless all creditors are paid in full or otherwise consent. This is known as the "absolute priority rule." An exception to the absolute priority rule is that holders of equity interests make a contribution of substantial new value to the Debtor. For example, the equity owners of the Debtor can contribute personal funds to increase distributions to creditors, whether in a lump sum or over time. The bottom line is that there are substantial risks and uncertainties in getting the Debtor reorganized.

## TAX RAMIFICATIONS

You have not retained the Attorney to provide you with advice or direction regarding any possible tax ramifications arising out of the Attorney's representation of you. The Attorney will not be

JINZHENG GROUP (USA) LLC
RETAINER – PAGE 4
August 23, 2021

responsible for alerting you of any actual or potential tax-related matters at any time during the representation. The Attorney strongly advises you to discuss all tax matters with competent tax counsel. The Attorney does not have tax counsel. The Attorney does not make and will not make any representation or warranty regarding any actual or potential tax ramifications resulting from the scope of this retainer agreement or any other matter. The Attorney strongly recommends that you review the effect of all legal matter(s) with your Certified Public Accountant or other tax professional.

The Attorney does not engage in the sort of "Tax Planning" which involves the recommendation of specific business or transactional arrangements the primary purpose of which is to reduce taxes in excess of the sums involved nor do we render ' tax opinions' with respect to such transactions.

HOURLY RATES

Please bring to our attention, at any time, any questions or concerns you may have concerning the Attorney's services or our fees. Please also contact the Attorney if you have any questions regarding the Attorney's billing practices. You are retaining the Attorney at the rate of five hundred dollars an hour ($500.00/hour). You agree that because of the emergency basis of the bankruptcy filing, and the immediate requirements for filing of this Chapter 11, that most, if not all of the services performed by the Attorney will be done by her personally and at the $500.00 hourly rate. This includes, but is not limited to Attorney attending the August 24, 2021 Trustee's sale to confirm that the foreclosure is postponed, as well as all services in collecting and analyzing the information for the Attorney 7-Day package and filing of the Complete Chapter 11 Petittions. The Attorney will decide if other professionals will work on your case. The Attorney will charge a reasonable fee for professional services based primarily on an hourly rate which is in effect at the time the services are rendered. The Attorney bills in minimum units of one-tenths (.1) of an hour. Hourly rates for professionals and staff are adjusted from time to time.

ADJUSTMENTS TO RATES

The Attorney will bill for services based on the considerations discussed with at your initial meeting or meetings with the Attorney and based on future decisions made by you and the Attorney regarding the representation. The Attorney will send statements for fees and expenses to your attention on a periodic basis. Statements for fees, costs, and other expenses are due and payable upon presentation. Any other arrangements, such as deferred payment or payment by installment, must be agreed to by the Attorney in writing. The Attorney's professionals' hourly rates are reviewed and changed from time to time. Your periodic billing statements will reflect any adjustment in billing rates. If you decline to pay increased rates, the Attorney will have the right to withdraw as your attorneys.

You acknowledge that due to the emergency nature of the Chapter 11 filing, that Attorney will advance the Chapter 11 filing fee of $1,738.00 and the fees to record the Chapter 11 Petition on all

JINZHENG GROUP (USA) LLC
RETAINER – PAGE 5
August 23, 2021

properties owned by Debtor with the Los Angeles County Recorder and that these expenses are hereby authorized to be deducted from the retainer deposited with Attorney under this Agreement.

In certain cases, a judge, arbitrator, or other judicial officer may order the other party to pay a portion of a client's attorneys' fees. Such an order does not establish the total fees you owe the Attorney, but upon payment will be credited against any outstanding fees for services rendered by the Attorney on your behalf. If your bill is paid in full, then any payments received from the other party will be paid to you or credited against future fees, at your discretion.

To aid in the preparation of your case, it may become necessary to hire expert witnesses, consultants, or investigators. Unless otherwise agreed to in writing, the Attorney will not retain such persons on your behalf. You must retain the expert witnesses, consultants, or investigators to be hired, and you will be directly responsible for payment of their fees and costs. The Attorney will help you choose the appropriate expert witnesses, consultants, or investigators to be hired.

The Attorney also reserves the right, on occasion, to have more than one attorney present to represent you in Court proceedings where the supervising attorney believes it will be in your best interests and is necessary for the most efficient and highest representation in your case. You acknowledge that Attorney may associate in counsel for the Chapter 11 plan, in addition to Attorneys legal services.

