Gene H. Shioda – SBN 186780
ghs@slclawoffice.com
Christopher J. Langley – SBN 258851
chris@slclawoffce.com
Steven P. Chang – SBN 221783
schang@slclawoffice.com
**SHIODA, LANGLEY & CHANG LLP**
1063 E. Las Tunas Dr.
San Gabriel, CA 91776
Tel: (626)281-1232
Fax: (626)281-2919

Counsel for Jinzheng Group (USA) LLC
Debtor and Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>JINZHENG GROUP (USA) LLC<br><br>Debtor and Debtor in Possession. | Case No. 2:21-bk-16674-ER<br><br>Chapter 11<br><br>**OBJECTION TO PROOF OF CLAIM NO. 17 OF THE PHALANX GROUP; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF CHRISTOPHER J. LANGLEY IN SUPPORT THEREOF**<br><br>**HEARING DATE:**<br><br>Date:      March 22, 2022<br>Time:     10:00am<br>Location: Ctrm 1568<br>               255 E. Temple St.<br>               Los Angeles, CA 90012 |

**TO THE HONORABLE ERNEST M. ROBLES, U.S. BANKRUPTCY JUDGE, OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:**

JINZHENG GROUP (USA) LLC ("Debtor"), the chapter 11 debtor and debtor-in-possession respectfully submits the motion ("Motion") objection to Claim 17 of The Phalanx Group.

1

The Motion is based on this Notice, the Motion and its accompanying Memorandum of Points and Authorities, the Declaration of Christopher J. Langley, the pleadings and files in the Debtor's bankruptcy cases, and upon such further oral and documentary evidence as may be presented to the Court. The Motion will be heard on March 22, 2022, at 10:00 a.m., in the United States Bankruptcy Court for the Central District of California, Los Angeles Division, located at 255 E. Temple St. Los Angeles, CA 90012 in Courtroom 1568.

**NOTICE TO CLAIMANT IS HEREBY GIVEN**: the Debtor has filed an objection to your Proof of Claim ("Claim") identified as follows:

| Claim No. | Date Filed | Claimant | Alleged Claim Amount | Disputed Amount | Claim To Be Allowed |
|---|---|---|---|---|---|
| 17 | 2/3/2022 | The Phalanx Group | $158,845.00 | $158,845.00 | $0.00 |

The Motion seeks to alter your rights by reducing your Proof of Claim based on the grounds set forth in the Motion detailed below.

PLEASE TAKE FURTHER NOTICE that any response to the objections must be in the form as required by Rule 9013-1(f) of the Local Bankruptcy Rules ("LBR") and filed with the Clerk of the above-entitled Court no later than fourteen (14) days prior to the hearing date set forth above, and a copy served on Christopher J. Langley at the address indicated above. A copy of any response must also be served on the Office of the United States Trustee, 915 Wilshire Blvd. Ste 1850, Los Angeles, CA 90017. Failure to timely respond may be deemed as acceptance of the proposed objections and the Court may grant the relief requested in the Objection Motion without further notice or hearing. *See* LBR 3007-1(b) and 9013-1(h).

Dated:  February 17, 2022  SHIODA, LANGLEY & CHANG LLP

/s/Christopher J. Langley
By: Christopher J. Langley
Attorneys for Debtor and Debtor in Possession

## 1. Summary of Argument

The basis for objection to the Claim is Claimant provides insufficient evidence to determine in Claimant has a valid claim against the Debtor. The contract included with the Claim provides the services of a Private Patrol Operator, however it does not appear that Claimant is licensed to perform those services. It is unlawful to engage in the business of maintaining or operating any private patrol service in the City of Los Angeles without first obtaining a license and as such the Claim should be denied.

Furthermore, Claimant fails to provide any itemization or details for the services allegedly preformed including the identity of the third-party licensed security company that patrolled the property.

Therefore, and for the reasons stated below, this Court must sustain this Objection and disallow the claim in its entirely.

## 2. Statement of Facts

### A. Factual Background

Debtor is a single member LLC that is wholly owned by Mr. Jiaqing Yang. Between August 2016 and July 2017, the Debtor acquired approximately 32 contiguous acres in Los Angeles that it intended to develop (the "Los Angeles Properties"). All funds used to obtain the Los Angeles Properties were contributed by Mr. Yang as capital contributions into the Debtor. The Los Angeles Properties have a collective value of $26,316,600.

