Gene H. Shioda – SBN 186780
ghs@slclawoffice.com
Christopher J. Langley – SBN 258851
chris@slclawoffce.com
Steven P. Chang – SBN 221783
schang@slclawoffice.com
**SHIODA, LANGLEY & CHANG LLP**
1063 E. Las Tunas Dr.
San Gabriel, CA 91776
Tel: (626)281-1232
Fax: (626)281-2919

Counsel for Jinzheng Group (USA) LLC
Debtor and Debtor-in-Possession

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:21-bk-16674-ER |
| JINZHENG GROUP (USA) LLC | Chapter 11 |
| Debtor and Debtor in Possession. | **OBJECTION TO PROOFS OF CLAIM NO. 9 & 10 OF MICHAEL CARLIN; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF CHRISTOPHER J. LANGLEY IN SUPPORT THEREOF** |
| | **HEARING DATE:** |
| | Date:       March 22, 2022<br>Time:       10:00am<br>Location:  Ctrm 1568<br>                  255 E. Temple St.<br>                  Los Angeles, CA 90012 |

### TO THE HONORABLE ERNEST M. ROBLES, U.S. BANKRUPTCY JUDGE, OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:

JINZHENG GROUP (USA) LLC ("Debtor"), the chapter 11 debtor and debtor-in-possession respectfully submits the motion ("Motion") objection to Claims 9 & 10 of Michael Carlin.

1

The Motion is based on this Notice, the Motion and its accompanying Memorandum of Points and Authorities, the Declaration of Christopher J. Langley, the pleadings and files in the Debtor's bankruptcy cases, and upon such further oral and documentary evidence as may be presented to the Court. The Motion will be heard on March 22, 2022, at 10:00 a.m., in the United States Bankruptcy Court for the Central District of California, Los Angeles Division, located at 255 E. Temple St. Los Angeles, CA 90012 in Courtroom 1568.

**NOTICE TO CLAIMANT IS HEREBY GIVEN**: the Debtor has filed an objection to your Proof of Claim ("Claim") identified as follows:

| Claim No. | Date Filed | Claimant | Alleged Claim Amount | Disputed Amount | Claim To Be Allowed |
|---|---|---|---|---|---|
| 9 | 1/12/2022 | Michael Carlin | $15,650.00 | $15,650.00 | $0.00 |
| 10 | 1/20/2022 | | | | |

The Motion seeks to alter your rights by reducing your Proof of Claim based on the grounds set forth in the Motion detailed below.

PLEASE TAKE FURTHER NOTICE that any response to the objections must be in the form as required by Rule 9013-1(f) of the Local Bankruptcy Rules ("LBR") and filed with the Clerk of the above-entitled Court no later than fourteen (14) days prior to the hearing date set forth above, and a copy served on Christopher J. Langley at the address indicated above. A copy of any response must also be served on the Office of the United States Trustee, 915 Wilshire Blvd. Ste 1850, Los Angeles, CA 90017. Failure to timely respond may be deemed as acceptance of the proposed objections and the Court may grant the relief requested in the Objection Motion without further notice or hearing. *See* LBR 3007-1(b) and 9013-1(h).

Dated:  February 18, 2022                    SHIODA, LANGLEY & CHANG LLP

/s/Christopher J. Langley
By: Christopher J. Langley
Attorneys for Debtor and Debtor in Possession

## 1.    Summary of Argument

The basis for objection to the Claim is simple and dispositive. Claimant's priority claim against the estate should be disallowed since his employment was never approved by this Court. Due to the nature of his claim, he is required to file an application under 11 USC §330 for approval of compensation, which he has not done. Claims 9 & 10 are duplicates, so the same argument applies to both.

Therefore, and for the reasons stated below, this Court must sustain this Objection and disallow the claims in their entirety.

## 2.    Statement of Facts

### A.    Factual Background

Debtor is a single member LLC that is wholly owned by Mr. Jiaqing Yang. Between August 2016 and July 2017, the Debtor acquired approximately 32 contiguous acres in Los Angeles that it intended to develop (the "Los Angeles Properties"). The Debtor contracted with Betula Lenta, Inc. ("Betula"), a real estate consultancy company, in December 2017 to assist it with the development of the Los Angeles Properties.  In order to fund the development of the Los Angeles Properties, Debtor borrowed $7,000,000 in September of 2018 which was cross-collateralized by a first priority deed of trust held by Royal Equity Lending. When Debtor was unable to refinance the loan, Royal Equity Lending initiated foreclosure on its note, which necessitated this bankruptcy filing.

### B.    Debtor's Chapter 11 Bankruptcy

On August 24, 2021 ("Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California.

On December 9, 2021, Debtor filed a Notice of Bar Date for Filing Proofs of Claim. The deadline for filing claims in this case was February 4, 2022. To date, the 21 proofs of claims have been filed against the Debtor's bankruptcy estate:

| Claim | Creditor | Secured | Priority | Unsecured | Total |
|---|---|---|---|---|---|
| 1 | LA County Tax Collector | $163,520.10 | -- | -- | $163,520.10 |
| 2 | Royalty Equity Lending LLC | $9,353,009.29 | -- | -- | $9,353,009.29 |
| 3 | IRS | -- | $28,700.70 | -- | $28,700.70 |

| | | | | | |
|---|---|---|---|---|---|
| 4 | Michael and Shari Dorff | $50,000.00 | -- | -- | $50,000.00 |
| 5 | Investment Management Company | $350,000.00 | -- | -- | $350,000.00 |
| 6 | Testa Capital Group | -- | $13,650.00 | $672,900.00 | $686,550.00 |
| 7 | Home Loans Unlimited Inc. | -- | $13,650.00 | $672,900.00 | $686,550.00 |
| 8 | Corona Capital Group, LLC | $540,000.00 | -- | -- | $540,000.00 |
| 9 | Michael Carlin | -- | $15,650.00 | -- | $15,650.00 |
| 10 | Michael Carlin | -- | $15,650.00 | -- | $15,650.00 |
| 11 | UltraSystems Environmental | -- | -- | $37,106.50 | $37,106.50 |
| 12 | Land Design Consultants, Inc. | -- | -- | $48,145.00 | $48,145.00 |
| 13 | Craig Fry & Associates, LLC | -- | -- | $240,700.47 | $240,700.47 |
| 14 | Breezeblock Capital LLC | $124,653.99 | -- | -- | $124,653.99 |
| 15 | Betty Zheng | -- | -- | $95,000.00 | $95,000.00 |
| 16 | Shawn Charles Sourgose | -- | 13,650.00 | $672,900.00 | $686,550.00 |
| 17 | The Phalanx Group | -- | -- | $158,845.00 | $158,845.00 |
| 18 | Betula Lenta Inc. | -- | -- | $1,643,977.00 | $1,643,977.00 |
| 19 | Donna Bullock | $45,000 | -- | $97,803.00 | $142,803.00 |
| 20 | Pennington Construction Advisors | -- | -- | $75,000.00 | $75,000.00 |
| 21 | DNQ LLC | $420,000.00 | -- | -- | $420,000.00 |
| | | $11,046,183.38 | $110,950.70 | $4,415,276.97 | $15,562,411.05 |

On January 18, 2022, the Court approved the employment of Debtor's Counsel with the effective date of November 21, 2021.

On January 18, 2022, the Court extended the exclusivity period for Debtor to file a plan to April 21, 2020, as well as extending the exclusivity deadline to solicit acceptances of its Plan to May 20, 2022.

On January 25, 2022, The United States Trustee filed a notice of appointment of Creditors' Committee naming Betula Lenta Inc, Pennington Construction Advisors, Inc and The Phalanx Group Inc. as committee members.

Debtor is currently in the process of drafting the disclosure statement and proposed plan of reorganization.

## C.    Proof of Claim

On January 12, 2022 (Claim #9), and then on January 20, 2022 (Claim #10) Michael Carlin ("Claimant") filed claims in this case ("Claims"). Both Claims assert that $15,600 is due to Claimant as a priority claim based on "services performed- Post Petiton." All references in this Objection will refer to Claim #10, since it appears that it was the intent that Claim #10 would

1   amend Claim #9. A true and correct copy of the Claims are attached to the Declaration of

2   Christopher J. Langley ("Langley Declaration") as **Exhibit A.**

3        As evidence of his Claim, Claimant's attaches 2 invoices (#1510156, and #1510157) for a

4   combined 313 hours billed at $50 per hour. There is no itemization of his time other than claiming

5   that the first 173 hours were for "Preparation of Documents and CRR Duties $50 per hour Sept,

6   Oct, Nov." and then "Research/Response to Steven Chang emails $50 per hour" for 140 hours.

7   Claimant also attaches a document entitled "Unanimous Written Consent of the Member of

8   Jinzheng Group (USA) LLC" resolving that Michael Douglas Carlin be appointed "Chief

9   Restructuring Officer."

10       Based on the above, Claimant has failed to demonstrate that he is a creditor of the Debtor

11  with a right to payment, that he has a right to an "equitable remedy" against Debtor, or that Debtor

12  is liable to Claimant. As such, the objection to the Claim should be sustained.

13

14  **3.      Memorandum of Points and Authorities**

15      **a.      Claim No. 9 & 10 must be disallowed because Claimant is not a**

16              **creditor of the Debtor since he was never employed by the Estate.**

17       Under the Bankruptcy Code, to assert a "claim" and be treated as a creditor, a claimant

18  must have a "right to payment" or a right to an "equitable remedy." 11 U.S.C. §101(5)(A)(B).

19  Further, under Section 502(b)(1) of the Bankruptcy Code, a claim may not be allowed if "such

20  claim is unenforceable against the debtor and property of the debtor, under any agreement or

21  applicable law." 11 U.S.C. 502(b)(1).

22       Here, Claimant asserts to have priority claim of $15,600 arising from his services to the

23  Debtor post-petition in his capacity as an officer of the Debtor. Claimant however has never

24  sought approval of his employment from the Court, as such he is unable to be paid from the estate.

25       Section 327 requires the court to authorize the employment of professional persons to

26  assist the Debtor-in-Possession to carry out his duties, as it does for an attorney representing the

27  estate. "Court approval of the employment of counsel for a debtor in possession is sine qua non to

28  counsel getting paid. Failure to receive court approval for the employment of a professional in

accordance with § 327 and Rule 2014 precludes the payment of fees." In re Shirley, 134 B.R. 940, 943-44 (B.A.P. 9th Cir. 1992)

Compensation cannot usually be granted for professional services unless the court has authorized the employment of the professional who rendered the services. See In re Mehdipour, 202 B.R. 474, 479 (B.A.P. 9th Cir. 1996).

Local Bankruptcy Rule 2014-1(b)(1)(E) states that "A timely application for employment is a prerequisite to compensation from the estate. Therefore, an application for the employment of counsel for a debtor in possession should be filed as promptly as possible after the commencement of the case, and an application for employment of any other professional person should be filed as promptly as possible after such person has been engaged."

 This is not a deficiency that can be cured. The ability to be employed by the estate nunc pro tunc under 11 USC §327 would be especially difficult after the Supreme Court case Roman Catholic Archdiocese of San Juan v. Feliciano, 140 S. Ct. 696, decided February 24, 2020.

Claimant is unable to assert an administrative claim under 11 USC §503(b)(1)(A), since section 503 cannot be used to allow professionals to side-step or otherwise avoid the requirements of §§ 327 and 330. See Mehdipour, 202 B.R. at 479; 11 U.S.C. §§ 327 & 330.

Based on the Claims as filed and exhibit attached thereto, because Claimant neither asserts nor provides any evidence that shows that Claimant is owed anything by the Debtor, or that the Debtor is otherwise liable to it, Claimant is not a creditor of the Debtor. *See e.g., In re Jeter,* 2014 Bankr. LEXIS 969, at *38 (Bankr. E.D. Tenn. Mar. 13, 2014 ) (stating party was creditor of debtor where it held contingent right to payment under the agreement at issue);  *In re B-Bar Tavern Inc.,* 506 B.R. 879, 914 (Bankr. D. Mont. 2013) (finding, notwithstanding the broad definitions under 11 U.S.C. 101, that party was not creditor of debtor with a right to payment of debt alleged in its proof of claim where no written evidence existed in the record of a note or other promise by debtor to repay for the alleged loans); *In re Player Wire Wheels, Ltd*., 428 B.R. 767, 769-770 (Bankr. N.D. Ohio 2010) (finding ex-wife of deceased debtor's principal was not a creditor of debtor where debtor did not owe her any money). Claimant fails to provide any documents on its

1  purported against the Debtor, or any other evidence that would support his assertion that he is a

2  creditor of the Debtor, or that he has a right to an equitable remedy against Debtor.

3      Based on the above, Claimant has failed to provide evidence that he is a creditor of Debtor.

4  As such, the Court should sustain this Objection and disallow the Claim in its entirely.

5  ### b.    Claimant has not met his burden of proof.

6      A proof of claim executed and filed in accordance with Federal Rule of Bankruptcy

7  Procedure 3001 constitutes *prima facie* evidence of the validity and amount of the claim. FRBP

8  3001(f). The proof of claim is deemed allowed "unless a party in interest" objects. 11 U.S.C.

9  §502(a). "[I]f such objection to a claim is made, the court, after notice and a hearing, shall

10  determine the amount of such claim in lawful currency of the United States as of the date of the

11  filing of the petition, and shall allow such claim in such amount[.]" 11 U.S.C. §502(b).

12      It is an objecting party's burden to submit sufficient evidence to overcome the

13  presumption of the validity of the proof of claim executed and filed in accordance with FRBP

14  3001. *See* LBR 3007-1(c)(1); *In re Lundell*, 223 F.3d 1035, 1039 (9th Cir. 2000). The objecting

15  party is not required to disprove the claim. *In re Kahn*, 114 B.R. 40 (Bankr. S.D.N.Y. 1990). The

16  objecting party only has the initial burden of producing facts sufficient to demonstrate that an

17  actual dispute regarding the validity or amount of the claim exists.  *In re Hydorn*, 94 B.R. 608

18  (Bankr. W.D. Mo. 1988). If the objecting party provides sufficient evidence to negate one or

19  more of the sworn facts in the proof of claim, then the burden reverts back to the claimant to

20  prove the validity by a preponderance of the evidence. *In re Lundell*, 233 F.3d at 1039. The

21  ultimate burden of persuasion remains at all times with the claimant. *Id*.; *In re Holms*, 931 F.2d

22  620 (9th Cir. 1991).

23      In the present case, Debtor has raised issues sufficient to demonstrate an actual dispute

24  regarding the validity of the claim. As stated above, the priority Claims for $15,650 are for

25  services that have never been authorized by the Court. Based on the Claim as filed, and the

26  supporting document attached thereto, Claimant has failed to meet his burden of proof that he is a

27  creditor of the Debtor, that Debtor owes him any money, or that Debtor is otherwise liable to

28  Claimant. Because Claimant does not have a "right to payment" or an "equitable remedy," he

1   cannot assert a claim under the Bankruptcy Code. Claimant therefore must establish by a

2   preponderance of the evidence that the Claim should be allowed, and based upon the substance of

3   this Objection, the burden of persuasion squarely rests with him.

4       Based on the foregoing, the Objection to the Claim should be sustained and the claim

5   disallowed in its entirety as set forth herein.

6       **c.    The Objection should be sustained absent a response.**

7       Rule 3007-1(b)(6) of this Court's Local Bankruptcy Rules provides that in the event of an

8   objection to claim, "If the claimant does not timely file and serve a response, the court may

9   sustain the objection without a hearing. (A) The objector must file a declaration attesting that no

10  response was timely filed and served upon the objector. The declaration must identify the docket

11  number and filing date of the objection to claim, notice, and proof of service of the notice and

12  objection to claim and be served on the claimant. (B) The objector must also lodge a proposed

13  order prepared and served in accordance with LBR 9021-1 and the Court Manual. (C) The

14  objecting party must serve the entered order on the claimant and counsel, if any."

15      Absent a response by Claimant, this Objection should be sustained without hearing and

16  the Claim should be disallowed in its entirety.

17  **4.    Conclusion**

18      Based on the foregoing, the Objection to the Claim must be sustained, disallowing the

19  claim in its entirety without the right to amend and for such other and further relief as the Court

20  may deem just and proper.

21

22                          Respectfully Submitted,

23  Dated:  February 18, 2022

24                          /s/Christopher J. Langley_____

25                          By: Christopher J. Langley
                            Shioda, Langley & Chang LLP
26                          Attorneys for Debtor and Debtor in Possession

27

28

DEBTOR-IN-POESSION'S OBJECTION TO CLAIM 9 & 10

# DECLARATION OF CHRISTOPHER J. LANGLEY

I, Christopher J. Langley, am the attorney duly authorized and admitted to practice law in this jurisdiction. I represent the Debtor and Debtor-in-possession Jinzhang Group (USA) LLC. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I make this declaration in support of OBJECTION TO PROOFS OF CLAIM NO. 9 & 10 OF MICHAEL CARLIN; MEMORANDUM OF POINTS AND AUTHORITIES; which this declaration is attached to.

1.      A true and correct copy of Official Claim #10 and #9 filed by Michael Carlin are attached as **Exhibit A.** They were served on me through the Court's electronic noticing system and are true and correct copies of the claims on file with the Court

2.      Based on my review of the docket in this case, Claimant has never filed an application to be employed by the Estate, nor has this Court approved any such employment request.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Dated: February 17, 2022                          By: /s/Christopher J. Langley
                                                              Christopher Langley

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: **4158 14ᵗʰ Street, Riverside, CA 92501**

A true and correct copy of the foregoing document entitled (*specify*): **OBJECTION TO PROOFS OF CLAIM NO. 9 & 10 OF MICHAEL CARLIN; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF CHRISTOPHER J. LANGLEY IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) February 18, 2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Donna C Bullock**    donnabullockcarrera@yahoo.com, donna.bullock@ymail.com
**Michael F Chekian**    mike@cheklaw.com, chekianmr84018@notify.bestcase.com
**Susan Titus Collins**    scollins@counsel.lacounty.gov
**Jeffrey W Dulberg**    jdulberg@pszjlaw.com
**Richard Girgado**    rgirgado@counsel.lacounty.gov
**M. Jonathan Hayes**    jhayes@rhmfirm.com,
roksana@rhmfirm.com;matt@rhmfirm.com;rosario@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com;boshra@rhmfirm.com;rosario@rhmfirm.com
**Christopher J Langley**    chris@slclawoffice.com,
omar@slclawoffice.com;langleycr75251@notify.bestcase.com
**Benjamin R Levinson**    ben@benlevinsonlaw.com, courtney@benlevinsonlaw.com
**Eric A Mitnick**    MitnickLaw@aol.com, mitnicklaw@gmail.com
**Giovanni Orantes**    go@gobklaw.com, gorantes@orantes-law.com,cmh@gobklaw.com,gobklaw@gmail.com,go@ecf.inforuptcy.com;orantesgr89122@notify.bestcase.com
**Matthew D. Resnik**    matt@rhmfirm.com,
roksana@rhmfirm.com;rosario@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com
**Allan D Sarver**    ADS@asarverlaw.com
**David Samuel Shevitz**    david@shevitzlawfirm.com,
shevitzlawfirm@ecf.courtdrive.com;r48785@notify.bestcase.com;Jose@shevitzlawfirm.com
**United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
**Hatty K Yip**    hatty.yip@usdoj.gov, hatty.k.yip@usdoj.gov
☐                              Service information continued on attached page
**2.   SERVED BY UNITED STATES MAIL**:
On (*date*) February 18, 2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows: Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Honorable Ernest M. Robles
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1560 / Courtroom 1568
Los Angeles, CA 90012

Michael Carlin
PO Box 67132
Century City, CA 90067
(Address per proof of claim)

☐      Service information continued on attached page

**3.   SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: (state the method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) February 18, 2022, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows:  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐      Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 18, 2022 | John Martinez | /s/John Martinez |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

DEBTOR-IN-POESSION'S OBJECTION TO CLAIM 9 & 10

EXHIBIT A

| Fill in this information to identify the case: |
|---|
| Debtor 1    Jinzheng Group (USA) LLC |
| Debtor 2 (Spouse, if filing) |
| United States Bankruptcy Court for the:   Central District of California |
| Case number   2:21-bk-16674 ER |



**FILED**

**JAN 20 2022**

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                          Deputy Clerk

## Official Form 410

# Proof of Claim

04/19

**Read the instructions before filling out this form.** This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

| Part 1: | Identify the Claim |
|---|---|

| 1. Who is the current creditor? | Michael Carlin |
|---|---|
| | Name of the current creditor (the person or entity to be paid for this claim) |
| | Other names the creditor used with the debtor _____ |

| 2. Has this claim been acquired from someone else? | ☑ No |
|---|---|
| | ☐ Yes.  From whom? _____ |

| 3. Where should notices and payments to the creditor be sent? | Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|---|
| Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | Michael Carlin | |
| | Name | Name |
| | PO Box 67132 | |
| | Number        Street | Number        Street |
| | Century City         CA         90067 | |
| | City        State        ZIP Code | City        State        ZIP Code |
| | Contact phone  310.463.4527 | Contact phone |
| | Contact email  michaeldouglascarlin@gmail.com | Contact email |
| | Uniform claim identifier for electronic payments in chapter 13 (if you use one): | |
| | __ __ __ __ — __ __ __ __ — __ __ __ __ — __ __ __ __ | |

| 4. Does this claim amend one already filed? | ☑ No | |
|---|---|---|
| | ☐ Yes.  Claim number on court claims registry (if known) _____ | Filed on _____ MM / DD / YYYY |

| 5. Do you know if anyone else has filed a proof of claim for this claim? | ☑ No |
|---|---|
| | ☐ Yes.  Who made the earlier filing? _____ |

**Part 2:** **Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___ |

| | |
|---|---|
| 7. **How much is the claim?** | $_____ . Does this amount include interest or other charges?<br>☑ No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |

| | |
|---|---|
| 8. **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>Services Performed - Post Petition _____ |

| | |
|---|---|
| 9. **Is all or part of the claim secured?** | ☑ No<br>☐ Yes. The claim is secured by a lien on property.<br><br>**Nature of property:**<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:** $_____<br>**Amount of the claim that is secured:** $_____<br>**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:** $_____<br><br>**Annual Interest Rate** (when case was filed) _____%<br>☐ Fixed<br>☐ Variable |

| | |
|---|---|
| 10. **Is this claim based on a lease?** | ☑ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____ |

| | |
|---|---|
| 11. **Is this claim subject to a right of setoff?** | ☑ No<br>☐ Yes. Identify the property: _____ |

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ No

☑ Yes. *Check one:*                                                                    Amount entitled to priority

☐ Domestic support obligations (including alimony and child support) under
   11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).                                               $_____

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for
   personal, family, or household use. 11 U.S.C. § 507(a)(7).                          $_____

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the
   bankruptcy petition is filed or the debtor's business ends, whichever is earlier.
   11 U.S.C. § 507(a)(4).                                                               $_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).               $_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).                   $_____

☑ Other. Specify subsection of 11 U.S.C. § 507(a)(_2_) that applies.                  $_____15,650.00

\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3:   Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   01/18/2022
                   MM / DD / YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name    Michael Douglas Carlin
        First name          Middle name              Last name

Title   CRO

Company _____
        Identify the corporate servicer as the company if the authorized agent is a servicer.

Address PO Box 67132
        Number        Street
        Century City,                    CA        90067
        City                             State     ZIP Code

Contact phone   3104634527          Email  michaeldouglascarlin@gmail.com

---

# INVOICE

Jinzheng Group (USA)
LLC 800 W. 6th Street,
Ste 1250
Los Angeles, CA 90017
Donna.Bullock@ymail.
com

Michael Carlin
P.O. Box 67132 Century City, CA 90067

November 24, 2021
Invoice # 1510156
November 24, 2021

| Product | Quantity HRS | Hourly Price | Total |
|---|---|---|---|
| Preparation of Documents and CRO Duties $50 per hour Sept, Oct, Nov | 173.00 | $50 | $8,650.00 |
| | Subtotal | $8650.00 | |
| | Total | **$8650.00** | |

Exhibit A



Michael Carlin                                                    P.O.
Box 67132 Century City, CA 90067

# INVOICE

Jinzheng Group (USA)
LLC 800 W. 6th
Street, Ste 1250
Los Angeles, CA
90017
Donna.Bullock@ymail
.com

December 8, 2021
Invoice # 1510157
December 8, 2021

| Product | Quantity HRS | Hourly Price | Total |
|---|---|---|---|
| Research/Response to Steven Chang emails $50 per hour | 140 hours | $50 | $7,000.00 |
| | Subtotal | $7000.00 | |
| | Total | $7000.00 | |

Exhibit B

## UNANIMOUS WRITTEN CONSENT OF THE MEMBERS OF

## JINZHENG GROUP (USA) LLC

The undersigned, JIANQING YANG, BETTY ZHENG and BETULA LENTA, a California corporation, being all of the Members of Jinzheng Group (USA) LLC, (the "Company") by this writing approve of the following resolutions.

## BANKRUPTCY FILING

WHEREAS, it has been determined to be in the best interests of the Company to file a voluntary petition in the United States Bankruptcy Court pursuant to Chapter 11 of Title 11 of the United States Code.

NOW, THEREFORE, BE IT RESOLVED, that the Members of the Company have approved by separate resolution the filing of the Company of a voluntary petition in the United States Bankruptcy Court pursuant to Chapter 11 of Title 11 of the United States Code and the appointment of the Law Offices of Donna Bullock as general bankruptcy counsel;

IT IS FURTHER RESOLVED that Michael Douglas Carlin is hereby appointed as the Chief Restructuring Officer (the "CRO") of the Company; and that the CRO be, and hereby is, authorized to execute and file monthly operating reports, obtain and review all company books and records and authorized to communicate with lenders and service providers on behalf of the Company; to sign other pleadings and papers in the bankruptcy for the Company, and to take any and all actions which he may deem necessary and proper in connection with such bankruptcy proceedings under said chapter 11 and in that regard to employ assistance of legal counsel, other professionals, or such individuals as he may deem necessary and proper with a view to the successful conclusion of such bankruptcy proceedings.

IT IS FURTHER RESOLVED that the CRO be, and hereby is, authorized to make decisions relating to the Company upon consent by a majority of the managing members, after the execution of this Resolution excepting that the CRO may not make a decision to sell the real estate assets of the Company without unanimous approval of all members of the Company.

This consent is executed pursuant to Section 17704.07(c)(4)(B) of the Corporations Code.

Exhibit C

09865.0520/14303170.7

Dated: August 24 , 2021

By: *JIANQING YANG by ~~Jho~~ as his Attorney
Jianqing Yang, Member       in fact.

Dated: August 24 , 2021

By:
Betty Zheng, Member-Manager

Dated: August 24 , 2021

BETULA LENTA,
a California corporation

By:
Jonathan Pae, Chief Executive Officer

B10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT | Central District of California | ▾ | PROOF OF CLAIM |
|---|---|---|---|

| Name of Debtor: Jinzheng Group (USA) LLC | Case Number: 2:21-bk-16674-ER |
|---|---|

FILED

JAN 12 2022

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Michael Carlin

Name and address where notices should be sent:

PO Box 67132
Century City, CA 90067

Telephone number:                    email: michaeldouglascarlin@gmail.com

Name and address where payment should be sent (if different from above):

Telephone number:                    email:

COURT USE ONLY

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number:_____
   (*If known*)

Filed on:_____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:**   $_____0.00

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** Post Petition Administrative Work Performed for Debtor
   (See instruction #2)

| 3. Last four digits of any number by which creditor identifies debtor: | 3a. Debtor may have scheduled account as: (See instruction #3a) | 3b. Uniform Claim Identifier (optional): _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ (See instruction #3b) |
|---|---|---|

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ☐Real Estate  ☐Motor Vehicle  ☐Other
**Describe:**

**Value of Property:** $_____

**Annual Interest Rate_____%** ☐Fixed  or  ☐Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:
$_____

**Basis for perfection:** _____

**Amount of Secured Claim:** $_____

**Amount Unsecured:** $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

☑ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

Amount entitled to priority:
$_____15,650.00

*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

B10 (Official Form 10) (04/13)                                                                                                      2

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS.  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

---

**8. Signature:** (See instruction #8)

Check the appropriate box.

☑ I am the creditor.    ☐ I am the creditor's authorized agent.    ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)    ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:  Michael Carlin
Title:
Company:
Address and telephone number (if different from notice address above):
PO Box 67132
Century City, CA 90067

Telephone number:                    email:MichaelDouglasCArlin@gmail.com

(Signature)                                   (Date) 1/12/2022

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571.

---

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law.  In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case.  A separate space is provided for the payment address if it differs from the notice address.  The creditor has a continuing obligation to keep the court informed of its current address.  See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing.  Follow the instructions concerning whether to complete items 4 and 5.  Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred.  Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.  If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.  You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured.  Skip this section if the

claim is entirely unsecured.  (See Definitions.)  If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority.  (See Definitions.)  A claim may be partly priority and partly non-priority.  For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves.  FRBP 3001(c) and (d).  If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it.  FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature.  If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief.  Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration.  Print the name and title, if any, of the creditor or other person authorized to file this claim.  State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.



Michael Carlin
P.O. Box 67132 Century City, CA 90067

**INVOICE**

J nthony Gre p (USA)
126 638 W. 6th Street,
Ste 1240
Los Angeles, CA 90017
Domus Bullock's mud
com

November 24, 2021
Invoice # 1810 56
November 24, 2021

| Product | Quantity (HRS) | Hourly Price | Total |
|---|---|---|---|
| Preparation of Documents and CRO Duties $50 per hour Sept, Oct, Nov | 173.00 | $50 | $8,650.00 |
| | Subtotal | $8650.00 | |
| | Total | $8650.00 | |



**INVOICE**

Language Signup (USA)
3100 W. 6th
Street, Ste 1250
Los Angeles, CA
90017
Sonia.bullock@ymail
.com

Michael Carlin                                    P.O.
Box 67132 Century City, CA 90067

December 8, 2021
Invoice # 1510167
December 8, 2021

| Product | Quantity (hrs) | Hourly Price | Total |
|---|---|---|---|
| Research-Response to Steven Chang emails $50 per hour | 140 hours | $50 | $7,000.00 |
| | Subtotal | $7000.00 | |
| | Total | $7000.00 | |

## UNANIMOUS WRITTEN CONSENT OF THE MEMBERS OF

## JINZHENG GROUP (USA) LLC

The undersigned, JIANQING YANG,  BETTY ZHENG and BETULA LENTA, a California

corporation, being all of the Members of Jinzheng Group (USA) LLC, (the "Company") by this

writing approve of the following resolutions.

## BANKRUPTCY FILING

WHEREAS, it has been determined to be in the best interests of the
Company to file a voluntary petition in the United States Bankruptcy
Court pursuant to Chapter 11 of Title 11 of the United States Code.

NOW, THEREFORE, BE IT RESOLVED, that the Members of the
Company have approved by separate resolution the filing of the
Company of a voluntary petition in the United States Bankruptcy
Court pursuant to Chapter 11 of Title 11 of the United States Code
and the appointment of the Law Offices of Donna Bullock as general
bankruptcy counsel;

IT IS FURTHER RESOLVED that Michael Douglas Carlin is hereby
appointed as the Chief Restructuring Officer (the "CRO") of the
Company; and that the CRO be, and hereby is, authorized to execute
and file monthly operating reports, obtain and review all company
books and records and authorized to communicate with lenders and
service providers on behalf of the Company; to sign other pleadings
and papers in the bankruptcy for the Company, and to take any and all
actions which he may deem necessary and proper in connection with
such bankruptcy proceedings under said chapter 11 and in that regard to
employ assistance of legal counsel, other professionals, or such
individuals as he may deem necessary and proper with a view to the
successful conclusion of such bankruptcy proceedings.

IT IS FURTHER RESOLVED that the CRO be, and hereby is,
authorized to make decisions relating to the Company upon consent
by a majority of the managing members, after the execution of this
Resolution excepting that the CRO may not make a decision to sell
the real estate assets of the Company without unanimous approval
of all members of the Company.

This consent is executed pursuant to Section 17704.07(c)(4)(B) of the Corporations Code.

Dated: August 24 , 2021

By: JIANQING YANG by as his Attorney
      Jianqing Yang, Member    in fact.

Dated: August 24 , 2021

By: _____
      Betty Zheng, Member-Manager

Dated: August 24 , 2021

BETULA LENTA,
a California corporation

By: _____
      Jonathan Pae, Chief Executive Officer