# United States Bankruptcy Court
## Central District of California
### Los Angeles
### Judge Ernest Robles, Presiding
### Courtroom 1568 Calendar

**Wednesday, February 23, 2022**       **Hearing Room**     **1568**

**10:00 AM**
**2:21-16674**     **JINZHENG GROUP (USA) LLC**       **Chapter 11**

**#24.00**     HearingRE: [96] Motion and Notice of Motion to determine whether compensation paid to counsel was excessive under 11 USC 329 and FRBP 2017  LLC (Langley, Christopher)

     Docket      96

**Matter Notes:**

2/23/2022

The amended tentative ruling will be the order.
Court to prepare the order.

POST PDF OF TENTATIVE OR AMENDED TENTATIVE RULING TO CIAO

**Tentative Ruling:**

2/23/2022

**Note: Parties must appear by telephone. The courtroom is undergoing renovation. To make a telephonic appearance, parties should contact CourtCall at 888-882-6878 no later than one hour before the hearing.**

    (Amended after hearing.) For the reasons set forth below, the Court will order the Law Offices of Donna Bullock to return to the Debtor all payments received in excess of $6,268 (consisting of $4,500 in fees for pre-petition services and $1,768 in costs advanced). The order is without prejudice to Bullock's ability to file an application seeking authorization to be retained as the Debtor's general bankruptcy counsel *nunc pro tunc*.

**Pleadings Filed and Reviewed:**
1) Notice of Motion and Motion By Debtor to Determine Whether Compensation Paid to Counsel Was Excessive Under 11 U.S.C. § 329 and FRBP 2017 [Doc. No. 96] (the "Motion")

# United States Bankruptcy Court
## Central District of California
Los Angeles
**Judge Ernest Robles, Presiding**
**Courtroom 1568 Calendar**

**Wednesday, February 23, 2022**                                                             Hearing Room    1568

10:00 AM
**CONT...        JINZHENG GROUP (USA) LLC                                                            Chapter 11**

    2) Opposition to Motion By Debtor to Determine Whether Compensation Paid to Counsel Was Excessive Under 11 U.S.C. § 329 and FRBP 2017 [Doc. No. 101] (the "Opposition")
        a) Declaration of Donna Bullock in Opposition to Motion by Debtor to Determine Whether Compensation Paid to Counsel was Excessive [Doc. No. 103] (the "Bullock Decl.")
        b) Separate Statement of Objections to Motion by Debtor to Determine Whether Compensation Paid to Counsel was Excessive and to Declaration of Christopher J. Langley Mistakenly Identified in the Notice as the Declaration of Steven Chang [Doc. No. 102]
        c) Declaration of Michael Douglas Carlin in Opposition to Motion by Debtor to Determine Whether Compensation Paid to Counsel Was Excessive [Doc. No. 104]
    3) Debtor's Reply to Bullock's Opposition to Motion By Debtor to Determine Whether Compensation Paid to Counsel Was Excessive Under 11 U.S.C. § 329 and FRBP 2017 [Doc. No. 105] (the "Reply")
        a) Request for Judicial Notice in Support of Reply to Opposition to Motion by Debtor to Determine Whether Compensation Paid to Counsel Was Excessive [Doc. No. 106]

## I. Facts and Summary of Pleadings

    On August 24, 2021 (the "Petition Date"), Jinzheng Group (USA) LLC (the "Debtor") filed a voluntary Chapter 11 petition. The petition was filed on an emergency basis to stop a foreclosure sale of the Debtor's primary asset, 32 acres of undeveloped land located in Los Angeles County (the "Property").

    From the Petition Date until November 21, 2021, the Debtor was represented by the Law Offices of Donna Bullock ("Bullock"). Bullock Decl. [Doc. No. 103] at ¶ 19 (Bullock's testimony that the Debtor terminated her representation on November 21, 2021). On December 6, 2021, the Debtor filed a *Substitution of Attorney* form which stated that Shioda, Langley & Chang LLP ("SLC") had been retained as its new reorganization counsel. Doc. No. 48. Bullock has *not* filed an application to be employed as the Debtor's general bankruptcy counsel.

    On December 6, 2021, SLC filed an application to be employed as the Debtor's general bankruptcy counsel. Doc. No. 48. On January 18, 2022, the Court approved SLC's employment as the Debtor's general bankruptcy counsel, effective as of November 21, 2021. Doc. No. 81.

# United States Bankruptcy Court
## Central District of California
Los Angeles
Judge Ernest Robles, Presiding
Courtroom 1568 Calendar

**Wednesday, February 23, 2022**                                                               **Hearing Room**    **1568**

<u>10:00 AM</u>
**CONT...**        **JINZHENG GROUP (USA) LLC**                                                              **Chapter 11**

    The Debtor initially sought to retain Marshack Hays LLP ("Marshack Hays") as its counsel to file the petition. To that end, the Debtor deposited a $65,000 retainer with Marshack Hays. Marshack Hays then separately wired $15,000 to Grobstein Teeple LLP ("GT") to serve as the Debtor's Chief Restructuring Officer and $5,000 to Best Best & Krieger ("BBK") to serve as the Debtor's special counsel. Doc. No. 96, Ex. 2. On August 23, 2021, Betty Zheng, in her capacity as the Debtor's manager, caused the Debtor to execute a retainer agreement with Marshack Hays.

    As a result of disputes between Marshack Hays and the Debtor, Marshack Hays did not file the petition on behalf of the Debtor. Instead, Bullock represented the Debtor in connection with the filing of the petition. **[Note 1]**

    On August 23, 2021, the Debtor and Bullock executed a retainer agreement, which provided in relevant part:

> The Attorney [Bullock] requests a retainer when it begins working on a new matter, to secure the payment of its fees, costs, and expenses. You must pay an initial retainer of $45,000 pre-petition. The Attorney has advised Client [the Debtor] that the total fees and costs in the Chapter 11 case will undoubtedly exceed the retainer payments. Any fees and costs allowed by the bankruptcy court will be paid from the retainer and assets of the bankruptcy estate.

Doc. No. 103-2 at 5.

    Also on August 23, 2021, representatives of the Debtor executed a *Unanimous Written Consent* (the "Unanimous Consent") which assigned to Bullock the balance of the $45,000 retainer that the Debtor had deposited with Marshack Hays:

> The Law Offices of Donna Bullock … is authorized to accept directly the balance of the refunded retainer previously paid by the Company to former retained counsel Marshak Hayes [sic] which failed and refused to file the emergency Petition as directed by this Company and which action by former counsel placed at risk of loss the primary real estate asset of this Company to a foreclosure sale action.

Doc. No. 103-2 at 12.

    On August 26, 2021, Marshack Hays wired $35,792.50 to Bullock's attorney-client trust account. Doc. No. 96, Ex. 2 (wire transfer from Marshack Hays to Bullock). The funds wired consisted of the $45,000 retainer that Marshack Hays had

# United States Bankruptcy Court
## Central District of California
Los Angeles
Judge Ernest Robles, Presiding
Courtroom 1568 Calendar

**Wednesday, February 23, 2022**                                                                 **Hearing Room    1568**

10:00 AM
**CONT...        JINZHENG GROUP (USA) LLC                                                          Chapter 11**

received from the Debtor, less fees of $9,207.50 incurred by Marshack Hays.

On August 26, 2021, GT wired $12,597.50 to Bullock's attorney-client trust account. Teeple Decl. [Doc. No. 105] at ¶¶ 2–3. On September 14, 2021, BBK issued a $5,000 check to Bullock's attorney-client trust account. Buskeness Decl. [Doc. No. 105] at ¶¶ 2–3. Bullock has testified, and BBK has confirmed, that the $5,000 check has not been cashed. Buskeness Decl. at ¶ 4 ("BBK has confirmed with Citizens Business Bank that check #11478 has not yet cleared"); Bullock Decl. [Doc. No. 103] at ¶ 8 ("I did not receive payment of $5,000 from Best, Best and Krieger").

On February 4, 2022, Bullock filed a proof of claim against the Debtor (the "Bullock Claim"). Bullock asserts a total claim of $142,803.00 for "legal services as general bankruptcy counsel for Debtor." She contends that $45,000 of the claim is secured by an "Attorney Lien by written Retainer Contract." She also asserts that $138,388.00 of the claim qualifies as an administrative expense pursuant to § 503(b).

**Summary of Papers Filed in Connection with the Motion**

The Debtor asserts that the compensation received by Bullock was excessive, and moves for an order requiring Bullock to return the excessive compensation pursuant to § 329. The specific relief requested by the Debtor is as follows:

> Debtor further seeks to initiate a contested matter whereby Debtor seeks to (i) cancel any fee agreements between Bullock and the Debtor, (ii) order Bullock to return to Debtor the compensation received before the petition date that exceeds the reasonable value of Bullock's services, if any, to Debtor under § 329(b) and Rule 2017(a), and (iii) order Bullock to return to Debtor all compensation received after the filing of the petition from or on behalf of the Debtor under § 329(b) and Rule 2017(b).

Doc. No. 96 at 7.

Bullock opposes the Motion. Based upon the Bullock Claim, she argues that she should retain the rights of a secured creditor to the extent of the $45,000 retainer, and an unsecured creditor for the balance. Bullock contends that but for the filing of the petition, the Debtor's substantial equity in the Property would have been lost to foreclosure.

In its reply, the Debtor maintains that the analysis hinges on whether Bullock received the retainer pre-petition or post-petition:

# United States Bankruptcy Court
## Central District of California
Los Angeles
Judge Ernest Robles, Presiding
Courtroom 1568 Calendar

**Wednesday, February 23, 2022**                                                                                  Hearing Room    1568

<u>10:00 AM</u>
**CONT...**     **JINZHENG GROUP (USA) LLC**                                                                           **Chapter 11**

> If the Court determines that the retainer was received pre-petition and her fees reasonable, then Bullock could be allowed to draw down 4.5 hours at the rate of $500 ($2,250.00) on the retainer plus $1,737 for the filing fees. The 4.5 hours represents the entire time from 8:30pm to 1:05am when case was filed. If this Court determines that the retainer was paid post-petition, based on the date the funds were received then Ms. Bullock should be allowed a general unsecured claim against the estate for $3,987 for costs and fees and the balance of her claim should be disallowed.
>
> Bullock is unable to draw down on her retainer for post-petition professional fees since that requires approval of the fees by this Court which is impossible since she was not employed by the estate.

Doc. No. 105 at 4.

## II. Findings of Fact and Conclusions of Law

Prior to the Petition Date, the Debtor executed the Unanimous Consent, which assigned to Bullock the balance of the retainer that the Debtor had paid to Marshack Hays. Although Marshack Hays did not wire the retainer to Bullock's attorney-client trust account until after the Petition Date, the Court finds that the execution of the Unanimous Consent was sufficient to effectuate a pre-petition transfer of the retainer from Marshack Hays to Bullock. Once the Debtor executed the Unanimous Consent, Marshack Hays acted as a mere conduit with respect to the unearned portion of the retainer, and did not hold an ownership interest in the funds. *See In re Dominion Corp.*, 199 B.R. 410, 413 (9th Cir. 1996) (where funds merely pass through the hands of an entity, and the entity does not exert dominion or control over the funds, that entity cannot be considered the owner of the funds). The date upon which the funds were wired is not relevant; what matters is the date upon which Bullock became entitled to the funds—which occurred pre-petition.

The fact that Bullock received the retainer pre-petition does not, however, mean that Bullock is entitled to possession of the retainer where Bullock did not file an employment application or obtain an order awarding compensation under § 330(a). "In general, three types of retainers exist: (1) classic or true retainers, (2) security retainers, and (3) advance payment retainers." *Rus, Miliband & Smith v. Yoo (In re Dick Cepek, Inc.)*, 339 B.R. 730, 736 (B.A.P. 9th Cir. 2006). A classic retainer is paid to secure the attorney's availability over a period of time, and the "attorney is entitled to the retainer whether or not the services are needed." *Id.* at n. 5. "A security retainer

# United States Bankruptcy Court
## Central District of California
Los Angeles
Judge Ernest Robles, Presiding
Courtroom 1568 Calendar

**Wednesday, February 23, 2022**                                                                                    Hearing Room    1568

<u>10:00 AM</u>
**CONT...        JINZHENG GROUP (USA) LLC                                                                      Chapter 11**

is generally held as security for payment of fees for future services to be rendered by the attorney. The retainer remains property of the client (in this case, the estate) until the attorney applies it to charges for services actually rendered. Any unearned funds are returned to the client." *Id.* An advance payment retainer "occurs when a client pre-pays for expected services; ownership of the funds in the retainer is intended to pass to the attorney at the time of payment …." *Id.*

Here, the Debtor and Bullock executed a retainer agreement which provided in relevant part:

> The Attorney [Bullock] requests a retainer when it begins working on a new matter, to secure the payment of its fees, costs, and expenses. You must pay an initial retainer of $45,000 pre-petition. The Attorney has advised Client [the Debtor] that the total fees and costs in the Chapter 11 case will undoubtedly exceed the retainer payments. Any fees and costs allowed by the bankruptcy court will be paid from the retainer and assets of the bankruptcy estate.

Doc. No. 103-2 at 5.

The retainer executed between the Debtor and Bullock was a security retainer. As set forth in the retainer, its purpose was "to *secure* the payment of" Bullock's fees, and such fees would be paid only if "*allowed* by the bankruptcy court" (emphasis added). This language clearly indicates that the retainer was *not* a classic retainer or an advance payment retainer. The language contains all the hallmarks of a security retainer—namely, that the retainer is intended as security for fees to be earned in the future.

Local Bankruptcy Rule 2014-1(b)(1)(E) provides:

> A timely application for employment is a prerequisite to compensation from the estate. Therefore, an application for the employment of counsel for a debtor in possession should be filed as promptly as possible after the commencement of the case, and an application for employment of any other professional person should be filed as promptly as possible after such person has been engaged.

Bullock never filed an application to be employed as the Debtor's general bankruptcy counsel. As a result, she is not entitled to retain any portion of the retainer on account of services she performed for the Debtor after filing the petition. Bullock is only

# United States Bankruptcy Court
# Central District of California
Los Angeles
Judge Ernest Robles, Presiding
Courtroom 1568 Calendar

**Wednesday, February 23, 2022**                                                                 Hearing Room    1568

<u>10:00 AM</u>
**CONT...        JINZHENG GROUP (USA) LLC**                                                          **Chapter 11**

entitled to be paid from the retainer on account of pre-petition services she performed for the Debtor.

It is well established that the Court may deny all fees sought by an attorney who fails to comply with the Bankruptcy Code's requirements with respect to employment. In *Neben & Starrett, Inc. v. Chartewell Fin. Corp. (In re Park-Helena Corp.)*, the Ninth Circuit upheld the denial of all fees requested by the debtor's bankruptcy counsel, where counsel had filed an employment application but had failed "to disclose fully the circumstances surrounding payment of [its] retainer." 63 F.3d 877, 882 (9th Cir. 1995). Given that Bullock failed to even file an employment application, the result in *Park-Helena Corp.* applies with even greater force here.

Bullock states that she did not file an employment application because she was instructed not to do so by a representative of the Debtor. According to Bullock:

> I did not file the Employment Application, as Mr. Yang instructed and the remaining members did not oppose, his direction to secure the financing, effectuate the plan of reorganization and exit this Bankruptcy. I tried to file various motions, such as the employment application and was instructed not to file it, and promised I would be paid in full in addition to my retainer upon reorganization and construction financing.

Bullock Decl. at ¶ 24.

The Bankruptcy Code, Bankruptcy Rules, and applicable caselaw all make it abundantly clear that attorneys who are not employed are not entitled to compensation from the estate. After the petition was filed, the unearned portion of the Bullock's security retainer became property of the estate. *See In re Dick Cepek, Inc.*, 339 B.R. 730, 736 (B.A.P. 9th Cir. 2006) ("The retainer remains property of the client (in this case, the estate) until the attorney applies it to charges for services actually rendered."). By failing to file an employment application, Bullock forfeited the ability to be paid from the retainer on account of work performed post-petition. It is no excuse that for whatever reason, a representative of the Debtor told Bullock not to file an employment application. The filing of an employment application allows the Court to insure that an "attorney has no conflicts of interest and is disinterested, as required by 11 U.S.C. § 327(a)." *In re Park-Helena Corp.*, 63 F.3d 877, 881 (9th Cir. 1995). Bullock's failure to file an employment application prevented the Court from discharging this supervisory role.

The Court finds the reasonable value of the services Bullock performed pre-

# United States Bankruptcy Court
## Central District of California
Los Angeles
Judge Ernest Robles, Presiding
Courtroom 1568 Calendar

**Wednesday, February 23, 2022**　　　　　　　　　　　　　　　　　　　　　　　　　　　Hearing Room　　1568

<u>10:00 AM</u>
**CONT...**　　　　**JINZHENG GROUP (USA) LLC**　　　　　　　　　　　　　　　　　　　　　　**Chapter 11**

petition to be $4,500. Bullock testifies that she performed nine hours of work pre-petition and that her billing rate is $500 per hour. Bullock Decl. at ¶ 20. Bullock is also authorized to retain $1,768 in fees advanced (consisting of the $1,738 Chapter 11 filing fee and the $30 fee to file an Amended List of Twenty Largest Unsecured Creditors). A further evidentiary hearing to determine the value of Bullock's pre-petition services is unnecessary and would inure to the detriment of creditors by increasing administrative costs.

The Court will order Bullock to return to the Debtor all payments received in excess of $6,268 (consisting of $4,500 in fees for pre-petition services and $1,768 in costs advanced) within fourteen days.

### Evidentiary Rulings

Bullock objects to the Declaration of Christopher Langley, submitted in support of the Motion, on the grounds of lack of foundation and lack of personal knowledge. The objections are **OVERULED**. As the Debtor's current counsel, Langley has sufficient personal knowledge to testify as to the contents of correspondence he has received from Marshack Hays, the Debtor's former counsel. Bullock's objection that Langley has not properly authenticated the e-mails attached to his declaration is **OVERRULED**.

Bullock objects to statements in the Motion that are not supported by declaration testimony. The Court disregards any factual contentions in the Motion not supported by declaration testimony.

In support of her opposition to the Motion, Bullock submits the Declaration of Michael Douglas Carlin. Carlin testifies that he was hired as the Debtor's CRO on August 24, 2021 but was subsequently terminated by the Debtor's current counsel, SLC; that he has been harassed and intimidated by the Debtor's current counsel; and that the Debtor's potential preference action against him is without merit. These issues have no relevance to the instant Motion, which concerns only the reasonableness of payments made by the Debtor to Bullock. Because the Carlin Declaration is not relevant, the Court does not consider it.

### III. Conclusion

Based upon the foregoing, the Court will order the Law Offices of Donna Bullock to return to the Debtor all payments received in excess of $6,268 (consisting of $4,500 in fees for pre-petition services and $1,768 in costs advanced). <span style="color:red">The order is without prejudice to Bullock's ability to file an application seeking authorization to be</span>

# United States Bankruptcy Court
## Central District of California
Los Angeles
Judge Ernest Robles, Presiding
Courtroom 1568 Calendar

**Wednesday, February 23, 2022**                                                                          Hearing Room    1568

10:00 AM
**CONT...**         **JINZHENG GROUP (USA) LLC**                                                           **Chapter 11**

<span style="color:red">retained as the Debtor's general bankruptcy counsel *nunc pro tunc*. The Court will prepare and enter the order.</span>

No appearance is required if submitting on the court's tentative ruling. If you intend to submit on the tentative ruling, please contact Landon Foody or Daniel Koontz, the Judge's Law Clerks, at 213-894-1522. **If you intend to contest the tentative ruling and appear, please first contact opposing counsel to inform them of your intention to do so.** Should an opposing party file a late opposition or appear at the hearing, the court will determine whether further hearing is required. If you wish to make a telephonic appearance, contact Court Call at 888-882-6878, no later than one hour before the hearing.

**Note 1**
SLC asserts that it was the Debtor who terminated Marshack Hays' representation. Bullock claims that Marshack Hays declined to represent the Debtor. The exact details of the end of the relationship between the Debtor and Marshack Hays are not relevant for purposes of the instant Motion.

| Party Information |
|---|

**Debtor(s):**

| | |
|---|---|
| JINZHENG GROUP (USA) LLC | Represented By |
| | Christopher J Langley |