Exhibit 1

## Los Angeles Properties

Scheduled Value
2929 Amethyst (Sch AB 55.1) — $23,450,000
2526-2528 Lincoln Park (Sch AB 55.2) — $1,000,000
2520-2522 Lincoln Park (Sch AB 55.3) — $1,000,000
2602 Lincoln Park (Sch AB 55.4) — $300,000
APN 5209-005-003 (Sch AB 55.5) — $300,000
$26,050,000

Liens (Cross-Collateralized)
Los Angeles County Tax Collector (POC 1) — $647,814
Royalty Equity Lending (POC 2) — $9,353,009
$10,000,823

Net Equity — $16,049,177

Scheduled Value
10 Vacant Lots on Paradise Drive (Sch AB 55.8) — $266,600

Liens (Cross-Collateralized)
Los Angeles County Tax Collector (POC 1) — $66,281
Pacific Mortgage Exchange (Sch D 2.7) — $127,000
$193,281

Net Equity — $73,319

## Transferred Properties

**2240 Lorain, San Marino, CA**

Scheduled Value (Sch AB 55.6) — $3,000,000.00

Liens
Los Angeles County Tax Collector (POC 1) — --
Royal Business Bank (Sch D 2.2) — $1,100,000.00
Corona Capital (POC 8) — $540,000.00
DNQ (Sch D 2.4) — $420,000.00
$2,060,000.00

Net Equity — $940,000.00

**6840 De Celis Pl, Apt 9, Van Nuys, CA 91406**

Scheduled Value (Sch AB 55.7) — $660,000.00

Liens
Los Angeles County Tax Collector (POC 1) — --
Investment Management Co. (POC 5) — $350,000.00
Michael and Sheri Dorff (POC 4) — $50,000.00
$400,000.00

Net Equity — $260,000.00

**Exhibit 1**
**Summary of Debtor's Interests in Real Properties**

Exhibit 2

| POC | Creditor | Secured | Priority | Unsecured | Total |
|-----|----------|---------|----------|-----------|-------|
| 1 | LA Treasurer and Tax Collector | $ 977,015.17 | $ - | $ - | $ 977,015.17 |
| 2 | Royalty Equity Lending, LLC (BOB's LLC) | $ 9,353,009.29 | $ - | $ - | $ 9,353,009.29 |
| 3 | Internal Revenue Service | $ - | $ 28,700.70 | $ - | $ 28,700.70 |
| 4 | Michael and Shari Dorff | $ 50,000.00 | $ - | $ - | $ 50,000.00 |
| 5 | Investment Management Company | $ 350,000.00 | $ - | $ - | $ 350,000.00 |
| 6 | Testa Capital Group | $ - | $ 13,650.00 | $ 672,900.00 | $ 686,550.00 |
| 7 | Home Loans Unlimited, Inc. | $ - | $ 13,650.00 | $ 672,900.00 | $ 686,550.00 |
| 8 | Corona Capital Group, LLC | $ 540,000.00 | $ - | $ - | $ 540,000.00 |
| 9 | Michael Carlin | $ - | $ 15,650.00 | $ - | $ 15,650.00 |
| 10 | Michael Carlin | $ - | $ 15,650.00 | $ - | $ 15,650.00 |
| 11 | UltraSystems Environmental | $ - | $ - | $ 37,106.50 | $ 37,106.50 |
| 12 | Land Design Consultants | $ - | $ - | $ 48,145.00 | $ 48,145.00 |
| 13 | Craig Fry and Associates | $ - | $ - | $ 240,700.47 | $ 240,700.47 |
| 14 | Breezeblock Capital, LLC | $ 124,653.99 | $ - | $ - | $ 124,653.99 |
| 15 | Betty Zheng | $ - | $ - | $ 95,000.00 | $ 95,000.00 |
| 16 | Shawn Charles Sourgose | $ - | $ 13,650.00 | $ 672,900.00 | $ 686,550.00 |
| 17 | The Phalanx Group | $ - | $ - | $ 158,845.00 | $ 158,845.00 |
| 18 | Betula Lenta Inc. | $ - | $ - | $ 1,643,977.00 | $ 1,643,977.00 |
| 19 | Donna Bullock Esq | $ 45,000.00 | $ 138,303.00 | $ - | $ 183,303.00 |
| 20 | Pennington Construction Advisors Inc | $ - | $ - | $ 75,000.00 | $ 75,000.00 |
| 21 | DNQ LLC | $ 420,000.00 | $ - | $ - | $ 420,000.00 |
| | | $ 11,859,678.45 | $ 239,253.70 | $ 4,317,473.97 | $ 16,416,406.12 |

**Exhibit 2**
**Summary of Proofs of Claim Filed as of March 1, 2022**

Exhibit 3

Electronically FILED by Superior Court of California, County of Los Angeles on 02/07/2022 11:58 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Terry Green

1  Gene H. Shioda, SBN: 186780
   Steven P. Chang, SBN: 221783
2  Heidi M. Cheng, SBN: 289419
   **SHIODA LANGLEY & CHANG, LLP**
3  1063 E. Las Tunas Dr.
   San Gabriel, CA 91776
4  Email: heidi@slclawoffice.com
   Tel: (626) 281-1232 / Fax: (626) 281-2919
5
6  Attorneys for Plaintiff
   JINZHENG GROUP (USA) LLC,
7  a California limited liability company

8            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9       **FOR THE COUNTY OF LOS ANGELES- STANLEY MOSK COURTHOUSE**

10

11 | JINZHENG GROUP (USA), LLC, a              | Case No.:  22STCV04623
   | California limited liability company;      |
12 |                                            |
   |            Plaintiff,                      | **COMPLAINT FOR:**
13 |                                            |
   | vs.                                        |
14 |                                            |  1. **BREACH OF CONTRACT;**
   | JONATHAN PAE, an individual; DAVID         |  2. **BREACH OF CONTRACT;**
15 | PARK, an individual; BETULA LENTA,         |  3. **BREACH OF CONTRACT;**
   | INC., a California corporation; BETTY BAO  |  4. **INTENTIONAL**
16 | ZHENG, an individual; CBW GLOBAL,          |     **MISREPRESENTATION;**
   | INC., a California corporation; and DOES 1 |  5. **NEGLIGENT**
17 | through 50, inclusive,                     |     **MISREPRESENTATION;**
   |                                            |  6. **NEGLIGENCE;**
18 |            Defendants.                     |  7. **NEGLIGENCE;**
   |                                            |  8. **BREACH OF FIDUCIARY DUTY;**
19 |                                            |  9. **AIDING AND ABETTING;**
   |                                            | 10. **VIOLATION OF BUSINESS AND**
20 |                                            |     **PROFESSIONS CODE §17200 ET**
   |                                            |     **SEQ.**
21 |                                            |
22 |                                            | [COMPLAINT EXCESS OF $25,000.00]
23

24       Plaintiff, for counts and causes of action against Defendants and each of them, alleges as

25 follows:

26       1.    Plaintiff JINZHENG GROUP (USA), LLC ("Plaintiff") is, and at all relevant

27 times herein was, a California limited liability company organized and existing under the laws of

28 the State of California with its principal place of business located in the County of Los Angeles.

                                        1
                                   COMPLAINT

2.      Upon information and belief, Defendant JONATHAN PAE ("PAE") is, and at all relevant times herein was, an individual residing and / or employed in the State of California, County of Los Angeles.

3.      Upon information and belief, Defendant DAVID PARK ("PARK") is, and at all relevant times herein was, an individual residing and / or employed in the State of California, County of Los Angeles.

4.      Upon information and belief, Defendant BETULA LENTA ("BETULA") is, and at all relevant times herein was, a California limited liability company organized and existing under the laws of the State of California with its principal place of business located in the County of Los Angeles.

5.      Upon information and belief, Defendant BETTY BAO ZHENG ("ZHENG") is, and at all relevant times herein was, an individual residing and / or employed in the State of California, County of Los Angeles.

6.      Upon information and belief, Defendant CBW GLOBAL, INC. ("CBW") is, and at all relevant times herein was, a California corporation organized and existing under the laws of the State of California with its principal place of business located in the County of Los Angeles. Upon information and belief, ZHENG is the Chief Executive Officer, Chief Financial Officer, Secretary, and only director of CBW.

7.      PAE is currently listed as the Chief Executive Officer, Chief Financial Officer, Secretary, and one of two directors of BETULA.  PARK is currently listed as the other director of BETULA, as well as its agent for service of process.

8.      The true names and capacities of Defendants DOES 1 through 50, inclusive, whether individual, corporate, associate, or otherwise, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names.  Plaintiff will seek leave of court to amend its complaint to show their true names and capacities when the same have been ascertained.

9.      Plaintiff is informed and believes, and based thereon alleges, that in doing the acts alleged herein, each of the Defendants was acting for himself, herself or itself and was acting as the agent, employee, and/or representative of each of the other Defendants within the course and

scope of such agency, employment and/or representation.  Plaintiff is further informed and believes, and based thereon alleges, that the acts and conduct of each of the Defendants as alleged herein were known to, authorized and ratified by each of the other Defendants.

10.    Plaintiff is informed and believes, and based thereon alleges, that there exists, and at all times herein mentioned, there existed a unity of interest and ownership between the individual defendants PAE AND PARK and BETULA such that any individuality and separateness between Defendants have ceased to exist, and Defendant BETULA is the alter ego of the individual defendants PAE and PARK in that PAE and PARK completely controlled, dominated, managed, and operated Defendant BETULA and intermingled their assets to suit the convenience of Defendants PAE and PARK.

11.    Plaintiff is informed and believes, and based thereon alleges, that there exists, and at all times herein mentioned, there existed a unity of interest and ownership between the individual defendant ZHENG and CBW such that any individuality and separateness between Defendants have ceased to exist, and Defendant CBW is the alter ego of the individual defendant ZHENG in that ZHENG completely controlled, dominated, managed, and operated Defendant CBW and intermingled their assets to suit the convenience of Defendant ZHENG.

12.    Plaintiff is informed and believes, and on that basis alleges, that the acts and conduct of each of the Defendants as alleged herein were known to, agreed by, authorized, and ratified by each of the other Defendants such that Defendants are considered co-conspirators of the wrongful conduct alleged herein.

**GENERAL ALLEGATIONS**

13.    Plaintiff is a real estate development company which purchases various properties in California, then develops and sells them for profit.

14.    In or about August 2016, Plaintiff purchased a 31-acre land commonly known as 2929 Amethyst Street, Los Angeles, California 90032 ("2929 Amethyst Property") for $18,500,000.00, free and clear.

15.    In or about August 2016, Plaintiff purchased four parcels of adjacent land/houses to 2929 Amethyst Street for approximately $4 million dollars.

16.    In or about September 2016, Plaintiff purchased a house located at 2240 Lorain Rd, San Marino, CA 91108-2847 ("San Marino House") for approximately $2 million dollars, free and clear.

17.    In or about June 2017, Plaintiff purchased a house located at 150 E La Sierra Dr, Arcadia, CA 91006-4163 ("Arcadia House") for approximately $2 million dollars, free and clear.

18.    The broker for each of the transactions identified in paragraphs 14, 15, 16, and 17 above was Defendant BETTY BAO ZHENG ("ZHENG") and her related company CBW Global, Inc., a California Corporation.

19.    In or about December 2017, Plaintiff's sole managing member Jiaqing Yang was introduced by ZHENG to PAE and PARK. PAE and PARK, on behalf of themselves and BETULA.

20.    ZHENG was fully aware that Plaintiff and its sole managing member Jiaqing Yang would need assistance in the developing these said properties and that Plaintiff and Yang had an incredible amount of money to spend.  As a result, ZHENG introduced Plaintiff and Yang to PAE, PARK, and BETULA.

21.    Based on information and belief, Plaintiff and Yang were not aware that ZHENG and Defendants had a scheme to defraud Plaintiff of its money.   ZHENG would convince Plaintiff that she was looking out for their best interests and that Defendants could assist Plaintiff in developing their properties when in fact they did not and were not capable to do so.

22.    Plaintiff, relying on ZHENG's apparent loyalty, even elected ZHENG as a member of Plaintiff.

23.    Based on information and belief, unbeknownst to Plaintiff, ZHENG and Defendants PAE, PARK, and BETULA had no intention of performing and wanted to bilk Plaintiff over $12 Million dollars in false service fees.

24.    As a result on or about December 7, 2017, Plaintiff and Defendants PAE, PARK and BETULA entered into a pre-development consulting agreement ("Contract 1") to develop the 2929 Amethyst Property.  The terms of the contract are outlined in **Exhibit 1** and incorporated herein.

25.    Plaintiff paid $1,012,525.00 for the services outlined in Contract 1.

26.    To date, Defendants have not fully performed under the terms of Contract 1.

27.    On or about June 22, 2018, Plaintiff and Defendants PAE, PARK and BETULA entered into a Construction Management Agreement ("Contract 2") to construct and manage the construction at 2929 Amethyst Property.  The terms of the contract are outlined in **Exhibit 2** and incorporated herein.

28.    Plaintiff paid a substantial amount of $4,517,913.00 as outlined in Contract 2.

29.    Pursuant to Defendants' false representations, since Contract 2 cannot commence until Contract 1 is completed, Defendants have not performed any of its obligations under Contract 2.

30.    On or about March 2019, Plaintiff entered into a CDF Bond Procurement - CM - Development Agreement ("Contract 3") with Defendants as it relates to the construction at 2929 Amethyst Property.  The terms of the contract are outlined in **Exhibit 3** and incorporated herein.

31.    Under Contract 3, Defendants were to procure bonds for the Amethyst Property project.

32.    Plaintiff paid a substantial portion of the $6,224,490.00 outlined in Contract 3.

33.    To date, Defendants have failed to procure any of the bonds.

34.    Due to Defendants' delays, Plaintiff had to borrow money from certain lenders.

35.    In fact, Plaintiff, through its agents, complained to Defendants that their services were slow and delayed and that they had breached the various agreements stated in this lawsuit.

36.    Despite Plaintiff's repeated demands for performance, Defendants have refused to do so as agreed.

37.    As a result of these payments, Plaintiff has suffered great economic loss.

38.    Based on information and belief, Plaintiff and Yang allege that Defendants were providing improper payments to ZHENG for the services she performed for BETULA by advocating for BETULA and convincing Plaintiff and Yang to continue to use BETULA for its services.

39.    When Plaintiff sought additional information from ZHENG pertaining financial

1  records, or information related to BETULA needed for the bankruptcy or the lawsuit, ZHENG

2  stopped communicating with Plaintiff and Yang.

3  **FIRST CAUSE OF ACTION**

4  **BREACH OF CONTRACT- CONTRACT 1**

5  **(Against Defendants PAE, PARK, and BETULA)**

6       40.     Plaintiff repeats and re-alleges paragraphs 1 through 39 and incorporates them by

7  reference as though fully set forth herein.

8       41.     On or about December 7, 2017, Plaintiff and Defendants PAE, PARK and

9  BETULA entered into a pre-development consulting agreement ("Contract 1") to develop the

10  2929 Amethyst Property.  The terms of the contract are outlined in **Exhibit 1** and incorporated

11  herein.

12       42.     Plaintiff paid Defendants $1,012,525.00 for the services outlined in Contract 1.

13       43.     To date, Defendants have not fully performed under the terms of Contract 1,

14  thereby breaching Contract 1.

15       44.     Due to Defendants' failure to perform pursuant to the terms of Contract 1,

16  Plaintiff has been harmed in an amount to be proven at trial, but at least $5,000,000.00.

17       45.     Defendants' conduct was a substantial factor in causing Plaintiff's harm.

18  **SECOND CAUSE OF ACTION**

19  **BREACH OF CONTRACT- CONTRACT 2**

20  **(Against Defendants PAE, PARK, and BETULA)**

21       46.     Plaintiff repeats and re-alleges paragraphs 1 through 45 and incorporates them by

22  reference as though fully set forth herein.

23       47.     On or about June 22, 2018, Plaintiff and Defendants PAE, PARK and BETULA

24  entered into a Construction Management Agreement ("Contract 2") to construct and manage the

25  construction at 2929 Amethyst Property.  The terms of the contract are outlined in **Exhibit 2** and

26  incorporated herein.

27       48.     Plaintiff paid a substantial amount of $4,517,913.00 to Defendants as outlined in

28  Contract 2.

49.     Since Contract 2 cannot commence until Contract 1 is completed, Defendants have not performed any of its obligations under Contract 2.

50.     Due to Defendants' failure to perform pursuant to the terms of Contract 2, Plaintiff has been harmed in an amount to be proven at trial, but at least $5,000,000.00.

51.     Defendants' conduct was a substantial factor in causing Plaintiff's harm.

## THIRD CAUSE OF ACTION

### BREACH OF CONTRACT- CONTRACT 3

### (Against Defendants PAE, PARK, and BETULA)

52.     Plaintiff repeats and re-alleges paragraphs 1 through 51 and incorporates them by reference as though fully set forth herein.

53.     On or about March 2019, Plaintiff entered into a CDF Bond Procurement - CM - Development Agreement ("Contract 3") with Defendants as it relates to the construction at 2929 Amethyst Property.  The terms of the contract are outlined in **Exhibit 3** and incorporated herein.

54.     Under Contract 3, Defendants were to procure bonds for the Amethyst Property project.

55.     Plaintiff paid a substantial portion of the $6,224,490.00 to Defendants outlined in Contract 3.

56.     To date, Defendants have failed to procure any of the bonds.

57.     Due to Defendants' delays, Plaintiff had to borrow money from certain lenders. Additionally, Plaintiff has been harmed in an amount to be proven at trial, but at least $5,000,000.00.

58.     Defendants' conduct was a substantial factor in causing Plaintiff's harm.

## FOURTH CAUSE OF ACTION

### INTENTIONAL MISREPRESENTATION

### (Against All Defendants)

59.     Plaintiff repeats and re-alleges paragraphs 1 through 58 and incorporates them by reference as though fully set forth herein.

60.     In or around December 2017, Plaintiff was introduced to Defendants PAE,

7

PARK, and BETULA by ZHENG. Defendants PAE and PARK, on behalf of themselves and / or BETULA, orally represented to Plaintiff that they were qualified and could assist Plaintiff with his various real estate development projects until they came to fruition.

61.     ZHENG was fully aware that Plaintiff and its sole managing member Jiaqing Yang would need assistance in the developing these said properties and that Plaintiff and Yang had an incredible amount of money to spend as ZHENG was the broker who helped Plaintiff purchase various multi-million dollar properties.  As a result, ZHENG introduced Plaintiff and Yang to PAE, PARK, and BETULA.

62.     Based on information and belief, Plaintiff and Yang were not aware that ZHENG and Defendants had a scheme to defraud Plaintiff of its money.   ZHENG would convince Plaintiff that she was looking out for their best interests and that Defendants could assist Plaintiff in developing their properties.

63.     Plaintiff, relying on ZHENG's apparent loyalty, even elected ZHENG as a member of Plaintiff.

64.     Based on information and belief, unbeknownst to Plaintiff, ZHENG and Defendants PAE, PARK, and BETULA had no intention of performing and wanted to bilk Plaintiff over $12 Million dollars in false service fees.

65.     As a result of Defendants' representations that they would and could help Plaintiff with his real estate development projects, Plaintiff signed three written contracts with Defendants PAE, PARK, and BETULA, as more fully described herein and agreed to pay Defendants over $12 million dollars in service fees for their work.

66.     Plaintiff became aware of this scheme in December 2021 when ZHENG refused to cooperate and provide financial information when requested by Plaintiff.

67.     Defendant PAE, PARK, and BETULA's representations were false as they were not able to or never intended to perform pursuant to the terms of Contracts 1, 2, and 3.

68.     Defendants knew that the representations were false when they made it, or the representation was made recklessly and without regarding for its truth.

69.     Defendants intended that Plaintiff rely upon the representation, and Plaintiff did in

fact reasonably rely on the representation because it entered into three separate agreements with Defendants and paid to Defendants over $5 million dollars for services that were never performed.

70.      Plaintiff was harmed by Defendants' misrepresentation, and Plaintiff's reliance was a substantial factor in causing Plaintiff's harm because but for the misrepresentations, Plaintiff would not have agreed to sign the contracts and would not have paid Defendants such exorbitant sums of money.

71.      Plaintiff is informed and believes, and on that basis alleges, that the acts and conduct of each of the Defendants as alleged herein were known to, agreed by, authorized, and ratified by each of the other Defendants such that Defendants are considered co-conspirators of the wrongful conduct alleged herein.

72.      Defendants, and each of them, acted with fraud, malice and oppression and with a conscious disregard of Plaintiffs' rights, making them liable for punitive damages under California Civil Code §§3294 and 3295.

## FIFTH CAUSE OF ACTION

### NEGLIGENT MISREPRESENTATION

#### (Against All Defendants)

73.      Plaintiff repeats and re-alleges paragraphs 1 through 72 and incorporates them by reference as though fully set forth herein.

74.      In or around December 2017, Plaintiff was introduced to Defendants PAE, PARK, and BETULA by ZHENG. Defendants PAE and PARK, on behalf of themselves and / or BETULA, orally represented to Plaintiff that they were qualified and could assist Plaintiff with his various real estate development projects until they came to fruition.

75.      ZHENG was fully aware that Plaintiff and its sole managing member Jiaqing Yang would need assistance in the developing these said properties and that Plaintiff and Yang had an incredible amount of money to spend as ZHENG was the broker who helped Plaintiff purchase various multi-million dollar properties.  As a result, ZHENG introduced Plaintiff and Yang to PAE, PARK, and BETULA.

76.     Based on information and belief, Plaintiff and Yang were not aware that ZHENG and Defendants had a scheme to defraud Plaintiff of its money.   ZHENG would convince Plaintiff that she was looking out for their best interests and that Defendants could assist Plaintiff in developing their properties.

77.     Plaintiff, relying on ZHENG's apparent loyalty, even elected ZHENG as a member of Plaintiff.

78.     Based on information and belief, unbeknownst to Plaintiff, ZHENG and Defendants PAE, PARK, and BETULA had no intention of performing and wanted to bilk Plaintiff over $12 Million dollars in false service fees.

79.     As a result of Defendants' representations that they would and could help Plaintiff with his real estate development projects, Plaintiff signed three written contracts with Defendants PAE, PARK, and BETULA, as more fully described herein and agreed to pay Defendants over $12 million dollars in service fees for their work.

80.     Plaintiff became aware of this scheme in December 2021 when ZHENG refused to cooperate and provide financial information when requested by Plaintiff.

81.     Defendant PAE, PARK, and BETULA's representations were false as they were not able to or never intended to perform pursuant to the terms of Contracts 1, 2, and 3.

82.     Although Defendants may have honestly believed that the representations were true, they had no reasonable grounds for believing the representation was true when they made it.

83.     Defendants intended that Plaintiff rely upon the representation, and Plaintiff did in fact reasonably rely on the representation because it entered into three separate agreements with Defendants and paid to Defendants over $5 million dollars for services that were never performed.

84.     Plaintiff was harmed by Defendants' misrepresentation, and Plaintiff's reliance was a substantial factor in causing Plaintiff's harm because but for the misrepresentations, Plaintiff would not have agreed to sign the contracts and would not have paid Defendants such exorbitant sums of money. Plaintiff is informed and believes, and on that basis alleges, that the acts and conduct of each of the Defendants as alleged herein were known to, agreed by,

authorized, and ratified by each of the other Defendants such that Defendants are considered co-conspirators of the wrongful conduct alleged herein.

## SIXTH CAUSE OF ACTION

### NEGLIGENCE

### (Against Defendants ZHENG and CBW)

85.     Plaintiff repeats and re-alleges paragraphs 1 through 84 and incorporates them by reference as though fully set forth herein.

86.     ZHENG, as a member of Plaintiff, owed Plaintiff a duty to act as a reasonably prudent person would under the circumstances.

87.     ZHENG breached that duty by conspiring with the remaining defendants to bilk over $5,000,000.00 from Plaintiff in fees for services that were never performed as more fully alleged herein.

88.     As a result of ZHENG's negligence, Plaintiff has been harmed, and ZHENG's negligence was a proximate cause of Plaintiff's harm.

## SEVENTH CAUSE OF ACTION

### NEGLIGENCE

### (Against Defendants PAE, PARK, and BETULA)

89.     Plaintiff repeats and re-alleges paragraphs 1 through 88 and incorporates them by reference as though fully set forth herein.

90.     Defendants PAE, PARK, and BETULA, as agents of Plaintiff, owed Plaintiff a duty to act as a reasonably prudent person would under the circumstances.

91.     Defendants breached that duty by conspiring with the ZHENG to bilk over $5,000,000.00 from Plaintiff in fees for services that were never performed as more fully alleged herein.

92.     As a result of Defendants' negligence, Plaintiff has been harmed, and Defendants' negligence was a proximate cause of Plaintiff's harm.

///

///

COMPLAINT

**<u>EIGHTH CAUSE OF ACTION</u>**

**BREACH OF FIDUCIARY DUTY**

**(Against Defendant ZHENG and CBW)**

93.    Plaintiff hereby repeats and re-alleges paragraphs 1 through 92 and incorporates them by reference as though fully set forth herein.

94.    ZHENG, as a member of Plaintiff, owed Plaintiff a fiduciary duty of utmost care and loyalty.

95.    ZHENG breached that duty by conspiring with the remaining defendants to bilk over $5,000,000.00 from Plaintiff in fees for services that were never performed as more fully alleged herein.

96.    Based on information and belief, Plaintiff and Yang allege that Defendants were providing payments to ZHENG for the services she performed for BETULA by advocating for BETULA and convincing Plaintiff and Yang to continue to use BETULA for its services. ZHENG's actions were to the detriment of Plaintiff and for her own self-interests and was thereby a breach of her fiduciary duties owed to Plaintiff.

97.    When Plaintiff sought additional information from ZHENG pertaining financial records, or information related to BETULA needed for the bankruptcy or the lawsuit, ZHENG stopped communicating with Plaintiff and Yang.

98.    As a result of ZHENG's breach of her fiduciary duties, Plaintiff has been harmed in an amount to be proven at trial.

**<u>NINTH CAUSE OF ACTION</u>**

**AIDING AND ABETTING**

**(Against All Defendants)**

99.    Plaintiff repeats and re-alleges paragraphs 1 through 98 and incorporates them by reference as though fully set forth herein.

100.    Defendants, and each of them, knew and were aware of each other's unlawful conduct as more fully alleged herein, all in an attempt to defraud Plaintiff out of over $12 million dollars.

12

COMPLAINT

101.    Defendants gave substantial assistance and encouragement to each other to commit the foregoing wrongful actions.

102.    Defendants' conduct was a substantial factor in causing harm to Plaintiff.

## TENTH CAUSE OF ACTION

### UNFAIR BUSINESS PRACTICES PURSUANT TO CALIFORNIA BUSINESS & PROFESSIONS CODE §17200 ET. SEQ.

### (Against All Defendants)

103.    Plaintiff repeats and re-alleges paragraphs 1 through 102 and incorporate them by reference as though fully set forth herein.

104.    Under California Business & Professions Code §17200 et. seq. and related statutory provisions, Defendants, and each of them, are obligated to refrain from any unlawful, unfair, or fraudulent business act or practice.

105.    Defendants, and each of them, have engaged in unlawful and unfair business practices by the acts described herein. Specifically, based on information and belief, Plaintiff and Yang were not aware that ZHENG and Defendants had a scheme to defraud Plaintiff of its money.   ZHENG, using her position as Plaintiff's member, would convince Plaintiff that she was looking out for their best interests and that Defendants could assist Plaintiff in developing their properties.

106.    Based on information and belief, unbeknownst to Plaintiff, ZHENG and Defendants PAE, PARK, and BETULA had no intention of performing and wanted to bilk Plaintiff over $12 Million dollars in false service fees.

107.    When Plaintiff sought additional information from ZHENG pertaining financial records, or information related to BETULA needed for the bankruptcy or the lawsuit, ZHENG stopped communicating with Plaintiff and Yang.

108.    Defendants, and each of them, through such unlawful, unfair, deceptive, and fraudulent practices, have enriched themselves with unfair benefits and illegal profits at the expense of Plaintiff and members of the public.

109.    Defendants, and each of them, should therefore be disgorged of any and all

1    profits, direct or indirect, and any other ill-gotten gains, which Defendants acquired by their

2    unlawful practices.

3          110.    Defendants, and each of them, should be ordered to restore to Plaintiff all moneys

4    made by them as result of their unfair business practices in an amount which is at least

5    $5,000,000.00, plus interest at the maximum applicable legal rate thereon.

6

7    **<u>PRAYER</u>**

8          WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as

9    follows:

10        1.    General Damages, in an amount to be proven at trial but at least $5,000,000.00;

11        2.    Consequential and Special Damages, according to proof;

12        3.    Punitive Damages, according to proof;

13        4.    For reasonable attorney's fees and costs;

14        5.    For prejudgment and post judgment interest;

15        6.    For such other and further relief as the court may deem appropriate.

16

17          SHIODA LANGLEY & CHANG, LLP

18    Dated: December 1, 2021      By:    */s/ Heidi Cheng*

19          Gene H. Shioda

20          Steven P. Chang
              Heidi M. Cheng

21          Attorneys for Plaintiff

22

23

24

25

26

27

28

Exhibit 4

**Donald Reid**

---

| | |
|---|---|
| **From:** | Christopher Langley <chris@slclawoffice.com> |
| **Sent:** | Friday, February 25, 2022 3:54 PM |
| **To:** | Donald Reid |
| **Subject:** | Fwd: In re Jinzheng Group (USA), Inc., Chapter 11 Case No. 2:21-bk-16674-ER |
| **Attachments:** | Notice of Deposition for Phalanx 3-09-22.pdf; [dn 113] obj to phalanx poc no 17.pdf |

---------- Forwarded message ---------
From: **Kathya** <Kathya@cheklaw.com>
Date: Fri, Feb 25, 2022, 1:36 PM
Subject: In re Jinzheng Group (USA), Inc., Chapter 11 Case No. 2:21-bk-16674-ER
To: schang@slclawoffice.com <schang@slclawoffice.com>, chris@slclawoffice.com <chris@slclawoffice.com>
Cc: Michael Chekian Esq. <mike@cheklaw.com>

Steven and Chris,

     I am sending this email on behalf of Michael Chekian.  We received your notice of deposition of the person most knowledgeable at the Phalanx Group plus detailed request for documents, set for a live deposition on March 9, 2022 at 10 a.m. as well as objection to claim set for March 22 with response due March 8.
     As to the attached deposition, the notice required under the Code is not reasonable, and we cannot appear or produce documents on that day.  We will propose alternative dates and require a remotely conducted deposition instead of live.
     As to the attached claim objection, please consider the following information and please consider withdrawing the claim objection:
     The Phalanx Group does not have a Private Patrol Operator license, as the Phalanx Group does not offer any physical guard services.  As clearly set forth in the contract attached to the proof of claim, the Phalanx Group solely provides consulting services.  None of the fees owed are for any guard services or for services provided by a 3rd party vendor.  The project was not supposed to have physical guard services until the commencement of the construction.  The fees billed and owed are for consultation services only.  Also, the contract attached to the proof of claim clearly states that The Phalanx Group was only to provide consultation for security issues and not actual private guard work for which a security license is required.  The principals at JinZheng can confirm that a major reason why The Phalanx Group was hired was to act as a Spanish speaking liason for the developer as to the neighbors who were upset with the construction project.
     Please let Mr. Chekian know your responses to these issues.

Thanks,

Kathya Ortega

cc: Michael Chekian, Esq.

Enc.

Legal Assistant, **Chekian Law Office**

1

445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
Voice (310) 390-5529
Email kathya@cheklaw.com
Facsimile (310) 451-0739

Exhibit 5

# SHIODA LANGLEY & CHANG, LLP

### ATTORNEYS AT LAW

Gene H. Shioda
Christopher J. Langley
Steven P. Chang

Connie Y. Chou*
Heidi M. Cheng
Michael Smith

Of Counsel
Annie Y. Huang

*Inactive

**1063 E. LAS TUNAS DRIVE
SAN GABRIEL, CALIFORNIA 91776
Telephone: (626) 281-1232
Facsimile: (626) 281-2919
www.slclawoffice.com**

February 1, 2022

Hatty K. Yip, Trial Attorney
Office of the United States Trustee
915 Wilshire Blvd, Suite 1850
Los Angeles, California 90017
Email: hatty.yip@usdoj.gov

Via: Email and First-Class Mail Only

      In Re: Jinzheng Group (USA) LLC
           Case No. 2:21-bk-16674-ER

Dear Hatty,

I would like to discuss with you your recent appointment of the creditor's committee in the bankruptcy case of Jinzheng Group (USA), LLC ("Debtor"), Case No. 2:21-bk-16674-ER.

Before discussing the creditor body, I want to incorporate by reference the factual background set forth in the Debtor's *Reply in Support of Motion of Debtor for Order Extending Debtor's Exclusivity Period to File Chapter 11 Plans and Solicit Acceptances Thereto* [Doc.74] filed on 12/28/21.  Ex. 1 (Exclusivity Reply).  The Exclusivity Reply, on pages 2 through 6, describes the Debtor's business and relationship with Betula Lenta, Inc. ("Betula").

The recently appointed Committee has three members: (i) Betula, (ii) Pennington Construction Advisors, Inc., and (iii) The Phalanx Group, Inc.  For the reasons below, Debtor does not believe that any of these parties are qualified to serve as members of the Committee and the Committee should be disbanded.

### Betula Lenta, Inc.

Betula describes itself as "a team of the best real estate consultants providing solutions for real estate investors looking for opportunities to invest in development or investors for their developments." https://www.betulalenta.com/about-us.

The Debtor and Betula entered into at least three separate written agreements.  Ex. 1 (Exclusivity Reply) at 4.

Page 2 of 5
In Re: Jinzheng Group (USA) LLC
Case No. 2:21-bk-16674-ER
February 1, 2022

The first, a "Predevelopment Consulting Agreement" dated December 7, 2017, the Debtor agreed to pay Betula $2,594,000 for consulting services.  Id.

The second, a "Construction Management Agreement" dated June 22, 2018, the Debtor agreed to pay Betula an additional $4,517,913.00 for "phase 2" services. It appears that in order to pay for this contract, Betula assisted Debtor in obtaining a short-term loan (18 months) for $7,000,000 from BOBS LLC with a balloon payment due April 1, 2020. (BOBS LLC later transferred the claim to Royalty Equity Lending (POC 2).)  Id.

The third, a "CFD Bonds Procurement – CM – Development Agreement" dated March 13, 2019 was for "construction" services for an additional $6,224,490.00.  Id.

While the three contracts totaled over $13,336,903.00 and much of the fees were paid, the Debtor is still waiting for entitlements on the Los Angeles Properties which remain undeveloped. What value, if any, the Debtor received on behalf of these paid fees is unclear.

Betula was directed by Jonathan Pae, David Park, and Jamie Cho. The Debtor is now informed and believes that these individuals effectively controlled the Debtor's attorney's Donna Bullock, and its manager, Betty Zheng.  The circumstantial evidence already collected is quite strong.

Betula is located at 800 W 6th St, Suite 1250, Los Angeles, CA 90017.
https://www.betulalenta.com/contact-us  Ms. Bullock lists that same address on her State Bar profile.
https://apps.calbar.ca.gov/attorney/Licensee/Detail/109223  (Ms. Bullock also has a lengthy disciplinary history with the State Bar.)

While the full extent of Ms. Bullock's relationship with Betula is not clear, Debtor has learned that Ms. Bullock has performed legal services for Betula. Ex. 6 (Pennington Claim) (attaching an agreement between Betula and Pennington, but not Debtor, and witnessed by Ms. Bullock).

Ms. Bullock, as counsel for Debtor, filed this bankruptcy case on its behalf.  Betula was involved with the bankruptcy filing as Mr. Pae, as CEO of Betula, signed the Debtor's corporate authorization to file this bankruptcy case.  Ex. 2 (Corporate Authorization).[1]

Debtor's SOFA, filed by Ms. Bullock, represents that Betula owned a 10% interest in the Debtor.  See Exhibit 3 (SOFA).  It also represents that the Debtor paid $324,194 to Betula on "1/1 & 4/22/21" for the purpose of "Developer/Project Manager."

Debtor's Original Schedule E/F, also filed by Ms. Bullock, represented that Betula was an unsecured creditor holding an allowed claim in the amount of "$1,000,000.00 pre-petition, $2,749,000 balance due-contract."  The basis of the scheduled claim was "Project Management Development Services."  See Exhibit 4 (Original Schedule E/F) at ¶ 3.4.

---

[1] During her three plus months as the Debtor's counsel of record, Ms. Bullock did not file an employment application.  After undersigned counsel substituted into this case on 12/6/21, Ms. Bullock has not been cooperative. Debtor suspects that Ms. Bullock knew that she was not disinterested due to her conflict of interest with Betula, and therefore ineligible for employment under § 327.  Debtor is filing a motion for court review of compensation paid to Ms. Bullock under § 329.

Page 3 of 5
In Re: Jinzheng Group (USA) LLC
Case No. 2:21-bk-16674-ER
February 1, 2022

Debtor's amended Schedule E/F, filed by undersigned counsel on 1/24/22, represents that Betula holds a claim in an unknown amount that is disputed, unliquidated, and contingent.  See Exhibit 5 (Amended Schedule E/F) at ¶ 3.4.

The claims bar date is 2/4/22.  Doc. 55.  To date, Betula has not filed a proof of claim.

Debtor disputes that it owes anything to Betula.  Instead, Debtor intends to sue Betula for money damages in the millions of dollars.

Betula should not be a member of the Committee because it is an insider of the Debtor and has two conflicts of interest.

Betula is an "insider" because it was a "person in control of the debtor" pursuant to the three consulting agreements described above.  See 11 U.S.C. § 101(31)(B)(iii) (insider includes a person in control of a corporate debtor).  See also Ex. 2 (Corporate Resolution).  While there is no per se rule against insiders serving on creditors committees, the relationship between the insider and the debtor is examined on a case by case basis to determine whether the relationship justifies exclusion of the person from the creditors' committee.  7 Collier on Bankruptcy ¶ 1102.02(a)(vi).

Here, the insider relationship between Debtor and Betula justifies exclusion of Betula from the Committee because Betula has an unavoidable conflict of interest.  Debtor intends to sue Betula (and others) for, among other things, fraudulent inducing the Debtor and Mr. Yang to pay millions of dollars for professional services that were not actually provided and did not result in any meaningful benefit to the Debtor.  Any recovery by the Debtor against Betula could benefit the unsecured creditors the Committee represents.  That is an unavoidable conflict of interest which requires Betula to be removed as a member of the Committee.

### Pennington Construction Advisors, Inc.

Pennington Construction Advisors, Inc. ("Pennington") appears to be a construction advisory firm ran by Todd Pennington.  https://penncoinc.com/

Debtor's original Schedule E/F, filed by Ms. Bullock, represented that Pennington was an unsecured creditor holding a claim in the amount of "$100,000 est." that was listed as unliquidated but not as disputed or contingent.  Ex. 4 (Original Schedule E/F).

Debtor's amended Schedule E/F represents that Pennington holds a claim in an unknown amount that is listed as disputed, unliquidated, and contingent.  Ex. 5 (Amended Schedule E/F).

Pennington is filing a proof of claim in Debtor's bankruptcy case.  The court's filing is still pending but a copy was provided by Mr. Pennington ("Pennington Claim").  Ex. 6 (Pennington Claim).

The Pennington Claim asserts an unsecured claim in the amount of $75,000 (which is $25,000 less than estimated by the Original Schedule E/F).  In response to question of "other names the creditor used for the debtor," Pennington says "several exist. my company entered contract with Betula Lenta, Inc."  *Id.*

The Pennington Claim includes a copy of its contract with Betula and certain invoices payable by Betula. Debtor is not a party to that contract nor named as a liable party on the invoices.  Interestingly, however,

Page 4 of 5
In Re: Jinzheng Group (USA) LLC
Case No. 2:21-bk-16674-ER
February 1, 2022

Ms. Bullock signed the contract as a witness.  This evidences that Ms. Bullock was performing legal services for both the Debtor and Betula despite the obvious conflicts of interest.

Ms. Bullock represented the Debtor at all relevant times.  Debtor entered into three contracts with Betula whereby the Debtor paid millions of dollars to Betula for "consulting services" that were not provided and did not result in any benefit to the Debtor.  Meanwhile, during this representation of Debtor, Ms. Bullock also signed as a witness to a third-party agreement between Betula and Pennington for "consulting services."

Pennington is not a creditor of the Debtor.  It is a creditor of an insider, Betula.  Pennington's interest in this bankruptcy case derives solely from Betula.  Therefore, Pennington should not be a member of the Committee for the same reasons as Betula.  If an insider cannot be a member of a committee, then surely an insider's creditor cannot be a member of a committee.

### The Phalanx Group, Inc.

The Phalanx Group ("Phalanx") appears to be a security services company ran by Anthony Rodriguez.

Debtor's SOFA, filed by Ms. Bullock, represents the Debtor made $13,725 in payments to Phalanx on "5-Aug, 9-Jun, 7-Jul" for the purpose of "services."

Debtor's Original Schedule E/F, filed by Ms. Bullock, represented that Phalanx holds an allowed claim in the amount of $180,000 for "security services for properties."

Debtor's Amended Schedule E/F represents that Phalanx holds a claim in an unknown amount that is listed as disputed, unliquidated, and contingent.  Ex. 5 (Amended Schedule E/F).

The claims bar date is 2/4/22.  Doc. 55.  To date, Phalanx has not filed a proof of claim.  Likewise, Mr. Rodriguez has not responded to Debtor's repeated requests for documents substantiating his claim against Debtor's bankruptcy estate.  Ex 7 (Communications to Phalanx).  If Phalanx does not file a proof of claim by 2/4/22, then it should also be removed as a member of the Committee because it does not have a claim against the Debtor's bankruptcy estate following Debtor's Amended Schedule E/F.

### Conclusion

This is not your typical chapter 11.  Debtor is a victim of a conspiracy involving Betula, Ms. Bullock, and Ms. Zheng.  That conspiracy caused Debtor to pay millions of dollars for professional services that were not provided and did not benefit the Debtor.  That conspiracy caused Debtor to file this chapter 11 case.  That conspiracy is not cooperating with the Debtor's efforts to discovery the truth.  And that conspiracy are now members of the Committee.  Betula is an insider with a very troubling conflict of interest.  Pennington is only a creditor of Betula.  And Phalanx has not filed a proof of claim, has not responded to Debtor's request for documents, and possibly affiliated with Betula in some way.

Accordingly, I respectfully request that your office reconsider its appointment of the Committee.  I would like to discuss this matter in a constructive way with you before filing a motion under Rule 2020 and § 1102.

Page 5 of 5
In Re: Jinzheng Group (USA) LLC
Case No. 2:21-bk-16674-ER
February 1, 2022


Regards,


/s/Christopher J. Langely
Christopher J. Langley
Shioda, Langley & Chang, LLP
chris@slclawoffice.com


Exhibits
1 – Exclusivity Reply
2 – Corporate Authorization
3 – Statement of Financial Affairs
4 – Original Schedule E/F
5 – Amended Schedule E/F
6 – Pennington Claim
7 – Phalanx Correspondence

Exhibit 6

Donna Bullock, Esq.
(SBN 109223)
LAW OFFICES OF DONNA BULLOCK
800 W. 6th St., Ste. 1250
Los Angeles, CA 90017
Tel:  (562) 726-0778
Fax:  (562) 683-0319
donnabullockcarrera@yahoo.com

UNITED STATES BANKRUPTCY COURT FOR THE

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In re: | ) | Case No. 2:21-bk-16674.ER |
| | ) | |
| JINZHENG GROUP (USA) LLC | ) | Chapter 11 |
| | ) | |
| Debtor-in-Possession | ) | CORPORATE RESOLUTION |
| | ) | AUTHORIZING FILING |
| | ) | |
| | ) | |

JINZHENG GROUP (USA) LLC, the above-named Chapter 11 Debtor in Possession,

submits the attached Corporate Resolution Authorizing Filing.

Pursuant to the corporate resolution of Debtor Jinzheng Group (USA) LLC, a California

limited liability company, signed by all the members, a copy of which is attached hereto,  Debtor

hereby designates BETTY ZHENG as provided under FRBP 9001(5), as the individual

responsible for discharging the duties of the debtor-in-possession under 11 U.S.C. Section 1107,

and as may be required by the court or the United States Trustee.

Dated:  September 7, 2021        By _____

Donna Bullock, Attorney for
Debtor in Possession
JINZHENG GROUP (USA) LLC

## UNANIMOUS WRITTEN CONSENT OF THE MEMBERS OF

## JINZHENG GROUP (USA) LLC

The undersigned, JIANQING YANG, BETTY ZHENG and BETULA LENTA, a California corporation, being all of the Members of Jinzheng Group (USA) LLC, (the "Company") by this writing approve of the following resolutions.

## BANKRUPTCY FILING

WHEREAS, it has been determined to be in the best interests of the Company to file a voluntary petition in the United States Bankruptcy Court pursuant to Chapter 11 of Title 11 of the United States Code.

WHEREAS, the Members have retained the Law Offices of Donna Bullock to represent the Company in its Petition.

WHEREAS, it has been determined to be in the best interest of the Company to appoint Betty Zheng as the Manager of the Company to execute and deliver all documents, and perform all acts necessary to initiate and perfect a voluntary Chapter 11 bankruptcy case in the United States Bankruptcy Court for the Central District of California, in the name and on behalf of the Company it is

NOW, THEREFORE, BE IT RESOLVED, that the Members of the Company approve the filing of the Company of a voluntary petition in the United States Bankruptcy Court pursuant to Chapter 11 of Title 11 of the United States Code;

RESOLVED FURTHER, that the retention of the Law Offices of Donna Bullock as counsel to represent the Company in its petition is hereby approved, which may take such actions as directed by the Manager, including but not limited to the filing of a bankruptcy petition under Title 11 of the United States Code and the prosecution of such a case to its conclusion.

IT IS FURTHER RESOLVED that the Manager Betty Zheng for the Company may also retain and employ assistance by legal counsel for the plan confirmation, and other professionals, or such individuals as she may deem necessary and proper with a view to the successful conclusion of such bankruptcy proceedings.

IT IS FURTHER RESOLVED that the Betty Zheng be, and hereby is, authorized and directed to do all acts necessary, to make all decisions relating to the Company or its management after the execution of this Resolution, and provide such documentation as requested to carry out the intent of these resolutions.

This consent is executed pursuant to Section 17704.07(c)(4)(B) of the California

Corporations Code.


Dated: August _23_, 2021

By: _JIANQING YANG by ‡‡ as his attorney_
　　Jianqing Yang, Member　_in fact_


Dated: August _23_, 2021

By:_____
　　Betty Zheng, Member-Manager


Dated: August _23_, 2021

BETULA LENTA,
a California corporation

By:_____
　　Jonathan Pae, Chief Executive Officer

**Fill in this information to identify the case:**

Debtor name    JINZHENG GROUP (USA) LLC

United States Bankruptcy Court for the:    CENTRAL    District of   CA
                                                                        (State)

Case number (if known):    2:21-bk-16674-ER

☐ Check if this is an amended filing

## Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy    04/19

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

| Part 1: | Income |
| --- | --- |

**1. Gross revenue from business**

☐ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
| --- | --- | --- | --- |
| **From the beginning of the fiscal year to filing date:** | From 01/01/2021 to   Filing date<br>MM/DD/YYYY | ☐ Operating a business<br>☒ Other RENTAL INCOME | $ 15,987 |
| **For prior year:** | From 01/01/2020 to 12/31/2020<br>MM/DD/YYYY     MM/DD/YYYY | ☐ Operating a business<br>☒ Other RENTAL INCOME | $ 40,644 |
| **For the year before that:** | From 01/01/2019 to 12/31/2019<br>MM/DD/YYYY     MM/DD/YYYY | ☐ Operating a business<br>☒ Other RENTAL INCOME | $ 18,763 |

**2. Non-business revenue**

Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☒ None

| | | | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
| --- | --- | --- | --- | --- |
| **From the beginning of the fiscal year to filing date:** | From _____ to   Filing date<br>MM/DD/YYYY | | _____ | $_____ |
| **For prior year:** | From _____ to _____<br>MM/DD/YYYY    MM/DD/YYYY | | _____ | $_____ |
| **For the year before that:** | From _____ to _____<br>MM/DD/YYYY    MM/DD/YYYY | | _____ | $_____ |

| Debtor | JINZHENG GROUP (USA) LLC | Case number (if known) | 2:21-bk-16674-ER |
|---|---|---|---|
| | Name | | |

<div style="background:black;color:white">**Part 2:**</div> **List Certain Transfers Made Before Filing for Bankruptcy**

3. **Certain payments or transfers to creditors within 90 days before filing this case**    See Attachment

List payments or transfers—including expense reimbursements—to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None

| | Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer Check all that apply |
|---|---|---|---|---|
| 3.1. | Bobs, LLC | 7/1/2021 | $ 174,432.90 | ☒ Secured debt |
| | Creditor's name | | | ☐ Unsecured loan repayments |
| | 600 S. Spring Street   Ste 106 | 8/1/2021 | | ☐ Suppliers or vendors |
| | Street | | | ☐ Services |
| | Los Angeles, CA 90014 | | | ☐ Other _____ |
| | City          State     ZIP Code | | | |
| 3.2. | LA County Tax Assessor | 1/19 | 29,813.85 | ☐ Secured debt |
| | Creditor's name | & | | ☐ Unsecured loan repayments |
| | 255 N. Hill Street, First Fl | 1/20/21 | | ☐ Suppliers or vendors |
| | Street | | | ☐ Services |
| | Los Angeles CA 90012 | | | ☒ Other  Unsecured priority property taxes |
| | City          State     ZIP Code | | | |

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☐ None

| | Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|---|
| 4.1. | Betula Lenta | 1/1/ & | $ 324,194 | Developer/Project Manager |
| | Insider's name | 4/22/21 | | |
| | Street | | | |
| | 800 W. 6th Street, Suite 1250B | | | |
| | City          State     ZIP Code | | | |
| | Los Angeles, CA 90017 | | | |
| | Relationship to debtor | | | |
| | Manager/Member | | | |
| 4.2. | Jianqing Yang | 1/15/21 | 46,800 | Loan Payment |
| | Insider's name | | $ | |
| | PO Box 3702 | | | |
| | Street | | | |
| | Alhambra, CA 91803 | | | |
| | City          State     ZIP Code | | | |
| | Relationship to debtor | | | |

| Debtor | JINZHENG GROUP (USA) LLC | Case number (if known) | 2:21-bk-16674-ER |
|---|---|---|---|
| | Name | | |

**5. Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☒ None

| | Creditor's name and address | Description of the property | Date | Value of property |
|---|---|---|---|---|
| 5.1. | | | | $ |
| | Creditor's name | | | |
| | Street | | | |
| | City          State          ZIP Code | | | |
| 5.2. | | | | $ |
| | Creditor's name | | | |
| | Street | | | |
| | City          State          ZIP Code | | | |

**6. Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☒ None

| | Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|---|
| | | | | $ |
| | Creditor's name | | | |
| | Street | | | |
| | City          State          ZIP Code | Last 4 digits of account number: XXXX– __ __ __ __ | | |

## Part 3:  Legal Actions or Assignments

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None

| | Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1. | Jinzheng Group v. Best Alliance | Mortgage Foreclosure Action | Los Angeles Superior Court<br>Name<br>111 North Hill Street<br>Street<br>Los Angeles, CA 90012<br>City          State          ZIP Code | ☒ Pending<br>☐ On appeal<br>☐ Concluded |
| | Case number<br>21STCV30513 | | | |
| 7.2. | Case title | | Court or agency's name and address<br>Name<br>Street<br>City          State          ZIP Code | ☐ Pending<br>☐ On appeal<br>☐ Concluded |
| | Case number | | | |

| Debtor | JINZHENG GROUP (USA) LLC | Case number (if known) | 2:21-bk-16674-ER |
|---|---|---|---|
| | Name | | |

**8. Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

[X] None

| Custodian's name and address | Description of the property | Value |
|---|---|---|
| | | $ |
| Custodian's name | **Case title** | **Court name and address** |
| Street | | Name |
| | **Case number** | Street |
| City          State          ZIP Code | | City          State          ZIP Code |
| | **Date of order or assignment** | |

---

| Part 4: | Certain Gifts and Charitable Contributions |
|---|---|

**9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

[X] None

| | Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|---|
| 9.1. | Recipient's name | | | $ |
| | Street | | | |
| | City          State          ZIP Code | | | |
| | **Recipient's relationship to debtor** | | | |
| 9.2. | Recipient's name | | | $ |
| | Street | | | |
| | City          State          ZIP Code | | | |
| | **Recipient's relationship to debtor** | | | |

---

| Part 5: | Certain Losses |
|---|---|

**10. All losses from fire, theft, or other casualty within 1 year before filing this case.**

[X] None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss | Date of loss | Value of property lost |
|---|---|---|---|
| | If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received. | | |
| | List unpaid claims on Official Form 106A/B (*Schedule A/B: Assets – Real and Personal Property*). | | |
| | | | $ |

---

Official Form 207                Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy                page 4

| Debtor | JINZHENG GROUP (USA) LLC | | Case number (if known) | 2:21-bk-16674-ER |
|---|---|---|---|---|
| | Name | | | |

| Part 6: | Certain Payments or Transfers |
|---|---|

**11. Payments related to bankruptcy See Attachment**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | Marshak Hays | | 8/23/21 | $ 9,207.50 |
| | **Address** | | | |
| | 870 Roosevelt | | | |
| | Street | | | |
| | Irvine, CA 90260 | | | |
| | City                              State        ZIP Code | | | |
| | **Email or website address** | | | |
| | www.marshakhays.com | | | |
| | **Who made the payment, if not debtor?** | | | |
| | | | | |

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.2. | Best, Best Krieger | | 8/23/2021 | $ 5,000 |
| | **Address** | | | |
| | 18101 Von Karman Ave | | | |
| | Street | | | |
| | Ste 1000 | | | |
| | Irvine, CA 92612 | | | |
| | City                              State        ZIP Code | | | |
| | **Email or website address** | | | |
| | www.bbklaw.com | | | |
| | **Who made the payment, if not debtor?** | | | |
| | | | | |

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☒ None

| | Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|---|
| | | | | $ |
| | **Trustee** | | | |

| Debtor | JINZHENG GROUP (USA) LLC | Case number (if known) | 2:21-bk-16674-ER |
|--------|--------------------------|------------------------|------------------|
| | Name | | |

**13. Transfers not already listed on this statement**

List any transfers of money or other property—by sale, trade, or any other means—made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☐ None

| | Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|------------------------|-----------------------------------------------------------------------------------|------------------------|------------------------|
| 13.1. | BOBS LLC   Royalty Equity Lending LLC | Security Interest in 2526 - 2528 Lincoln Park, 2520 - 2522 1/2 Lincoln Park, 2602 Lincoln Park and Lot with no new value; $3 million payoffs of 1st trust deeds on these properties and Loan extension fee of $430,500 | 11/25/2020 | $4,607,946 |
| | **Address** | | | |
| | 7525 Avalon Bay St | | | |
| | Street | | | |
| | Las Vegas, NV 89139 | | | |
| | City               State        ZIP Code | | | |
| | **Relationship to debtor** | | | |
| | Secured Creditor | | | |
| 13.2. | Who received transfer? | 150 La Sierra, Arcadia, CA | 1/9/2020 | $ 1,950,000 |
| | 150 La Sierra, LLC | | | |
| | **Address** | | | |
| | 150 E. La Sierra Drive | | | |
| | Street | | | |
| | Arcadia, CA 91006 | | | |
| | City               State        ZIP Code | | | |
| | **Relationship to debtor** | | | |
| | None, Debtor was former member. | | | |

**Part 7:    Previous Locations**

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☒ Does not apply

| | Address | Dates of occupancy | |
|---|---------|--------------------|--|
| 14.1. | | From _____ To _____ | |
| | Street | | |
| | City               State        ZIP Code | | |
| 14.2. | | From _____ To _____ | |
| | Street | | |
| | City               State        ZIP Code | | |

| Debtor | JINZHENG GROUP (USA) LLC | Case number *(if known)* | 2:21-bk-16674-ER |
|---|---|---|---|
| | Name | | |

## Part 8:    Health Care Bankruptcies

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:

— diagnosing or treating injury, deformity, or disease, or

— providing any surgical, psychiatric, drug treatment, or obstetric care?

☒ No. Go to Part 9.

☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|

**15.1.**

| | | |
|---|---|---|
| Facility name | | |
| Street | Location where patient records are maintained (if different from facility address). If electronic, identify any service provider. | How are records kept? |
| City          State          ZIP Code | | *Check all that apply:*<br>☐ Electronically<br>☐ Paper |

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|

**15.2.**

| | | |
|---|---|---|
| Facility name | | |
| Street | Location where patient records are maintained (if different from facility address). If electronic, identify any service provider. | How are records kept? |
| City          State          ZIP Code | | *Check all that apply:*<br>☐ Electronically<br>☐ Paper |

## Part 9:    Personally Identifiable Information

**16. Does the debtor collect and retain personally identifiable information of customers?**

☒ No.

☐ Yes. State the nature of the information collected and retained. _____

Does the debtor have a privacy policy about that information?

☐ No

☐ Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☒ No. Go to Part 10.

Yes. Does the debtor serve as plan administrator?

☐ No. Go to Part 10.

☐ Yes. Fill in below:

| Name of plan | Employer identification number of the plan |
|---|---|
| | EIN: __ __ __ - __ __ __ __ __ __ __ |

Has the plan been terminated?

☐ No

☐ Yes

| Debtor | JINZHENG GROUP (USA) LLC | Case number (if known) | 2:21-bk-16674-ER |
|---|---|---|---|
| | Name | | |

**Part 10:** **Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?

Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☐ None

| | Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|---|
| 18.1. | East West Bank<br>Name<br>403 W. Valley Blvd<br>Street<br><br>Alhambra, CA 91803<br>City State ZIP Code | XXXX– 4528 | ☒ Checking<br>☐ Savings<br>☐ Money market<br>☐ Brokerage<br>☐ Other_____ | 8/26/2021 | $202,531.79 |
| 18.2. | East West Bank<br>Name<br>403 W. Valley Blvd<br>Street<br><br>Alhambra, CA 91803<br>City State ZIP Code | XXXX– 9189 | ☒ Checking<br>☐ Savings<br>☐ Money market<br>☐ Brokerage<br>☐ Other_____ | 8/30/2021 | $11,129.77 |

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☒ None

| Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| Name<br><br>Street<br><br>City State ZIP Code | <br>Address | | ☐ No<br>☐ Yes |

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☒ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| Name<br><br>Street<br><br>City State ZIP Code | <br>Address | | ☐ No<br>☐ Yes |

| Debtor | JINZHENG GROUP (USA) LLC | Case number (if known) | 2:21-bk-16674-ER |
|---|---|---|---|
| | Name | | |

## Part 11: Property the Debtor Holds or Controls That the Debtor Does Not Own

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☒ None

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|
| | | | $ |
| Name | | | |
| Street | | | |
| City          State          ZIP Code | | | |

## Part 12: Details About Environmental Information

For the purpose of Part 12, the following definitions apply:

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).
- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.
- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☒ No
☐ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| | | | ☐ Pending |
| Case number | Name | | ☐ On appeal |
| | Street | | ☐ Concluded |
| | City          State          ZIP Code | | |

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☒ No
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| Name | Name | | |
| Street | Street | | |
| City          State          ZIP Code | City          State          ZIP Code | | |

| Debtor | JINZHENG GROUP (USA) LLC | Case number (if known) | 2:21-bk-16674-ER |
|---|---|---|---|
| | Name | | |

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☒ No
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| Name | Name | | |
| Street | Street | | |
| City          State          ZIP Code | City          State          ZIP Code | | |

---

**Part 13:    Details About the Debtor's Business or Connections to Any Business**

**25. Other businesses in which the debtor has or has had an interest**
List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case.
Include this information even if already listed in the Schedules.

☐ None

| | Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|---|
| 25.1. | 150 La Sierra, LLC<br>Name<br>150 E. La Sierra Drive<br>Street<br>Arcadia, CA 91006<br>City          State          ZIP Code | Real Estate Development | EIN: __ __ – __ __ __ __ __ __ __<br>**Dates business existed**<br><br>From  12/2019 To  present |
| 25.2. | Name<br>Street<br>City          State          ZIP Code | | EIN: __ __ – __ __ __ __ __ __ __<br>**Dates business existed**<br><br>From _____  To _____ |
| 25.3. | Name<br>Street<br>City          State          ZIP Code | | EIN: __ __ – __ __ __ __ __ __ __<br>**Dates business existed**<br><br>From _____  To _____ |

---

| Debtor | JINZHENG GROUP (USA) LLC | Case number *(if known)* | 2:21-bk-16674-ER |
|---|---|---|---|
| | Name | | |

## 26. Books, records, and financial statements

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| 26a.1.  Accutax Services / Lily Yan | From 2018  To Present |
| Name   9040 Telstar Ave, Ste 105 | |
| Street  El Monte, CA 91731 | |
| City                State           ZIP Code | |

| Name and address | Dates of service |
|---|---|
| 26a.2. | From _____  To _____ |
| Name | |
| Street | |
| City                State           ZIP Code | |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| 26b.1. | From _____  To _____ |
| Name | |
| Street | |
| City                State           ZIP Code | |

| Name and address | Dates of service |
|---|---|
| 26b.2. | From _____  To _____ |
| Name | |
| Street | |
| City                State           ZIP Code | |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1.  Betty Zheng | _____ |
| Name   100 E. Huntington Drive, Suite 207 | _____ |
| Street  Alhambra, CA 91801 | _____ |
| City                State           ZIP Code | |

Debtor   **JINZHENG GROUP (USA) LLC**
Name

Case number (if known) 2:21-bk-16674-ER

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.2. Name<br>Street<br>City State ZIP Code | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

| Name and address |
|---|
| 26d.1. Testa Capital Group<br>Name 620 Newport Center Drive, Suite 1100<br>Street Newport Beach, CA 92660<br>City State ZIP Code |

| Name and address |
|---|
| 26d.2. JLJ Capital LLC<br>Name 330 Changebridge Rd<br>Street Pinebrook, NJ 07058<br>City State ZIP Code |

**27. Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☒ No
☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| | | $ |

| Name and address of the person who has possession of inventory records |
|---|
| 27.1. Name<br>Street<br>City State ZIP Code |

Official Form 207   Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy   page 12

| Debtor | JINZHENG GROUP (USA) LLC | Case number (if known) | 2:21-bk-16674-ER |
|--------|--------------------------|------------------------|-------------------|
| | Name | | |

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| | | $ |

| Name and address of the person who has possession of inventory records |
|---|

27.2.

Name

Street

| City | State | ZIP Code |
|---|---|---|

**28.** List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| Betty Zheng | 100 E. Huntington Dr. Ste 207 | Manager | 0 |
| Jianqing Yang | PO Box 3702, Alhambra, CA 91803 | Member | 90% |
| Betula Lenta | 800 W. 6th Street, Ste 1250 | Member | 10% |
| | | | |
| | | | |

**29.** Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?

☒ No
☐ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| | | | From ____ To ____ |
| | | | From ____ To ____ |
| | | | From ____ To ____ |
| | | | From ____ To ____ |

**30. Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☐ No
☒ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.1. Jianqing Yang | 184,483.28 | 1/5, 6/1, 6/5, 6/29, 7/16, 7/28, 7/29, 8/3 & 8/12/21 | Loan Repayment |
| Name | | | |
| PO Box 3702, | | | |
| Street | | | |
| Alhambra, CA 91803 | | | |
| City          State          ZIP Code | | | |
| Relationship to debtor | | | |
| Manager | | | |

Debtor **JINZHENG GROUP (USA) LLC**
Name

Case number (if known) 2:21-bk-16674-ER

| | | | | | |
|---|---|---|---|---|---|
| | Name and address of recipient | | $324,194 | Jan 15 | Development |
| 30.2 | **Betula Lenta** | | | April 12 | Project Mgmt |
| | Name | | | ——— | |
| | 800 W. 6th Street, Suite 11250 | | | | |
| | Street Los Angeles, CA 90017 | | | ——— | |
| | City | State | ZIP Code | ——— | |
| | Relationship to debtor | | | ——— | |
| | Member | | | ——— | |

**31.** Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?

☒ No
☐ Yes. Identify below.

| Name of the parent corporation | Employer identification number of the parent corporation |
|---|---|
| _____ | EIN: __ __ - __ __ __ __ __ __ __ |

**32.** Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?

☒ No
☐ Yes. Identify below.

| Name of the pension fund | Employer identification number of the pension fund |
|---|---|
| _____ | EIN: __ __ - __ __ __ __ __ __ __ |

## Part 14:   Signature and Declaration

**WARNING** — Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    9/11/2021
          MM / DD / YYYY

✗ _____          Printed name   Betty Zheng
Signature of individual signing on behalf of the debtor

Position or relationship to debtor    Manager

Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy (Official Form 207)* attached?
☐ No
☒ Yes

JINZHENG GROUP (USA) LLC

Case number 2:21-bk-16674-ER

## Continuation Sheets Certain payments or transfers to creditors within 90 days

|  | Name Address | Dates | Total Amount or Value | Reason for payment or transfer |
|---|---|---|---|---|
| 3.3 | Jianqing Yang<br>PO Box 3702<br>Alhambra, CA 91803 | 5-Jun<br><br>12-Aug<br>1-Jun<br>29-Jun | $133,246.00 | ☐ Secured Debt<br>☒ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other |
| 3.4 | The Code Solution<br>800 W. 6th Street, Suite 1250A<br>Los Angeles, CA 90017 | 7-Jul | $64,800.00 | ☐ Secured Debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☒ Services<br>☐ Other |
| 3.5 | Marshak Hays<br>870 Roosevelt<br>Irvine, CA 92620 | 23-Aug | $65,000.00 | ☐ Secured Debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☒ Services<br>☐ Other |
| 3.6 | JLJ Capital<br>330 Changebridge Rd<br>Pinebrook, NJ 07058 | 2-Jun | $50,000.00 | ☐ Secured Debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☒ Services<br>☐ Other |
| 3.7 | Testa Capital Group<br>620 Newport Center Drive, Suite 1100<br>Newport Beach, CA 92660 | 12-Aug | $35,100.00 | ☐ Secured Debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☒ Services<br>☐ Other |

JINZHENG GROUP (USA) LLC

Case number 2:21-bk-16674-ER

## Continuation Sheets Certain payments or transfers to creditors within 90 days

| | | | | | |
|---|---|---|---|---|---|
| 3.8 | KP Consulting C/O David Park | 7-Jul | $18,600.00 | | ☐ Secured Debt |
| | 800 W. 6th Street, Suite 1250 | 9-Jun | | | ☐ Unsecured loan repayments |
| | Los Angeles, CA 90017 | 5-Aug | | | ☐ Suppliers or vendors |
| | | | | | ☒ Services |
| | | | | | ☐ Other |
| 3.9 | The Phalanx Group | 5-Aug | 13,725.00 | | ☐ Secured Debt |
| | 424 E. 15th St, Ste. 10 | 9-Jun | | | ☐ Unsecured loan repayments |
| | Los Angeles, CA 90015 | 7-Jul | | | ☐ Suppliers or vendors |
| | | | | | ☒ Services |
| | | | | | ☐ Other |
| 3.10 | JBC Professional Brush Removal | 18-Jun | $12,500.00 | | ☐ Secured Debt |
| | PO Box 661625 | 23-Jun | | | ☐ Unsecured loan repayments |
| | Los Angeles, CA 90066 | 30-Jun | | | ☐ Suppliers or vendors |
| | | | | | ☒ Services |
| | | | | | ☐ Other |
| 3.11 | Betty Zheng | 23-Aug | $11,000.00 | | ☐ Secured Debt |
| | 100 E. Huntington Dr., Ste. 207 | 12-Aug | | | ☐ Unsecured loan repayments |
| | Alhambra, CA 91801 | | | | ☐ Suppliers or vendors |
| | | | | | ☐ Services |
| | | | | | ☒ Other Office expense |
| 3.12 | Ben Park C/O  David Park | 27-May | $16,500.00 | | ☐ Secured Debt |
| | 800 W. 6th Street, Suite 1250 | 5-Aug | | | ☐ Unsecured loan repayments |
| | Los Angeles, CA 90017 | | | | ☐ Suppliers or vendors |
| | | | | | ☒ Services |
| | | | | | ☐ Other |
| 3.13 | Land Design Consultants | 5-Aug | 6,974.21 | | ☐ Secured Debt |

JINZHENG GROUP (USA) LLC
Case number 2:21-bk-16674-ER

**Continuation Sheets Certain payments or transfers to creditors within 90 days**

| | | | | |
|---|---|---|---|---|
| | 800 Royal Oak Drive, Ste 104 | | | ☐ Unsecured loan repayments |
| | Monrovia, CA 91016 | | | ☐ Suppliers or vendors |
| | | | | ⊠ Services |
| | | | | ☐ Other |
| 3.14 | Yepez Gardening Services | 26-May | 3,200.00 | ☐ Secured Debt |
| | 2124 N. Marengo Ave, | | | ☐ Unsecured loan repayments |
| | Altadena, CA 91001 | | | ☐ Suppliers or vendors |
| | | | | ⊠ Services |
| | | | | ☐ Other |
| 3.15 | Griffin Underwriters | 22-Jul | 2,416.40 | ☐ Secured Debt |
| | PO Box 3867 | 3-Aug | | ☐ Unsecured loan repayments |
| | Bellevue, WA 98009 | 5-Aug | | ☐ Suppliers or vendors |
| | | | | ☐ Services |
| | | | | ⊠ Other Insurance Premium |
| 3.16 | American Modern Payment | 26-Jul | 2,043.00 | ☐ Secured Debt |
| | 7000 Midland Blvd | 26-Jul | | ☐ Unsecured loan repayments |
| | Amelia OH 45102 | 26-Jul | | ☐ Suppliers or vendors |
| | | 30-Jul | | ☐ Services |
| | | | | ⊠ Other Insurance Premium |
| 3.17 | State Farm | 14-Jul | $2,037.88 | ☐ Secured Debt |
| | PO Box 588002 | 14-Jul | | ☐ Unsecured loan repayments |
| | North Metro, GA 30029 | | | ☐ Suppliers or vendors |
| | | | | ☐ Services |
| | | | | ⊠ Other Insurance Premium |
| 3.18 | Bamboo Insurance | 4-Aug | $1,568.00 | ☐ Secured Debt |

JINZHENG GROUP (USA) LLC
Case number 2:21-bk-16674-ER

**Continuation Sheets Certain payments or transfers to creditors within 90 days**

| | | | | |
|---|---|---|---|---|
| | 7050 Union Park Center, Ste 400 B<br>Midvale, UT 84047 | 4-Aug | | ☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☒ Other Insurance Premium |
| 3.19 | California American Water<br>8657 Grand Avenue<br>Rosemead, CA 91770 | 6-Jul | 1,077.34 | ☐ Secured Debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☒ Other Utility Payment |
| 3.20 | Hayward Appraisal<br>22243 Peralta Street<br>Hayward, CA 94541 | 10-Jul | $750.00 | ☐ Secured Debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☒ Services<br>☐ Other |
| 3.21 | LADWP<br>PO Box 51111<br>Los Angeles,CA 90051-0100 | 7-Jun<br>30-Jul | $619.19 | ☐ Secured Debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☒ Other Utility Payment |
| 3.22 | Capital One<br>PO Box 71083<br>Charlotte, NC 28272-1083 | 10-Jun | 567.39 | ☐ Secured Debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☒ Other |
| 3.23 | So California Edison | 13-Jul | $311.15 | ☐ Secured Debt |

JINZHENG GROUP (USA) LLC
Case number 2:21-bk-16674-ER

## Continuation Sheets Certain payments or transfers to creditors within 90 days

| | | | | |
|---|---|---|---|---|
| | P.O. Box 800 | 10-Aug | | ☐ Unsecured loan repayments |
| | Rosemead, CA 91770 | | | ☐ Suppliers or vendors |
| | | | | ☐ Services |
| | | | | ☒ Other Utility Payment |
| 3.24 | State of CA Franchise Tax Board | 13-Jul | 88.72 | ☐ Secured Debt |
| | | | | ☐ Unsecured loan repayments |
| | PO Box 942857 | | | ☐ Suppliers or vendors |
| | Sacramento CA 94257-05313581 | | | ☐ Services |
| | | | | ☒ Other Tax |

JINZHENG GROUP (USA) LLC

Case number 2:21-bk-16674-ER

**<u>Continuation Payments Related to bankruptcy</u>**

| Who was paid or received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| 11.3   Donna Bullock 800 W 6th Street Ste 1250 Los Angeles, CA 90017 | | 23-Aug | $45,000.00 |

Donnabullock@ymail.com

| Who made payment if not debtor? |
|---|
| Marshak Hays |

| Who was paid or received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| 11.4   Grobstein Teeple 23832 Rockfield Boulevard,  Suite 245 Lake Forest, California 92630 | | 23-Aug | $2,402.50 |

https://www.gtllp.com/