Jeffrey W. Dulberg (State Bar No. 181200)
Robert M. Saunders (State Bar No. 226172)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail:   jdulberg@pszjlaw.com
          rsaunders@pszjlaw.com

[Proposed] Counsel to the Official Committee of
Unsecured Creditors

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>JINZHENG GROUP (USA) LLC,<br><br>Debtor and Debtor in Possession. | Case No. 2:21-bk-16674-ER<br><br>Chapter 11<br><br>**_EXPEDITED_ MOTION FOR EXAMINATION OF MAX YANG AS PERSON MOST KNOWLEDGEABLE FOR THE DEBTOR AND COMPELLING THE PRODUCTION OF DOCUMENTS PURSUANT TO FED. R. BANKR. P 2004 AND LBR 2004-1; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Declaration of Jeffrey W. Dulberg and Application for Order Setting Hearing on Shortened Notice Filed Concurrently Herewith] |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

The Committee of Creditors Holding Unsecured Claims (the "Committee") appointed in chapter 11 case (the "Case") of debtor and debtor in possession Jinzheng Group (USA) LLC (the "Debtor"), hereby moves the Court (the "Motion") for entry of an order (1) authorizing the Committee to conduct an oral examination of Max Yang ("Yang"), whom, to the best of the Committee's knowledge, is the person most knowledgeable for the Debtor; and (2) compelling the Debtor and Yang (on behalf of the Debtor) to produce certain documents, as listed in **Exhibit A** annexed hereto, which relate to the Case (the "Requested Documents").

## I.

## FACTUAL BACKGROUND

On August 24, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtor continues in possession of its property and is operating and managing its business as a debtor in possession pursuant to the provisions of 11 U.S.C. §§ 1107(a).

On January 25, 2022, the United States Trustee appointed the Committee to represent the interests of all unsecured creditors in this Case pursuant to 11 U.S.C. § 1102 of the Bankruptcy Code.  The members appointed to the Committee are: (i) Betula Lenta, Inc.; (ii) Pennington Construction Advisors, Inc.; and (iii) The Phalanx Group, Inc. *See Notice of Appointment and Appointment of Committee of Creditors Holding Unsecured Claims* [Docket No. 93].  Betula and Pennington provided construction services and Phalanx provided security services.

This is a straight-forward non-operating real estate case, with a duly appointed Committee consisting of three creditors with ordinary vendor claims for construction and security services that provided valuable contributions to the value of the Debtor's assets prepetition. The Debtor has embroiled this Case in contentiousness when it should be seeking consensus.  Rather than do so, the Debtor has refused to schedule an agreed-upon date for Max Yang's examination, repeatedly avoided moving forward with key reorganization initiatives and chosen anti-creditor activity versus explaining funds received by the principal while creditors remain unpaid.

Counsel to the Committee has attempted in good faith to confer with the Debtor's counsel regarding scheduling Yang's examination and for the production of certain documents relating to the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Case.  See Exhibit 1 to Declaration of Jeffrey W. Dulberg filed concurrently herewith (the "Dulberg Declaration").

A proposed order for the Rule 2004 examination is annexed hereto as **Exhibit B**.

## II.

## JURISDICTION AND VENUE

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 US.C. § 157(b)(2).  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  The Committee seeks relief pursuant to 1103 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 ("Rule 2004") of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Bankruptcy Rule 2004-1 ("LBR 2004-1").

## III.

## REQUESTED RELIEF

The Committee requests authority to compel Yang to appear for an oral examination, under oath, and to produce documents at the offices of the Committee's counsel on March 14, 2022 at 10:00 a.m., or on such other date as may be agreed to by the parties.  The Committee requests the examination of Yang so that it may obtain information relevant to the Case, and compelling Yang to produce documents related to Case, so that the Committee may fulfill its investigative and diligence duties regarding the Debtor, its business, ownership and financing, and its books and records.

Bankruptcy Rule 2004 provides that "[o]n motion of any party in interest, the court may order the examination of any entity."  Fed. R. Bankr. P. 2004(a).  Examinations under Bankruptcy Rule 2004 include within their scope, *inter alia*, any matter that may related to the property and assets of the estate, the financial condition of the debtor, and any matter that may affect the administration of a debtor's estate.  *See* Fed. R. Bankr. P. 2004(b).  In addition, the attendance of a person at an examination may be ordered by the Court "at any time or place it designates, whether within or without the district court wherein the case is pending."  Fed. R. Bankr. P. 2004(d).

The purpose of a Bankruptcy Rule 2004 examination is "to allow inquiry into the debtor's acts, conduct or financial affairs so as to discover the existence or location of assets of the estate."

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

*In re Dinbilo*, 177 B.R. 932, 940 (E.D. Cal. 1993); *see also In re N. Plaza LLC*, 395 B.R. 113, 122 n. 9 (S.D. Cal. 2008) (purpose of Bankruptcy Rule 2004 examination is "discovering assets and unearthing frauds") (internal citations omitted); *In re Fearn*, 96 B.R. 135, 138 (Bankr. S.D. Ohio 1989) (rule's primary purpose is to ascertain "the extent and location of the estate's assets [and] examination is not limited to the debtor or his agents, but may properly extend to creditors and third parties who have had dealings with the debtor.") (internal citations omitted).  In addition, Bankruptcy Rule 2004 is a discovery tool that can be used as a pre-litigation device to determine whether there are grounds to bring an action to determine a debtor's right to discharge a particular debt.  *See In re Corso*, 328 B.R. 375, 383 (E.D.N.Y. 2005).

The scope of an examination permitted under Bankruptcy Rule 2004 is "exceptionally broad."  *In re N. Plaza LLC*, 395 B.R. at 122 n. 9; *see also In re W&S Investments, Inc*. 1993 U.S. App. LEXIS 2231 at *6 (9th Cir. Jan. 28, 1993) ("The scope of inquiry permitted under a Rule 2004 examination is generally very broad and can legitimately be in the nature of a 'fishing expedition.'") (internal citations omitted).  "The clear intent of Rule 2004 . . . is to give parties in interest an opportunity to examine individuals having knowledge of the financial affairs of the debtor in order to preserve the rights of creditors."  *In re GHR Companies, Inc*., 41 B.R. 655, 660 (Bankr. D. Mass. 1984).  Rule 2004 "necessarily permits a broad investigation into the financial affairs of debtors to assure the proper administration of bankruptcy estates."  *In re Symington*, 209 B.R. 678, 682-84 (Bankr. D. Md. 1997).  *See, also, In re Tabletalk, Inc.*, 51 B.R. 143, 145 (Bankr. D. Mass. 1985) (providing that the scope of a 2004 Examination is "unfettered and broad"); *In re GHR Energy Corp.,* 33 B.R. 451, 453 (Bankr. D. Mass. 1983) (noting that Rule 2004 examination it allowed for the "purpose of discovery assets and unearthing frauds" and "to a considerable extent [may be] a fishing expedition"); *Keene Corp v. Johns-Manville Corp. (In re Johns-Manville)*, 42 B.R. 362, 364 (S.D.N.Y. 1984) (Rule 2004 examination may "cut a broad swath through the debtor's affairs").  The general purpose of Rule 2004 is to "assist a party in interest in determining the nature and extent of the bankruptcy estate, revealing assets, examining transactions and assessing whether wrongdoing has occurred."  *In re Recoton Corp.*, 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004) {citation omitted).

LBR 2004-1 sets forth the prerequisites for filing a motion seeking an examination and/or

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

production under Bankruptcy rule 2004, including efforts to meet and confer with the entity to be examined or its counsel.  LBR 2004-1(a) states:

> **Conference Required**.  Prior to filing a motion for examination or for the production of documents under FRBP 2004, the moving party must attempt to confer (in person or telephonically) with the entity to be examined, or its counsel, to arrange for a mutually agreeable date, time, place, and scope of an examination or production.

As stated above, counsel to the Committee has attempted in good faith to confer with the Debtor's counsel regarding scheduling Yang's examination and for the production of certain documents relating to the Case.  *Dulberg Declaration* Exhibit 1.

As stated above, the Committee requests the examination of Yang so that it may obtain information relevant to the Debtor and the Case, and compelling the Debtor and Yang to produce documents related to Case, so that the Committee may fulfill its investigative and diligence duties regarding the Debtor, its business, ownership and financing, and its books and records.

The examination requested herein proceeds under Bankruptcy Rule 2004 and LBR 2004-1; it cannot proceed under Bankruptcy Rules 7030 or 9014 because the issues under investigation do not arise solely in connection with any pending adversary proceeding or contested matter, and this Court has the discretion to and should order a 2004 examination here.[1]

---

[1] Pending before this Court, and scheduled to be heard on March 22, 2022 at 10:00 am Pacific time, are the (a) *Notice of Motion and Motion for (I) the Appointment of a Chapter 11 Trustee , or in the Alternative, (II)(A) Termination of the Plan and Solicitation Exclusivities and (B) Authorizing Standing for the Committee of Creditors Holding Unsecured Claims to Prosecute Actions Against Insiders of the Debtor*, filed March 1, 2022 [Docket No. 136]; and (b) *Motion to Change Membership and Disband Official Committee of Unsecured Creditors Pursuant to 11 U.S.C. §§ 1102(a)(4) and 105(a)*, filed March 1, 2022 [Docket No. 135].  While each such motions commenced contested matters, the scope of the examination here is far broader than the relief requested in such motions and an examination under Bankruptcy Rule 2004 remains available.  *In re M4 Enterprises, Inc.*, 190 B.R. 471, 475-76 (Bankr. N.D. Ga. 1995) ("The nature of the 'pending proceeding' rule changes, however, when the pending proceeding takes the form of a contested matter. Rather than mandatorily engaging the Federal Rules of Civil Procedure, as its counterpart in the case of adversary proceedings does, Federal Rule of Bankruptcy Procedure 9014 states that those rules shall apply 'unless the court otherwise directs.' Thus, in the case of contested matters such as that before the Court, the Federal Rules of Civil Procedure offer the preferable default, from which the Court may deviate at its discretion. Here, the very nature of the dispute prompts the Court to allow a Rule 2004 examination. Mays' argument in support of a Rule 2004 examination carries with it an implicit suggestion that the Trustee has engaged in an act of bankruptcy partisanship to the detriment of the estate itself. As the Court previously has pointed out in the course of this case, due to the Trustee's strict fiduciary duties to the estate, the very aura of such impropriety threatens more extensive damage than does the act itself. Under these circumstances, the Court consequently finds the 'open-air' inquiry of the Rule 2004 examination to present a discovery vehicle more appropriate than that offered by the default provisions of the Federal Rules of Civil Procedure.") (Quoted in part in *In re Downs*, 2021 Bankr. LEXIS 2839, at *7 n. 13 (Bankr. C.D. Cal. Oct. 18, 2021) (Clarkson)).

**IV.**

**CONCLUSION**

**WHEREFORE**, the Committee respectfully requests that the Court enter its order (1) granting this Motion; and (2) enter the Order attached as **Exhibit B**, directing Yang to (a) produce the Requested Documents pursuant to Rule 2004, at the offices of the Committee's counsel by March 13, 2022 at 10:00 a.m. and (b) appear for an oral examination on March 14, 2022 at 10:00 a.m., pursuant to Rule 2004, at the offices of the Committee's counsel, or on such other date and time as the parties may agree.

Dated:    March 4, 2022               PACHULSKI STANG ZIEHL & JONES  LLP

                          By      /s/ *Jeffrey W. Dulberg*
                                  Jeffrey W. Dulberg

                                  [Proposed] Counsel to the Official Committee
                                  of Unsecured Creditors

# **EXHIBIT A**

## **INSTRUCTIONS**

1.      YOU are required to conduct a thorough investigation and produce all DOCUMENTS in its possession, custody, and control including all DOCUMENTS in the possession, custody and control of its attorneys, investigators, experts, officers, directors, employees, agents, representatives, consultants, and anyone acting on its behalf.

2.      The use of the singular form of any word includes the plural, and vice versa.

3.      The connectives "and," and "or," shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

4.      If you are unable to comply with a particular category(ies) of the requests below and DOCUMENTS responsive to the category are in existence, IDENTIFY the following information:

a.      The date of the DOCUMENT;

b.      The type of DOCUMENT (e.g., letter, memorandum, report, etc.);

c.      The general subject matter of the DOCUMENT;

d.      The name, address, telephone number and title of the author(s) of the DOCUMENT;

e.      The name, address, telephone number and title of each recipient and/or addressee of the DOCUMENT;

f.      The number of pages in the DOCUMENT;

g.      The document control number, if any;

h.      The present location(s) of the DOCUMENT and the name, address and telephone number of the person(s) who has (have) possession of the DOCUMENT;

i.      A specific description of the subject matter of the DOCUMENT;

j.      The reason why the DOCUMENT cannot be produced or why you are unable to comply with the particular category of request.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

5.      You are required to produce the full and complete originals, or copies if the originals are unavailable, of each DOCUMENT responsive to the categories below along with all non-identical copies and drafts in its or their entirety, without abbreviations, excerpts, or redactions.  Copies may be produced in lieu of originals if the entirety (front and back where appropriate) of the DOCUMENT is reproduced and the Responding Party or its authorized agent or representative states by declaration or affidavit under penalty of perjury that the copies provided are true, correct, complete, and an accurate duplication of the original(s).

6.      You are required to produce the DOCUMENTS as they are kept in the usual course of business, or to organize and label them to correspond with each category in these requests.

7.      You are required to produce ELECTRONICALLY STORED INFORMATION in searchable form on DVDs, CD-ROMs, FLASH DRIVEs, via FTP, or any other medium that is acceptable to counsel to the Trustee.    If necessary, all ELECTRONICALLY STORED INFORMATION shall be translated before production into reasonably usable form.  Unless otherwise specified, documents, reports, and other ELECTRONICALLY STORED INFORMATION created using any version of Microsoft Word, Powerpoint, Excel, Visio, or Access, Word Perfect, Oracle, or any other Microsoft, Adobe, or other currently available "off-the-shelf" application shall be produced in native form; that is, the form in which the document is currently stored on whatever media it currently resides.  The document should not be locked, resaved, restructured, "scrubbed" of unapparent or hidden content or any other data or metadata, but rather should be produced in a copy precisely reproducing its entire state as present in your systems.  Electronic mail (e-mail) should be produced in native form; that is, in whatever database and/or file/directory structures are used by your mail processing software.  All metadata and other unapparent or hidden data related to mail messages shall be produced, including, but not limited to, any file attachments, message priority flags, message read/access timestamps, and, in the case of e-mail sent to distribution lists, information on the membership of such lists at the time the e-mail was sent.

8.      If you withhold or redact a portion of any DOCUMENT under a claim of privilege or other protection, each such DOCUMENT must be identified on a privilege log, which shall be

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

produced contemporaneously with the non-privileged DOCUMENTS responsive to this Request for

Production, and which privilege log shall IDENTIFY the following information:

      *k.*      The date of the DOCUMENT;

      *l.*      The type of DOCUMENT (e.g., letter, memorandum, report, etc.);

      *m.*      The general subject matter of the DOCUMENT;

      *n.*      The name, address, telephone number and title of the author(s) of the

            DOCUMENT;

      *o.*      The name, address, telephone number and title of each recipient and/or

            addressee of the DOCUMENT;

      *p.*      The number of pages in the DOCUMENT;

      *q.*      The document control number, if any;

      *r.*      The present location(s) of the DOCUMENT and the name, address and

            telephone number of the person(s) who has (have) possession of the

            DOCUMENT;

      *s.*      A general description of the subject matter of the DOCUMENT or the portion

            redacted without disclosing the asserted privileged or protected

            communication;

      *t.*      The specific privilege(s) or protection(s) that you contend applies.

      *u.*      Requests RELATING TO any PERSON shall include such PERSON'S

            employees, agents, attorneys, investigators, experts, professionals, officers,

            directors, representatives, and anyone acting on such PERSON'S behalf.

   9.      Unless specified otherwise, the relevant time period for each of the Requests shall be

_____.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**DEFINITIONS**

A.      "COMMUNICATION(S)" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) and includes all oral and written communications of any nature, type or kind including, but not limited to, any DOCUMENTS, telephone conversations, discussions, meetings, facsimiles, e-mails, text messages, memoranda, and any other medium through which any information is conveyed or transmitted.

B.      "DEBTOR" means JINZHENG GROUP (USA) LLC.

C.      "DOCUMENT" or "DOCUMENTS" is used herein in the broadest possible sense as specified in and interpreted under Rule 34 of the Federal Rules of Civil Procedure, and includes, without limitation, all originals and copies, duplicates, drafts, and recordings of any written, graphic or otherwise recorded matter, however produced, reproduced, or stored, and all "writings" as defined in Rule 1001 of the Federal Rules of Evidence, including COMMUNICATIONS, and all other tangible things by which human communication is transmitted or stored, meaning any kind of printed, electronic, recorded, graphic, or photographic matter, however printed, produced, reproduced, copies, reproductions, facsimiles, drafts and both sides thereof, including without limitation any kind of written, typewritten, graphic, photographic, printed, taped or recorded material whatsoever, regardless whether the same is an original, a copy, a reproduction, a facsimile, telex or telefax, and regardless of the source or author thereof, including without limitation, any writing filed for reporting or other purposes with any state, federal or local agency; notes; memoranda, including but not limited to memoranda of telephone conversations; letters; audited financial statements; unaudited financial statements; financial ledgers; intra-office or inter-office communications; circulars; bulletins; manuals; results of investigations; progress reports; study made by or for business or personal use; financial reports and data of any kind; working papers; contracts; agreements; affidavits; declarations; statements; bills; books of accounts; vouchers; transcriptions of conversations or tape recordings; desk calendars; bank checks; purchase orders; invoices; charge slips; receipts; expense accounts; statistical records; cost sheets; journals; diaries; time sheets or logs; computer data; job or transaction files; appointment books; books, records, and copies; electronic mail messages; extracts and summaries of other documents; drafts of any of the above,

whether used or not; and any other writing or recording; computer and other business machine printouts, programs, listings, projections, as well as any carbon or photographic or copies, reproductions or facsimiles thereof and all copies which differ in any way from the original, including without limitation, all forms of electronic media, data, data storage and other forms of electronic or computer-stored or computer-generated communications, data, or representations. This includes, but is not limited to, such material in the form of ELECTRONICALLY STORED INFORMATION: that is, any data, including COMMUNICATIONS, present in memory or on magnetic or optical storage media as an "active" file or files (readily readable by one or more computer applications or forensics software), saved in an archive, present as "deleted" but recoverable electronic files in memory or on any media, and, present in any electronic file fragments (files that have been deleted and partially overwritten with new data) from files containing such material.  Where any otherwise duplicate document contains any marking not appearing on the original or is altered from the original, then such item shall be considered to be a separate original document.  Any DOCUMENT that contains any comment, notation, addition, insertion or marking of any type or kind which is not part of another DOCUMENT is to be considered a separate DOCUMENT.

D.      "EACH" shall be construed as "all" and "each."

E.      "ELECTRONICALLY STORED INFORMATION" or "ESI" means, without limitation, all information contained on any computing device owned, maintained, or otherwise controlled by PWB, including, but not limited to, mainframe, desktop, laptop, tablet, or palmtop computers, network servers, telephone voicemail servers, employees' employer-provided home computers, and the personal digital assistants (PDAs), digital cell phones, telephone answering machines, pagers, or other information-storing electronic devices of PWB and PWB's employees, or on associated external storage media, backup tapes, and other archival copies of same.

F.      "IDENTIFY" (with respect to documents).  When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

G.      "PERSON" means any natural person or any business, legal, or governmental entity or association.

H.      "PETITION DATE" means August 24, 2021.

I.      "REFLECTING" or "RELATES TO" means that the requested document or information evidences, constitutes, embodies, comprises, reflects, identifies, states, deals with, comments on, responds to, describes, analyzes, contains information concerning, summarizes, or is in any way pertinent to the information requested.

## DOCUMENTS REQUESTED

**Request No. 1**:      All bank statements and cancelled checks for any account maintained by the Debtor for the period May 25, 2016 through the date of production.

**Request No. 2**:      The Operating Agreement for the Debtor, including any amendments thereto, and any Documents, including Communications, between or among members and/or managers of the Debtor, and any minutes, for the period May 25, 2016 through the date of production.

**Request No. 3**: All Documents, including Communications, related to the financing and/or refinancing of the Debtor and/or the Debtor's properties for the period May 25, 2016 through the date of production, including Communications with relevant secured lenders.

**Request No. 4**: All Documents, including Communications, relating in any way to the Debtor's bankruptcy filing, including relating to the timing of the Debtor's Bankruptcy Filing.

**Request No. 5**:  All Documents, including Communications, relating to any transfers, payments, contributions and/or distributions to the Debtor or its bankruptcy counsel (as of the relevant date) or from the Debtor to Jianqing Yang, Max Yang, Betty Zheng and/or LT Global Investments for the period May 25, 2016 through and including the date of production.

**Request No. 6**.  All Documents, including Communications, evidencing, supporting or related to the valuation and/or appraisal of each of the real properties in which the Debtor has an interest or had an interest in for the period May 25, 2016 through and including the date of production, including Communications with relevant secured lenders and/or other parties in interest.

**Request No. 7**:  All Documents constituting in whole or in part the general ledger of the Debtor, as well as any financial statements of the Debtor, including an Communications attaching or referencing financial statement of the Debtor for the period May 25, 2016 through and including the date of production.

**Request No. 8**:  A true copy of the purported Power of Attorney granting certain powers regarding the Debtor from Jianqing Yang to Max Yang.

## EXAMINATION TOPICS

Pursuant to Federal Rule of Civil Procedure 30(b)(6), made applicable through Federal Rule of Bankruptcy Procedure 7030, the Debtor is required to designate one or more officers, directors, or managing agents, or other persons who consent to testify on your behalf, as to the following topics, which designated person is Max Yang:

1.      Organization, assets, liabilities, and financial affairs of the Debtor, including historical financial transactions.

**EXHIBIT B**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1 Jeffrey W. Dulberg (State Bar No. 181200)
Robert M. Saunders (State Bar No. 226172)
2 PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
3 Los Angeles, CA 90067
Telephone: 310/277-6910
4 Facsimile:  310/201-0760
E-mail:   jdulberg@pszjlaw.com
5            rsaunders@pszjlaw.com

6 [Proposed] Counsel to the Official Committee of
Unsecured Creditors

7

8                    **UNITED STATES BANKRUPTCY COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10                         **LOS ANGELES DIVISION**

11 | In re: | Case No. 2:21-bk-16674-ER |
|---|---|
12 | JINZHENG GROUP (USA) LLC, | Chapter 11 |
13 |  | **ORDER GRANTING EXAMINATION OF MAX YANG PURSUANT TO FED. R. BANKR. P 2004 AND LBR 2004-1** |
  |     Debtor and Debtor in Possession. |  |
14
15 |  | 2004 Examination: |
16 |  | Date:     March 14, 2022 |
  |  | Time:     10:00 a.m. |
  |  | Place:    10100 Santa Monica Blvd., 13th Floor |
17 |  |           Los Angeles, CA 90067 |
18 |  | Deadline to Produce Documents: |
19 |  | Date:     March 13, 2022 |
  |  | Time:     10:00 a.m. |
20 |  | Place:    10100 Santa Monica Blvd., 13th Floor |
  |  |           Los Angeles, CA 90067 |
21
22

23        This matter came before the Court on _____, 2022 at ___ a.m./p.m. upon

24 consideration of the *Expedited Motion For Examination of Max Yang and Compelling the*

25 *Production of Documents Pursuant to Fed. R. Bankr. P 2004 and LBR 2004-1* (the "Motion")

26 [Docket No. ___][1].  Based upon the Court's review of the Motion, and good cause appearing

27

28 ─────────────────────
[1] Capitalized terms not defined herein shall have the same meaning ascribed to them in the Motion.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

therefor,

**IT IS HEREBY ORDERED THAT:**

1.      Pursuant to Exhibit "1" attached hereto, the Debtor and Max Yang ("Yang") shall produce the requested documents to Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, California 90067, on or before March 13, 2022 at 10:00 a.m. (Pacific Time).

2.      Yang is commanded to appear on March 14, 2022 at 10:00 a.m. at the offices of Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, California 90067, to testify at an examination under Rule 2004 of the Federal Rules of Bankruptcy Procedure; and

3.      This Order shall have the same force and effect as a subpoena issued under Rule 45 of the Federal Rules of Civil Procedure, as incorporated by Rule 9016 of the Federal Rules of Bankruptcy Procedure, without the need for separate issuance of a subpoena.

# # #

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT 1**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

### **INSTRUCTIONS**

5.      YOU are required to conduct a thorough investigation and produce all DOCUMENTS in its possession, custody, and control including all DOCUMENTS in the possession, custody and control of its attorneys, investigators, experts, officers, directors, employees, agents, representatives, consultants, and anyone acting on its behalf.

6.      The use of the singular form of any word includes the plural, and vice versa.

7.      The connectives "and," and "or," shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

8.      If you are unable to comply with a particular category(ies) of the requests below and DOCUMENTS responsive to the category are in existence, IDENTIFY the following information:

> *v.*     The date of the DOCUMENT;
>
> *w.*    The type of DOCUMENT (e.g., letter, memorandum, report, etc.);
>
> *x.*     The general subject matter of the DOCUMENT;
>
> *y.*     The name, address, telephone number and title of the author(s) of the DOCUMENT;
>
> *z.*     The name, address, telephone number and title of each recipient and/or addressee of the DOCUMENT;
>
> *aa.*   The number of pages in the DOCUMENT;
>
> *bb.*   The document control number, if any;
>
> *cc.*   The present location(s) of the DOCUMENT and the name, address and telephone number of the person(s) who has (have) possession of the DOCUMENT;
>
> *dd.*   A specific description of the subject matter of the DOCUMENT;
>
> *ee.*   The reason why the DOCUMENT cannot be produced or why you are unable to comply with the particular category of request.

10.     You are required to produce the full and complete originals, or copies if the originals are unavailable, of each DOCUMENT responsive to the categories below along with all non-identical copies and drafts in its or their entirety, without abbreviations, excerpts, or redactions.  Copies may be produced in lieu of originals if the entirety (front and back where appropriate) of the DOCUMENT is reproduced and the Responding Party or its authorized agent or representative states by declaration or affidavit under penalty of perjury that the copies provided are true, correct, complete, and an accurate duplication of the original(s).

11.     You are required to produce the DOCUMENTS as they are kept in the usual course of business, or to organize and label them to correspond with each category in these requests.

12.     You are required to produce ELECTRONICALLY STORED INFORMATION in searchable form on DVDs, CD-ROMs, FLASH DRIVEs, via FTP, or any other medium that is acceptable to counsel to the Trustee.   If necessary, all ELECTRONICALLY STORED INFORMATION shall be translated before production into reasonably usable form.  Unless otherwise specified, documents, reports, and other ELECTRONICALLY STORED INFORMATION created using any version of Microsoft Word, Powerpoint, Excel, Visio, or Access, Word Perfect, Oracle, or any other Microsoft, Adobe, or other currently available "off-the-shelf" application shall be produced in native form; that is, the form in which the document is currently stored on whatever media it currently resides.  The document should not be locked, resaved, restructured, "scrubbed" of unapparent or hidden content or any other data or metadata, but rather should be produced in a copy precisely reproducing its entire state as present in your systems.  Electronic mail (e-mail) should be produced in native form; that is, in whatever database and/or file/directory structures are used by your mail processing software.  All metadata and other unapparent or hidden data related to mail messages shall be produced, including, but not limited to, any file attachments, message priority flags, message read/access timestamps, and, in the case of e-mail sent to distribution lists, information on the membership of such lists at the time the e-mail was sent.

13.     If you withhold or redact a portion of any DOCUMENT under a claim of privilege or other protection, each such DOCUMENT must be identified on a privilege log, which shall be

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

produced contemporaneously with the non-privileged DOCUMENTS responsive to this Request for

Production, and which privilege log shall IDENTIFY the following information:

    *a.*    The date of the DOCUMENT;

    *b.*    The type of DOCUMENT (e.g., letter, memorandum, report, etc.);

    *c.*    The general subject matter of the DOCUMENT;

    *d.*    The name, address, telephone number and title of the author(s) of the DOCUMENT;

    *e.*    The name, address, telephone number and title of each recipient and/or addressee of the DOCUMENT;

    *f.*    The number of pages in the DOCUMENT;

    *g.*    The document control number, if any;

    *h.*    The present location(s) of the DOCUMENT and the name, address and telephone number of the person(s) who has (have) possession of the DOCUMENT;

    *i.*    A general description of the subject matter of the DOCUMENT or the portion redacted without disclosing the asserted privileged or protected communication;

    *j.*    The specific privilege(s) or protection(s) that you contend applies.

    *k.*    Requests RELATING TO any PERSON shall include such PERSON'S employees, agents, attorneys, investigators, experts, professionals, officers, directors, representatives, and anyone acting on such PERSON'S behalf.

14.    Unless specified otherwise, the relevant time period for each of the Requests shall be

_____.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# DEFINITIONS

J.      "COMMUNICATION(S)" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) and includes all oral and written communications of any nature, type or kind including, but not limited to, any DOCUMENTS, telephone conversations, discussions, meetings, facsimiles, e-mails, text messages, memoranda, and any other medium through which any information is conveyed or transmitted.

K.      "DEBTOR" means JINZHENG GROUP (USA) LLC.

L.      "DOCUMENT" or "DOCUMENTS" is used herein in the broadest possible sense as specified in and interpreted under Rule 34 of the Federal Rules of Civil Procedure, and includes, without limitation, all originals and copies, duplicates, drafts, and recordings of any written, graphic or otherwise recorded matter, however produced, reproduced, or stored, and all "writings" as defined in Rule 1001 of the Federal Rules of Evidence, including COMMUNICATIONS, and all other tangible things by which human communication is transmitted or stored, meaning any kind of printed, electronic, recorded, graphic, or photographic matter, however printed, produced, reproduced, copies, reproductions, facsimiles, drafts and both sides thereof, including without limitation any kind of written, typewritten, graphic, photographic, printed, taped or recorded material whatsoever, regardless whether the same is an original, a copy, a reproduction, a facsimile, telex or telefax, and regardless of the source or author thereof, including without limitation, any writing filed for reporting or other purposes with any state, federal or local agency; notes; memoranda, including but not limited to memoranda of telephone conversations; letters; audited financial statements; unaudited financial statements; financial ledgers; intra-office or inter-office communications; circulars; bulletins; manuals; results of investigations; progress reports; study made by or for business or personal use; financial reports and data of any kind; working papers; contracts; agreements; affidavits; declarations; statements; bills; books of accounts; vouchers; transcriptions of conversations or tape recordings; desk calendars; bank checks; purchase orders; invoices; charge slips; receipts; expense accounts; statistical records; cost sheets; journals; diaries; time sheets or logs; computer data; job or transaction files; appointment books; books, records, and copies; electronic mail messages; extracts and summaries of other documents; drafts of any of the above,

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

whether used or not; and any other writing or recording; computer and other business machine printouts, programs, listings, projections, as well as any carbon or photographic or copies, reproductions or facsimiles thereof and all copies which differ in any way from the original, including without limitation, all forms of electronic media, data, data storage and other forms of electronic or computer-stored or computer-generated communications, data, or representations. This includes, but is not limited to, such material in the form of ELECTRONICALLY STORED INFORMATION: that is, any data, including COMMUNICATIONS, present in memory or on magnetic or optical storage media as an "active" file or files (readily readable by one or more computer applications or forensics software), saved in an archive, present as "deleted" but recoverable electronic files in memory or on any media, and, present in any electronic file fragments (files that have been deleted and partially overwritten with new data) from files containing such material.  Where any otherwise duplicate document contains any marking not appearing on the original or is altered from the original, then such item shall be considered to be a separate original document.  Any DOCUMENT that contains any comment, notation, addition, insertion or marking of any type or kind which is not part of another DOCUMENT is to be considered a separate DOCUMENT.

M.    "EACH" shall be construed as "all" and "each."

N.    "ELECTRONICALLY STORED INFORMATION" or "ESI" means, without limitation, all information contained on any computing device owned, maintained, or otherwise controlled by PWB, including, but not limited to, mainframe, desktop, laptop, tablet, or palmtop computers, network servers, telephone voicemail servers, employees' employer-provided home computers, and the personal digital assistants (PDAs), digital cell phones, telephone answering machines, pagers, or other information-storing electronic devices of PWB and PWB's employees, or on associated external storage media, backup tapes, and other archival copies of same.

O.    "IDENTIFY" (with respect to documents).  When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

P.      "PERSON" means any natural person or any business, legal, or governmental entity or association.

Q.      "PETITION DATE" means August 24, 2021.

R.      "REFLECTING" or "RELATES TO" means that the requested document or information evidences, constitutes, embodies, comprises, reflects, identifies, states, deals with, comments on, responds to, describes, analyzes, contains information concerning, summarizes, or is in any way pertinent to the information requested.

### DOCUMENTS REQUESTED

**Request No. 1**:      All bank statements and cancelled checks for any account maintained by the Debtor for the period May 25, 2016 through the date of production.

**Request No. 2**:      The Operating Agreement for the Debtor, including any amendments thereto, and any Documents, including Communications, between or among members and/or managers of the Debtor, and any minutes, for the period May 25, 2016 through the date of production.

**Request No. 3**: All Documents, including Communications, related to the financing and/or refinancing of the Debtor and/or the Debtor's properties for the period May 25, 2016 through the date of production, including Communications with relevant secured lenders.

**Request No. 4**: All Documents, including Communications, relating in any way to the Debtor's bankruptcy filing, including relating to the timing of the Debtor's Bankruptcy Filing.

**Request No. 5**:  All Documents, including Communications, relating to any transfers, payments, contributions and/or distributions to the Debtor or its bankruptcy counsel (as of the relevant date) or from the Debtor to Jianqing Yang, Max Yang, Betty Zheng and/or LT Global Investments for the period May 25, 2016 through and including the date of production.

**Request No. 6**.  All Documents, including Communications, evidencing, supporting or related to the valuation and/or appraisal of each of the real properties in which the Debtor has an interest or had an interest in for the period May 25, 2016 through and including the date of production, including Communications with relevant secured lenders and/or other parties in interest.

**Request No. 7**:  All Documents constituting in whole or in part the general ledger of the Debtor, as well as any financial statements of the Debtor, including an Communications attaching or referencing financial statement of the Debtor for the period May 25, 2016 through and including the date of production.

**Request No. 8**:  A true copy of the purported Power of Attorney granting certain powers regarding the Debtor from Jianqing Yang to Max Yang.

### EXAMINATION TOPICS

Pursuant to Federal Rule of Civil Procedure 30(b)(6), made applicable through Federal Rule of Bankruptcy Procedure 7030, the Debtor is required to designate one or more officers, directors, or managing agents, or other persons who consent to testify on your behalf, as to the following topics, which designated person is Max Yang:

1.      Organization, assets, liabilities, and financial affairs of the Debtor, including historical financial transactions.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, CA  90067**

A true and correct copy of the foregoing document entitled (*specify*):  **EXPEDITED MOTION FOR EXAMINATION OF MAX YANG AS PERSON MOST KNOWLEDGEABLE FOR THE DEBTOR AND COMPELLING THE PRODUCTION OF DOCUMENTS PURSUANT TO FED. R. BANKR. P 2004 AND LBR 2004-1; MEMORANDUM OF POINTS AND AUTHORITIES** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On (*date*) **March 4, 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **March 4, 2022**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**VIA US MAIL**
JINZHENG GROUP (USA) LLC
100 E. Huntington Drive, Ste. 207
Alhambra, CA  91801

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **March 4, 2022**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA FEDERAL EXPRESS**
United States Bankruptcy Court
Central District of California
Attn:  Hon. Ernest Robles
Edward R. Roybal Federal Bldg./Courthouse
255 East Temple Street, Suite 1560
Los Angeles, CA  90012

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 4, 2022 | Mary de Leon | /s/ Mary de Leon |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                    **F 9013-3.1.PROOF.SERVICE**

DOCS_LA:342687.1 46360/002

**SERVICE INFORMATION FOR CASE NO. 2:21-bk-16674-ER**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**

- **Donna C Bullock**   donnabullockcarrera@yahoo.com, donna.bullock@ymail.com
- **Steven P Chang**   heidi@spclawoffice.com,
  schang@spclawoffice.com,assistant1@spclawoffice.com,attorney@spclawoffice.com;g9806@
  notify.cincompass.com;changsr75251@notify.bestcase.com
- **Michael F Chekian**   mike@cheklaw.com, chekianmr84018@notify.bestcase.com
- **Susan Titus Collins**   scollins@counsel.lacounty.gov
- **Jeffrey W Dulberg**   jdulberg@pszjlaw.com
- **Richard Girgado**   rgirgado@counsel.lacounty.gov
- **M. Jonathan Hayes**   jhayes@rhmfirm.com,
  roksana@rhmfirm.com;matt@rhmfirm.com;rosario@rhmfirm.com;pardis@rhmfirm.com;russ
  @rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com;boshra@rhmfirm.com;rosario@rh
  mfirm.com
- **Teddy M Kapur**   tkapur@pszjlaw.com, mdj@pszjlaw.com
- **Christopher J Langley**   chris@slclawoffice.com,
  omar@slclawoffice.com;langleycr75251@notify.bestcase.com
- **Benjamin R Levinson**   ben@benlevinsonlaw.com, courtney@benlevinsonlaw.com
- **Eric A Mitnick**   MitnickLaw@aol.com, mitnicklaw@gmail.com
- **Giovanni Orantes**   go@gobklaw.com, gorantes@orantes-
  law.com,cmh@gobklaw.com,gobklaw@gmail.com,go@ecf.inforuptcy.com;orantesgr89122@
  notify.bestcase.com
- **Matthew D. Resnik**   matt@rhmfirm.com,
  roksana@rhmfirm.com;rosario@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscil
  la@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhm
  firm.com;sloan@rhmfirm.com
- **Allan D Sarver**   ADS@asarverlaw.com
- **David Samuel Shevitz**   david@shevitzlawfirm.com,
  shevitzlawfirm@ecf.courtdrive.com;r48785@notify.bestcase.com;Jose@shevitzlawfirm.com
- **United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov
- **Hatty K Yip**   hatty.yip@usdoj.gov, hatty.k.yip@usdoj.gov

2. **TO BE SERVED BY EMAIL**

- Gene H. Shioda – ghs@slclawoffice.com
- Steven P. Chang – schang@slclawoffice.com
- Donald W. Reid – don@donreidlaw.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-3.1.PROOF.SERVICE**

DOCS_LA:342687.1 46360/002