Jeffrey W. Dulberg (State Bar No. 181200)
Robert M. Saunders (State Bar No. 226172)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail:   jdulberg@pszjlaw.com
          rsaunders@pszjlaw.com

[Proposed] Counsel to the Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re: | Case No. 2:21-bk-16674-ER |
| JINZHENG GROUP (USA) LLC, | Chapter 11 |
| Debtor and Debtor in Possession. | **DECLARATION OF JEFFREY W. DULBERG IN SUPPORT OF *EXPEDITED* MOTION FOR EXAMINATION OF MAX YANG AND COMPELLING THE PRODUCTION OF DOCUMENTS PURSUANT TO FED. R. BANKR. P 2004 AND LBR 2004-1** |
| | [Expedited Motion for Examination of Max Yang and Compelling the Production of Documents Pursuant to Fed. R. Bankr. P 2004 and LBR 2004-1 and Application for Order Setting Hearing on Shortened Notice Filed Concurrently Herewith] |

DOCS_LA:342670.1 46360/002

# **DECLARATION OF JEFFREY W. DULBERG**

I, Jeffrey W. Dulberg, hereby declare as follows:

1. I am a partner of Pachulski Stang Ziehl & Jones LLP and am duly admitted and licensed to practice in the State of California and to practice before this Court. I make this declaration in support of the Committee's *Expedited Motion for Examination of Max Yang and Compelling the Production of Documents Pursuant to Fed. R Bankr. P. 2004 and LBR 2004-1*. This Declaration based upon my own personal knowledge, except as to those matters based upon information and belief, and as to those matters I believe them to be true. If called to testify regarding the contents of this declaration, I could and would competently testify thereto.

2. The Committee desires to take the examination of Max Yang ("Yang") to obtain information relevant to the Case, and to compel Yang to produce documents related to the Case, so that the Committee may fulfill its investigative and diligence duties regarding the Debtor, its business, ownership and financing, and its books and records.

3. The Debtor has embroiled this Case in contentiousness when it should be seeking consensus. Rather than do so, the Debtor has refused to schedule an agreed-upon date for Yang's examination and for the production of certain documents.

4. Attached as **Exhibit 1** are true and correct copies of emails, dated February 17, 2022, February 18, 2022 and February 24, 2022, showing my good faith attempt to confer with the Debtor's counsel regarding scheduling Yang's examination and for the production of certain documents relating to the Case.

I declare under penalty of perjury pursuant to the laws of the United States and the State of California that the above is true and correct to the best of my knowledge.

Executed at Los Angeles, California this 4th day of March, 2022.

*/s/ Jeffrey W. Dulberg*
Jeffrey W. Dulberg

2

DOCS_LA:342670.1 46360/002

**EXHIBIT 1**

DOCS_LA:342670.1 46360/002

# Jeffrey Dulberg

| | |
|---|---|
| **From:** | Jeffrey Dulberg |
| **Sent:** | Thursday, February 17, 2022 11:56 PM |
| **To:** | Christopher Langley |
| **Cc:** | Steven Chang; Robert Saunders |
| **Subject:** | Re: Jinzheng |

Chris -

That's unfortunate because I thought there was an opportunity to work together but apparently you prefer otherwise. I'll tell you some things that you perhaps already know but don't want to acknowledge: the Debtor (Max) doesn't get to decide whether or not a committee is appointed, the Debtor does not get to choose the composition of the committee, and the debtor does not get to select who serves as committee counsel. In addition, as I'm sure you also know despite your request, committee counsel does not have to make any prove up to you or anyone else regarding the "legitimacy" of any or all of the two dozen claims filed against the estate. Just because you took the low road and re-scheduled every claim as contingent, unliquidated or disputed does not automatically make them so. There are judges around the country who regard that maneuver as bad faith in and of itself and it will be one more element of a motion to remove Max from control given his scorched earth approach.

In any event, as you have refused all requests for informal discussions, the Committee going is compelled to take Max's deposition regarding the control issues, his appointment, the state of the case, etc. Let me know if you will have him sit on March 7, 10, or 11 at 10am for that in our offices in Century City or if you and he are refusing to do so and will require a Court order.

With respect to the allegation about Betula, even if everything you're saying were true, it would not necessarily mean that they were illegitimate and in all likelihood given the circumstances they could serve as a committee member; if not replacement members can be identified.

It seems to me the proper cause of action would be for you to reach out to the United States Trustee's office to ask them to investigate their selection. It's only if that office were to refuse to do so that you should even consider taking action in Court to reform the Committee.

Best,

Jeff

> On Feb 17, 2022, at 5:04 PM, Christopher Langley <chris@slclawoffice.com> wrote:
>
> Jeff,
>
> Sorry I have been busy working on other matters in this case. Our position is that we see no reason for this committee. I do not see what benefit you serve in this case. We don't believe that any of your committee members have valid claims against the Debtor. I am in the process of objecting to the Phalanx claim, and have already filed the objection to the Pennington claim. The Betula objection should be filed tomorrow.

1

**Jeffrey Dulberg**

| | |
|---|---|
| **From:** | Jeffrey Dulberg |
| **Sent:** | Friday, February 18, 2022 8:41 AM |
| **To:** | 'Christopher Langley' |
| **Cc:** | Steven Chang; Robert Saunders; Gene Shioda |
| **Subject:** | RE: Jinzheng |

Chris –

It is truly absurd for the Debtor to attack the entire chapter 11 process by seeking to uniformly dissolve the Committee then turn around and say "this is unnecessarily escalating." I am sure Judge Robles will agree. Any good faith voluntary debtor should and would seek to create a viable committee counterpart for creditor negotiations; I should know, I've done that myself when in your shoes. Normal debtors would be attempting to aid the UST in identifying candidates, rather than eschewing any fiduciary obligation to all creditors.

Our written communications are especially relevant to prove the truth: your client is pretending he is proceeding in good faith because he cant confirm a plan without such a finding, but the reality is far from that. Indeed, the Debtor has managed to avoid responding to anything in my correspondence and a phone call will only give the Debtor more room to play games. Will Max voluntarily sit on one of the dates I mentioned (or will he recommend another date) or must our papers say that you ignored the Committee's effort to even schedule an exam? A straight answer would be appreciated at this time. Will Max work with Ms. Yip to identify viable replacement candidates for the Committee or is he wedded to its complete dissolution? Will Max make a standard presentation to the Committee, at a reasonable date and time of his choosing, to lay out his plans for exiting chapter 11?

I can be available from 10-12 today or after 3, however, given the Debtor's disdain for me and my roll (e.g. marking each and every claim as contingent, unliquidated and disputed; attacking the need for a committee as if the estate is somehow debt-free; raising accusations that my firm will overcharge when your client has spent six months doing literally nothing but shirk responsibility for its financial condition), perhaps written communication is all we should engage in for now. Let's do this so I won't get my hopes up – find a time that the Debtor is available to join the call and I will see if the Committee chair can join too. It's about time Max stops hiding! Let me know the Debtor's choice.

Best,

**Jeffrey Dulberg**
Pachulski Stang Ziehl & Jones LLP
Tel: 310.277.6910 | Fax: 310.201.0760
jdulberg@pszjlaw.com
vCard | Bio | LinkedIn



Los Angeles | San Francisco | Wilmington, DE | New York | Houston

**From:** Christopher Langley [mailto:chris@slclawoffice.com]
**Sent:** Friday, February 18, 2022 6:41 AM

1

## Jeffrey Dulberg

| | |
|---|---|
| **From:** | Jeffrey Dulberg |
| **Sent:** | Friday, February 18, 2022 10:05 AM |
| **To:** | 'Christopher Langley' |
| **Cc:** | Steven Chang; Robert Saunders; Gene Shioda |
| **Subject:** | RE: Jinzheng |

Chris –

Stop trying to falsify the narrative. You marked all the claims as "C, U and D" which is virtually physically impossible and widely-recognized as "dirty pool." You have denounced any committee irrespective of its constituents – even though your own spreadsheet doesn't propose any objection to about half the claims. The Debtor's nonsense has to stop – the way you marked the claims was bad faith given that your own notes don't support those indications.

The hourly rate you are reciting for me is prior to the voluntary reduction we agreed to and if you think a further hourly reduction might help, I am open to considering it but you aren't going to – nor are you permitted to – chase us away on those grounds.

I misspoke in my email of 9:46am today. It's Jianqing who received the $1 million from Arcadia, not Max of course. All the questions in that 9:46am email still hold – please answer them as it is hard to understand how Jianqing made off with $1 million while the Debtor was not paying its debts as they came due. Who is conducting that investigation, etc.? It can't be you, of course.

We would also like to take Jianqing's video deposition. Let us know if he will arrange for that and I will let him propose times. We look forward to hearing from you on Max. My apologies, I didn't meant to jump the gun. Let's get it scheduled.

Best,


**Jeffrey Dulberg**
Pachulski Stang Ziehl & Jones LLP
Tel: 310.277.6910 | Fax: 310.201.0760
jdulberg@pszjlaw.com
vCard | Bio | LinkedIn



Los Angeles | San Francisco | Wilmington, DE | New York | Houston

---

**From:** Christopher Langley [mailto:chris@slclawoffice.com]
**Sent:** Friday, February 18, 2022 9:49 AM
**To:** Jeffrey Dulberg
**Cc:** Steven Chang; Robert Saunders; Gene Shioda
**Subject:** RE: Jinzheng

1

## Jeffrey Dulberg

| | |
|---|---|
| **From:** | Jeffrey Dulberg |
| **Sent:** | Thursday, February 24, 2022 1:22 PM |
| **To:** | Christopher Langley |
| **Cc:** | Steven Chang; Robert Saunders; Gene Shioda |
| **Subject:** | Re: Jinzheng |

Chris-

I'd appreciate hearing back from you on a date for Max's exam. I'm assuming Max is not trying to dodge it by your non-response so do let me know.

Jeff

On Feb 18, 2022, at 10:04 AM, Christopher Langley <chris@slclawoffice.com> wrote:

> This is the first that I have heard of this. Please provide whatever information or documentation that you have, and I will investigate it immediately.
>
> 
> Christopher J. Langley, Esq.
> Partner
> 1800 N. Broadway Ste. 200,
> Santa Ana, CA 92706
> o. (714) 515-5656; f. (877) 483-4434
>
> Additional Offices in Riverside, City of Industry and Santa Rosa
> Please consider leaving a review to help others find us:
> Yelp  Google  Avvo
>
> Schedule an apointment here
>
> ATTENTION: This e-mail message, including any attachment, is sent by the law firm of Shioda, Langley & Chang LLP and may contain PRIVILEGED and CONFIDENTIAL INFORMATION. If you are not the intended recipient, then please (i) do not print, forward, or copy this e-mail, (ii) notify us of the error by a reply to this e-mail, and (iii) delete this e-mail from your computer. Thank you.
>
> **From:** Jeffrey Dulberg <jdulberg@pszjlaw.com>
> **Sent:** Friday, February 18, 2022 9:46 AM
> **To:** 'Christopher Langley' <chris@slclawoffice.com>
> **Cc:** 'Steven Chang' <schang@slclawoffice.com>; Robert Saunders <rsaunders@pszjlaw.com>; 'Gene Shioda' <ghs@slclawoffice.com>
> **Subject:** RE: Jinzheng
>
> Chris – Please explain (or have Mr. "Max" Yang do so) on our call what happened to the $1 million that he received directly into his pocket from the $3million that was directed to Betula. We all know Betula paid out a variety of 3rd party providers but that $1 million that "Max" took directly – what happened to those funds? Please confirm how the Debtor plans to investigate that $1 million Max took given that he is now in running the Debtor's affairs. While I wont do so yet, absent a fulsome answer from him, you

1

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, CA 90067**

A true and correct copy of the foregoing document entitled (*specify*): **DECLARATION OF JEFFREY W. DULBERG IN SUPPORT OF EXPEDITED MOTION FOR EXAMINATION OF MAX YANG AND COMPELLING THE PRODUCTION OF DOCUMENTS PURSUANT TO FED. R. BANKR. P 2004 AND LBR 2004-1** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**3. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **March 4, 2022,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **March 4, 2022,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**VIA US MAIL**
JINZHENG GROUP (USA) LLC
100 E. Huntington Drive, Ste. 207
Alhambra, CA 91801

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **March 4, 2022,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA FEDERAL EXPRESS**
United States Bankruptcy Court
Central District of California
Attn: Hon. Ernest Robles
Edward R. Roybal Federal Bldg./Courthouse
255 East Temple Street, Suite 1560
Los Angeles, CA 90012

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 4, 2022 | Mary de Leon | /s/ *Mary de Leon* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                         **F 9013-3.1.PROOF.SERVICE**
DOCS_LA:342687.1 46360/002

**SERVICE INFORMATION FOR CASE NO. 2:21-bk-16674-ER**

1. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>

- **Donna C Bullock**    donnabullockcarrera@yahoo.com, donna.bullock@ymail.com
- **Steven P Chang**    heidi@spclawoffice.com, schang@spclawoffice.com,assistant1@spclawoffice.com,attorney@spclawoffice.com;g9806@notify.cincompass.com;changsr75251@notify.bestcase.com
- **Michael F Chekian**    mike@cheklaw.com, chekianmr84018@notify.bestcase.com
- **Susan Titus Collins**    scollins@counsel.lacounty.gov
- **Jeffrey W Dulberg**    jdulberg@pszjlaw.com
- **Richard Girgado**    rgirgado@counsel.lacounty.gov
- **M. Jonathan Hayes**    jhayes@rhmfirm.com, roksana@rhmfirm.com;matt@rhmfirm.com;rosario@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com;boshra@rhmfirm.com;rosario@rhmfirm.com
- **Teddy M Kapur**    tkapur@pszjlaw.com, mdj@pszjlaw.com
- **Christopher J Langley**    chris@slclawoffice.com, omar@slclawoffice.com;langleycr75251@notify.bestcase.com
- **Benjamin R Levinson**    ben@benlevinsonlaw.com, courtney@benlevinsonlaw.com
- **Eric A Mitnick**    MitnickLaw@aol.com, mitnicklaw@gmail.com
- **Giovanni Orantes**    go@gobklaw.com, gorantes@orantes-law.com,cmh@gobklaw.com,gobklaw@gmail.com,go@ecf.inforuptcy.com;orantesgr89122@notify.bestcase.com
- **Matthew D. Resnik**    matt@rhmfirm.com, roksana@rhmfirm.com;rosario@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com
- **Allan D Sarver**    ADS@asarverlaw.com
- **David Samuel Shevitz**    david@shevitzlawfirm.com, shevitzlawfirm@ecf.courtdrive.com;r48785@notify.bestcase.com;Jose@shevitzlawfirm.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Hatty K Yip**    hatty.yip@usdoj.gov, hatty.k.yip@usdoj.gov

2. <u>**TO BE SERVED BY EMAIL**</u>

- Gene H. Shioda – ghs@slclawoffice.com
- Steven P. Chang – schang@slclawoffice.com
- Donald W. Reid – don@donreidlaw.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                           **F 9013-3.1.PROOF.SERVICE**

DOCS_LA:342687.1 46360/002