Gene H. Shioda – SBN 186780
ghs@slclawoffice.com
Christopher J. Langley – SBN 258851
chris@slclawoffce.com
Steven P. Chang – SBN 221783
schang@slclawoffice.com
**SHIODA, LANGLEY & CHANG LLP**
1063 E. Las Tunas Dr.
San Gabriel, CA 91776
Tel: (626)281-1232
Fax: (626)281-2919

Counsel for Jinzheng Group (USA) LLC
Debtor and Debtor-in-Possession

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>JINZHENG GROUP (USA) LLC<br><br>Debtor and Debtor in Possession. | Case No. 2:21-bk-16674-ER<br><br>Chapter 11<br><br>**JOINT OPPOSITION OF DEBTOR AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C 362**<br><br>PROPERTIES:<br>2929 AMETHYST STREET; 2526-2528 LINCOLN PARK AVE.; 2520-2522 LINCOLN PARK AVE.; 2602 LINCOLN PARK AVE.; 2600 SIERRA STREET;<br><br>**HEARING DATE:**<br><br>Date:    March 21, 2022<br>Time:    10:00am<br>Location: Ctrm 1568<br>              255 E. Temple St.<br>              Los Angeles, CA 90012 |

JINZHENG GROUP (USA) LLC ("Debtor"), chapter 11 debtor and debtor-in –possession, and the Official Committee of Unsecured Creditors (the "Committee") hereby jointly submit this

Opposition to the Motion for Relief from the Automatic Stay under 11 USC 362 ("Motion") filed by Royalty Equity Lending LLC/Bobs LLC ("Movant").

The Narrative and Arguments herein are the Debtor's. The Committee joins in the Opposition on the limited basis that Movant is adequately protected by a significant equity cushion under 11 USC §362(d)(1), and as such there is no basis for relief under either 11 USC §362(d)(1), or §362(d)(2). While they are not requesting conversion at this time, the Committee believes that the Unsecured Creditors in this case would be better served by conversion to Chapter 7, rather than allowing Movant relief from the stay.

## 1. Summary of Motion

Movant is seeking an order for relief from the stay under 11 USC §362(d)(1) on the following grounds: (a) Movant's interest in the Property is purportedly not adequately protected due to an insufficient equity cushion, and (b) Debtor has not provided adequate proof of insurance to Movant. Movant's primary argument, however, seems to be that without a cash infusion, there is no realistic way for Debtor to reorganize its affairs.

Movant seemingly is also seeking relief under 11 USC §362(d)(2) based on its position that there is no equity in the Properties in which Movant is secured, notwithstanding the fact that it is indubitable that the Property is necessary for an effective reorganization .

In support of its Motion, Movant includes a declaration from Rommy Shy, Movant's managing member, as well as a Declaration from Thomas Oakley, an Accredited Senior Appraiser.

## 2. Statement of Facts

Debtor filed for bankruptcy protection on August 24, 2021 on the eve of Movant's noticed foreclosure sale.

On September 5, 2018, Debtor entered a short-term loan with the Movant for $7,000,000. Among the requirements of the loan was that Debtor prepay $682,500 in interest payments, which was held back from the initial $7,000,000 loan proceeds. Thereafter, Debtor was to make payments from November 1, 2019 to April 1, 2020, with the balance coming due at that time. The

purpose of the loan was to cover expenses connected with entitlements to the Property. In the meantime, Debtor attempted to change the Property's zoning from single family to multifamily, as well as obtain approval for a master planned housing community. The proceeds from the loan were directed to that purpose. On December 7, 2017, roughly a year prior to incurring the loan, Debtor entered into a contract with Betula Lenta, Inc for that purpose. Most of the funds from the $7,000,000 loan were either paid to Betula Lenta, Inc directly or to related professionals at the direction of Betula Lenta, Inc. At the time of funding, $3,500,000 of the loan proceeds were held back in a Fund Control account that was disbursed as the job progressed. A true and correct copy of the loan closing statement is attached as Exhibit "A" to the declaration of Max Yang.

According to Movant's accounting (Memo P&A, page 100), in addition to the $682,5000 of prepaid interest, Debtor made two of the five required $56,875 payments. Specifically on February 27, 2020 and on March 26, 2020, Debtor made payments for $62,562.50 each which included late fees of $5,687.00.

Movant subsequently entered into two extensions with Debtor , one on April 8, 2020 which extended the loan to October 1, 2020 and a second on November 25, 2020 which extended the loan to June 1, 2021. The total extension/default fees through the time of filing were $1,339,150.55 in addition to ongoing interest calculated at between 9.75% and 12% that totaled $1,435,459.20 (including interest pre-paid). In its proof of claim, Movant alleges that total indebtedness at the time of filing was $9,353,099.29.

Much of Debtor's financial problems are related to this loan. Debtor expended significant resources attempting to refinance as well as modify this loan. For instance, in this bankruptcy case, three brokers [official claims #6 (Testa Capital), #7(Home Loans Unlimited) & #6 (Shawn Sourgose)] are claiming to be owed $686,500 each for assisting the Debtor in the November 25, 2020 modification for a collective total of $2,059,650. This is in addition to the $430,500 that they were already paid on or around December 4, 2020. Debtor has already initiated a state court proceeding against the brokers for claims including breach of fiduciary duty (Jinzheng Group (USA) LLC v. Testa Capital et al. 22AHCV00093), but that is not germane to this Motion.

While no payments have been made to Movant since the filing of this case, Debtor has

3
OPPOSITION TO MOTION FOR RELIEF

made payments on the ongoing property tax that came due on December 10, 2021. Proof of the payments are attached as Exhibit "B" to the Declaration of Max Yang.

Movant is secured/cross-collateralized on 4 separate parcels: 2929 Amethyst (unimproved land) which it values at $6,890,000, 2526-2528 Lincoln Park (triplex) which it values at $795,000, 2520-2522 Lincoln Park (duplex) which it values at $1,050,00; 2602 Lincoln Park which it values at $300,000, and APN 5209-005-003 which it values at $300,000 ("Properties"). The collective value of all the Properties per Movant is $9,335,000.

Debtor is in the process of filing a joint plan and disclosure statement to provide for all Creditors in the case, which will be on record with the Court prior to the hearing on this Motion. Debtor acknowledges that new capital contributions are required to propose a feasible reorganization plan and the Debtor's principal has committed to funding the plan with at least $4 million in new value that will be available on the effective date or prior to that time to, among other things, make adequate protection payments to the Movant as appropriate. The plan will propose to cram down Movant's claim at its currently stated value of $9,335,000. A copy of the Debtor's principal's account showing an excess of $4,000,000 is attached as Exhibit "C" to the Declaration of Max Yang.

Debtor, on the other hand, asserts that the Properties are much more valuable, especially when considered as a collective whole. Indeed, in this instance, the sum is greater than that of the parts. All the Properties are adjacent lots, purchased for the purpose of joint development. On June 20, 2021, shortly prior to the bankruptcy, Cushman & Wakefield appraised 2929 Amethyst Street with an "as is" value of $23,450,000. A copy of the report that was provided to the Debtor is attached as Exhibit "D" to the Declaration of Max Yang.

The Debtor does not anticipate the necessity for an evidentiary hearing regarding the value, since Debtor is consenting to Movant's value for purposes of Movant's plan treatment but will use the higher appraised value for purposes of liquidation and treatment to the general unsecured creditors (which requires 100% payment to all non-insider creditors). However, if the Court is not satisfied with the Debtor's ability to provide adequate protection payments, Debtor requests an evidentiary hearing regarding value prior to this Court entering an order for relief.

## 3. MEMORANDUM OF POINTS AND AUTHORITIES

### A. MOVANT IS ADEQUATELY PROTECTED UNDER 11 USC §362(D)(1)

Section 362(d)(1) of the bankruptcy enables a creditor to obtain an order terminating the automatic stay to pursue foreclosure proceedings against estate property "for cause." As Movant points out in its Motion, the "cause" explicitly referenced in § 362(d)(1) is lack of adequate protection, but it is only an example, rather than the exclusive grounds for relief, under § 362(d)(1) Ellis v. Parr (In re Ellis), 60 B.R. 432, 435 (9th Cir. BAP 1985). What constitutes adequate cause to terminate the automatic stay is determined on a case-by-case basis. Delaney-Morin v. Day (In re Delaney-Morin), 304 B.R. 365, 369 (9th Cir. BAP 2003) (citing MacDonald v. MacDonald (In re MacDonald), 755 F.2d 715, 717 (9th Cir. 1985)). An insufficient equity cushion may support a finding that a secured creditor is not adequately protected. Pistole v. Mellor (In re Mellor), 734 F.2d 1396, 1401 (9th Cir. 1984). Movant additionally points out that an equity cushion of between 10% and 20% of the total value of the collateral may be adequate.

Movant alleges that there are four causes to justify relief under § 362(d)(1): 1) That the original note matured almost two years ago, 2) That absent a substantial capital infusion, Debtor cannot offer any form of Adequate Protection Payments, 3) Debtor has failed to maintain its "fiduciary commitment and conserve Property," 4) The Property has not been properly permitted, insured nor bonded.

Addressing each of the issues starting with the maturity date of the loan, Debtor does not see the relevance under 361(d)(1) regarding the original maturity of the loan, nor does Movant elaborate on the element other than mentioning the lack of equity and Debtor's failure to make payments. Movant acknowledges that Debtor made a payment in July 2021, the month prior to the case, as well as acknowledging that the loan was extended twice at considerable expense to Debtor and benefit to Movant.

Debtor agrees with Movant that absent a substantial capital infusion it is unable to provide Adequate Protection payments to the Movant, however Debtor does not believe that in itself that is grounds for relief. Debtor however is able and willing to make adequate protection payment.

Debtor currently has roughly $190,000 in its DIP account and Debtor's principal has agreed to recapitalize the Debtor with at least $4,000,000, funds which are available for adequate protection payments if required by this Court.

Regarding Debtor's fiduciary duties the Property, Debtor has preserved and maintained Movant's collateral.

Regarding the Property being properly permitted, insured and bonded, the Property is insured. A true and correct copy of the proof of insurance is attached to the Declaration of Max Yang as Exhibit "E". There is an ongoing dispute regarding the level of completion of the project as well as who is to blame. But none of that is relevant to this current Motion. The Properties are in the same situation as far as permits and bonds as when the loan was funded. Movant offers no explanation of why that should be considered "cause" under 361(d)(1). The Debtor and Betula Lenta, Inc. are currently involved in a dispute regarding the progress of the development contracts. Betula contends that about 65% of the project is completed. The scope of that project is the permits and bonds to which Movant refers. Various reports and studies have been completed, which Betula contends is necessary for the entitlements including a Geology and Soils Investigation Report, Protected Tree Report, Phase I Environmental Site Assessment Report, LADOT Transportation Impact Study, and others. This is an area that the Debtor is currently investigating and hopes to come to some form of resolution with the project manager, Betula.

### B. THE EQUITY IN THE PROPERTY IS SUFFICIENT TO WARRANT THE COURT TO DENY THE MOTION UNDER 11 USC §362(d)(2)

Movant's argument under 362(d)(2) is that based on the Movant's appraisal there is no equity in the Property.

Movant claims that individually all four parcels are all underwater when considered individually and that as such the Court should consider the entire balance against each of the Properties individually. The fact is that all four separate parcels should be considered as a whole since they are adjacent and all part of the same development project. The four separate parcels are described as 2929 Amethyst (31.33 acres of unimproved land) which Movant values at $6,890,000, 2526-2528 Lincoln Park (triplex) which Movant values at $795,000, 2520-2522

Lincoln Park (duplex) which Movant values at $1,050,00; 2602 Lincoln Park which Movant values at $300,000, and APN 5209-005-003 which it values at $300,000. The collective value of all the properties per Movant is $9,335,000.

Debtor purchased 2929 Amethyst in August 2016 for $18,500.00 form an unrelated third party in an arms-length transaction. A copy of the closing statement is attached as Exhibit "E" to the Declaration of Max Yang. The property is in the same condition and state in which it was purchased over 5 years ago. The actual purchase price of a property is one of the best indications of value and there is nothing in Movant's appraisal to that the property is decreasing in value.

Movant's valuation on 2929 Amethyst values the property at $220,000 per acre, whereas Debtor purchased the property for $590,488 per acre.

Debtor values these Properties much higher especially when considered as a whole. In this case, the sum of the whole is greater than that of the parts as each lot is adjacent. On June 20, 2021, shortly prior to the bankruptcy, Cushman & Wakefield appraised 2929 Amethyst Street with an "as is" value of $23,450,000. That appraisal was ordered by LJL Capital LLC during attempts to obtain financing for the Debtor. An older appraisal conducted on the Property, on February 9, 2020 by Newmark Knight Frank, valued the property in its "as-is" condition at $22,500,000 at a rough value of $704,000 per acre. A copy of the report that was ordered by LJL Capital LLC and provided to the Debtor is attached as Exhibit "D" to the Declaration of Max Yang.

Prior to this Motion being filed, Debtor ordered its own appraisal and anticipates having the report prior to the hearing on the Motion for relief.

**4. Conclusion**

Based on the foregoing, the Motion for Relief should be denied and further relief as the Court may deem just and proper.

Respectfully Submitted,

Dated:  March 7, 2022

/s/Christopher J. Langley
By: Christopher J. Langley
Shioda, Langley & Chang LLP
Attorneys for Debtor and Debtor in Possession

Dated: March 7, 2022

/s/Jeffrey W. Dulberg
By: Jeffrey W. Dulberg
Pachulski Stang Ziehl & Jones LLP
[Proposed] Attorneys for OCUC

## **DECLARATION OF MAX YANG**

I, Max Yang, am the attorney in fact for Jianquing Yang, the managing member of Debtor and Debtor-in-Possession, Jinzheng Group (USA) LLC. I make this declaration based on my personal knowledge and in support of the *Opposition to the Motion for Relief* which this declaration is attached to.

1. Debtor filed for bankruptcy protection on August 24, 2021 on the eve of Movant's noticed foreclosure sale.

2. On September 5, 2018, Debtor entered a short-term loan with the Movant for $7,000,000. Among the requirements of the loan was that Debtor prepay $682,500 in interest payments, which was held back from the initial $7,000,000 loan proceeds. Thereafter, Debtor was to make payments from November 1, 2019 to April 1, 2020, with the balance coming due at that time. The purpose of the loan was to cover expenses connected with entitlements to the Property. In the meantime, Debtor attempted to change the Property's zoning from single family to multifamily, as well as obtain approval for a master planned housing community. The proceeds from the loan were directed to that purpose. On December 7, 2017, roughly a year prior to incurring the loan, Debtor entered into a contract with Betula Lenta, Inc for that purpose. Most of the funds from the $7,000,000 loan were either paid to Betula Lenta, Inc directly or to related professionals at the direction of Betula Lenta, Inc. At the time of funding, $3,500,000 of the loan proceeds were held back in a Fund Control account that was disbursed as the job progressed. A true and correct copy of the loan closing statement is attached as Exhibit "A".

3. According to Movant's accounting (Memo P&A, page 100), in addition to the $682,5000 of prepaid interest, Debtor made two of the five required $56,875 payments. Specifically on February 27, 2020 and on March 26, 2020, Debtor made payments for $62,562.50 each which included late fees of $5,687.00.

4. Movant subsequently entered into two extensions with Debtor, one on April 8, 2020, which extended the loan to October 1, 2020 and a second on November 25, 2020 which extended the loan to June 1, 2021. The total extension/default fees through the time of filing were $1,339,150.55 in addition to ongoing interest calculated at between 9.75% and 12% that totaled

$1,435,459.20 (including interest pre-paid). In its proof of claim, Movant alleges that total indebtedness at the time of filing was $9,353,099.29.

5.     Much of Debtor's financial problems are related to this loan. Debtor expended significant resources attempting to refinance as well as modify this loan. For instance, in this bankruptcy case, three brokers [official claims #6 (Testa Capital), #7(Home Loans Unlimited) & #6 (Shawn Sourgose)] are claiming to be owed $686,500 each for assisting the Debtor in the November 25, 2020 modification for a collective total of $2,059,650. This is in addition to the $430,500 that they were already paid on or around December 4, 2020. Debtor has already initiated a state court proceeding against the brokers for claims including breach of fiduciary duty (Jinzheng Group (USA) LLC v. Testa Capital et al. 22AHCV00093), but that is not germane to this Motion.

6.     While no payments have been made to Movant since the filing of this case, Debtor has made payments on the ongoing property tax that came due on December 10, 2021. Proof of the payments are attached as Exhibit "B."

7.     Debtor is in the process of filing a joint plan and disclosure statement to provide for all Creditors in the case, which will be on record with the Court prior to the hearing on this Motion. Debtor acknowledges that new capital contributions are required to propose a feasible reorganization plan and the Debtor's principal has committed to funding the plan with at least $4 million in new value that will be available on the effective date or prior to that time to, among other things, make adequate protection payments to the Movant as appropriate. The plan will propose to cram down Movant's claim at its currently stated value of $9,335,000. A copy of the Debtor's principal's account for which I have power of attorney showing an excess of $4,000,000 and which he is prepared to contribute to the plan as Exhibit "C".

8.     Debtor, on the other hand, asserts that the Properties are much more valuable, especially when considered as a collective whole. Indeed, in this instance, the sum is greater than that of the parts. All the Properties are adjacent lots, purchased for the purpose of joint development. on June 20, 2021, shortly prior to the bankruptcy, Cushman & Wakefield appraised 2929 Amethyst Street with an "as is" value of $23,450,000. A copy of the report that was provided

1 | to the Debtor is attached as Exhibit "D".

2 |     9.    The Property is insured. A true and correct copy of the proof of insurance is
3 | attached as Exhibit "E".

4 |    I declare under penalty of perjury under the laws of the United States of America that the
5 | foregoing is true and correct to the best of my knowledge.

7 | Dated: March 7, 2022                                  By: _____
                                                                         Max Yang

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: **4158 14th Street, Riverside, CA 92501**

A true and correct copy of the foregoing document entitled (*specify*): **OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C 362** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) March 7, 2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Donna C Bullock**     donnabullockcarrera@yahoo.com, donna.bullock@ymail.com
**Michael F Chekian**     mike@cheklaw.com, chekianmr84018@notify.bestcase.com
**Susan Titus Collins**     scollins@counsel.lacounty.gov
**Jeffrey W Dulberg**     jdulberg@pszjlaw.com
**Richard Girgado**     rgirgado@counsel.lacounty.gov
**M. Jonathan Hayes**     jhayes@rhmfirm.com, roksana@rhmfirm.com;matt@rhmfirm.com;rosario@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com;boshra@rhmfirm.com;rosario@rhmfirm.com
**Christopher J Langley**     chris@slclawoffice.com, omar@slclawoffice.com;langleycr75251@notify.bestcase.com
**Benjamin R Levinson**     ben@benlevinsonlaw.com, courtney@benlevinsonlaw.com
**Eric A Mitnick**     MitnickLaw@aol.com, mitnicklaw@gmail.com
**Giovanni Orantes**     go@gobklaw.com, gorantes@orantes-law.com,cmh@gobklaw.com,gobklaw@gmail.com,go@ecf.inforuptcy.com;orantesgr89122@notify.bestcase.com
**Matthew D. Resnik**     matt@rhmfirm.com, roksana@rhmfirm.com;rosario@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com
**Allan D Sarver**     ADS@asarverlaw.com
**David Samuel Shevitz**     david@shevitzlawfirm.com, shevitzlawfirm@ecf.courtdrive.com;r48785@notify.bestcase.com;Jose@shevitzlawfirm.com
**United States Trustee (LA)**     ustpregion16.la.ecf@usdoj.gov
**Hatty K Yip**     hatty.yip@usdoj.gov, hatty.k.yip@usdoj.gov

☐     Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) March 7, 2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows: Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Ernest M. Robles
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1560 / Courtroom 1568
Los Angeles, CA 90012

☐     Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**:

(state the method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) March 7, 2022, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows:  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 7, 2022 | John Martinez | /s/John Martinez |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |