Peter A. Kim, Esq.
(SBN 250470)
LAW OFFICES OF PETER KIM
3450 Wilshire Blvd Ste 1200,
Los Angeles, CA 90010-2214
Phone: 213-387-0800 | Fax: 213-387-0880
Email: peter@pkimlaw.com

Attorneys for Creditor BETULA LENTA, INC.

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>JINZHENG GROUP (USA) LLC<br><br>　　　　Debtor and Debtor in Possession. | Case No: 2:21-BK-16674-ER<br><br>Chapter 11<br><br>**OPPOSITION TO MOTION TO DISALLOW PROOF OF CLAIM OF CREDITOR BETULA LENTA, INC.; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DAVID PARK**<br><br>Date:　March 22, 2022<br>Time:　10:00 a.m.<br>Location:　Courtroom 1568<br>　　　　　255 E. Temple St.<br>　　　　　Los Angeles, CA 90012 |

　　This is the Opposition to the MOTION OF DEBTOR TO DISALLOW CLAIM OF CREDITOR BETULA LENTA, INC., AND RESPONSE TO OBJECTION TO PROOF OF CLAIM; DECLARATION OF MAX YANG AND CHRISTOPHER LANGLEY (The

- 1 -

"MOTION"), filed by Debtor Jinzheng Group (USA) LLC ("DEBTOR"). Creditor BETULA LENTA, INC. ("BLI") hereby opposes the Motion and files this response to the Notice of Objection to Claim filed on February 19, 2022.

I

BLI's PROOF OF CLAIM WAS TIMELY FILED, IN ACCORDANCE WITH BANKRUPTCY PROCEDURE, AND IS AFFORDED THE PRESUMPTION TO CREDITOR OF THE VALIDITY OF ITS CLAIM

There is an evidentiary presumption that a correctly prepared proof of claim is valid as to liability and amount. The sources of this presumption lie both in the Bankruptcy Code and in the Federal Rules of Bankruptcy Procedure. 11 U.S.C.S.§ 501(a) provides that a creditor may file a proof of claim. Moreover, a claim, proof of which is filed under § 501, is deemed allowed unless a party in interest objects. 11 U.S.C.S. § 502(a). The sufficiency of any legal grounds for Debtor's objections to BLI's Proof of Claim and the subject Motion are in question.

Creditor BLI's Proof of Claim was timely filed on February 3, 2022, in advance of the February 4, 2022 Bar Date set in this case. The rules add that a proof of claim executed and filed in accordance with the Federal Rules of Bankruptcy Procedure ***constitutes prima facie evidence of the validity and amount of the claim***. Fed. R. Bankr. P. 3001(f). The presumption then shifts to the Debtor to provide evidence to refute the legal sufficiency of the Creditor's Proof of Claim. The evidentiary presumption created by Creditor BLI's filing of its Proof of Claim has not and cannot be overcome by the limited objections raised by Debtor in the subject Motion. Whether an evidentiary presumption arose under Fed. R. Bankr. P. 3001(f) depends on whether the proofs of claim were executed and filed in accordance with the Federal Rules of Bankruptcy Procedure. Those rules provide that a proof of claim be in writing and substantially conform to the appropriate Official Form. Fed. R. Bankr. P. 3001(a).

Creditor BLI's Proof of Claim attaches as Exhibits, three (3) separate, enforceable and binding written contracts executed between Debtor and Creditor BLI for BLI's services, and those of its subcontractors (certain of whom are also creditors with Proofs of Claim). These services were provided to Debtor over a period of years starting in 2017, for the complex entitlement of 32 acres of raw land in the Lincoln Heights area (mere minutes from downtown

Los Angeles), to change the zoning from 10 3 acre "equestrian estates" to 70 units of residential housing. Those contracts are attached to BLI's proof of claim, providing the proof of the validity of that claim required by rules. Fed. R. Bankr. P. 3001(c) provides: When a claim, or an interest in property of the debtor securing the claim, is based on a writing, the original or a duplicate shall be filed with the proof of claim. The contracts are attached and were filed with BLI's Proof of Claim in compliance with this requirement. No legal grounds to deny or challenge the existence and validity of those contracts appears in the Motion or by Debtor's objection to BLI's Proof of Claim.

The BLI Proof of Claim was properly executed by David Park, authorized agent for Creditor BLI. Fed. R. Bankr. P 3001(b) provides: A proof of claim shall be executed by the creditor or the creditor's authorized agent . . . " This requirement has clearly been met. However, Debtor makes an argument completely unsupported by any citation to case or statutory authority that the use of the electronic signature is improper in this case because Debtor spuriously claims that Creditor BLI's authorized agents David Park and Jonathan Pae had not yet had their 2004 Examinations as of the filing of the subject Motion.[1] This is a meritless argument, as there is no different and/or additional requirement for use of electronic signatures, merely because Debtor claims there is a discovery dispute. The signing requirements are the same for all documents filed with this Court, regardless of the status of discovery, and do not change on a case-by-case basis. Electronic signatures are permitted and are valid. C.D. Cal. Bankr. L.B.R. 9004-1; USCS Bankruptcy R 5005, See C.D. Cal. Bankr. L.B.R. 5005-4 (mandatory electronic filing requires filings to be "signed or verified by electronic means").

The grounds for objections by Debtor as to BLI's proof of claim are not sufficient to disallow that claim. Although Rule 3001(f) requires that a proof of claim must be "executed and filed in accordance with these rules" in order to automatically "constitute prima facie evidence of the validity and amount of the claim," a rule cannot supersede a statute, and as held by the Bankruptcy Appellate Panel for the Ninth Circuit, and an objecting party must do more than simply point to a lack of compliance with Rule 3001 in order to obtain an order disallowing a

---

[1] It is also incorrect factual statement as David Park and Jonathan Pae have both had their 2004 Examinations taken by Debtor's counsel Shioda, Langley & Chang, but were also sued by Debtor in a civil action in the Los Angeles Superior Court at the time those 2004 Examinations were completed.

claim: the objecting party must establish an actual basis to contest the liability or amount of the claim. See *In re Campbell*, 336 B.R. 430 (9th Cir. BAP 2005); *In re Heath*, 331 B.R. 424 (9th Cir. BAP 2005). See also *Travelers Cas. & Sur. Co. of Am. V. Pac. Gas & Elec. Co.*, 549 U.S. 443, 449, 127 S. Ct. 1199, 167 L. Ed. 2d 178 (2007) ("the court 'shall allow' the claim 'except to the extent that' the claim implicates any of the nine exceptions enumerated in § 502(b)") (quoting the statute).

BLI's claim complies with all requirements and the presumption of validity attaches as a matter of law.[2]

## II
## CREDITOR BLI WILL REQUEST TO FILE AN AMENDED PROOF OF CLAIM TO INCLUDE ITS ENTITLEMENTS SUBCONTRACTORS, AGAINST WHOM DEBTOR HAS FILED OBJECTIONS FOR LACK OF A DIRECT CONTRACT WITH DEBTOR

Creditor BLI was the project manager, with a "Master Contract" as the real estate developer of the Debtor's 32 acre housing project. The Master Contract created a legal relationship between Creditor BLI and its entitlements subcontractors, who each fully performed work and services **for the express benefit of Debtor Jinzheng Group as the property owner**, and not for the benefit of Creditor BLI. BLI must not be left with any obligation to pay debts belonging to the Debtor or attaching to real property owned by the Debtor.[3]

Debtor has filed objections to the Proof of Claims of certain 'entitlements subcontractors,' including Pennington Contruction Advisors, Inc. for $75,000 having done pre-construction work required to entitle the subject Property owned by Debtor (Claim No. 20); Ultrasystems Environmental for $37,106.50 for the Environmental Report services required to entitle the Property owned by Debtor (Claim No. 11); Land Design Consultants for $48,145.00

---

[2] However, even if had Debtor's Motion pointed out a defect in BLI's Proof of Claim (which it did not), this would not invalidate BLI's claim, but would only mean it might be inadequate to give rise to the presumption affecting the burden of producing evidence and might not "constitute prima facie evidence" automatically under Rule 3001(f). However, the claim remains valid and "the usual burdens of proof associated with claims litigation apply. *Campbell v. Verizon Wireless S-CA (In re Campbell)*, 336 B.R. 430, 436. In this case, the presumption arises in favor of Creditor BLI.

[3] The Court must note that the Debtor has a **significant** amount of equity in its real property assets, more than enough to pay all of its debts, although Debtor is availing itself of bankruptcy protection and seeking to avoid its obligations to all of its creditors.

for civil engineering required to entitled the Property owned by Debtor (Claim No. 12); and Craig Fry & Associates, Inc. for $240,700.47 for entitlements services for the Property owned by the Debtor (Claim No. 13).  Despite the fact that each of the Creditors performed services for the Property at 2929 Amethyst, which is owned by Debtor, Debtor attempts to deprive legitimate claimants of payment for work actually performed, on the grounds that contracts appear to be between BLI as the Project Manager (tantamount to General Contractor) and each creditor (as a subcontractor), rather than directly with Debtor.  The relationship of these creditors with Creditor BLI is in the nature of that between a General Contractor and Subcontractors all working for the direct benefit of the Debtor as the property owner.  This fact does not give the Debtor the right to deny payment for services actually performed for Debtor's benefit.

   Creditor BLI is entitled to amend its Proof of Claim to include any claim of the Creditors who are entitlements subcontractors, for work performed for the benefit of Debtor and Debtor's housing development at the 2929 Amethyst Property.  If those claims are disallowed as 'stand alone' Proofs of Claim based upon the objection of the Debtor as to "privity of contract,"  Debtor must not be permitted to avoid its obligations.  Creditor BLI should also be permitted to amend its claim for additional services performed for the benefit of the Debtor, for creditors scheduled but who missed the bar date, if they are also subcontractors.  Each of these creditors actually performed the entitlements related services benefitting the Debtor, the Debtor's real property and performed a part of the Master Contract for the development of Debtor's housing project at 2929 Amethyst.  Each of the entitlements subcontractors were specifically identified either by name or by the entitlements service to be provided, in the written contracts attached to BLI's Proof of Claim executed by Debtor (See Declaration of David Park, ¶ 7).  They were known to Debtor at all times, their work was performed and was accepted by Debtor, and in the event that their claims cannot be brought in their own names because Debtor objects (attempting to avoid its rightful liability for services rendered), Creditor BLI is in all fairness entitled to assert its own claim for payment for the services performed by those creditors.

## III

### DEBTOR HAS NOT MET ITS BURDEN TO OVERCOME THE PRESUMPTION OF VALIDITY OF BLI'S PROOF OF CLAIM

Debtor relies upon the Declaration of Max Yang, who states without any description of the foundation for his opinions that "the Los Angeles Properties do not have any entitlements."

1  Basically the objection is that Max Yang was himself unable to determine the status of
2  development and entitlement of the 2929 Amethyst Property for Debtor's housing project.
3  Nothing supports the debtor's claim to "personal knowledge" except that the Max Yang on behalf
4  of Debtor claims to have done a "review of the [unspecified] **County** records." What records did
5  the debtor review? What did those records show? Why did Max Yang review "County" records,
6  when entitlements for the 2929 Amethyst project real property are obtained through various
7  agencies at the City level, such as the City of Los Angeles Planning Department, among others.
8  Clearly, Mr. Yang was looking in the wrong place.

The Declaration of attorney Christopher J. Langley states only that he requires discovery, and does not have sufficient evidence to support this Objection to BLI's proof of claim.

The Motion must be overruled, as Debtor has provided *no evidence,* and Debtor has not rebutted Creditor BLI's evidence in the form of its proof of claim to which BLI is entitled to prima facie validity under Rule 3001(f). The written contracts are attached under which Creditor BLI has performed services, engaged third party service providers <u>who were identified by name or scope of work and that work accepted by Debtor</u>, done over years (between 2017 and 2021) under the written contracts attached to BLI's Proof of Claim.

Statements that there "are no entitlements" or that counsel wants "more discovery" is not sufficient to overcome the presumption of validity.

BLI attests to 16,041.5 hours of work, at varying levels of compensation, performed by the employees and contractors of Betula Lenta, Inc. (See Declaration of David Park, ¶ 6).

BLI engaged subcontractors approved by Debtor and identified in the written contracts attached to its proof of claim, for performance of the development contracts with Debtor including, but not limited to: Craig Fry & Associates (Claim No. 13), Ultrasystems Environmental (Claim No. 11), Land Design Consultants (Claim No. 12) and Pennington Construction Advisors, Inc. (Claim No. 20). In addition, BLI contracted for services required to complete BLI's contracts with Debtor, with other providers who did not file separate Proofs of Claim but are listed in Debtor's Schedules E/F as follows: The Code Solution (Design, pre-architectural and entitlements services), Build Group Construction Co. (construction cost estimation services), EFI Global (for revision of the Environmental Study), Overland Traffic

Consultants (for an update of the Traffic Study Report) and Pacific Geotech, Inc. (to update the Soils Engineering Report). (See Declaration of David Park, ¶ 7).

Max Yang is unqualified to testify about the status of development services by Creditor BLI. Max Yang is actually untruthful about his knowledge of the work done by Creditor BLI and its entitlements subcontractors, having received (but failing to disclose receipt) of the entitlements reports as early as May 21, 2021 by dropbox link, also sent to Jianqing Yang's personal attorney David Su in October of 2021 ((See Declaration of David Park, ¶¶ 13 & 14). However, during the period between 2017 and 2021, Max Yang had no involvement with this project, or with the business of his godfather Jianqing Yang, and cannot attest to work done during that period of time. All services for which Creditor BLI was paid and those remaining unpaid and the subject of BLI's Proof of Claim were pre-petition commencing in 2017 until Debtor stopped making the payments required by the written contracts and work stopped on the entitlements.

The Declaration of David Park attests to the 65% completion of the services under the subject contracts attached to the BLI Proof of Claim. Debtor contracted for a total of $48,875,438 between the 3 contracts and has paid BLI and its subcontractors under $7,000,000 for services performed between 2017 and 2021. Max Yang's unsubstantiated opinions that there are "no entitlements" does not address the fact that a balance is due for services performed on these 3 written contracts. No evidence has been presented or exists to rebut the BLI Proof of Claim and the Motion must be denied and the objection overruled.

The debtor has not established sufficient grounds on which to disallow the BLI claim. A mere statement without any personal knowledge that "there are no entitlements" is patently insufficient. Under *Campbell* and *Heath*, Debtor's objection must be overruled. See *Campbell v. Verizon Wireless S-CA (In re Campbell)*, 336 B.R. 430; *In re Heath*, 331 B.R. 424 (9th Cir. BAP 2005). The statement by counsel that discovery is outstanding is not only false, but irrelevant as it does not negate the legal validity of the Proof of Claim.

Debtor as the party objecting to the claim "must produce evidence tending to defeat the claim that is of a probative force equal to that of the creditor's proof of claim." *In re Consolidated Pioneer Mortgage*, 178 B.R. 222, 226 (9th Cir. BAP 1995) (citations and internal

quotation marks omitted). More precisely, "the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency" and if the objector produces "sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence." Id. (citation and internal quotation marks omitted).

The burden of proof has shifted to the Debtor on its Motion and objection to the Proof of Claim of BLI, but Debtor has not and cannot produce evidence to refute any of the allegations essential to the claim's legal sufficiency. There are written contracts signed by Debtor, years of performance of services by BLI and significant work done by other creditors, reports, plans and services, costs and expenses advanced, and all of the work done to accomplish a complex zone change, plan amendments and other services for the entitlement of the 2929 Amethyst real property. Max Yang's "denial" of the existence of the completed entitlements fails to meet this burden, most importantly as Debtor stopped BLI's work on the entitlements when it stopped making the required payments under the written contracts and sought to attack every Creditor providing entitlements services to date, in order to abuse its creditors and misuse the bankruptcy process to protect its equity in its real property assets.

## CONCLUSION

Based upon BLI's Proof of Claim, and upon the foregoing, it is requested that Debtor's Motion to Disallow BLI's Proof of Claim be denied and the objection thereto overruled.

Dated: March 8, 2022                    By__/s/ Peter A. Kim_____
                                                       Peter A. Kim, Attorney for Creditor
                                                       Betula Lenta, Inc.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:  3450 WILSHIRE BLVD STE 1200 LOS ANGELES CA 90010. A true and correct copy of the foregoing document entitled (*specify*):
OPPOSITION TO MOTION TO DISALLOW CLAIM OF BETULA LENTA

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 2/4/2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Michael F Chekian    mike@cheklaw.com, chekianmr84018@notify.bestcase.com
Susan Titus Collins    scollins@counsel.lacounty.gov
Jeffrey W Dulberg    jdulberg@pszjlaw.com
Richard Girgado    rgirgado@counsel.lacounty.gov
M. Jonathan Hayes    jhayes@rhmfirm.com, roksana@rhmfirm.com;matt@rhmfirm.com;rosario@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com;boshra@rhmfirm.com;rosario@rhmfirm.com Christopher J
Christopher Langley    chris@slclawoffice.com, omar@slclawoffice.com
Benjamin R Levinson    ben@benlevinsonlaw.com, courtney@benlevinsonlaw.com
Eric A Mitnick    MitnickLaw@aol.com, mitnicklaw@gmail.com
Giovanni Orantes    go@gobklaw.com, gorantes@orantes-law.com,cmh@gobklaw.com,gobklaw@gmail.com
Matthew D. Resnik    matt@rhmfirm.com,
Allan D Sarver    ADS@asarverlaw.com
David Samuel Shevitz    david@shevitzlawfirm.com, shevitzlawfirm@ecf.courtdrive.com;r48785@notify.bestcase.com;Jose@shevitzlawfirm.com United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
Hatty K Yip    hatty.yip@usdoj.gov, hatty.k.yip@usdoj.gov

☐ Service information continued on attached page

**2. <u>SERVED BY UNITED STATES MAIL</u>**:
On (*date*) 3/8/2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Honorable Ernest M. Robles
Edward R. Roybal Federal Building & Courthouse
255 E. Temple St, Suite 1560/Courtroom 1568
Los Angeles, CA 90012

☐ Service information continued on attached page

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 3/8/2022 | Peter Kim | /s/ Peter Kim |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**