# United States Bankruptcy Court
## Central District of California
### Los Angeles
### Ernest Robles, Presiding
### Courtroom 1568 Calendar

**Wednesday, March 30, 2022**         Hearing Room    **1568**

**10:00 AM**
**2:21-16674**    **JINZHENG GROUP (USA) LLC**                    **Chapter 11**

   **#5.00**    Hearing re [110] Objection To Proof Of Claim No. 13 Of Craig Fry And Associates

             fr. 3-22-22

                           Docket     0

**Matter Notes:**

   3/30/2022

<span style="color:red">The tentative ruling will be the order.
Party to lodge order: As set forth in the Tentative Ruling

POST PDF OF TENTATIVE OR AMENDED TENTATIVE RULING TO CIAO</span>

**Tentative Ruling:**

   3/29/2022

**Note: Parties may appear at the hearing either in-person or by telephone. The use of face masks in the courtroom is optional. Parties electing to appear by telephone should contact CourtCall at 888-882-6878 no later than one hour before the hearing.**

     For the reasons set forth below, the Claim Objection is **SUSTAINED** and Claim 13 is **DISALLOWED** in its entirety.

**Pleadings Filed and Reviewed:**
1) Objection to Proof of Claim No. 13 of Craig Fry and Associates [Doc. No. 110]
    a) Notice of Claim Objection [Doc. No. 111]
2) No opposition to the Claim Objection is on file

## I. Facts and Summary of Pleadings
### A. Background

# United States Bankruptcy Court
## Central District of California
Los Angeles
Ernest Robles, Presiding
**Courtroom 1568 Calendar**

---

**Wednesday, March 30, 2022**                                                                             **Hearing Room    1568**

---

**10:00 AM**
**CONT...        JINZHENG GROUP (USA) LLC                                                                              Chapter 11**

On August 24, 2021 (the "Petition Date"), the Debtor filed a voluntary Chapter 11 petition. The Debtor's primary asset is 32 acres of undeveloped land located near downtown Los Angeles. The Debtor's objective is to create a residential housing development on the land.

On December 7, 2021, the Court entered an order fixing February 4, 2022 as the claims bar date. Doc. No. 55. On December 9, 2021, the Debtor provided notice of the claims bar date to interested parties. Doc. No. 56.

### B. Claim No. 13-1, Asserted by Craig Fry & Associates

Craig Fry & Associates ("CFA") asserts a general unsecured claim in the amount of $240,700.47. *See* Proof of Claim 13-1 ("Claim 13"). Claim 13 is for "services performed, land use consultation, building permitting consultation, and public outreach." No contract is attached to Claim 13. None of the invoices submitted in support of Claim 13 are billed to the Debtor—the invoices are instead billed to "Betty," "Betula Lenta, Inc.," and "David Park."

### C. Summary of Papers Filed in Connection with the Claim Objection

The Debtor objects to Claim 13 on the ground that CFA has failed to establish that it provided services to the Debtor. According to the Debtor, CFA failed to respond to multiple requests to supply contracts between CFA and the Debtor.

CFA has not responded to the Claim Objection.

## II. Findings of Fact and Conclusions of Law

Under Bankruptcy Rule 3001(f), a proof of claim executed and filed in accordance with the Bankruptcy Rules constitutes *prima facie* evidence of the validity and amount of the claim. To overcome the presumption of validity created by a timely-filed proof of claim, an objecting party must do one of the following: (1) object based on legal grounds and provide a memorandum of points and authorities setting forth the legal basis for the objection; or (2) object based on a factual ground and provide sufficient evidence (usually in the form of declarations under penalty of perjury) to create triable issues of fact. *Durkin v. Benedor Corp. (In re G.I. Indus., Inc.)*, 204 F.3d 1276, 1280 (9th Cir. BAP 2000); *United States v. Offord Finance, Inc. (In re Medina)*, 205 B.R. 216, 222 (9th Cir. BAP 1996); *Hemingway Transport, Inc. v. Kahn (In re Hemingway Transport, Inc.)*, 993 F.2d 915, 925 (1st Cir. 1993). Upon objection, a proof of claim provides "some evidence as to its validity and amount" and is "strong enough to carry over a mere formal objection without more." *See Lundell v. Anchor Constr. Spec.,*

# United States Bankruptcy Court
## Central District of California
Los Angeles
**Ernest Robles, Presiding**
**Courtroom 1568 Calendar**

**Wednesday, March 30, 2022**                                                                                     Hearing Room    1568

<u>10:00 AM</u>
**CONT...        JINZHENG GROUP (USA) LLC**                                                                      **Chapter 11**

*Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000) (citing *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991)). An objecting party bears the burden and must "show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves." *Holm*, 931 F.2d at 623. When the objector has shown enough evidence to negate one or more facts in the proof of claim, the burden shifts back to the claimant to prove the validity of the claim by a preponderance of evidence. *See Lundell*, 223 F.3d at 1039 (citation omitted).

Here, CFA has failed to respond to multiple requests by the Debtor to produce a written contract between CFA and the Debtor. None of the invoices submitted in support of Claim 13 are billed to the Debtor. The Debtor has furnished sufficient evidence calling into question the *prima facie* validity of CFA's claim. By failing to respond to the Claim Objection, CFA has not carried its burden of proving the validity of Claim 13.

The Claim Objection is **SUSTAINED** and Claim 13 is **DISALLOWED** in its entirety. Within seven days of the hearing, the Debtor shall submit a proposed order incorporating this tentative ruling by reference.

No appearance is required if submitting on the court's tentative ruling. If you intend to submit on the tentative ruling, please contact Landon Foody or Daniel Koontz, the Judge's Law Clerks, at 213-894-1522. **If you intend to contest the tentative ruling and appear, please first contact opposing counsel to inform them of your intention to do so.** Should an opposing party file a late opposition or appear at the hearing, the court will determine whether further hearing is required. If you wish to make a telephonic appearance, contact Court Call at 888-882-6878, no later than one hour before the hearing.

| **Party Information** |
|---|

**Debtor(s):**

    JINZHENG GROUP (USA) LLC        Represented By
                                                                Christopher J Langley