# United States Bankruptcy Court
## Central District of California
### Los Angeles
### Ernest Robles, Presiding
### Courtroom 1568 Calendar

---

**Wednesday, March 30, 2022**                                    **Hearing Room     1568**

---

<u>10:00 AM</u>
**2:21-16674     JINZHENG GROUP (USA) LLC**                                    **Chapter 11**

#7.00    Hearing re [113] Objection To Proof Of Claim No. 17 Of The Phalanx Group

fr. 3-22-22

Docket        0

**Matter Notes:**

3/30/2022

<span style="color:red">The tentative ruling will be the order.
Party to lodge order: As set forth in the Tentative Ruling</span>

<span style="color:red">POST PDF OF TENTATIVE OR AMENDED TENTATIVE RULING TO CIAO</span>

**Tentative Ruling:**

3/29/2022

**Note: Parties may appear at the hearing either in-person or by telephone. The use of face masks in the courtroom is optional. Parties electing to appear by telephone should contact CourtCall at 888-882-6878 no later than one hour before the hearing.**

<span style="color:red">(Amended after hearing in RED.)</span> For the reasons set forth below, the Claim Objection is **OVERRULED**, and the Court finds that the Phalanx Group holds an allowed <span style="color:red">un</span>secured claim in the amount of $158,845. <span style="color:red">The ruling is without prejudice to the Debtor's ability to file a renewed Claim Objection after further discovery.</span>

**Pleadings Filed and Reviewed:**
1) Objection to Proof of Claim No. 17 of the Phalanx Group [Doc. No. 113]
2) Response of the Phalanx Group, Inc. to Jinzheng Group (USA) LLC's Objection to Claim No. 17 [Doc. No. 145]
3) Debtor's Reply to Claimant's Response to Objection to Proof of Claim No. 17 of the Phalanx Group, Inc. [Doc. No. 161]

**United States Bankruptcy Court**
**Central District of California**
**Los Angeles**
**Ernest Robles, Presiding**
**Courtroom 1568 Calendar**

Wednesday, March 30, 2022                                                                 **Hearing Room    1568**

10:00 AM
**CONT...    JINZHENG GROUP (USA) LLC**                                                          **Chapter 11**

## I. Facts and Summary of Pleadings

### A. Background

On August 24, 2021 (the "Petition Date"), the Debtor filed a voluntary Chapter 11 petition. The Debtor's primary asset is 32 acres of undeveloped land located near downtown Los Angeles. The Debtor's objective is to create a residential housing development on the land.

On December 7, 2021, the Court entered an order fixing February 4, 2022 as the claims bar date. Doc. No. 55. On December 9, 2021, the Debtor provided notice of the claims bar date to interested parties. Doc. No. 56.

### B. Claim No. 17-1, Asserted by The Phalanx Group, Inc.

The Phalanx Group, Inc. ("Phalanx") asserts a general unsecured claim in the amount of $158,845. *See* Proof of Claim No. 17-1 ("Claim 17"). Claim 17 is based upon a *Security Consulting Contract* (the "Contract"), under which Phalanx agreed to provide security consulting services to the Debtor, including (1) assisting in the design of a security system to protect the vacant land, (2) acting as a liaison between the Debtor and adjacent residential property owners, (3) assessing and mitigating gang activity surrounding the project, (4) providing daily property visits, and (5) furnishing and managing a third-party security patrol service to protect the vacant land.

### C. Summary of Papers Filed in Connection with the Claim Objection

The Debtor objects to Claim 17 on two grounds. First, the Debtor argues that the claim should be disallowed because Phalanx is not licensed to operate a private patrol service. The Debtor maintains that Phalanx's primary obligation under the Contract was to provide security guards to patrol the vacant land, and that by doing so without proper licensure, Phalanx was operating in violation of Los Angeles Municipal Code § 52.34(b), which provides that "it shall be unlawful to engage in the business of maintaining or operating any private patrol service in the City of Los Angeles as required by the State of California and a permit from the City." Second, the Debtor argues that Phalanx has failed to provide sufficient documentation establishing that it performed the services that it billed under the Contract.

Phalanx acknowledges that it does not have a license to operate a private patrol service. It states that none of the amounts owed under Claim 17 arose on account of physical security guards, because it was not contemplated that physical security would be provided until construction commenced, which never occurred. Phalanx states that

**United States Bankruptcy Court**
**Central District of California**
**Los Angeles**
**Ernest Robles, Presiding**
**Courtroom 1568 Calendar**

**Wednesday, March 30, 2022**                                              **Hearing Room    1568**

10:00 AM

**CONT...        JINZHENG GROUP (USA) LLC**                                              **Chapter 11**

it was hired in significant part to act as a liaison between the Debtor and Spanish-speaking neighbors, who were upset about the development project, and that it performed these services.

In reply to Phalanx's opposition, the Debtor states that it is in the process of deposing Phalanx's president, Anthony Rodriguez, and requests that the Court set an evidentiary hearing on the Claim Objection.

## II. Findings of Fact and Conclusions of Law

Under Bankruptcy Rule 3001(f), a proof of claim executed and filed in accordance with the Bankruptcy Rules constitutes *prima facie* evidence of the validity and amount of the claim. To overcome the presumption of validity created by a timely-filed proof of claim, an objecting party must do one of the following: (1) object based on legal grounds and provide a memorandum of points and authorities setting forth the legal basis for the objection; or (2) object based on a factual ground and provide sufficient evidence (usually in the form of declarations under penalty of perjury) to create triable issues of fact. *Durkin v. Benedor Corp. (In re G.I. Indus., Inc.)*, 204 F.3d 1276, 1280 (9th Cir. BAP 2000); *United States v. Offord Finance, Inc. (In re Medina)*, 205 B.R. 216, 222 (9th Cir. BAP 1996); *Hemingway Transport, Inc. v. Kahn (In re Hemingway Transport, Inc.)*, 993 F.2d 915, 925 (1st Cir. 1993). Upon objection, a proof of claim provides "some evidence as to its validity and amount" and is "strong enough to carry over a mere formal objection without more." *See Lundell v. Anchor Constr. Spec., Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000) (citing *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991)). An objecting party bears the burden and must "show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves." *Holm*, 931 F.2d at 623. When the objector has shown enough evidence to negate one or more facts in the proof of claim, the burden shifts back to the claimant to prove the validity of the claim by a preponderance of evidence. *See Lundell*, 223 F.3d at 1039 (citation omitted).

The Debtor's objection to Claim 17, on the ground that Phalanx was not properly licensed as a security patrol service, is **OVERRULED**. The Court need not determine whether Phalanx was operating in violation of any state or local regulations pertaining to private security services in connection with the work it performed under the Contract. In California, private security services are subject to extensive regulation. Given the risks associated with the private security business, these regulations are necessary to insure that the employees of private security companies have sufficient training and experience. *See, e.g.*, Cal. Bus. & Prof. Code § 7583.1 (setting forth

## United States Bankruptcy Court
## Central District of California
### Los Angeles
### Ernest Robles, Presiding
### Courtroom 1568 Calendar

**Wednesday, March 30, 2022**                                      **Hearing Room       1568**

10:00 AM
**CONT...        JINZHENG GROUP (USA) LLC**                                            **Chapter 11**

experience requirements for private patrol operators). The purpose of the regulations is to protect the public, not to provide a defense to payment. The Debtor has cited no law or regulation stating that a private security company's failure to maintain proper licensure excuses the Debtor from paying for services actually performed by the company. Even if it is true that Phalanx was required to be licensed for the services it performed under the Contract (a finding the Court does not make), at most that could subject Phalanx to liability to the State of California or the City of Los Angeles for violating applicable laws and regulations; it would not excuse the Debtor from paying Phalanx as required by the Contract.

The Debtor next argues that Phalanx has not sufficiently substantiated the validity of its claim because it has failed to provide a breakdown of the services provided under the Contract. The Debtor requests that the Court set the Claim Objection for an evidentiary hearing so that it can conduct additional discovery, including taking the deposition of Anthony Rodriguez, Phalanx's president.

Under Bankruptcy Rule 3001(f), Phalanx has established the *prima facie* validity of its claim. Phalanx has filed a proof of claim, in which Phalanx's president testifies under penalty of perjury that Phalanx is owed $158,845 under the Contract. The claim is supported by (1) a copy of the Contract, which provides that Phalanx is entitled to be paid $10,500 per month and (2) approximately 30 pages of invoices. The Debtor provides no facts or evidence showing that Phalanx failed to perform the services that it billed under the Contract. Instead, the Debtor's objection is that Phalanx has failed to furnish sufficient evidence that it *did* perform under the Contract. The Debtor's argument turns the evidentiary standard set forth in Bankruptcy Rule 3001(f) on its head. To defeat the *prima facie* validity of Phalanx's claim, the Debtor is required to provide sufficient evidence to create triable issues of fact. Here, the Debtor has not done so.

An evidentiary hearing on the Claim Objection would be appropriate only if the Debtor had adduced some evidence casting doubt upon whether Phalanx performed the services it billed under the Contract. Because no such evidence has been presented, an evidentiary hearing is not warranted. The Claim Objection is **OVERRULED**.

## III. Conclusion

Based upon the foregoing, the Claim Objection is **OVERRULED**, and the Court finds that the Phalanx Group holds an allowed unsecured claim in the amount of $158,845. The ruling is without prejudice to the Debtor's ability to file a renewed

# United States Bankruptcy Court
## Central District of California
### Los Angeles
### Ernest Robles, Presiding
### Courtroom 1568 Calendar

**Wednesday, March 30, 2022**                                   **Hearing Room    1568**

<u>10:00 AM</u>
**CONT...      JINZHENG GROUP (USA) LLC**                                    **Chapter 11**

<span style="color:red">Claim Objection after further discovery.</span> Within seven days of the hearing, the Debtor
shall submit a proposed order incorporating this tentative ruling by reference.

    No appearance is required if submitting on the court's tentative ruling. If you
intend to submit on the tentative ruling, please contact Landon Foody or Daniel
Koontz, the Judge's Law Clerks, at 213-894-1522. **If you intend to contest the
tentative ruling and appear, please first contact opposing counsel to inform them
of your intention to do so.** Should an opposing party file a  late opposition or appear
at the hearing, the court will determine whether further hearing is required. If you
wish to make a telephonic appearance, contact Court Call at 888-882-6878, no later
than one hour before the hearing.

| Party Information |
|---|

**<u>Debtor(s):</u>**

    JINZHENG GROUP (USA) LLC              Represented By
                                     Christopher J Langley