# United States Bankruptcy Court
## Central District of California
Los Angeles
Ernest Robles, Presiding
Courtroom 1568 Calendar

**Wednesday, March 30, 2022**                                                                 Hearing Room   1568

10:00 AM
**2:21-16674**   **JINZHENG GROUP (USA) LLC**                                                               Chapter 11

   **#8.00**   Hearing
RE: [120]  Objection to proof of claim no. 18 of Betula Lenta Inc.

fr. 3-22-22

                       Docket   120

**Matter Notes:**

  3/30/2022

<span style="color:red">The tentative ruling will be the order.
Party to lodge order: As set forth in the Tentative Ruling

POST PDF OF TENTATIVE OR AMENDED TENTATIVE RULING TO CIAO</span>

**Tentative Ruling:**

  3/29/2022

**Note: Parties may appear at the hearing either in-person or by telephone. The use of face masks in the courtroom is optional. Parties electing to appear by telephone should contact CourtCall at 888-882-6878 no later than one hour before the hearing.**

    For the reasons set forth below, the Court finds that an evidentiary hearing is required to adjudicate the validity of Claim 18.

**Pleadings Filed and Reviewed:**
1) Objection to Proof of Claim No. 18 of Betula Lenta Inc. [Doc. No. 120]
2) Opposition to Motion to Disallow Proof of Claim of Creditor Betula Lenta, Inc. [Doc. No. 150]
   a) Declaration of David Park in [Support of] Opposition to Motion to Disallow the Proof of Claim of Creditor Betula Lenta, Inc. [Doc. No. 151]
3) Debtor's Reply to Claimant's Opposition to Objection to Proof of Claim No. 18 of

# United States Bankruptcy Court
# Central District of California
Los Angeles
Ernest Robles, Presiding
Courtroom 1568 Calendar

**Wednesday, March 30, 2022**                                                                 **Hearing Room    1568**

<u>10:00 AM</u>
**CONT...        JINZHENG GROUP (USA) LLC                                                      Chapter 11**
Betula Lenta Inc. [Doc. No. 160]

## I. Facts and Summary of Pleadings
### A. Background
On August 24, 2021 (the "Petition Date"), the Debtor filed a voluntary Chapter 11 petition. The Debtor's primary asset is 32 acres of undeveloped land located near downtown Los Angeles. The Debtor's objective is to create a residential housing development on the land.

On December 7, 2021, the Court entered an order fixing February 4, 2022 as the claims bar date. Doc. No. 55. On December 9, 2021, the Debtor provided notice of the claims bar date to interested parties. Doc. No. 56.

### B. Claim No. 18-1, Asserted by Betula Lenta, Inc.
Betula Lenta, Inc. ("BLI") asserts a general unsecured claim in the amount of $1,643,977.00. *See* Proof of Claim No. 18-1 ("Claim 18"). Claim 18 is based upon several contracts executed between the Debtor and BLI (collectively, the "Contracts"), under which BLI agreed to (1) assist the Debtor in obtaining the entitlements necessary to develop the vacant land, (2) arrange for and supervise the construction of infrastructure improvements on the vacant land, and (3) assist the Debtor in obtaining financing to develop the vacant land.

BLI acknowledges that the Debtor has paid it $6,971,726 under the Contracts. BLI contends that it was owed $13,254,928 under the Contracts, and that it performed 65% of the work required under the Contracts. BLI asserts that it is therefore entitled to be paid 65% of the value of the Contracts, or a total of $8,615,703.20 (65% * $13,254,928). BLI's $1,643,977.00 claim is the difference between the $6,971,726 that it has been paid and the $8,615,703.20 it contends it is owed for performing 65% of the work under the Contracts.

### C. Summary of Papers Filed in Connection with the Claim Objection
The Debtor objects to Claim 18, on the ground that BLI has failed to provide any evidence substantiating its claim to have performed 65% of the work under the Contracts. Max Yang, the attorney-in-fact for the Debtor's managing member, testifies that the "entitlement project is still at a very early stage" and "is not anywhere near 65% complete based on the defined scope of the three contracts" with BLI. Yang Decl. [Doc. No. 120] at ¶ 4.

BLI contends that the Debtor's objection is insufficient to overcome the *prima*

# United States Bankruptcy Court
## Central District of California
Los Angeles
Ernest Robles, Presiding
Courtroom 1568 Calendar

| | |
|---|---|
| **Wednesday, March 30, 2022** | **Hearing Room 1568** |

#### 10:00 AM
**CONT...    JINZHENG GROUP (USA) LLC                                                                   Chapter 11**

*facie* validity of its claim. BLI's authorized agent, David Park, testifies that BLI and its affiliate, The Code Solution, performed 16,041.5 hours of work under the Contracts. Park Decl. [Doc. No. 151] at ¶ 8. BLI further asserts that it should be entitled to amend its proof of claim to include amounts owed to subcontractors who performed work to develop the vacant land.

## II. Findings of Fact and Conclusions of Law

Under Bankruptcy Rule 3001(f), a proof of claim executed and filed in accordance with the Bankruptcy Rules constitutes *prima facie* evidence of the validity and amount of the claim. To overcome the presumption of validity created by a timely-filed proof of claim, an objecting party must do one of the following: (1) object based on legal grounds and provide a memorandum of points and authorities setting forth the legal basis for the objection; or (2) object based on a factual ground and provide sufficient evidence (usually in the form of declarations under penalty of perjury) to create triable issues of fact. *Durkin v. Benedor Corp. (In re G.I. Indus., Inc.)*, 204 F.3d 1276, 1280 (9th Cir. BAP 2000); *United States v. Offord Finance, Inc. (In re Medina)*, 205 B.R. 216, 222 (9th Cir. BAP 1996); *Hemingway Transport, Inc. v. Kahn (In re Hemingway Transport, Inc.)*, 993 F.2d 915, 925 (1st Cir. 1993). Upon objection, a proof of claim provides "some evidence as to its validity and amount" and is "strong enough to carry over a mere formal objection without more." *See Lundell v. Anchor Constr. Spec., Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000) (citing *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991)). An objecting party bears the burden and must "show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves." *Holm*, 931 F.2d at 623. When the objector has shown enough evidence to negate one or more facts in the proof of claim, the burden shifts back to the claimant to prove the validity of the claim by a preponderance of evidence. *See Lundell*, 223 F.3d at 1039 (citation omitted).

### A. BLI is Not Authorized to File an Amended Proof of Claim

BLI requests authorization to file an amended proof of claim that includes the amounts allegedly owed to subcontractors that BLI engaged to perform under the Contracts. "In the absence of prejudice to an opposing party, the bankruptcy courts, as courts of equity, should freely allow amendments to proofs of claim that relate back to the filing date of the … claim when the purpose is to cure a defect in the claim as filed or to describe the claim with greater particularity." *Sambo's Restaurants, Inc. v. Wheeler (In re Sambo's Restaurants, Inc.)*, 754 F.2d 811, 816–17 (9th Cir. 1985). To

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
**Ernest Robles, Presiding**
**Courtroom 1568 Calendar**

**Wednesday, March 30, 2022**                                                                            Hearing Room    **1568**

10:00 AM
**CONT...        JINZHENG GROUP (USA) LLC                                                                    Chapter 11**

determine prejudicial effect, the Court looks to "such elements as bad faith or unreasonable delay in filing the amendment, impact on other claimants, reliance by the debtor or other creditors, and change of the debtor's position." *Roberts Farms Inc. v. Boltman (In re Roberts Farms Inc.)*, 980 F.2d 1248, 1252 (9th Cir. 1992).

Here, no purpose would be served by allowing BLI to file an amended proof of claim, because as a matter of law, entities other than BLI are not entitled to be paid under the Contracts. Each of the Contracts upon which BLI's claim is based are exclusively between BLI and the Debtor, and each Contract contains an integration clause. There is nothing within the Contracts indicating that the Debtor is liable to pay the subcontractors engaged by BLI to assist BLI in performing under the Contracts.

In support of its assertion that it should be permitted to file an amended proof of claim, BLI notes that an exhibit attached to the contract executed between BLI and the Debtor on March 13, 2019 (the "March 2019 Contract") lists the names of certain of the subcontractors engaged by BLI. Contrary to BLI's contention, the exhibit does not add the subcontractors as additional counterparties to the March 2019 Contract. The purpose of the March 2019 Contract was to delineate the terms under which BLI would assist the Debtor in obtaining financing to complete the development of the vacant land. Exhibit A to the March 2019 Contract contains an estimate of the costs necessary to complete the development, broken down by subcontractor. Exhibit A makes clear that the additional development costs would be paid from the financing that BLI was required to help the Debtor obtain under the March 2019 Contract; it does *not* create an additional contractual liability between the Debtor and the subcontractors listed therein.

**B. An Evidentiary Hearing is Required to Adjudicate the Validity of Claim 18**
Through the Contracts and declaration testimony of its authorized agent David Park, BLI has introduced sufficient evidence to establish the *prima facie* validity of its claim. The present record is not sufficient for the Court to adjudicate the amount of work performed under the Contract. The evidence submitted by both BLI and the Debtor with respect to this issue is conclusory and lacking in specificity. An evidentiary hearing at which testimony will be taken is required to adjudicate the validity of Claim 18. *See Khachikyan v. Hahn (In re Khachikyan)*, 335 B.R. 121, 125 (B.A.P. 9th Cir. 2005) (holding that where material facts are in dispute, testimony must be taken in the same manner as in an adversary proceeding).

The following dates shall apply with respect to the evidentiary hearing on the

# United States Bankruptcy Court
## Central District of California
Los Angeles
**Ernest Robles, Presiding**
**Courtroom 1568 Calendar**

**Wednesday, March 30, 2022**                                            Hearing Room    **1568**

10:00 AM
**CONT...**     **JINZHENG GROUP (USA) LLC**                                                **Chapter 11**
   Claim Objection:

1) The last day to disclose expert witnesses and expert witness reports is **7/26/2022**.
2) The last day to disclose rebuttal expert witnesses and rebuttal expert witness reports is **8/25/2022**.
3) The last date to complete discovery, including discovery pertaining to expert witnesses, is **9/20/2022**. All discovery motions must also have been heard by this date. (For contemplated hearings on discovery motions, it is counsel's responsibility to check the Judge's self-calendaring dates, posted on the Court's website. If the discovery cutoff date falls on a date when the court is closed or that is not available for self-calendaring, the deadline for hearings on discovery motions is the next closest previous date which is available for self-calendaring.)
4) The last day for dispositive motions to be heard is **9/20/2022**. (If the motion cutoff date is not available for self-calendaring, the deadline for dispositive motions to be heard is the next closest previous date which is available for self-calendaring.)
5) A Pretrial Conference is set for **10/11/2022 at 11:00 a.m.** By no later than fourteen days prior to the Pretrial Conference, the parties must submit a Joint Pretrial Stipulation via the Court's Lodged Order Upload (LOU) system. Submission via LOU allows the Court to edit the Joint Pretrial Stipulation, if necessary. Parties should consult the Court Manual, section 4, for information about LOU.
6) In addition to the procedures set forth in Local Bankruptcy Rule 7016-1(b), the following procedures govern the conduct of the Pretrial Conference and the preparation of the Pretrial Stipulation:
    a) By no later than thirty days prior to the Pretrial Conference, the parties must exchange copies of all exhibits which each party intends to introduce into evidence (other than exhibits to be used solely for impeachment or rebuttal).
    b) When preparing the Pretrial Stipulation, all parties shall stipulate to the admissibility of exhibits whenever possible. In the event any party cannot stipulate to the admissibility of an exhibit, that party must file a Motion in Limine which clearly identifies each exhibit alleged to be inadmissible and/or prejudicial. The moving party must set the Motion

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
**Ernest Robles, Presiding**
**Courtroom 1568 Calendar**

**Wednesday, March 30, 2022**                                                                 Hearing Room    1568

10:00 AM
CONT...        **JINZHENG GROUP (USA) LLC**                                                          Chapter 11

in Limine for hearing at the same time as the Pretrial Conference; notice and service of the Motion shall be governed by LBR 9013-1. The Motion in Limine must contain a statement of the specific prejudice that will be suffered by the moving party if the Motion is not granted. The Motion must be supported by a memorandum of points and authorities containing citations to the applicable Federal Rules of Evidence, relevant caselaw, and other legal authority. Blanket or boilerplate evidentiary objections not accompanied by detailed supporting argument are prohibited, will be summarily overruled, and may subject the moving party to sanctions.

   c) The failure of a party to file a Motion in Limine complying with the requirements of subparagraph (ii) shall be deemed a waiver of any objections to the admissibility of an exhibit.
   d) Motions in Limine seeking to exclude testimony to be offered by any witness shall comply with the requirements set forth in subparagraph (ii), and shall be filed by the deadline specified in subparagraph (ii). The failure of a party to file a Motion in Limine shall be deemed a waiver of any objections to the admissibility of a witness's testimony.

7) Trial is set for the week of **10/24/2022**. The trial day commences at 9:00 a.m. The exact date of the trial will be set at the Pretrial Conference. Consult the Court's website for the Judge's requirements regarding exhibit binders and trial briefs.

8) This matter shall be referred to the Mediation Panel. The Liquidating Trustee shall lodge a completed "Request for Assignment to Mediation Program; [Proposed] Order Thereon" (*see* Amended General Order 95-01 available on the Court's website) within 15 days from the date of this hearing, and deliver a hard copy directly to chambers c/o the judge's law clerk Daniel Koontz. The manner in which the mediation is conducted— whether in-person or by videoconference—shall be at the discretion of the mediator.

## III. Conclusion

Based upon the foregoing, the Court finds that an evidentiary hearing is required to adjudicate the allowability of Claim 18. The Court will enter a Scheduling Order establishing the litigation deadlines pertaining to the evidentiary hearing.

# United States Bankruptcy Court
## Central District of California
Los Angeles
Ernest Robles, Presiding
**Courtroom 1568 Calendar**

**Wednesday, March 30, 2022**                                                                                        Hearing Room    **1568**

<u>10:00 AM</u>
**CONT...        JINZHENG GROUP (USA) LLC                                                                            Chapter 11**

No appearance is required if submitting on the court's tentative ruling. If you intend to submit on the tentative ruling, please contact Landon Foody or Daniel Koontz, the Judge's Law Clerks, at 213-894-1522. **If you intend to contest the tentative ruling and appear, please first contact opposing counsel to inform them of your intention to do so.** Should an opposing party file a late opposition or appear at the hearing, the court will determine whether further hearing is required. If you wish to make a telephonic appearance, contact Court Call at 888-882-6878, no later than one hour before the hearing.

| **Party Information** |
|---|

**Debtor(s):**

    JINZHENG GROUP (USA) LLC            Represented By
                                                                      Christopher J Langley