# United States Bankruptcy Court
## Central District of California
### Los Angeles
### Ernest Robles, Presiding
### Courtroom 1568 Calendar

| | |
|---|---|
| **Wednesday, March 30, 2022** | **Hearing Room  1568** |

**10:00 AM**
**2:21-16674**    JINZHENG GROUP (USA) LLC                                                                           **Chapter 11**

  **#9.00**    Hearing re [116] Objection To Proofs Of Claim No. 9 & 10 Of Michael Carlin

            fr. 3-22-22

                              Docket    0

**Matter Notes:**

  3/30/2022

  <span style="color:red">The tentative ruling will be the order.
  Party to lodge order: As set forth in the Tentative Ruling

  POST PDF OF TENTATIVE OR AMENDED TENTATIVE RULING TO CIAO</span>

**Tentative Ruling:**

  3/29/2022

  **Note: Parties may appear at the hearing either in-person or by telephone. The use of face masks in the courtroom is optional. Parties electing to appear by telephone should contact CourtCall at 888-882-6878 no later than one hour before the hearing.**

       For the reasons set forth below, the Claim Objection is **SUSTAINED** and Claims 9 and 10, asserted by Michael Carlin, are **DISALLOWED**. This ruling is without prejudice to Carlin's ability to file an application to be employed as the Debtor's chief restructuring officer *nunc pro tunc*. In the event that application is granted, Carlin may then assert an administrative claim.

       **Pleadings Filed and Reviewed:**
       1) Objection to Proofs of Claim No. 9 and 10 of Michael Claim [Doc. No. 116]
       2) Opposition to Debtor's Objection to Michael Douglas Carlin Claim [Doc. No.

# United States Bankruptcy Court
## Central District of California
Los Angeles
Ernest Robles, Presiding
**Courtroom 1568 Calendar**

**Wednesday, March 30, 2022**　　　　　　　　　　　　　　　　　　　　　　　　　　**Hearing Room    1568**

<u>10:00 AM</u>
**CONT...        JINZHENG GROUP (USA) LLC                                                                 Chapter 11**
　　　　152]

## I. Facts and Summary of Pleadings
### A. Background

On August 24, 2021 (the "Petition Date"), the Debtor filed a voluntary Chapter 11 petition. The Debtor's primary asset is 32 acres of undeveloped land located near downtown Los Angeles. The Debtor's objective is to create a residential housing development on the land.

On December 7, 2021, the Court entered an order fixing February 4, 2022 as the claims bar date. Doc. No. 55. On December 9, 2021, the Debtor provided notice of the claims bar date to interested parties. Doc. No. 56.

From the Petition Date until November 21, 2021, the Debtor was represented by the Law Offices of Donna Bullock ("Bullock"). Bullock Decl. [Doc. No. 103] at ¶ 19 (Bullock's testimony that the Debtor terminated her representation on November 21, 2021). On December 6, 2021, the Debtor filed a *Substitution of Attorney* form which stated that Shioda, Langley & Chang LLP ("SLC") had been retained as its new reorganization counsel. Doc. No. 48. Bullock has *not* filed an application to be employed as the Debtor's general bankruptcy counsel.

On December 6, 2021, SLC filed an application to be employed as the Debtor's general bankruptcy counsel. Doc. No. 48. On January 18, 2022, the Court approved SLC's employment as the Debtor's general bankruptcy counsel, effective as of November 21, 2021. Doc. No. 81.

On February 28, 2022, the Court ordered Bullock to return to the Debtor all payments she had received in excess of $6,268. Doc. No. 134 (the "Disgorgement Order"). The Court found that Bullock was not entitled to retain funds belonging to the estate because her employment as the Debtor's general bankruptcy counsel had not been authorized. Entry of the Disgorgement Order was without prejudice to Bullock's ability to seek authorization to be employed as the Debtor's general bankruptcy counsel *nunc pro tunc*. Doc. No. 126 (final ruling setting forth reasons for entry of the Disgorgement Order).

### B. Claim Nos. 9 and 10, Asserted by Michael Carlin

Michael Carlin ("Carlin") asserts a priority administrative claim under § 507(a)(2), in the amount of $15,650 for "services performed post-petition." *See* Proofs of Claim 9-1 and 10-1 (the Court construes Proof of Claim 10-1 as the operative claim, as it appears that Proof of Claim 10-1 was intended to amend Proof of Claim 9-1; the claim

# United States Bankruptcy Court
## Central District of California
Los Angeles
Ernest Robles, Presiding
Courtroom 1568 Calendar

**Wednesday, March 30, 2022**                                              **Hearing Room    1568**

**10:00 AM**
**CONT...    JINZHENG GROUP (USA) LLC                                           Chapter 11**

asserted by Carlin is hereinafter referred to as "Claim 10"). Carlin states that he performed 313 hours of work as the Debtor's Chief Restructuring Officer (the "CRO").

Claim 10 is supported by the *Unanimous Written Consent of the Members of Jinzheng Group (USA) LLC* (the "Unanimous Consent") which authorized the Debtor to seek bankruptcy protection. As relevant to the Claim 10, the Unanimous Consent provides:

> IT IS FURTHER RESOLVED that Michael Douglas Carlin is hereby appointed as the Chief Restructuring Officer (the "CRO") of the Company; and that the CRO be, and hereby is, authorized to execute and file monthly operating reports, obtain and review all company books and records and authorized to communicate with lenders and service providers on behalf of the Company; to sign other pleadings and papers in the bankruptcy for the Company, and to take any and all actions which he may deem necessary and proper in connection with such bankruptcy proceedings under said chapter 11 and in that regard to employ assistance of legal counsel, other professionals, or such individuals as he may deem necessary and proper with a view to the successful conclusion of such bankruptcy proceedings.
>
> IT IS FURTHER RESOLVED that the CRO be, and hereby is, authorized to make decisions relating to the Company upon consent by a majority of the managing members, after the execution of this Resolution excepting that the CRO may not make a decision to sell the real estate assets of the Company without unanimous approval of all members of the Company.

### C. Summary of Papers Filed in Connection with the Claim Objection

The Debtor objects to Claim 10 on the ground that Carlin never obtained authorization from the Court to be employed as the Debtor's CRO.

In opposition to the Claim Objection, Carlin asserts that the work he performed, which included attending the § 341(a) meeting of creditors and preparing Monthly Operating Reports, benefitted the Debtor by preventing the case from being dismissed. Carlin accuses the Debtor's counsel of "misapply[ing] the law to cheat me out of my earnings." Doc. No. 152 at p. 3.

## II. Findings of Fact and Conclusions of Law

Under Bankruptcy Rule 3001(f), a proof of claim executed and filed in accordance

# United States Bankruptcy Court
## Central District of California
Los Angeles
**Ernest Robles, Presiding**
**Courtroom 1568 Calendar**

**Wednesday, March 30, 2022**                                                                 Hearing Room    1568

10:00 AM
**CONT...        JINZHENG GROUP (USA) LLC                                                              Chapter 11**

with the Bankruptcy Rules constitutes *prima facie* evidence of the validity and amount of the claim. To overcome the presumption of validity created by a timely-filed proof of claim, an objecting party must do one of the following: (1) object based on legal grounds and provide a memorandum of points and authorities setting forth the legal basis for the objection; or (2) object based on a factual ground and provide sufficient evidence (usually in the form of declarations under penalty of perjury) to create triable issues of fact. *Durkin v. Benedor Corp. (In re G.I. Indus., Inc.)*, 204 F.3d 1276, 1280 (9th Cir. BAP 2000); *United States v. Offord Finance, Inc. (In re Medina)*, 205 B.R. 216, 222 (9th Cir. BAP 1996); *Hemingway Transport, Inc. v. Kahn (In re Hemingway Transport, Inc.)*, 993 F.2d 915, 925 (1st Cir. 1993). Upon objection, a proof of claim provides "some evidence as to its validity and amount" and is "strong enough to carry over a mere formal objection without more." *See Lundell v. Anchor Constr. Spec., Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000) (citing *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991)). An objecting party bears the burden and must "show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves." *Holm*, 931 F.2d at 623. When the objector has shown enough evidence to negate one or more facts in the proof of claim, the burden shifts back to the claimant to prove the validity of the claim by a preponderance of evidence. *See Lundell*, 223 F.3d at 1039 (citation omitted).

Local Bankruptcy Rule 2014-1(b)(1)(E) provides:

> A timely application for employment is a prerequisite to compensation from the estate. Therefore, an application for the employment of counsel for a debtor in possession should be filed as promptly as possible after the commencement of the case, and an application for employment of any other professional person should be filed as promptly as possible after such person has been engaged.

The requirements set forth in LBR 2014 are reiterated in the caselaw. *See, e.g., DeRonde v. Shirley (In re Shirley)*, 134 B.R. 940, 943–44 (B.A.P. 9th Cir. 1992) ("Court approval of the employment of counsel for a debtor in possession is *sine qua non* to counsel getting paid. Failure to receive court approval for the employment of a professional in accordance with § 327 and Rule 2014 precludes the payment of fees.").

A chief restructuring officer such as Carlin is *not* an ordinary course professional who may be employed by the Debtor and paid in the ordinary course of business absent court approval under § 327(b). *See In re Renaissance Residential of*

# United States Bankruptcy Court
# Central District of California
Los Angeles
Ernest Robles, Presiding
Courtroom 1568 Calendar

**Wednesday, March 30, 2022**     Hearing Room     **1568**

**10:00 AM**
**CONT...**     **JINZHENG GROUP (USA) LLC**     **Chapter 11**

*Countryside, LLC*, 423 B.R. 848, 860–61 (Bankr. N.D. Ill. 2010) (professionals who perform services that are only necessary because the Debtor sought bankruptcy protection, such as preparing Monthly Operating Reports or attending the meeting of creditors, are *not* ordinary course professionals, and such professionals must obtain court approval of their employment in order to be paid). To be entitled to an administrative claim, Carlin's employment must be approved by the Court.

As noted above, the Court has authorized Bullock to seek *nunc pro tunc* approval of her employment. The Court will afford Carlin the same latitude. Carlin is authorized to file an application seeking to be employed as the Debtor's CRO *nunc pro tunc*. In the event Carlin's employment is authorized, he may then assert an administrative claim. (The February 4, 2022 claims bar date applies only to pre-petition claims, not administrative claims.)

## III. Conclusion

Based upon the foregoing, the Claim Objection is **SUSTAINED** and Claims 9 and 10, asserted by Michael Carlin, are **DISALLOWED**. This ruling is without prejudice to Carlin's ability to file an application to be employed as the Debtor's chief restructuring officer *nunc pro tunc*. In the event that application is granted, Carlin may then assert an administrative claim. Within seven days of the hearing, the Debtor shall submit a proposed order incorporating this tentative ruling by reference.

No appearance is required if submitting on the court's tentative ruling. If you intend to submit on the tentative ruling, please contact Landon Foody or Daniel Koontz, the Judge's Law Clerks, at 213-894-1522. **If you intend to contest the tentative ruling and appear, please first contact opposing counsel to inform them of your intention to do so.** Should an opposing party file a late opposition or appear at the hearing, the court will determine whether further hearing is required. If you wish to make a telephonic appearance, contact Court Call at 888-882-6878, no later than one hour before the hearing.

| Party Information |
|---|

**Debtor(s):**

    JINZHENG GROUP (USA) LLC     Represented By
                                                   Christopher J Langley