Peter A. Kim, Esq.
(SBN 250470)
3450 Wilshire Blvd Ste 1200,
Los Angeles, CA 90010-2214
Phone: 213-387-0800 | Fax: 213-387-0880
Email: peter@pkimlaw.com

Attorneys for Defendants BETULA LENTA, INC., DAVID PARK and JONATHAN PAE

UNITED STATES BANKRUPTCY COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JINZHENG GROUP (USA) LLC,<br><br>　　　　Plaintiff,<br><br>Vs.<br><br>BETULA LENTA, INC., etc., et al.,<br><br>　　　　Defendants. | Los Angeles Superior Court<br>Case No.: 22STCV02643<br><br>Bankruptcy Case No. 2:21-bk-16674-ER<br><br>Chapter 11<br><br>NOTICE OF REMOVAL OF STATE COURT ACTION<br><br>[FRBP 9027; LBR 9027-1] |

TO THE UNITED STATES BANKRUPTCY COURT, TO THE UNITED STATES TRUSTEE AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

　　　Please take notice that on April 12, 2022, Defendants BETULA LENTA, INC., DAVID PARK and JONATHAN PAE hereby file with the Clerk of this Court at the United States Bankruptcy Courthouse, located at 255 E. Temple St., Los Angeles, CA 90012, this Notice of Removal of State Court Action (the "Notice"). This Notice is filed to accomplish the removal of the action pending in the Superior Court of the State of California in and for the County of Los Angeles, entitled <u>Jinzheng Group (USA) LLC vs. Jonathan Pae, etc., et al.</u>, Los Angeles Superior

Court Case No. 22STCV02643 commenced on February 7, 2022 (the "State Court Action"), to the United States Bankruptcy Court for the Central District of California in Plaintiff's Chapter 11 Bankruptcy Case No. 2:21-bk-16674-ER filed on August 24, 2021 (the "Chapter 11").

Pursuant to FRBP Rule 9027, 28 USC §1452, 28 USC §1334(e)(1) and 28 USC §157, this Notice of Removal of State Court Action is hereby filed with the assigned Bankruptcy Court for the Chapter 11 case. A copy of the Notice has been filed with the Clerk of the Los Angeles Superior Court, after which the parties shall proceed no further in that court and this matter shall be placed upon the docket of the assigned Bankruptcy Court for further proceedings.

On February 7, 2022, Debtor filed the State Court Action against named Creditor BETULA LENTA, INC. ("BLI") and two of its principals JONATHAN PAE and DAVID PARK,. The State Court Action also named Creditor BETTY BAO ZHENG and related business entity CBW GLOBAL, Inc.. This State Court Action was filed after Debtor filed the Chapter 11 case on August 24, 2021, and without first seeking leave of the Bankruptcy Court in the Chapter 11 case or informing the Bankruptcy Court of the State Court Action at the time of filing. In the State Court Action, Debtor claims damages under causes of action for Breach of Contract, Intentional Misrepresentation, Negligent Misrepresentation and other claims based upon the same three (3) written contracts between Plaintiff and Debtor JINZHENG GROUP (USA) LLC with Defendant and Creditor BLI, for performance by BLI of professional services for entitlement of the primary asset of Debtor in this Chapter 11 case: the 32 acres of raw unentitled land and adjacent entry parcels commonly known as 2929 Amethyst St., Los Angeles, CA, and development of a housing project, for which reorganization of Debtor ultimately depends. Those same 3 written contracts between Debtor and Creditor BLI for the same housing development on the real property owned by Debtor upon which Debtor's reorganization depends, are the exact same 3 contracts and services related to the same housing project upon which Creditor BLI based its Proof of Claim filed in this Chapter 11 on February 3, 2022 (Claim No. 18 of Creditor BLI), (the "Proof of Claim").

On February 19, 2022, Debtor filed a Motion to Disallow Creditor BLI's Proof of Claim, which was heard in the Bankruptcy Court on March 30, 2022. On March 30, 2022, the Bankruptcy Court issued an Order (Docket No. 174) in the Debtor's Chapter 11 case setting a trial date of October 24, 2022 in the Bankruptcy Court. That trial will receive evidence and shall enter a judgment on all issues relating to Creditor BLI's Proof of Claim and the value of BLI's

services under the contracts and for the housing project, which are identical facts and evidence which are the alleged grounds and basis of Debtor-Plaintiff's State Court Action against Creditor BLI and its individual principals.  The State Court Action and the October 24, 2022 Bankruptcy Court trial in the Chapter 11 case, will adjudicate and determine Creditor BLI's performance and right to payment for services performed under those written contracts for Debtor, the value of Creditor BLI's Proof of Claim for unpaid pre-petition services and the directly related damage claims under the State Court Action, all of which are based upon the same three (3) written contracts for the same real property asset of Debtor, the same evidence, the same witnesses and clearly upon the same allegations of fact.  The State Court Action is the same action as the trial set in the Chapter 11 case on Creditor BLI's Proof of Claim.  Debtor must not fragment the litigation between the Los Angeles Superior Court and the Bankruptcy Court, or attempt to seek different, inconsistent or more favorable results on the same facts as pending in the trial on Creditor BLI's Proof of Claim, or to use the State Court Action to delay the expedited proceedings in the Chapter 11 case or the due dates for Debtor's plan of reorganization or any alternative liquidation of assets.

      The Bankruptcy Court has jurisdiction over the claims in the State Court Action, under 28 USC §157 as a core proceeding in the Chapter 11 case, which is already scheduled for trial on October 24, 2022 in the Bankruptcy Court.  The allowance or disallowance of Creditor BLI's Proof of Claim involves determination of the identical facts and evidence as required for the State Court Action.  Any judgment in the State Court Action would impact the claim and affect liquidation of the assets of the estate or adjustment of the Debtor/Creditor relationship between Debtor and Creditor BLI.  Resolution of the State Court Action will significantly affect the administration of the estate, which is evident as it is relied upon as grounds under the Second Motion of Debtor for Order Extending Debtor's Exclusivity Period to file Chapter 11 Plan and Solicit Acceptances Thereto (Docket No. 181) filed on April 7, 2022 and set for hearing on May 4, 2022 (Docket No. 183).  Debtor must not be permitted to seek to delay confirmation of a plan of reorganization by demanding for the Bankruptcy Court to wait until the State Court Action is adjudicated in the Los Angeles Superior Court, based upon the same set of facts, same evidence and the same three (3) written contracts which form the basis of Creditor BLI's Proof of Claim, pending in the adversary proceedings which are set for evidentiary trial in the Chapter 11 case before the Bankruptcy Court on October 24, 2022.

The State Court Action will involve attempts by Debtor to obtain property of the estate. All such proceedings are core proceedings, under 28 USC §157(b)(2)(A), (E) and (O), among others. Should "any claim or cause of action" asserted in the Civil Action be determined to be non-core, Creditor BLI consents to the entry of final orders or judgment by the Bankruptcy Judge. The individual principals of Creditor BLI sued without adequate allegations of individual liability, named as DAVID PARK and JONATHAN PAE, consents to the jurisdiction of this Court, and to the entry of final orders or judgment by the Bankruptcy Judge. Creditor BLI is informed and believes that the remaining Defendants in the State Court Action also consent to removal to the Bankruptcy Court in the Chapter 11 case.

Each and every cause of action in the State Court Action is directly related to this Chapter 11 case, for which all evidence and findings are directly and inextricably related. The State Court Action will require determination of the same issues, evidence and findings required in the October 24, 2022 trial set for Creditor BLI's Proof of Claim (Docket No. 174). Removal of each claim and cause of action of the State Court Action to the Chapter 11 case pending in the Bankruptcy Court is authorized by 28 USC §§1452, 1334 and 157, and the General Order of the District Court of California referring bankruptcy matters to the United States Bankruptcy Court. Removal is in accordance with Rule 9027 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 9027-1. No responsive pleading is due or has been filed in the State Court Action. Within 30 days of the filing of this Notice, a copy of all process and pleadings in the State Court Action shall be filed with the Bankruptcy Court in accordance with Rule 9027(a)(1 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 9027-1. The term "pleadings" is defined by Rule 7 of the Federal Rules of Civil Procedure, which is incorporated by Rule 7007 of the Federal Rules of Bankruptcy Procedure. Copies of the pleadings will be timely filed, and if additional documents are required Creditor BLI will submit these documents.

NOW THEREFORE, ALL PARTIES TO THE STATE COURT ACTION PENDING IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF LOS ANGELES, STANLEY MOSK COURTHOUSE CASE NO. 22STCV04623 ARE HEREBY NOTIFIED, Pursuant to Rule 9027(e) of the Federal Rules of Bankruptcy Procedure, as follows:

Removal of the State Court Action and all claims and causes of action therein is effected upon the filing of a copy of this notice with the Clerk of the Superior Court of the County of Los

Angeles pursuant to Rule 9027(c) of the Federal Rules of Bankruptcy Procedure. The State Court Action, is removed from the Superior Court to the Bankruptcy Court presiding over the Chapter 11 case. The parties to the State Court Action shall proceed no further in the Superior Court unless and until the action is remanded by the Bankruptcy Court.

Respectfully Submitted,

Dated: April 12, 2022        _/s/ Peter A. Kim_____
　　　　　　　　　　　　　　Peter A. Kim, Attorney for Defendants
　　　　　　　　　　　　　　BETULA LENTA, INC., DAVID PARK and
　　　　　　　　　　　　　　JONATHAN PAE

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| eter A. Kim, Esq.<br>(SBN 250470)<br>3450 Wilshire Blvd Ste 1200,<br>Los Angeles, CA 90010-2214<br>Phone: 213-387-0800  \|  Fax: 213-387-0880<br>Email: peter@pkimlaw.com | |
| ☐ *Individual appearing without an attorney*<br>☒ A*ttorney for:* Betula Lenta, David Park & Jonathan Pae | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br><br>JINZHENG GROUP (USA) LLC<br><br>Debtor(s). | CASE NO.: 2:21-bk-16674-ER<br><br>CHAPTER: 11<br><br>ADVERSARY NO.: |
|---|---|
| JINZHENG GROUP (USA) LLC<br><br>Plaintiff(s),<br>vs.<br>JONATHAN PAE, an individual; DAVID PARK, an individual; BETULA LENTA, INC., a corporation; BETTY BAO ZHENG, an individual; CBW GLOBAL, a corporation and Does 1-50<br>Defendant. | **NOTICE OF STATUS CONFERENCE**<br>**RE REMOVAL OF ACTION**<br><br>**[LBR 9027-1]** |

TO: ALL PARTIES IN REMOVED ACTION, ANY TRUSTEE APPOINTED IN THE BANKRUPTCY CASE, AND THE U.S. TRUSTEE:  A Notice of Removal of Action (Removal Notice) was filed under 28 U.S.C. §1452(a), FRBP 9027 and LBR 9027-1(a).  A copy of the Removal Notice accompanies this Notice of Status Conference (Status Conference Notice).

| |
|---|
| Removing Party: BETULA LENTA, INC., DAVID PARK and JONATHAN PAE |
| Date of Filing of Removal Notice: April 12, 2022 |
| Court/division from which action is removed: Los Angeles Superior Court, Stanley Mosk Courthouse, Dept. 14 |
| Case No. of Removed Action: 22STCV04623 |

1) **Status Conference** – A status conference on the Removal Notice has been set for:

| Hearing date:<br><br>Time:<br><br>Courtroom: | Address:<br>☒ 255 East Temple Street, Los Angeles, CA 90012<br>☐ 3420 Twelfth Street, Riverside, CA 92501<br>☐ 411 West Fourth Street, Santa Ana, CA 92701<br>☐ 1415 State Street, Santa Barbara, CA 93101<br>☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367 |
|---|---|

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California

December 2014                           Page 1                    F 9027-1.NOTICE.STATCONF.REMOVAL

2) **Service of Status Conference Notice** – Pursuant to LBR 9027-1(b)(3), no later than 14 days after the Status Conference Notice is issued and filed, the party who filed the Removal Notice must serve the Status Conference Notice on all parties to the removed action, any trustee appointed in the bankruptcy case, the United States trustee, and a judge's copy as provided in the Court Manual.

3) **Preserving Right to Jury Trial** – Pursuant to LBR 9027-1(e), no later than 14 days after service of the Removal Notice (plus an additional 3 days if you were served by mail, electronically or pursuant to F.R. Civ. P. 5(b)(2(D),(E) or (F)), a party to the removed action must comply with LBR 9015-2 to preserve any right to trial by jury.

4) **FRBP 9027(e)(3) Statement** – Pursuant to FRBP 9027(e)(3), no later than 14 days after the filing of the Removal Notice (plus an additional 3 days if you were served by mail, electronically or pursuant to F.R. Civ. P. 5(b)(2(D),(E) or (F)),, a party to the removed action (other than the party who filed the Removal Notice) must file with the clerk the statement required under FRBP 9027(e)(3) and serve the statement upon all other parties to the removed action.

5) **Litigation Documents** – Pursuant to FRBP 9027(a)(1) and 9027(e)(2), and LBR 9027-1(d), subject to LBR 9027-1(d)(2)(B), no later than 30 days after the filing of the Removal Notice, the party who filed the Removal Notice must file with the clerk, all of the following items pertaining to the action being removed:

    (a) A copy of the docket from the court where the removed litigation was pending; and

    (b) A copy of every document reflected on the docket, whether the document was filed by a party or entered by the court. These copies must be provided in chronological order according to the date the document was filed.

6) **Joint Status Report** - Pursuant to LBR 7016-1(a)(2), no later than **14 days prior to the Status Conference**, all parties to this adversary proceeding must participate in filing a joint status report (JSR) and deliver a judge's copy as required in the Court Manual. The JSR must be prepared according to the instructions set forth on the court's website at www.cacb.uscourts.gov.

                                                          KATHLEEN J. CAMPBELL, CLERK OF COURT

Date:                                        By: _____
                                                          Deputy Clerk

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California

December 2014                                        Page 2                                        F 9027-1.NOTICE.STATCONF.REMOVAL

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 3450 WILSHIRE BLVD., STE. 1200, LOS ANGELES, CA 90010

A true and correct copy of the foregoing document entitled (*specify*): NOTICE OF REMOVAL OF STATE COURT ACTION;  NOTICE OF STATUS CONFERENCE RE: REMOVAL OF ACTION
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 2/4/2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Michael F Chekian     mike@cheklaw.com, chekianmr84018@notify.bestcase.com
Susan Titus Collins     scollins@counsel.lacounty.gov
Jeffrey W Dulberg     jdulberg@pszjlaw.com
Richard Girgado     rgirgado@counsel.lacounty.gov
M. Jonathan Hayes     jhayes@rhmfirm.com, roksana@rhmfirm.com;matt@rhmfirm.com;rosario@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com;boshra@rhmfirm.com;rosario@rhmfirm.com Christopher J
Christopher Langley     chris@slclawoffice.com, omar@slclawoffice.com
Benjamin R Levinson     ben@benlevinsonlaw.com, courtney@benlevinsonlaw.com
Eric A Mitnick    MitnickLaw@aol.com, mitnicklaw@gmail.com
Giovanni Orantes     go@gobklaw.com, gorantes@orantes-law.com,cmh@gobklaw.com,gobklaw@gmail.com
Matthew D. Resnik     matt@rhmfirm.com,
Allan D Sarver     ADS@asarverlaw.com
David Samuel Shevitz     david@shevitzlawfirm.com, shevitzlawfirm@ecf.courtdrive.com;r48785@notify.bestcase.com;Jose@shevitzlawfirm.com United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov
Hatty K Yip     hatty.yip@usdoj.gov, hatty.k.yip@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 4/12/2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Ernest M. Robles
Edward R. Roybal Federal Building & Courthouse
255 E. Temple St, Suite 1560/Courtroom 1568
Los Angeles, CA 90012

☐ Service information continued on attached page

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 4/12/2022 | Peter Kim | /s/ Peter Kim |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                           **F 9013-3.1.PROOF.SERVICE**