

FILED & ENTERED

APR 25 2022

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gonzalez DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA—LOS ANGELES DIVISION

| | |
|---|---|
| In re:    Jinzheng Group (USA) LLC,<br>            Debtor. | Case No.: 2:21-bk-16674-ER<br>Chapter:  11<br><br>**ORDER SETTING LITIGATION DEADLINES PERTAINING TO THE EVIDENTIARY HEARING ON THE VALIDITY OF CLAIM 18-1, ASSERTED BY BETULA LENTA, INC.**<br><br>**[RELATES TO DOC. NO. 120]**<br><br>Date:      March 30, 2022<br>Time:      10:00 a.m.<br>Location:  Courtroom 1568<br>           Roybal Federal Building<br>           255 East Temple Street<br>           Los Angeles, CA 90012 |

At the above-captioned date and time, the Court conducted a hearing on the *Objection to Proof of Claim No. 18 of Betula Lenta Inc.* [Doc. No. 120] (the "Claim Objection") filed by the Debtor. Good cause appearing therefor, the Court **HEREBY ORDERS AS FOLLOWS:**

1) The tentative ruling [Doc. No. 174] is adopted as the final ruling (the "Ruling") and is incorporated herein by reference, except that Betula Lenta, Inc. ("BLI") shall be authorized to file an amended proof of claim. The findings supporting the entry of this Order are set forth in the Ruling.
2) An evidentiary hearing at which testimony will be taken is required to adjudicate the validity of Claim No. 18-1, asserted by BLI ("Claim 18"). The following dates shall apply with respect to the evidentiary hearing:
   a) The last day to disclose expert witnesses and expert witness reports is **7/26/2022**.
   b) The last day to disclose rebuttal expert witnesses and rebuttal expert witness reports is **8/25/2022**.

    c) The last date to complete discovery, including discovery pertaining to expert witnesses, is **9/20/2022**. All discovery motions must also have been heard by this date.[1]

    d) The last day for dispositive motions to be heard is **9/20/2022**.[2]

    e) A Pretrial Conference is set for **10/11/2022 at 11:00 a.m.** By no later than fourteen days prior to the Pretrial Conference, the parties must submit a Joint Pretrial Stipulation via the Court's Lodged Order Upload (LOU) system. Submission via LOU allows the Court to edit the Joint Pretrial Stipulation, if necessary. Information about LOU is available at https://www.cacb.uscourts.gov/the-central-guide/orders-judgments-electronic-lodging-attorneys-lou.

    f) In addition to the procedures set forth in Local Bankruptcy Rule 7016-1(b), the following procedures govern the conduct of the Pretrial Conference and the preparation of the Pretrial Stipulation:

        i) By no later than thirty days prior to the Pretrial Conference, the parties must exchange copies of all exhibits which each party intends to introduce into evidence (other than exhibits to be used solely for impeachment or rebuttal).

        ii) When preparing the Pretrial Stipulation, all parties shall stipulate to the admissibility of exhibits whenever possible. In the event any party cannot stipulate to the admissibility of an exhibit, that party must file a Motion in Limine which clearly identifies each exhibit alleged to be inadmissible and/or prejudicial. The moving party must set the Motion in Limine for hearing at the same time as the Pretrial Conference; notice and service of the Motion shall be governed by LBR 9013-1. The Motion in Limine must contain a statement of the specific prejudice that will be suffered by the moving party if the Motion is not granted. The Motion must be supported by a memorandum of points and authorities containing citations to the applicable Federal Rules of Evidence, relevant caselaw, and other legal authority. Blanket or boilerplate evidentiary objections not accompanied by detailed supporting argument are prohibited, will be summarily overruled, and may subject the moving party to sanctions.

        iii) The failure of a party to file a Motion in Limine complying with the requirements of subparagraph (ii) shall be deemed a waiver of any objections to the admissibility of an exhibit.

        iv) Motions in Limine seeking to exclude testimony to be offered by any witness shall comply with the requirements set forth in subparagraph (ii), and shall be filed by the deadline specified in subparagraph (ii). The failure of a party to file a Motion in Limine shall be deemed a waiver of any objections to the admissibility of a witness's testimony.

---

[1] For contemplated hearings on discovery motions, it is counsel's responsibility to check the Judge's self-calendaring dates, posted on the Court's website at https://www.cacb.uscourts.gov/judges/self-calendaring/robles-e. If the discovery cutoff date falls on a date when the court is closed or that is not available for self-calendaring, the deadline for hearings on discovery motions is the next closest previous date which is available for self-calendaring.

[2] If the motion cutoff date is not available for self-calendaring, the deadline for dispositive motions to be heard is the next closest previous date which is available for self-calendaring.

    g) The evidentiary hearing is set for the week of **10/24/2022**. The hearing commences at 9:00 a.m. The exact date of the evidentiary hearing will be set at the Pretrial Conference.

3) This matter shall be referred to the Mediation Panel. The Debtor shall lodge a completed "Request for Assignment to Mediation Program; [Proposed] Order Thereon" (*see* Amended General Order 95-01 available on the Court's website) within 15 days from the date of the issuance of this Order, and deliver a hard copy directly to chambers c/o the judge's law clerk Daniel Koontz. The manner in which the mediation is conducted—whether in-person or by videoconference—shall be at the discretion of the mediator.

IT IS SO ORDERED.

                                     ###

Date: April 25, 2022

Ernest M. Robles
United States Bankruptcy Judge