Matthew D. Resnik (Bar No. 182562)
W. Sloan Youkstetter (Bar No. 296681)
**RHM LAW LLP**
17609 Ventura Blvd., Suite 314
Encino, CA 91316
Telephone: (818) 285-0100
Facsimile: (818) 855-7013
matt@RHMFirm.com
sloan@RHMFirm.com

Attorneys for Secured Creditor
Royalty Equity Lending LLC/ Bobs LLC

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

In re

JINZHENG GROUP (USA) LLC,

Debtor.

Case No. 2:21-bk-16674-ER

Chapter 11

**OPPOSITION TO SECOND MOTION OF DEBTOR OF ORDER EXTENDING DEBTOR'S EXCLUSIVITY PERIOD TO FILE CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THERETO**

Date: May 17, 2022
Time: 10:00 a.m.
Place: Courtroom 1568
       255 East Temple Street,
       Los Angeles, CA 90012

**TO THE HONORABLE ERNEST M. ROBLES, UNITED STATES BANKRUPTCY JUDGE; DEBTOR JINZHENG GROUP (USA) LLC; ITS ATTORNEYS OF RECORD; AND TO ALL INTERESTED PARTIES:**

Secured Creditor Royalty Equity Lending LLC/Bobs LLC ("Bobs") hereby submits it opposition to the *Second Motion of Debtor for Order Extending Exclusivity Period to File Chapter 11 Plan and Solicit Acceptances Thereto* filed by the Debtor, Jinzheng Group (USA) LLC on March 30, 2022 (the "Motion") [Docket No. 169], as follows:

1

## I. INTRODUCTION

The Debtor filed for relief under Chapter 11 of the *Bankruptcy Code* on August 24, 2021. Thereafter, the Debtor filed its *Motion for Order Extending Debtor's Exclusivity Period to File Chapter 11 Plan and Solicit Acceptances Thereto* on December 13, 2021 (the "First Motion") [Docket No. 61]; the Court entered an order granting the motion on January 18, 2022 [Docket No. 80].

The Debtor seeks to extend the exclusivity period for a second time. It stated the "extension of the exclusivity period will facilitate moving the case forward toward a fair and equitable resolution." *See* Second Motion, pg. 12, ¶III., lines 8-9. However, the Debtor has already filed its *Combined Plan of Reorganization and Disclosure Statement* on March 10, 2022 (the "Combined Plan") [Docket. 158]. In fact, the Debtor stated that,

> The March 10 Plan is funded by a $4.5MM contribution by the Debtor's sole member, Jiaqing Yang, and provides for the development and sale/refinance of the Los Angeles Properties within three years of the effective date. It further provides for the full payment of allowed unsecured claims within three years of the effective date.

*See* Second Motion, pg. 12, ¶II.D.16, lines 8-9.

The Debtor then goes on to state that,

> The Debtor filed the Combined Plan on March 14, 2022. Before and since then, the Debtor has negotiated with various creditors about the proposed treatment of their claims under the Combined Plan. The Debtor is also negotiating with the Committee regarding consensual plan treatment. Those negotiations are ongoing, and the Debtor hopes to propose a modified plan that addresses the concerns raised by creditors. Many of these negotiations will be affected by the outcome of pending litigation.

*See* Second Motion, pg. 12, ¶III.2., lines 19-24.

This is not about negotiating with creditors because its already filed a Combined Plan with proposed treatment of its creditors. By requesting a second extension, the Debtor is essentially attempting to 1) confirm its own filed plan while preventing other parties from filing their own competing plans in a reasonable period of time after the bankruptcy filing and/or 2) pressuring creditors to acquiesce to the terms in the Debtor's plan proposal. For the last eight months, the Debtor is the only party that can propose a plan for confirmation. The Debtor has not made any payments to secured creditors and

their interest in the property is increasingly jeopardized as the additional time passes. Creditors here only have two options, negotiate based on the terms and treatment proposed in the Combined Plan or prevent confirmation of the Debtor's plan and risk not getting paid.

## II.  STATEMENT OF FACTS

On or about September 5, 2018, Bobs LLC made a short-term, business purpose loan to Jinzheng Group (USA) LLC, the Debtor herein, in the principal sum of $7,000,000. The amount owed at this time is approximately $9,353,009. There have been no monthly payments made on this loan since July 2021.

The Note is secured by a first priority deed of trust encumbering the property located at *2929 Amethyst Street, Los Angeles, CA 90032* ("2929 Amethyst Property"). The Note is also secured by a deed of trust encumbering the real properties located at *2526-2528 Lincoln Park Ave, Los Angeles, CA 90031* ("2526-2528 Lincoln Park Ave. Property); 2602 *Lincoln Park Ave, Los Angeles, CA 90031*("2602 Lincoln Park Ave. Property); *2600 Sierra Street, Los Angeles, CA 90031* ("2600 Sierra Street").

On December 22, 2019, Bobs LLC assigned the loan to Royalty Equity Lending LLC with all its rights, title and interest in all loan documents and its security interest in the collaterals securing the Loan.

The Debtor failed to make the balloon payment that became due and payable on April 1, 2020. On April 8, 2020, the parties entered into a loan extension agreement at which the maturity date for the Loan was extended to October 1, 2020, at which time all amounts became due. Thereafter Royalty Equity Lending LLC began the foreclosure process. This bankruptcy was filed to stop the foreclosure sale.

3

### III. ARGUMENT

*A. The standards governing exclusivity extensions.*

Section 1121(b) of the Bankruptcy Code provides for an initial period of 120 days after the commencement of a chapter 11 case during which a debtor has the exclusive right to propose and file a plan of reorganization. 11 U.S.C. §1121(b). If a debtor files a plan during this exclusive period, §1121(c)(3) grants the debtor an additional 60 days during which the debtor may solicit acceptances of that plan while no other party in interest may file a competing plan. 11 U.S.C. §1121(c)(3).

Section 1121(d) of the Bankruptcy Code permits an extension of the debtor's exclusivity periods upon a demonstration of cause:

> On request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.

11 U.S.C. § 1121(d).

Although Section 1121(d) does not define "cause," legislative history indicates that Congress intended to provide debtors with an adequate period in which to negotiate and propose a viable plan and solicit acceptances thereof. *See* H.R. Rep. No. 95-595, at 231-32 (1978), reprinted in 1978 U.S.C.C.A.N. 5787. As noted in the legislative history, "the granted extension should be based upon some showing of some promise of probable success" and "[a]n extension should not be employed as a tactical device to put pressure on parties in interest to yield to a plan they consider unsatisfactory." Id.

Moreover, extensions of the exclusivity periods are neither automatic nor routine. Requests to extend or reduce a period of exclusivity are not favored by courts and should not be granted cavalierly. *In re Parker St. Florist & Garden Ctr., Inc.*, 31 B.R. 206, 207 (Bankr. D. Mass. 1983); see also *In re Curry Corp.*, 148 B.R. 754, 756 (Bankr. S.D.N.Y. 1992) ("The court will not routinely extend the exclusivity period absent a showing of 'cause' when creditors object to such requests for extensions."). In *In re Gibson & Cushman Dredging Corp.*, 101 B.R. 405, 409-10 (E.D.N.Y. 1989), the court stated:

> Taking such considerations into account, it has been held that courts considering extensions of the exclusivity period must "avoid reinstituting the imbalance between debtors and creditors that characterized proceedings" under prior law.

*Gibson*, 101 B.R. at 409-10.

Moreover, the debtor has the burden of making an affirmative showing of cause supported by evidence in order to obtain an extension of exclusivity. The debtor bears the burden of establishing that "cause" exists to justify the extension. *In re Dow Corning Corp.*, 208 B.R. 661, 664-65 (Bankr. E.D. Mich. 1997).

Although the Bankruptcy Code does not define the form of "cause" required to extend exclusivity, courts have relied on a variety of factors. These factors include:

> (1) the size and complexity of the case; (2) the necessity of sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information; (3) the existence of good faith progress toward reorganization; (4) the fact that the debtor is paying its bills as they become due; (5) whether the debtor has demonstrated reasonable prospects for filing a viable plan; (6) whether the debtor has made progress in negotiations with its creditors; (7) the amount of time which has elapsed in the case; (8) whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and (9) whether an unresolved contingency exists.

*Dow Corning*, at 664-65.

Bobs submits that, considering the foregoing factors that apply in this case, cause does not exist to extend exclusivity. The Debtor here has already filed a plan. The Court had directed the Debtor to file a disclosure statement following the hearing on March 21, 2022. There was no suggestion that a motion to extend the exclusivity period would be required prior to filing the disclosure statement. Thus, the Debtor is trying to bootstrap creditors from exercising their right to file a plan by extending the exclusivity period <u>after</u> filing its Combined Plan.

Bobs assumes that the Debtor will attempt to confirm this plan because it asserts in the Second Motion that, "The Debtor believes the March 10 Plan is a viable plan that is largely self-funded by a $4MM capital contribution by the Debtor's sole member, Jiaqing Yang, on the effective date." *See* Second Motion, pg. 13, ¶III.2., lines 8-9.

5

The purpose of §1121 is to work towards filing a viable plan, "a debtor has the exclusive right to propose and file a plan of reorganization." 11 U.S.C. §1121(b). The Debtor has filed a plan, so there is no need to keep the exclusive right to propose and file a plan in the Debtor's hands. The Debtor has not adequately explained its need nor desire for the exclusivity period to continue.

### B. The Dow Corning factors weigh heavily in favor of denying the motion.

Going through the *Dow Corning* factors:

#### 1. The Size and Complexity of the Case:

The Debtor's case is neither large nor complex. It owns 1) vacant land, 2) a residential property, and 3) an apartment building. It has no business operations. The Debtor is attempting to 1) develop the vacant land, 2) sell the residential property, and 3) sell or refinance the apartment building.

#### 2. The Necessity of Sufficient Time to Permit the Debtor to Negotiate a Plan of Reorganization and Prepare Adequate Information:

As stated previously, the Debtor has already filed its Combined Plan. This factor relates to the period prior to filing a disclosure statement and plan because preparing "adequate information" directly relates to the disclosure statement pursuant to §1125(a). Thus, there is no necessity here.

#### 3. The Existence of Good Faith Progress Toward Reorganization:

There is no evidence that there has been any progress with the vacant lands. The Debtor only asserts that it is doing what it has been doing since the purchase of the property "interviewing firms that have the necessary expertise to obtain the entitlements" and that it will be a 20-month process. *See* Second Motion, pg. 10, ¶II.C.15., lines 14-15.

The Debtor first needs to hire a firm (and seek authorization to employ) to obtain the "entitlements" for the Debtor and then start a 20-month process to get them.

4. <u>The Fact That the Debtor is Paying its Bills as they Become Due</u>:

The Debtor has no operations, and the Debtor does not provide any evidence that its paying bills as they come due. Although there has been a property tax payment, the secured claims remain outstanding and without payment since the filing of the bankruptcy by the Debtor. There has been no disclosure of what regular and ongoing expenses are coming due as a result of the "interview process". The Monthly Operating Reports do not provide enough information to determine if there really is a process that is contemplated in order for a plan to be proposed.

5. <u>Whether the Debtor has Demonstrated Reasonable Prospects for Filing a Viable Plan</u>:

The Debtor believes that its operative Combined Plan viable. However, the situation with the vacant land is still unresolved. What reasonable prospects have not been revealed since the filing over eight months ago?

6. <u>Whether the Debtor has Made Progress in Negotiations With its Creditors</u>:

The Debtor asserts there has been progress in negotiations with the unsecured creditor. However, the Debtor has not had any meaningful negotiations with Bobs and Bobs is the largest secured creditor in the case. Bobs claim on the estate increases with each day that the Debtor fails to prosecute the case and then demands to extend the exclusivity period is hardly making progress in the eyes of Bobs.

7. <u>The Amount of Time Which has Elapsed in the Case</u>:

This case is more than eight months old; that is more than an ample time to prepare and file the plan and disclosure statements. The plan is the same as it has been since the

original purpose – to build on undeveloped land. The estate is full of creditors and claims that relate to the failed development of the past. What has changed other than a filing of this bankruptcy to delay the foreclosure?

> 8. <u>Whether the Debtor is Seeking an Extension of Exclusivity in Order to Pressure Creditors to Submit to the Debtor's reorganization Demands</u>:

This is not about negotiating with creditors because its already filed a Combined Plan with proposed treatment of its creditors. The Debtor stated in its Second Motion that it believes the Combined Plan is viable. Presumptively, this would mean the Debtor believes that it can confirm this plan and will attempt to confirm this plan.

By requesting a second extension, the Debtor is essentially attempting to 1) confirm its own filed plan while preventing other parties from filing their own competing plans and/or 2) pressuring creditors to acquiesce to the terms in the Debtor's operative Combined Plan as the Debtor is the only party that can propose a Chapter 11 plan of reorganization. Creditors here only have two options, negotiate based on the terms and treatment proposed in the Combined Plan or prevent confirmation of the Debtor's plan and risk not getting paid.

> 9. <u>Whether an Unresolved Contingency Exists:</u>

The Debtor has filed its Combined Plan. Clearly, the Debtor believes that the pending litigation and development of the vacant land is not an impediment to confirming a plan. If there remains an unresolved contingency it is that the Debtor is not clear in its direction and how it will develop on the land without entitlements or a sufficient amount of capital in order for the entitlement process to begin.

Without entitlements to develop and create a livable infrastructure, this is an unresolved contingency of epic proportions.

C. *Debtor has made no progress toward a confirmable plan.*

The Debtor has made no proposal to Bobs for treatment of its secured claim which is based on a Promissory Note. Merely alleging that a plan will be forthcoming, and that continuing exclusivity is in the best interests of the debtor and estate is insufficient to establish "cause" for an extension. *In re Ravenna Indus., Inc.,* 20 B.R. 866, 890 (Bankr. N.D. Ohio 1982). Cause for an extension is lacking where the dominant creditor in the case objects and would be entitled to full payment of its claim which is the case here. *In re Gagel & Gagel*, 24 B.R. 674, 675 (Bankr. S.D. Ohio 1982).

D. *Creditor has no confidence in Debtors' ability to use an extension in good faith to formulate a confirmable plan.*

The sole purpose of an extension of exclusivity in this case would be additional delay, in furtherance of the Debtor's efforts to thwart the creditors' legitimate rights. The Debtor certainly cannot present itself to this Court as an honest broker to be entrusted with an extended monopoly on plan formulation. In addition to the foregoing, creditors' loss of confidence in the capability of Debtor's management is a factor to consider in determining cause. See *In re All Seasons Indus., Inc.*, 121 B.R. 1002 (Bankr. N.D. Ind. 1990).

E. *The Debtor will not be harmed if exclusivity lapses.*

Expiration of exclusivity does not interfere with Debtor's ability to file a plan: "Denying such a motion only affords creditors their right to file the plan; there is no negative effect upon the debtor's co-existing right to file its plan." *All Seasons*, 121 B.R. at 1005. Accordingly, the Debtor loses nothing (other than the ability to further delay the case) if the Court denies the Motion.

However, creditors are injured and suffer harm if there are delays that are not providing a benefit to the estate. There is not enough evidence to support to extend the exclusivity period. The Debtor has had enough time to provide evidence that their

development project is not only something that can be completed rather than a series of endless delays for which a pattern of dilatory conduct by the Debtor had existed prior to filing the bankruptcy.

### IV.    CONCLUSION

WHEREFORE, Bobs respectfully requests that the Court deny the motion, and grant such other and further relief as is just and proper under the circumstances.

Dated:  May 3, 2022                              **RHM LAW LLP**

                                                 **By:**      /s/ Matthew D. Resnik
                                                              Matthew D. Resnik
                                                              W. Sloan Youkstetter
                                                              *Attorneys for Secured Creditor*
                                                              Royal Equity Funding, LLC

10

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
17609 Ventura Blvd., Suite 314, Encino, CA 91316.

A true and correct copy of the foregoing document entitled (*specify*): _____
 OPPOSITION TO SECOND MOTION OF DEBTOR OF ORDER EXTENDING DEBTOR'S EXCLUSIVITY
 PERIOD TO FILE CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THERETO
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 05/03/2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☑ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 05/03/2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 05/03/2022, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 05/03/2022 | Daniel Lavian | /s/ Daniel Lavian |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*     **F 9013-3.1.PROOF.SERVICE**

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF) [CONTINUED]</u>**:

- Donna C Bullock    donnabullockcarrera@yahoo.com, donna.bullock@ymail.com
- Steven P Chang    heidi@spclawoffice.com, schang@spclawoffice.com,assistant1@spclawoffice.com,attorney@spclawoffice.com;g9806@notify.cincompass.com;changsr75251@notify.bestcase.com
- Michael F Chekian    mike@cheklaw.com, chekianmr84018@notify.bestcase.com
- Susan Titus Collins    scollins@counsel.lacounty.gov
- Jeffrey W Dulberg    jdulberg@pszjlaw.com
- Oscar Estrada    oestrada@ttc.lacounty.gov
- Richard Girgado    rgirgado@counsel.lacounty.gov
- M. Jonathan Hayes    jhayes@rhmfirm.com, roksana@rhmfirm.com;matt@rhmfirm.com;rosario@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com;boshra@rhmfirm.com;rosario@rhmfirm.com
- Teddy M Kapur    tkapur@pszjlaw.com, mdj@pszjlaw.com
- Peter A Kim    peter@pkimlaw.com, peterandrewkim@yahoo.com
- Christopher J Langley    chris@slclawoffice.com, omar@slclawoffice.com;langleycr75251@notify.bestcase.com
- Benjamin R Levinson    ben@benlevinsonlaw.com, courtney@benlevinsonlaw.com
- Eric A Mitnick    MitnickLaw@aol.com, mitnicklaw@gmail.com
- Giovanni Orantes    go@gobklaw.com, gorantes@orantes-law.com,cmh@gobklaw.com,gobklaw@gmail.com,go@ecf.inforuptcy.com;orantesgr89122@notify.bestcase.com
- Donald W Reid    don@donreidlaw.com, ecf@donreidlaw.com
- Matthew D. Resnik    matt@rhmfirm.com, roksana@rhmfirm.com;rosario@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com
- Peter J Ryan    ryan@floresryan.com, pryancfi@gmail.com
- Allan D Sarver    ADS@asarverlaw.com
- David Samuel Shevitz    david@shevitzlawfirm.com, shevitzlawfirm@ecf.courtdrive.com;r48785@notify.bestcase.com;Jose@shevitzlawfirm.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Hatty K Yip    hatty.yip@usdoj.gov, hatty.k.yip@usdoj.gov

**2. <u>SERVED BY UNITED STATES MAIL [CONTNIUED]</u>**:

JINZHENG GROUP LLC
100 E. Huntington Drive
Ste. 207
Alhambra, Ca 91801