Gene H. Shioda – SBN 186780
ghs@slclawoffice.com
Christopher J. Langley – SBN 258851
chris@slclawoffce.com
Steven P. Chang – SBN 221783
schang@slclawoffice.com
**SHIODA, LANGLEY & CHANG LLP**
1063 E. Las Tunas Dr.
San Gabriel, CA 91776
Tel: (626)281-1232
Fax: (626)281-2919

Counsel for Jinzheng Group (USA) LLC
Debtor and Debtor-in-Possession

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>JINZHENG GROUP (USA) LLC<br><br>Debtor and Debtor in Possession. | Case No. 2:21-bk-16674-ER<br><br>Chapter 11<br><br>**MOTION FOR ORDER APPROVING DEBTOR'S COMBINED PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT DATED MAY 4, 2022 AS CONTAINING ADEQUATE INFORMATION AND DISCLOSURES PURSUANT TO 11 U.S.C. § 1125**<br><br>Hearing**:**<br><br>Date:   June 15, 2022<br>Time:   10:00am<br>Location:   255 E. Temple St.<br>    Courtroom 1568<br>    Los Angeles, CA 90012 |

i

**TABLE OF CONTENTS**

I. INTRODUCTION ...................................................................................................................1
II. BACKGROUND INFORMATION .......................................................................................1
    A. Principals and Management of Debtor's Business .......................................................1
    B. Description and History of Debtor's Business..............................................................1
    C. Events Leading to Debtor's Chapter 11 Filing .............................................................3
    D. Significant Events During the Bankruptcy Case ..........................................................4
        1. The Debtor's Bankruptcy Filing ..........................................................................4
        2. The Debtor Employs Shioda Langley & Chang LLP as General Counsel ........4
        3. The Claims Bar Date and Claims Filed Against Bankruptcy Estate .................4
        4. The Debtor Files Motions for 2004 Examinations of Mr. Carlin, Mr. Pae, and Mr. Park ..................................................................................................5
        5. The Court Extends the Debtor's Exclusivity Period to File Plan and Solicit Acceptances .............................................................................................5
        6. The Debtor Employs Jay Wu as Real Estate Agent to Sell San Marino Property ..............................................................................................5
        7. The U.S. Trustee Appoints the Committee Which Seeks to Employ Pachulski Stang Ziehl & Jones LLP as General Counsel .....................................5
        8. The Debtor Moves for Return of Legal Retainer From Ms. Bullock ................6
        9. The Debtor Objects to Proofs of Claim ..............................................................6
        10. The Debtor Files State Court Actions Against Insiders and Real Estate Brokers..................................................................................................7
            a. The Betula Action, Los Angeles Superior Court, Case 22STCV04623............................................................................................7
            b. The Broker Action, Los Angeles Superior Court, Case 22AHCV00093 ..........................................................................................7
        11. Royalty Equity Lending Moves for Relief from Stay Against the Los Angeles Properties .........................................................................................9
        12. The Debtor Moves to Change Membership of the Committee and Disband the Committee........................................................................................9
        13. The Committee Moves for Appointment of Chapter 11 Trustee or, In the Alternative, Termination of Exclusivity Order and Authorizing Standing to Prosecute Insider Actions ..............................................................10
        14. The Debtor's Investigation of Fraudulent Transfer Claims Involving 150 East La Sierra Drive, Arcadia, CA ............................................................10
        15. The Debtor's Renewed Efforts to Entitle the Los Angeles Properties and Paradise Drive Lots .....................................................................................10
III. ARGUMENT........................................................................................................................11
IV. CONCLUSION....................................................................................................................13

## I. INTRODUCTION

After extensive negotiations with creditors, Jinzheng Group (USA), LLC ("Debtor") has filed a *Debtor's Combined Plan of Reorganization and Disclosure Statement Dated May 4, 2022* [Doc. 204] ("Combined Plan"). By this Motion, Debtor moves for an order approving the Combined Plan as containing adequate information and disclosures pursuant to 11 U.S.C. § 1125, authorizing Debtor to solicit acceptances of the Combined Plan, and setting a confirmation schedule on the Combined Plan.

## II. BACKGROUND INFORMATION

### A. Principals and Management of Debtor's Business

Debtor is a California limited liability company. Its sole member is Jianqing Yang. Mr. Yang currently resides in China and has not been to the United States since the global outbreak of Covid-19.

Before its bankruptcy filing, the Debtor was managed by Betty Zheng. On or about November 29, 2021, Ms. Zheng resigned as manager. Max Yang, who is Jianqing Yang's attorney-in-fact, now runs the day-to-day management of the Debtor.

### B. Description and History of Debtor's Business

The Debtor is in the business of acquiring and developing real estate. A table summarizing the Debtor's real estate holdings, and the liens thereon, is attached hereto as **Exhibit 1**. Generally, the Debtor's real estate holdings are classified in four categories.

The "Los Angeles Properties" refers to over raw land as well as adjacent multi-family buildings that the Debtor intends to develop into homes in the Lincoln Heights neighborhood of Los Angeles. The Los Angeles Properties include: (i) 2929 Amethyst Street, Los Angeles, CA (APN 5209-009-001), (ii) 2526-2528 Lincoln Park, Los Angeles, CA (APN 5208-025-001), (iii) 2520-2522 Lincoln Park, Los Angeles, CA (APN 5208-025-002), (iv) 2602 Lincoln Park, Los Angeles, CA (APN 5208-025-014); and (v) 2600 Sierra Street, Los Angeles, CA (APN 5209-005-003). The Debtor acquired the Los Angeles Properties from August 2016 to July 2017 with funds contributed by Mr. Yang and without the need for financing. Pursuant to an appraisal by

Cushman & Wakefield Western, Inc., dated June 22, 2021, the Los Angeles Properties have a collective as-is value of $23,450,000.00.

As discussed below, the Debtor employed Betula Lenta, Inc. ("Betula") as a real estate consultancy company, to assist it with the development of the Los Angeles Properties. The Debtor then used the Los Angeles Properties as collateral to obtain loans for developing them into a residential development. These loan proceeds were then used to pay exorbitant consulting fees to Betula and other companies without little progress (if any) being made towards the development. The Los Angeles Properties are encumbered by liens held by (a) the Los Angeles County Treasurer and Tax Collector, and (b) Royalty Equity Lending, LLC. These secured claims are treated in Classes 1 and 2, respectively.

The "Paradise Drive Lots" are 10 parcels of raw land adjacent to 2929 Amethyst Street that the Debtor intends to develop with the Los Angeles Properties. The Paradise Drive Lots include APNs (i) 5209-021-002, -005, -006; (ii) 5209-022-007; (iii) 5209-023-022, -029; -030; -031; -032; and (iv) 5209-025-006. The Paradise Drive Lots are encumbered by liens held by (a) the Los Angeles County Treasurer and Tax Collector, and (b) Breezeblocks Capital, LLC. These secured claims are treated in Classes 3 and 4, respectively.

The "San Marino Property" is a three-bedroom single-family home located at 2240 Lorain, San Marino, CA. Mr. Yang caused the San Marino Property to be transferred to the Debtor for no consideration, which the Debtor then used as collateral to obtain loans for the purpose of developing the Los Angeles Properties and Paradise Drive Lots. The Debtor has employed Jay Wu to market and sell the San Marino Property. It is currently listed for sale at $2,350,000. The San Marino Property is encumbered with liens held by (a) Royal Business Bank, (b) Corona Capital Group, LLC, and (c) DNQ LLC. These secured claims are treated in Classes 5, 6, and 7, respectively.

The "Van Nuys Property" is a four-bedroom condominium located at 6840 De Celis Place, Apartment 9, Van Nuys, CA 91406. Mr. Yang caused the Van Nuys Property to be transferred to the Debtor for no consideration, which the Debtor then used as collateral to obtain loans for the purpose of developing the Los Angeles Properties and Paradise Drive Lots. The Debtor intends to either sell or refinance the Van Nuys Property. The Van Nuys Property is encumbered with liens held by (a) the Los Angeles County Treasurer and Tax Collector, (b) Investment Management Company, and (c) Michael and Shari Dorff. These secured claims are treated in Class 8, 9, and 10, respectively.

### C. Events Leading to Debtor's Chapter 11 Filing

Beginning in December 2017, Ms. Zheng caused the Debtor to contract with Betula Lenta, Inc. ("Betula"), a real estate consultancy company, to assist it with the development of the Los Angeles Properties. Betula describes itself as "a team of the best real estate consultants providing solutions for real estate investors looking for opportunities to invest in development or investors for their developments." https://www.betulalenta.com/about-us. Betula was directed by Jonathan Pae and David Park.

Ultimately, Debtor and Betula entered into three contracts (collectively, the "Betula Agreements"):

1. A "Predevelopment Consulting Agreement" dated December 7, 2017, in which the Debtor agreed to pay Betula $2,594,000 for consulting services.
2. A "Construction Management Agreement" dated June 22, 2018, in which the Debtor agreed to pay Betula an additional $4,517,913.00 for "phase 2" services.
3. A "CFD Bonds Procurement – CM – Development Agreement" dated March 13, 2019, in which the Debtor agreed to pay Betula an additional $6,224,490.00 for "construction" services.

While the Betula Agreements totaled over $13,336,903.00 and much of the fees were paid, the Los Angeles Properties remain unentitled and undeveloped. Debtor's payment of these consulting fees precluded it from timely paying its secured debt obligations, which eventually

3

resulted in Royalty Equity Lending, LLC noticing a non-judicial trustee sale of the Los Angeles Properties for August 24, 2021.

### D. Significant Events During the Bankruptcy Case

#### 1. The Debtor's Bankruptcy Filing

On August 24, 2021 ("Petition Date"), the Debtor filed an emergency voluntary Chapter 11 petition, initiating this Bankruptcy Case. Debtor was represented at the time by the Law Offices of Donna Bullock ("Bullock"). And Debtor was managed, at least nominally, by Michael Carlin as Chief Restructuring Officer.

Little ostensible progress, if any, was made towards Debtor's reorganization during Ms. Bullock's representation and Mr. Carlin's management. Neither Ms. Bullock nor Mr. Carlin sought court approval of their employment.

#### 2. The Debtor Employs Shioda Langley & Chang LLP as General Counsel

On December 6, 2021, the Debtor filed a substitution of counsel to name Shioda, Langley & Chang LLP ("SLC") as its general bankruptcy counsel. That same day, the Debtor filed an *Application to Employ Shioda Langley & Chang LLP as General Insolvency Counsel* [Doc. 49]. No opposition was timely filed. And on January 18, 2022, the Court entered an order approving same [Doc. 81].

#### 3. The Claims Bar Date and Claims Filed Against Bankruptcy Estate

On December 7, 2021, the Court entered an *Order Setting Bar Date for Filing Proofs of Claim* [Doc. 55], which set the claims bar date for February 4, 2022 ("Claims Bar Date").

On December 9, 2021, the Debtor served a *Notice of Bar Date for Filing Proofs of Claim* [Doc. 56] on all creditors. So far, twenty-one (21) proofs of claims have been filed against the Debtor's bankruptcy estate. A table summarizing the claims against Debtor's bankruptcy estate is attached hereto as **Exhibit 2**.

### 4. The Debtor Files Motions for 2004 Examinations of Mr. Carlin, Mr. Pae, and Mr. Park

In December 2021, the Debtor filed separate motions to conduct examinations of Mr. Carlin, Mr. Pae, and Mr. Park pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure [Docs. 57, 68, 69], which the Court granted by written orders [Docs. 60, 72, 73].

### 5. The Court Extends the Debtor's Exclusivity Period to File Plan and Solicit Acceptances

On December 13, 2021, the Debtor filed a *Motion for Order Extending Debtor's Exclusivity Period to File Chapter 11 Plan and Solicit Acceptances Thereto* [Doc. 61] ("Exclusivity Motion"). Royalty Equity Lending opposed. The Court granted the Exclusivity Motion pursuant to an Order entered on January 18, 2022 [Doc. 80] ("Exclusivity Order").

Pursuant to the Exclusivity Order, the exclusivity periods for Debtor to file a plan was extended to April 21, 2020, and to solicit acceptances of its Plan was extended to May 20, 2022.

### 6. The Debtor Employs Jay Wu as Real Estate Agent to Sell San Marino Property

On January 24, 2022, the Debtor filed an *Application to Employ Jay Wu as Real Estate Agent* [Doc. 91] ("Real Estate Agent Application"). In it, the Debtor sought to employ Jay Wu as real estate agent to market and sell the San Marino Property. No opposition was filed.

On February 22, 2022, the Court entered an order approving the Broker Application and Debtor's employment of Mr. Wu to sell the San Marino Property [Doc. 124] ("Real Estate Agent Order").

### 7. The U.S. Trustee Appoints the Committee Which Seeks to Employ Pachulski Stang Ziehl & Jones LLP as General Counsel

On January 25, 2022, the United States Trustee filed a *Notice of Appointment and Appointment of Committee of Creditors Holding Unsecured Claims* [Doc. 93], which named Betula, Pennington Construction Advisors, Inc. ("Pennington"), and The Phalanx Group Inc. ("Phalanx") as committee members.

On February 8, 2022, the Committee filed an *Application for Order Authorizing and Approving Employment of Pachulski Stang Ziehl & Jones LLP as Counsel to the Official Committee of Unsecured Creditors, Effective as of January 25, 2022* [Doc. 98] ("Committee Counsel Employment Application"). The Committee seeks to employ Pachulski Stang Ziehl & Jones LLP ("PSZJ") at hourly rates more than double those charged to the Debtor by SLC.

On February 22, 2022, the Debtor filed an objection to the Committee Counsel Employment Application. A hearing on the Committee Counsel Employment Application is currently scheduled for May 17, 2022 at 10:00 a.m.

### 8. The Debtor Moves for Return of Legal Retainer From Ms. Bullock

On February 2, 2022, the Debtor filed a *Motion to Determine Compensation Paid to Counsel Was Excessive Under 11 U.S.C. § 329 and FRBP 2017* [Doc. 96] ("Disgorgement Motion"), which requested the Court order Ms. Bullock to return all compensation paid to her by or on behalf of the Debtor because she was never employed as a professional under 11 U.S.C. § 327. Ms. Bullock opposed. A hearing was held on February 23, 2022, during which the Court granted in part and denied in part the Disgorgement Motion.

On February 28, 2022, the Court entered an *Order Granting Disgorgement Motion* [Doc. 134] ("Disgorgement Order"), which ordered Ms. Bullock to return to Debtor all payments received in excess of $6,268 (the "Disgorged Funds"). The Disgorged Funds shall be maintained in the attorney-client trust account of the Debtor's current counsel, SLC, and shall not be disbursed absent further order of the Court. Bullock shall transfer the Disgorged Funds to SLC's attorney-client trust account within fourteen days of the date of issuance of this Order. The Disgorgement Order further provided that it was without prejudice to Ms. Bullock's ability to file an application seeking authorization to be retained as the Debtor's general bankruptcy counsel nunc pro tunc. To date, Ms. Bullock has not filed such an application.

### 9. The Debtor Objects to Proofs of Claim

In February 2022, the Debtor filed objections to several proofs of claim, including (i) Claims 9 and 10 filed by Mr. Carlin [Doc. 116], (ii) Claim 13 filed by Fry & Associates [Doc.

110], (iii) Claim 17 filed by Phalanx [Doc. 113], (iv) Claim 18 filed by Betula [Doc. 120], and (v) Claim 20 filed by Pennington [Doc. 107].

Hearings on these claim objections are currently scheduled for May 17, 2022. The Debtor intends to file objections to additional proofs of claim in due course. The Debtor reserves all rights to object to further proofs of claim.

10. **The Debtor Files State Court Actions Against Insiders and Real Estate Brokers**

During this Bankruptcy Case, the Debtor has filed two separate lawsuits against parties responsible for its financial problems that necessitated the Debtor's bankruptcy filing.

a) **The Betula Action, Los Angeles Superior Court, Case 22STCV04623**

On February 7, 2022, the Debtor filed a complaint against two sets of defendants (i) Mr. Pae, Mr. Park, and Betula (the "Betula Parties"), and (ii) Ms. Zheng and her real estate company, CBW Global, Inc. (the "Zheng Parties"), with the Superior Court of California, County of Los Angeles, initiating *Jinzheng Group (USA), LLC v. Pae et al*, Case No. 22STCV04623 ("Betula Action").

In the Betula Action, the Debtor that Ms. Zheng, Mr. Pae, and Mr. Park conspired to charge it over $12 million in false service fees pursuant to the Betula Agreements described above. The Debtor pleads causes of action for (i) breach of contract against the Betula Parties, (ii) intentional misrepresentation against the Betula and Zheng Parties, (iii) negligent misrepresentation against the Betula and Zheng Parties, (iv) negligence against the Betula and Zheng Parties, (v) breach of fiduciary duty against the Zheng Parties, (vi) aiding and abetting against the Betula and Zheng Parties, an (vii) unfair business practices against the Betula and Zheng Parties. The Debtor seeks general damages exceeding $5,000,000, plus special damages, punitive damages, and attorney's fees and costs.

b) **The Broker Action, Los Angeles Superior Court, Case 22AHCV00093**

On February 23, 2022, the Debtor filed a complaint against three sets of the defendants (i) Testa Capital Group and Thomas L. Testa ("Testa Parties"), (ii) Homes Loans Unlimited, Inc., Daniel Triana, James Shields, and Shawn Sourgose ("HLU Parties"), and (ii) Betty Zheng and

CBW Global, Inc. ("Zheng Parties"), with the Superior Court of California, County of Los Angeles, initiating *Jinzheng Group (USA), LLC v. Testa Capital Group, et al.*, Case No. 22AHCV00093 ("Broker Action").

In the Broker Action, the Debtor alleges that Ms. Zheng had a scheme to defraud and harm the Debtor by arranging for unscrupulous lenders to lend or otherwise negotiate loans for the Debtor while charging the Debtor unconscionable rates and fees for their loan services. Specifically, in October 2020, the Debtor's loan with BOBS, LLC (predecessor in interest to Royalty Equity Lending) had matured. The Debtor was introduced to the Testa Parties and HLU Parties (collectively, the "Broker Parties") to obtain a new loan or in the alternative to obtain a new loan for the Debtor. However, the Broker Parties failed to actually provide any services or shop for new loans for the Debtor. The Broker Parties ultimately obtained a 3-month extension for the Debtor and were compensated 2% of the total combined gross loan amount funded by lender or minimum of $287,000.00 whichever is higher. In addition, each of the three brokers (Testa, HLU, and Sourgouse) would receive a $500,000.00 fee when the loan is paid off. There is no explanation or justification why three loan brokers were needed for this project and why three separate fees were necessary. There is absolutely no evidence of any effort by any of the Broker Parties to attempt to obtain a favorable terms either through a new lender or in good faith negotiated with the existing lender for the extension or reduction in terms. As a result of these payments, the Debtor has suffered great economic loss.

The Debtor pleads causes of action for (i) breach of fiduciary duties against all defendants, (ii) intentional misrepresentation against all defendants, (iii) negligent misrepresentation against all defendants, (iv) negligence against all defendants, (v) aiding and abetting against all defendants, (vi) unfair business practices against all defendants. The Debtor seeks general damages exceeding $5,000,000, plus special damages, punitive damages, and attorney's fees and costs.

**11. Royalty Equity Lending Moves for Relief from Stay Against the Los Angeles Properties**

On February 24, 2022, Royalty Equity Lending filed a *Motion for Relief for the Automatic Stay Under 11 U.S.C. § 362* [Doc. 127] ("Royalty Equity Lending MRS"), which seeks relief from stay to foreclose against the Los Angeles Properties. Royalty Equity Lending seeks relief under 11 U.S.C. § 362(d)(1) and (2). The Royalty Equity Lending MRS values the Los Angeles Properties in the amount of $9,335,000.00, which is approximately 40% of the appraised value according to Cushman & Wakefield, Inc. in June 2021 ($23,450,000.00). Royalty Equity Lending argues that its interest in the Los Angeles Properties is under-secured. A hearing on the Royalty Equity Lending MRS is currently scheduled for March 21, 2022, at 10:00 a.m.

For the purposes of this Plan, the Debtor has used Royalty Equity Lending's valuation of the Los Angeles Properties for determining the secured status of its claim against the Debtor's bankruptcy estate.

**12. The Debtor Moves to Change Membership of the Committee and Disband the Committee**

On March 1, 2022, the Debtor filed a *Motion to Change Membership and Disband Official Committee of Unsecured Creditors Pursuant to 11 U.S.C. § 1102(a)* [Doc. 135] ("Committee Membership Motion"). In it, the Debtor argued Betula, Pennington, and Phalanx cannot adequately represent the interests of unsecured creditors because (i) Betula is an insider with an actual and unavoidable conflict of interest as it is currently being sued by Debtor in the Betula Action, (ii) Pennington is a creditor of Betula—not Debtor, and (iii) Phalanx admits it was not licensed to perform the services contracted for and, to date, has failed to provide any explanation or documentation for the services it allegedly provided Debtor. The Debtor further argued that the Committee should be disbanded because there is no need for its services as Debtor would be proposing a plan that will pay allowed general unsecured claims in full.

A hearing on the Committee Membership Motion is currently scheduled for May 17, 2022, at 10:00 a.m.

**13.    The Committee Moves for Appointment of Chapter 11 Trustee or, In the Alternative, Termination of Exclusivity Order and Authorizing Standing to Prosecute Insider Actions**

Also, on March 1, 2022, the Committee filed a *Motion for (I) the Appointment of a Chapter 11 Trustee, or In the Alternative, (II) (A) Termination of Plan and Solicitation Exclusivities and (B) Authorizing Standing for the Committee to Prosecute Actions Against Insiders of the Debtor* [Doc. 135] ("Trustee Motion").  In it, the Committee alleged that the Debtor was proceeding in bad faith by challenging the unsecured claims asserted against its bankruptcy estate and protecting insiders.

A hearing on the Trustee Motion is currently scheduled for May 17, 2022, at 10:00 a.m.

**14.    The Debtor's Investigation of Fraudulent Transfer Claims Involving 150 East La Sierra Drive, Arcadia, CA**

The Debtor is investigating a potential claim against 150 Sierra LLC for recovery of the property commonly known as 150 East La Sierra Drive, Arcadia, CA 91006, which was transfer by the Debtor to 150 Sierra LLC for no consideration on January 23, 2020. 150 Sierra LLC is a California limited liability company owned jointly by the Debtor and The Code Solutions LLC (an entity related to Betula Lenta LLC).

**15.    The Debtor's Renewed Efforts to Entitle the Los Angeles Properties and Paradise Drive Lots**

Debtor believes that its pre-petition financial problems arose from its relationship with Betula.  Debtor is in the process of interviewing firms that have the necessary expertise to obtain the entitlements.  These firms have represented to Debtor that this is a 20-month process that will cost approximately $800,000.  Debtor believes that obtaining the necessary entitlements to develop the Los Angeles Properties and Paradise Drive Lots will result in substantial appreciation.  In the June 2021 appraisal conducted by Cushman & Wakefield, the firm appraised the hypothetical value of the properties, as entitled for 70 lots, at $38,200,000.00.  Upon obtaining the necessary entitlements, Debtor will be able to either sell or refinance the Los Angeles Properties and Paradise Drive Lots, and pay all allowed claims in full from the proceeds.

## III.   ARGUMENT

The acceptance or rejection of a plan may not be solicited after the commencement of a bankruptcy case unless the court has previously approved a written disclosure statement as containing "adequate information" under 11 U.S.C. § 1125(a). The Bankruptcy Code defines "adequate information" as:

> "[A]dequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such hypothetical investor of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information….

11 U.S.C. § 1125(a)(1). "[T]he determination of what is adequate information is subjective and made on a case by case basis. This determination is largely within the discretion of the bankruptcy court." *Computer Task Group, Inc. v. Brotby (In re Brotby)*, 303 B.R. 177, 193 (B.A.P. 9th Cir. 2003). To assist in making this determination, courts frequently refer to the *Metrocraft* factors:

> Relevant factors for evaluating the adequacy of a disclosure statement may include: (1) the events which led to the filing of a bankruptcy petition; (2) a description of the available assets and their value; (3) the anticipated future of the company; (4) the source of information stated in the disclosure statement; (5) a disclaimer(6) the present condition of the debtor while in Chapter 11; (7) the scheduled claims; (8) the estimated return to creditors under a Chapter 7 liquidation; (9) the accounting method utilized to produce financial information and the name of the accountants responsible for such information; (10) the future management of the debtor; (11) the Chapter 11 plan or a summary thereof; (12) the estimated administrative expenses, including attorneys' and accountants' fees; (13) the collectibility of accounts receivable; (14) financial information, data, valuations or projections relevant to the creditors' decision to accept or reject the Chapter 11 plan; (15) information relevant to the risks posed to creditors under the plan; (16) the actual or projected realizable value from recovery of preferential or otherwise voidable transfers; (17) litigation likely to arise in a nonbankruptcy context; (18)

11

tax attributes of the debtor; and (19) the relationship of the debtor with affiliates.

*In re Metrocraft Pub. Services, Inc.*, 39 B.R. 567, 568 (Bankr. N.D. Ga. 1984).

Here, the Combined Plan provides extensive information about the Debtor's chapter 11 case and a detailed explanation of the Plan and the financial information and assumptions that underlie the Plan. The Combined Plan contains the following information:

1. the events leading to the Debtor filing this chapter 11 bankruptcy case (Section II.C);
2. a description of the available assets and their value (Section II.B);
3. the anticipated future of the company (Section II.D.12)
4. the source of the information in the disclosure statement (Section I.B);
5. a disclaimer (Section I.B);
6. the present condition of the Debtor while in chapter 11 (Section II.D);
7. the scheduled claims (Exhibit 2);
8. the estimated return to creditors under a chapter 7 liquidation (Exhibit 3);
9. the future management of the debtor (Section III.D.3);
10. the Chapter 11 plan or a summary thereof (Section III);
11. the estimated administrative expenses, including attorneys' and accountants' fees (Section III.B.1);
12. financial information, data, valuations or projections relevant to the creditors' decision to accept or reject the Chapter 11 plan (Exhibit 4);
13. information relevant to the risks posed to creditors under the plan (Section IV.G);
14. the actual or projected realizable value from recovery of preferential or otherwise voidable transfers (Section III.D.6);
15. litigation likely to arise in a nonbankruptcy context (Section III.D.10);
16. tax attributes of the debtor (Section IV.H); and
17. the relationship of the debtor with affiliates (Section II.A).

12

Accordingly, the Combined Plan provides adequate information within the meaning of 11 U.S.C. § 1125 and should be approved for use in soliciting the votes on the Plan.

### IV. CONCLUSION

WHEREFORE, Debtor respectfully requests the Court enter an order approving the Combined Plan as containing adequate information and disclosures pursuant to 11 U.S.C. § 1125, authorizing Debtor to solicit acceptances of the Combined Plan, and setting a confirmation schedule on the Combined Plan.

Respectfully submitted by,

SHIODA LANGLEY & CHANG LLP

Dated: May 4, 2022

/s/Christopher J. Langley
By: Christopher J. Langley
Counsel for Debtor and Debtor in Possession

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 4158 14th Street, Riverside, CA 92501

A true and correct copy of the foregoing document entitled (*specify*): **MOTION FOR ORDER APPROVING DEBTOR'S COMBINED PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT DATED MAY 4, 2022 AS CONTAINING ADEQUATE INFORMATION AND DISCLOSURES PURSUANT TO 11 U.S.C. § 1125** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) May 4, 2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Donna C Bullock    donnabullockcarrera@yahoo.com, donna.bullock@ymail.com
- Steven P Chang    heidi@spclawoffice.com, schang@spclawoffice.com,assistant1@spclawoffice.com,attorney@spclawoffice.com;g9806@notify.cincompass.com;changsr75251@notify.bestcase.com
- Michael F Chekian    mike@cheklaw.com, chekianmr84018@notify.bestcase.com
- Susan Titus Collins    scollins@counsel.lacounty.gov
- Jeffrey W Dulberg    jdulberg@pszjlaw.com
- Richard Girgado    rgirgado@counsel.lacounty.gov
- M. Jonathan Hayes    jhayes@rhmfirm.com, roksana@rhmfirm.com;matt@rhmfirm.com;rosario@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com;boshra@rhmfirm.com;rosario@rhmfirm.com
- Teddy M Kapur    tkapur@pszjlaw.com, mdj@pszjlaw.com
- Peter A Kim    peter@pkimlaw.com, peterandrewkim@yahoo.com
- Christopher J Langley    chris@slclawoffice.com, omar@slclawoffice.com;langleycr75251@notify.bestcase.com
- Benjamin R Levinson    ben@benlevinsonlaw.com, courtney@benlevinsonlaw.com
- Eric A Mitnick    MitnickLaw@aol.com, mitnicklaw@gmail.com
- Giovanni Orantes    go@gobklaw.com, gorantes@orantes-law.com,cmh@gobklaw.com,gobklaw@gmail.com,go@ecf.inforuptcy.com;orantesgr89122@notify.bestcase.com
- Donald W Reid    don@donreidlaw.com, ecf@donreidlaw.com
- Matthew D. Resnik    matt@rhmfirm.com, roksana@rhmfirm.com;rosario@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com
- Allan D Sarver    ADS@asarverlaw.com
- David Samuel Shevitz    david@shevitzlawfirm.com, shevitzlawfirm@ecf.courtdrive.com;r48785@notify.bestcase.com;Jose@shevitzlawfirm.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Hatty K Yip    hatty.yip@usdoj.gov, hatty.k.yip@usdoj.gov

☐    Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) May 4, 2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows: Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Ernest M. Robles, 255 E. Temple Street, Suite 1560, Los Angeles, CA 90012

☒    Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: (state the method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) May 4, 2022, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows:  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 4, 2022 | John Martinez | /s/John Martinez |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

15