Gene H. Shioda – SBN 186780
ghs@slclawoffice.com
Christopher J. Langley – SBN 258851
chris@slclawoffce.com
Steven P. Chang – SBN 221783
schang@slclawoffice.com
**SHIODA, LANGLEY & CHANG LLP**
1063 E. Las Tunas Dr.
San Gabriel, CA 91776
Tel: (626)281-1232
Fax: (626)281-2919

Counsel for Jinzheng Group (USA) LLC
Debtor and Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>JINZHENG GROUP (USA) LLC<br><br>Debtor and Debtor in Possession. | Case No. 2:21-bk-16674-ER<br><br>Chapter 11<br><br>**OPPOSITION TO MOTION FOR THE (I) APPOINTMENT OF A CHAPTER 11 TRUSTEE, OR IN THE ALTERNATIVE, (II) (A) TERMINATION OF PLAN AND SOLICITATION EXCLUSIVITY AND (B) AUTHORIZING STANDING FOR THE COMMITTEE OF CREDITORS TO PROSECUTE ACTIONS AGAINST INSIDERS OF THE DEBTOR**<br><br>**HEARING DATE:**<br><br>Date:    May 17, 2022<br>Time:    10:00am<br>Location: Ctrm 1568<br>             255 E. Temple St.<br>             Los Angeles, CA 90012 |

**TO THE HONORABLE ERNEST M. ROBLES, U.S. BANKRUPTCY JUDGE,**

**OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:**

1

OPPOSITION TO MOTION FOR THE APPOINTMENT OF A CHAPTER 11 TRUSTEE

JINZHENG GROUP (USA) LLC ("Debtor"), the chapter 11 debtor and debtor-in-possession respectfully submits its Opposition to the Official Committee of Unsecured Creditors Motion for the (I) Appointment of A Chapter 11 Trustee, Or In The Alternative, (II) (A) Termination of Plan And Solicitation Exclusivity And (B) Authorizing Standing For The Committee Of Creditors To Prosecute Actions Against Insiders Of The Debtor ("Motion").

**Preliminary Statement**

This Motion seeks termination of the Plan and Solicitation Exclusivity Period however since there is there is already a pending motion to extend such period, Debtor will rely on the arguments made therein.

Debtor apologizes to the Court for this late filed opposition, Debtor was under the impression that this hearing would be continued to coincide with the hearing on the Motion for Order Approving Debtor's Combined Plan and Disclosure Statement Dated May 4, 2022, which is currently set for June 15, 2022.

Debtor believed that it had productive discussions with the Unsecured Committee in its efforts to craft and propose a reorganization plan that can be readily confirmed by this Court in which unsecured Creditors would receive 100% repayment. Many of the Committee's concerns in this Motion seemed to have been resolved by further discussions and exchanges, and by the Debtor's filed Combined Plan and Disclosure Statement.

On May 4, 2022, however, Proposed Counsel for the Committee confirmed that they intended to proceed with their motion to appoint a trustee and as such the Debtor is filing this Opposition.

**Summary of Movant's Arguments in its Motion.**

Movant has listed various grounds in its Motion as a basis for the relief requested. Debtor as such would like to address each of the Movant's bullet points.

1) *Mismanagement of the Debtor post-petition.*

Movant alleges without any factual basis that due to the mismanagement of the Debtor, a

Chapter 11 Trustee should be appointment.

Max Yang, is the local representative for and holds the power of attorney for Jianqing Yang. Those duties were previously carried out by Betty Zheng. Debtor has disclosed this information to the Court and the parties in this case. The Committee contends that due to Max Yang not having any prior involvement with the Debtor that he is in some way mismanaging the Debtor. The Committee however has failed to point to any instances of mismanagement.

2) *The Debtor's inconsistent and misleading filings.*

Movant contends that since the *Statement of Ownership* Statement and the *List of Equity Security Holders*, is at odds with the contention that "the Debtor is a single member LLC wholly-owned by Mr. Jiaging Yang", that the Debtor is guilty filing misleading and inconsistent information with the Court. The ownership of the Debtor seemed to be at issue early in this case. Accurate information has been filed with the Court as the Debtor became aware of the underlying facts. There is no evidence that any parties have been misled.

3) *Debtor's valuation of its asset is wildly inconsistent with its lender's appraisals.*

The Committee contends that a chapter 11 Trustee should investigate and evaluate the discrepancies in the Debtor's valuation and that of the secured creditor. These are issues however that can appropriately be dealt through the confirmation process. This is not grounds for the appointment of a trustee.

4) *The Debtor is effectively proposing to pay its principal's claim a 100% recovery but not pay any other general unsecured claims anything.*

Debtor contends that many of the unsecured claims in this case are disputed. Multiple claims have already been objected to. Movant's allegations have no basis. Debtor has proposed a plan whereby unsecured creditors are to be paid in full which is reliant on new value contributed by Debtor's principal.

5) *Jianqing Yang received substantial prepetition transfers that the Debtor is not challenging.*

Debtor is investigating the transactions listed on SOFA but has been unable to independently verify that those transfer were actually made to Jianqing Yang. The banking records

show that funds in excess of the alleged transfers were contributed by Jianqing Yang to the Debtor shortly prior to the filing of this case. The new value contribution proposed in the plan make this a moot point, however.

    6) *Debtor's counsel is protecting the Insiders by its obstreperous behavior and general uncooperativeness towards the Committee.*

The Debtor contests the claims of the Committee members. The Debtor takes issue with Betula Lenta serving on the Committee. The Debtor has filed a motion laying out the basis for its position, which is set for hearing concurrently with this Motion. This is not "obstreperous behavior and general uncooperativeness." The Debtor believes that Betula Lenta, an insider of the Debtor, was responsible for the insolvency of the Debtor and should not be directing the Committee. Most of the unsecured claims filed in this case are for obligations of Betula and not the Debtor.

## Memorandum of Points and Authorities

Appointment of a Chapter 11 Trustee is an extraordinary Remedy due to the Strong Presumption that Debtor should remain in Possession the Estate. Movant has not established its burden of proof.

"The appointment of a trustee in a chapter 11 case is an extraordinary remedy which should not be granted lightly..." In re Sharon Steel Co., 86. B.R. 455, WD PENN. (1988); See also In re. The 1031 Tax Group, LLC, et al., 374 B.R. 78 (Bankr. SDNY)(2007), "Appointment of a Chapter 11 bankruptcy trustee is an extraordinary remedy." Id. See also In Re: National Staffing Services, LLC, 338 B.R. 231, 33 (Bankr. NDOH) (2005) "Under the general framework of Chapter 11 of the Bankruptcy Code, there exists a strong presumption that a debtor should remain in possession." Chapter 11 is designed to allow the debtor in possession to retain management of the business operations unless a party in interest can prove that the appointment of a Trustee is warranted. In re Sharon Steel Co., 86. B.R. 455, WD PENN. (1988)

In seeking appointment of a Chapter 11 Trustee, the majority of bankruptcy courts apply a 'clear and convincing" standard when determining whether to appoint a Trustee under Sec. 1104.

See In Re: National Staffing Services, LLC, 338 B.R. 231, 33 (Bankr. NDOH) (2005) ". . . unlike many matters in bankruptcy which need only be established by a preponderance of the evidence, the need to appoint a trustee must be shown by the higher evidentiary standard of clear and convincing." See also: In Re The 103] Tax Group, LLC, et al., 374 B.R. 78 (Bankr. SDNY) (2007) "A party seeking appointment of a Chapter 11 trustee has the burden of showing, by clear and convincing evidence, cause under 11 U.S.C.S Section 1 104(a)(1), or the need for a trustee under section 1 104(a)(2)"; In re: In re Sharon Steel Co., 86. B.R. 455, WD PENN. (1988) The party seeking the appointment of a trustee in a Chapter 11 case bears the burden of proving by clear and convincing evidence that such appointment is necessary.

While the 9th Circuit has yet to rule definitively on which burden of proof applies under Section 1104, the extraordinary nature of appointment of a Trustee merits the higher burden of proof being applied in this instance. Clear and convincing proof requires a higher degree of proof than the usual preponderance of evidence standard. It requires a finding of "high probability" that the fact is true - i.e., evidence so clear as to leave no substantial doubt. Lillian F. v. Sup. Ct. (Kretz), 160 Cal. App. 3d 314,320 (1984). See also In Re: National Staffing Services, LLC, 338 R.R. 231, 33 (Bankr. NDOH) (2005) "For evidence to be clear and convincing it must produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established, evidence so clear, direct and weighty and convincing as to enable the factfinder to come to a clear conviction without hesitancy, of the truth of the precise facts in issue."  Debtor asserts that even under the preponderance of the evidence standard, Creditor's Motion has failed to demonstrate cause under Section 1104.

A Court has wide discretion in making the determination as to whether the alleged conduct rises to the level of cause required by the statute. "Although section 1104 requires a bankruptcy court to appoint a trustee if the requirements of the statute are met, the court has wide discretion in considering the relevant facts." In re: The 103] Tax Group, LLC, et al., 374 B.R. 78 (Bankr. SDNY) (2007).

## IV.

## CONCLUSION

Wherefore, for all the reason elaborated herein, the Debtor respectfully requests the Court deny the Motion.

Respectfully Submitted,

Dated:  May 5, 2022

/s/Christopher J. Langley
By: Christopher J. Langley
Shioda, Langley & Chang LLP
Attorneys for Debtor and Debtor in Possession

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **4158 14th Street, Riverside, CA 92501**

A true and correct copy of the foregoing document entitled (*specify*): **OPPOSITION TO MOTION FOR THE (I) APPOINTMENT OF A CHAPTER 11 TRUSTEE, OR IN THE ALTERNATIVE, (II) (A) TERMINATION OF PLAN AND SOLICITATION EXCLUSIVITY AND (B) AUTHORIZING STANDING FOR THE COMMITTEE OF CREDITORS TO PROSECUTE ACTIONS AGAINST INSIDERS OF THE DEBTOR** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) May 5, 2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Donna C Bullock**    donnabullockcarrera@yahoo.com, donna.bullock@ymail.com
**Steven P Chang**    heidi@spclawoffice.com, schang@spclawoffice.com,assistant1@spclawoffice.com,attorney@spclawoffice.com;g9806@notify.cincompass.com;changsr75251@notify.bestcase.com
**Michael F Chekian**    mike@cheklaw.com, chekianmr84018@notify.bestcase.com
**Susan Titus Collins**    scollins@counsel.lacounty.gov
**Jeffrey W Dulberg**    jdulberg@pszjlaw.com
**Oscar Estrada**    oestrada@ttc.lacounty.gov
**Richard Girgado**    rgirgado@counsel.lacounty.gov
**M. Jonathan Hayes**    jhayes@rhmfirm.com, roksana@rhmfirm.com;matt@rhmfirm.com;rosario@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com;boshra@rhmfirm.com;rosario@rhmfirm.com
**Teddy M Kapur**    tkapur@pszjlaw.com, mdj@pszjlaw.com
**Peter A Kim**    peter@pkimlaw.com, peterandrewkim@yahoo.com
**Christopher J Langley**    chris@slclawoffice.com, omar@slclawoffice.com;langleycr75251@notify.bestcase.com
**Benjamin R Levinson**    ben@benlevinsonlaw.com, courtney@benlevinsonlaw.com
**Eric A Mitnick**    MitnickLaw@aol.com, mitnicklaw@gmail.com
**Giovanni Orantes**    go@gobklaw.com, gorantes@orantes-law.com,cmh@gobklaw.com,gobklaw@gmail.com,go@ecf.inforuptcy.com;orantesgr89122@notify.bestcase.com
**Donald W Reid**    don@donreidlaw.com, ecf@donreidlaw.com
**Matthew D. Resnik**    matt@rhmfirm.com, roksana@rhmfirm.com;rosario@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com
**Peter J Ryan**    ryan@floresryan.com, pryancfi@gmail.com
**Allan D Sarver**    ADS@asarverlaw.com
**David Samuel Shevitz**    david@shevitzlawfirm.com, shevitzlawfirm@ecf.courtdrive.com;r48785@notify.bestcase.com;Jose@shevitzlawfirm.com
**United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
**Hatty K Yip**    hatty.yip@usdoj.gov, hatty.k.yip@usdoj.gov ☐
      Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) May 5, 2022, I served the following persons and/or entities at the last known addresses in this

bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows: Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Honorable Ernest M. Robles
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1560 / Courtroom 1568
Los Angeles, CA 90012

☐   Service information continued on attached page

**3.   SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: (<u>state the method for each person or entity served</u>):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) <u>May 5, 2022</u>, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows:  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐   Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 5, 2022 | John Martinez | /s/John Martinez |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

OPPOSITION TO MOTION FOR THE APPOINTMENT OF A CHAPTER 11 TRUSTEE