1  Gene H. Shioda – SBN 186780
   ghs@slclawoffice.com
2  Christopher J. Langley – SBN 258851
   chris@slclawoffce.com
3  Steven P. Chang – SBN 221783
4  schang@slclawoffice.com
   **SHIODA, LANGLEY & CHANG LLP**
5  1063 E. Las Tunas Dr.
   San Gabriel, CA 91776
6  Tel: (626)281-1232
7  Fax: (626)281-2919

8  Counsel for Jinzheng Group (USA) LLC
   Debtor and Debtor-in-Possession
9

10 **UNITED STATES BANKRUPTCY COURT**

11 **CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

12

13 In re | Case No. 2:21-bk-16674-ER

14 | Chapter 11

15 JINZHENG GROUP (USA) LLC

16 | **REPLY IN SUPPORT OF MOTION TO CHANGE MEMBERSHIP AND DISBAND OFFICIAL COMMITTEE OF UNSECURED CREDITORS PURSUANT TO 11 U.S.C. §§ 1102(a)(4) AND 105(a)**

17 Debtor and Debtor in Possession.

18

19 Hearing:

20 Date:      May 17, 2022
   Time:      10:00 a.m.
21 Location:  Courtroom 1568
             255 E. Temple St.
22           Los Angeles, CA 90012

23

24

25

26

27

28

1

## I. INTRODUCTION

Jinzheng Group (USA), LLC ("Debtor") files this Reply Brief in support of its *Motion to Change Membership and Disband Official Committee of Unsecured Creditors Pursuant to 11 U.S.C. §§ 1102(a)(4) and 105(a)* [Doc. 135] ("Motion") and in response to the *Opposition* thereto [Doc. 201 ("Opposition") filed by the Official Committee of Unsecured Creditors ("Committee").

The primary issue for the Court to determine is whether Betula Lenta, Inc. ("Betula") should be a member of the Committee. The Motion argues that Betula should be removed because it is an insider with an unavoidable conflict of interest. The Opposition does not take any position on this argument. If Betula is removed, as it should, the Committee will only have one member. "[I]t should be obvious that a single member committee 'is inherently inconsistent with the notice of a committee.'" *In re M.H. Corp.*, 30 B.R. 266, 267 (Bankr. S.D. Ohio 1983). "Any single creditor out to look after its rights in its own name." *Id.* *See also* 7 Collier on Bankruptcy ¶ 1102.02[2][a][vi] ("A committee of one has been held insufficient.").

Many courts, following the repeal of § 1102(c), have viewed § 105(a) as a means of ensuring that the UST has not acted arbitrarily or capriciously, or otherwise abused its discretion, in appointing the committee. *In re Barney, Inc.*, 197 B.R. 431, 439 (Bankr. S.D.N.Y. 1996) (citing cases); *In re Cont'l Cast Stone*, 625 B.R. 203, 209-210 (Bankr. D. Kan. 2020) (rejecting Committee's argument here that negative inference doctrine--*expressio unius est exclusio alteris*-- precludes the Court from any further review of the UST's actions because specific areas of review have been set out in the statute).

Here, the UST acted arbitrarily and capriciously in reappointing a two-member committee where one of those members is disqualified from such membership as an insider with signficant conflicts of interest. Likewise, a one-member committee is not a "committee"; it is a single creditor using estate assets to protect its own interests.

Accordingly, good cause exists to grant the Motion. Debtor respectfully requests the Court enter an order that (i) removes Betula as a member of the Committee, and (ii) disbands the Committee, pursuant to 11 U.S.C. §§ 1102(a)(4) and 105(a).

2

## II. STATEMENT OF FACTS

Debtor repeats and reasserts the Statement of Facts set forth in the Motion and offers two clarifications to the same set forth in the Opposition.

First, the Court did not "allow" the claim of Phalanx as stated in the Opposition. The Court denied Debtor's motion to disallow the Phalanx POC without prejudice. Debtor initially objected to the Phalanx POC beacuse Phalanx was not a licensed private patrol operator under applicable law. The Court overruled that objection because Phalanx's licensing status was not dispositive on whether Phalanx was entitled to payment from Debtor. The Court did so, however, without prejudice to Debtor refiling an objection to the Phalanx POC on other grounds, including whether Phalanx provided any "consulting services" to Debtor justifying its right to payment from Debtor.

Second, the *Amended Notice of Appointment of Committee of Creditors Holding Unsecured Claims* [Doc. 178] ("Amended Notice") does not change any of the underlying facts addressed in the Motion, other than the removal of Pennington. Betula is still an insider with unavoidable conflicts of interest. And Phalanx still cannot serve as a single-member committee.

## III. ARGUMENT

### A. Betula Is an Insider with an Unavoidable Conflict of Interest and Should Be Removed From the Committee

The Motion argues that Betula should be removed from the Committee because it is an insider with an unavoidable conflict of interest—namely, that Debtor is prosecuting affirmative claims against Betula on which, if Debtor prevails, will inure to the benefit of the Committee's constituency and to the detriment of Betula. The Opposition does not contest this. Instead, the Opposition only takes issues with whether the Motion satisfied its evidentiary burden that Betula was an insider as a "person in control of the debtor." 11 U.S.C. § 101(31)(A)(iv). Specifically, the Opposition argues as follows:

> Regarding Betula, the Debtor contests its claim by asserting (among other things) that as an insider that had allegedly controlled the Debtor prepetition, it should not be on the Committee. While the Committee takes no position on whether Betula had been an insider of the Debtor at any point in time, being an insider would not

3

> necessarily disqualify Betula (or any other creditor) from serving on the Committee. 7 Collier on Bankruptcy ¶ 1102.02[2][vi] ("Most decisions considering the issue have held that insiders should not be excluded on a per se basis from serving on a creditors' committee.") (citing cases). Also, the Debtor has not presented any evidence to this Court that Betula controlled the Debtor and was therefore an insider.

Opposition at 10:8-16.

However, in footnote 22, the Opposition also quotes from the Committee's Trustee Motion [Doc. 136], which notes, in part, that "[t]he List of Equity Security Holders, filed September 7, 2021 [Dock No. 18], shows Jianqing Yang and Betula as members, and Jianqing Yang, Betula and Betty Zheng as 'co-managers of the Debtor.'" Opposition at 11:19-20.

Debtor further requests the Court take judicial notice of the *Declaration of Donna Bullock in Opposition to Motion by Debtor to Determine Whether Compensation Paid to Counsel Was Excessive* [Doc. 103] ("Bullock Declaration"), wherein Debtor's former counsel testifies to Betula's intimate involvement in preparing the Debtor's bankruptcy filing:

> 2. On August 23, 2021, I was contacted by a secretary of Betula Lenta, Inc., a cotenant at my offices at 800 W. 6th St., Los Angeles, CA 90017, initially to review a Resolution for Jinzheng Group (USA) LLC ("Debtor"), to hire a Chief Reorganization Officer ("CRO"), before filing an Emergency Chapter 11 Petition through retained counsel David Woods of Marshak Hayes ("Marshak"). I was asked to review Marshak's retainer agreement and the resolution by Betty Zheng Debtor's manager, and by David Park and Jonathan Pae principals of Betula Lenta, Inc...
>
> 3. I advised Zheng, Pae and Park that the resolution would give full control to a third party CRO who could sell all Debtor's properties without any approval of the sale or its terms, and that the Marshak retainer stated it intended to liquidate and sell off Debtor's properties and not proceed with their housing development. Each told me that they did not approve of liquidation of the Debtor's properties as its then existing management team, but must stop the foreclosure sale of August 24, 2021 of the Amethyst Properties....
>
> . . .
>
> 5. Debtor's management team then asked me to file the Emergency Petition and stop the foreclosure sale. Zheng, Pae and Park asked if I would accept the balance of the retainer paid to Marshak pre-petition and save the Amethyst property....

Bullock Dec. at ¶¶ 2-3, 5.

4

Bullock's declaration, combined with the Corporate Authorization [Doc. 14] wherein Betula authorized Debtor's bankruptcy filing, shows that Betula was a "person in control of Debtor" that caused Debtor to file this bankruptcy case. That makes Betula a "person in control of the debtor" and an insider pursuant to 11 U.S.C. § 101(31)(a)(iv).

Thus, Betula is an insider with unavoidable conflicts of interest. These facts disqualify it from serving on the Committee. The Court should remove Betula as a member of the Committee pursuant to § 1102(a)(4).

### B. The Court May Disband a One-Member Committee

Once the Court removes Betula from the Committee pursuant to § 1102(a)(4), the question turns what to do with a single-member committee? The Motion argues that the Committee should be disbanded because "it should be obvious that a single member committee 'is inherently inconsistent with the notice of a committee.'" *In re M.H. Corp.*, 30 B.R. 266, 267 (Bankr. S.D. Ohio 1983). "Any single creditor out to look after its rights in its own name." *Id. See also* 7 Collier on Bankruptcy ¶ 1102.02[2][a][vi] ("A committee of one has been held insufficient.").

In response to this simple argument, the Committee relies on the negative implication doctrine-- ex pressio unius est exclusio alterius—to argue that the Code's silence on bankruptcy court's ability to disband committees necessarily means that they do not have such ability even when a committee ceases to be a "committee" with only one member.

In a 2020 decision, a bankruptcy court addressed and dismissed this very argument because the failure to add disbandment of committees to the power of bankruptcy courts is not direct evidence Congress intended to deprive courts of the power to review these decisions. *In re Cont'l Cast Stone*, 625 B.R. 203, 209-210 (Bankr. D. Kan. 2020).

> The majority of courts hold that a bankruptcy court can review any action of the U.S. trustee under § 105, including the existence or composition of committees. This provision was added to prevent abuse and ensure judges could control the cases before them; it is a generalized power, constrained only by other sections of the bankruptcy code. Review under § 105 is a means to ensure the trustee has not abused its discretion or acted in an arbitrary and capricious manner. The trustee's decision is arbitrary and capricious if it "is based on an erroneous conclusion of law, a record devoid of evidence on which the decision maker could rationally have based its decision, or is otherwise patently unreasonable, arbitrary or

fanciful." If the trustee is found to have abused its discretion, "the bankruptcy judge may invoke § 105(a) and generally do as he sees fit."

The trustee contends that this interpretation of § 105 would either confer on the Court an independent substantive authority or allow it to flatly contradict the code. Neither is the case. This interpretation does not grant a new substantive power. Instead, it is a power to review the acts of the trustee insofar as they would obstruct the ability for the court to implement other provisions of the code. The court is not attempting to craft a new remedy for Debtor out of whole cloth but is instead preserving the authority of the court to conduct proceedings according to the Bankruptcy Code.

The trustee's interpretation of § 1102 would allow the trustee to determine committee eligibility and viability with no judicial review. If the court is unable to disband a creditors' committee once convened, the court is therefore unable to rule on a creditor or debtor's argument that a creditor wholly ineligible under the Code has been appointed to the committee or that a committee is not viable in the specific case. Given the role creditors' committees play in the bankruptcy process and the cost they incur on behalf of the debtor, the impact of such decisions can be felt throughout the course of the bankruptcy.

It is clear from the statutory record that Congress did not intend this result. For an action by an administrative agency to be excepted from judicial review, there must be clear and convincing evidence that such a result was intended by Congress. The trustee states that the history of § 1102 indicates that the trustee's discretion over committee appointments is unreviewable because Congress repealed § 1102(c) and instead restricted the court's powers to those contained in § 1102(a). However, the legislative history indicates that Congress merely thought the U.S. trustee a better fit for the administrative task of creating and populating committees. <u>The trustee wishes to draw an inference that the doctrine of *expressio unius est exclusio alteris* precludes the court from any further review of the trustee's actions because specific areas of review have been set out in the statute. This argument proves too little; the failure to add disbandment of committees to the power of bankruptcy courts is not direct evidence Congress intended to deprive courts of the power to review these decisions. Furthermore, this court is drawing authority from § 105, which grants the bankruptcy court the power to issue orders necessary to carry out provisions of the Code, so long as other provisions of the Code are not contradicted. By arguing that no provision of the Code specifically addresses the Court's power to disband a committee, the trustee demonstrates that such a power would fall within the ambit of § 105. This Court is unaware of any agency whose actions are not in some way reviewable in court; it seems vanishingly unlikely on this evidence that the U.S. trustee was intended by Congress to be the first.</u>

*Cont'l Cast Stone*, 625 B.R. at 209-210 (emphasis added) (citations omitted).

Even after the repeal of § 1102(c), many courts have viewed § 105(a) as a means of ensuring that the UST has not acted arbitrarily or capriciously, or otherwise abused its discretion, in appointing the committee. *See also In re Barney, Inc.*, 197 B.R. 431, 439 (Bankr. S.D.N.Y. 1996) (citing cases). "A decision is not 'arbitrary and capricious' unless it is based on an erroneous conclusion of law, a record devoid of evidence on which the decision maker could rationally have based its decision, or is otherwise patently unreasonable, arbitrary or fanciful." *Id.* (citing *Heat & Control, Inc. v. Hester Industries, Inc.*, 785 F.2d 1017, 1022 (D.C. Cir. 1986); *State of New York Dept. of Social Services v. Shalala*, 21 F.3d 485, 492 (2d Cir. 1994)). "[T]he United States trustee would act arbitrarily and capriciously if [it] refused to remove a committee member who held a conflict of interest that amounted to a breach of the fiduciary duty that the creditor owed to the creditors represented by the committee." *Id.* at 442 (quoting *In re First RepublicBank Corp.*, 95 B.R. 58, 61 (Bankr. N.D. Tex. 1988)).

Here, the UST's Amended Notice reappointing the Committee with only two members—Betula and Phalanx—was arbitrary and capricious because it was based on two erroneous conclusions of law. First, the UST acted arbitrarily and capriciously when it named Betula as a member of the Committee after Debtor informed it of Betula's unavoidable conflict of interest. *Barney*, 197 B.R. at 442. Second, the UST acted arbitrarily and capriciously when it reappointed the Committee with only one qualified creditor because "it should be obvious that a single member committee 'is inherently inconsistent with the notice of a committee.'" *M.H. Corp.*, 30 B.R. at, 267 (Bankr. S.D. Ohio 1983). "Any single creditor out to look after its rights in its own name." *Id. See also* 7 Collier on Bankruptcy ¶ 1102.02[2][a][vi] ("A committee of one has been held insufficient.").

Accordingly, the Court has authority under § 105(a) to review the administrative actions of the UST and disband the Committee.

### C. A Committee Is Not Needed in this Case

Finally, there is no need for a committee in this case. The Committee accuses the Debtor of trying to run roughshod over its creditors, depriving them of representation as a body.

Opposition at 9:21-22. That is a remarkable allegation when Debtor has proposed a plan that provides for 100% payment on allowed general unsecured claims within three years of the effective date and which is funded by a $4,500,000 new value contribution by Debtor's principal, Mr. Yang.

The Committee strives to justify its existence by accusing Debtor of misconduct but, in doing so, proves that it is only a mouthpiece for Betula. This is obvious as the most significant litigation claims held by the bankruptcy estate are against Betula, which admits to receiving nearly $7,000,000 and has been unable to justify those payments. Meanwhile, Betula's President, David Park, is the chair of the Committee.[1] Yet the Committee is silent on such claims and has not expressed any support for Debtor's prosecution of them.

There is also the dubious timing of the Committee's appointment. The Committee was appointed five months into this bankruptcy case and only one month after Debtor retained SLC as its new counsel. As soon as Betula lost control of this bankruptcy case, through its cozy relationships with Debtor's prior counsel (Donna Bullock) and prior manager (Betty Zheng), it sought the appointment of the Committee. And that Committee, now chaired by Mr. Park, has moved for appointment of a chapter 11 trustee to avoid defending Debtor's meritorious claims against it. Also, the Committee has retained one of the most expensive bankruptcy firms in Los Angeles not for the purpose of protecting unsecured creditors interests but to strangle Debtor with administrative expenses so that it is less able to prosecute its claims against Betula.

The Committee is not acting in good faith and not serving any benefit to unsecured creditors or the estate.

///
///
///

---

[1] *See* Proof of Claim 18 (signed by David Park as President of Betula Lenta, Inc.); Committee Motion to Appoint Trustee [Doc. 136], Declaration of David Park at ¶1 ("I am the Chair of the Official Unsecured Creditors' Committee of Jinzheng Group (USA) LLC.").

8

### IV.    CONCLUSION

Based on the foregoing, the Debtor respectfully requests the Court change the membership of the Committee by removing Betula as a member, and disbanding the Committee pursuant to 11 U.S.C. §§ 1102(a)(4) and 105(a), and any further relief the Court deems appropriate and just.

Respectfully Submitted,

Dated: May 10, 2022    SHIODA, LANGLEY & CHANG, LLP

/s/Christopher J. Langley
Counsel for Jinzheng Group (USA), LLC,
Debtor and Debtor in Possession

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **4158 14th Street, Riverside, CA 92501**

A true and correct copy of the foregoing document entitled (*specify*): **REPLY IN SUPPORT OF MOTION TO CHANGE MEMBERSHIP AND DISBAND OFFICIAL COMMITTEE OF UNSECURED CREDITORS PURSUANT TO 11 U.S.C. § 1102(a)(4) AND 105(a); DECLARATION OF CHRISTOPHER LANGLEY IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) May 10, 2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Donna C Bullock    donnabullockcarrera@yahoo.com, donna.bullock@ymail.com
- Steven P Chang    heidi@spclawoffice.com, schang@spclawoffice.com,assistant1@spclawoffice.com,attorney@spclawoffice.com;g9806@notify.cincompass.com;changsr75251@notify.bestcase.com
- Michael F Chekian    mike@cheklaw.com, chekianmr84018@notify.bestcase.com
- Susan Titus Collins    scollins@counsel.lacounty.gov
- Jeffrey W Dulberg    jdulberg@pszjlaw.com
- Oscar Estrada    oestrada@ttc.lacounty.gov
- Richard Girgado    rgirgado@counsel.lacounty.gov
- M. Jonathan Hayes    jhayes@rhmfirm.com, roksana@rhmfirm.com;matt@rhmfirm.com;rosario@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com;boshra@rhmfirm.com;rosario@rhmfirm.com
- Teddy M Kapur    tkapur@pszjlaw.com, mdj@pszjlaw.com
- Peter A Kim    peter@pkimlaw.com, peterandrewkim@yahoo.com
- Christopher J Langley    chris@slclawoffice.com, omar@slclawoffice.com;langleycr75251@notify.bestcase.com
- Benjamin R Levinson    ben@benlevinsonlaw.com, courtney@benlevinsonlaw.com
- Eric A Mitnick    MitnickLaw@aol.com, mitnicklaw@gmail.com
- Giovanni Orantes    go@gobklaw.com, gorantes@orantes-law.com,cmh@gobklaw.com,gobklaw@gmail.com,go@ecf.inforuptcy.com;orantesgr89122@notify.bestcase.com
- Donald W Reid    don@donreidlaw.com, ecf@donreidlaw.com
- Matthew D. Resnik    matt@rhmfirm.com, roksana@rhmfirm.com;rosario@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com
- Peter J Ryan    ryan@floresryan.com, pryancfi@gmail.com
- Allan D Sarver    ADS@asarverlaw.com
- David Samuel Shevitz    david@shevitzlawfirm.com, shevitzlawfirm@ecf.courtdrive.com;r48785@notify.bestcase.com;Jose@shevitzlawfirm.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Hatty K Yip    hatty.yip@usdoj.gov, hatty.k.yip@usdoj.gov

☐    Service information continued on attached page

1

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) May 10, 2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows: Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Ernest M. Robles
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1560 / Courtroom 1568
Los Angeles, CA 90012

☒    Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**:
(state the method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) May 10, 2022, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows:  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 10, 2022 | John Martinez | /s/John Martinez |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

2