Gene H. Shioda – SBN 186780
ghs@slclawoffice.com
Christopher J. Langley – SBN 258851
chris@slclawoffce.com
Steven P. Chang – SBN 221783
schang@slclawoffice.com
**SHIODA, LANGLEY & CHANG LLP**
1063 E. Las Tunas Dr.
San Gabriel, CA 91776
Tel: (626)281-1232
Fax: (626)281-2919

Counsel for Jinzheng Group (USA) LLC
Debtor and Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>JINZHENG GROUP (USA) LLC<br><br>Debtor and Debtor in Possession. | Case No. 2:21-bk-16674-ER<br><br>Chapter 11<br><br>**REPLY IN SUPPORT OF SECOND MOTION OF DEBTOR FOR ORDER EXTENDING DEBTOR'S EXCLUSIVITY PERIOD TO FILE CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THERETO**<br><br>Hearing:<br><br>Date:    May 17, 2022<br>Time:    10:00am<br>Location:  Ctrm 1568<br>          255 E. Temple St.<br>          Los Angeles, CA 90012 |

1

## I. INTRODUCTION

Jinzheng Group (USA), LLC ("Debtor") files this Reply Brief in support of its *Second Motion of Debtor for Order Extending Debtor's Exclusivity Period to File Chapter 11 Plan and Solicit Acceptances Thereto* [Doc. 169] ("Motion") and in response to the *Response* thereto filed by the Committee [Doc. 202] ("Committee Response") and the *Opposition* thereto filed by Royalty Equity Lending LLC [Doc. 203] ("Royalty Opposition").[1]

## II. ARGUMENT

The Motion was filed on March 30, 2022, and certain circumstances have changed. On May 4, 2022, Debtor filed a *Combined Plan and Disclosure Statement dated May 4, 2021* [Doc. 204] ("Combined Plan") and *Motion to Approve Combined Plan as Containing Adequate Information and Disclosures Pursuant to 11 U.S.C. § 1125* [Doc. 205] ("DS Approval Motion")

The Court considers the *Mayo-Newhall* factors when considering whether to extend the debtor's exclusivity periods. Those factors are : "(1) [whether] this was a first extension; (2) in a complicated case; (3) that had not been pending for a long time, relative to its size and complexity; (4) in which the debtor did not appear to be proceeding in bad faith; (5) had improved operating revenues so that it was paying current expenses; (6) had shown a reasonable prospect for filing a viable plan; (7) was making satisfactory progress negotiating with key creditors; (8) did not appear to be seeking an extension of exclusivity to pressure creditors; and (9) was not depriving the Committee of material or relevant information." *Official Comm. of Unsecured Creditors v. Henry Mayo Newhall Mem. Hosp. (In re Henry Mayo Newhall Mem. Hosp.)*, 282 B.R. 444, 447 (BAP 9th Cir. 2002).

Here, the *Mayo-Newhall* factors still support granting the Motion.

First, while this is not a first extension, it is effectively the first extension requested by SLC. This case was filed on 8/24/21. SLC did not substitute as Debtor's new counsel until 12/6/21, and it filed its first request for extensions three weeks later on 12/31/21. This was

---

[1] Debtor apologizes to the Court for filing this Reply one day late. Debtor was hopeful that the hearing on the Motion would be continued with other motions to 7/6/22. However, the Committee did not want to continue the hearing on this Motion. Debtor's counsel was preoccupied filing the Reply in support of this Committee Membership Motion on 5/10/22.

2

minimally necessary to allow SLC to get up to speed on the case. During that first extension, SLC has made considerable progress towards Debtors' reorganization, culminating in the filing of the Combined Plan and Disclosure Statement dated 5/4/22 [Doc. 204] ("Combined Plan").

Second, beyond dealing the complexities of undeveloped real estate subject to several cross-collateralized loans, Debtor is also dealing with a relative rare occurrence where the Committee is chaired by the President of Betula, Lenta, Inc., whom Debtor is prosecuting multi-million dollars claims against. There is also a pending motion to disband the Committee that is set for hearing on 5/17/22.

Third, this case has not been pending for a long time relative to its size and complexity. This case is certainly larger than most individual chapter 11 cases and is relatively complex considering the cross-collateralized real estate and pending litigation.

Fourth, Debtor is not proceeding in bad faith. The Combined Plan proposes to pay all allowed claims with interest over a three-year plan term. The Combined Plan will be funded by $4.5 million in new value contributions by Debtor's principal.

Fifth, Debtor is not an operating business (other than its relatively small rental income that it collects from some of the Los Angeles Property). However, Debtor has arranged for the new value contributions that will fund three years of operations, secured debt payments, and development of the Los Angeles Properties. Debtor is current on its post-petition obligations other than monthly mortgage payments to secured creditors.

Sixth, the Combined Plan is a viable plan that has reasonable prospects for confirmation. While it hopes for more, Debtor is confident that at least one impaired class will vote in favor of plan confirmation.

Seventh, and related to the prior point, Debtor has made good faith progress negotiating with various creditor constituencies. Debtor has incorporated some of the terms proposed by Michael and Shari Doff (Class 10) and the Committee (Class 11A) into the Combined Plan. Debtor will continue to make such overtures and reserves the right to further modify the Combined Plan to address such concerns.

1   Eighth, Debtor is not seeking an extension to pressure creditors.  It has proposed a plan to
2   pay allowed claims in full with interest over three years and which is funded by $4.5 million in
3   new value contributions.  That is the best plan treatment that creditors could reasonably hope for.
4   Debtor is not attempting to pressure creditors such treatment.

5   Finally, Debtor is not depriving the Committee of any relevant information.  While
6   Committee complains that Debtor "has been unable to resolve the Committee's and creditors'
7   concerns," it has not specifically alleged that Debtor has deprived it of material or relevant
8   information.

## III.    CONCLUSION

For the reasons above and in the Motion, the Debtor respectfully requests that the Court issue an order extending (a) the Exclusivity Periods through and including August 19, 2022, (b) and extending the Exclusive Solicitation Period through and including September 17, 2022.

Respectfully submitted by,

SHIODA LANGLEY & CHANG LLP

Dated:  May 11, 2022

/s/Christopher J. Langley
By: Christopher J. Langley
Counsel for Debtor and Debtor in Possession

4

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 4158 14th Street, Riverside, CA 92501

A true and correct copy of the foregoing document entitled (*specify*): **REPLY IN SUPPORT OF SECOND MOTION OF DEBTOR FOR ORDER EXTENDING DEBTOR'S EXCLUSIVITY PERIOD TO FILE CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THERETO; MEMORANDUM OF POINTS AND AUTHORITES; DECLARATIOON OF MAX YANG IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) May 11, 2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Donna C Bullock    donnabullockcarrera@yahoo.com, donna.bullock@ymail.com
- Steven P Chang    heidi@spclawoffice.com, schang@spclawoffice.com,assistant1@spclawoffice.com,attorney@spclawoffice.com;g9806@notify.cincompass.com;changsr75251@notify.bestcase.com
- Michael F Chekian    mike@cheklaw.com, chekianmr84018@notify.bestcase.com
- Susan Titus Collins    scollins@counsel.lacounty.gov
- Jeffrey W Dulberg    jdulberg@pszjlaw.com
- Richard Girgado    rgirgado@counsel.lacounty.gov
- M. Jonathan Hayes    jhayes@rhmfirm.com, roksana@rhmfirm.com;matt@rhmfirm.com;rosario@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com;boshra@rhmfirm.com;rosario@rhmfirm.com
- Teddy M Kapur    tkapur@pszjlaw.com, mdj@pszjlaw.com
- Peter A Kim    peter@pkimlaw.com, peterandrewkim@yahoo.com
- Christopher J Langley    chris@slclawoffice.com, omar@slclawoffice.com;langleycr75251@notify.bestcase.com
- Benjamin R Levinson    ben@benlevinsonlaw.com, courtney@benlevinsonlaw.com
- Eric A Mitnick    MitnickLaw@aol.com, mitnicklaw@gmail.com
- Giovanni Orantes    go@gobklaw.com, gorantes@orantes-law.com,cmh@gobklaw.com,gobklaw@gmail.com,go@ecf.inforuptcy.com;orantesgr89122@notify.bestcase.com
- Donald W Reid    don@donreidlaw.com, ecf@donreidlaw.com
- Matthew D. Resnik    matt@rhmfirm.com, roksana@rhmfirm.com;rosario@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com
- Allan D Sarver    ADS@asarverlaw.com
- David Samuel Shevitz    david@shevitzlawfirm.com, shevitzlawfirm@ecf.courtdrive.com;r48785@notify.bestcase.com;Jose@shevitzlawfirm.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Hatty K Yip    hatty.yip@usdoj.gov, hatty.k.yip@usdoj.gov

☐    Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) May 11, 2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows: Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Ernest M. Robles, 255 E. Temple Street, Suite 1560, Los Angeles, CA 90012

☒    Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**:
(state the method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) May 11, 2022, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows:  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 11, 2022 | John Martinez | /s/John Martinez |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |