# United States Bankruptcy Court
## Central District of California
Los Angeles
Ernest Robles, Presiding
Courtroom 1568 Calendar

**Tuesday, May 17, 2022**      Hearing Room    **1568**

**10:00 AM**
**2:21-16674**    **JINZHENG GROUP (USA) LLC**      **Chapter 11**

   **#7.00**    Hearing
RE: [135] MOTION TO CHANGE MEMBERSHIP AND DISBAND OFFICIAL COMMITTEE OF UNSECURED CREDITORS PURSUANT TO 11 U.S.C. §§ 1102(a)(4) and 105(a)  LLC  (Langley, Christopher)

fr. 3-22-22; 5-4-22

                 Docket     135

**Matter Notes:**

     5/17/2022

The tentative ruling will be the order.
Court to prepare orders.

POST PDF OF TENTATIVE OR AMENDED TENTATIVE RULING TO CIAO

**Tentative Ruling:**

5/16/2022 (amended after hearing)

**Note: Parties may appear at the hearing either in-person or by telephone. The use of face masks in the courtroom is optional. Parties electing to appear by telephone should contact CourtCall at 888-882-6878 no later than one hour before the hearing.**

     For the reasons set forth below, (1) the Debtor's motion to disband the Official Committee of Unsecured Creditors is **DENIED**; (2) the Debtor's second motion to extend its plan exclusivity periods is **DENIED**; (3) the application of the Official Committee of Unsecured Creditors to employ Pachulski, Stang, Ziehl & Jones LLP as its general bankruptcy counsel is **GRANTED**; and (4) Royal Equity Lending's motion for relief from the automatic stay is **DENIED (without prejudice)**.

**Pleadings Filed and Reviewed:**

# United States Bankruptcy Court
## Central District of California
Los Angeles
Ernest Robles, Presiding
**Courtroom 1568 Calendar**

**Tuesday, May 17, 2022**　　　　　　　　　　　　　　　　　　　　　　　　**Hearing Room　1568**

10:00 AM
**CONT...　　JINZHENG GROUP (USA) LLC　　　　　　　　　　　　　　　　Chapter 11**
1) Debtor's Motion to Change Membership and Disband Official Committee of Unsecured Creditors:
   a) Motion to Change Membership and Disband Official Committee of Unsecured Creditors Pursuant to 11 U.S.C. §§ 1102(a)(4) and 105(a) [Doc. No. 135] (the "Disbandment Motion")
   b) Opposition of the Official Committee of Unsecured Creditors to Debtor's Motion to Change Membership and Disband Official Committee of Unsecured Creditors Pursuant to 11 U.S.C. §§ 1102(a)(4) and 105(a) [Doc. No. 201]
   c) Reply in Support of Motion to Change Membership and Disband Official Committee of Unsecured Creditors Pursuant to 11 U.S.C. §§ 1102(a)(4) and 105(a) [Doc. No. 213]
   d) United States Trustee's Statement in Response to Motion to Change Membership and Disband Official Committee of Unsecured Creditors Pursuant to 11 U.S.C. §§ 102(a)(4) and 105(a) [Doc. No. 215]
2) Second Motion of Debtor for Order Extending Debtor's Exclusivity Period to File Chapter 11 Plan and Solicit Acceptances Thereto:
   a) Second Motion of Debtor for Order Extending Debtor's Exclusivity Period to File Chapter 11 Plan and Solicit Acceptances Thereto [Doc. No. 169]
      i) Notice of Motion [Doc. No. 170]
      ii) Amended Notice of Motion [Doc. No. 181]
   b) Response of the Official Committee of Unsecured Creditors to Debtor's Second Motion for Order Extending Debtor's Exclusivity Period to File Chapter 11 Plan and Solicit Acceptances Thereto [Doc. No. 202]
      i) Supplement to the Response of the Official Committee of Unsecured Creditors to Debtor's Second Motion for Order Extending Debtor's Exclusivity Period to File Chapter 11 Plan and Solicit Acceptances Thereto [Doc. No. 217]
   c) Opposition to Second Motion of Debtor for Order Extending Debtor's Exclusivity Period to File Chapter 11 Plan and Solicit Acceptances Thereto [filed by Royal Equity Lending] [Doc. No. 203]
   d) Reply in Support of Second Motion of Debtor for Order Extending Debtor's Exclusivity Period to File Chapter 11 Plan and Solicit Acceptances Thereto [Doc. No. 214]
3) RFS Motion:
   a) Motion for Relief from the Automatic Stay Under § 362 [Doc. No. 127]
      i) Memorandum of Points and Authorities Re Motion for Relief from the

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
**Ernest Robles, Presiding**
**Courtroom 1568 Calendar**

| | |
|---|---|
| **Tuesday, May 17, 2022** | **Hearing Room 1568** |

10:00 AM
**CONT...        JINZHENG GROUP (USA) LLC                                                                 Chapter 11**

      Automatic Stay [Doc. No. 128]
   b) Joint Opposition of Debtor and Official Committee of Unsecured Creditors to Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362 [Doc. No. 148]
4) Employment Application:
   a) Application for an Order Authorizing and Approving the Employment of Pachulski Stang Ziehl & Jones LLP as Counsel to the Official Committee of Unsecured Creditors, Effective as of January 25, 2022 [Doc. No. 98]
   b) Notice of Hearing on [Employment Application] [Doc. No. 130]
   c) Stipulation [Withdrawing Debtor's Opposition to Employment Application] [Doc. No. 211]

## I. Facts and Summary of Pleadings

On August 24, 2021 (the "Petition Date"), Jinzheng Group (USA) LLC (the "Debtor") filed a voluntary Chapter 11 petition. The Debtor's primary asset is 32 acres of undeveloped land located near downtown Los Angeles. The Debtor's objective is to create a residential housing development on the land.

From the Petition Date until November 21, 2021, the Debtor was represented by the Law Offices of Donna Bullock ("Bullock"). On December 6, 2021, the Debtor filed a *Substitution of Attorney* form which stated that Shioda, Langley & Chang LLP ("SLC") had been retained as its new reorganization counsel. On January 18, 2022, the Court approved SLC's employment as the Debtor's general bankruptcy counsel, effective as of November 21, 2021. Doc. No. 81.

On January 18, 2022, the Court extended the Debtor's exclusive deadline to file a Chapter 11 Plan to and including April 21, 2022, and extended the Debtor's exclusive period to solicit acceptances of its Plan to and including May 20, 2022. Doc. No. 80. The extension of exclusivity was without prejudice to the ability of any interested party to file a motion to terminate exclusivity.

As of the Petition Date, Royal Equity Lending ("REL") asserted a claim against the Debtor in the amount of $9,353,009.29. The loan giving rise to REL's claim (the "Loan") is secured by four parcels of real property (the "Properties").

### A. Appointment of the Official Committee of Unsecured Creditors

On January 25, 2022, the United States Trustee (the "UST") appointed the following three creditors to serve on the Official Committee of Unsecured Creditors (the "Committee"): (1) Betula Lenta, Inc. ("Betula"), (2) Pennington Construction

# United States Bankruptcy Court
## Central District of California
Los Angeles
Ernest Robles, Presiding
**Courtroom 1568 Calendar**

---

**Tuesday, May 17, 2022**                                                                                           **Hearing Room    1568**

<u>10:00 AM</u>
**CONT...        JINZHENG GROUP (USA) LLC                                                                           Chapter 11**

Advisors, Inc. ("Pennington"), and (3) The Phalanx Group, Inc. ("Phalanx"). Doc. No. 93.

On March 30, 2022, the Court conducted hearings on the Debtor's objections to the claims asserted by Betula, Pennington, and Phalanx. As more fully described below, the Court (1) found that an evidentiary hearing was required to adjudicate the validity of Betula's claim; (2) found that Phalanx holds a general unsecured claim in the amount of $158,845, with such finding being without prejudice to the Debtor's ability to file a renewed objection to Phalanx's claim after conducting further discovery; and (3) disallowed Pennington's claim.

1. Betula's Proof of Claim

Betula asserts a general unsecured claim in the amount of $1,643,977.00. *See* Proof of Claim No. 18-1 ("Claim 18"). Claim 18 is based upon several contracts executed between the Debtor and Betula (collectively, the "Betula Contracts"), under which Betula agreed to (1) assist the Debtor in obtaining the entitlements necessary to develop the vacant land, (2) arrange for and supervise the construction of infrastructure improvements on the vacant land, and (3) assist the Debtor in obtaining financing to develop the vacant land.

At the March 30, 2022 hearing, the Court found that an evidentiary hearing was required to adjudicate the validity of Betula's claim. Doc. No. 174. The evidentiary hearing is set for the week of October 24, 2022. Doc. No. 189.

On February 7, 2022, the Debtor filed a complaint against Betula and other parties in the Los Angeles Superior Court (Case No. 22-STCV-04623) (the "Betula Action"). In the Betula Action, the Debtor alleges that Betula and other parties conspired to charge the Debtor over $12 million in false service fees under the Betula Contracts. The Debtor seeks general damages exceeding $5 million, plus special damages, punitive damages, and attorney's fees and costs. On April 14, 2022, Betula removed the Betula Action to this Court.

2. Phalanx's Proof of Claim

Phalanx asserts a general unsecured claim in the amount of $158,845. *See* Proof of Claim No. 17-1 ("Claim 17"). Claim 17 is based upon a *Security Consulting Contract* (the "Phalanx Contract"), under which Phalanx agreed to provide security consulting services to the Debtor, including (1) assisting in the design of a security system to protect the vacant land, (2) acting as a liaison between the Debtor and adjacent residential property owners, (3) assessing and mitigating gang activity surrounding the

# United States Bankruptcy Court
## Central District of California
Los Angeles
Ernest Robles, Presiding
Courtroom 1568 Calendar

| | |
|---|---|
| **Tuesday, May 17, 2022** | **Hearing Room 1568** |

**10:00 AM**
**CONT...    JINZHENG GROUP (USA) LLC                                                         Chapter 11**

project, (4) providing daily property visits, and (5) furnishing and managing a third-party security patrol service to protect the vacant land.

At the March 30, 2022 hearing, the Court found that Phalanx holds a general unsecured claim in the amount of $158,845. Doc. No. 173. The Court's ruling was without prejudice to the Debtor's ability to file a renewed objection to Phalanx's claim after conducting further discovery. Doc. No. 192.

3. Pennington's Proof of Claim

Pennington asserts a general unsecured claim in the amount of $75,000. *See* Proof of Claim 20-1 ("Claim 20"). The contract upon which Pennington's claim is based is between Pennington and Betula.

Pennington did not oppose the Debtor's objection to its claim. At the March 30, 2022 hearing, the Court disallowed Pennington's claim in its entirety. Doc. Nos. 172 and 190.

**B. Amendment of the Committee's Membership**

On March 31, 2022, the UST amended the Committee's membership by removing Pennington from the Committee. As a result, the Committee is now composed of two members—Betula and Phalanx.

**C. Initial Hearing on REL's Motion for Relief from the Automatic Stay**

On March 30, 2022, the Court conducted an initial hearing on REL's motion for relief from the automatic stay as to the Properties (the "RFS Motion"). Upon the request of REL, the Court continued the RFS Motion to provide the Debtor and REL additional time to negotiate potential adequate protection payments with respect to the Properties. The Court fixed May 9, 2022 as the deadline for the parties to file any additional papers on the RFS Motion. No additional papers have been filed.

**D. Summary of Papers Filed in Connection with the Debtor's Motion to Disband the Committee**

The Debtor moves for the disbandment of the Committee (the "Disbandment Motion"). First, the Debtor argues that Betula must be removed from the Committee because it is an insider with an unavoidable conflict of interest. The Debtor's theory is that Betula is a statutory insider pursuant to § 101(31)(a)(iv) because it is a "person in control of the Debtor." In support of this contention, the Debtor cites declaration testimony from the Debtor's former counsel, Bullock, in which Bullock testifies that

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
**Ernest Robles, Presiding**
**Courtroom 1568 Calendar**

| | |
|---|---|
| **Tuesday, May 17, 2022** | **Hearing Room   1568** |

#### 10:00 AM
**CONT...        JINZHENG GROUP (USA) LLC                                                                          Chapter 11**

prior to the filing of the petition, a secretary from Betula contacted her to review the Debtor's resolution to hire a Chief Restructuring Officer. The Debtor notes that if Betula is removed from the Committee, the Committee will be left with only Phalanx as a member. Since a "committee of one has been held insufficient," 7 Collier on Bankruptcy ¶ 1102.02[2][a][iv], the Debtor argues that the Committee must be disbanded.

The Committee opposes the Disbandment Motion. First, it argues that it is not clear whether the Court has authority to disband a committee, since the Bankruptcy Code contains no specific provision authorizing disbandment of a committee. Even if disbandment is within the Court's authority, the Committee contends that disbandment is not warranted and that the Committee is properly constituted. The Committee asserts that even if Betula is an insider, that would not necessarily disqualify Betula from serving on the Committee. The Committee "takes no position on whether Betula had been an insider of the Debtor at any point in time." Doc. No. 201 at 10.

The UST's position is that a ruling on the Disbandment Motion would be premature because the evidentiary hearing on the validity of Betula's claim is not scheduled to take place until the week of October 24, 2022. The UST requests that the Disbandment Motion either be denied without prejudice, or be continued to a date after the Court has adjudicated the validity of Betula's claim.

**E. Summary of Papers Filed in Connection with the Debtor's Motion for an Extension of Exclusivity**

The Debtor moves for a second extension of its exclusive periods for filing a Plan and soliciting acceptances thereon (the "Second Exclusivity Motion"). Specifically, the Debtor seeks to extend the exclusive period for filing a Plan for 120 days, from April 21, 2022 to August 19, 2022, and to extend the exclusive period for soliciting acceptances of a Plan from May 20, 2022 to September 17, 2022.

The Committee opposes the Second Exclusivity Motion. The Committee argues that the Debtor has filed a Plan that likely would not pass the best-interests-of-creditors test and would not garner sufficient creditor support to provide one consenting impaired class. Provided that exclusivity is not extended, the Committee is prepared to offer an alternative Plan that it believes unsecured creditors will favor.

REL, the Debtor's secured lender, also opposes the Second Exclusivity Motion. It argues that the Debtor's motive for seeking a further extension of exclusivity is to prevent creditors from filing a competing Plan.

# United States Bankruptcy Court
## Central District of California
Los Angeles
Ernest Robles, Presiding
Courtroom 1568 Calendar

| | |
|---|---|
| **Tuesday, May 17, 2022** | **Hearing Room  1568** |

#### 10:00 AM
**CONT...**      **JINZHENG GROUP (USA) LLC**                                                                          **Chapter 11**

### II. Findings of Fact and Conclusions of Law
#### A. The Disbandment Motion is Denied
Section 1102(a)(4) provides:

> On request of a party in interest and after notice and a hearing, the court may order the United States trustee to change the membership of a committee appointed under this subsection, if the court determines that the change is necessary to ensure adequate representation of creditors or equity security holders. The court may order the United States trustee to increase the number of members of a committee to include a creditor that is a small business concern (as described in section 3(a)(1) of the Small Business Act), if the court determines that the creditor holds claims (of the kind represented by the committee) the aggregate amount of which, in comparison to the annual gross revenue of that creditor, is disproportionately large.

To determine whether a committee provides "adequate representation," courts consider factors including "the ability of the committee to function, the nature of the case, the standing and desires of the various constituencies, the ability for creditors to participate in the case without an official committee, the possibility that different classes would be treated differently under a plan and need representation, and the motivation of the movant." *In re ShoreBank Corp.*, 467 B.R. 156, 161 (Bankr. N.D. Ill. 2012). Another factor "courts sometimes consider in determining adequate representation is whether members of a committee have conflicts of interest…. Before a conflict of interest necessitates reconstitution of a committee … there must be specific evidence that the committee member or members with the conflict have breached or are likely to breach their fiduciary duties." *Id.*

A committee member breaches its fiduciary duties to the creditor body as a whole when that committee member takes action in furtherance of its own interests to the detriment of the interests of the overall class of all unsecured creditors. Illustrating this principle, in *In re Anderson*, 349 B.R. 448 (E.D. Va. 2006), the court examined the extent to which a creditor's committee was entitled to participate in a claim objection proceeding. The *Anderson* court found that in connection with the claim objection proceeding, it was appropriate to permit the committee to participate in discovery regarding the debtor in possession's alleged fraud, a matter common to every creditor's claim. *Id.* at 464. The court took care to emphasize that through such

# United States Bankruptcy Court
## Central District of California
Los Angeles
Ernest Robles, Presiding
Courtroom 1568 Calendar

| | |
|---|---|
| **Tuesday, May 17, 2022** | **Hearing Room  1568** |

#### 10:00 AM
**CONT...**     **JINZHENG GROUP (USA) LLC**                                                                         **Chapter 11**

participation, "the Committee did not seek, or purport, to assert the rights or claims of any particular Committee member." *Id.* The court noted that the rights of the individual committee members had been asserted by the claimants' counsel, not the committee's counsel. *Id. See also In re Drexel Burnham Lambert Grp., Inc.*, 138 B.R. 717, 722 (Bankr. S.D.N.Y.), *aff'd,* 140 B.R. 347 (S.D.N.Y. 1992) ("Counsel for the ... committee do not represent any individual creditor's interest in [a] case; they were retained to represent the entire ... class. Therefore, counsel for the creditors' committee do not owe a duty to [one creditor] to maximize its interest at the expense of the remaining creditors in the represented class.").

    The Debtor argues that "Betula is likely to breach its fiduciary duties to general unsecured creditors by using the Committee to thwart" the Debtor's prosecution of the Betula Action. Doc. No. 135 at 15. However, the Debtor has failed to offer any specific evidence of actions that the Committee has taken that benefitted Betula to the detriment of other general unsecured creditors. To the contrary, the actions taken by the Committee to date in this case have inured to the benefit of the entire constituency of unsecured creditors. As a result of its negotiations with the Committee, the Debtor has filed an amended Plan. Although that amended Plan remains "unacceptable to the Committee," Doc. No. 201 at 2, the negotiations have demonstrated the need for the Committee.

    The Debtor next argues that Betula is disqualified from serving on the Committee because it is a "person in control of the Debtor" and therefore an "insider" for purposes of § 101(31)(B)(iii). The present record is not sufficiently developed for the Court to determine whether Betula was an insider prior to the Petition Date. However, even if Betula were an insider (a determination the Court does not make), it would not necessarily be disqualified from serving on the Committee. As set forth in the leading treatise:

> Most decisions considering this issue have held that insiders should not be excluded on a *per se* basis from serving on a creditors' committee. The relationship between a particular insider and the debtor can be examined by the United States trustee on a case by case basis to determine whether the relationship justifies exclusion of the person from the creditors' committee.

7 Collier on Bankruptcy ¶ 1102.02 (16th rev'd ed. 2022).

    To disqualify Betula from serving on the Committee, the Debtor must provide evidence of "some overt, specific act to indicate a conflict of interest has developed to

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
Ernest Robles, Presiding
**Courtroom 1568 Calendar**

---

**Tuesday, May 17, 2022**                                                                                              **Hearing Room    1568**

---

<u>10:00 AM</u>
**CONT...        JINZHENG GROUP (USA) LLC                                                                                    Chapter 11**

justify removing a creditor from the committee." *In re Cont'l Cast Stone, LLC*, 625 B.R. 203, 208 (Bankr. D. Kan. 2020). The Debtor has provided no such evidence; it offers only speculation that Betula *might* in the future breach its fiduciary obligations. That is not sufficient to warrant removing Betula from the Committee.

The rationale for the Disbandment Motion is that Betula must be removed from the Committee, and that after Betula is removed, the Committee will not be viable because it will consist of only one member. Because the Debtor has failed to show that Betula's removal is warranted, the Disbandment Motion fails.

**B. The Committee's Application to Employ Pachulski Stang Ziehl & Jones LLP As its Counsel is Granted**

The Committee seeks authorization to employ Pachulski, Stang, Ziehl, & Jones LLP ("PSZJ") as its counsel (the "Employment Application"). The Debtor initially opposed the Employment Application but subsequently withdrew its opposition. Doc. No. 211. No other interested parties have opposed the Employment Application.

The Employment Application is **GRANTED**. The Committee is authorized to retain PSZJ as its counsel, effective as of January 25, 2022. The Committee's compensation shall be subject to review by the Court pursuant to § 330(a).

**C. The Exclusivity Motion is Denied**

Section 1121(b) gives the Debtor the exclusive right to file a plan during the first 120 days after the date of the order for relief. Section 1121(d) permits the Court to reduce or increase the exclusivity period "for cause." Section 1121 provides the bankruptcy court with "maximum flexibility to suit various types of reorganization proceedings." *In re Public Service Company of New Hampshire*, 88 B.R. 521, 534 (Bankr. D.N.H. 1988). In determining whether "cause" exists for purposes of § 1121(d), the Court has discretion to consider "[a] variety of matters." *Off. Comm. of Unsecured Creditors v. Henry Mayo Newhall Mem'l Hosp. (In re Henry Mayo Newhall Mem'l Hosp.)*, 282 B.R. 444, 452 (B.A.P. 9th Cir. 2002). In *Henry Mayo Newhall*, exclusivity was extended in a situation involving "(1) a first extension; (2) in a complicated case; (3) that had not been pending for a long time, relative to its size and complexity; (4) in which the debtor did not appear to be proceeding in bad faith; (5) had improved operating revenues so that it was paying current expenses; (6) had shown a reasonable prospect for filing a viable plan; (7) was making satisfactory progress negotiating with key creditors; (8) did not appear to be seeking an extension of exclusivity to pressure creditors; and (9) was not depriving the Committee of

# United States Bankruptcy Court
## Central District of California
Los Angeles
Ernest Robles, Presiding
**Courtroom 1568 Calendar**

---

**Tuesday, May 17, 2022**                                                                 **Hearing Room   1568**

### 10:00 AM
**CONT...        JINZHENG GROUP (USA) LLC                                                        Chapter 11**

material or relevant information." *Id.*

The Debtor has not shown cause for a second extension of its exclusivity periods. The Court has already granted the Debtor one extension of its exclusivity periods; as a result, the Debtor has had more than eight months of exclusivity (factor one). Although this case is more complicated than many Chapter 11 cases filed by individuals, it is not particularly complicated when compared to cases filed by corporations (factor two). The Debtor has not made material progress in its negotiations with the Committee (factor seven). It appears that the Debtor's primary motivation for seeking a second extension of exclusivity is to pressure creditors by preventing the Committee from filing a competing Plan (factor eight).

**D. The RFS Motion is Denied**

REL moves for relief from the automatic stay under § 362(d)(1) and (d)(2). REL asserts that there is no equity in the Properties and that the Debtor will be unable to effectively reorganize because it lacks sufficient capital.

As of the Petition Date, REL asserted a claim against the Debtor in the amount of $9,353,009.29, secured by four parcels of real property. The following table sets forth the addresses of the Properties, as well as REL's valuation of each parcel; the valuation is supported by an appraisal report prepared by Thomas E. Oakley of A-Credited Realty Advisors:

| Parcel | Valuation |
|---|---|
| 32 acres of undeveloped land upon which the Debtor intends to build a residential development, located at 2929 Amethyst Street, Los Angeles, CA 90031 | $6,890,000 |
| 3-unit residential triplex building, located at 2526 Lincoln Park Avenue, Los Angeles, CA 90031 | $795,000 |
| 2-unit residential duplex building, located at 2520 Lincoln Park Avenue, Los Angeles, CA 90031 | $1,050,000 |
| Single family residence, located at 2602 Lincoln Park, Los Angeles, CA 90031 | $300,000 (value is per Debtor's schedules; Oakley did not appraise this property) |
| **TOTAL** | $9,035,000 |

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
**Ernest Robles, Presiding**
**Courtroom 1568 Calendar**

| | |
|---|---|
| **Tuesday, May 17, 2022** | **Hearing Room   1568** |

**10:00 AM**
**CONT...**    **JINZHENG GROUP (USA) LLC**                                              **Chapter 11**

    The Debtor filed an opposition to the Motion (the "Opposition"), which the Committee joins "on the limited basis that [REL] is adequately protected by a significant equity cushion under 11 U.S.C. § 362(d)(1), and as such there is no basis for relief under either 11 U.S.C. § 362(d)(1), or § 362(d)(2)." The Debtor disputes REL's assertion that the Properties are collectively worth only $9,035,000. The Debtor notes that in August 2016, the Debtor purchased the 32 acres of vacant land for $18,500,000, and that an appraisal prepared by Cushman & Wakefield shortly prior to the Petition Date valued the vacant land at $23,450,000. The Debtor further asserts that it has proposed a viable Plan, which includes a new value contribution in the amount of $4 million to recapitalize the Debtor.

    "[T]he best way to determine value is exposure to a market." *Bank of America v. 203 North LaSalle Street Partnership*, 526 U.S. 434, 456–57 (1999). In August 2016, the Debtor purchased the 32 acres of vacant land for $18,500,000. This arms-length transaction is far more persuasive evidence of the vacant land's value than REL's appraisal, which values the vacant land at only $6,890,000. The condition of the vacant land has been improved since the August 2016 purchase, because at least some work has been done towards securing the entitlements necessary to construct a residential development.

    REL has identified no events in the past five years which could have caused the vacant land to lose roughly two-thirds of its value. The Cushman & Wakefield appraisal, which valued the vacant land at $23,450,000 shortly prior to the Petition Date, further shows that the land has not declined in value since the August 2016 purchase.

    The Court need not determine the exactly value of the vacant land or the three other parcels for purposes of the instant RFS Motion, because even when applying conservative assumptions, it is clear that the Debtor has substantial equity in the Properties. Even if the vacant land has not appreciated since August 2016, which is highly unlikely, the value of the vacant land plus the three other properties would materially exceed REL's claim of $9,353,009.29. The Properties are also necessary to an effective reorganization.

    Based upon the Debtor's substantial equity in the Properties and the necessity of the Properties for an effective reorganization, REL's requests for stay relief under § 362(d)(1) and (d)(2) are both **DENIED without prejudice**.

### III. Conclusion

# United States Bankruptcy Court
## Central District of California
Los Angeles
Ernest Robles, Presiding
Courtroom 1568 Calendar

---

**Tuesday, May 17, 2022**                                                      **Hearing Room    1568**

---

<u>10:00 AM</u>
**CONT...**       **JINZHENG GROUP (USA) LLC**                          **Chapter 11**

     Based upon the foregoing, (1) the Debtor's motion to disband the Official Committee of Unsecured Creditors is **DENIED**; (2) the Debtor's second motion to extend its plan exclusivity periods is **DENIED**; (3) the application of the Official Committee of Unsecured Creditors to employ Pachulski, Stang, Ziehl & Jones LLP as its general bankruptcy counsel is **GRANTED**; and (4) Royal Equity Lending's motion for relief from the automatic stay is **DENIED <span style="color:red">without prejudice</span>**.
     The Court will prepare and enter appropriate orders.

     No appearance is required if submitting on the court's tentative ruling. If you intend to submit on the tentative ruling, please contact Landon Foody or Daniel Koontz, the Judge's Law Clerks, at 213-894-1522. **If you intend to contest the tentative ruling and appear, please first contact opposing counsel to inform them of your intention to do so.** Should an opposing party file a late opposition or appear at the hearing, the court will determine whether further hearing is required. If you wish to make a telephonic appearance, contact Court Call at 888-882-6878, no later than one hour before the hearing.

| Party Information |
|---|

**Debtor(s):**

    JINZHENG GROUP (USA) LLC            Represented By
                                                 Christopher J Langley