ZEV SHECHTMAN (State Bar No. 266280)
zs@DanningGill.com
JOHN N. TEDFORD, IV (State Bar No. 205537)
jtedford@DanningGill.com
ALPHAMORLAI L. KEBEH (State Bar No. 336798)
akebeh@DanningGill.com
DANNING, GILL, ISRAEL & KRASNOFF, LLP
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067-6006
Telephone: (310) 277-0077
Facsimile: (310) 277-5735

Proposed Attorneys for Jinzheng Group (USA) LLC

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>JINZHENG GROUP (USA) LLC,<br><br>    Debtor and Debtor in Possession. | Case No. 2:21-bk-16674-ER<br><br>Chapter 11<br><br>**NOTICE OF APPLICATION AND MOTION; APPLICATION OF DEBTOR AND DEBTOR-IN-POSSESSION TO EMPLOY DANNING, GILL, ISRAEL & KRASNOFF, LLP AS ITS GENERAL BANKRUPTCY COUNSEL; MOTION TO APPROVE DEBTOR-IN-POSSESSION FINANCING; AND STATEMENT OF DISINTERESTEDNESS**<br><br>Date:    June 22, 2022<br>Time:    10:00 a.m.<br>Crtrm.:  Courtroom 1568<br>          255 E. Temple Street<br>          Los Angeles, California 90012 |

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................7

    A.    Bankruptcy Background .............................................................................7

    B.    The Debtor's Former Counsel ....................................................................7

    C.    Procedural Status .......................................................................................7

II.    APPLICATION FOR EMPLOYMENT ......................................................................8

    A.    The Proposed Retention of General Bankruptcy Counsel; Danning, Gill, Israel & Krasnoff, LLP ..............................................................................8

    B.    Retainer, Procedures for Future Payments ...............................................10

    C.    Disinterestedness of Danning Gill ...........................................................11

III.    DEBTOR-IN-POSSESSION FINANCING .............................................................12

    A.    The Principal's Loan ................................................................................12

    B.    The Debtor Should be Authorized to Obtain Unsecured Credit from the Principal Pursuant to § 364 ......................................................................12

IV.    CONCLUSION ........................................................................................................13

STATEMENT OF DISINTERESTEDNESS FOR EMPLOYMENT OF PROFESSIONAL PERSON UNDER F.R.B.P. 2014 ....................................................................................14

DECLARATION OF ZHAO PU YANG ................................................................................16

1    TO THE HONORABLE ERNEST M. ROBLES, UNITED STATES BANKRUPTCY

2    JUDGE, AND INTERESTED PARTIES:

3    PLEASE TAKE NOTICE that Jinzheng Group (USA) LLC (the "Debtor"), hereby (1)

4    applies for entry of an order under 11 U.S.C. § 327(a) authorizing the Debtor to employ Danning,

5    Gill, Israel & Krasnoff, LLP ("Danning Gill" or the "Firm" ) as its general bankruptcy counsel,

6    effective as of May 31, 2022, and (2) moves for an order authorizing the Debtor to obtain an

7    unsecured loan from the Debtor's principal in the amount of the $100,000 loan to be paid to

8    Danning Gill as a postpetition retainer ("Retainer"), which loan shall be repaid as a chapter 11

9    expense of administration which will be subordinated to other allowed chapter 11 expenses of

10   administration (the "Motion").

11   To summarize, this motion seeks the following relief:

## I.

## **APPLICATION FOR EMPLOYMENT**

In compliance with Local Bankruptcy Rule ("LBR") 2014-1(b)(3), the Debtor hereby

provides the following information regarding the application for employment:

**A.**   Identity of professional and the purpose and scope for which it is being employed

The Debtor seeks to employ Danning Gill as its general bankruptcy counsel.  A copy of the

Firm's resume is attached as Exhibit "1."

**B.**   Whether professional seeks compensation pursuant to 11 U.S.C. § 328 or 11 U.S.C. § 330

The Debtor seeks to employ Danning Gill pursuant to 11 U.S.C. § 327.  Danning Gill will

seek approval of its compensation and reimbursement of its expenses pursuant to 11 U.S.C. §§ 330

and 331.

**C.**   Arrangements for Compensation

Danning Gill will charge for its services at an hourly rate measured in increments of tenths

of an hour.  It will also seek reimbursement of its expenses.  Schedules of the Firm's current hourly

rates and current rates of reimbursement are attached as Exhibit "2" hereto.  By agreement with the

Debtor, the Firm will charge the Debtor at 90% of its standard hourly rates.  The Firm's rates may

1    change from time to time in the future; the Firm keeps a schedule of its current rates on file with

2    the Office of the United States Trustee.

3         On or about May 31, 2022 (the "Effective Date"), the Debtor engaged the Firm to substitute

4    into the case as its general bankruptcy counsel in the above-referenced bankruptcy case.  Since the

5    Effective Date, Danning Gill has provided legal services relating to the Debtor's bankruptcy case.

6    The Firm has or will received a retainer of $100,000 as an advance against fees and costs to be

7    incurred by the Firm in the course of their representation of the Debtor (the "Retainer").  The

8    Retainer is being provided as a loan to the Debtor from Zhao Pu Yang, as legal representative of

9    Jianqing Yang, the managing member of the Debtor (collectively, the "Principal").  The terms of

10   such loan are discussed below in the section addressing the Debtor's request for approval of debtor

11   in possession financing.  The Debtor proposes to compensate Danning Gill on the following basis,

12   except as the Court may otherwise determine and direct, after appropriate notice and hearing:

13        First, with respect to the Retainer, Danning Gill will draw down on the Retainer in

14   accordance with the *Guide to Applications for Retainers, and Professionals and Insider*

15   *Compensation* ("Fee Guide"), promulgated by the Office of the United States Trustee, except that

16   the Retainer will be maintained in the Firm's attorney-client trust account rather than a segregated

17   trust account.  Danning Gill will submit a monthly Professional Fee Statement each month until the

18   Retainer is exhausted.

19        Second, Danning Gill will apply to the Court under §§ 330 and 331 of the Bankruptcy Code

20   for an allowance of fees and reimbursable expenses not more often than every 120 days.  All

21   applications of Danning Gill for compensation will be heard upon notice to creditors and other

22   parties-in-interest.  Danning Gill will accept such fees and reimbursement for expenses as may be

23   awarded by the Court.  Danning Gill expects that its compensation will be based upon a

24   combination of factors including, without limitation, its customary fees charged to clients who pay

25   Danning Gill monthly, as those fees are adjusted from time to time, the experience and reputation

26   of counsel, the time expended, the results achieved, the novelty and difficulty of the tasks

27   undertaken (including applicable time limitations) and the preclusion from other employment

28   caused by its work in this bankruptcy case.

1    The attorneys at Danning Gill who will be principally responsible for performing the legal

2  services on behalf of the Debtor are Zev Shechtman, John N. Tedford, IV,  and Alphamorlai "Mo"

3  Kebeh.  However, Danning Gill has several additional attorneys, all of whom are experienced in

4  debtor/creditor matters including, among other things, the representation of debtors, creditors,

5  bankruptcy trustees and various other interested parties who appear in bankruptcy cases.

6  Depending upon the complexity and amount of legal services required in this case, other attorneys

7  at Danning Gill may be called upon to provide legal services.

8    As mentioned above, the Principal will be the source of the Retainer.  The source of future

9  payments to the Firm after the Retainer has been exhausted will be the Debtor's estate.

10  **D.**    Name, address and telephone number of person who will provide a copy of the Application

11    A copy of the application is appended hereto.  Requests for copies may be made via email

12  to Debtor's proposed counsel, Attn.: Zev Shechtman at Danning, Gill, Israel & Krasnoff, LLP, at

13  Email: ZS@DanningGill.com.  The address for Debtor's proposed counsel is Danning, Gill, Israel

14  & Krasnoff, LLP, Attn.: Zev Shechtman, 1901 Avenue of the Stars, Suite 450, Los Angeles,

15  California 90067 and the telephone number is (310) 277-0077.

16  **II.**

17  **DEBTOR-IN-POSSESSION FINANCING**

18    The Debtor's request to obtain unsecured credit is based on the grounds that the Debtor

19  does not possess sufficient funds and cash flow to retain Danning Gill as its general bankruptcy

20  counsel.  The Principal is loaning the Debtor $100,000, without interest, for the purposes of

21  retaining Danning Gill (the "Loan").  Accordingly, the Debtor seeks authority from the Court to

22  accept the Loan on the following terms:

| Material Term or Type of Provision | Summary of Provision(s) | Location in Loan Agreement and/or Loan Documents |
|---|---|---|
| Loan amount | $100,000 | N/A |
| Interest rate | 0% | N/A |

| Material Term or Type of Provision | Summary of Provision(s) | Location in Loan Agreement and/or Loan Documents |
|---|---|---|
| Maturity date | Treated with the same priority as a chapter 11 administrative expense, but subordinated to all other allowed chapter 11 administrative expenses. | N/A |
| Events of default | N/A | N/A |
| Prepayment penalty | N/A | N/A |
| Loan fees | N/A | N/A |
| Grant of lien on property of the estate under § 364(c) or (d) | N/A | N/A |
| Provision of adequate protection or priority of a claim that arose prepetition | N/A | N/A |
| Validity of a claim or lien that arose prepetition | N/A | N/A |
| Waiver or modification of Code provisions or applicable rules relating to the automatic stay | N/A | N/A |
| Release, waiver or limitation on any claim or other cause of action belonging to the estate | N/A | N/A |

In accordance with Local Bankruptcy Rule 4001-2, a separate *Statement Regarding Cash Collateral or Debtor in Possession Financing* is being filed concurrently herewith.

First, Zhao Pu Yang, as legal representative of Jianqing Yang, the managing member of the Debtor (collectively, the "Principal"). shall transfer $100,000 to the Firm's attorney-client trust account on or about June 1, 2022.

1683817.3 27086

1    This motion is based upon this notice of motion and motion, the Memorandum of Points

2    and Authorities and Declaration of Jianqing Yang appended hereto, the *Statement Regarding Cash*

3    *Collateral or Debtor in Possession Financing* filed pursuant to Local Bankruptcy Rule 4001-2(a),

4    and such other evidence as may be presented to the Court.

5    **PLEASE TAKE FURTHER NOTICE** that the Court will set a deadline for parties to

6    object to the relief sought.  If the Court sets a deadline for written oppositions, any party seeking to

7    object to the relief sought must, not later than that date file a written opposition with the Clerk of

8    the Court and serve copies of the opposition upon the Debtor's counsel and upon the Office of the

9    United States Trustee, 915 Wilshire Blvd., Suite 1850, Los Angeles, California 90017.  Failure to

10   file and serve oppositions as set forth above may be deemed consent to the relief sought in the

11   motion.  If you do not have any objection to the motion, you need not take any further action.

12

13   DATED:  June 1, 2022                         DANNING, GILL, ISRAEL & KRASNOFF, LLP

14

15                                               By:  _____*/s/ Zev Shechtman*_____

16                                                    ZEV SHECHTMAN
                                                     Proposed Attorneys for Jinzheng Group (USA)
17                                                   LLC

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## FACTUAL STATEMENT

### A.    Bankruptcy Background

On August 24, 2021 (the "Petition Date"), Jinzheng Group (USA) LLC (the "Debtor"), filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtor continues in possession of its property and is operating and managing its business as a debtor in possession pursuant to the provisions of 11 U.S.C. §§ 1107(a) and 1108.  No trustee or examiner has been appointed in the Debtor's Chapter 11 Case.

### B.    The Debtor's Former Counsel

From the Petition Date until on or about December 6, 2021, the Debtor was represented by the Law Offices of Donna Bullock ("Original Counsel").  On or about December 6, 2021, the Debtor filed its *Substitution of Attorney* (doc. no. 48), substituting Original Counsel with Shioda, Langley & Chang, LLP as its new general bankruptcy counsel ("Current Counsel").  Now, the Debtor seeks to substitute Current Counsel with Danning, Gill, Israel & Krasnoff, LLP ("Danning Gill" or the "Firm" ) as its general bankruptcy counsel, effective as of May 31, 2022.

### C.    Procedural Status

A continued hearing is currently set to be held on July 6, 2022 with respect to the Committee's motion to appoint a chapter 11 trustee.  A continued hearing on the disclosure statement and plan filed by the Debtor is also set for July 6, 2022.

Two state court lawsuits have been removed to this Bankruptcy Court, and are pending as adversary proceedings, one against Testa et al., Adv No. 2:22-ap-01088-ER, and the other against Betula Lenta, Inc. et al., Adv No. 2:22-ap-01090-ER.  There is also a pending contested matter pending with respect to the Debtor's objection to the Betula Lenta, Inc. proof of claim.

1  The Debtor has obtained orders for several Rule 2004 examinations of parties in this case

2  (doc. nos. 60, 72, 73).

3  **II.**

4  **APPLICATION FOR EMPLOYMENT**

5  **A.    The Proposed Retention of General Bankruptcy Counsel; Danning, Gill, Israel &**

6  **Krasnoff, LLP**

7  The Debtor requires general bankruptcy counsel to advise it generally concerning the

8  administration of the bankruptcy estate and to aid the Debtor in the prosecution of this chapter 11

9  case.  The Debtor has determined, in its business judgment, that it is appropriate to substitute in

10  Danning Gill as its new general bankruptcy counsel.  Among other things, the Debtor requires

11  counsel to:

12      a.    advise and assist the Debtor with respect to chapter 11 case requirements,

13  among other requirements, and to help the Debtors stay in compliance with the Bankruptcy Code,

14  the Federal Rules of Bankruptcy Procedure, the Court's Local Bankruptcy Rules, and the

15  Guidelines of the United States Trustee;

16      b.    advise and assist the Debtor regarding the legal issues relating to the sale of

17  certain assets, and assignment of certain liabilities, including the negotiation and preparation of any

18  asset purchase agreement relating to the same, and obtaining the Court's approval of any

19  agreement, subject to overbids;

20      c.    otherwise advise regarding the sale, use or lease of estate property and any

21  financing;

22      d.    assist the Debtor in the formulation, confirmation and implementation of a

23  chapter 11 plan;

24      e.    advise the Debtor with respect to any pending nonbankruptcy actions, to

25  address attendant creditor claims in the bankruptcy case, and to confer with the Debtor's

26  nonbankruptcy counsel, or any special litigation counsel, therein as appropriate, and assist special

27  litigation counsel who may be employed to handle any adversary proceeding;

28

f.    assist the Debtor in identifying, analyzing, protecting and/or obtaining possession of property of the estate, including, if appropriate, seeking the turnover of property of the estate;

g.    assist the Debtor with the abandonment or other disposition of property of the estate;

h.    review and pursue avoidable transfers, if any;

i.    analyze and review the validity of claims of alleged creditors and, if appropriate, object to those claims;

j.    assist with the employment and compensation processes for professionals;

k.    analyze the validity of all administrative expenses and, if appropriate, object to those expenses;

l.    assist the Debtor with the settlement and compromise of claims by or against the estate, or pertaining to matters relating to this case;

m.    coordinate with the other professionals employed by the Debtor, if any;

n.    communicate with other parties in interest including the U.S. Trustee and the Committee; and

o.    perform other general legal services to expeditiously administer the estate.

The Debtor proposes to retain Danning Gill, as its general bankruptcy counsel, effective as of May 31, 2022.  Danning Gill is experienced in debtor/creditor matters including, among other things, the representation of debtors, creditors, bankruptcy trustees and various interested parties who appear in bankruptcy cases.  Danning Gill is competent to perform the requisite legal services in this bankruptcy case.  Danning Gill's breadth of experience and length of service in the legal community is described in its firm resume, a copy of which is attached as Exhibit "1" to the Statement of Disinterestedness, filed with this motion and incorporated herein.

The lawyers affiliated with Danning Gill have practiced in bankruptcy courts for many years.  Danning Gill has handled virtually every type of matter arising in the context of a bankruptcy case.  Danning Gill has been retained as attorneys for debtors, creditors trustees, and other parties in interest in thousands of different bankruptcy cases.  Danning Gill and all the

1  lawyers affiliated with it who will work on this bankruptcy case are familiar with the Bankruptcy

2  Code, Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules.  Danning Gill will

3  comply with the Bankruptcy Code and all applicable Rules in this bankruptcy case.

4

5  **B.**    **Retainer, Procedures for Future Payments**

6         The Firm requires the Retainer of $100,000 as an advance against fees and costs to be

7  incurred by the Firm in the course of their representation of the Debtor.  The Retainer has or will be

8  provided by Zhao Pu Yang, as legal representative of Jianqing Yang, the managing member of the

9  Debtor (collectively, the "Principal"), subject to the Court's approval of the relief requested in this

10  motion.  Danning Gill will draw down on the Retainer in accordance with the *Guide to*

11  *Applications for Retainers, and Professionals and Insider Compensation* ("Fee Guide"),

12  promulgated by the Office of the United States Trustee, except that the retainer will be maintained

13  in the Firm's attorney-client trust account rather than a segregated trust account.

14         Danning Gill will charge for its services at an hourly rate measured in increments of tenths

15  of an hour.  It will also seek reimbursement of its expenses. Schedules of the Firm's current hourly

16  rates and current rates of reimbursement are attached as Exhibit "2" hereto.  The Firm will charge

17  the Debtor at 90% of its standard hourly rates.  The Firm's rates may change from time to time in

18  the future; the Firm keeps a schedule of its current rates on file with the Office of the United States

19  Trustee.

20         The Debtor proposes to compensate Danning Gill on the following basis, except as the

21  Court may otherwise determine and direct, after appropriate notice and hearing: Danning Gill will

22  apply to the Court under §§ 330 and 331 of the Bankruptcy Code for an allowance of fees and

23  reimbursable expenses not more often than every 120 days.  All applications of Danning Gill for

24  compensation will be heard upon notice to creditors and other parties-in-interest.  Danning Gill will

25  accept such fees and reimbursement for expenses as may be awarded by the Court.  Danning Gill

26  expects that its compensation will be based upon a combination of factors including, without

27  limitation, its customary fees charged to clients who pay Danning Gill monthly, as those fees are

28  adjusted from time to time, the experience and reputation of counsel, the time expended, the results

1  achieved, the novelty and difficulty of the tasks undertaken (including applicable time limitations)

2  and the preclusion from other employment caused by its work in this bankruptcy case.  The

3  Principal will be the source of the Retainer.  The source of future payments to the Firm after the

4  Retainer has been exhausted will be the Debtor's estate.

5

6  **C.    Disinterestedness of Danning Gill**

7         As of the date of this motion, to the best of the Debtor's knowledge and after consideration

8  of the disclosures in the attached Statement of Disinterestedness, Debtor believes that the Firm and

9  all of its partners and associates are disinterested persons as that term is defined in 11 U.S.C.

10 § 101(14), and neither the Firm nor any partners or associates of the Firm are connected with the

11 Debtor, its creditors, any other party in interest, its attorneys and accountants, or to this estate, and

12 has no relation to any bankruptcy judge presiding in this district, the Clerk of the Court or any

13 relation to the United States Trustee in this district, or any person employed at the Court or the

14 Office of the United States Trustee, nor does the Firm or its attorneys represent or hold an adverse

15 interest with respect to the Debtor, any creditor, or to this estate.  Although it submits that no

16 conflict or adverse intent results therefrom, Danning Gill has disclosed the following: (1) in the

17 past, the Firm has represented secured creditor BOBS, LLC in an unrelated matter and (2) the Firm

18 has represented various bankruptcy trustees, including members of the Firm who serve as

19 bankruptcy trustees.

20        There will be no written employment agreement between the Debtor and Danning Gill,

21 apart from this motion and the order entered upon this motion.  If the Court does not approve the

22 Firm's employment as requested in this motion, the Firm will not be obligated to provide services

23 to the Debtor.  The only source of payment of compensation for Danning Gill will be from the

24 Retainer and from the estate, as may be approved and ordered paid by the Court after notice and

25 hearing.

26

27

28

1

**III.**

2

**DEBTOR-IN-POSSESSION FINANCING**

3

**A.      The Principal's Loan**

4

The Principal has loaned the Debtor $100,000, without interest, for the purposes of

5

retaining Danning Gill (the "Loan").  The Loan is meant to constitute the Retainer, as defined in

6

this motion.  Under the terms of the Loan, the Principal has caused to be transferred $100,000 to

7

the Firm's attorney-client trust account on or about June 1, 2022, to be held in trust until the Court

8

approves the employment of the Firm.  If the Court does not approve of the Firm's employment,

9

the Firm will return the Retainer to the Principal.

10

The funds comprising the Loan shall be an unsecured loan from the Principal to the Debtor

11

with zero interest, and shall be treated with the same priority as a chapter 11 expense of

12

administration, except that it shall be subordinated to all other allowed chapter 11 expenses of

13

administration in the Debtor's case.  The Loan does not have any other terms or conditions.

14

15

**B.      The Debtor Should be Authorized to Obtain Unsecured Credit from the Principal**

16

**Pursuant to § 364**

17

Section 364 of the Bankruptcy Code gives bankruptcy courts the power to authorize

18

postpetition financing for chapter 11 debtors in possession.  See In re Defender Drug Stores, Inc.,

19

126 B.R. 76,  81 (Bankr. D. Ariz. 1991), aff'd, 145 B.R. 312 (9th Cir. BAP 1992).  If not in the

20

ordinary court of business, the court may authorize a debtor to obtain unsecured credit allowable as

21

an administrative expense.  In re Regensteiner Printing Co., 122 B.R. 323, 326 (Bankr. N.D. Ill.

22

1990).  Allowable administrative expenses include the "actual, necessary costs and expenses of

23

preserving the estate".  Id.; 11 U.S.C. § 503(b)(1)(A).

24

Here, the Principal has provided the Debtor with an interest-free, unsecured loan.

25

The Loan will satisfy the Firm's Retainer requirement, allowing the Firm to guide the Debtor

26

through its case.  The terms of the Loan are ideal from the Debtor's perspective.  Among other

27

things, the Loan is better than any unsecured commercial loan available in the market, which would

28

require payment of interest and possibly other terms and conditions which would impact the

Debtor.  None of those are present here.  The Loan will enable the Debtor to feasibly retain Danning Gill, a qualified law firm, to guide this case through the bankruptcy process.  Further, the terms of the Loan are such that it would not prejudice other holders of administrative expense claims or senior creditors.  Bankruptcy courts consistently defer to a debtor's business judgment on most business decisions, including the decision to borrow money, unless such decision is arbitrary and capricious.  See In re Trans World Airlines, Inc., 163 B.R. 964, 974 (Bankr. D. Del. 1994) (noting that an interim loan, receivables facility and asset-based facility were approved because they "reflect[ed] sound and prudent business judgment... [were] reasonable under the circumstances and in the best interests [of the Debtors] and its creditors").  One court has noted that "[m]ore exacting scrutiny [of a debtors' business decisions] would slow the administration of the Debtors' estate and increase its cost, interfere with the Bankruptcy Code's provision for private control of administration of the estate, and threaten the court's ability to control a case impartially." Richmond Leasing Co. v. Capital Bank. N.A., 762 F.2d 1303, 1311 (5th Cir. 1985).  Consistent with this authority and deference, the Court should authorize the Loan pursuant to 11 U.S.C. § 364(b).

## IV.

## CONCLUSION

For the foregoing reasons, the Debtor respectfully requests that the Court enter an order (1) authorizing the Debtor to employ Danning Gill as its general bankruptcy counsel, effective as of May 31, 2022, as an administrative expense in this bankruptcy estate, (2) approving the Loan, and (3) for such other and further relief as may be determined just and proper.

DATED:  June  1 , 2022                    JINZHENG GROUP (USA) LLC

By: _____

Zhao Pu Yang, as Attorney in Fact for
Jianqing Yang, Managing Member

## STATEMENT OF DISINTERESTEDNESS FOR EMPLOYMENT

## OF PROFESSIONAL PERSON UNDER F.R.B.P. 2014

1.      Name, address and telephone number of the professional ("the Professional") submitting this Statement:

Danning, Gill, Israel & Krasnoff, LLP
1901 Avenue of the Stars, Suite 450
Los Angeles, CA 90067-6006
T: 310-277-0077
F: 310-277-5735

Attached hereto as Exhibit "1" and incorporated by reference herein, is a copy of the resume for the Firm.

2.      The services to be rendered by the Professional in this case are (specify): See pages 7-8 of the motion.

3.      The terms and source of the proposed compensation and reimbursement of the Professional are (specify): See page 10, line 20 through page 11, line 4 in the within motion and page 3, line 11 through page 4, line 9 of the notice.  See Exhibit "2" for rates.

4.      The nature and terms of retainer (i.e., nonrefundable versus an advance against fees) held by the Professional are (specify):  Danning Gill has or will received $100,000 as a retainer paid by the Debtor's principal.  Danning Gill will draw down on the retainer in accordance with the *Guide to Applications for Retainers, and Professionals and Insider Compensation* ("Fee Guide"), promulgated by the Office of the United States Trustee, except that the retainer will be maintained in the Firm's attorney-client trust account rather than a segregated trust account.  Danning Gill will submit a monthly Professional Fee Statement each month until the retainer is exhausted.

5.      The investigation of disinterestedness made by the Professional prior to submitting this Statement consisted of (specify): Conflicts check

6.      The following is a complete description of all of the Professional's connections with the chapter 11 trustee, the debtor, principals of the Debtor, insiders, the Debtor's creditors, any other party or parties in interest, and their respective attorneys and accountants, or any person employed in the Office of the United States Trustee (specify, attaching extra pages as necessary):

(a)      Brad Krasnoff, attorney at Danning Gill, is a member of the panel of trustees for the Central District of California, and the Firm represents him in his capacity as a trustee in other cases unrelated to the Debtor.

(b)      Richard K. Diamond, a member of the firm, is a former member of the panel of trustees and remains a trustee in a number of cases, and the Firm represents him in his capacity as a trustee in other cases unrelated to the Debtor.

(c)      In the past, the Firm has represented secured creditor BOBS, LLC in an unrelated matter.

7.      The Professional is not a creditor, an equity security holder or an insider of the debtor, except as follows (specify, attaching extra pages as necessary):  None

8.      The Professional is not and was not an investment banker for any outstanding security of the Debtor.

9.      The Professional has not been within three (3) years before the date of the filing of the petition herein, an investment banker for a security of the Debtor, or an attorney for such an investment banker in connection with the offer, sale or issuance of any security of the Debtor.

10.     The Professional is not and was not, within two (2) years before the date of the filing of the petition herein, a director, officer or employee of the Debtor or of any investment banker for any security of the Debtor.

11.     The Professional neither holds nor represents any interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or any investment banker for any security of the Debtor, or for any other reason, except as follows (specify, attaching extra pages as necessary):  None

12.     Name, address and telephone number of the person signing this Statement on behalf of the Professional and the relationship of such person to the Professional (specify):

Zev Shechtman, Partner
Danning, Gill, Israel & Krasnoff, LLP
1901 Avenue of the Stars, Suite 450
Los Angeles, CA 90067-6006
T: 310-277-0077
F: 310-277-5735

13.     The Professional is not a relative or employee of the United States Trustee or a Bankruptcy Judge, except as follows (specify, attaching extra pages as necessary):

None

14.     Total number of attached pages of supporting documentation: 8

15.     After conducting or supervising the investigation described in Paragraph 5 above, I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct except that I declare that Paragraphs 6 through 11 are stated on information and belief.

Executed on June 1, 2022, at Los Angeles, California.

_____
*/s/ Zev Shechtman*
ZEV SHECHTMAN

## DECLARATION OF ZHAO PU YANG

I, Zhao Pu Yang, declare as follows:

1.      I am the Attorney in Fact for Jianqing Yang, Managing Member of Jinzheng Group (USA) LLC.  I am also the son of Jianqing Yang.

2.      Unless stated otherwise, all facts in this declaration are based upon my personal knowledge, my discussions with Debtor's former management, Debtor's counsel or my personal advisors or counsel, my review of documents and information concerning the Debtor's business, and/or my personal opinion based upon my experience and general knowledge about the Debtor.

3.      I am over the age of 18 and am authorized to submit this declaration on behalf of the Debtor.  If called to testify, I would testify to the matters set forth in this declaration.

4.      I submit my declaration in support of the Debtor's (1) Application of Debtor and Debtor-In-Possession to Employ Danning, Gill, Israel & Krasnoff, LLP as its General Bankruptcy Counsel; Statement of Disinterestedness; and (2) Motion To Approve Debtor-In-Possession Financing (the "Motion").

5.      I, on behalf of the Debtor, have executed a substitution of counsel for Danning, Gill, Israel & Krasnoff, LLP ("Danning Gill" or the "Firm" ) to enter the case as the Debtor's general bankruptcy counsel.

6.      I have loaned the Debtor $100,000, without interest, for the purposes of retaining Danning Gill as its general bankruptcy counsel (the "Loan").  I have agreed that the Loan is interest-free and will be treated with the same priority as a chapter 11 expense of administration, except that it will be subordinated to all other allowed chapter 11 expenses of administration.

7.      Based on my business judgment, I believe that the Loan is appropriate under the circumstances.  I do not believe that any commercial loan is available to the Debtor on better terms than no interest and no collateral, and with subordination to other allowed expenses of administration.

I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct.

Executed on June 1, 2022, at ___Glendale, California.___

By: _____
      ZHAO PU YANG

EXHIBIT 1

www.DanningGill.com

1901 AVENUE OF THE STARS, SUITE 450
LOS ANGELES, CALIFORNIA 90067-6006

(310) 277-0077 – TEL
(310) 277-5735 – FAX



## FIRM RESUME

Danning, Gill, Israel & Krasnoff, LLP (the "Firm") is a California limited liability partnership composed of several professional corporations, located in Los Angeles, California.  The Firm has been engaged in the practice of law with an emphasis on debtor-creditor relations, bankruptcy and reorganization matters since 1953.  Since 1981, its principal office has been located in Century City and is presently at 1901 Avenue of the Stars, Suite 450, Los Angeles, California 90067-6006.

Within its area of debtor-creditor specialization, the Firm operates in three areas, focusing on (1) creditors' rights and debtors' rights, including the representation of lessors, lessees, creditors and creditors' committees, the prosecution on creditors' behalf of relief from stay actions, actions to determine non-dischargeability of debts under the Bankruptcy Code, and matters involving executory contracts and leases, out of court workouts, reorganizations and the like, (2) debtors' estates, including representation of large Chapter 11 debtor estates, and (3) representation of chapter 7 and chapter 11 Trustees, State Court Receivers, assignees for the benefit of creditors and disbursing agents under chapter 11 plans or in out of court workouts.  Members of the Firm are qualified to and do serve as State Court appointed Receivers and as chapter 7 and operating chapter 11 Trustees in the United States Bankruptcy Court for the Central District of California and in the Superior Courts of the State of California.

The Firm has represented numerous banks, title insurance companies, and other financial institutions, as well as representing corporations, partnerships, professional corporations, limited liability companies and individuals in work-outs, reorganizations, and liquidations of real estate (hotels, apartment buildings, office buildings, shopping centers, residential property and undeveloped property), construction, wholesale, retail, food service, and law firms, among others.  Among other clients, the Firm has represented the City of Los Angeles, San Diego County Airport Authority, San Francisco Airport Authority, Time-Warner Entertainment Co. LP and its divisions and affiliates, including but not limited to Warner Bros. and Warner Home Video, and Turner Broadcasting System, Inc. and its divisions, affiliates and subsidiaries, in bankruptcy-related matters.  It has in the past represented several professional (medical and legal) firms in creditor workouts and reorganizations.

The Firm has represented many debtors in chapter 11 reorganization, including MMPI and its affiliates; it represented State Street Bank and Trust Company as a member of the Official Committee of Creditors Holding Unsecured

DANNING, GILL, ISRAEL & KRASNOFF, LLP

Claims in the Orange County Chapter 9 case; and it represented the City of Los Angeles in the Eastern Airlines, Pan American World Airways, Continental Airlines, Trans World Airlines (both cases), America West Airlines and Damson Oil Co. chapter 11 cases, which cases were pending in various bankruptcy courts across the United States, and San Francisco and San Diego airports in various bankruptcy related assignments.  The Firm has also represented the Creditors' Committees in the Maxicare, Watts Health and numerous other health care related reorganizations.  Attorneys at the firm have served as and represented bankruptcy or reorganization trustee or other fiduciaries in the matters of Oasis Petroleum, Producers Sales Organization and Financial Corporation of America, the parent of American Savings and Loan, Namvar, Medpartners, APX and Empire Land, each multi-million dollar bankruptcy court operations and/or liquidations. In addition, individual attorneys within the Firm have various areas of expertise, including qualification to serve as reorganization and liquidation counsel and administrators in all California bankruptcy, federal, district and state courts and out-of-court workouts; appellate matters; trustees' avoiding powers; and landlord/tenant relations with particular reference to those rights in bankruptcy.

The Firm has an on-going commitment to the advancement of the educational and professional skills of its members and is active in bar organizations involved in the bankruptcy and reorganization field, including the Financial Lawyers Conference, the Insolvency Committee of the Business Law Section of the California State Bar and the Los Angeles Bankruptcy Forum.

Biographical data with respect to each partner, of counsel, associate, staff attorney, fiduciary and paralegal assistant is contained in the following section.

## ATTORNEY BIOGRAPHIES

1.    Partners:

Eric P. Israel, a Professional Corporation.  Mr. Israel was admitted to the California bar in 1987.  His educational background is as follows:  He holds degrees from the University of California at Los Angeles (B.A., 1981) and Southwestern University (J.D., with honors, 1987).  Member, Southwestern University Law Review.  He is a member of the Financial Lawyers Conference, The California (Board Member), Los Angeles and Orange County Bankruptcy Forums, and the Los Angeles County (Commercial Law and Bankruptcy Section, Bankruptcy Committee), Los Angeles County Bar and American Bar Associations.  He has served as an editor of the California Bankruptcy Journal since 1998 and was special issue editor for the Special Trustee Issue (26 Cal. Bankr. J. vol. 26 (2002)); Mr. Israel currently serves as co-managing editor of the California Bankruptcy Journal.  He was the Chairman of the Commercial Law and Bankruptcy Section of the L.A. County Bar Association (2014-2015) and Chairman of its Bankruptcy Committee (2013-2015) (formerly its Vice-Chair,

DANNING, GILL, ISRAEL & KRASNOFF, LLP

Programs Chair and Secretary).  He is a certified mediator through the Straus Institute for Dispute Resolution of the Pepperdine University School of Law and has served on the panel of mediators for the Bankruptcy Courts for the Central District of California from the inception of the mediation program in 1995 to the present.  He has lectured and written on bankruptcy related matters.  He authored the articles:  (1) Debtors Beware: Exemption Planning in California Now Subject to Challenge, 32 Cal. Bankr. J. 317 (2021); (2) "Hints on Making the Most of Your Estate's Assets: Often Overlooked Methods to Maximize Equity", 26 Cal. Bankr. J. 199 (2002); and (3) "Of Racketeers, RICO, the Enterprise-Separateness Issue and Chicken Little: What's Really Falling?" 17 Sw. L. Rev. 565 (1988).

John N. Tedford, IV, a Professional Corporation.  Mr. Tedford was admitted to the California Bar in 1999.  His educational background is as follows: University of Southern California (B.S., 1996); University of Southern California School of Law (J.D., 1999).  Judicial Extern to the Honorable Kathleen P. March, Fall 1998 and Spring, 1999.  Relief Law Clerk to the Honorable Alan M. Ahart, Ellen Carroll and Kathleen P. March, 1999-2001.  Law Clerk to the Honorable Alan M. Ahart, 2001-2002.  He is admitted to practice in the Central District of California.  He is a member of the California State Bar Association, Financial Lawyers Conference and the Los Angeles Bankruptcy Forum.

Uzzi O. Raanan, a Professional Corporation.  Mr. Raanan was admitted to the California State Bar in 1992 and to the Washington, D. C. Bar in 1995.  His educational background is as follows: San Diego State University (B.A., 1988); University of the Pacific, McGeorge School of Law (J.D., 1992).  He is admitted to practice in the Central and Eastern Districts of California, and in the Ninth Circuit Court of Appeals.  He serves on the California Lawyers Association's Board of Representatives, past chair of the Business Law Section of the California Lawyers Association, Vice-Chair of Marketing & Outreach for the Business Law Section of the California State Bar, past Co-Chair of the Insolvency Law Committee of the California State Bar, past President of the Beverly Hills Bar Foundation, and a member of the Beverly Hills Bar Association Board of Governors, Financial Lawyers Conference and the Los Angeles Bankruptcy Forum.  Mr. Raanan represents creditors and debtors, creditor committees, as well as court-appointed receivers and bankruptcy trustees, with regard to insolvencies, bankruptcy pre-planning and filing, state and federal court litigation, and Commercial Law disputes.  He also specializes in handling appeals and a myriad of other issues arising in bankruptcy.  Mr. Raanan is fluent in Hebrew.

Brad D. Krasnoff, a Professional Corporation.  Mr. Krasnoff was admitted to the California Bar in 1986.  His educational background is as follows: University of California at Los Angeles (B.A., 1982, Magna Cum Laude; J.D., 1986, Phi Beta Kappa).  Extern, United States Attorney's Office, Civil Division, 1985.  He is a member of the California State Bar Association, the Financial Lawyers Conference, the Los Angeles Bankruptcy Forum and the National

DANNING, GILL, ISRAEL & KRASNOFF, LLP

Association of Bankruptcy Trustees.  Since 1997, he has served as a Chapter 7 Panel  Trustee appointed by the United States Trustee for the Central District of California.  He authored the article "Case Control?  Electing a Chapter 7 Trustee: The Trustee's Viewpoint", California Bankruptcy Journal, Vol. 26 (2002) 258. Mr. Krasnoff co-authored "Based on What? Trustee Compensation Scenarios under Section 326 of the Bankruptcy Code," 35 Cal. Bankr. J. 339 (2021).

Zev Shechtman, a Professional Corporation.  Mr. Shechtman was admitted to the California Bar in 2009.  He is admitted to practice in the Central District of California.  His educational background is as follows:  University of California at Santa Cruz (B.A., 2003); New York University (M.A., 2006); University of Southern California School of Law (J.D., 2009). While a law student at the University of Southern California, Mr. Shechtman served as Managing Editor of the Southern California Review of Law & Social Justice. Mr. Shechtman served as an extern for the Honorable Thomas B. Donovan of the United States Bankruptcy Court for the Central District of California in the Summer of 2007. Mr. Shechtman serves as 2021-2022 President of the Los Angeles Bankruptcy Forum, where he helped found the Diversity, Equity & Inclusion Committee for the organization.  Mr. Shechtman is a former chair of the Bankruptcy Section of the Beverly Hills Bar Association. Mr. Shechtman is an editorial board member of the California Bankruptcy Journal and the California Lawyers Association's Business Law News.

2.    Of Counsel:

Richard K. Diamond, a Professional Corporation.  Mr. Diamond was admitted to the California Bar in 1976.  His educational background is as follows: University of California, Berkeley (A.B. 1973); University of California, Los Angeles (J.D. 1976); Phi Beta Kappa; Order of the Coif.  He is a Fellow of the American College of Bankruptcy.  Mr. Diamond is a member of the Business Law Section of the State Bar of California and served as the chair of its Debtor/Creditor Relations and Bankruptcy Committee (1990 and 1991).  He is a past President of the Los Angeles Bankruptcy Forum.  He serves as a Chapter 7 Panel Trustee appointed by the United States Trustee for the Central District of California.  Mr. Diamond has specialized in reorganization and insolvency matters during the entire period of his practice.

George E. Schulman, a Professional Corporation.  Mr. Schulman was admitted to the California Bar in 1975.  He was admitted to the New York Bar in 1972.  His educational experience is as follows:  Queens College (B.A. 1968); New York University School of Law (J.D. 1971).  He is a member of the Los Angeles County, Beverly Hills, American and New York Bar Associations, and a member of the State Bar of California.  He is First Vice-Chair of the Antitrust and Trade Regulation Section of the Los  Angeles County Bar Association.  He is admitted to practice in all courts in California and New York, in the United States

DANNING, GILL, ISRAEL & KRASNOFF, LLP

District Courts for the Central, Northern, Southern and Eastern Districts of California, the United States Court of Appeals for the Second, Ninth and Tenth Circuits, and the United States Supreme Court.  He specializes in litigation, with a special emphasis on bankruptcy, insolvency and receivership.  He has served as a Federal Court receiver and has been appointed as a Chapter 11 and Chapter 7 trustee by the United States Trustee.

3.      <u>Associates</u>:

Aaron E. de Leest was admitted to the California Bar in 2001.  His educational background is as follows: Biola University (B.A., 1998); Southwestern University School of Law (J.D., 2001).  Judicial Extern to The Honorable Barry Russell, 2000.  He is admitted to practice in the United States Court of Appeals for the Ninth Circuit, and the United States District Court, Northern and Central Districts of California.  He is a member of the California State Bar Association, Los Angeles County Bar Association, Financial Lawyers Conference, Los Angeles Bankruptcy Forum, and the Beverly Hills Bar Association.

Michael G. D'Alba was admitted to the New Jersey State Bar in 2005 and to the California State Bar in 2009.  His educational background is as follows: Princeton University (A.B., 1998); Rutgers University School of Law (J.D., 2005).  He is admitted to practice in the Central District of California.  He is a member of the California State Bar Association, Financial Lawyers Conference and the Los Angeles Bankruptcy Forum.  Mr. D'Alba co-authored "Based on What? Trustee Compensation Scenarios under Section 326 of the Bankruptcy Code," 35 Cal. Bankr. J. 339 (2021).

Alphamorlai "Mo" Kebeh is a 2020 graduate of the University of California, Los Angeles, School of Law, where he served on the executive board of the Black Law Students Association and as a mentor for the school's Law Fellows Program. Prior to law school, Mo received his bachelor's degree in Legal Studies and Political Science from the University of Massachusetts, Amherst.  At the firm, Mo assists with the representation of debtors, creditors, and trustees in chapter 7 and chapter 11 cases.

Danielle R. Gabai is a 2021 graduate of USC Gould School of Law, where she received her Business Law Certificate and served as President of the Jewish Law Student Association. Prior to law school, Danielle received her B.A. in Business Administration, minor in Finance from the Interdisciplinary Center Herzliya (IDC) in Israel. At the Firm, Danielle assists with the representation of debtors, creditors, and trustees in chapter 7 and chapter 11 cases.

**DANNING, GILL, ISRAEL & KRASNOFF, LLP**

4.      Paralegals/Legal Assistants:

Aracelli P. Panta is a bankruptcy paralegal who received her Bachelor of Arts degree from the University of California at Los Angeles in 1992 and her paralegal certificate from the University of California at Los Angeles' Extension Program in 1994.

Danielle Krasnoff is a Bankruptcy Trustee Administrator who joined the Firm in 2015.  Ms. Krasnoff's experience has been in the legal and accounting fields for more than 30 years, including positions in Human Resources and Marketing.

EXHIBIT 2



## YEAR 2022 SCHEDULE OF
## RATES FOR PROFESSIONALS

| __INITIALS__ | __ATTORNEY NAME__ | __HOURLY<br>RATE__ |
|:---:|:---:|:---:|
| RKD | Richard K. Diamond | 750.00 |
| EPI | Eric P. Israel | 750.00 |
| BDK | Brad D. Krasnoff | 750.00 |
| GES | George E. Schulman | 725.00 |
| UOR | Uzzi O. Raanan | 695.00 |
| JNT | John N. Tedford, IV | 695.00 |
| ZS | Zev Shechtman | 595.00 |
| | | |
| AED | Aaron E. de Leest | 650.00 |
| MGD | Michael G. D'Alba | 595.00 |
| ALK | Alphamorlai L. Kebeh | 350.00 |
| DRG | Danielle R. Gabai | 335.00 |

### PARALEGALS/LEGAL ASSISTANTS/TRUSTEE ADMINISTRATORS

| | | |
|:---:|:---:|:---:|
| SP | Aracelli Panta | 275.00 |
| DTK | Danielle Krasnoff | 250.00 |

EXHIBIT 2



## 2022 RATES FOR REIMBURSEMENT OF EXPENSES

Reprographic Expense (Photocopy, Scan, Print) .........................................................$ .20 per page

Facsimile - Incoming .............................................................................................$ .20 per page

Facsimile - Outgoing.............................................................................................$1.00 per page

Mileage ......................................................IRS Rate for Business Use (currently 0.58.5 per mile)

Telephone...............................................................................................................Actual Cost

Postage ..................................................................................................................Actual Cost

Messengers.............................................................................................................Actual Cost

Overnight Mail........................................................................................................Actual Cost

On-line Computer Research.....................................................................................Actual Cost

Filing Fees..............................................................................................................Actual Cost

Deposition or Witness Fees .....................................................................................Actual Cost

Parking ...................................................................................................................Actual Cost

1683771.1  25136        **DANNING, GILL, ISRAEL & KRASNOFF, LLP**
**1901 AVENUE OF THE STARS, SUITE 450, LOS ANGELES, CA 90067-6006**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 1901 Avenue of the Stars, Suite 450, Los Angeles, CA 90067-6006.

A true and correct copy of the foregoing document entitled (*specify*):  NOTICE OF APPLICATION AND MOTION; APPLICATION OF DEBTOR AND DEBTOR-IN-POSSESSION TO EMPLOY DANNING, GILL, ISRAEL & KRASNOFF, LLP AS ITS GENERAL BANKRUPTCY COUNSEL; MOTION TO APPROVE DEBTOR-IN-POSSESSION FINANCING; AND STATEMENT OF DISINTERESTEDNESS  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On June 1, 2022  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2.  SERVED BY UNITED STATES MAIL**:  On June 1, 2022 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by causing to be placed a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 1, 2022 | Beverly Lew | /s/ Beverly Lew |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-3.1.PROOF.SERVICE**

ADDITIONAL SERVICE INFORMATION (if needed):

**1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

Donna C Bullock on behalf of Interested Party Donna Bullock Carrera
donnabullockcarrera@yahoo.com, donna.bullock@ymail.com

Steven P Chang on behalf of Interested Party Courtesy NEF
heidi@spclawoffice.com,
schang@spclawoffice.com,assistant1@spclawoffice.com,attorney@spclawoffice.com;g9806@notify.cincom
pass.com;changsr75251@notify.bestcase.com

Michael F Chekian on behalf of Creditor The Phalanx Group
mike@cheklaw.com, chekianmr84018@notify.bestcase.com

Michael F Chekian on behalf of Interested Party Chekian Law Office, Inc.
mike@cheklaw.com, chekianmr84018@notify.bestcase.com

Susan Titus Collins on behalf of Interested Party INTERESTED PARTY
scollins@counsel.lacounty.gov

Jeffrey W Dulberg on behalf of Creditor Committee OFFICIAL COMMITTEE OF UNSECURED
CREDITORS
jdulberg@pszjlaw.com

Oscar Estrada on behalf of Creditor LOS ANGELES COUNTY TREASURER AND TAX COLLECTOR
oestrada@ttc.lacounty.gov

Richard Girgado on behalf of Interested Party Courtesy NEF        rgirgado@counsel.lacounty.gov

M. Jonathan Hayes on behalf of Interested Party Courtesy NEF
jhayes@rhmfirm.com,
roksana@rhmfirm.com;matt@rhmfirm.com;rosario@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.co
m;david@rhmfirm.com;sloan@rhmfirm.com;boshra@rhmfirm.com;rosario@rhmfirm.com

Teddy M Kapur on behalf of Creditor Committee OFFICIAL COMMITTEE OF UNSECURED
CREDITORS
tkapur@pszjlaw.com, mdj@pszjlaw.com

Peter A Kim on behalf of Attorney LAW OFFICES OF PETER KIM
peter@pkimlaw.com, peterandrewkim@yahoo.com

Peter A Kim on behalf of Defendant Betula Lenta Inc        peter@pkimlaw.com,
peterandrewkim@yahoo.com

Peter A Kim on behalf of Defendant David Park        peter@pkimlaw.com, peterandrewkim@yahoo.com

Peter A Kim on behalf of Defendant Jonathan Pae        peter@pkimlaw.com, peterandrewkim@yahoo.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**

Christopher J Langley on behalf of Debtor JINZHENG GROUP (USA) LLC
chris@slclawoffice.com,
omar@slclawoffice.com;langleycr75251@notify.bestcase.com;ecf123@casedriver.com

Christopher J Langley on behalf of Plaintiff JINZHENG GROUP (USA) LLC
chris@slclawoffice.com,
omar@slclawoffice.com;langleycr75251@notify.bestcase.com;ecf123@casedriver.com

Benjamin R Levinson, ESQ on behalf of Creditor Michael E. Dorff and Shari L. Dorff
ben@benlevinsonlaw.com, courtney@benlevinsonlaw.com

Eric A Mitnick on behalf of Interested Party Courtesy NEF
MitnickLaw@aol.com, mitnicklaw@gmail.com

Giovanni Orantes on behalf of Other Professional Orantes Law Firm, P.C.
go@gobklaw.com, gorantes@orantes-
law.com,cmh@gobklaw.com,gobklaw@gmail.com,go@ecf.inforuptcy.com;orantesgr89122@notify.bestcase
.com

Donald W Reid on behalf of Interested Party INTERESTED PARTY
don@donreidlaw.com, ecf@donreidlaw.com

Matthew D. Resnik on behalf of Attorney Matthew Resnik
matt@rhmfirm.com,
roksana@rhmfirm.com;rosario@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.c
om;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.c
om

Matthew D. Resnik on behalf of Creditor Royalty Equity Lending, LLC/Bobs LLC
matt@rhmfirm.com,
roksana@rhmfirm.com;rosario@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.c
om;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.c
om

Matthew D. Resnik on behalf of Interested Party Courtesy NEF
matt@rhmfirm.com,
roksana@rhmfirm.com;rosario@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.c
om;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.c
om

Peter J Ryan on behalf of Defendant Testa Capital Group    ryan@floresryan.com,
schneider@floresryan.com

Peter J Ryan on behalf of Defendant Thomas L. Testa    ryan@floresryan.com,
schneider@floresryan.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    F 9013-3.1.PROOF.SERVICE

Allan D Sarver on behalf of Creditor Investment Management Company LLC        ADS@asarverlaw.com

Allan D Sarver on behalf of Interested Party Courtesy NEF          ADS@asarverlaw.com

Zev Shechtman on behalf of Interested Party INTERESTED PARTY
zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com

David Samuel Shevitz on behalf of Interested Party INTERESTED PARTY
david@shevitzlawfirm.com,
shevitzlawfirm@ecf.courtdrive.com;r48785@notify.bestcase.com;Jose@shevitzlawfirm.com

John N Tedford, IV on behalf of Interested Party INTERESTED PARTY
jtedford@DanningGill.com, danninggill@gmail.com;jtedford@ecf.inforuptcy.com

United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov

Hatty K Yip on behalf of U.S. Trustee United States Trustee (LA)
hatty.yip@usdoj.gov, hatty.k.yip@usdoj.gov

## 2.  <u>SERVED BY U.S. MAIL</u>

JINZHENG GROUP (USA) LLC          The Honorable Ernest M. Robles
1414 S Azusa Ave, Suite B-22          U.S. Bankruptcy Court
West Covina, CA 91791-4084          255 E. Temple Street, Suite 1560
                                                        Los Angeles, CA 90012

COMMITTEE OF CREDITORS HOLDING UNSECURED CLAIMS

Bentula Lenta, Inc.                 The Phalanx Group, Inc.           Testa Capital Group
David Park                          Anthony Rodriguez                620 Newport Center Dr., #1100
800 W. 6th Street, Suite 1250       424 E. 1st Street, Unit #10       Newport Beach, CA 92660
Los Angeles, CA 900171             Los Angeles, CA 90015

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                          **F 9013-3.1.PROOF.SERVICE**