ZEV SHECHTMAN (State Bar No. 266280)
*zs@DanningGill.com*
JOHN N. TEDFORD, IV (State Bar No. 205537)
*jtedford@DanningGill.com*
ALPHAMORLAI L. KEBEH (State Bar No. 336798)
*akebeh@DanningGill.com*
DANNING, GILL, ISRAEL & KRASNOFF, LLP
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067-6006
Telephone: (310) 277-0077
Facsimile: (310) 277-5735

Proposed Attorneys for Jinzheng Group (USA) LLC

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>JINZHENG GROUP (USA) LLC,<br><br>      Debtor and Debtor in Possession. | Case No. 2:21-bk-16674-ER<br><br>Chapter 11<br><br>**DEBTOR'S NOTICE OF APPLICATION AND APPLICATION TO EMPLOY ATKINSON, ANDELSON, LOYA, RUUD & ROMO AS SPECIAL LITIGATION COUNSEL; MOTION TO APPROVE DEBTOR-IN-POSSESSION FINANCING; AND STATEMENT OF DISINTERESTEDNESS**<br><br>Date:    July 6, 2022<br>Time:   10:00 a.m.<br>Crtrm.:  Courtroom 1568<br>          255 E. Temple Street<br>          Los Angeles, California 90012 |

TO THE HONORABLE ERNEST M. ROBLES, UNITED STATES BANKRUPTCY

JUDGE, AND INTERESTED PARTIES:

PLEASE TAKE NOTICE that Jinzheng Group (USA) LLC (the "Debtor"), hereby (1)

applies for entry of an order under 11 U.S.C. § 327(a) authorizing the Debtor to employ Atkinson,

Andelson, Loya, Ruud & Romo ("Atkinson" or "the Firm") as special litigation counsel, effective

as of June 14, 2022, and (2) moves for an order authorizing the Debtor to obtain an unsecured loan

1  from the Debtor's principal in the amount of the $80,000 loan to be paid to Atkinson as a

2  postpetition retainer ("Retainer"), which loan shall be repaid as a chapter 11 expense of

3  administration which will be subordinated to other allowed chapter 11 expenses of administration

4  (the "Motion").

5          To summarize, this motion seeks the following relief:

6                                              **I.**

7                          **APPLICATION FOR EMPLOYMENT**

8          In compliance with Local Bankruptcy Rule ("LBR") 2014-1(b)(3), the Debtor hereby

9  provides the following information regarding the application for employment:

10 **A.**     Identity of professional and the purpose and scope for which it is being employed

11         The Debtor seeks to employ Atkinson, Andelson, Loya, Ruud & Romo ("Atkinson" or "the

12 Firm") as its special litigation counsel.  Bios for the Atkinson attorneys who will be working on

13 this case are attached as Exhibit "1", in addition to the resume for Atkinson's lead attorney, Damian

14 J. Martinez.

15 **B.**     Whether professional seeks compensation pursuant to 11 U.S.C. § 328 or 11 U.S.C. § 330

16         The Debtor seeks to employ Atkinson pursuant to 11 U.S.C. § 327.  Atkinson will seek

17 approval of its compensation and reimbursement of its expenses pursuant to 11 U.S.C. §§ 330 and

18 331.

19 **C.**     Arrangements for Compensation

20         Atkinson will charge for its services at an hourly rate measured in increments of tenths of

21 an hour.  It will also seek reimbursement of its expenses.  The rates for the primary attorneys for

22 this matter will be as follows:  $500/hour for Damian J. Martinez, $430/hour for Michael Mauceri,

23 and $365/hour for Ivy Gao.

24         The Firm has or will received a retainer of $80,000 as an advance against fees and costs to

25 be incurred by the Firm in the course of their representation of the Debtor (the "Retainer").  The

26 Retainer is being provided as a loan to the Debtor from Zhao Pu Yang, as legal representative of

27 Jianqing Yang, the managing member of the Debtor (collectively, the "Principal").  The terms of

such loan are discussed below in the section addressing the Debtor's request for approval of debtor in possession financing.  The Debtor proposes to compensate Atkinson on the following basis, except as the Court may otherwise determine and direct, after appropriate notice and hearing:

First, with respect to the Retainer, Atkinson will draw down on the Retainer in accordance with the *Guide to Applications for Retainers, and Professionals and Insider Compensation* ("Fee Guide"), promulgated by the Office of the United States Trustee, except that the Retainer will be maintained in the Firm's attorney-client trust account rather than a segregated trust account. Atkinson will submit a monthly Professional Fee Statement each month until the Retainer is exhausted.

Second, Atkinson will apply to the Court under §§ 330 and 331 of the Bankruptcy Code for an allowance of fees and reimbursable expenses not more often than every 120 days.  All applications of Atkinson for compensation will be heard upon notice to creditors and other parties-in-interest.  Atkinson will accept such fees and reimbursement for expenses as may be awarded by the Court.  Atkinson expects that its compensation will be based upon a combination of factors including, without limitation, its customary fees charged to clients who pay Atkinson monthly, as those fees are adjusted from time to time, the experience and reputation of counsel, the time expended, the results achieved, the novelty and difficulty of the tasks undertaken (including applicable time limitations) and the preclusion from other employment caused by its work in this bankruptcy case.

The attorneys at Atkinson who will be principally responsible for performing the legal services on behalf of the Debtor are Damian J. Martinez, Michael C. Mauceri, and Ivy Gao. However, Atkinson has several additional attorneys. Depending upon the complexity and amount of legal services required in this case, other attorneys at Atkinson may be called upon to provide legal services.

As mentioned above, the Principal will be the source of the Retainer.  The source of future payments to the Firm after the Retainer has been exhausted will be the Debtor's estate.

**D.** <u>Name, address and telephone number of person who will provide a copy of the Application</u>

A copy of the Application is appended hereto.  Requests for copies may be made via email to Debtor's proposed counsel, Attn.: Zev Shechtman at Danning, Gill, Israel & Krasnoff, LLP, at Email: ZS@DanningGill.com.  The address for Debtor's proposed special litigation counsel is Atkinson, Andelson, Loya, Ruud & Romo, Attn: Damian J. Martinez, 201 South Lake Avenue, Suite 300, Pasadena, California 91101, and the telephone number is (626) 583-8600 .

## II.

## <u>DEBTOR IN POSSESSION FINANCING</u>

The Debtor's request to obtain unsecured credit is based on the grounds that the Debtor does not possess sufficient funds and cash flow to retain Atkinson as its special litigation counsel. The Principal is loaning the Debtor $80,000, without interest, for the purposes of retaining Atkinson (the "Loan").  Accordingly, the Debtor seeks authority from the Court to accept the Loan on the following terms:

| Material Term or Type of Provision | Summary of Provision(s) | Location in Loan Agreement and/or Loan Documents |
|---|---|---|
| Loan amount | $80,000 | N/A |
| Interest rate | 0% | N/A |
| Maturity date | Treated with the same priority as a chapter 11 administrative expense, but subordinated to all other allowed chapter 11 administrative expenses. | N/A |
| Events of default | N/A | N/A |
| Prepayment penalty | N/A | N/A |
| Loan fees | N/A | N/A |
| Grant of lien on property of the estate under § 364(c) or (d) | N/A | N/A |

1685041.1  27086

4

| Material Term or Type of Provision | Summary of Provision(s) | Location in Loan Agreement and/or Loan Documents |
|---|---|---|
| Provision of adequate protection or priority of a claim that arose prepetition | N/A | N/A |
| Validity of a claim or lien that arose prepetition | N/A | N/A |
| Waiver or modification of Code provisions or applicable rules relating to the automatic stay | N/A | N/A |
| Release, waiver or limitation on any claim or other cause of action belonging to the estate | N/A | N/A |

In accordance with Local Bankruptcy Rule 4001-2, a separate *Statement Regarding Cash Collateral or Debtor in Possession Financing* is being filed concurrently herewith.

This motion is based upon this notice of motion and motion, the Memorandum of Points and Authorities and Declaration of Zhao Pu Yang appended hereto, the *Statement Regarding Cash Collateral or Debtor in Possession Financing* filed pursuant to Local Bankruptcy Rule 4001-2(a), and such other evidence as may be presented to the Court.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 9013-1(f), any opposition or response to the Motion must be filed and served at least 14 days before the date of the hearing on the Motion. Pursuant to Local Bankruptcy Rule 9013-1(h), the Court may treat failure to timely file documents as consent to the relief requested in the Motion.

DATED:  June 15, 2022

DANNING, GILL, ISRAEL & KRASNOFF, LLP

By:    /s/ Alphamorlai L. Kebeh

ALPHAMORLAI L. KEBEH
Attorneys for Jinzheng Group (USA) LLC

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### I.

3

### FACTUAL STATEMENT

4

**A.    Bankruptcy Background**

5       On August 24, 2021 (the "Petition Date"), Jinzheng Group (USA) LLC ("Applicant", or, the

6  "Debtor"), filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The

7  Debtor continues in possession of its property and is operating and managing its business as a

8  debtor in possession pursuant to the provisions of 11 U.S.C. §§ 1107(a) and 1108.  No trustee or

9  examiner has been appointed in the Debtor's Chapter 11 Case.

10  **B.    The Debtor's Former Counsel**

11       From the Petition Date until on or about December 6, 2021, the Debtor was represented by

12  the Law Offices of Donna Bullock.  On or about December 6, 2021, the Debtor filed its *Substitution*

13  *of Attorney* (doc. no. 48), substituting original counsel with Shioda, Langley & Chang, LLP as its

14  new general bankruptcy counsel.  On our about June 1, 2022, the Debtor filed an application to

15  employ Danning, Gill, Israel & Krasnoff, LLP ("Danning Gill") as its general bankruptcy counsel,

16  effective as of May 31, 2022, and later filed a substitution of attorney for Danning Gill to represent

17  the Debtor as its general bankruptcy counsel in the main case.  A hearing on the application to

18  employ Danning Gill as general counsel is set for July 6, 2022.

19  **C.    Procedural Status**

20       A continued hearing is currently set to be held on July 6, 2022 with respect to the

21  Committee's motion to appoint a chapter 11 trustee.  A continued hearing on the disclosure

22  statement and plan filed by the Debtor is also set for July 6, 2022.  The Debtor believes that those

23  hearings will be vacated by stipulation.

24       Two state court lawsuits have been removed to this Bankruptcy Court, and are pending as

25  adversary proceedings, one against Testa et al., Adv No. 2:22-ap-01088-ER, and the other against

26  Betula Lenta, Inc. et al., Adv No. 2:22-ap-01090-ER.  There is also a pending contested matter

27  pending with respect to the Debtor's objection to the Betula Lenta, Inc. proof of claim.  The Debtor

28

1    has obtained orders for several Rule 2004 examinations of parties in this case (doc. nos. 60, 72, 73).

2    Collectively, these matters will be referenced herein as the "Litigation Matters."

3

4                                            **II.**

5                        **APPLICATION FOR EMPLOYMENT**

6    **A.    The Proposed Retention of Special Litigation Counsel; Atkinson, Andelson, Loya,**

7           **Ruud & Romo**

8           The Debtor requires special litigation counsel to advise and represent the Debtor with

9    respect to the Litigation Matters.  The Debtor has determined, in its business judgment, that it is

10   appropriate to retain Atkinson, Andelson, Loya, Ruud & Romo ("Atkinson" or "the Firm") as

11   special litigation counsel for this purpose.  Applicant believes that the employment of the Firms is

12   in the best interests of the estate and the creditors.  Applicant is informed and believes that

13   Atkinson is experienced in litigation and can assist the Applicant in litigating and resolving the

14   Litigation Matters.  The breadth of experience and length of service in the legal community

15   possessed by the primary attorneys for this matter is demonstrated in their biographies and the

16   resume of Damian J. Martinez, copies of which are attached as Exhibit "1" to the Statement of

17   Disinterestedness, filed with this motion and incorporated herein.  Under such circumstances, the

18   Applicant believes that the employment of Atkinson is prudent.  Atkinson is willing to represent

19   the Debtor and to accept employment upon the terms in this application, with such employment

20   subject to the approval of this Court.

21          Damian Martinez, Michael Mauceri, and Ivy Gao are well qualified to perform the requisite

22   legal services as special litigation counsel.  They are familiar with the rules regarding civil

23   procedure and evidence.  Among other significant litigation and trial experience that the attorneys

24   have, Damian Martinez was an Assistant United States Attorney in the Central District of

25   California prior to entering private practice.  Other associates at Atkinson may also work on this

26   matter under the supervision of Mr. Martinez.

27

28   1685041.1  27086                              8

## B.       **Arrangements for Compensation**

Atkinson requires a retainer of $80,000 as an advance against fees and costs to be incurred by Atkinson in the course of its representation of the Debtor (the "Retainer"). The Retainer has or will be provided by Zhao Pu Yang, as legal representative of Jianqing Yang, the managing member of the Debtor (collectively, the "Principal"), subject to the Court's approval of the relief requested in this motion. Atkinson will draw down on the Retainer in accordance with the *Guide to Applications for Retainers, and Professionals and Insider Compensation* ("Fee Guide"), promulgated by the Office of the United States Trustee, except that the Retainer will be maintained in Atkinson's attorney-client trust account rather than a segregated trust account.

Atkinson will charge for its services at an hourly rate measured in increments of tenths of an hour. It will also seek reimbursement of its expenses. The rates for the primary attorneys for this matter will be as follows: $500/hour for Damian J. Martinez, $430/hour for Michael Mauceri, and $365/hour for Ivy Gao. Atkinson's rates may change from time to time in the future.

The Debtor proposes to compensate Atkinson on the following basis, except as the Court may otherwise determine and direct, after appropriate notice and hearing: Atkinson will apply to the Court under §§ 330 and 331 of the Bankruptcy Code for an allowance of fees and reimbursable expenses not more often than every 120 days. All applications of Atkinson for compensation will be heard upon notice to creditors and other parties-in-interest. Atkinson will accept such fees and reimbursement for expenses as may be awarded by the Court. Atkinson expects that its compensation will be based upon a combination of factors including, without limitation, its customary fees charged to clients who pay Atkinson monthly, as those fees are adjusted from time to time, the experience and reputation of counsel, the time expended, the results achieved, the novelty and difficulty of the tasks undertaken (including applicable time limitations) and the preclusion from other employment caused by its work in this bankruptcy case. The Principal will be the source of the Retainer. The source of future payments to the Firm after the Retainer has been exhausted will be the Debtor's estate.

**C.    Disinterestedness of Atkinson**

As of the date of this motion, to the best of the Debtor's knowledge and after consideration of the disclosures in the attached Statement of Disinterestedness, Debtor believes that the Firm and all of its partners and associates are disinterested persons as that term is defined in 11 U.S.C. § 101(14), and neither the Firm nor any partners or associates of the Firm are connected with the Debtor, its creditors, any other party in interest, its attorneys and accountants, or to this estate, and has no relation to any bankruptcy judge presiding in this district, the Clerk of the Court or any relation to the United States Trustee in this district, or any person employed at the Court or the Office of the United States Trustee, nor does the Firm or its attorneys represent or hold an adverse interest with respect to the Debtor, any creditor, or to this estate.

There will be no written employment agreement between the Debtor and Atkinson, apart from this motion and the order entered upon this motion.  If the Court does not approve the Firm's employment as requested in this motion, the Firm will not be obligated to provide services to the Debtor.  The only source of payment of compensation for Atkinson will be from the Retainer and from the estate, as may be approved and ordered paid by the Court after notice and hearing.

**III.**

**DEBTOR-IN-POSSESSION FINANCING**

**A.    The Principal's Loan**

The Principal has loaned the Debtor $80,000, without interest, for the purposes of retaining Atkinson (the "Loan").  The Loan is meant to constitute the Retainer, as defined in this motion. Under the terms of the Loan, the Principal has caused to be transferred $80,000 to the Firm's attorney-client trust account to be held in trust until the Court approves the employment of the Firm. If the Court does not approve of the Firm's employment, the Firm will return the Retainer to the Principal.

The funds comprising the Loan shall be an unsecured loan from the Principal to the Debtor with zero interest, and shall be treated with the same priority as a chapter 11 expense of

1  administration, except that it shall be subordinated to all other allowed chapter 11 expenses of

2  administration in the Debtor's case.  The Loan does not have any other terms or conditions.

3  **B.**      **The Debtor Should be Authorized to Obtain Unsecured Credit from the Principal**

4           **Pursuant to § 364**

5       Section 364 of the Bankruptcy Code gives bankruptcy courts the power to authorize

6  postpetition financing for chapter 11 debtors in possession.  See <u>In re Defender Drug Stores, Inc.</u>,

7  126 B.R. 76,  81 (Bankr. D. Ariz. 1991), aff'd, 145 B.R. 312 (9th Cir. BAP 1992).  If not in the

8  ordinary court of business, the court may authorize a debtor to obtain unsecured credit allowable as

9  an administrative expense.  <u>In re Regensteiner Printing Co.</u>, 122 B.R. 323, 326 (Bankr. N.D. Ill.

10 1990).  Allowable administrative expenses include the "actual, necessary costs and expenses of

11 preserving the estate".  <u>Id.</u>; 11 U.S.C. § 503(b)(1)(A).

12      Here, the Principal has provided the Debtor with an interest-free, unsecured loan.  The Loan

13 will satisfy the Firm's Retainer requirement, allowing the Firm to guide the Debtor through the

14 Litigation Matters.  The terms of the Loan are ideal from the Debtor's perspective.  Among other

15 things, the Loan is better than any unsecured commercial loan available in the market, which would

16 require payment of interest and possibly other terms and conditions which would impact the Debtor

17 None of those are present here.  The Loan will enable the Debtor to feasibly retain Atkinson, a

18 qualified law firm, to guide this case through the Litigation Matters.  Further, the terms of the Loan

19 are such that it would not prejudice other holders of administrative expense claims or senior

20 creditors.  Bankruptcy courts consistently defer to a debtor's business judgment on most business

21 decisions, including the decision to borrow money, unless such decision is arbitrary and capricious.

22 See <u>In re Trans World Airlines, Inc.</u>, 163 B.R. 964, 974 (Bankr. D. Del. 1994) (noting that an interim

23 loan, receivables facility and asset-based facility were approved because they "reflect[ed] sound

24 and prudent business judgment... [were] reasonable under the circumstances and in the best

25 interests [of the Debtors] and its creditors").  One court has noted that "[m]ore exacting scrutiny [of

26 a debtors' business decisions] would slow the administration of the Debtors' estate and increase its

27 cost, interfere with the Bankruptcy Code's provision for private control of administration of the

28

1    estate, and threaten the court's ability to control a case impartially." Richmond Leasing Co. v.

2    Capital Bank. N.A., 762 F.2d 1303, 1311 (5th Cir. 1985). Consistent with this authority and

3    deference, the Court should authorize the Loan pursuant to 11 U.S.C. § 364(b).

4

5                                    IV.

6                              **CONCLUSION**

7        For the foregoing reasons, the Debtor respectfully requests that the Court enter an order

8    authorizing the Debtor to employ Atkinson as its general bankruptcy counsel, effective as of June

9    14, 2022, as an administrative expense in this bankruptcy estate.

10

11   DATED: June 15, 2022              JINZHENG GROUP (USA) LLC

12

13                              By:  YANG ZHHOPU
                                     _____
14                                   Zhao Pu Yang, as Attorney in Fact for
                                     Jianqing Yang, Managing Member
15

16

17

18

19

20

21

22

23

24

25

26

27

28   1685041.1  27086                        12

## STATEMENT OF DISINTERESTEDNESS FOR EMPLOYMENT
## OF PROFESSIONAL PERSON UNDER F.R.B.P. 2014

1.      Name, address and telephone number of the professional ("the Professional")
submitting this Statement:

> Atkinson, Andelson, Loya, Ruud & Romo
> 201 South Lake Avenue, Suite 300
> Pasadena, California 91101
> T: (626) 583-8600
> F: (626) 583-8610

Attached hereto as Exhibit "1" and incorporated by reference herein, are bios for the Atkinson attorneys who will be working on this case, in addition to the resume for Atkinson's lead attorney, Damian J. Martinez.

2.      The services to be rendered by the Professional in this case are (specify): See page 5 of the motion.

3.      The terms and source of the proposed compensation and reimbursement of the Professional are (specify): See page 3, lines 1 through 25 of the notice and page 8, lines 7 through 19 in the within motion.  The rates for the primary attorneys for this matter will be as follows: $500/hour for Damian J. Martinez, $430/hour for Michael Mauceri, and $365/hour for Ivy Gao.

4.      The nature and terms of retainer (i.e., nonrefundable versus an advance against fees) held by the Professional are (specify):  Atkinson has or will received $80,000 as a retainer paid by the Debtor's principal.  Atkinson will draw down on the retainer in accordance with the *Guide to Applications for Retainers, and Professionals and Insider Compensation* ("Fee Guide"), promulgated by the Office of the United States Trustee, except that the retainer will be maintained in the Firm's attorney-client trust account rather than a segregated trust account.  Atkinson will submit a monthly Professional Fee Statement each month until the retainer is exhausted.

5.      The investigation of disinterestedness made by the Professional prior to submitting this Statement consisted of (specify): Conflicts check

6.      The following is a complete description of all of the Professional's connections with the chapter 11 trustee, the debtor, principals of the Debtor, insiders, the Debtor's creditors, any

other party or parties in interest, and their respective attorneys and accountants, or any person employed in the Office of the United States Trustee (specify, attaching extra pages as necessary): None

7.     The Professional is not a creditor, an equity security holder or an insider of the debtor, except as follows (specify, attaching extra pages as necessary):  None

8.     The Professional is not and was not an investment banker for any outstanding security of the Debtor.

9.     The Professional has not been within three (3) years before the date of the filing of the petition herein, an investment banker for a security of the Debtor, or an attorney for such an investment banker in connection with the offer, sale or issuance of any security of the Debtor.

10.     The Professional is not and was not, within two (2) years before the date of the filing of the petition herein, a director, officer or employee of the Debtor or of any investment banker for any security of the Debtor.

11.     The Professional neither holds nor represents any interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or any investment banker for any security of the Debtor, or for any other reason, except as follows (specify, attaching extra pages as necessary):  None

12.     Name, address and telephone number of the person signing this Statement on behalf of the Professional and the relationship of such person to the Professional (specify):

Damian J. Martinez
Atkinson, Andelson, Loya, Ruud & Romo
201 South Lake Avenue, Suite 300
Pasadena, California 91101
T: (626) 583-8600
F: (626) 583-8610

13.     The Professional is not a relative or employee of the United States Trustee or a Bankruptcy Judge, except as follows (specify, attaching extra pages as necessary): None

14.     Total number of attached pages of supporting documentation: 8

1685041.1  27086

14

1    15.    After conducting or supervising the investigation described in Paragraph 5 above, I

2 declare under penalty of perjury under the laws of the United States of America, that the foregoing

3 is true and correct except that I declare that Paragraphs 6 through 11 are stated on information and

4 belief.

5    I declare under penalty of perjury under the laws of the United States that the foregoing is

6    true and correct.

7    Executed on June 15, 2022.

8

9

10    By:    _Damian J. Martinez_

11    DAMIAN J. MARTINEZ

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
1685041.1  27086

### DECLARATION OF ZHAO PU YANG

1.      I am the Attorney in Fact for Jianqing Yang, Managing Member of Jinzheng Group (USA) LLC.  I am also the son of Jianqing Yang.

2.      Unless stated otherwise, all facts in this declaration are based upon my personal knowledge, my discussions with Debtor's former management, Debtor's counsel or my personal advisors or counsel, my review of documents and information concerning the Debtor's business, and/or my personal opinion based upon my experience and general knowledge about the Debtor.

3.      I am over the age of 18 and am authorized to submit this declaration on behalf of the Debtor.  If called to testify, I would testify to the matters set forth in this declaration.

4.      I submit my declaration in support of the Debtor's (1) Application of Debtor and Debtor-In-Possession to Employ Atkinson, Andelson, Loya, Ruud & Romo as Special Litigation Counsel; (2) Motion To Approve Debtor-In-Possession Financing; and Statement of Disinterestedness (the "Motion").

5.      I have agreed to loan the Debtor $80,000, without interest, for the purposes of retaining Atkinson, Andelson, Loya, Ruud & Romo ("Atkinson") as its special litigation counsel (the "Loan").  I have agreed that the Loan is interest-free and will be treated with the same priority as a chapter 11 expense of administration, except that it will be subordinated to all other allowed chapter 11 expenses of administration.

6.      Based on my business judgment, I believe that the Loan is appropriate under the circumstances.  I do not believe that any commercial loan is available to the Debtor on better terms than no interest and no collateral, and with subordination to other allowed expenses of administration.

1685041.1  27086

16

7.      Based on my business judgment, I believe that it is appropriate to employ Atkinson Andelson, Loya, Ruud & Romo ("Atkinson" or "the Firm") as special litigation counsel to advise the Debtor as to the litigation matters in this case

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on June 15, 2022.

DATED:  June 15, 2022

_____

By:   YANG  ZHAOPU
       ZHAO PU YANG

1685041.1  27086

17

EXHIBIT 1



aalrr Atkinson, Andelson
Loya, Ruud & Romo
A Professional Law Corporation

## Damian J. Martinez

Partner
626-583-8600
Damian.Martinez@aalrr.com

Damian Martinez is an experienced litigator who has represented clients – ranging from large multi-national corporations to individual entrepreneurs. Mr. Martinez frequently represents corporate clients in complex litigation proceedings and internal investigations. He also regularly represents individuals subject to criminal investigation by the U.S. Department of Justice and the Los Angeles County District Attorney.

Mr. Martinez served as a federal prosecutor in Los Angeles from 2001 to 2006, where he tried multiple cases to verdict, handled appeals before the Ninth Circuit Court of Appeals, and conducted grand jury investigations. Prior to serving as a prosecutor, Mr. Martinez clerked for U.S. District Judge Carlos R. Moreno (Ret.) of the Central District of California.

### Honors & Recognitions

- Super Lawyers
- AV® Peer Rating from Martindale-Hubbell

### Representative Matters

Complex Litigation

- Represented a multinational corporation in a wrongful death trial. Following 12-days of trial, the jury returned a unanimous defense verdict in favor of Mr. Martinez's client. That verdict was ranked by Courtroom View Network as the third most impressive verdict of 2017.
- Served as lead attorney for a Fortune 100 company in a malpractice claim against a national law firm. The matter settled precomplaint

**OFFICE**

201 S. Lake Ave
Suite 300
Pasadena, CA 91101

**INDUSTRIES**

Construction

Entertainment & Media

Financial Services

Hospitality

International Shipping, Logistics & Distribution

Life Sciences & Health Care

Technology

**EDUCATION**

J.D., Columbia University School of Law (*Harlan Fiske Stone Scholar*)
B.A., University of California at Los Angeles (*Department Honors and Dean's List*)

**ADMISSIONS**

1999, California

**PRACTICE AREAS**

Administrative Hearings & Arbitrations

Alternative Dispute Resolution

**Atkinson, Andelson
Loya, Ruud & Romo**

A Professional Law Corporation

# Damian J. Martinez

on favorable terms.

- Represented the founders of a biotech startup in a "founder dispute" that successfully resolved before commencement of litigation.

- Represented a green energy startup in a JAMS arbitration that successfully resolved on terms favorable to the company.

- Represented a Los Angeles entrepreneur in a contract dispute. Successfully vacated a default judgment against his client and then filed counterclaims. After discovery closed, the case settled on favorable terms, with money being paid to the client.

Internal Investigations

- Conducted an internal investigation on behalf of a public company. During the investigation, interviewed over 15 witnesses in Spanish and reviewed Spanish-language communications. At the conclusion of the investigation, published findings to the senior officers of the company.

- Served as lead attorney for a high-tech startup in an internal investigation. At the conclusion of the investigation, made recommendations to the senior officers of the company on means to improve corporate policy.

Government Investigations

- Represented the senior most officer of a capacitor manufacturer in a price fixing investigation by the U.S. Department of Justice.

- Represented the general counsel of a telecom company in a qui tam action prosecuted civilly by the Manhattan U.S. Attorney's Office.

- Represented a public employee in a District Attorney investigation into grade inflation in public schools.

## Firm News

Five AALRR Attorneys Named 2021 Southern California Super Lawyers
02.02.2021

Business & Commercial Litigation

Class Action Defense

Real Estate Litigation

Trials

**LANGUAGES**

Spanish

Atkinson, Andelson
Loya, Ruud & Romo
A Professional Law Corporation

# Damian J. Martinez

## Blog Posts

Recent Amendment to California's Homestead Exemption May Make Recovery On Personal Monetary Judgments More Difficult
*Business Law Journal*, 04.02.2021

## Community & Professional

Mr. Martinez is a native of Los Angeles County and he is an active member of his community. He has served as a board member and board president of the Los Angeles Center for Law and Justice, an organization dedicated to providing legal representation to victims of domestic violence at no charge. He also serves as a member of the MALDEF scholarship committee.

**CV**

**Damian J. Martinez**

I graduated from Columbia University School of Law with honors in 1998.  After graduating, I became a member of the bar in January 1999 and I worked for two years at Irell & Manella LLP including on white collar matters.  From 2000-2001, I served as a law clerk to U.S. District Judge Carlos R. Moreno (ret.) in the Central District of California.

From 2001 to 2006, I served as an Assistant U.S. Attorney criminal division in the Central District of California.  As a prosecutor, I conducted investigations before the grand jury, handled wiretap investigations, tried multiple cases to verdict, and handled appeals before the Ninth Circuit Court of Appeals.  Since leaving the U.S. Attorney's Office, I have handled white collar matters, internal investigations, as well as complex civil cases.  The following is a summary of pertinent experience while in private practice.  Among my experiences, are four cases in which I represented clients in bankruptcy-related matters.

**White collar matters:**

- Represented general counsel of public and private companies in internal investigations, investigations by the Department of Justice, and in shareholder litigations.  Mr. Martinez represented a general counsel in a false claims act case brought by the Manhattan U.S. Attorney's Office.  Previously, Mr. Martinez represented a general counsel of a public homebuilder in a criminal case brought against the company's CEO for alleged stock options manipulation.

- Represented high-level corporate executives in investigations by the Department of Justice antitrust division.  Mr. Martinez represented the senior most executive of a manufacturer in a DOJ antitrust investigation and parallel civil action.

- **Bankruptcy related:**  Represented the senior most officer of a public mortgage originator in litigation brought by the Securities and Exchange Commission.  Also represented the officer in an investigation by the bankruptcy examiner and the U.S. Attorney's Office.

- Represented two officers of a national construction company subject of a public corruption investigation involving a large construction project at the U.S. border.  At the conclusion of an extensive investigation, no charges were brought against the two clients.

- Represented witnesses in an unfair competition action brought by the District Attorney's Office against a high-tech ride sharing company.

- Represented a key witness – who was originally named as a subject – in a major public corruption case against a Los Angeles area politician.

1

**Complex Civil Cases:**

- **Bankruptcy related:**  Lead attorney for a public electric vehicle company in a commercial lease dispute that involved parallel bankruptcy litigation against the public company's founder.  After extensive litigation in both bankruptcy and state courts, the action against the public company and its founder settled favorably through a bankruptcy court mediation.

- **Bankruptcy-related:**  Lead attorney representing the senior most officer of a lending division of a financial institution in federal action brought by the FDIC and by the bankruptcy trustee.

- **Bankruptcy-related:**  Lead attorney representing the founder of a well-known nonprofit in a breach of fiduciary duty case brought by the bankruptcy trustee.  Matter settled favorably.

- Lead attorney in a mass tort litigation against an international food producer in connection with the largest Hepatitis A outbreak in the western U.S.  Part of the case proceeded to trial and Mr. Martinez was lead attorney for the food producer.  The case resulted in a defense verdict for Mr. Martinez's client.



# Michael C. Mauceri

Associate
626-583-8600
michael.mauceri@aalrr.com

Michael Mauceri represents uniquely situated Fortune 500, international, and national companies in all aspects of complex commercial and class action litigation. He has extensive experience navigating procedural and regulatory frameworks to best position clients with businesses in a variety of industries, including financial and insurance services, entertainment, technology, manufacturing and retail. Leveraging this experience, Mr. Mauceri consistently obtains favorable results for his clients, including in actions involving securities violations and enforcement, fraud and contract disputes, regulatory class actions, labor and employment, D&O liability, as well as product design and warning defect.

Mr. Mauceri graduated from the University of North Carolina at Chapel Hill with a Bachelor of Arts in Political Science and Global Studies, and he earned his Juris Doctor at Emory University School of Law. While in law school, Mr. Mauceri was a member of the Emory Law Moot Court Society and interned for two of the largest district attorney's offices in the country — Brooklyn and Atlanta.

During his studies at the University of North Carolina, he worked with the United Nations in Geneva, Switzerland, in the Office of the Director-General, where he drafted briefs and speeches and represented the Office at UN General Assembly and World Trade Organization meetings, as well as at the 2011 UN Economic and Social Council.

**OFFICE**

201 S. Lake Ave
Suite 300
Pasadena, CA 91101

**INDUSTRIES**

Entertainment & Media

Financial Services

Manufacturing

Technology

**EDUCATION**

J.D., Emory University School of Law
B.A., University of North Carolina at Chapel Hill

**ADMISSIONS**

2016, California

**PRACTICE AREAS**

Business & Commercial Litigation

Class Action Defense

Investigations, Regulatory Enforcement and White Collar Defense

Labor & Employment Law

Litigation



**aalrr** Atkinson, Andelson
Loya, Ruud & Romo
A Professional Law Corporation

# Runmin (Ivy) Gao

Senior Associate
626-583-8600
Ivy.Gao@aalrr.com

Runmin (Ivy) Gao is a tenacious litigator who specializes in all types of complex commercial and business matters involving contract disputes, fraud, investment issues, corporate governance disputes, and the protection of trade secrets. She has obtained successful results for her clients in numerous court proceedings, mediations, arbitrations and trials. Using her experience in commercial litigation and her unique background as a native of China, and having studied PRC law in China, Ms. Gao provides advice to business entities especially on cross-border transactions and international contract negotiations. Ms. Gao began her legal career in Beijing, China, where she represented multinational financial institutions and corporations in transactional investment banking and finance matters.

During law school, Ms. Gao received the CALI Excellence for the Future Award for achieving the highest grade in Property Law. She served as an extern for Emerson Electric Co. at its global headquarters, assisting with international compliance issues and Chinese regulations. In her spare time, Ms. Gao enjoys writing Chinese calligraphy, playing the piano, and reading.

## Honors & Recognitions

- CALI Excellence for the Future Award, Property Law
- Distinguished Exchange Student, University of Oxford, Oriel College

**OFFICE**

201 S. Lake Ave
Suite 300
Pasadena, CA 91101

**INDUSTRIES**

Entertainment & Media

Financial Services

Technology

**EDUCATION**

J.D., Washington University in St. Louis School of Law

LL.M., Washington University in St. Louis School of Law

LL.B., China University of Political Science and Law

Exchange Student, University of Oxford, Oriel College

M.B.A., Westcliff University

**ADMISSIONS**

2016, California

U.S. District Courts, Central, Northern Districts of California

U.S. District Court, District of Colorado

www.aalrr.com

24

Atkinson, Andelson
Loya, Ruud & Romo
A Professional Law Corporation

# Runmin (Ivy) Gao

## Representative Matters

*Newstart Real Estate Inv. LLC v. Huang*, 37 Cal. App. 5th 159 (Ct. App. 2019).

## Blog Posts

Recent Amendment to California's Homestead Exemption May Make
Recovery On Personal Monetary Judgments More Difficult
*Business Law Journal*, 04.02.2021

## Community & Professional

- Volunteer, Southern California Chinese Lawyer Association Pro Bono Clinic
- Volunteer, Christian Legal Aid of Los Angeles Pro Bono Clinic

**PRACTICE AREAS**

Business & Commercial Litigation

Corporate, Finance &
Transactions

Real Property

**LANGUAGES**

Mandarin

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 1901 Avenue of the Stars, Suite 450, Los Angeles, CA 90067-6006.

A true and correct copy of the foregoing document entitled (*specify*):  DEBTOR'S NOTICE OF APPLICATION AND APPLICATION TO EMPLOY ATKINSON, ANDELSON, LOYA, RUUD & ROMO AS SPECIAL LITIGATION COUNSEL; MOTION TO APPROVE DEBTOR-IN-POSSESSION FINANCING; AND STATEMENT OF DISINTERESTEDNESS  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On June 15, 2022  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2.  SERVED BY UNITED STATES MAIL**:  On June 15, 2022 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by causing to be placed a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 15, 2022 | Beverly Lew | */s/ Beverly Lew* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

ADDITIONAL SERVICE INFORMATION (if needed):

## 1.  SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

Donna C Bullock on behalf of Interested Party Donna Bullock Carrera
donnabullockcarrera@yahoo.com, donna.bullock@ymail.com

Steven P Chang on behalf of Interested Party Courtesy NEF
heidi@spclawoffice.com,
schang@spclawoffice.com,assistant1@spclawoffice.com,attorney@spclawoffice.com;g9806@notify.cincompass.com;chang
sr75251@notify.bestcase.com

Michael F Chekian on behalf of Creditor The Phalanx Group
mike@cheklaw.com, chekianmr84018@notify.bestcase.com

Michael F Chekian on behalf of Interested Party Chekian Law Office, Inc.
mike@cheklaw.com, chekianmr84018@notify.bestcase.com

Heidi M Cheng on behalf of Plaintiff JINZHENG GROUP (USA) LLC
heidi@slclawoffice.com, assistant1@spclawoffice.com;schang@spclawoffice.com;chenghr75251@notify.bestcase.com

Susan Titus Collins on behalf of Interested Party INTERESTED PARTY        scollins@counsel.lacounty.gov

Jeffrey W Dulberg on behalf of Creditor Committee OFFICIAL COMMITTEE OF UNSECURED CREDITORS
jdulberg@pszjlaw.com

Oscar Estrada on behalf of Creditor LOS ANGELES COUNTY TREASURER AND TAX COLLECTOR
oestrada@ttc.lacounty.gov

Richard Girgado on behalf of Interested Party Courtesy NEF        rgirgado@counsel.lacounty.gov

M. Jonathan Hayes on behalf of Interested Party Courtesy NEF
jhayes@rhmfirm.com,
roksana@rhmfirm.com;matt@rhmfirm.com;rosario@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;david@rhmfirm.c
om;sloan@rhmfirm.com;boshra@rhmfirm.com;rosario@rhmfirm.com

Teddy M Kapur on behalf of Creditor Committee OFFICIAL COMMITTEE OF UNSECURED CREDITORS
tkapur@pszjlaw.com, mdj@pszjlaw.com

Alphamorlai Lamine Kebeh on behalf of Debtor JINZHENG GROUP (USA) LLC
akebeh@danninggill.com

Peter A Kim on behalf of Attorney LAW OFFICES OF PETER KIM
peter@pkimlaw.com, peterandrewkim@yahoo.com

Peter A Kim on behalf of Defendant Betula Lenta Inc        peter@pkimlaw.com, peterandrewkim@yahoo.com

Peter A Kim on behalf of Defendant David Park        peter@pkimlaw.com, peterandrewkim@yahoo.com

Peter A Kim on behalf of Defendant Jonathan Pae        peter@pkimlaw.com, peterandrewkim@yahoo.com

Christopher J Langley on behalf of Plaintiff JINZHENG GROUP (USA) LLC
chris@slclawoffice.com, omar@slclawoffice.com;langleycr75251@notify.bestcase.com;ecf123@casedriver.com

Benjamin R Levinson, ESQ on behalf of Creditor Michael E. Dorff and Shari L. Dorff
ben@benlevinsonlaw.com, courtney@benlevinsonlaw.com

Eric A Mitnick on behalf of Interested Party Courtesy NEF        MitnickLaw@aol.com, mitnicklaw@gmail.com

Giovanni Orantes on behalf of Other Professional Orantes Law Firm, P.C.
go@gobklaw.com, gorantes@orantes-
law.com,cmh@gobklaw.com,gobklaw@gmail.com,go@ecf.inforuptcy.com;orantesgr89122@notify.bestcase.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                    F 9013-3.1.PROOF.SERVICE

Donald W Reid on behalf of Interested Party INTERESTED PARTY
don@donreidlaw.com, ecf@donreidlaw.com

Matthew D. Resnik on behalf of Attorney Matthew Resnik
matt@rhmfirm.com,
roksana@rhmfirm.com;rosario@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfir
m.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com

Matthew D. Resnik on behalf of Creditor Royalty Equity Lending, LLC/Bobs LLC
matt@rhmfirm.com,
roksana@rhmfirm.com;rosario@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfir
m.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com

Matthew D. Resnik on behalf of Interested Party Courtesy NEF
matt@rhmfirm.com,
roksana@rhmfirm.com;rosario@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfir
m.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com

Peter J Ryan on behalf of Defendant Testa Capital Group    ryan@floresryan.com, schneider@floresryan.com

Peter J Ryan on behalf of Defendant Thomas L. Testa    ryan@floresryan.com, schneider@floresryan.com

Allan D Sarver on behalf of Creditor Investment Management Company LLC    ADS@asarverlaw.com

Allan D Sarver on behalf of Interested Party Courtesy NEF    ADS@asarverlaw.com

Zev Shechtman on behalf of Debtor JINZHENG GROUP (USA) LLC
zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com

Zev Shechtman on behalf of Interested Party INTERESTED PARTY
zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com

David Samuel Shevitz on behalf of Interested Party INTERESTED PARTY
david@shevitzlawfirm.com, shevitzlawfirm@ecf.courtdrive.com;r48785@notify.bestcase.com;Jose@shevitzlawfirm.com

John N Tedford, IV on behalf of Interested Party INTERESTED PARTY
jtedford@DanningGill.com, danninggill@gmail.com;jtedford@ecf.courtdrive.com

United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

Hatty K Yip on behalf of U.S. Trustee United States Trustee (LA)    hatty.yip@usdoj.gov, hatty.k.yip@usdoj.gov

## 2. **SERVED BY U.S. MAIL**

JINZHENG GROUP (USA) LLC          The Honorable Ernest M. Robles
1414 S Azusa Ave, Suite B-22          U.S. Bankruptcy Court
West Covina, CA 91791-4084          255 E. Temple Street, Suite 1560
                                                              Los Angeles, CA 90012


### COMMITTEE OF CREDITORS HOLDING UNSECURED CLAIMS

Bentula Lenta, Inc.                    The Phalanx Group, Inc.            Testa Capital Group
David Park                              Anthony Rodriguez                  620 Newport Center Dr., #1100
800 W. 6th Street, Suite 1250    424 E. 15th Street, Unit #10    Newport Beach, CA 92660
Los Angeles, CA 900171            Los Angeles, CA 90015

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                              **F 9013-3.1.PROOF.SERVICE**