Jeffrey W. Dulberg (State Bar No. 181200)
Robert M. Saunders (State Bar No. 226172)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: 310/277-6910
Facsimile:  310/201-0760
E-mail:   jdulberg@pszjlaw.com
              rsaunders@pszjlaw.com

Counsel to the Official Committee of
Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>JINZHENG GROUP (USA) LLC,<br><br>Debtor and Debtor in Possession. | Case No. 2:21-bk-16674-ER<br><br>Chapter 11<br><br>**LIMITED OPPOSITION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DEBTOR'S APPLICATIONS TO EMPLOY SUBSTITUTE GENERAL BANKRUPTCY COUNSEL AND SPECIAL LITIGATION COUNSEL EACH COMBINED WITH A MOTION TO APPROVE DEBTOR-IN-POSSESSION FINANCING**<br><br>[Relates to Docket Nos. 239, 240, 245, 248 and 249]<br><br>Date:       July 7, 2022<br>Time:       10:00 a.m.<br>Location:   U.S. Bankruptcy Court<br>            Courtroom 1568<br>            255 E. Temple St.<br>            Los Angeles, CA 90012<br>Judge:      Hon. Ernest M. Robles |

The Official Committee of Unsecured Creditors (the "Committee") of Jinzheng Group (USA) LLC, the above-captioned debtor and debtor in possession (the "Debtor"), hereby files this limited opposition (the "Opposition") to the Debtor's *Notice of Application and Motion; Application*

DOCS_LA:343952.7 46360/002

*to Employ Danning, Gill, Israel & Krasnoff, LLP as Its General Bankruptcy Counsel; Motion to Approve Debtor-in-Possession Financing*, filed June 1, 2022 [Docket No. 239] (the "Danning Gill Employment Application") and *Debtor's Notice of Application and Application to Employ Atkinson, Andelson, Loya, Ruud & Romo as Special Litigation Counsel; Motion to Approve Debtor-in-Possession Financing and Statement of Disinterestedness*, filed June 15, 2022 [Docket No. 248] (the "Atkinson Andelson Employment Application"), and respectfully states as follows:

# I.

## PRELIMINARY STATEMENT

This ought to have been a straightforward real estate refinancing or sale case; however, because it is controlled by an out-of-control individual, the estate has been dragged though no fewer than three chapter 11 counsel in the ten months since this case commenced.[1]

To facilitate yet another change in direction, the Debtor has now withdrawn the latest iteration of its proposed chapter 11 plan, which was drafted by its second bankruptcy counsel. In its stead, the Debtor is starting from scratch, this time purportedly embarking on a sale strategy with new insider-funded bankruptcy counsel. The cost of this new attempt is not projected and the financing requests do not include budgets. Nonetheless, nothing whatsoever is mentioned in the new employment applications about reducing or outright disallowing the fees incurred by the Langley Firm (immediately prior chapter 11 counsel) that were apparently incurred for naught.

The Debtor is also seeking to retain new separate litigation counsel, again to be funded by the insider's new money without any funds being made available to nondebtor professionals. Apparently, the Debtor believes it is appropriate to refuel unilaterally for its scorched-earth fight against Committee members. The Debtor seeks approval of new significant retainers provided by the insider through proposed new debtor-in-possession financing (which lacks a budget) that would add a new $180,000 layer of priority claims above general unsecured claims for the benefit of the insider. The new financing, however, would be used only to fund the Debtor's counsel, which the Committee fears may cause Debtor's counsel to be beholden to the insider as their sole source of payment if the

---

[1] Arguably, Danning Gill will be the *fourth* restructuring counsel because, as the Court will recall and the record reflects, the Debtor attempted to retain Marshack Hays prior to retaining Ms. Bullock.

2

case again fails, to the potential detriment of the Debtor's general unsecured creditors, the Committee, and its members.

To be clear, the Committee is not opposed to the retention of Danning Gill, Israel & Krasnoff, LLP ("Danning Gill"), which the Committee believes would be constructive; however, there is no need for their retention to be bolstered by a debtor-in-possession loan that would come ahead of the Committee's constituency.[2] Also, certainly, there is no need for new litigation counsel to continue the Debtor's war against Committee members, which has been the principal theme of this case to date, regardless of how Debtor's counsel are funded.

The Committee instead has proposed to the Debtor what it thinks is the best and simplest alternatives, as follows: (a) the Debtor could use the debtor-in-possession loan proceeds to pay the allowed fees and expenses of *all* case professionals and for Committee member expenses, fostering equality of treatment of the Debtor and Committee or (b) the insider could subordinate recovery upon the debtor-in-possession loan to allowed general unsecured claims, which would result in the loan having a neutral effect on general unsecured creditors rather than adding a significant layer of debt above them. Additionally, the Committee suggests that the Debtor endeavor to promptly settle the outstanding litigation with Committee members, rather than employ new insider-funded litigation counsel, which (as stated above) refuels the litigation and continues the Debtor's scorched-earth tactics. If either of these two proposals remain unacceptable to the Debtor and its controlling insider, the Committee must oppose the Debtor's employment applications/debtor-in-possession loan motions to the extent necessary.

## II.

## STATEMENT OF FACTS

On August 24, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtor continues in possession of its property and is operating and managing its business as a debtor in

---

[2] This proposed loan from the Debtor's insider is troubling and in stark contrast with the terms of Debtor's recently withdrawn plan providing for at least $4,000,000 of funding by the same insider to pay creditors' claims, including paying general unsecured claims in full with interest. Now that same insider seeks to be reimbursed prior to the unsecured creditor body and Debtor intends to file a liquidating plan.

3

possession pursuant to the provisions of Bankruptcy Code sections 1107(a) and 1108. No trustee or examiner has been appointed in the chapter 11 case (the "Case").

The Debtor initially was represented by attorney Donna Bullock as of the Petition Date; however, the Debtor did not seek an employment order for Ms. Bullock from this Court. On February 28, 2022, this Court entered its *Order Granting Disgorgement Motion* [Docket No. 134], ordering the disgorgement of certain funds received by Ms. Bullock, without prejudice to her filing a retention application.

Approximately three months after the Petition Date, on December 6, 2021, Shioda Langely & Chang LLP substituted as Debtor's attorneys for Donna Bullock [Docket No. 48]. Also on December 6, 2021, the Debtor filed its *Application to Employ Shioda Langley & Chang LLP as General Insolvency Counsel* [Docket No. 49], which was approved by order entered January 18, 2022 [Docket No. 81].

Approximately six months later, on June 1, 2022, the Debtor filed the Danning Gill Employment Application [Docket No. 239], which proposes a $100,000 insider-funded postpetition retainer, and two related documents each titled *Statement Regarding Cash Collateral or Debtor in Possession Financing* [Docket Nos. 240 and 249].[3] On June 3, 2022, Danning, Gill substituted for Shioda Langley & Chang LLP as Debtor's attorneys [Docket No. 244].

On June 15, 2022, the Debtor filed the Atkinson Andelson employment application [Docket No. 248], which proposes an $80,000 insider-funded postpetition retainer, but (as noted below) did *not* file a related *Statement Regarding Cash Collateral or Debtor in Possession Financing* as required by local Bankruptcy Rule 4001-2.

On January 25, 2022, the U.S. Trustee appointed the Committee to represent the interests of all unsecured creditors in this Case pursuant to section 1102 of the Bankruptcy Code. The members appointed to the Committee initially were: (i) Betula Lenta, Inc. ("Betula"); (ii) Pennington Construction Advisors, Inc. ("Pennington"); and (iii) The Phalanx Group, Inc. ("Phalanx"). *Notice of Appointment and Appointment of Committee of Creditors Holding Unsecured Claims* [Docket No.

---

[3] Both of the filed local Bankruptcy Rule 4001-2 statements were signed by two different Danning Gill attorneys; there is no 4001-2 statement on the docket is signed by an Atkinson, Adelson, Loya, Ruud & Romo attorney.

4

93]. On March 31, 2022, the U.S. Trustee amended the list of Committee members to include only Betula and Phalanx. *Amended Notice of Appointment of Committee of Creditors Holding Unsecured Claims* [Docket No. 178]. On May 18, 2022, this Court entered its *Order Denying Debtor's Motion to Disband Official Committee of Unsecured Creditors* [Docket No.227; *see* Docket Nos. 221-1 and 222]. On May 19, 2022, the U.S. Trustee again amended the list of Committee members to include Betula, Phalanx and Testa Capital Group. *Second Amended Notice of Appointment of Committee of Creditors Holding Unsecured Claims* [Docket No. 228].

The *Debtor's Combined Plan of Reorganization and Disclosure Statement Dated May 4, 2022* [Docket No. 204],[4] provided at its page 21:19-20 and 23-24, at section III.D(1)(c) and (f) and page 29:27, at section IV.F, for a minimum $4,000,000 capital contribution by Debtor's insider Jianqing Yang to fund such plan. It was withdrawn by order entered June 17, 2022 [Docket No. 253].

## III.

## ARGUMENT

Here, the proposed DIP financing by an insider would benefit only newly selected Debtor's counsel and force Committee members, as creditors, to defend themselves against a newly funded special litigation counsel. *See Order Denying Debtor's Motion to Disband Official Committee of Unsecured Creditors*, entered May 18, 2022 [Docket No.227; see Docket Nos. 221-1 and 222], and related filings.

As a bankruptcy court stated:

> [I]t appears to this Court that it appropriate to consider whether the retainer arrangement will have a chilling effect on the adversary system by unduly restricting the availability of funds to pay other professionals in the case, including counsel for the creditors' committee . . .

*In re Cottrell Int'l*, 2000 Bankr. LEXIS 1093, at *9 (Bankr. D. Colo. July 16, 2000) (citing *In re Ames Department Stores, Inc.*, 115 B.R. 34, 39 (Bankr. S.D.N.Y. 1990) ("[T]he arrangement would

---

[4] Such May 4, 2022 plan replaced the *Debtor's Combined Plan of Reorganization and Disclosure Statement Dated March 10, 2022*, filed March 14, 2022 [Docket No. 158], which also provided for funding by such insider of over $4,000,000. See its section III.D.1(c) and (f) at page 19:13-14 and 17:18 and section IV(f) page 27:13.

DOCS_LA:343952.7 46360/002

skew the conduct of the bankruptcy case, destroy the adversary process that contemplates representation by counsel and deprive the estate of possible rights and powers before the creditors' committee counsel would have reasonable time to examine whether the estate had viable claims.")). As a *Collier* treatise states: "Courts typically will not allow the secured lender [here, the insider] . . . to preclude payment of reasonable professional fees for the . . . creditors' committee." *Collier Comp. Employ & Appoint of Trustees & Profs* ¶ 2.07[2] (2021).

Further, the Debtor has not met its burden to establish that the proposed terms and conditions of its employment are reasonable. *In re Dividend Dev. Corp.*, 145 B.R. 651, 656 (Bankr. C.D. Cal. 1992) ("'The burden to establish that the proposed terms and conditions of professional employment in a bankruptcy are reasonable is on the moving party.'") (quoting *In re NBI, Inc.*, 129 B.R. 212, 219 (Bankr. D. Colo. 1991)). The Debtor has failed to meet its burden because (among other things) it has "failed to demonstrate that the case was unusually large or of sufficient complexity to impose an undue hardship on [such] professional." *In re Genline Group*, 167 B.R. 449 (Bankr. N.D. Ohio 1994) (describing holding in *In re Cal-Inland, Inc.*, 124 B.R. 551 (Bankr. D. Minn. 1991)).

In particular, the proposed financing scheme will make its proposed substitute lawyers beholden to the funding insider, in violation of the disinterestedness and lack of conflict requirements of Bankruptcy Code sections 327(a) and 328(c). *See Ames*, 115 B.R. at 38 ("a proposed financing will not be approved where it is apparent that the purpose of the financing is to benefit a creditor [here, an insider equity holder] rather than the estate."). In fact, Danning Gill's and Atkinson Andelson's disclosures are insufficient because the firm failed to disclose any "relationship of the insider to counsel," so that "the court is able to determine, with full knowledge, whether a potential or actual conflict exists." *In re Lotus Properties L.P.*, 200 B.R. 388, 395 (Bankr. C.D. Cal. 1996).

Additionally, as required by local Bankruptcy Rule 4001-2, as implemented through form F 4001-2.STMT.FINANCE, Danning Gill failed to disclose:

> With a professional fee carve out,[5] disparate treatment for professionals retained by a creditors committee from that provided for the professionals retained by the debtor

---

[5] Retainers are a form of carveout or early payment. Craig B. Cooper, *The Priority of Postpetition Retainers, Carve-Outs, and Interim Compensation Under the Bankruptcy Code*, 15 Cardozo L. Rev. 2337, 2360 (1994) ("the difference

6

by twice—in Docket Nos. 240 and 249—*not* checking the relevant checkbox on such form F 4001-2.STMT.FINANCE and adding a voluntary statement that "none of the below disclosures are applicable." Docket Nos. 240 at 1 (under Secured party(ies):") and 2 (under "Additional Disclosures Required by LBR 4001-2") and Docket No, 249 at 1 (under "Secured Party(ies):") and 2 (under "Additional Disclosures Required by LBR 4001-2").[6] Also, as noted above, Atkinson Andelson did not make any 4001-2 disclosures (it did not sign a filed form F 4001-2.STMT.FINANCE).

Additionally, as stated above, the proposed retention of prefunded special litigation counsel to continue the Debtor's war of attrition with the Committee members qua creditors in order to destroy the Committee by one means (disbandment) or the other (eliminate members) will continue to delay this case to the detriment of this Court and all creditors for the benefit of insider equity. *Cf.* Bankr. C.D. Cal. R. 2091-1(e)(2) ("Unless good cause is shown and the ends of justice require, no substitution or withdrawal will be allowed that will cause unreasonable delay in prosecution of the case or proceeding to completion."). Furthermore, while prior counsel was unable to effectively run this chapter 11 case, they appear to have handled the litigation matters well enough that there is no legitimate reason to replace them in their litigation capacity.

Therefore, as the Committee proposed to the Debtor prior to filing this Opposition and as restated above in this Opposition, either (a) the proposed retainer amounts should be shared by all retained professionals in this Case, as well as for payment of Committee member expenses[7] or, in the alternative, (b) the insider's claim for the proposed debtor-in-possession loan should be subordinated to general unsecured creditors so that it benefits such creditors as well as the Debtor and the insider.

---

between a retainer, carve-out, and an early payment is insignificant; they are all interim payments not subject to recall for economic reasons.").

[6] Both of the "Statement Regarding Cash Collateral or Debtor in Possession Financing" (in Docket Nos. 240 and 249] are those of Danning Gill. Proposed Litigation counsel did not provide such form on the docket.

[7] *See* Richard B. Levin, *Almost All You Ever Wanted to Know About Carve Out*, 76 Am. Bankr. L.J. 445, 449 (2002) (citing case law requiring equal treatment of administrative expense claimants where secured creditor was willing to permit debtor's counsel to be paid from cash collateral).

7

DOCS_LA:343952.7 46360/002

**IV.**

**<u>CONCLUSION</u>**

For the reasons set forth herein, the Committee respectfully requests that the Court deny the Danning Gill Employment Application and Atkinson Andelson Employment Application.

Dated:   June 24, 2022                                   PACHULSKI STANG ZIEHL & JONES LLP

By   /s/ *Jeffrey W. Dulberg*
       Jeffrey W. Dulberg

       Counsel to the Official Committee of
       Unsecured Creditors

DOCS_LA:343952.7 46360/002

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, CA  90067**

A true and correct copy of the foregoing document entitled (*specify*):  **LIMITED OPPOSITION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DEBTOR'S APPLICATIONS TO EMPLOY SUBSTITUTE GENERAL BANKRUPTCY COUNSEL AND SPECIAL LITIGATION COUNSEL EACH COMBINED WITH A MOTION TO APPROVE DEBTOR-IN-POSSESSION FINANCING** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On (*date*) **June 24, 2022,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **June 24, 2022,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

JINZHENG GROUP (USA) LLC  
1414 S. Azusa Avenue, Suite B-22  
West Covina, CA  91791

Michael Douglas Carlin  
Post Office Box 67132  
Los Angeles, CA 90067

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **June 24, 2022,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA FEDERAL EXPRESS**  
United States Bankruptcy Court  
Central District of California  
Attn:  Hon. Ernest Robles  
Edward R. Roybal Federal Bldg./Courthouse  
255 East Temple Street, Suite 1560  
Los Angeles, CA  90012

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 24, 2022 | Mary de Leon | /s/ *Mary de Leon* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

DOCS_LA:344158.1 46360/002

**SERVICE INFORMATION FOR CASE NO. 2:21-bk-16674-ER**

1. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>

- **Donna C Bullock**  donnabullockcarrera@yahoo.com, donna.bullock@ymail.com
- **Steven P Chang**  heidi@spclawoffice.com, schang@spclawoffice.com,assistant1@spclawoffice.com,attorney@spclawoffice.com;g9806@notify.cincompass.com;changsr75251@notify.bestcase.com
- **Michael F Chekian**  mike@cheklaw.com, chekianmr84018@notify.bestcase.com
- **Heidi M Cheng**  heidi@slclawoffice.com, assistant1@spclawoffice.com;schang@spclawoffice.com;chenghr75251@notify.bestcase.com
- **Susan Titus Collins**  scollins@counsel.lacounty.gov
- **Jeffrey W Dulberg**  jdulberg@pszjlaw.com
- **Oscar Estrada**  oestrada@ttc.lacounty.gov
- **Richard Girgado**  rgirgado@counsel.lacounty.gov
- **M. Jonathan Hayes**  jhayes@rhmfirm.com, roksana@rhmfirm.com;matt@rhmfirm.com;rosario@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com;boshra@rhmfirm.com;rosario@rhmfirm.com
- **Teddy M Kapur**  tkapur@pszjlaw.com, mdj@pszjlaw.com
- **Alphamorlai Lamine Kebeh**  akebeh@danninggill.com
- **Peter A Kim**  peter@pkimlaw.com, peterandrewkim@yahoo.com
- **Christopher J Langley**  chris@slclawoffice.com, omar@slclawoffice.com;langleycr75251@notify.bestcase.com;ecf123@casedriver.com
- **Benjamin R Levinson**  ben@benlevinsonlaw.com, courtney@benlevinsonlaw.com
- **Eric A Mitnick**  MitnickLaw@aol.com, mitnicklaw@gmail.com
- **Giovanni Orantes**  go@gobklaw.com, gorantes@orantes-law.com,cmh@gobklaw.com,gobklaw@gmail.com,go@ecf.inforuptcy.com;orantesgr89122@notify.bestcase.com
- **Donald W Reid**  don@donreidlaw.com, ecf@donreidlaw.com
- **Matthew D. Resnik**  matt@rhmfirm.com, roksana@rhmfirm.com;rosario@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com
- **Peter J Ryan**  ryan@floresryan.com, schneider@floresryan.com
- **Allan D Sarver**  ADS@asarverlaw.com
- **Zev Shechtman**  zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com
- **David Samuel Shevitz**  david@shevitzlawfirm.com, shevitzlawfirm@ecf.courtdrive.com;r48785@notify.bestcase.com;Jose@shevitzlawfirm.com
- **John N Tedford**  jtedford@DanningGill.com, danninggill@gmail.com;jtedford@ecf.courtdrive.com
- **United States Trustee (LA)**  ustpregion16.la.ecf@usdoj.gov
- **Hatty K Yip**  hatty.yip@usdoj.gov, hatty.k.yip@usdoj.gov

2. <u>**TO BE SERVED BY EMAIL**</u>

- Gene H. Shioda – ghs@slclawoffice.com
- Steven P. Chang – schang@slclawoffice.com
- Donald W. Reid – don@donreidlaw.com
- Damian J. Martinez - damian.martinez@aalrr.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                      **F 9013-3.1.PROOF.SERVICE**

DOCS_LA:344158.1 46360/002