PETER C. ANDERSON
UNITED STATES TRUSTEE
JILL M. STURTEVANT, State Bar No. 089395
ASSISTANT UNITED STATES TRUSTEE
HATTY YIP, State Bar No. 246487
TRIAL ATTORNEY
OFFICE OF THE UNITED STATES TRUSTEE
915 Wilshire Blvd, Suite 1850
Los Angeles, California 90017
(213) 894-1507 telephone
(213) 894-2603 facsimile
Email: hatty.yip@usdoj.gov

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>**JINZHENG GROUP (USA) LLC**,<br><br>Debtor(s). | Case No.: 2:21-bk-16674-ER<br><br>Chapter 11<br><br>**OPPOSITION OF UNITED STATES TRUSTEE TO APPLICATION FOR ORDER ALLOWING ATTORNEY FEES AND COSTS AS ADMINISTRATIVE EXPENSE TO MEMBER OF UNSECURED CREDITORS COMMITTEE PURSUANT TO 11 USC SECTION 503(b)(3)(D,F) AND REQUEST FOR HEARING**<br><br>Hearing Date: TO BE SET<br>Time             TO BE SET<br>Place           Courtroom 1568<br>                    255 E. Temple St.<br>                    Los Angeles, CA 90012 |

THE UNITED STATES TRUSTEE (hereinafter "U.S. Trustee") hereby submits the following Opposition of United States Trustee to Application for Order Allowing Attorney Fees and Costs as Administrative Expense to Member of Unsecured Creditors Committee pursuant to 11 USC Section 503(b)(3)(D,F) and Request for Hearing (hereinafter "Opposition"):

**I.      INTRODUCTION**

Michael Chekian ("Movant") seeks to be paid for his attorney fees as an administrative claim for his representation of The Phalanx Group which is a member of the creditors' committee

- 1 -

appointed by the U.S. Trustee. However, 11 U.S.C. § 503(b) does not allow for payments of an individual creditor's attorney to represent the individual creditor in committee matters as an administrative expense, especially when there is already competent and experienced committee counsel in place. Therefore, the Court should deny Movant's Application for Order Allowing Attorney Fees and Costs as Administrative Expense to Member of Unsecured Creditors Committee pursuant to 11 USC Section 503(b)(3)(D,F) ("Motion").

## II. **MOVANT IS NOT ENTITLED TO AN ADMINISTRATIVE CLAIM UNDER 11 U.S.C. § 503(b)(3).**

Movant, an attorney for unsecured creditor The Phalanx Group, requests attorney fees in the amount of $4,207.50 for attending committee meetings, attending hearings on claim objections, reviewing the Debtor's plan and disclosure statement, among other things.

11 U.S.C. § 503(b)(3)(D) states that after notice and a hearing, there shall be allowed, administrative expense, including "the actual, necessary expenses, other than compensation and reimbursement specified in paragraph 4 of this subsection, incurred by—(A) a creditor that files a petition under section 303 of this title; (B) a creditor that recovers, after the court's approval, for the benefit of the estate any property transferred or concealed by the debtor; (C) a creditor in connection with the prosecution of a criminal offense relating to the case or to the business or property of the debtor; (D) a creditor, an indenture trustee, an equity security holder, or a committee representing creditors or equity security holders other than a committee appointed under section 1102 of this title, in making a substantial contribution in a case under chapter 9 or 11 of this title…(F) a member of a committee appointed under section 1102 of this title, if such expenses are incurred in the performance of the duties of such committee." 11 U.S.C. § 503(b)(4) includes: "reasonable compensation for professional services rendered by an attorney or an accountant of an entity whose expense is allowable under subparagraph (A), (B), (C), (D), or (E) of paragraph 3 of this subsection, based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under this title, and reimbursement for actual, necessary expenses incurred by such attorney or accountant."

Movant is an attorney who represents a creditor/member of the unsecured creditor's committee appointed under § 1102. As such, Movant does not qualify under 11 U.S.C. § 503(b)(3)(A), (B), (C), (D), or (E). While Movant argues that the creditor somehow made a substantial contribution to the bankruptcy plan under 11 U.S.C. § 503(b)(3)(D), Movant's client has done nothing more than serve as a member of the creditor's committee and participate in discussions related to the plan. First, no disclosure statement or plan has been approved in this case, so stating that substantial contribution has been made to a plan is premature. Second, the committee has competent bankruptcy counsel, Pachulski Stang Ziehl & Jones LLP, whose employment has been approved by the Court. Allowing every committee member to be reimbursed for attorney fees where the attorney is representing the individual creditor (and not the interests of all unsecured creditors) is not the intent of § 503(b)(3) and would led to duplicate attorney fees expenses. Third, all of the tasks listed involve Movant's representation of his own client—The Phalanx Group—and not the interests of the entire body of unsecured creditors.

Under 11 U.S.C. § 503(b)(3)(F), an administrative expense may be allowed if a member of a committee appointed under section 1102 incurs expenses in the performance of the duties of such committee. However, § 503(b)(3)(F) only allows for reimbursements of expenses and not professional fees. "The House Report accompanying the Reform Act clearly indicates that § 503(b)(3)(F) was enacted to permit committee members to receive court-approved reimbursement of their actual and necessary out-of-pocket expenses. It does not allow the payment of compensation for services rendered by or to committee members." *In re County of Orange*, 179 B.R. 195, 201 (Bankr. C.D. Cal. 1995).

The plain language of section 503(b)(4) specifically excludes reasonable professional fees rendered by an attorney whose expense is allowed under subsection (F) of paragraph (3). In *In re Worldwide Direct, Inc.*, 334 B.R. 112, 127 (Bankr. Del. 2005), the Delaware bankruptcy court found that services rendered by an individual creditor's attorney is not allowable as an administrative claim because there was already competent and experienced counsel for the unsecured creditor's committee ("There was, therefore, no reason for WTC to act as anything more than a member of the Committee; it could rely on counsel for the Committee to represent

adequately the interests of all creditors."). In *In re Firstplus Financial, Inc.*, 254 B.R. 888, 895 (Bankr. N.D. Texas 2000), the Texas bankruptcy court firmly held that Sec. 503(b)(3)(F) was not added to the Code to award such attorney fees to individual creditors as creditors' committee expenses. The court reasoned that: "allowing attorneys of individual creditors to receive fees and expenses out of the estate conflicts with traditional bankruptcy and trust law because it allows individual creditors who serve on a creditors' committee to financially burden the debtor's estate in order to pay for an individually engaged attorney…who will, inevitably, have a conflict of interest with the Committee Counsel. Such a result not only burdens the debtor, but it dilutes the return to creditors, depriving all classes of creditors of the benefits of the estate paid to every professional hired by individual members of the committee." *Id.* at 894. Therefore, 11 U.S.C. § 503 does not allow for an administrative claim for Movant's professional fees. According, the Court should deny the Application and Movant's administrative claim request.

WHEREFORE, the U.S. Trustee prays that, the Court deny the Application and Movant's request for an administrative claim, and for such other and further relief as is just.

DATED: June 30, 2022

Respectfully submitted,
PETER C. ANDERSON
UNITED STATES TRUSTEE

  /s/ Hatty Yip
By:    HATTY YIP
         Trial Attorney