| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| ZEV SHECHTMAN (State Bar No. 266280)<br>zs@DanningGill.com<br>ALPHAMORLAI L. KEBEH (State Bar No. 336798)<br>akebeh@DanningGill.com<br>DANNING, GILL, ISRAEL & KRASNOFF, LLP<br>1901 Avenue of the Stars, Suite 450<br>Los Angeles, California 90067-6006<br>Telephone: (310) 277-0077<br>Facsimile: (310) 277-5735 | |

☐ Individual appearing without attorney
☒ Attorney for: Jinzheng Group (USA) LLC

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION** ▼

| In re:<br>JINZHENG GROUP (USA) LLC | CASE NO.: 2:21-bk-16674-ER |
|---|---|
| | CHAPTER: 11 ▼ |
| | **APPLICATION FOR ORDER SETTING HEARING ON SHORTENED NOTICE [LBR 9075-1(b)]** |
| Debtor(s). | |

1.  Movant applies under LBR 9075-1(b) for an order setting a hearing on shortened notice on the following motion:

    a.  Title of motion: <u>Debtor's  Motion for Order Approving Compromise Between Debtor and 150 Sierra LLC</u>

    b.  Date of filing of motion: <u>7/5/2022</u>

2.  Compliance with LBR 9075-1(b)(2)(A): (*The following three sections must be completed*):

    a.  Briefly specify the relief requested in the motion:
        The Debtor requests an order approving the compromise between the Debtor, on the one hand, and 150 La Sierra LLC ("La Sierra"), on the other hand, which will include a recovery of the Debtor's interest in real property commonly known as 150 East La Sierra Drive, Arcadia, CA 91006 (the "Property") from Sierra.

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

b.  Identify the parties affected by the relief requested in the motion:

The Debtor, La Sierra, The Code Solution, LLC, Sound Equity Inc. and creditors.

c.  State the reasons necessitating a hearing on shortened time:

Sierra is in default on a loan secured by the Property. A notice of default and election to sell has been recorded by the lender, Sound Equity Inc, as of April 5, 2022. Based on such notice, the Property could be foreclosed upon as early as August 3, 2022.  Thus, in order to preserve the Debtor's ability to recover the property, the motion must be heard on shortened notice in advance of that date.  Debtor requests that the motion be heard on July 19, 2022, at 11:00 a.m.

3.  Compliance with LBR 9075-1(b)(2)(B): The attached declaration(s) justifies setting a hearing on shortened notice, and establishes a *prima facie* basis for the granting of the motion.

4.  Movant has lodged a proposed Order Setting Hearing on Shortened Notice on mandatory form F 9075-1.1.ORDER .SHORT.NOTICE

Date: 7/5/2022

Danning, Gill, Israel & Krasnoff, LLP
Printed name of law firm

/s/ Alphamorlai L. Kebeh
Signature of individual Movant or attorney for Movant

Alphamorlai L. Kebeh
Printed name of individual Movant or attorney for Movant

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                           Page 2                           **F 9075-1.1.APP.SHORT.NOTICE**

1  ZEV SHECHTMAN (State Bar No. 266280)
*zs@DanningGill.com*
2  ALPHAMORLAI L. KEBEH (State Bar No. 336798)
*akebeh@DanningGill.com*
3  DANNING, GILL, ISRAEL & KRASNOFF, LLP
1901 Avenue of the Stars, Suite 450
4  Los Angeles, California 90067-6006
Telephone: (310) 277-0077
5  Facsimile: (310) 277-5735

6  Attorneys for Proposed General Bankruptcy
Counsel for Jinzheng Group (USA) LLC, Debtor
7  in Possession

8  **UNITED STATES BANKRUPTCY COURT**

9  **CENTRAL DISTRICT OF CALIFORNIA**

10  **LOS ANGELES DIVISION**

11

12  In re                                          Case No. 2:21-bk-16674-ER

13  JINZHENG GROUP (USA) LLC,                      Chapter 11

14          Debtor.                                **DEBTOR'S NOTICE OF MOTION AND
                                                    MOTION FOR ORDER APPROVING
15                                                  COMPROMISE BETWEEN DEBTOR
                                                    AND 150 LA SIERRA LLC;
16                                                  MEMORANDUM OF POINTS AND
                                                    AUTHORITIES, DECLARATIONS OF
17                                                  ZHAO PU YANG, ZEV SHECHTMAN,
                                                    STEPHEN ENG, AND REQUEST FOR
18                                                  JUDICIAL NOTICE IN SUPPORT
                                                    THEREOF
19
                                                    Date:    To Be Set By Court
20                                                  Time:    To Be Set By Court
                                                    Crtrm.:  1568
21                                                           255 E. Temple Street
                                                             Los Angeles, California 90012
22

23          **PLEASE TAKE NOTICE** that **at a date and time to be determined by the Court**,

24  Jinzheng Group (USA) LLC (the "Debtor"), will and hereby does move the Court pursuant to Rule

25  9019 of the Federal Rules of Bankruptcy Procedure (the "Motion"), for an order approving the

26  Debtor's compromise with 150 La Sierra LLC ("La Sierra").

27          Subject to Court approval, the Debtor and La Sierra have entered into a settlement

28  agreement (the "Agreement") to resolve their dispute regarding the alleged fraudulent transfer,

from the Debtor to La Sierra, of real property located at 150 East La Sierra Drive, Arcadia, CA 91006 (the "Property").  A copy of the Agreement is attached as Exhibit "1" to the declaration of Zhao Pu Yang.  The Agreement provides, among other things, that:

1.      Right, title, and interest to the Property shall be transferred from La Sierra to the Debtor effective immediately upon the Court's entry of an order granting this Motion;

2.      The transfer described in paragraph 1 shall be without prejudice to the rights of any creditors of La Sierra or any lienholders in the Property;

3.      If the Debtor's bankruptcy case is dismissed prior to the sale of the Property, the Property shall revert to La Sierra; and

4.      The Debtor shall release La Sierra, and no other party, from liability for avoidance, recover and turnover of transfers under sections 542, 544, 547, 548 and 550 of the Bankruptcy Code and applicable state law, which releases shall be withdrawn in the event of a dismissal and reversion as provided in paragraph 3.

The Debtor believes that the terms of the Agreement are in the best interest of the estate and its creditors, and should be approved by the Court.

The Debtor is requesting that the Motion be heard on shortened time because the Property is subject to a notice of default recorded for the benefit of the senior secured creditor, Sound Equity Inc. ("Sound"), on April 5, 2022.  Sound has informed the Debtor that Sound intends to foreclose on the Property as soon as possible, which may be as soon as on or after August 3, 2022 (120 days after April 5, 2022).  The Debtor believes that there is substantial equity in the Property and that the Debtor and its estate will lose that value in the event of foreclosure.  La Sierra is listing the Property for sale and, if the Property is not sold before the transfer herein is approved, the Debtor will continue listing the Property immediately upon the approval of the transfer to the Debtor.  Sound will not be prejudiced because its secured claim will be paid in full through any sale by the Debtor.

The Motion is based upon the Notice of Motion and Motion, the Memorandum of Points and Authorities, the Declarations of Zhao Pu Yang, Zev Shechtman and Stephen Eng, and the

2

1 Request for Judicial Notice filed herewith, the papers and pleadings on file in this case, and such

2 other evidence as may be presented to the Court.

3       **PLEASE TAKE FURTHER NOTICE** that the Court will set the hearing and a deadline

4 for parties to object to the relief sought in accordance with the Debtor's contemporaneously filed

5 Application for Order Setting Hearing on Shortened Notice.  The Debtor will give notice of the

6 hearing and deadlines as required by the Court.

7       If the Court sets a deadline for written oppositions, any party seeking to object to the relief

8 sought must, not later than that date file a written opposition with the Clerk of the Court and serve

9 copies of the opposition upon the Debtor's counsel (electronic service, including via email to the

10 undersigned counsel, is requested) and upon the Office of the United States Trustee, 915 Wilshire

11 Blvd., Suite 1850, Los Angeles, California 90017.  Failure to file and serve oppositions as set forth

12 above may be deemed consent to the relief sought in the motion.  If you do not have any objection

13 to the motion, you need not take any further action.

14

15 DATED:  July 5, 2022                           DANNING, GILL, ISRAEL & KRASNOFF, LLP

16

17                                        By:    _/s/ Alphamorlai L. Kebeh_

18                                                ALPHAMORLAI L. KEBEH
                                                 Attorneys for Proposed General Bankruptcy
19                                               Counsel for Jinzheng Group (USA) LLC, Debtor
                                                 in Possession
20

21

22

23

24

25

26

27

28

1686973.2  27086                                       3

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### FACTUAL SUMMARY

**A.      Bankruptcy Facts**

On August 24, 2021 (the "Petition Date"), Jinzheng Group (USA) LLC (the "Debtor"), filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtor continues in possession of its property and is operating and managing its business as a debtor in possession pursuant to the provisions of 11 U.S.C. §§ 1107(a) and 1108. No trustee or examiner has been appointed in the Debtor's Chapter 11 Case.

**B.      150 La Sierra, LLC**

On or about December 18, 2019, 150 La Sierra LLC, a California Limited Liability Company ("La Sierra"), was organized.  A copy of Sierra's Articles of Organization is attached hereto as Exhibit "2."  On December 24, 2019, an operating agreement was signed whereby the Debtor received a 79% interest in La Sierra.  Per the operating agreement, the remaining 21% interest was assigned to The Code Solution LLC ("TCS").

**C.      The Subject Property**

On or about January 23, 2020, the Debtor's interest in real property located at 150 East La Sierra Drive, Arcadia, CA 91006 (the "Property") was transferred to La Sierra.  The Debtor is informed and believes that the transfer was not for reasonably equivalent value.  A copy of the deed from the Debtor to La Sierra is attached to the Request for Judicial Notice as Exhibit "3."  On the same date, Sound Equity Inc. ("Sound") recorded a deed of trust (the "Deed of Trust") against the Property to secure Sound's construction loan to La Sierra with respect to the Property.  A copy of the Deed of Trust is attached to the Request for Judicial Notice as Exhibit "4."  According to the Deed of Trust, the principal amount loaned to the Debtor by Sound was $2.34 million (the "Loan").  The funds from the loan were primarily used to satisfy the then-existing liens on the Property and pay for construction on the Property.  The Property is now a partially built home.  The Debtor is

1  informed and believes that the payoff amount on the Property demanded by Sound is

2  $1,797,884.87 as of July 15, 2022.  Exhibit "7" to the Declaration of Zev Shechtman is a copy of

3  the payoff demand from Sound.  The Debtor is informed that there are certain unused funds

4  remaining from the original loan as part of a construction holdback budget, which, according to

5  Sound, La Sierra "could draw from when the loan was performing."  This may explain the

6  discrepancy between the original loan amount of $2.34 million and the balance due of roughly $1.8

7  million.

8

9  **D.    La Sierra's Default**

10      On April 5, 2022, Sound assigned the Deed of Trust to Sound Equity High Income Debt

11  Fund, LLC, ISAOA ("Sound Debt Fund").  A copy of the recorded assignment is attached to the

12  Request for Judicial Notice as Exhibit "5."  On the same date, Sound Debt Fund recorded a notice

13  of default as to the Property.  A copy of the notice of default is attached to the Request for Judicial

14  Notice as Exhibit "6."  Per the notice of default, Sierra needed to pay $127,551.38 to cure the

15  default on its loan or otherwise face foreclosure on the Property.  Currently, the amount owed to

16  Sound under the Loan is approximately $1,797,884.87.  See Exhibit "7."  The Debtor is informed

17  that, in its current state, the Property's market value is estimated in excess of $2.5 million.  In its

18  efforts to bring equity back into the bankruptcy estate, the Debtor has attempted to negotiate with

19  Sound to postpone foreclosure on the Property so that the La Sierra or the Debtor may market it,

20  sell it, and use the proceeds to satisfy the delinquent amount on the Loan.  See declaration of Zev

21  Shechtman.  However, Sound did not agree to postponing foreclosure and, based on the date of the

22  notice of default, may foreclose on the Property as early as on or after August 3, 2022 (120 days

23  after April 5, 2022).  Pursuant to the terms of the Agreement, Sierra will transfer the Property back

24  to the Debtor to ensure that its value is not lost to the estate.

25

26

27

28

**E.** **The Dispute**

On May 4, 2020, the Debtor filed its *Debtor's Combined Plan of Reorganization and Disclosure Statement Dated May 4, 2022* (docket no. 204) (the "Plan and Disclosure Statement"). In the Plan and Disclosure Statement, the Debtor states:

> The Debtor is investigating a potential claim against 150 Sierra LLC for recovery of the property commonly known as 150 East La Sierra Drive, Arcadia, CA 91006, which was transfer by the Debtor to 150 Sierra LLC for no consideration on January 23, 2020. 150 Sierra LLC is a California limited liability company owned jointly by the Debtor and The Code Solutions LLC (an entity related to Betula Lenta LLC).

See docket no. 204 at ECF p. 15, lines 13-15. Although the Debtor has withdrawn the Plan and Disclosure Statement, the Debtor has not changed its position regarding the Property. Accordingly, a dispute exists between the Debtor and La Sierra to the extent that the Debtor believe that there may have been one or more avoidable transfers, and La Sierra, TCS, Sound, or another party, may dispute that the transfer to La Sierra is avoidable (the "Dispute").

**F.** **Proposed Settlement**

To avoid, among other things, the costs, risks, and uncertainties of litigation, the Debtor and La Sierra have entered into the Agreement, a copy of which is attached as Exhibit "1," subject to Court approval. Without modifying in any respect the terms set forth therein, the Agreement's terms include:

1. Right, title, and interest to the Property shall be transferred from La Sierra to the Debtor effective immediately upon the Court's entry of an order granting this Motion;

2. The transfer described in paragraph 1 shall be without prejudice to the rights of any creditors of La Sierra or any lienholders in the Property;

3. If the Debtor's bankruptcy case is dismissed prior to the sale of the Property, the Property shall revert to La Sierra; and

4. The Debtor shall release La Sierra, and no other party, from liability for avoidance, recover and turnover of transfers under sections 542, 544, 547, 548 and 550 of the Bankruptcy Code and applicable state law, which releases shall be withdrawn in the event of a dismissal and reversion as provided in paragraph 3.

## II.

## LEGAL ARGUMENT

### A.     Standards for Approval of Compromise

Inherent in the grant of jurisdiction to the district courts over all civil proceedings arising under, arising in or related to cases under title 11 is the Court's authority, under Section 105(a) of the Bankruptcy Code, to enter orders approving compromises.  This power is expressly recognized in Bankruptcy Rule 9019(a), which provides that the Court may approve a compromise or settlement on motion by the trustee after notice is provided pursuant to Bankruptcy Rule 2002.  The approval of a compromise is a "core proceeding" under 28 U.S.C. § 157(b)(2)(A) and (O).  *In re Carla Leather, Inc.*, 50 B.R. 764, 775 (Bankr. S.D.N.Y. 1985).

The approval or rejection of a proposed compromise is addressed to the sound discretion of the Court and is to be determined by the particular circumstances of each case.  *In re Walsh Construction, Inc.*, 669 F.2d 1325, 1328 (9th Cir. 1982).  The burden of establishing the fairness of the compromise rests on the proponent, here, the Trustee.

In determining the acceptability of a proposed compromise, the following four factors should be considered: (1) the probability of success in the litigation; (2) the difficulties, if any, encountered in the matter of collection; (3) the complexity of the litigation involved, the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors and a proper deference to their reasonable views.  *In re A & C Properties,* 784 F.2d 1377, 1381 (9th Cir. 1986); *Flight Transportation Corporation Securities Litigation*, 730 F.2d 1128, 1135 (8th Cir. 1984).  This Court is not required to decide the questions of law and fact in dispute, but to canvas the issues to see whether the "settlement falls below the lowest point in a range of reasonableness." *In re Teletronics Services, Inc.*, 762 F.2d 185, 189 (2d Cir. 1985) (quoting *In re W.T. Grant Co.,* 699 F.2d 599, 608 (2d Cir. 1983)).

**B.** **The Agreement is in the Best Interest of the Estate and Should be Approved under Bankruptcy Rule 9019**

The Debtor believes that the Agreement is fair and reasonable, in the best interest of the estate and its creditors, and satisfies the standards for approval of a settlement.  With respect to the factors set forth in *A & C Properties,* the Debtor believes that the Agreement should be approved for the reasons discussed below.

**1.** The Probability of Success in Litigation

Absent the proposed agreement, the Debtor may have to litigate the estate's claims against La Sierra.  While the Debtor is a managing member, TCS has a minority interest and could possibly object to the proposed transfer of the Property.  Further, Sound, as a secured creditor of La Sierra, may object to the transfer.  In order to prevail in this litigation, the Debtor would have to prove either that the transfer was made with actual intent to hinder delay or defraud creditors of the Debtor, or that the transfer was for less than reasonably equivalent value and the Debtor:

(I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;

(II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital;

(III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured; or

(IV) made such transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

11 U.S.C. § 548(a).  While the Debtor currently has evidence that the property was not for reasonably equivalent value, the Debtor is informed that TCS has asserted that there was value given to the Debtor.  The Debtor has not completed its investigation regarding other factors, including insolvency.  Normally, pursuant to 11 U.S.C. § 546, the Debtor would have two years from the petition date to complete this legal and accounting analysis.  Unfortunately, however, the imminent foreclosure by Sound requires quick action.  If Sound forecloses, La Sierra will no longer have the Property for the Debtor to recover.  The inability to effectively litigate this matter in a

8

1   timely manner militates toward an immediate compromise as requested by the Debtor.  La Sierra

2   recognizes that a transfer to the Debtor will protect the equity in the Property from immediate

3   foreclosure.  A refusal to transfer the Property to the Debtor would result in a total loss to both La

4   Sierra and the Debtor.

5

6      **2.**    Difficulties in Collection

7         The Debtor is a managing member of Sierra.  Upon approval of the Agreement, the Debtor

8   would not face any difficulty in effectuating the transfer of the Property back to the Debtor.

9

10     **3.**    Complexity, Expense, Inconvenience, and Delay of Litigation

11        While the issues encompassed by the Dispute are not overly complex, they could require

12  significant factual investigation.  Not only would such investigation impose expenses on the estate,

13  it could require a significant amount of time to complete.  The subsequent litigation could require

14  even more time to resolve and substantially increase the costs incurred by the estate.  The Property

15  could be foreclosed upon as early as or after August 3, 2022, less than one month the date of the

16  filing of this Motion, and as little as two weeks after the proposed hearing on the Motion.  The

17  Debtor likely does not have the time to complete a thorough factual investigation and litigate the

18  issues underlying the dispute before La Sierra is stripped of its interest in the Property.  Thus, this

19  factor weighs in favor of settlement.

20

21     **4.**    Interest of Creditors

22        The Agreement reached by the Debtor and La Sierra serves the paramount interest of

23  creditors.  It will result in a transfer back of the Property to the Debtor, who could then market it

24  and sell it pursuant to a motion under section 363 of the Bankruptcy Code.  Based on the current

25  status of the Property, a sale could bring a significant recovery into the estate for the benefit of

26  creditors.  Without approval of the Agreement, recovering the Property is likely impossible, as it

27  would likely be foreclosed upon before the Debtor could practicably litigate and resolve the issues

28  raised in the dispute.

1

## III.

2

## CONCLUSION

3    Based upon the foregoing, the Debtor respectfully requests that the Court:

4    1.    Enter an order granting the motion substantially in the form of Exhibit "8" hereto

5 immediately after the hearing;

6    2.    Approve the Agreement, a copy of which is attached to the Declaration of Zhao Pu

7 Yang as Exhibit "1";

8    3.    Authorize the Debtor to execute all documents and to take any action reasonably

9 necessary to effectuate the Agreement; and

10    4.    For such other and further relief as the Court may deem just and proper.

11

12 DATED:  July 5, 2022                DANNING, GILL, ISRAEL & KRASNOFF, LLP

13

14                        By:      */s/ Alphamorlai L. Kebeh*

15                                 ALPHAMORLAI L. KEBEH
                                   Attorneys for Proposed General Bankruptcy
16                                 Counsel for Jinzheng Group (USA) LLC, Debtor
                                   in Possession
17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF ZHAO PU YANG

I, Zhao Pu Yang, declare as follows:

1.    I am the Attorney in Fact for Jianqing Yang, Managing Member of Jinzheng Group (USA) LLC.  I am also the son of Jianqing Yang.

2.    Unless stated otherwise, all facts in this declaration are based upon my personal knowledge, my discussions with Debtor's former management, Debtor's counsel or my personal advisors or counsel, my review of documents and information concerning the Debtor's business, and/or my personal opinion based upon my experience and general knowledge about the Debtor.

3.    I am over the age of 18 and am authorized to submit this declaration on behalf of the Debtor.  If called to testify, I would testify to the matters set forth in this declaration.

4.    I submit my declaration in support of the Debtor's Notice of Motion and Motion for Order Approving Compromise Between Debtor and 150 La Sierra LLC (the "Motion").

5.    To resolve the dispute between the Debtor and 150 La Sierra LLC, I have executed the agreement attached hereto as Exhibit "1" which, subject to Court approval, includes the following terms:

    a.    Right, title, and interest to 150 East La Sierra Drive, Arcadia, CA 91006 (the "Property") shall be transferred from La Sierra to the Debtor effective immediately upon the Court's entry of an order granting this Motion;

    b.    The transfer described in paragraph 1 shall be without prejudice to the rights of any creditors of La Sierra or any lienholders in the Property;

    c.    If the Debtor's bankruptcy case is dismissed prior to the sale of the Property, the Property shall revert to La Sierra; and

    d.    The Debtor shall release La Sierra, and no other party, from liability for avoidance, recover and turnover of transfers under sections 542, 544, 547, 548 and 550 of the Bankruptcy Code and applicable state law, which releases shall be withdrawn in the event of a dismissal and reversion.

6.    I believe that approval of the proposed agreement is likely the only way to recover the Property in time and bring money into the estate from this asset.  In my business judgment, I

1  believe that the proposed agreement is fair and reasonable, and is in the best interest of the estate

2  and its creditors.

3        7.    I respectfully request that the Court approve the Agreement.

4        I declare under penalty of perjury under the laws of the United States of America that the

5  foregoing is true and correct.

6        Executed at Los Angeles, California on July 5, 2022.

7

8  DATED:  July 5, 2022

9

10                      By: _____

11                           ZHAO PU YANG

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1686973.2  27086

## DECLARATION OF ZEV SHECHTMAN

I, Zev Shechtman, declare as follows:

1.      I am an attorney duly admitted to practice before this Court.  I am the principal of a professional corporation that is a partner of Danning, Gill, Israel & Krasnoff, LLP, attorneys of record for Proposed General Bankruptcy Counsel for Jinzheng Group (USA) LLC, Debtor in Possession.

2.      I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify thereto.

3.      I make this declaration in support of Debtor's Motion for Order Approving Compromise Between Debtor and 150 Sierra LLC.

4.      On or about June 16, 2022, I sent an email to Sound Equity Inc. ("Sound"), asking that it postpone foreclosure while a sale of 150 East La Sierra Drive, Arcadia, CA 91006 (the "Property") is attempted.  Sound declined that request.

5.      I am informed that Sound (or another party on behalf of Sound) recorded its notice of default on or about April 5, 2022.  Based on my understanding of applicable procedures, including asking the foreclosure trustee appointed by Sound, I am informed and believe that a foreclosure on the Property by Sound may be possible on or after August 3, 2022.

6.      I requested a payoff demand from Sound.  The payoff demand is attached as Exhibit "7."  Sound also informed me that there is a holdback of certain sums from the original loan, that would have been available for construction absent default, but I have not yet been told that amount.

7.      On or about July 1, 2022, I informed Sound, as well as counsel for The Code Solution LLC, and counsel for the Creditors' Committee that the Debtor intended to file a motion on shortened time to approve a compromise that would include a transfer of the Property to the Debtor.  On July 2, 2022, I sent an email to the parties stating that the Debtor would be seeking to have the motion heard on July 19, 2022, at 11:00 a.m.

13

8.      I expect that after the Property is transferred to the Debtor, and once the Debtor's real estate agents identify a stalking horse bidder, the Debtor will file a motion to approve a sale under section 363 of the Bankruptcy Code with opportunities for overbidding.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 5th day of July, 2022, at Los Angeles, California.

_____
Zev Shechtman

# **DECLARATION OF STEPHEN ENG**

I, Stephen Eng, declare as follows:

1.      I am the property manager and proposed real estate agent for the Debtor, Jinzheng Group (USA) LLC. I have personal knowledge of the facts set forth herein, except as to those stated on information and belief and, as to those, I am informed and believe them to be true. If called as a witness, I could and would competently testify to the matters stated herein.

2.      I make this declaration in support of Motion for Order Approving Compromise Between Debtor and 150 La Sierra LLC.

3.      I am a real estate broker at Re/Max of Cerritos and the owner of Convoy Real Estate Advisors, real estate management.

4.      I have been engaged as property manager for all of the Debtor's properties and to assist with the sale of 150 East La Sierra Drive, Arcadia, CA 91006 (the "Property") and another property. Upon the recovery of the Property by the Debtor, I will be working with William Friedman, an experienced bankruptcy real estate agent, as co-broker, to conduct an efficient real estate marketing process before the Bankruptcy Court.

5.      I have personally evaluated the Property together with three construction contractors. My assessment is that the Property's value may exceed $2.5 million as-is.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 5th day of July, 2022, at Los Angeles, California.

_____
STEPHEN ENG

**<ins>REQUEST FOR JUDICIAL NOTICE</ins>**

Jinzheng Group (USA) LLC (the "Debtor"), respectfully requests that the Court take judicial notice of the following facts:

1.    On August 24, 2021 (the "Petition Date"), Jinzheng Group (USA) LLC (the "Debtor"), filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2.    Attached hereto as Exhibit "2" is a copy of 150 Sierra LLC's ("Sierra") Articles of Organization, filed with the Secretary of State of the State of California, document number 201935810426.

3.    Attached hereto as Exhibit "3" is copy of a document titled "Grant Deed" recorded in the County Recorder's Office as instrument 20200086210.

4.    Attached hereto as Exhibit "4" is copy of a document titled "Deed of Trust" recorded in the County Recorder's Office as instrument 20200086211.

5.    Attached hereto as Exhibit "5" is copy of a document titled "Assignment of Deed of Trust" recorded in the County Recorder's Office as instrument 20220373976.

6.    Attached hereto as Exhibit "6" is copy of a document titled "Notice of Default and Election to Sell Under Deed of Trust" recorded in the County Recorder's Office as instrument 20220373978.

7.    On May 4, 2020, the Debtor filed its *Debtor's Combined Plan of Reorganization and Disclosure Statement Dated May 4, 2022* (docket no. 204) (the "Plan and Disclosure Statement").

DATED:  July 5, 2022                    DANNING, GILL, ISRAEL & KRASNOFF, LLP

By:    ___*/s/ Alphamorlai L. Kebeh*___
       ALPHAMORLAI L. KEBEH
       Attorneys for Proposed General Bankruptcy
       Counsel for Jinzheng Group (USA) LLC, Debtor
       in Possession

EXHIBIT 1

## Settlement Agreement

This settlement agreement ("Agreement") is entered on July 5, 2022, by and between Jinzheng Group (USA) LLC ("Debtor"), as debtor and debtor in possession in the United States Bankruptcy Court for the Central District of California (the "Court"), on the one hand, and 150 La Sierra LLC ("La Sierra"), on the other hand.

## Recitals

A.    The Debtor is the managing member of La Sierra and has authority to enter into agreements and sign documents on its behalf.  The Debtor believes that it likely has cause to bring one or more claims for avoidable transfer against La Sierra in connection with the transfer from the Debtor to La Sierra, the Debtor's interest in real property located at 150 East La Sierra Drive, Arcadia, CA 91006 (the "Property").  The Debtor has not completed its investigation of its claims against La Sierra.  However, the secured creditor on the Property will foreclose on the Property as early as after August 3, 2022 absent action taken by the Debtor or La Sierra to prevent foreclosure.  Accordingly, the Debtor and La Sierra have determined that the dispute regarding the transfer of the Property must be resolved on an expedited basis, to preserve the interest in the Property, with notice given to parties in interest.  Accordingly, the Debtor and La Sierra enter into this Agreement.

## The Agreement

This Agreement, and every term hereof, is subject to the prior approval of the Court, absent which, none of the terms of this Agreement shall be of any effect.  Conditioned on the approval of the Court:

1.    Right, title, and interest in and to the Property shall be transferred from La Sierra to the Debtor effective immediately upon the Court's entry of an order granting a motion approving this Agreement.

2.    The transfer described in paragraph 1 shall be without prejudice to the rights of any creditors of La Sierra or any lienholders in the Property.

3.    If the Debtor's bankruptcy case is dismissed prior to the sale of the Property, the Property shall revert to La Sierra.

4.    Conditioned on the transfer from La Sierra contemplated herein being approved and remaining effective, the Debtor shall release La Sierra, and no other party, from any further liability for avoidance, recovery and turnover of transfers or the Property under sections 542, 544, 547, 548 and 550 of the Bankruptcy Code and applicable state law.  Such releases shall be withdrawn and automatically void in the event of a dismissal of the Debtor's bankruptcy case and reversion prior to the a sale of the Property, as provided in paragraph 3.

There are no other terms to the Agreement, unless otherwise agreed to by the parties hereto in writing and ordered by the Court.

1687143.1  27086

EXHIBIT 1

17

**Agreed**

Jinzheng Group (USA) LLC

By _____

Zhou Pu Yang, as attorney in fact for its managing member, Jianqing Yang

**Agreed**

150 La Sierra LLC

By _____

Jinzheng Group (USA) LLC its managing member, by Zhou Pu Yang, as attorney in fact for Jianqing Yang, its managing member

EXHIBIT 2



**California Secretary of State**
Electronic Filing



# LLC Registration – Articles of Organization

| | |
|---|---|
| Entity Name: | 150 LA SIERRA LLC |

| | |
|---|---|
| Entity (File) Number: | 201935810426 |
| File Date: | 12/18/2019 |
| Entity Type: | Domestic LLC |
| Jurisdiction: | California |

Detailed Filing Information

1.  Entity Name:                    150 LA SIERRA LLC

2.  Business Addresses:

    a.  Initial Street Address of
       Designated Office in California:    800 West 6th Street
       Los Angeles, California 90017
       United States

    b.  Initial Mailing Address:           800 West 6th Street
       Los Angeles, California 90017
       United States

3.  Agent for Service of Process:    JONATHAN  PAE
       800 West 6th Street
       Los Angeles California 90017
       United States

4.  Management Structure:           More than One Manager

5.  Purpose Statement:              The purpose of the limited liability
       company is to engage in any lawful act
       or activity for which a limited liability
       company may be organized under the
       California Revised Uniform Limited
       Liability Company Act.

Electronic Signature:

The organizer affirms the information contained herein is true and correct.

Organizer:                          JONATHAN PAE

EXHIBIT 3



**This page is part of your document - DO NOT DISCARD**



# 20200086210

Pages:
0004

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**01/23/20 AT 08:00AM**

| | |
|---|---|
| FEES: | 48.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 75.00 |
| PAID: | 123.00 |

### PCOR SURCHARGE $20.00



**L E A D S H E E T**



202001230110038

00017783039

010463383

**SEQ:
22**

DAR - Title Company (Hard Copy)



**THIS FORM IS NOT TO BE DUPLICATED**                    T10

EXHIBIT 3                    20

*95004-1651744*                                                                                    2

RECORDING REQUESTED BY
North American Title Company, Inc.



01/23/2020

*20200086210*

AND WHEN RECORDED MAIL TO:
150 La Sierra, LLC, a California limited liability company
150 East La Sierra Drive
Arcadia, CA 91006

_____
Space Above This Line for Recorder's Use Only

File No.: 95004-1651744

A.P.N.:  5781-010-063

# GRANT DEED

The Undersigned Grantor(s) Declare(s): DOCUMENTARY TRANSFER TAX: $0  CITY TRANSFER TAX: $0  SURVEY
MONUMENT FEE N/A

☒  computed on the consideration or full value of property conveyed, OR
☐  computed on the consideration or full value less value of liens and/or encumbrances remaining at time of sale,
☐  unincorporated area; ☒ City of Arcadia, and


FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

Jinzheng Group USA LLC, a California limited liability company

hereby GRANTS to 150 La Sierra, LLC, a California limited liability company

the following described property  in the City of Arcadia, County of Los Angeles, State of California:

**Legal Description attached hereto as Exhibit "A" and incorporated herein by this reference**

Dated:  January 9, 2020


Jinzheng Group USA LLC, a California              THE GRANTORS AND THE GRANTEES IN THIS
limited liability company                          CONVEYANCE ARE COMPRISED OF THE SAME PARTIES
                                                   WHO CONTINUE TO HOLD THE SAME PROPORTIONATE
                                                   INTEREST IN THE PROPERTY, R & T 11930(d).
_____
By: Betty Zheng, managing member



Mail Tax Statements To:  **SAME AS ABOVE**

22B

21

3

A notary public or other officer completing this
certificate verifies only the identity of the individual who
signed the document to which this certificate is
attached, and not the truthfulness, accuracy, or validity
of that document.

STATE OF CALIFORNIA ) SS
COUNTY OF _____ *Los Angeles* _____ )

On __*11/21/2020*__ , before me, __*Brooke D. Rodriguez*__ ,
Notary Public, personally appeared __*Betty Zheng*__
_____ , who proved to me on the basis of satisfactory

evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me
that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s)
on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is
true and correct.

WITNESS my hand and official seal.

Signature

BROOKE D. RODRIGUEZ
Notary Public - California
San Bernardino County
Commission # 2285067
My Comm. Expires May 10, 2023

*This area for official notarial seal*

**EXHIBIT A**

A.P.N.: 5781-010-063

LOT 1 OF TRACT NO. 63552, IN THE CITY OF ARCADIA, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 1325 PAGE(S) 32 AND 33 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THEREFROM ALL OIL, GAS, MINERALS AND OTHER HYDROCARBON SUBSTANCES, LYING BELOW A DEPTH OF 500 FEET FROM THE SURFACE OF SAID PROPERTY, BUT WITH NO RIGHT OF SURFACE ENTRY, WHERE THEY HAVE BEEN PREVIOUSLY RESERVED IN INSTRUMENTS OF RECORD.

EXHIBIT 4



▲    **This page is part of your document - DO NOT DISCARD**    ▲



# 20200086211



**Pages:**
**0013**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**01/23/20 AT 08:00AM**

| | |
|---|---|
| FEES: | 100.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 150.00 |
| PAID: | 250.00 |

▲



**L E A D S H E E T**

202001230110038

**00017783040**

010463383

**SEQ:**
**23**

**DAR - Title Company (Hard Copy)**

**THIS FORM IS NOT TO BE DUPLICATED**

E64231#    T10

EXHIBIT 4    24

95008-165174

Recording Requested By
North American Title Company

**PREPARED BY AND
WHEN RECORDED RETURN TO:**

 SOUND EQUITY INC
 929 108th Ave. NE, Suite 1030
 Bellevue, WA  98004



01/23/2020

*20200086211*

Exempt from fee per GC 27388.1 (a) (1);
fee cap of $225.00 reached.

# DEED OF TRUST, ASSIGNMENT OF RENTS, SECURITY AGREEMENT AND FIXTURE FILING

This Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing (this "Deed of Trust") is made as of January 15, 2020 by 150 La Sierra, LLC, a[n] California Limited Liability Company, whose mailing address is 100 East Huntington Drive #207 Alhambra, CA  91801, as trustor (the "Trustor") in favor of FCI LENDER SERVICES INC, A CALIFORNIA CORPORATION, whose mailing address is 8180 East Kaiser Blvd, Anaheim Hills, CA 92808, as trustee (the "Trustee"), for the benefit of Sound Equity Inc, a Delaware Corporation, whose mailing address is 989 112th Ave NE, Suite 207, Bellevue, WA 98004, as beneficiary (the "Beneficiary").

1.      **GRANT IN TRUST.** For the purpose of securing payment and performance of the Obligations defined in Section 2, the Trustor hereby irrevocably and unconditionally grants, mortgages, sells, pledges, conveys, transfers and assigns to the Trustee, in trust for the benefit of the Beneficiary, with power of sale, all estate, right, title and interest that the Trustor now has or may later acquire in and to the real property located in the County of Los Angeles, State of California, as described in Exhibit A attached to this Deed of Trust (the "Land"), together with:

**THE REAL PROPERTY OR ITS ADDRESS IS COMMONLY KNOWN AS** 150 E La Sierra Dr ARCADIA, CA  91006. THE ASSESSOR'S PARCEL NUMBER FOR THE REAL PROPERTY IS 5781-010-063.

A.  All existing or subsequently erected buildings, structures and improvements on the Land (the "Improvements");

B.  All appurtenances, rights of way and easements used in connection with the Land;

C.  All water and water rights (whether riparian, appropriative or otherwise, and whether or not appurtenant) used in connection with the Land and all shares of stock evidencing the same;

D.  All existing and future leases;

E.  All pumping stations, engines, pipes and ditches;

F.  All oil, gas, geothermal and other mineral rights, if any, in or pertaining to the Land, and all royalty, leasehold or other rights of the Trustor pertaining to such mineral rights;

G.  All goods, materials, supplies, chattels, furniture, fixtures, equipment and machinery now or later to be attached to, placed in or on, or used in connection with the use, enjoyment, occupancy or operation of all or any part of the Land and the Improvements, including, without limitation, all



23B

25

gas, electric, cooking, heating, cooling, air conditioning, refrigeration and plumbing fixtures and equipment;

H. All maps, plans, specifications, surveys, reports, data and drawings, all governmental applications, permits and licenses, and all contracts and agreements of the Trustor relating to the Land and the Improvements, including, without limitation, architectural, structural, mechanical and engineering plans and specifications, studies, data and drawings prepared for or related to the development of the Land or the construction, renovation or restoration of any of the Improvements or the extraction of minerals, sand, gravel or other valuable substances from the Land; and

I. Any and all substitutions and replacements of the foregoing, accessions thereto, and all proceeds of the foregoing, whether now existing or later acquired.

All property described in this Section 1 is herein called the "Property."

2.      **OBLIGATIONS SECURED.**  The Trustor has granted, conveyed, transferred and assigned its interest in the Property to the Beneficiary for the purpose of securing the payment of all indebtedness and performance of the Trustor's Promissory Note of even date herewith payable to the order of the Beneficiary in the principal amount of $2,340,000.00 as it may be modified, extended, renewed or amended from time to time, together with all refinancings, substitutions and renewals thereof (the "Note"), dated as of January 15, 2020.  All obligations referred to in this Section 2 are herein called the "Obligations."

3.      **PERFORMANCE OF OBLIGATIONS.**  The Trustor shall promptly pay and perform each of the Obligations in accordance with its terms.

4.      **ASSIGNMENT OF RENTS.**

A.      Assignment.    The Trustor hereby irrevocably, absolutely, presently and unconditionally assigns to the Beneficiary all rents, royalties, issues, profits, revenue, income and proceeds of the Property, whether now due, past due or to become due, including all prepaid rents and security deposits (collectively, the "Rents").  This is an absolute assignment, not an assignment for security only.

B.      License. The Trustor reserves a license to collect and retain the Rents as they become due and payable, so long as no Event of Default (as defined in Section 17) shall exist and be continuing.  If an Event of Default has occurred and is continuing, the Beneficiary shall have the right, which it may choose to exercise in its sole discretion, to terminate this license without notice to or demand upon the Trustor, and without regard to the adequacy of the Beneficiary's security under this Deed of Trust. After the termination of this license, any Rents received by the Trustor shall be held in trust by the Trustor for the benefit of the Beneficiary, and the Trustor shall promptly pay the Rents over to the Beneficiary.

C.      Collection and Application of Rents.  Subject to the license reserved to the Trustor in Subsection 4.B, the Beneficiary has the right, power and authority to collect any and all Rents.  The Trustor hereby irrevocably appoints the Beneficiary as its attorney-in-fact, with full power of substitution, to perform any and all of the following acts, if and at the times when the Beneficiary in its sole discretion may so choose:

(1)   Demand, receive and enforce payment of any and all Rents; or

(2)   Give receipts, releases and satisfactions for any and all Rents; or



(3)    Sue either in the name of the Trustor or in the name of the Beneficiary for any and all Rents.

The appointment granted herein shall be deemed to be a power coupled with an interest.

D.    The Beneficiary Not Responsible.  Under no circumstances shall the Beneficiary have any duty to produce Rents from the Property.  Regardless of whether or not the Beneficiary, in person or by agent, takes actual possession of the Property, the Beneficiary is not and shall not be deemed to be: (1) a "mortgagee in possession" for any purpose; (2) responsible for performing any of the obligations of the lessor under any lease of all or part of the Property; (3) responsible for any waste committed by lessees or any other parties, any dangerous or defective condition of the Property, or any negligence in the management, upkeep, repair or control of the Property; or (4) liable in any manner for the Property or the use, occupancy, enjoyment or operation of all or any part of the Property.

5.    **SECURITY AGREEMENT.**

A.    Grant of Security Interest.  Some of the Property and some or all of the Rents may be determined under applicable law to be personal property or fixtures.  To the extent that any Property or Rents now or hereafter constitutes personal property, the Trustor, as debtor, grants to the Beneficiary, as secured party, a security interest in all such Property and Rents, to secure payment and performance of the Obligations.  This Deed of Trust constitutes a security agreement under the California Commercial Code, covering all such Property and Rents.  To the extent permitted by law, Trustor and Beneficiary agree that with respect to all items of personal property which are or will become fixtures on the Land, this Deed of Trust, upon recording or registration in the real estate records of the proper office, shall constitute a "fixture filing" within the meaning of Sections 9102(40) and (41) and 9502 of the California Commercial Code.  Trustor is the record owner of the Land.

B.    Financing Statement.  The Trustor shall file one or more financing statements and such other documents as the Beneficiary may from time to time require to perfect or continue the perfection of the Beneficiary's security interest in any Property or Rents.  If any financing statement or other document is filed in the records normally pertaining to personal property, that filing shall not be construed as in any way derogating from or impairing this Deed of Trust or the rights or obligations of the parties under it.

C.    Uniform Commercial Code Remedies.  The Beneficiary may exercise any or all of the remedies granted to a secured party under the California Commercial Code.

D.    Disposition Upon Default.  Upon the occurrence of an Event of Default, the Beneficiary may dispose of any personal property separately from the sale of real property, in any manner permitted by Chapter 9 of the California Commercial Code, including any public or private sale, or in any manner permitted by any other applicable law.  Any proceeds of any such disposition shall not cure any Event of Default or reinstate any Obligation for purposes of Cal. Civ. Code § 2924c, as amended or recodified from time to time.  In its discretion, the Beneficiary may also or alternatively choose to dispose of some or all of the Property, in any combination consisting of both real and personal property, together in one sale to be held in accordance with the law and procedures applicable to real property, as permitted by the California Commercial Code.  The Trustor agrees that such a sale of personal property, together with real property, constitutes a commercially reasonable sale of the personal property.

6.    **FIXTURE FILING.**  This Deed of Trust constitutes a financing statement filed as a fixture filing under the California Commercial Code,

covering any property which now is or later may become fixtures attached to the real property covered by this Deed of Trust.

7.   **REPRESENTATIONS AND WARRANTIES.** The Trustor represents and warrants as follows:

A.   Priority. Unless otherwise consented to by the Beneficiary, the lien granted by this Deed of Trust now does and hereafter will constitute a lien of first priority.

B.   Ownership. The Trustor is, and, as to Property acquired by it from time to time after the date hereof, the Trustor will be, the owner of all of the Property free from any encumbrances other than the Beneficiary's interest and lien thereon, and the Trustor shall defend the Property against any and all claims and demands of all persons at any time claiming any interest therein in any manner materially averse to the Beneficiary.

C.   Power. The Trustor has full power and authority and legal right to grant a lien in the Property and to assign the Rents pursuant to this Deed of Trust.  The Trustor's organizational identification number is: 84-4090225.

D.   Consents. No consent of any other party (including, without limitation, creditors of the Trustor) and no consent, authorization, approval, or other action by, and no notice to or filing with, any governmental authority is required either (1) for the grant of a lien in the Property pursuant to this Deed of Trust or for the execution, delivery or performance of this Deed of Trust by the Trustor or (2) for the exercise by the Beneficiary of the rights provided for in this Deed of Trust.

E.   Property. The Property is not located in an Earthquake Fault Zone, Special Studies Zone, Seismic Hazard Zone, or other hazard area within the meaning of California Public Resources Code §§ 2621-25 or 2690-99, within a Special Flood Hazard Area designated by the Federal Emergency Management Agency, or within a California Fire Responsibility Area as provided in Public Resources Code §§ 4136.

8.   **PROTECTION OF THE PROPERTY; INSPECTIONS.**  The Trustor will take reasonable efforts in good faith, at all times, to protect the Property against damage or loss. The Trustor shall maintain, keep and preserve the Property in good condition and repair, shall not commit or permit waste of the Property and shall not remove, demolish or substantially alter any of the Improvements. The Trustor shall promptly comply with all laws, ordinances, and regulations, now or hereafter in effect, of all governmental authorities applicable to the use or occupancy of the Property and the Improvements. The Beneficiary or its agent may make reasonable entries upon the Property and may make inspections and tests of the Property as the Beneficiary deems appropriate to determine the Trustor's compliance with this Deed of Trust.  Any inspections or tests made by the Beneficiary shall be for the Beneficiary's purposes only and shall not be construed to create any responsibility or liability on the part of the Beneficiary to the Trustor or to any other person.

9.   **INSURANCE.** The Trustor will also insure the Property against such hazards and in such amounts as the Beneficiary may reasonably require, under policies containing endorsements naming the Beneficiary as loss payee and prohibiting any cancellation or material revision in such policies without 30 days' prior written notice to the Beneficiary.  This Deed of Trust constitutes (and the Trustor acknowledges receipt of) written notice to the Trustor that the accommodations made available to the Trustor by the Beneficiary is not conditioned on the requirement that the Trustor procure insurance from any insurance company

designated by the Beneficiary. However, such insurance policies shall be written by insurance companies acceptable to the Beneficiary.

**10.    DAMAGES AND INSURANCE AND CONDEMNATION PROCEEDS.** The Trustor absolutely and irrevocably assigns to the Beneficiary, all awards of damages and all other compensation payable directly or indirectly because of a condemnation, proposed condemnation or taking for public or private use that affects all or part of the Property or any interest in it, and all proceeds of any insurance policies payable because of loss sustained to all or part of the Property or any interest in it, and all proceeds of any insurance policies payable because of loss sustained to all or part of the Property up to a maximum amount of the Obligations secured by the Note herein, not to exceed $2,340,000.00 MERGEFORMAT, less reductions of payments made by the Trustor up to the date of such loss or condemnation. Said amount shall be the then existing principal balance at the time of the loss or condemnation.  The Trustor shall immediately notify the Beneficiary in writing if any offer is made, or any action or proceeding is commenced, which relates to any actual or proposed condemnation or taking of all or part of the Property.  If the Beneficiary chooses to do so, it may in its own name appear in or prosecute any action or proceeding with respect to injury or loss to all or part of the Property, and it may make any compromise or settlement of such action or proceeding. The Trustor hereby appoints the Beneficiary as its attorney-in-fact, with full power of substitution, to perform the foregoing acts.  The appointment granted herein shall be deemed to be a power coupled with an interest.  The Beneficiary, if it so chooses, may participate in any action or proceeding relating to condemnation or taking of all or part of the Property, and may join the Trustor in adjusting any loss covered by insurance.  All proceeds of such awards of damages and other compensation and insurance proceeds shall be paid to the Beneficiary. Any such proceeds received by the Trustor shall be held in trust by the Trustor for the benefit of the Beneficiary, and the Trustor shall promptly pay the proceeds over to the Beneficiary. The Beneficiary shall apply those proceeds first toward reimbursement of all of the Beneficiary's costs and expenses of recovering the proceeds, including attorneys' fees. The remaining proceeds shall either be applied to the reduction of the Obligations or to the repair or restoration of the Property, as the Beneficiary may elect. If the Beneficiary elects to apply the proceeds to restoration or repair, the Trustor shall repair or replace the damaged or destroyed Property in a manner satisfactory to the Beneficiary. Notwithstanding anything contained in this Section 10 or this Deed of Trust to the contrary, Beneficiary may, in its sole discretion, elect to (y) apply the net proceeds of any condemnation award (after deduction of Beneficiary's reasonable costs and expenses, if any, in collecting the same) in reduction of the Obligations in such order and manner as Beneficiary may elect, whether due or not, or (z) make the proceeds available to Trustor for the restoration or repair of the Property.  Any implied covenant in this Deed of Trust restricting the right of Beneficiary to make such an election is waived by Trustor.  In addition, Trustor hereby waives the provisions of any law prohibiting Beneficiary from making such an election, including, without limitation, the provisions of California Code of Civil Procedure ("CCCP") commencing with Section 1265.210.  If the net proceeds of the condemnation award are made available to Trustor for restoration or repair, the net proceeds of the condemnation award shall be disbursed upon reasonable satisfaction of and in accordance with the terms and conditions set forth in this Section 10.

**11.    TAX AND OTHER LIENS.** The Trustor shall pay promptly when due all taxes, assessments and governmental charges or levies imposed upon the Property, all utility charges for the Property and all claims (including claims for labor, materials and supplies) against the Property, except to the extent the validity thereof is being contested in good faith and the Trustor provides the

Beneficiary with such cash deposit, surety bond or other security satisfactory to the Beneficiary that is sufficient to discharge the contested tax, assessment, charge, levy or claim.

12.     **EXPENDITURES BY THE BENEFICIARY.** If the Trustor fails to comply with any provision of this Deed of Trust, or if any action or proceeding is commenced that would materially affect the Beneficiary's interests in the Property, the Beneficiary on the Trustor's behalf may, but shall not be required to, take any action that the Beneficiary deems appropriate. Any amount that the Beneficiary expends in so doing shall be payable on demand, shall be secured by this Deed of Trust and shall bear interest at the highest rate charged under any of the Obligations from the date incurred or paid by the Beneficiary to the date of repayment by the Trustor.

13.     **FURTHER ASSURANCES.** The Trustor agrees that at any time and from time to time at its expense, the Trustor will promptly execute and deliver all further instruments and documents, and take all further action, that may be necessary or that the Beneficiary deems appropriate or advisable, in order to preserve and protect the lien granted in this Deed of Trust or to enable the Beneficiary to exercise and enforce its rights and remedies under this Deed of Trust.

14.     **HAZARDOUS SUBSTANCES.** The Trustor has no knowledge of the presence, use, disposal, storage or release of any Hazardous Substances on or in the Property, whether by the Trustor or any prior owners or occupants of the Property, or any underground storage tanks located on the Property. The Trustor shall not cause or permit the presence, use, disposal, storage or release of any Hazardous Substances on or in the Property, except as permitted by Environmental Law. The Trustor shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The Trustor shall promptly give the Beneficiary written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which the Trustor has knowledge.   If the Trustor learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, the Trustor shall promptly take all necessary remedial actions in accordance with Environmental Law. "Hazardous Substances" means those substances defined as toxic or hazardous substances by Environmental Law, together with gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. "Environmental Law" means federal, state and local laws, regulations and ordinances that relate to health, safety or environmental protection. The Trustor agrees to indemnify, protect, defend and hold the Beneficiary harmless for, from and against any and all expenses, damages and costs and consequential damages incurred by the Beneficiary, including, without limitation, attorneys' fees, as a result of any Hazardous Substances on the Property, the failure of the Property to comply with any Environmental Law, or the presence of underground storage tanks on the Property at any time, even if such expenses, damages and costs shall be incurred by the Beneficiary after acquisition of the Property by the Beneficiary or a purchaser through foreclosure, Trustee's sale or deed in lieu of foreclosure. The foregoing indemnification and hold harmless provision shall survive payment in full of the Obligations.

15.     **SUBSTITUTION OF THE TRUSTEE.**   From time to time, the Beneficiary may remove the Trustee and appoint a successor Trustee to any

Trustee appointed under this Deed of Trust.  A Notice of Substitution of the Trustee shall be executed and recorded in accordance with applicable law.

16.    **TRANSFER OF PROPERTY.**  A "Transfer" means any sale, contract to sell, conveyance, encumbrance, lease or other transfer of all or any material part of the Property or any interest in it, whether voluntary, involuntary, by operation of law or otherwise.  If the Trustor is a corporation, a "Transfer" also means any transfer or transfers of shares constituting, in the aggregate, more than twenty percent (20%) of the voting power. If the Trustor is a partnership, a "Transfer" also means withdrawal or removal of any general partner, dissolution of the partnership under applicable law, or any transfer or transfers of, in the aggregate, more than twenty percent (20%) of the partnership interests.  The Trustor acknowledges that the Beneficiary is entering into the transactions constituting the Obligations in reliance on the expertise, skill and experience of the Trustor.  Thus, the Obligations include material elements similar in nature to a personal service contract.  In consideration of the Beneficiary's reliance, the Trustor agrees that the Trustor shall not make any Transfer, unless the transfer is preceded by the Beneficiary's express written consent to the particular transaction and transferee.  The Beneficiary may withhold such consent in its sole discretion.  If any Transfer occurs, the Beneficiary in its sole discretion may declare all of the Obligations to be immediately due and payable, and the Beneficiary and the Trustee may invoke any rights and remedies provided in this Deed of Trust or by applicable law.

17.    **EVENTS OF DEFAULT.**  As used in this Deed of Trust, the term "Event of Default" shall include any default or Event of Default described in the Note or Agreement, as applicable, or any breach or default of any provision of this Deed of Trust.

18.    **REMEDIES.**  At any time after an Event of Default, the Beneficiary shall be entitled to invoke any and all rights and remedies described in this Section or permitted by applicable law.   All such rights and remedies shall be cumulative, and the exercise of any one or more of them shall not constitute an election of remedies.

A.    The Beneficiary may declare any or all of the Obligations to be due and payable immediately. However, all of the Obligations shall automatically be due and payable in full if a voluntary or involuntary petition shall be filed by or against the Trustor under the United States Bankruptcy Code or similar statute, or a receiver, trustee, assignee for the benefit of creditors or other similar official shall be appointed to take possession, custody or control of the properties of the Trustor.

B.    The Beneficiary may apply to any court of competent jurisdiction for, and obtain appointment of, a receiver for the Property.

C.    To the extent permitted by applicable law, the Beneficiary, in person, by agent or by court appointed receiver, may enter, take possession of, manage and operate all or any part of the Property, and may also do any and all other things in connection with those actions that the Beneficiary in its sole discretion may consider necessary and appropriate to protect the security of this Deed of Trust.

D.    The Beneficiary may request the Trustee to exercise the power of sale granted in this Deed of Trust.  Before any Trustee's sale, the Beneficiary or the Trustee shall give such statement of breach or nonperformance and notice of sale as may then be required by applicable law.  When all time periods then legally mandated have expired, and after such notice of sale as may then be legally required has been given, the Trustee shall sell the Property being sold at a

public auction to be held at the time and place specified in the notice of sale. Neither the Trustee, nor the Beneficiary, shall have any obligation to make demand on the Trustor before any Trustee's sale. Subject to California Civil Code § 2924g, Trustee may postpone sale of all or any portion of the Property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement or subsequently noticed sale, and without further notice make such sale at the time fixed by the last postponement, or may in its discretion, give a new notice of sale. At any Trustee's sale, the Trustee shall sell to the highest bidder at public auction for cash in lawful money of the United States. The Trustee shall execute and deliver to the purchaser or purchasers a deed or deeds conveying the Property being sold without any covenant or warranty whatsoever, express or implied. Any such deed shall be conclusive evidence in favor of purchasers or encumbrancers for value and without notice, that all requirements of law were met relating to the exercise of the power of sale and the Trustee's sale of the Property conveyed by such deed. Knowledge of the Trustee shall not be imputed to the Beneficiary. At any Trustee's sale, any person, including the Trustor, the Trustee or the Beneficiary, may bid for and acquire the Property or any part of it to the extent permitted by then applicable law. Instead of paying cash for that Property, the Beneficiary shall have the benefit of any law permitting credit bids. The Beneficiary and the Trustee shall apply the proceeds of any Trustee's sale in the following manner: (1) to pay all costs and expenses of exercising the power of sale and of sale, including, without limitation, the Trustee's fees and attorneys' fees actually incurred; (2) to pay the Obligations secured by this Deed of Trust; and (3) to remit the remainder, if any, to the person or persons entitled to it.

E.    The Beneficiary may bring an action in any court of competent jurisdiction to foreclose this Deed of Trust in the manner provided by law for the foreclosure of mortgages on real property or to obtain specific enforcement of any of the covenants or agreements in this Deed of Trust. If the Beneficiary brings such an action, the Trustor agrees to pay the Beneficiary's attorneys' fees as set by the court (and not a jury) and court costs.

F.    The Beneficiary shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Deed of Trust, including, without limitation, attorneys' fees and costs of title evidence.

G.    Upon the occurrence of an Event of Default under this Deed of Trust, Beneficiary, pursuant to the appropriate provisions of the California Commercial Code, shall have an option to proceed with respect to both the real property portion of the Property and the personal property in accordance with its rights, powers and remedies with respect to such real property, in which event the default provisions of the California Commercial Code shall not apply. Such option shall be revocable by Beneficiary as to all or any portion of the personal property at any time prior to the sale of the remainder of the Property. In such event Beneficiary shall designate Trustee to conduct the sale of the personal property in combination with the sale of the remainder of the Property. Should Beneficiary elect to sell the personal property or any part thereof which is real property or which Beneficiary has elected to treat as real property or which may be sold together with the real property as provided above, Beneficiary or Trustee shall give such notice of default and election to sell as may then be required by law. The parties agree that if Beneficiary shall elect to proceed with respect to any portion of the personal property separately from such real property, five (5) days notice of the sale of the personal property shall be reasonable notice. The reasonable expenses of retaking, holding, preparing for sale, selling and the like incurred by Beneficiary shall include, but not be limited to, reasonable attorneys' fees, costs and expenses, and other expenses incurred by Beneficiary.

In addition, Beneficiary shall have the right to appoint a receiver when permitted under Section 564 of the CCCP, including, without limitation, in order to enforce Beneficiary's rights under Section 2929.5 of the California Civil Code. The receiver shall have all of the rights and powers to the fullest extent permitted by law. The receiver shall have the right to apply Rents to cleanup, remediation or other response actions concerning the release or threatened release of Hazardous Substances, whether or not such actions are pursuant to an order of any federal, state or local governmental agency.

19.   **REINSTATEMENT.**  In the event of reinstatement of the Obligations secured by this Deed of Trust in accordance with applicable law after an Event of Default, the Trustee shall record a Cancellation of Notice of Sale. Reinstatement after an Event of Default shall not constitute a waiver of any Event of Default then existing or subsequently occurring, nor impair the right of the Beneficiary to declare other Events of Default or the right to cause the Trustee to record a Notice of Sale, nor otherwise affect this Deed of Trust or any other instrument or document relating to the Obligations or any of the rights, obligations or remedies of the Beneficiary or the Trustee in this Deed of Trust or any other instrument or document relating to the Obligations.

20.   **TIME OF ESSENCE.**  Time is of the essence in each provision of this Deed of Trust.

21.   **NO WAIVER.**  No failure on the part of the Beneficiary to exercise, and no course of dealing with respect to, and no delay in exercising, any right, power or remedy hereunder shall operate as a waiver thereof; nor shall any single or partial exercise by the Beneficiary or any right, power or remedy hereunder preclude any other or further exercise thereof or the exercise of any other right, power or remedy.

22.   **NOTICES.**  Unless otherwise required by applicable law, any notices or consents required or permitted by this Deed of Trust shall be in writing and shall be deemed delivered if delivered in person or if sent by certified mail, postage prepaid, return receipt requested, or by fax, to the Trustor or the Beneficiary at the addresses set forth above.

23.   **APPLICABLE LAW.**  The laws of the State of California shall govern the construction of this Deed of Trust and the rights and remedies of the parties hereto.

24.   **BINDING EFFECT AND ENTIRE AGREEMENT.**  This Deed of Trust shall inure to the benefit of, and shall be binding on, the Beneficiary and its successors and assigns and the Trustor and its heirs, personal representatives, successors and permitted assigns. This Deed of Trust, together with all other documents evidencing or securing the Obligations, constitutes the entire agreement between the Beneficiary and the Trustor.

25.   **AMENDMENTS; CONSENTS.**  No amendment, modification, supplement, termination, or waiver of any provision of this Deed of Trust, and no consent to any material departure by the Trustor therefrom, may in any event be effective unless in writing signed by the Beneficiary, and then only in the specific instance and for the specific purpose given.

26.   **SEVERABILITY.**  If any provision of this Deed of Trust shall be held invalid under any applicable law, such invalidity shall not affect any other provision of this Deed of Trust that can be given effect without the invalid provision, and, to this end, the provisions of this Deed of Trust are severable.

27.   **WAIVER OF EXEMPTIONS.**  The Trustor abandons and waives any applicable exemption and homestead rights to the fullest extent permitted by applicable law.

28.   **TRUSTEE PROVISIONS.**   From time to time upon written request of Beneficiary and presentation of this Deed of Trust for endorsement and without affecting the personal liability of any person for payment of the Obligations or performance of the Obligations, Trustee may, without liability therefor and without notice, (i) reconvey all or any part of the Property; (ii) consent to the making of any map or plat thereof; (iii) join in granting any easement thereon; (iv) join in any declaration of covenants and restrictions; or (v) join in any extension agreement or any agreement subordinating the lien or charge hereof. Trustee or Beneficiary may from time to time apply in any court of competent jurisdiction for aid and direction in the execution of the trusts hereunder and the enforcement of the rights and remedies available hereunder, and Trustee or Beneficiary may obtain orders or decrees directing or confirming or approving acts in the execution of such trusts and the enforcement of such remedies. Trustee has no obligation to notify any party of any pending sale or any action or proceeding unless held or commenced and maintained by Trustee under this Deed of Trust.  Trustor shall pay to Trustee reasonable compensation and reimbursement for services and expenses in the enforcement of the trusts created hereunder, including reasonable attorneys' fees.  Trustor shall indemnify Trustee and Beneficiary against all losses, claims, demands and liabilities which either may incur, suffer or sustain in the execution of the trusts created hereunder or in the performance of any act required or permitted hereunder or by law.

  **IN WITNESS WHEREOF,** the Trustor has caused this Deed of Trust to be executed as of the date first above written.

  **TRUSTOR:**

  150 La Sierra, LLC, a[n] California Limited Liability Company

  150 La Sierra, LLC, a California limited liability company
  By:  Jinzheng Group USA, LLC, a California limited liability company, Its Managing Member

  By: _____
        Betty Zheng, Its Manager



# ACKNOWLEDGMENT

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

---

STATE OF CALIFORNIA
COUNTY OF ___(s)___ Angeles

On January 21ˢᵗ, 20 20 before me, Brooke D. Rodriguez___, a Notary Public, personally appeared **Betty Zheng**, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____   (Seal)





BROOKE D. RODRIGUEZ
Notary Public - California
San Bernardino County
Commission # 2285067
My Comm. Expires May 10, 2023

35

## EXHIBIT A
### [Legal Description]

LOT 1 OF TRACT NO. 63552, IN THE CITY OF ARCADIA, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 1325 PAGE(S) 32 AND 33 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THEREFROM ALL OIL, GAS, MINERALS AND OTHER HYDROCARBON SUBSTANCES, LYING BELOW A DEPTH OF 500 FEET FROM THE SURFACE OF SAID PROPERTY, BUT WITH NO RIGHT OF SURFACE ENTRY, WHERE THEY HAVE BEEN PREVIOUSLY RESERVED IN INSTRUMENTS OF RECORD.



EXHIBIT 5



**This page is part of your document - DO NOT DISCARD**

## 20220373976




**Pages:
0004**

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**04/05/22 AT 08:00AM**

| | |
|---|---|
| FEES: | 28.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 75.00 |
| PAID: | 103.00 |



**L E A D S H E E T**



202204051040010

**00022171955**



013298440

**SEQ:
01**

**SECURE - 8:00AM**



**THIS FORM IS NOT TO BE DUPLICATED**



*E441953*

EXHIBIT 5

37

**WFG National-Default Services**

Recording Requested by:
Same as below

Loan Number: 20010794

WHEN RECORDED MAIL TO

Sound Equity Inc
989 112th Ave NE
Suite 207
Bellevue, WA 98004
5781-010-063

---

TS # 85859      # ASSIGNMENT OF DEED OF TRUST

---

**FOR VALUE RECEIVED**, the undersigned hereby grants, assigns and transfers to:

## Sound Equity High Income Debt Fund LLC, ISAOA

an undivided 100% interest to that certain Deed of Trust dated <u>January 15, 2020</u> executed by <u>150 La Sierra, LLC, a[n] CA Limited Liability Company,</u> Trustor(s), to <u>FCI LENDER SERVICES INC, A CALIFORNIA CORPORATION</u>, Trustee, and recorded as Instrument No. <u>20200086211</u> on <u>January 23, 2020</u>, of Official Records in the County Recorder's office of <u>Los Angeles County, CA</u>, described as:

         See original recorded Trust Deed for exact legal description

**Property commonly known as:**

**150 E La Sierra Dr, ARCADIA, CA**

**APN: 5781-010-063**

TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Deed of Trust.

Dated: March 18, 2022

**Sound Equity Inc, a Delaware Corporation**

By:   Sound Equity Management Group, LLC, its Manager

Ken Hansen, Managing Member

38

Loan#20010794: 150 E La Sierra Dr, ARCADIA, CA 91006

A notary public or other officer completing this
certificate verifies only the identity of the
individual who signed the document to which this
certificate is attached, and not the truthfulness,
accuracy, or validity of that document.

CALIFORNIA ALL-PURPOSE

ACKNOWLEDGMENT

State of _WASHINGTON_
County of _KING_

On _3/18/22_ before me, _ERIC R. BAUGH_, personally
appeared

_Ken Hansen_____, who proved to me on the basis of satisfactory evidence
to be the person(s) whose name(s) is/are subscribed to the within instrument and
acknowledged to me that he/she/they executed the same in his/her/their authorized
capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the
entity upon behalf of which the person(s) acted, executed the instrument.

I certify **under penalty of perjury** under the laws of the State of _WASHINGTON_
that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Signature of Notary Public

ERIC RICHARD BAUGH
Notary Public
State of Washington
My Commission Expires
May 04, 2022

Loan#20010794: 150 E La Sierra Dr, ARCADIA, CA 91006

# ALLONGE TO PROMISSORY NOTE

March 18, 2022                                                                Bellevue, WA

Date of Note:              January 15, 2020

Face Amount:               $2,340,000.00

Current Payee/Lender:      Sound Equity Inc, a Delaware Corporation

Original Maker/Borrower:   150 La Sierra, LLC, a[n] CA Limited Liability Company

Pay to the Order of **Sound Equity High Income Debt Fund LLC, ISAOA** ("Assignee"), without recourse, representation or warranty, express or implied, between the undersigned and Assignee.

**Sound Equity Inc, a Delaware Corporation**

By:  Sound Equity Management Group, LLC, its Manager

Ken Hansen, Managing Member

40

EXHIBIT 6

**This page is part of your document - DO NOT DISCARD**

## 20220373978





Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**Pages:
0004**

**04/05/22 AT 08:00AM**

| | |
|---|---|
| FEES: | 35.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 75.00 |
| PAID: | 110.00 |



**L E A D S H E E T**



202204051040010

00022171957



013298440

**SEQ:
03**

**SECURE - 8:00AM**



**THIS FORM IS NOT TO BE DUPLICATED**

*E441953*

EXHIBIT 6

41

2122510CAD_Package_1_2

WFG National Default Services

RECORDING REQUESTED BY:
California TD Specialists
Attn: Janina Hoak


WHEN RECORDED MAIL TO:
**California TD Specialists**
**Attn: Janina Hoak**
**8190 East Kaiser Blvd.**
**Anaheim Hills, California 92808**

*2/22510 CAD*

| TS No.: **85859** | Loan No.: **399283791** | SPACE ABOVE THIS LINE FOR RECORDER'S USE<br>A.P.N.: **5781-010-063** |
|---|---|---|

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

## IMPORTANT NOTICE

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until approximately 90 days from the date this notice of default may be recorded (which date of recordation appears on this notice).

This amount is **$127,551.38** as of 4/1/2022, and will increase until your account becomes current. While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition of reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than three months after this notice of default is recorded) to, among other things. (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period,





42

you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor. To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

**SOUND EQUITY HIGH INCOME DEBT FUND LLC, ISAOA**
**C/O California TD Specialists**
**8190 East Kaiser Blvd.**
**Anaheim Hills, California 92808**
**Phone: (714) 283-2180**

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

**If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale is concluded prior to the conclusion of the foreclosure.**

## Remember, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

NOTICE IS HEREBY GIVEN:  That **CALIFORNIA TD SPECIALISTS, AS TRUSTEE** is either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary under a Deed of Trust dated **1/15/2020**, executed by **150 LA SIERRA, LLC, A(N) CALIFORNIA LIMITED LIABILITY COMPANY**, as Trustor, to secure certain obligations in favor of **SOUND EQUITY INC, A DELAWARE CORPORATION** , as beneficiary, recorded **1/23/2020**, as Instrument No. 20200086211, in Book N/A, Page N/A,  of Official Records in the Office of the Recorder of **Los Angeles** County, California describing land therein as: As more fully described on said Deed of Trust.

Including one **NOTE(S) FOR THE ORIGINAL** sum of **$2,340,000.00**, that the beneficial interest under such Deed of Trust and the obligations secured thereby are presently held by the undersigned; that a breach of, and default in,  the obligations for which such Deed of Trust is security has occurred in that payment has not been made of:
**Installment of Principal and Interest plus impounds and/or advances which became due on 1/1/2022 plus late charges, and all subsequent installments of principal, interest, balloon payments, plus impounds and/or advances and late charges that become payable. ADVANCES TO SENIOR LIENS, LEGAL FEES, INSURANCE, TAXES PLUS INTEREST AND DELINQUENT TAXES AND/OR INSURANCE PREMIUMS TO BE ADVANCED BY THE BENEFICIARY AFTER THE RECORDING OF THE NOTICE OF DEFAULT.  AS A CONDITION OF REINSTATEMENT, ALL SENIOR LIENS, PROPERTY TAXES AND FIRE INSURANCE PREMIUMS MUST NOT BE DELINQUENT AND MUST HAVE A CURRENT PAID STATUS.**

That by reason thereof, the present beneficiary under such deed of trust, has executed and delivered to said duly appointed Trustee, a written Declaration of Default and Demand for same, and has deposited with said duly appointed Trustee, such deed of trust and all documents evidencing obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

**The mortgage servicer/lender has supplied reliable and competent evidence to substantiate the borrower's default and its right to foreclose.**

Dated: 4/1/2022

**CALIFORNIA TD SPECIALISTS, AS TRUSTEE**

BY: _____

**PATRICIO S. INCE', VICE PRESIDENT**

43

Reset Form

# Declaration of Mortgage Servicer
# Pursuant to Civil Code Section 2923.5(b)

| | |
|---|---|
| Borrower Name(s): | 150 La Sierra, LLC |
| Loan Number: | 399283791 |
| Mortgage Servicer: | FCI Lender Services, Inc. |
| Property Address: | 150 E La Sierra Dr Arcadia, CA 91006 |

Trustee Sale Number:    85859

The undersigned, as an authorized agent or employee of the mortgage servicer named below, declares that:

☐ 1. The mortgage servicer has contacted the borrower pursuant to California Civil Code Section 2923.5(a)(2) to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure". Thirty (30) days, or more, have passed since the initial contact was made.

☐ 2. Despite the exercise of due diligence pursuant to California Civil Code Section 2923.5 (e), the mortgage servicer has been unable to contact the borrower to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure". Thirty (30) days, or more, have passed since these due diligence efforts were satisfied.

☑ 3. No contact was required by the mortgage servicer because the individual(s) did not meet the definition of "borrower" pursuant to subdivision (c) of California Civil Code Section 2920.5.

☐ 4. The requirements of California Civil Code Section 2923.5 do not apply because the loan is not secured by a first mortgage or first deed of trust that secures a loan, or that encumbers real property, described in California Civil Code Section 2924.15.

☐ 5. The mortgage servicer has contacted the borrower pursuant to California Civil Code Section 2923.5(a)(2) to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure". Thirty (30) days, or more, have passed since the initial contact was made. A forbearance was requested by the borrower and denied by the Lender. The denial letter for the requested forbearance is attached.

I certify that this declaration is accurate, complete, and supported by competent and reliable evidence which the mortgage servicer has reviewed to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information.

| **FCI Lender Services, Inc.** | **Mike Lloyd** |
|---|---|
| Mortgage Servicer | Authorized Agent/ Manager |

**Mike Lloyd** Digitally signed by Mike Lloyd
Date: 2022.03.23 09:02:40
-07'00'

03/23/2022

| Signature | Date |
|---|---|

44

EXHIBIT 7

DocuSign Envelope ID: 4EB3223B-AC1F-4E39-820B-B1B3C6611CE9

6/23/2022

**California TD Specialists**
**8190 East Kaiser Blvd.**
**Anaheim Hills, California 92808**
**(714) 283-2180**

# DEMAND FOR PAYOFF

ZSHECHTMAN@DANNINGGILL.COM

| | | | |
|---|---|---|---|
| Borrower: | 150 LA SIERRA, LLC | | |
| Re: TS#: | 85859 | Loan#: | 399283791 |
| Property Address: | 150 E LA SIERRA DR | | |
| | ARCADIA, CA 91006 | | |

IMPORTANT NOTICE: IF YOU OR YOUR ACCOUNT ARE SUBJECT TO PENDING BANKRUPTCY PROCEEDINGS, OR IF YOU RECEIVED A BANKRUPTCY DISCHARGE ON THIS DEBT, THIS STATEMENT IS FOR INFORMATIONAL PURPOSES ONLY AND IS NOT AN ATTEMPT TO COLLECT A DEBT.  IF YOU ARE NOT IN BANKRUPTCY OR DISCHARGED OF THIS DEBT, BE ADVISED THAT CALIFORNIA TD SPECIALISTS IS A DEBT COLLECTOR AND IS ATTEMPTING TO COLLECT A DEBT ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

The amount to pay off the above referenced loan as of **7/15/2022** is as follows:

| | |
|---|---|
| Unpaid Principal Balance: | $1,551,633.59 |
| Accrued Interest from 12/1/2021 | $234,813.88 |

## Interest Information

| From | Through | Payment Amount | Payments | Late Charge | Interest Rate | Interest on UPB |
|---|---|---|---|---|---|---|
| 12/1/2021 | 1/31/2022 | | | $0.00 | 24% | $64,134.19 |
| 2/1/2022 | 7/15/2022 | | | $0.00 | 24% | $170,679.69 |

| | |
|---|---|
| Total Charges & Advances: | $1,232.82 |

## Charges and Advance Details

| From | Description | Int. Rate | Charges & Advance Amount | Interest on Charges & Advances |
|---|---|---|---|---|
| 09/01/2021 | Prior Unpaid Late Charges () | 0% | $1,051.01 | $0.00 |
| 03/23/2022 | Suspense balance () | 0% | ($367.29) | $0.00 |
| 03/31/2022 | Interest on advances () | 0% | $549.10 | $0.00 |

| | |
|---|---|
| Total Foreclosure Fees and Costs: | $10,204.58 |

| | |
|---|---|
| Payoff Amount as of 7/15/2022 | $1,797,884.87 |





EXHIBIT 7

45

DocuSign Envelope ID: 4EB3223B-AC1F-4E39-820B-A38A3335334D

Please submit your **Certified Funds**, payable to:
California TD Specialists, ATTN: Janina Hoak
**8190 East Kaiser Blvd., Anaheim Hills, California 92808**
**Please be advised that this figure is subject to change due to escrow disbursements and advances.  Please contact this office to verify that these figures have not changed.**

Thank you,

_____
Janina Hoak, Foreclosure Specialist

LENDER AGREES WITH THE AMOUNT ABOVE

_____
SOUND EQUITY HIGH INCOME  DEBT FUND LLC

EXHIBIT 8

1  ZEV SHECHTMAN (State Bar No. 266280)
   *zs@DanningGill.com*
2  ALPHAMORLAI L. KEBEH (State Bar No. 336798)
   *akebeh@DanningGill.com*
3  DANNING, GILL, ISRAEL & KRASNOFF, LLP
   1901 Avenue of the Stars, Suite 450
4  Los Angeles, California 90067-6006
   Telephone: (310) 277-0077
5  Facsimile: (310) 277-5735

6  Attorneys for Proposed General Bankruptcy
   Counsel for Jinzheng Group (USA) LLC, Debtor
7  in Possession

8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                **LOS ANGELES DIVISION**

11

12  In re                                    Case No. 2:21-bk-16674-ER

13  JINZHENG GROUP (USA) LLC,                Chapter 11

14            Debtor and Debtor-in-          **ORDER APPROVING COMPROMISE
             Possession.                     BETWEEN DEBTOR AND 150 LA
15                                            SIERRA, LLC**

16                                           Hearing Date:
                                             Date:    July __, 2022
17                                           Time:    __:__ a.m.
                                             Crtrm.:  Courtroom 1568
18                                                    255 E. Temple Street
                                                      Los Angeles, California 90012
19

20        On July __, 2022, at __:__ a.m., there came before the Court for hearing Jinzheng Group

21  (USA) LLC's Motion or Order Approving Compromise Between Debtor and 150 La Sierra LLC

22  (docket no.__) (the "Motion"), filed by Jinzheng Group (USA) LLC (the "Debtor"), the Honorable

23  Ernest Robles, United States Bankruptcy Judge, presiding.  Appearances were made as stated on

24  the record. The Court, having read and considered the Motion and pleadings and evidence offered

25  in support thereof; having found that notice of the Motion and the hearing thereon were adequate

26  and proper; with good cause shown; it is hereby

27        ORDERED THAT:

28        1.      The Motion is granted in its entirety.

1687185.1  27086                          1

                                  EXHIBIT 8        47

1          2.          The Agreement is approved.

2          3.          150 La Sierra LLC's right, title, and interest in real property located at 150 East La

3   Sierra Drive, Arcadia, CA 91006 (the "Property") is hereby immediately transferred and assigned

4   to the Debtor.

5          4.          The Debtor is authorized to execute all documents and otherwise take all actions he

6   deems necessary and appropriate to effectuate the Agreement.

7                                                                                                      ###

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 1901 Avenue of the Stars, Suite 450, Los Angeles, CA 90067-6006.

A true and correct copy of the foregoing document entitled (*specify*):  DEBTOR'S NOTICE OF MOTION AND MOTION FOR ORDER APPROVING COMPROMISE BETWEEN DEBTOR AND 150 LA SIERRA LLC; MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATIONS OF ZHAO PU YANG, ZEV SHECHTMAN, STEPHEN ENG, AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT THEREOF  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)  July 5, 2022  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2.  SERVED BY UNITED STATES MAIL**:  On July 5, 2022 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by causing to be placed a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

**3. SERVED BY EMAIL**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on July 5, 2022, I served the following persons and/or entities by email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Sound Equity
Paul Leeds, Esq.          pleeds@fsl.law
Julie Williams:            juliew@soundcapital.com

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 5, 2022 | Beverly Lew | /s/ Beverly Lew |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

ADDITIONAL SERVICE INFORMATION (if needed):

### 1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

Donna C Bullock on behalf of Interested Party Donna Bullock Carrera
donnabullockcarrera@yahoo.com, donna.bullock@ymail.com

Steven P Chang on behalf of Interested Party Courtesy NEF
heidi@spclawoffice.com,
schang@spclawoffice.com,assistant1@spclawoffice.com,attorney@spclawoffice.com;g9806@notify.cincom
pass.com;changsr75251@notify.bestcase.com

Michael F Chekian on behalf of Creditor The Phalanx Group
mike@cheklaw.com, chekianmr84018@notify.bestcase.com

Michael F Chekian on behalf of Interested Party Chekian Law Office, Inc.
mike@cheklaw.com, chekianmr84018@notify.bestcase.com

Susan Titus Collins on behalf of Interested Party INTERESTED PARTY
scollins@counsel.lacounty.gov

Jeffrey W Dulberg on behalf of Creditor Committee OFFICIAL COMMITTEE OF UNSECURED
CREDITORS
jdulberg@pszjlaw.com

Oscar Estrada on behalf of Creditor LOS ANGELES COUNTY TREASURER AND TAX COLLECTOR
oestrada@ttc.lacounty.gov

Richard Girgado on behalf of Interested Party Courtesy NEF        rgirgado@counsel.lacounty.gov

M. Jonathan Hayes on behalf of Interested Party Courtesy NEF
jhayes@rhmfirm.com,
roksana@rhmfirm.com;matt@rhmfirm.com;rosario@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.co
m;david@rhmfirm.com;sloan@rhmfirm.com;boshra@rhmfirm.com;rosario@rhmfirm.com

Teddy M Kapur on behalf of Creditor Committee OFFICIAL COMMITTEE OF UNSECURED
CREDITORS
tkapur@pszjlaw.com, mdj@pszjlaw.com

Peter A Kim on behalf of Attorney LAW OFFICES OF PETER KIM
peter@pkimlaw.com, peterandrewkim@yahoo.com

Peter A Kim on behalf of Defendant Betula Lenta Inc        peter@pkimlaw.com,
peterandrewkim@yahoo.com

Peter A Kim on behalf of Defendant David Park        peter@pkimlaw.com, peterandrewkim@yahoo.com

Peter A Kim on behalf of Defendant Jonathan Pae        peter@pkimlaw.com, peterandrewkim@yahoo.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                          F 9013-3.1.PROOF.SERVICE

Christopher J Langley on behalf of Debtor JINZHENG GROUP (USA) LLC
chris@slclawoffice.com,
omar@slclawoffice.com;langleycr75251@notify.bestcase.com;ecf123@casedriver.com

Christopher J Langley on behalf of Plaintiff JINZHENG GROUP (USA) LLC
chris@slclawoffice.com,
omar@slclawoffice.com;langleycr75251@notify.bestcase.com;ecf123@casedriver.com

Benjamin R Levinson, ESQ on behalf of Creditor Michael E. Dorff and Shari L. Dorff
ben@benlevinsonlaw.com, courtney@benlevinsonlaw.com

Eric A Mitnick on behalf of Interested Party Courtesy NEF
MitnickLaw@aol.com, mitnicklaw@gmail.com

Giovanni Orantes on behalf of Other Professional Orantes Law Firm, P.C.
go@gobklaw.com, gorantes@orantes-
law.com,cmh@gobklaw.com,gobklaw@gmail.com,go@ecf.inforuptcy.com;orantesgr89122@notify.bestcase
.com

Donald W Reid on behalf of Interested Party INTERESTED PARTY
don@donreidlaw.com, ecf@donreidlaw.com

Matthew D. Resnik on behalf of Attorney Matthew Resnik
matt@rhmfirm.com,
roksana@rhmfirm.com;rosario@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.c
om;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.c
om

Matthew D. Resnik on behalf of Creditor Royalty Equity Lending, LLC/Bobs LLC
matt@rhmfirm.com,
roksana@rhmfirm.com;rosario@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.c
om;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.c
om

Matthew D. Resnik on behalf of Interested Party Courtesy NEF
matt@rhmfirm.com,
roksana@rhmfirm.com;rosario@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.c
om;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.c
om

Peter J Ryan on behalf of Defendant Testa Capital Group     ryan@floresryan.com,
schneider@floresryan.com

Peter J Ryan on behalf of Defendant Thomas L. Testa        ryan@floresryan.com,
schneider@floresryan.com

Allan D Sarver on behalf of Creditor Investment Management Company LLC      ADS@asarverlaw.com

Allan D Sarver on behalf of Interested Party Courtesy NEF       ADS@asarverlaw.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                              F 9013-3.1.PROOF.SERVICE

Zev Shechtman on behalf of Interested Party INTERESTED PARTY
zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com

David Samuel Shevitz on behalf of Interested Party INTERESTED PARTY
david@shevitzlawfirm.com,
shevitzlawfirm@ecf.courtdrive.com;r48785@notify.bestcase.com;Jose@shevitzlawfirm.com

John N Tedford, IV on behalf of Interested Party INTERESTED PARTY
jtedford@DanningGill.com, danninggill@gmail.com;jtedford@ecf.inforuptcy.com

United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

Hatty K Yip on behalf of U.S. Trustee United States Trustee (LA)
hatty.yip@usdoj.gov, hatty.k.yip@usdoj.gov

## 2.  <u>SERVED BY U.S. MAIL</u>

JINZHENG GROUP (USA) LLC          The Honorable Ernest M. Robles
1414 S Azusa Ave, Suite B-22          U.S. Bankruptcy Court
West Covina, CA 91791-4084          255 E. Temple Street, Suite 1560
                                                        Los Angeles, CA 90012

COMMITTEE OF CREDITORS HOLDING UNSECURED CLAIMS

Bentula Lenta, Inc.                  The Phalanx Group, Inc.          Testa Capital Group
David Park                             Anthony Rodriguez               620 Newport Center Dr., #1100
800 W. 6th Street, Suite 1250      424 E. 1st Street, Unit #10      Newport Beach, CA 92660
Los Angeles, CA 900171            Los Angeles, CA 90015

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                    **F 9013-3.1.PROOF.SERVICE**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

A true and correct copy of the foregoing document entitled: **APPLICATION FOR ORDER SETTING HEARING ON SHORTENED NOTICE [LBR 9075-1(b)]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) __07/05/2022__ , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) __07/05/2022__ , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) __07/05/2022__ , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

BY EMAIL:
Sound Equity
Julie Willams juliew@soundcapital.com
Paul Leeds, Esq.  pleeds@fsl.law

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 07/05/2022 | Beverly Lew | | /s/ Beverly Lew |
|---|---|---|---|
| *Date* | *Printed Name* | | *Signature* |

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

ADDITIONAL SERVICE INFORMATION (if needed):

# 1. **SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

Donna C Bullock on behalf of Interested Party Donna Bullock Carrera
donnabullockcarrera@yahoo.com, donna.bullock@ymail.com

Steven P Chang on behalf of Interested Party Courtesy NEF
heidi@spclawoffice.com,
schang@spclawoffice.com,assistant1@spclawoffice.com,attorney@spclawoffice.com;g9806@notify.cincom
pass.com;changsr75251@notify.bestcase.com

Michael F Chekian on behalf of Creditor The Phalanx Group
mike@cheklaw.com, chekianmr84018@notify.bestcase.com

Michael F Chekian on behalf of Interested Party Chekian Law Office, Inc.
mike@cheklaw.com, chekianmr84018@notify.bestcase.com

Susan Titus Collins on behalf of Interested Party INTERESTED PARTY
scollins@counsel.lacounty.gov

Jeffrey W Dulberg on behalf of Creditor Committee OFFICIAL COMMITTEE OF UNSECURED
CREDITORS
jdulberg@pszjlaw.com

Oscar Estrada on behalf of Creditor LOS ANGELES COUNTY TREASURER AND TAX COLLECTOR
oestrada@ttc.lacounty.gov

Richard Girgado on behalf of Interested Party Courtesy NEF        rgirgado@counsel.lacounty.gov

M. Jonathan Hayes on behalf of Interested Party Courtesy NEF
jhayes@rhmfirm.com,
roksana@rhmfirm.com;matt@rhmfirm.com;rosario@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.co
m;david@rhmfirm.com;sloan@rhmfirm.com;boshra@rhmfirm.com;rosario@rhmfirm.com

Teddy M Kapur on behalf of Creditor Committee OFFICIAL COMMITTEE OF UNSECURED
CREDITORS
tkapur@pszjlaw.com, mdj@pszjlaw.com

Peter A Kim on behalf of Attorney LAW OFFICES OF PETER KIM
peter@pkimlaw.com, peterandrewkim@yahoo.com

Peter A Kim on behalf of Defendant Betula Lenta Inc        peter@pkimlaw.com,
peterandrewkim@yahoo.com

Peter A Kim on behalf of Defendant David Park        peter@pkimlaw.com, peterandrewkim@yahoo.com

Peter A Kim on behalf of Defendant Jonathan Pae        peter@pkimlaw.com, peterandrewkim@yahoo.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                              **F 9013-3.1.PROOF.SERVICE**

Christopher J Langley on behalf of Debtor JINZHENG GROUP (USA) LLC
chris@slclawoffice.com,
omar@slclawoffice.com;langleycr75251@notify.bestcase.com;ecf123@casedriver.com

Christopher J Langley on behalf of Plaintiff JINZHENG GROUP (USA) LLC
chris@slclawoffice.com,
omar@slclawoffice.com;langleycr75251@notify.bestcase.com;ecf123@casedriver.com

Benjamin R Levinson, ESQ on behalf of Creditor Michael E. Dorff and Shari L. Dorff
ben@benlevinsonlaw.com, courtney@benlevinsonlaw.com

Eric A Mitnick on behalf of Interested Party Courtesy NEF
MitnickLaw@aol.com, mitnicklaw@gmail.com

Giovanni Orantes on behalf of Other Professional Orantes Law Firm, P.C.
go@gobklaw.com, gorantes@orantes-
law.com,cmh@gobklaw.com,gobklaw@gmail.com,go@ecf.inforuptcy.com;orantesgr89122@notify.bestcase
.com

Donald W Reid on behalf of Interested Party INTERESTED PARTY
don@donreidlaw.com, ecf@donreidlaw.com

Matthew D. Resnik on behalf of Attorney Matthew Resnik
matt@rhmfirm.com,
roksana@rhmfirm.com;rosario@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.c
om;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.c
om

Matthew D. Resnik on behalf of Creditor Royalty Equity Lending, LLC/Bobs LLC
matt@rhmfirm.com,
roksana@rhmfirm.com;rosario@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.c
om;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.c
om

Matthew D. Resnik on behalf of Interested Party Courtesy NEF
matt@rhmfirm.com,
roksana@rhmfirm.com;rosario@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.c
om;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.c
om

Peter J Ryan on behalf of Defendant Testa Capital Group     ryan@floresryan.com,
schneider@floresryan.com

Peter J Ryan on behalf of Defendant Thomas L. Testa     ryan@floresryan.com,
schneider@floresryan.com

Allan D Sarver on behalf of Creditor Investment Management Company LLC     ADS@asarverlaw.com

Allan D Sarver on behalf of Interested Party Courtesy NEF     ADS@asarverlaw.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                           F 9013-3.1.PROOF.SERVICE

Zev Shechtman on behalf of Interested Party INTERESTED PARTY
zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com

David Samuel Shevitz on behalf of Interested Party INTERESTED PARTY
david@shevitzlawfirm.com,
shevitzlawfirm@ecf.courtdrive.com;r48785@notify.bestcase.com;Jose@shevitzlawfirm.com

John N Tedford, IV on behalf of Interested Party INTERESTED PARTY
jtedford@DanningGill.com, danninggill@gmail.com;jtedford@ecf.inforuptcy.com

United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

Hatty K Yip on behalf of U.S. Trustee United States Trustee (LA)
hatty.yip@usdoj.gov, hatty.k.yip@usdoj.gov

## 2.  **SERVED BY U.S. MAIL**

JINZHENG GROUP (USA) LLC           The Honorable Ernest M. Robles
1414 S Azusa Ave, Suite B-22            U.S. Bankruptcy Court
West Covina, CA 91791-4084             255 E. Temple Street, Suite 1560
                                       Los Angeles, CA 90012

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-3.1.PROOF.SERVICE**