FRANKLIN SOTO LEEDS LLP
Paul J. Leeds (Bar No. 214309)
pleeds@fsl.law
444 West C Street, Suite 300
San Diego, California 92101
Tel:  619.872.2520
Fax: 619.566.0221

Attorneys for *Sound Equity Inc.*

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA,

# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>JINZHENG GROUP (USA) LLC<br><br>Debtor. | Case No.: 2:21-bk-16674-ER<br><br>Chapter 11<br><br>**SOUND EQUITY INC'S OPPOSITION TO DEBTOR'S MOTION FOR ORDER APPROVING COMPROMISE BETWEEN DEBTOR AND 150 LA SIERRA LLC**<br><br><u>HEARING:</u><br>Date:    July 19, 2022<br>Time:   11:00 a.m.<br>Crtrm.:  1568<br>             255 E. Temple Street<br>             Los Angeles, California 90012<br>Judge:   Ernest M. Robles |

Case. No. 2:21-bk-16674-ER

OPPOSITION

**THE HONORABLE ERNEST M. ROBLES, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR, ITS COUNSEL, AND ALL INTERESTED PARTIES:**

Interested party Sound Equity Inc. ("<u>Sound Equity</u>"), a secured creditor of non-debtor 150 La Sierra LLC, a California limited liability company ("La Sierra Borrower"), respectfully submits the following <u>Opposition</u> to Motion for Order Approving Compromise Between Debtor and 150 La Sierra LLC (the "Settlement <u>Motion</u>").

## I.

## **INTRODUCTION**

Sound Equity holds a first position security interest in real property owned by the La Sierra Borrower. The real property collateral for Sound Equity's loan is a partially completed residence at 150 E. La Sierra Dr., Arcadia, California 91106 (the "La Sierra Property"). Debtor JINZHENG GROUP (USA) LLC, ("<u>Debtor</u>") conveyed the La Sierra Property to the La Sierra Borrower in January 2020, concurrent with the vesting of title in the La Sierra Borrower. The La Sierra Borrower has defaulted on the loan, and a notice of default was issued and recorded on about March 23, 2022.

Debtor asserts as a basis for its motion that the Debtor is investigating a voidable transfer claim as to the La Sierra Borrower. In "settlement" of that claim, the La Sierra Borrower will transfer the La Sierra Property to the Debtor, for the sole purpose of obtaining the protection of the automatic stay and avoiding foreclosure by Sound Equity.

While creative, the proposed settlement is merely a contrivance to extend the automatic stay to a non-debtor without meeting the substantive criteria for doing so. The Court should reject this request. The Debtor cites the well accepted factors set

forth by the Ninth Circuit in the *In re A&C Properties*[1] case for the approval of a "settlement" pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure. This is merely a makeweight for the substance of the issue, however: whether a non-debtor can obtain the benefit of the automatic stay without meeting the substantive requirements for such extension. The Court should not condone such an end-around of the Bankruptcy Code, and should decline to put the imprimatur of the Court's approval onto this proposal.

## II.

## FACTUAL BACKGROUND

In January 2020, Sound Equity made a loan to 150 La Sierra, LLC, in the total amount of $2,340,000. Of this amount, $519,029 was disbursed at closing, and the balance was held for rehabilitation costs to be funded, and an interest reserve. The loan was conditioned upon, among other things, insurable title and a first position lien on the borrower's estate. According to the closing statement (attached to the Declaration of Ken Hansen), the La Sierra Borrower (buyer) paid in cash of $581,318.82 at closing, in addition to the loan from Sound Equity in the face amount of $2,340,000.

Additional amounts were funded for the construction of the La Sierra Property between February 2020 and December 2021. The loan matured as of February 1, 2021, but Sound Equity continued to make advances and work with the La Sierra Borrower through December 2021. The La Sierra Borrower ceased making all interest payments after January 6, 2022. After three months of non-payment, on March 31, Sound Equity issue and recorded it's Notice of Default and Election to Sell. The amount due under the La Sierra Loan, as of July 15, 2022, is $1,797,884.87.

---

[1] 784 F.2d 1377 (9th Cir. 1986).

2    Case. No. 2:21-bk-16674-ER

OPPOSITION

The La Sierra Property was and remains in a precarious state of partially finished construction, and will require significant capital to complete.

Sound Equity received no notice of the Debtor's Chapter 11 petition, until June 16, 2022, when it was first contacted by counsel for the Debtor, who first notified Sound Equity of the Debtor's asserted interest in the LA Sierra Borrower. Counsel requested that Sound Equity forebear from foreclosing on its collateral. Based upon the condition of the property, the length the loan had been both outstanding and matured, and the lack of progress toward completion and repayment, Sound Equity declined to delay the noticed foreclosure.

Subsequently, the Debtor notified Sound Equity of its intention to "settle" its alleged dispute with the La Sierra Borrower, which settlement would result in the transfer of Sound Equity's collateral to an existing Chapter 11 Debtor, impose the automatic stay, and prevent Sound Equity from realizing the value of its collateral. Accordingly, Sound Equity opposes the "Settlement Motion."

## III.
## **LEGAL ARGUMENT**

It is axiomatic that the automatic stay applies only to property of the debtor, and property of the estate. See *In re Chugash Forest Products, Inc.* 23 F.3d 241 (9th Cir. 1994). Where the Debtor seeks to extend those protections to a non-debtor, the Debtor must demonstrate that the standards for a preliminary injunction are met:

> (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases). Alternatively, a court may grant the injunction if the plaintiff demonstrates *either* a combination of probable success on the merits and the possibility of irreparable injury *or* that serious questions are raised and

the balance of hardships tips sharply in his favor." *In re Excel Innovations, Inc.*, 502 F.3d 1086, 1093 (9th Cir. 2007). The Debtor cannot avoid the substantive requirement for extension of the stay by simply alleging a dispute with its own LLC, settling the dispute with the party by entering into a collusive agreement that the non-debtor's property will be transferred to the Debtor (and subject to the stay, in derogation of the rights of the non-debtor's creditors). The obvious potential for abuse of the "settlement" procedure is highlighted here by the fact that the purported "settlement agreement" is signed twice by the same person- Zhou Pu Yang - for both the Debtor and the non-debtor.

Here, based upon the existing record, the Debtor cannot meet the burden of proof for a preliminary injunction. The Ninth Circuit, in *Excel*, supra, described the standard in the context of a bankruptcy case as follows: "We hold that when a debtor applies for a 11 U.S.C. § 105(a) preliminary injunction to stay a proceeding in which the debtor is not a party, the bankruptcy court must balance the debtor's likelihood of success in reorganization against the relative hardship of the parties, as well as consider the public interest if warranted." *In re Excel Innovations, Inc.*, 502 F.3d 1086, 1089 (9th Cir. 2007).

Here, the Debtor merely asserts that it is investigating the existence of claims for a voidable transfer against its own subsidiary- to which it transferred the La Sierra Property. There is no evidence before the Court, at all, demonstrating that a voidable transfer occurred. There is also no record to support the likelihood of successful reorganization, or that the reorganization requires the La Sierra Property. Neither the Debtor's statements and schedules, nor its prior disclosure statement, placed any value on the Debtor's interest in the La Sierra Borrower or Property, or the potential claim against La Sierra. Notwithstanding this, Debtor has proposed a plan for payment in full of its creditors, other than insiders, over time.

In contrast, as set forth in the Declaration of Ken Hansen, Sound Equity will be severely prejudiced by transfer of the real estate to the Debtor. Sound Equity is owed over $1,700,000; the loan has been in default for over four months, and is over fifteen months past its original maturity date. Sound Equity lent money to the La Sierra Borrower, which had no other debts or property- the La Sierra borrower is a single asset real estate entity. Sound Equity relied upon this in agreeing to make the loan to the La Sierra Borrower. Sound Equity did not agree to loan money to the Debtor, which, in light of its reliance on insider loans apparently totaling $43 million, has a drastically different risk profile than a single asset development.

Sound Equity's collateral is a partially finished property that will require significant investment to complete. The Debtor has no capital to make the required investment. In the environment of rising interest rates, volatile lumber prices and supply chain delays, the additional delay of transferring the property to an undercapitalized Chapter 11 Debtor, Sound Equity will be prevented from realizing the value of its collateral for months.

This Chapter 11 case has been pending for almost a year, and much of the docket is consumed with fighting between the Debtor and certain former insiders. The plan and disclosure statement have been withdrawn. There is no evidence of cash sufficient to adequately protect Sound Equity, whose collateral is a partially finished residential property, in a market of increasing interest rates, and volatile fuel and lumber costs. The motion to extend the automatic stay to the La Sierra Borrower and La Sierra Property, disguised as a "Settlement Motion," should be denied.

///

///

///

# IV.

# CONCLUSION

For the foregoing reasons, Sound Equity respectfully requests that the Court deny the Motion for order approving compromise between debtor and 150 La Sierra LLC.

DATED: July 14, 2022　　　　　　　　**FRANKLIN SOTO LEEDS LLP**

　　　　　　　　　　　　　　　　　By: /s/ Paul J. Leeds, Esq.
　　　　　　　　　　　　　　　　　　　PAUL J. LEEDS, ESQ.
　　　　　　　　　　　　　　　　　Attorney for *Sound Equity Inc*