FRANKLIN SOTO LEEDS LLP
Paul J. Leeds (Bar No. 214309)
pleeds@fsl.law
444 West C Street, Suite 300
San Diego, California 92101
Tel: 619.872.2520
Fax: 619.566.0221

Attorneys for *Sound Equity Inc.*

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA,
# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>JINZHENG GROUP (USA) LLC<br><br>Debtor. | Case No.: 2:21-bk-16674-ER<br><br>Chapter 11<br><br>**DECLARATION OF KEN HANSEN IN SUPPORT FO SOUND EQUITY INC'S OPPOSITION TO DEBTOR'S MOTION FOR ORDER APPROVING COMPROMISE BETWEEN DEBTOR AND 150 LA SIERRA LLC**<br><br>**HEARING:**<br>Date:    July 19, 2022<br>Time:   11:00 a.m.<br>Crtrm.: 1568<br>            255 E. Temple Street<br>            Los Angeles, California 90012<br>Judge:  Ernest M. Robles |

Case. No. 2:21-bk-16674-ER

DECLARATION OF KEN HANSEN

I, Ken Hansen, declare as follows:

1. I am the Chief Operating Officer of Creditor Sound Equity High Income Debt Fund, LLC ("Sound Equity"). I make this declaration on my personal knowledge, except as to matters stated on information and belief and, as to those matters, I believe my information and belief to be true and correct. If called upon as a witness, I could and would competently testify to the facts set forth herein.

2. In my capacity as an officer of Sound Equity, I was, and am, one of the custodians of records of the documents relating to Sound Equity's business dealings with certain of its borrowers, including 150 La Sierra, LLC ("La Sierra Borrower").

3. In the ordinary course of its business, Sound Equity maintains a record of all contracts and agreements to which it is a party, including all promissory notes and related agreements, as with the loan documents in this case. Sound Equity's files include a written record of all sums that were loaned or advanced to Sound Equity's customers as it pertains to the subject obligations, payments made by customers on their accounts, charges and interest, and the balances owing. This information is maintained by and retrieved from computers which are programmed for the above purposes. An employee of Sound Equity, acting pursuant to Sound Equity's normal operating procedures, made a written record of the amount of the subject loan and the terms of the subject loan documents. Similarly, on or about the date any payment is received from a customer, an employee of Sound Equity makes a written record of the amount of the payment and credits the same against the amounts due and owing under the particular loan agreement with the customer. Sound Equity operates in reliance on this procedure and the accuracy of the written records generated thereby.

4. The above-described records constitute writings taken or made and kept in the course of Sound Equity's regularly conducted business activity, and it is

Sound Equity's regular practice to make, keep, and preserve such records. As set forth, such records were made at or near the time of the acts, conditions, or events to which they relate by Sound Equity's employees who have a business duty to Sound Equity to accurately and completely take, make, and maintain such records and documents. These employees obtain the information contained in Sound Equity's records either from personal knowledge and observation or from persons employed by Sound Equity with personal knowledge of the acts and/or events recorded therein. Sound Equity operates in reliance on these procedures.

5.   As of the date of this declaration, I have reviewed the business records described above relating to Sound Equity's dealings with the La Sierra Borrower, and I am familiar with the contents thereof. Based upon that review, my familiarity with Sound Equity's practices and procedures relating to the creation and maintenance of its business records, and my knowledge of the transactions at issue, I know the following to be true. I make this declaration in support of Sound Equity's Opposition to Motion for Order Approving Compromise Between Debtor and 150 La Sierra LLC (the "Settlement Motion").

6.   Sound Equity holds a first position security interest in real property owned by the La Sierra Borrower.  The real property collateral for Sound Equity's loan is a partially completed residence at 150 E. La Sierra Dr., Arcadia, California 91106 (the "La Sierra Property").

7.   Debtor JINZHENG GROUP (USA) LLC, ("Debtor") conveyed the La Sierra Property to the La Sierra Borrower in January 2020, concurrent with the transfer to, and vesting of title in the La Sierra Borrower.  The La Sierra Borrower has defaulted on the loan, and a notice of default was issued and recorded on about March 23, 2022.

8.   In January 2020, Sound Equity made a loan to 150 La Sierra, LLC, in the total face amount of $2,340,000.  Of this amount, $519,029 was disbursed at

closing, and the balance was held for rehabilitation costs to be funded, and an interest reserve. The loan was conditioned upon, among other things, insurable title and a first position lien on the borrower's estate. According to the closing statement (attached hereto as **Exhibit A**), the La Sierra Borrower (buyer) paid in cash of $581,318.82 at closing, in addition to the loan from Sound Equity in the face amount of $2,340,000.

9. Additional amounts were funded for the construction of the La Sierra Property between February 2020 and December 2021. The loan matured as of February 1, 2021, but Sound Equity continued to make advances and work with the La Sierra Borrower through December 2021. The La Sierra Borrower ceased making all interest payments after January 6, 2022. After three months of non-payment, on March 31, Sound Equity issue and recorded it's Notice of Default and Election to Sell.

10. The amount due under the La Sierra Loan, as of July 15, 2022, is $1,797,884.87.

11. The La Sierra Property was and remains in a precarious state of partially finished construction, and will require significant capital to complete.

12 . Sound Equity received no notice of the Debtor's Chapter 11 petition, until June 16, 2022, when it was first contacted by counsel for the Debtor, who first notified Sound Equity of the Debtor's asserted interest in the LA Sierra Borrower. Counsel requested that Sound Equity forebear from foreclosing on its collateral. Based upon the condition of the property, the length the loan had been both outstanding and matured, and the lack of progress toward completion and repayment, Sound Equity declined to delay the noticed foreclosure.

13. Subsequently, the Debtor notified Sound Equity of its intention to "settle" its alleged dispute with the La Sierra Borrower, which settlement would result in the transfer of Sound Equity's collateral to an existing Chapter 11 Debtor,

impose the automatic stay, and prevent Sound Equity from realizing the value of its collateral. Accordingly, Sound Equity opposes the "Settlement Motion."

14. Sound Equity will be severely prejudiced by transfer of the real estate to the Debtor. Sound Equity is owed over $1,700,000; the loan has been in default for over four months, and it is over fifteen months from its original maturity date. Sound Equity lent money to the La Sierra Borrower, which had no other debts or property- the La Sierra borrower is a single asset real estate entity. Sound Equity relied upon this in agreeing to make the loan to the La Sierra Borrower. Sound Equity did not agree to loan money to the Debtor, which, in light of its apparent reliance on insider loans apparently totaling $43 million, has a drastically different risk profile than a single asset development.

15. The La Sierra Property is a partially finished property that will require significant investment to complete. I am aware that the Debtor has no capital to make the required investment. In the environment of rising interest rates, volatile lumber prices and supply chain delays, the additional delay of transferring the property to an undercapitalized Chapter 11 debtor, Sound Equity will be prevented from realizing the value of its collateral for many months.

I declare, under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this <u>14th</u> day of July 2022 in Wildomar, California.

_____
KEN HANSEN

# EXHIBIT "A"

| American Land Title Association | Estimated ALTA Settlement Statement - Borrower/Buyer |
| --- | --- |
| | Adopted 05-01-2015 |



| | | |
| --- | --- | --- |
| File No./Escrow No. : | 95004-1651744 | North American Title Company, Inc. |
| Print Date & Time: | January 21, 2020   2:28 pm | 3090 Bristol St. |
| Officer/Escrow Officer : | Elena Vergara | Suite 190 |
| Settlement Location : | 3090 Bristol St., Suite 190 | Costa Mesa, CA 92626 |
| | Costa Mesa, CA 92626 | |

| | |
| --- | --- |
| Property Address: | 150 East La Sierra Drive<br>Arcadia, CA 91006 |
| Borrower: | 150 La Sierra, LLC, a California limited liability company<br>150 East La Sierra Drive<br>Arcadia, CA 91006 |
| Lender:<br>Lender Address:<br>Loan Number: | Sound Equity |
| Settlement Date:<br>Disbursement Date: | |

| Description | Borrower/Buyer | |
| --- | ---: | ---: |
| | Debit | Credit |
| **Financial** | | |
| Loan Amount | | 2,340,000.00 |
| | | |
| **Loan Charges to Sound Equity** | | |
| Lender Fee | 67,275.00 | |
| Processing Fee | 5,000.00 | |
| Construction Holdback | 1,610,000.00 | |
| FCI Servicing Fee | 135.00 | |
| Interest Reserves | 136,738.00 | |
| Prepaid Interest<br>  $0.000 per day from  to<br>  Sound Equity | 1,822.97 | |
| | | |
| **Loan Charges to Testa Capital Group** | | |
| Mortgage Broker Fee | 32,175.00 | |
| Processing Fee | 5,000.00 | |
| | | |
| **Other Loan Charges** | | |
| Signing Service Fee | 200.00 | |
| | | |
| **Title Charges and Escrow/Settlement Charges** | | |

*this is to certify that this is a true and correct copy of the original*
*NORTH AMERICAN TITLE COMPANY*
*ESCROW OFFICER*

Copyright 2015 American Land Title Association
All rights reserved
Page 1 of 3
File # 95004-1651744 / 51
Printed on 01/21/20 at  2:28:03PM by ogray

Dec of Ken Hansen - Page 6

| Description | Borrower/Buyer | |
|---|---|---|
| | Debit | Credit |
| Escrow Fee to North American Title Company, Inc. | 1,200.00 | |
| Lender's Title Insurance to North American Title Company, Inc.<br>    Coverage:         2,925,000.00<br>    Premium:          3,876.00 | 3,876.00 | |
| ALTA Endorsement 14-06 (Future Advance - Priority) to North American Title Company, Inc. | 25.00 | |
| Recording Process Service Fee to North American Title Company, Inc. | 25.00 | |
| **Government Recording and Transfer Charges** | | |
| Recording Fees to NAT fbo the Los Angeles County Recorder | 200.00 | |
| Affordable Home Act/SB2 Fee to NAT fbo the Los Angeles County Recorder | 225.00 | |
| **Payoff(s)** | | |
| Payoff First Mortgage to Royal Business Bank<br>    Principal Balance            823,554.15<br>    Interest To: 01/13/20          1,578.48<br>    Additional Interest From:      1,446.94<br>    01/13/20 To: 01/24/20 @<br>    131.540000 Per Diem<br>    Demand Fee                        30.00<br>    Force-placed Insurance           162.37<br>    Reconveyance Fee                  25.00<br>    Recording Fee                    201.00<br>    Updated Demand                    45.00<br>        Total Payoff            827,042.94 | 827,042.94 | |
| Payoff Second Mortgage to K.A.R. Properties, Inc.<br>    Principal Balance            230,000.00<br>    Interest To: 01/31/20         13,518.48<br>    12 months Prepaid Interes    -26,450.04<br>    Demand Fee                        45.00<br>    Demand Fee                        45.00<br>    Reconveyance Fee                  45.00<br>    Recording Fee                    150.00<br>    Wire Fee                          25.00<br>        Total Payoff            217,378.44 | 217,378.44 | |
| **Miscellaneous** | | |
| 1st 1/2 2019-2020 Property Taxes + Penalties | 12,365.21 | |
| Buyer's funds to close | | 329,546.80 |
| Buyer's funds to close | | 251,772.02 |
| | Debit | Credit |
| Subtotals | 2,920,683.56 | 2,921,318.82 |
| Due to Borrower | 635.26 | |
| Totals | 2,921,318.82 | 2,921,318.82 |

**Acknowledgement**

We/I have carefully reviewed the ALTA Settlement Statement and find it to be a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction and further certify that I have received a copy of the ALTA Settlement Statement. We/I authorize North American Title Company, Inc. to cause the funds to be disbursed in accordance with this statement.

Borrower

150 La Sierra, LLC, a California limited liability company

By: Jinzheng Group USA, LLC, a California limited liability company
　　Its Managing Member

BY: _____
　　Betty Zheng
　　Manager

Copyright 2015 American Land Title Association
All rights reserved
Page 3 of 3

File # 95004-1651744 / 51
Printed on 01/21/20 at 2:28:03PM by ogray

Dec of Ken Hansen - Page 8

*[Stamp: This is to certify that this is a true and correct copy of the original. NORTH AMERICAN TITLE COMPANY — Escrow Officer]*

**citrix | RightSignature**

**REFERENCE NUMBER**
841DFFFD-FBC3-4FE0-A2A9-9E3408DF6DF6

# SIGNATURE CERTIFICATE

## TRANSACTION DETAILS

**Reference Number**
841DFFFD-FBC3-4FE0-A2A9-9E3408DF6DF6

**Transaction Type**
Signature Request

**Sent At**
2022/07/14 20:51 PDT

**Executed At**
2022/07/14 20:52 PDT

**Identity Method**
email

**Distribution Method**
email

**Signed Checksum**
b1be3c564e04ff17d43b86501e0c6a4adb9ccbcc13b9881021ce1527c3c29e57

**Signer Sequencing**
Disabled

**Document Passcode**
Disabled

## DOCUMENT DETAILS

**Document Name**
Jinzheng - Hansen Dec Iso Opposition To Mtn For Order App Compromise

**Filename**
jinzheng_-_hansen_dec_iso_opposition_to_mtn_for_order_app_compromise.pdf

**Pages**
9 pages

**Content Type**
application/pdf

**File Size**
411 KB

**Original Checksum**
f873262825ed6c213562fe087f2ec862f2421bd56840af47813c2525ec0fcb63

# SIGNERS

| SIGNER | E-SIGNATURE | EVENTS |
|---|---|---|
| **Name**<br>Ken Hansen<br>**Email**<br>kenh@soundcapital.com<br>**Components**<br>1 | **Status**<br>signed<br>**Multi-factor Digital Fingerprint Checksum**<br>6bc3150573bc7e6a615284cca87bd052737d9342eb49f3b1cb5109a6c11cbea1<br>**IP Address**<br>47.157.172.34<br>**Device**<br>Mobile Safari via iOS<br>**Drawn Signature**<br>*[signature]*<br>**Signature Reference ID**<br>D6039DF0<br>**Signature Biometric Count**<br>30 | **Viewed At**<br>2022/07/14 20:52 PDT<br>**Identity Authenticated At**<br>2022/07/14 20:52 PDT<br>**Signed At**<br>2022/07/14 20:52 PDT |

# AUDITS

| TIMESTAMP | AUDIT |
|---|---|
| 2022/07/14 20:51 PDT | Sophia Sanchez (ssanchez@fsl.law) created document 'jinzheng_-_hansen_dec_iso_opposition_to_mtn_for_order_app_compromise.pdf' on Chrome via Windows from 68.107.22.209. |
| 2022/07/14 20:51 PDT | Ken Hansen (kenh@soundcapital.com) was emailed a link to sign. |
| 2022/07/14 20:52 PDT | Ken Hansen (kenh@soundcapital.com) viewed the document on Mobile Safari via iOS from 47.157.172.34. |
| 2022/07/14 20:52 PDT | Ken Hansen (kenh@soundcapital.com) authenticated via email on Mobile Safari via iOS from 47.157.172.34. |
| 2022/07/14 20:52 PDT | Ken Hansen (kenh@soundcapital.com) signed the document on Mobile Safari via iOS from 47.157.172.34. |