INITIAL RETAINER

The Attorney requests a retainer when it begins working on a new matter, to secure the payment of its fees, costs, and expenses. You must pay an initial retainer of $45,000 pre-petition. The Attorney has advised Client that the total fees and costs in the Chapter 11 case will undoubtedly exceed the retainer payments. Any fees and costs allowed by the bankruptcy court will be paid from the retainer and assets of the bankruptcy estate.

COURT APPROVAL

The terms set forth in this agreement are subject to approval of the US Bankruptcy Court. If the above terms are not approved by the United States Bankruptcy Court, Attorney shall have the absolute right to decline representation and, to the extent necessary, to withdraw from the case and all obligations to represent clients set forth herein. Attorney shall be paid for the services rendered.

COSTS

In addition to the Attorney's fees for the legal services provided, costs will be incurred on your behalf in the course of this representation. All costs and expenses which the Attorney in its discretion incurs in connection with representing you will be for your account and benefit. Costs

JINZHENG GROUP (USA) LLC
RETAINER – PAGE 6
August 23, 2021

and expenses shall include, but not be limited to: filing fees; photocopy charges; computer research fees; telephone usage; incoming and outgoing faxes; postage; travel; parking; court and deposition reporter's fees; clerical staff overtime; word processing charges; processor fees; and messenger and delivery fees. The Attorney may, in its discretion, advance such costs and expenses on your behalf, and you must pay any such sums advanced upon presentation of the invoice reflecting costs incurred by the Attorney on your behalf. The Attorney may charge:

In-office photocopying: In-house scanning: Facsimile charges:
$0.20/page
$0.10/page
$0.50/page

The Attorney is under no obligation to advance any costs on your behalf, and may require you to pay directly for certain costs and expenses in connection with your case.
PRIVILEGED COMMUNICATIONS, CELL PHONES, AND E-MAILS

All communications between you and the Attorney are protected by the attorney-client privilege. In other words, except for very limited exceptions, no one can force you to produce written communications between you and the Attorney to see what you and the Attorney have discussed or make you answer questions in order to find out what you and the Attorney have discussed. This privilege, however, can be waived if you voluntarily disclose substantive communications to third parties. Execution of this agreement constitutes your acknowledgement of this potential for waiver of privilege and your agreement not to divulge any form of communications between you and the Attorney to any third party. This includes forwarding emails to other persons, showing emails to other persons, or divulging the content of privileged communications to other persons. If you choose to waive the attorney-client privilege without first consulting with the Attorney, the Attorney has the right to withdraw as your counsel at its discretion.

The Attorney's attorneys regularly communicate with their clients and their clients' professionals and agents by cellular telephone. Such communications are capable of being intercepted by others and therefore may be deemed no longer protected by the attorney-client privilege. You must inform the Attorney in writing if you do not wish the Attorney to discuss privileged matters on cell telephones with you or your professionals or agents.

The Attorney's attorneys regularly communicate with their clients and their clients' professionals and agents by unencrypted e-mail. Such communications are capable of being intercepted by others and therefore may be deemed no longer protected by the attorney-client privilege. You must inform the Attorney in writing if you wish to institute a system to encode all e- mail between the Attorney and you or your professionals or agents.

JINZHENG GROUP (USA) LLC
RETAINER – PAGE 7
August 22, 2021

COOPERATION

The Attorney will provide services to you in accordance with this agreement and in reliance upon information and guidance provided by you. The Attorney will keep you reasonably informed of progress and developments, and will respond to your inquiries. To enable the Attorney to consult with you effectively, you agree to cooperate fully with the Attorney in all developments and to fully and accurately disclose all facts and documents that may be relevant to the matter or that the Attorney may otherwise request. You will make yourself and other appropriate client personnel reasonably available to attend meetings, conferences, hearings, and other proceedings as may be necessary. You will behave and speak respectfully to the Attorney's attorneys, staff, and other employees, and the Attorney's attorneys, staff, and other employees will behave and speak respectfully to you. Should your communications with or behavior toward the Attorney's attorneys, staff, or other employees become disrespectful or abusive, the Attorney has the right to withdraw as your counsel at its discretion.

CIVILITY AND CLIENT DECISIONS

You may find the current Rules of Professional Conduct promulgated and enforced by the State Bar of California at the following website. http://www.calbar.ca.gov/Attorneys/Conduct-Discipline/Rules/Rules-of-Professional-Conduct/Current-Rules.
Pursuant to the guidelines promulgated by the United States District Court for the Central District of California as well as the California State Bar Rules of Professional Conduct, attorneys have a duty of civility to each other, to their clients, and to judges. This Attorney strives always to practice with the highest degree of civility while representing our clients with zeal, loyalty, and the highest standards of competence. In almost every case, civility to opposing counsel and opposing parties results in a more expeditious resolution of the matter, minimizes attorneys' fees, and prevents the court from developing a negative view of the client and the attorneys: which negative view, if developed, can impact the outcome of litigation. As such:

1.      We will practice our profession with a continuing awareness that our role is to advance the legitimate interests of our clients. We will endeavor to achieve our clients' lawful objectives in legal transactions and in litigation as quickly and economically as possible.

2.      We will be loyal and committed to our clients' lawful objectives, but we will not permit that loyalty and commitment to interfere with our duty to provide objective and independent advice.

3.      Civility and courtesy are expected of us as professionals and are not a sign of weakness.

4.      We will treat adverse parties and witnesses with fairness and due consideration. A client has no right to demand that we act in an abusive manner or indulge in any offensive conduct.

JINZHENG GROUP (USA) LLC
RETAINER – PAGE 8
August 23, 2021

5.      We will not pursue conduct that is intended primarily to harass or drain the financial resources of the opposing party.

6.      We reserve the right to determine whether to grant accommodations to opposing counsel in all matters that do not adversely affect our clients' lawful objectives, including all matters of scheduling. Clients have no right to instruct us to refuse reasonable requests made by other counsel.

7.      We will advise our clients regarding availability of mediation, arbitration, and other alternative methods of resolving and settling disputes.

8.      Clients have the final authority with respect to matters which affect the client's substantive rights. Attorneys, on the other hand, have general authority to control the procedural aspects of litigation and litigation tactics or strategies.

In general, attorneys have implied authority to make all decisions regarding "procedural" matters, but the client retains the right to make ultimate decisions affecting the client's "essential" or "substantive" rights. This means that while you have the right to make the final decision regarding matters that do or potentially may affect the outcome of your case, the Attorney can make unilateral procedural decisions to: accede to reasonable requests of opposing counsel that do not prejudice your rights; avoid tactics that the Attorney views as offensive or unethical; be punctual in fulfilling the Attorney's professional obligations; and treat all persons involved in the legal process with courtesy and consideration. As California attorneys, we abide by an oath as officers of the court to strive to conduct ourselves at all times with dignity, courtesy, and integrity. The Attorney reserves the right to withdraw as your counsel if you ask us to conduct ourselves or the prosecution of your legal matter in any way contrary to these ethical obligations.

With these guidelines in view, by executing this Agreement you acknowledge that the Attorney can and will make independent decisions regarding civility and professional demeanor and regarding procedural aspects of the representation.

NO GUARANTEE OF SUCCESS

Either at the commencement or during the course of the Attorney's legal services to you, the Attorney's professionals may express opinions or beliefs concerning your legal matter or case, as well as various potential courses of action and the results that might be anticipated. Any such statement by any attorney or employee of the Attorney is intended to be an expression of opinion only, based on information available to the Attorney at the time, and shall not be construed as a promise or guaranty.  Furthermore, the Attorney has made and will make no representation or guarantee concerning a successful outcome on the matter in which consulting services are being provided nor has the Attorney committed to accomplish any goal for a set amount of attorneys' fees.

JINZHENG GROUP (USA) LLC
RETAINER – PAGE 9
August 23, 2021

LIENS FOR UNPAID FEES

A lien acts as security for unpaid fees and cost reimbursement that you owe the Attorney. By execution of this letter and initial in this section, you grant the Attorney a lien on all retainer payments, all claims or causes of action, as well as all recoveries obtained on Your behalf. This lien will be in addition to any other rights the Attorney may have to recover sums owing from you under this agreement. The lien will attach to any recovery you obtain in these matters whether by arbitration award, judgment, settlement, or otherwise. This lien is for the full amount of attorneys' fees and costs owed to the Attorney on all matters in which the Attorney represents you, regardless of the matter or matters to which those fees and costs relate. This lien could delay payments to you of any recovery you obtain in these matters until any disputes over the amount to be paid to the Attorney are resolved.

You may, and the Attorney recommends that you do, seek the advice of independent counsel of your choice with regard to the liens you are granting the Attorney by execution of this agreement. We will give you the time necessary to do so before executing this agreement. By initialing this provision and signing this agreement, you acknowledge that you have been advised to seek the advice of an independent lawyer regarding this lien, that you have been given a reasonable opportunity to seek that advice, and that you are consenting to the granting of the liens specified above.

This section regarding the granting of a lien to secure the Attorney's fees has been explained to, read by, and approved by the client.

By initialing below, you signal your consent to this Lien provision.

_____ [B.Z.]

INTEREST

If you fail to pay the Attorney's invoices for fees and costs as they become due, the unpaid balance shall accrue interest at the lower of: the maximum amount permitted by law; or 9% per annum. Failure to enforce this interest provision during one or more billing cycles shall not constitute a waiver of the Attorney's right to pursue interest in the future.

TERMINATION

You may terminate this agreement at any time by written notice to the Attorney. Your termination of the Attorney's services will not affect your responsibility for payment of outstanding invoices for fees for services performed and costs incurred by the Attorney before termination or in connection with an orderly transition of the matter in which the Attorney has represented you pursuant to this agreement. If such termination occurs, the Attorney will promptly return to you your papers and

JINZHENG GROUP (USA) LLC
RETAINER -- PAGE 10
August 23, 2021

property. The Attorney's own files pertaining to the representation will be retained. You may request access to the portion of the file which the Attorney retains. All fees and costs accrued at the time of withdrawal will be immediately due and payable.

The Attorney may terminate this agreement and withdraw from providing further services to you: if you fail to fulfill your obligations under this agreement, including your obligation to pay the Attorney's fees and expenses as they become due; as permitted or required under any applicable standards of professional conduct; upon the Attorney's reasonable notice to you; or if irreconcilable differences develop between the Attorney and you which, in the Attorney's sole discretion, would significantly impair the ability of the Attorney to satisfactorily and effectively discharge its duties to you.

The Attorney may withdraw from representing you with your consent or for good cause. Good cause includes, but is not limited to: breach of this retainer agreement; refusal to cooperate with the Attorney or to follow the Attorney's advice on a material matter; or any fact or circumstances that would render Attorneys' continuing representation unlawful or unethical. The Attorney's obligations under this agreement are subject to Court orders, statutes, laws, rules, and regulations governing your legal rights and by execution of this agreement you authorize the Attorney to take whatever action is necessary to comply with the requirements of such authorities.

FILE STORAGE

In providing legal services to you, the Attorney may generate, receive, or accumulate materials and documents. Upon your request and prior to the closing of our files for this representation, the Attorney will forward to you all important, original documents that Attorney has accumulated. After the Attorney closes his file, all remaining documents or materials may be archived without further notice to you. After five to seven years, the Attorney reserves the right to permanently dispose of any unclaimed materials.

The Attorney strives to be paperless wherever possible, and therefore generally maintains only electronic records of client documents and pleadings. There are certain risks of maintaining only electronic records, including that the electronic files may be destroyed by computer mishap or accessed by unauthorized people ("hackers"). By execution of this agreement, you acknowledge and consent to the Attorney maintaining only electronic records of documents and pleadings in connection with your case.

BINDING EFFECT

This is a binding legal contract. The Attorney has, by this contract, agreed to expend reasonable efforts and exercise reasonable judgment on your behalf for legal representation, and may have to forego other engagements with other actual or potential clients in order to spend time on your matter and give it the attention it deserves. In consideration of the Attorney's opportunity cost, you

JINZHENG GROUP (USA) LLC
RETAINER – PAGE 11
August 23, 2021

have agreed to provide reasonable cooperation and assistance to the Attorney and have agreed that the Attorney shall be entitled to payment pursuant to this agreement, regardless of the outcome of the work and regardless of whether you are or are not satisfied with the results obtained by the Attorney. This agreement is made and some or all services will be performed in the State of California and California law will govern our relationship.

SEVERABILITY

If any of these provisions is stricken in an arbitration or court proceeding, the remainder shall constitute the agreement between you and the Attorney.

AUTHORITY AND COUNTERPARTS

Each person counter-signing this agreement warrants that he or she has authority to do so. This agreement may be executed in counterparts.

REVIEW

By execution of this agreement, you acknowledge that the Attorney has discussed the terms of this agreement with you and that the Firm has given you the opportunity to have this agreement reviewed by an independent attorney or other person of your choosing prior to your execution of this agreement.

Sincerely,

DONNA BULLOCK

ACKNOWLEDGED AND AGREED.

I, BETTY ZHENG, on behalf of JINZHENG GROUP (USA) LLC, as its Manager, and Power of Attorney for Jianqing Yang, Owner and Principal of Jinzheng Group (USA) LLC, have agreed to the terms for the provision of legal services by the Law Offices of Donna Bullock as set forth in this retainer agreement, and I agree to such terms and conditions as of August 23, 2021.

JINZHENG GROUP (USA) LLC

By: BETTY ZHENG _____    Dated:  August 23, 2021

Its: Manager and Power of Attorney for Jianqing Yang, Owner and Principal of Jinzheng Group (USA) LLC