The Debtor contracted with Betula Lenta, Inc. ("Betula"), a real estate consultancy company, to assist it with the development of the Los Angeles Properties. In order to fund the development of the Los Angeles Properties, Debtor borrowed $7,000,000 in September of 2018 which was cross-collateralized by a first priority deed of trust held by Royal Equity Lending. Only $530,833.59 of the $7,000,000.00 loan was paid to the Debtor directly, most of the funds were dispersed directly to Betula Lenta, Inc and its related entities.

Despite Betula being paid over $6,971,726 in development fees; the status of the entitlement progress did not change or improve during the 18-month loan term with Royal Equity Lending. Because of that Debtor was unable to refinance the short-term loan with Royal Equity

Lending. Debtor incurred roughly $900,000 in loan extension fees, per the proof of claim filed by Royal Equity Lending. The alleged claim totaled $9,353,009.00 at the time of filing.

### B. Debtor's Chapter 11 Bankruptcy

On August 24, 2021 ("Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California.

On December 9, 2021, Debtor filed a Notice of Bar Date for Filing Proofs of Claim. The deadline for filing claims in this case was February 4, 2022. To date, the 21 proofs of claims have been filed against the Debtor's bankruptcy estate:

| Claim | Creditor | Secured | Priority | Unsecured | Total |
|---|---|---|---|---|---|
| 1 | LA County Tax Collector | $163,520.10 | -- | -- | $163,520.10 |
| 2 | Royalty Equity Lending LLC | $9,353,009.29 | -- | -- | $9,353,009.29 |
| 3 | IRS | -- | $28,700.70 | -- | $28,700.70 |
| 4 | Michael and Shari Dorff | $50,000.00 | -- | -- | $50,000.00 |
| 5 | Investment Management Company | $350,000.00 | -- | -- | $350,000.00 |
| 6 | Testa Capital Group | -- | $13,650.00 | $672,900.00 | $686,550.00 |
| 7 | Home Loans Unlimited Inc. | -- | $13,650.00 | $672,900.00 | $686,550.00 |
| 8 | Corona Capital Group, LLC | $540,000.00 | -- | -- | $540,000.00 |
| 9 | Michael Carlin | -- | $15,650.00 | -- | $15,650.00 |
| 10 | Michael Carlin | -- | $15,650.00 | -- | $15,650.00 |
| 11 | UltraSystems Environmental | -- | -- | $37,106.50 | $37,106.50 |
| 12 | Land Design Consultants, Inc. | -- | -- | $48,145.00 | $48,145.00 |
| 13 | Craig Fry & Associates, LLC | -- | -- | $240,700.47 | $240,700.47 |
| 14 | Breezeblock Capital LLC | $124,653.99 | -- | -- | $124,653.99 |
| 15 | Betty Zheng | -- | -- | $95,000.00 | $95,000.00 |
| 16 | Shawn Charles Sourgose | -- | 13,650.00 | $672,900.00 | $686,550.00 |
| 17 | The Phalanx Group | -- | -- | $158,845.00 | $158,845.00 |
| 18 | Betula Lenta Inc. | -- | -- | $1,643,977.00 | $1,643,977.00 |
| 19 | Donna Bullock | $45,000 | -- | $97,803.00 | $142,803.00 |
| 20 | Pennington Construction Advisors | -- | -- | $75,000.00 | $75,000.00 |
| 21 | DNQ LLC | $420,000.00 | -- | -- | $420,000.00 |
| | | $11,046,183.38 | $110,950.70 | $4,415,276.97 | $15,562,411.05 |

There four distinct types of claims in the case; 1) Secured claims on the Debtor's real estate assets (#1,#2,#4,#5,#8,#14,#21). 2) Alleged administrative claims by pre-petition bankruptcy counsel, and an appointed restructuring officer (#9, #10, #19). 3) Claims for services provided to third parties on which the Debtor should not be liable (#11, #12, #13, #20). 4) Claims

1    for services provide to Debtor directly (#7,#8,#15,#16,#17,#18).

2        On January 18, 2022, the Court approved the employment of Debtor's Counsel with the effective date of November 21, 2021.

4        On January 18, 2022, the Court extended the exclusivity period for Debtor to file a plan to April 21, 2020, as well as extending the exclusivity deadline to solicit acceptances of its Plan to May 20, 2022.

7        On January 25, 2022, The United States Trustee filed a notice of appointment of Creditors' Committee naming Betula Lenta Inc, Pennington Construction Advisors, Inc and The Phalanx Group Inc. as committee members.

10       Debtor is currently in the process of drafting the disclosure statement and proposed plan of reorganization.

### C.    Proof of Claim

On February 3, 2022, The Phalanx Group ("Claimant") filed proof of claim no. 17 ("Claim"). A true and correct copy of the Claim is attached to the Declaration of Christopher J. Langley ("Langley Declaration") as **Exhibit A.** The Claim asserts an unsecured claim in the amount of $158,845.00 for "services performed".

The Claim attaches a signed "Security Consulting Contract" ("Contract") between Claimant and Debtor dated May 1, 2019, and which is signed by Betty Zheng, on behalf of the Debtor on August 1, 2019. Claimant is claiming an effective date of May 1, 2019.

The Phalanx Group, Inc. is identified as a "Security Consultant" who "operates a business of providing security recommendations and management of security related matters." Per the Contract, Claimant was to "provide security and patrol services recommendation" to Debtor. But "all physical security services request by Client will be provided by a third-party security company and managed by" Claimant on Debtor's behalf. (Desc Attachment 1, page 1, Recitals). Those services however were to be directly overseen by the Claimant.

Based on a license search of the State of California Department of Consumer Affairs (https://search.dca.ca.gov/) The Phalanx Group Inc. is not a licensed Private Patrol Operator which

is required for the services that it contracted with the Debtor to provide. See **Exhibit B** to Langley Declaration.

Private security is a highly regulated industry, both by the state of California, though the Business and Professions code, as well as the City of Los Angeles through the Los Angeles Municipal Code.

Sec. 52.34(b) of the Los Angeles Municipal Code states that "*it shall be unlawful to engage in the business of maintaining or operating any private patrol service in the City of Los Angeles without first obtaining a license as required by the State of California and a permit from the City.*"

Paragraph 9 of the Contract requires that Claimant "comply with all applicable federal, state, county, and city statutes, ordinances, and regulations. Claimant however appears to be attempting to sidestep the licensing requirements by entering a contact for "Security Consulting" rather than a contract to provide the actual security services. However, if this Court looks at substance over form, the contracted services would require that the provider be licensed. Section 4(e) of the Contract makes it clear that while the guards will be employees of a third party security company, "but shall at all times be subject to the direct supervision and control of the" Claimant. In essence, even if the guards are employed by a 3rd party, Claimant is acting as their employer. California defines an employer as" any person as defined in Section 18 of the Labor Code, who directly or indirectly, or through an agent or any other person, employs or exercises control over the wages, hours, or working conditions of any person." Industrial Welfare Commission ("IWC") Wage Order No. 4-2001, Cal. Code Regs., tit. 8, § 11040 2(H). That control is what is promised by the Contract.

The Contract does not distinguish between the rate of pay of the guards and the security consultants, see paragraph 5(a), nor does it distinguish between job duties. The Contract anticipates 2 daily site visits and 84 hours of monthly service hours. There is no distinction between whether those services are being provide by 3rd party security guards or by the security consultant.

Based on the above, Claimant has failed to demonstrate that he is a creditor of the Debtor with a right to payment, that he has a right to an "equitable remedy" against Debtor, or that Debtor is liable to Claimant. As such, the objection to the Claim should be sustained.

## 3. Memorandum of Points and Authorities

### a. Claim No. 17 must be disallowed because Claimant is not a creditor of the Debtor.

Under the Bankruptcy Code, to assert a "claim" and be treated as a creditor, a claimant must have a "right to payment" or a right to an "equitable remedy." 11 U.S.C. §101(5)(A)(B). Further, under Section 502(b)(1) of the Bankruptcy Code, a claim may not be allowed if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. 502(b)(1).

Here, Claimant asserts to have an unsecured claim of $158,845.00 arising from a contract with a third party.

Based on the Claim as filed and exhibit attached thereto, because Claimant neither asserts nor provides any evidence that shows that Claimant is owed anything by the Debtor, or that the Debtor is otherwise liable to it, Claimant is not a creditor of the Debtor. *See e.g., In re Jeter,* 2014 Bankr. LEXIS 969, at *38 (Bankr. E.D. Tenn. Mar. 13, 2014 ) (stating party was creditor of debtor where it held contingent right to payment under the agreement at issue); *In re B-Bar Tavern Inc.,* 506 B.R. 879, 914 (Bankr. D. Mont. 2013) (finding, notwithstanding the broad definitions under 11 U.S.C. 101, that party was not creditor of debtor with a right to payment of debt alleged in its proof of claim where no written evidence existed in the record of a note or other promise by debtor to repay for the alleged loans); *In re Player Wire Wheels, Ltd.*, 428 B.R. 767, 769-770 (Bankr. N.D. Ohio 2010) (finding ex-wife of deceased debtor's principal was not a creditor of debtor where debtor did not owe her any money). Claimant fails to provide any documents on its purported against the Debtor, or any other evidence that would support his assertion that he is a creditor of the Debtor, or that he has a right to an equitable remedy against Debtor.

1  Based on the above, Claimant has failed to provide evidence that he is a creditor of Debtor.
2  As such, the Court should sustain this Objection and disallow the Claim in its entirely.

### b.  Claimant has not met his burden of proof.

A proof of claim executed and filed in accordance with Federal Rule of Bankruptcy Procedure 3001 constitutes *prima facie* evidence of the validity and amount of the claim. FRBP 3001(f). The proof of claim is deemed allowed "unless a party in interest" objects. 11 U.S.C. §502(a). "[I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount[.]" 11 U.S.C. §502(b).

It is an objecting party's burden to submit sufficient evidence to overcome the presumption of the validity of the proof of claim executed and filed in accordance with FRBP 3001. *See* LBR 3007-1(c)(1); *In re Lundell*, 223 F.3d 1035, 1039 (9th Cir. 2000). The objecting party is not required to disprove the claim. *In re Kahn*, 114 B.R. 40 (Bankr. S.D.N.Y. 1990). The objecting party only has the initial burden of producing facts sufficient to demonstrate that an actual dispute regarding the validity or amount of the claim exists. *In re Hydorn*, 94 B.R. 608 (Bankr. W.D. Mo. 1988). If the objecting party provides sufficient evidence to negate one or more of the sworn facts in the proof of claim, then the burden reverts back to the claimant to prove the validity by a preponderance of the evidence. *In re Lundell*, 233 F.3d at 1039. The ultimate burden of persuasion remains at all times with the claimant. *Id*.; *In re Holms*, 931 F.2d 620 (9th Cir. 1991).

In the present case, Debtor has raised issues sufficient to demonstrate an actual dispute regarding the validity of the claim. As stated above, the Claim of $158,845.00 have insufficient evidence attached to show that the services were performed or that the Claimant was licensed to perform them.  Based on the Claim as filed, and the supporting document attached thereto, Claimant has failed to meet his burden of proof that he is a creditor of the Debtor, that Debtor owes him any money, or that Debtor is otherwise liable to Claimant. Because Claimant does not have a "right to payment" or an "equitable remedy," he cannot assert a claim under the Bankruptcy Code. Claimant therefore must establish by a preponderance of the evidence that the

Claim should be allowed, and based upon the substance of this Objection, the burden of persuasion squarely rests with him.

Based on the foregoing, the Objection to the Claim should be sustained and the claim disallowed in its entirety as set forth herein.

### c.  The Objection should be sustained absent a response.

Rule 3007-1(b)(6) of this Court's Local Bankruptcy Rules provides that in the event of an objection to claim, "If the claimant does not timely file and serve a response, the court may sustain the objection without a hearing. (A) The objector must file a declaration attesting that no response was timely filed and served upon the objector. The declaration must identify the docket number and filing date of the objection to claim, notice, and proof of service of the notice and objection to claim and be served on the claimant. (B) The objector must also lodge a proposed order prepared and served in accordance with LBR 9021-1 and the Court Manual. (C) The objecting party must serve the entered order on the claimant and counsel, if any."

Absent a response by Claimant, this Objection should be sustained without hearing and the Claim should be disallowed in its entirety.

### 4.  Conclusion

Based on the foregoing, the Objection to the Claim must be sustained, disallowing the claim in its entirety without the right to amend and for such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

Dated:  February 17, 2022

/s/Christopher J. Langley
By: Christopher J. Langley
Shioda, Langley & Chang LLP
Attorneys for Debtor and Debtor in Possession

I, Christopher J. Langley, am the attorney duly authorized and admitted to practice law in this jurisdiction. I represent the Debtor and Debtor-in-possession Jinzhang Group (USA) LLC. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I make this declaration in support of OBJECTION TO PROOF OF CLAIM NO. 17 OF THE PHALANX GROUP; which this declaration is attached to.

1. A true and correct copy of Official Claim #17 filed by The Phalanx Group is attached as **Exhibit A.** It was served on me through the Court's electronic noticing system and is a true and correct copy of the claim on file with the Court

2. In reviewing this Claim, I conducted on a license search of the State of California Department of Consumer Affairs (https://search.dca.ca.gov/) The Phalanx Group Inc. does not appear to be a licensed Private Patrol Operator which I believe is required for the services that it contracted with the Debtor to provide. When I search the site for "Phalanx Group" or any combination of the two words nothing came up. Attached as **Exhibit B** is a list of all the entries for a search with just "Phalanx".

3. On August 24, 2021 ("Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California.

4. On December 9, 2021, Debtor filed a Notice of Bar Date for Filing Proofs of Claim. The deadline for filing claims in this case was February 4, 2022. To date, the 21 proofs of claims have been filed against the Debtor's bankruptcy estate:

| Claim | Creditor | Secured | Priority | Unsecured | Total |
|---|---|---|---|---|---|
| 1 | LA County Tax Collector | $163,520.10 | -- | -- | $163,520.10 |
| 2 | Royalty Equity Lending LLC | $9,353,009.29 | -- | -- | $9,353,009.29 |
| 3 | IRS | -- | $28,700.70 | -- | $28,700.70 |
| 4 | Michael and Shari Dorff | $50,000.00 | -- | -- | $50,000.00 |
| 5 | Investment Management Company | $350,000.00 | -- | -- | $350,000.00 |
| 6 | Testa Capital Group | -- | $13,650.00 | $672,900.00 | $686,550.00 |
| 7 | Home Loans Unlimited Inc. | -- | $13,650.00 | $672,900.00 | $686,550.00 |
| 8 | Corona Capital Group, LLC | $540,000.00 | -- | -- | $540,000.00 |
| 9 | Michael Carlin | -- | $15,650.00 | -- | $15,650.00 |
| 10 | Michael Carlin | -- | $15,650.00 | -- | $15,650.00 |
| 11 | UltraSystems Environmental | -- | -- | $37,106.50 | $37,106.50 |

| # | Creditor | | | | |
|---|---|---|---|---|---|
| 12 | Land Design Consultants, Inc. | -- | -- | $48,145.00 | $48,145.00 |
| 13 | Craig Fry & Associates, LLC | -- | -- | $240,700.47 | $240,700.47 |
| 14 | Breezeblock Capital LLC | $124,653.99 | -- | -- | $124,653.99 |
| 15 | Betty Zheng | -- | -- | $95,000.00 | $95,000.00 |
| 16 | Shawn Charles Sourgose | -- | 13,650.00 | $672,900.00 | $686,550.00 |
| 17 | The Phalanx Group | -- | -- | $158,845.00 | $158,845.00 |
| 18 | Betula Lenta Inc. | -- | -- | $1,643,977.00 | $1,643,977.00 |
| 19 | Donna Bullock | $45,000 | -- | $97,803.00 | $142,803.00 |
| 20 | Pennington Construction Advisors | -- | -- | $75,000.00 | $75,000.00 |
| 21 | DNQ LLC | $420,000.00 | -- | -- | $420,000.00 |
| | | $11,046,183.38 | $110,950.70 | $4,415,276.97 | $15,562,411.05 |

5. There four distinct types of claims in the case; 1) Secured claims on the Debtor's real estate assets (#1,#2,#4,#5,#8,#14,#21). 2) Alleged administrative claims by pre-petition bankruptcy counsel, and an appointed restructuring officer (#9, #10, #19). 3) Claims for services provided to third parties on which the Debtor should not be liable (#11, #12, #13, #20). 4) Claims for services provide to Debtor directly (#7,#8,#15,#16,#17,#18).

6. On January 18, 2022, the Court approved the employment of Debtor's Counsel with the effective date of November 21, 2021.

7. On January 18, 2022, the Court extended the exclusivity period for Debtor to file a plan to April 21, 2020, as well as extending the exclusivity deadline to solicit acceptances of its Plan to May 20, 2022.

8. On January 25, 2022, The United States Trustee filed a notice of appointment of Creditors' Committee naming Betula Lenta, Inc, Pennington Construction Advisors, Inc and The Phalanx Group Inc. as committee members.

9. Debtor is currently in the process of drafting the disclosure statement and proposed plan of reorganization.

10. While representing the Debtor, I have reviewed all the claims filed in this case and wells as multiple document production requests. I have reviewed the multiple contracts with Betula, which are attached to its official proof of claim. I am unable to confirm if the Debtor has already paid Betula for the services of Claimant, since Betula has not provided with sufficient evidence to make that determination. In reply to my multiple requests for an accounting from Betula, all I have been sent to date is an email from David Park, one of the principals of Betula,

through his counsel with a breakdown as follows:

**2929 Amethyst**

| | |
|---|---:|
| Original Contract Amount | 11,754,928 |
| Change Order Amount | 1,500,000 |
| Total Amount | 13,254,928 |
| | |
| Amount Received from Jinzheng group (As of 2/3/2022) | 6,971,726 |
| % work done | 65% |
| The Calculated amount by work done | 8,615,703.20 |
| Outstanding amount | 1,643,977 |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Dated: February 17, 2022                    By: /s/Christopher J. Langley
                                                Christopher Langley

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **4158 14th Street, Riverside, CA 92501**

A true and correct copy of the foregoing document entitled (*specify*): **OBJECTION TO PROOF OF CLAIM NO. 17 OF THE PHALANX GROUP; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF CHRISTOPHER J. LANGLEY IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>**:** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) <u>February 17, 2022</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Donna C Bullock**     donnabullockcarrera@yahoo.com, donna.bullock@ymail.com
**Michael F Chekian**     mike@cheklaw.com, chekianmr84018@notify.bestcase.com
**Susan Titus Collins**     scollins@counsel.lacounty.gov
**Jeffrey W Dulberg**     jdulberg@pszjlaw.com
**Richard Girgado**     rgirgado@counsel.lacounty.gov
**M. Jonathan Hayes**     jhayes@rhmfirm.com, roksana@rhmfirm.com;matt@rhmfirm.com;rosario@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com;boshra@rhmfirm.com;rosario@rhmfirm.com
**Christopher J Langley**     chris@slclawoffice.com, omar@slclawoffice.com;langleycr75251@notify.bestcase.com
**Benjamin R Levinson**     ben@benlevinsonlaw.com, courtney@benlevinsonlaw.com
**Eric A Mitnick**     MitnickLaw@aol.com, mitnicklaw@gmail.com
**Giovanni Orantes**     go@gobklaw.com, gorantes@orantes-law.com,cmh@gobklaw.com,gobklaw@gmail.com,go@ecf.inforuptcy.com;orantesgr89122@notify.bestcase.com
**Matthew D. Resnik**     matt@rhmfirm.com, roksana@rhmfirm.com;rosario@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com
**Allan D Sarver**     ADS@asarverlaw.com
**David Samuel Shevitz**     david@shevitzlawfirm.com, shevitzlawfirm@ecf.courtdrive.com;r48785@notify.bestcase.com;Jose@shevitzlawfirm.com
**United States Trustee (LA)**     ustpregion16.la.ecf@usdoj.gov
**Hatty K Yip**     hatty.yip@usdoj.gov, hatty.k.yip@usdoj.gov

☐ Service information continued on attached page

2. <u>**SERVED BY UNITED STATES MAIL**</u>:
On (*date*) <u>February 17, 2022</u>, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows: Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Honorable Ernest M. Robles
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1560 / Courtroom 1568
Los Angeles, CA 90012

The Phalanx Group
424 E. 15th Ste Ste 10
Los Angeles, CA 90015
(Address per proof of claim)

☐ Service information continued on attached page

**3.   SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: (state the method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) February 17, 2022, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows:  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 17, 2022 | John Martinez | /s/John Martinez |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |