1  ZEV SHECHTMAN (State Bar No. 266280)
   *zs@DanningGill.com*
2  ALPHAMORLAI L. KEBEH (State Bar No. 336798)
   *akebeh@DanningGill.com*
3  DANNING, GILL, ISRAEL & KRASNOFF, LLP
   1901 Avenue of the Stars, Suite 450
4  Los Angeles, California 90067-6006
   Telephone: (310) 277-0077
5  Facsimile: (310) 277-5735

6  General Bankruptcy Counsel for Jinzheng Group
   (USA) LLC, Debtor an Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re | Case No. 2:21-bk-16674-ER |
| JINZHENG GROUP (USA) LLC, | Chapter 11 |
| Debtor and Debtor in Possession | **REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER APPROVING COMPROMISE BETWEEN DEBTOR AND 150 LA SIERRA LLC** |
| | **[Evidentiary Objections Filed Contemporaneously]** |
| . | Date:    July 19, 2022<br>Time:    11:00 a.m.<br>Crtrm.:   1568<br>         255 East Temple Street<br>         Los Angeles, California 90012 |

1688312.1  27086                    1

Jinzheng Group (USA) LLC, as Debtor and Debtor in Possession, hereby submits its reply memorandum of points and authorities to the opposition (doc. no. 303) filed by Sound Equity Inc. ("Sound"), and in support of the Debtor's *Motion for Order Approving Compromise Between Debtor and 150 La Sierra LLC* (doc. no. 278) (the "Motion").[1]

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **I.**

### **Introduction**

Sound argues that the Debtor should seek an injunction through an adversary proceeding, and not seek approval of a compromise. Injunctive relief is another legal route which could result in the extension of the automatic stay, although it would not address the avoiding power claim. Alternatively, La Sierra could file its own chapter 11 case, which still would not address the avoiding power claim, and it would be a much greater expense for all parties. Yet another alternative, La Sierra could unilaterally quitclaim the Property to the Debtor, likely exposing both La Sierra and the Debtor to arguments by Sound that the transfer was unauthorized or improper. Each of these possibilities entails varying degrees of costs, risks, delays, and benefits. Sound might believe that Sound stands a better chance of success opposing an application for temporary restraining under section 105(a) in an adversary proceeding, versus a compromise motion under Rule 9019 in the bankruptcy case. As explained below, the Debtor should prevail if the Debtor needed to seek an injunction. However, in its business and legal judgment, the Debtor chose to file a compromise motion under Rule 9019 resulting in the transfer of the Property to the Debtor, making injunctive relief unnecessary.

A compromise under Rule 9019 is intended to dispense with the legal uncertainties, delay, costs, risks, and potential prejudice to creditors and the estate that may be associated with litigation.

---

[1] Defined terms are the same as in the Motion.

This compromise is a cost effective and efficient resolution, in the best interest of the estate, and constitutes a superior alternative to Sound's proposal and other options.

The Debtor has a plausible (or better) avoiding power claim against La Sierra.  The Debtor is the managing member of La Sierra, and the same individual is the authorized signatory for both the Debtor and La Sierra.  Sound suggests that instead of compromising with La Sierra, the Debtor should seek injunctive relief in an adversary proceeding.  Had the Debtor chosen that more onerous path, Sound would inevitably have also critiqued that approach as a "contrivance."  The path to injunctive relief would have required the Debtor to: (1) file a complaint, (2) file an emergency motion for temporary restraining order and/or preliminary injunction, and then (3) just like here, resolve that issue in a compromise under Rule 9019 or stipulation because the Debtor and La Sierra have common interests in preserving the property and no reason to litigate.  We would end up in the same place, and Sound would make the same arguments, but after more expense and delay. Sound likely believes that Sound would benefit from the delay because it would bring it closer to its goal of foreclosure.

The Debtor determined to take a less circuitous route, because the matter is consensual at the outset.  If La Sierra were controlled by an adverse party, the Debtor might have had no choice but to seek injunctive relief.[2]  No matter which option the Debtor and La Sierra chose, Sound would complain that documents are "signed twice by the same person." Opposition at ECF pave 5, line 8-9.  However, it is not improper for the same persons to own multiple companies that transact business with each other, or for a debtor to engage in transactions with an affiliate.  The fact that the present compromise presents the most efficient resolution does not make it improper.

The Debtor's avoiding power claim against La Sierra was raised in the prior Plan and Disclosure Statement.  It remains a legitimate concern of the Debtor and its estate.  It is a concern that might be all but obviated if, Sound, which is significantly oversecured, were to foreclose on

---

[2] Although, as noted below, an adverse party would likely want to enter into this or a similar compromise.

the Property in the coming days as it plans to do absent the protection of the automatic stay that will be afforded by the transfer of the Property to the Debtor.

The Motion should be granted because: (1) Sound lacks the requisite standing to oppose the compromise; (2) the compromise satisfies the standard under Rule 9019 and Ninth Circuit precedent; and (3) although inapplicable and unnecessary, the standard for injunctive relief would also be well satisfied by the facts before the Court.

## II.

## Sound Lacks Standing as a Party in Interest in the Case

Standing to be heard in this case requires that the person be at least a "party in interest" within the meaning of 11 U.S.C. § 1109(b). Sound is not a debtor, trustee, creditors' committee, equity security holder, or indenture trustee and therefore does not have a right to be heard on section 1109(b). *See In re Tower Park Properties, LLC*, 803 F.3d 450, 456 (9th Cir. 2015) (holding that trust beneficiary lacked party in interest standing with respect to settlement entered between debtor, certain creditors held by the trust and the trust trustees).

The fact that Sound may have the right to file for relief from the automatic stay to pursue its rights against the Property, after the property is transferred to the Debtor, does not change the analysis. That issue is not ripe, and should not be collapsed into the question of whether the property can be transferred to the Debtor in the first instance.

## III.

## The Compromise Satisfies Rule 9019

Rather than arguing the merits of relief under Rule 9019, Sound argues that it is inapplicable or should be ignored. Sound submits rhetoric, but no legal support for that position.

Sound posits that: (a) it is appropriate for a debtor to transfer property to an insider in the first instance, but (b) it is not appropriate for the insider to transfer the property back to the debtor pursuant to a compromise, unless (c) the debtor can prove in the compromise motion that the transfer is a fraudulent transfer. Sound's position is contrary to binding precedent.

1688312.1  27086                                         4

The well-formed body of case law under Rule 9019, summarized in the Motion, provides that the Court is "not required to decide the questions of law and fact in dispute, but to canvas the issues to see whether the 'settlement falls below the lowest point in a range of reasonableness.'" Motion at page 7, lines 21-22 (quoting *In re Teletronics Services, Inc.*, 762 F.2d 185, 189 (2d Cir. 1985) (quoting *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983)).

In the seminal *A & C Properties* case, the Ninth Circuit also opines that "[th]e purpose of a compromise" is to allow the parties "to avoid the expenses and burdens associated with litigating sharply contested and **dubious** claims. [] The law favors compromise and not litigation for its own sake." *In re A & C Properties*, 784 F.2d 1377, 1380–81 (9th Cir. 1986) (internal citations omitted) (emphasis added).

The Debtor is not asking the Court to determine if the transfer from the Debtor to La Sierra is avoidable. The question is whether this settlement falls below the lowest point in a range of reasonableness. The issue of avoidance is not "dubious," though it is uncertain, a factor favoring compromise. Moreover, it is likely never to come up if Sound forecloses. Debtor has legitimate, if not yet fully developed,[3] claims against La Sierra, and it makes no sense for either party to litigate over an issue that will become largely moot upon Sound's immediate foreclosure. Even if La Sierra were not an insider, and were adverse to the Debtor, this compromise would be the economically rational thing to do. And even if this compromise were not made urgent because of the imminent foreclosure, this compromise would be reasonable and beneficial to the estate, satisfying Rule 9019.

## IV.

### Although Inapplicable, the Facts Would Support the Extension of Injunctive Relief

The four factor test for section 105(a) injunctive relief cited by Sound, is not the same, but is similar to the *A & C Properties* factors for approval of compromises. Courts apply the factors of

---

[3] Normally, a trustee or chapter 11 debtor has two years to investigate and bring claims to avoid and recover fraudulent transfers. 11 U.S.C. § 546.

1688312.1  27086                                      5

both tests along sliding scales and may look to any single factor or a combination of factors as warranted by the circumstances. Further, the facts which would support one would likely support the other in most bankruptcy cases. The paramount concern in bankruptcy compromises is advancing the best interests of the estate and creditors. If the Motion is denied, and no protection is afforded the Property, the estate will be irreparably harmed. This is practically the same analysis that the Ninth Circuit applied in *Excel Innovations*, quoted by Sound, which focused on the likelihood of a successful reorganization and harm to the estate if an injunction were not granted. *In re Excel Innovations, Inc*., 502 F.3d 1086, 1095–96 (9th Cir. 2007). But here, the Debtor and La Sierra determined that the Property should be transferred as part of a compromise, so an injunction is neither necessary nor appropriate.

Absent the relief requested by the Debtor in the Motion, the Property will be lost. The Debtor has provided unrebutted evidence in the form of the declaration of Stephen Eng to support a finding that there is substantial equity in the Property. Sound will not be prejudiced by the compromise, as its security interest will be protected by the equity. If Sound forecloses now, as it desires to, the estate will lose approximately $700,000 in estimated equity, a substantial sum in this case that could be the difference between creditors receiving a meaningful distribution in the case, or not.

Sound's concerns about its collateral would be understandable if the Debtor were not already taking all appropriate measures to sell the Property for its fair market, as-is, value, and to pay Sound on account of its allowed secured claim. As stated in his declaration in support of the Motion at paragraph 4, Mr. Eng is already listing the Property, and Mr. Eng and William Friedman of Coldwell Banker (a bankruptcy real estate specialist) will seamlessly transition into a co-listing of the Property immediately once it is transferred to the Debtor. The transfer will not in any way impede the marketing and sale. The Debtor's goal is to sell the Property expeditiously, as-is, not to complete construction. Thus, any risk or prejudice to Sound is already minimized. If Sound continues to be concerned about its collateral once the Property is recovered by the estate, the order on this Motion will be without prejudice to Sound later seeking relief under section 362(d).

# V.

## Conclusion

For the reasons set forth above, and in the Motion, the Debtor respectfully requests that the Court enter an order granting the Motion in its entirety and such other relief as the Court deems just and proper in the circumstances.

DATED: July 17, 2022     DANNING, GILL, ISRAEL & KRASNOFF, LLP

By: ____*/s/ Zev Shechtman*____
ZEV SHECHTMAN
Attorneys for Jinzheng Group (USA) LLC, Debtor and Debtor in Possession

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 1901 Avenue of the Stars, Suite 450, Los Angeles, CA 90067-6006.

A true and correct copy of the foregoing document entitled (*specify*):  REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER APPROVING COMPROMISE BETWEEN DEBTOR AND 150 LA SIERRA LLC  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)  July 17, 2022  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)  July 17, 2022 , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

*Judge's Copy to be delivered on July 18, 2022*
The Honorable Ernest M. Robles
U.S. Bankruptcy Court
Roybal Federal Building
Bin outside of Suite 1560
255 E. Temple Street
Los Angeles, CA 90012

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 17, 2022 | Zev Shechtman | /s/ Zev Shechtman |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

**ADDITIONAL SERVICE INFORMATION (if needed):**

# 1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

Donna C Bullock on behalf of Interested Party Donna Bullock Carrera
donnabullockcarrera@yahoo.com, donna.bullock@ymail.com

Steven P Chang on behalf of Interested Party Courtesy NEF
heidi@spclawoffice.com,
schang@spclawoffice.com,assistant1@spclawoffice.com,attorney@spclawoffice.com;g9806@notify.cincompass.com;changsr75251@notify.bestcase.com

Michael F Chekian on behalf of Creditor The Phalanx Group
mike@cheklaw.com, chekianmr84018@notify.bestcase.com

Michael F Chekian on behalf of Interested Party Chekian Law Office, Inc.
mike@cheklaw.com, chekianmr84018@notify.bestcase.com

Heidi M Cheng on behalf of Plaintiff JINZHENG GROUP (USA) LLC
heidi@slclawoffice.com, assistant1@spclawoffice.com;schang@spclawoffice.com;chenghr75251@notify.bestcase.com

Susan Titus Collins on behalf of Interested Party INTERESTED PARTY
scollins@counsel.lacounty.gov

Jeffrey W Dulberg on behalf of Creditor Committee OFFICIAL COMMITTEE OF UNSECURED CREDITORS
jdulberg@pszjlaw.com

Oscar Estrada on behalf of Creditor LOS ANGELES COUNTY TREASURER AND TAX COLLECTOR
oestrada@ttc.lacounty.gov

Danielle R Gabai on behalf of Debtor JINZHENG GROUP (USA) LLC
dgabai@danninggill.com, dgabai@ecf.courtdrive.com

Richard Girgado on behalf of Interested Party Courtesy NEF
rgirgado@counsel.lacounty.gov

Brian T Harvey on behalf of Interested Party Courtesy NEF
bharvey@buchalter.com, IFS_filing@buchalter.com;dbodkin@buchalter.com

M. Jonathan Hayes on behalf of Interested Party Courtesy NEF
jhayes@rhmfirm.com,
roksana@rhmfirm.com;matt@rhmfirm.com;rosario@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com;boshra@rhmfirm.com;rosario@rhmfirm.com

Teddy M Kapur on behalf of Creditor Committee OFFICIAL COMMITTEE OF UNSECURED CREDITORS
tkapur@pszjlaw.com, mdj@pszjlaw.com

Alphamorlai Lamine Kebeh on behalf of Debtor JINZHENG GROUP (USA) LLC
akebeh@danninggill.com

Peter A Kim on behalf of Attorney LAW OFFICES OF PETER KIM
peter@pkimlaw.com, peterandrewkim@yahoo.com

Peter A Kim on behalf of Defendant Betula Lenta Inc
peter@pkimlaw.com, peterandrewkim@yahoo.com

Peter A Kim on behalf of Defendant David Park
peter@pkimlaw.com, peterandrewkim@yahoo.com

Peter A Kim on behalf of Defendant Jonathan Pae
peter@pkimlaw.com, peterandrewkim@yahoo.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**

Christopher J Langley on behalf of Plaintiff JINZHENG GROUP (USA) LLC
chris@slclawoffice.com, omar@slclawoffice.com;langleycr75251@notify.bestcase.com;ecf123@casedriver.com

Paul J Leeds on behalf of Creditor Sound Equity, Inc.
Pleeds@fsl.law, ssanchez@fsl.law

Benjamin R Levinson, ESQ on behalf of Creditor Michael E. Dorff and Shari L. Dorff
ben@benlevinsonlaw.com, courtney@benlevinsonlaw.com

Eric A Mitnick on behalf of Interested Party Courtesy NEF
MitnickLaw@aol.com, mitnicklaw@gmail.com

Giovanni Orantes on behalf of Other Professional Orantes Law Firm, P.C.
go@gobklaw.com, gorantes@orantes-law.com,cmh@gobklaw.com,gobklaw@gmail.com,go@ecf.inforuptcy.com;orantesgr89122@notify.bestcase.com

Donald W Reid on behalf of Interested Party INTERESTED PARTY
don@donreidlaw.com, ecf@donreidlaw.com

Matthew D. Resnik on behalf of Attorney Matthew Resnik
matt@rhmfirm.com, roksana@rhmfirm.com;rosario@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com

Matthew D. Resnik on behalf of Creditor Royalty Equity Lending, LLC/Bobs LLC
matt@rhmfirm.com, roksana@rhmfirm.com;rosario@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com

Matthew D. Resnik on behalf of Interested Party Courtesy NEF
matt@rhmfirm.com, roksana@rhmfirm.com;rosario@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com

Peter J Ryan on behalf of Defendant Testa Capital Group
ryan@floresryan.com, schneider@floresryan.com

Peter J Ryan on behalf of Defendant Thomas L. Testa
ryan@floresryan.com, schneider@floresryan.com

Allan D Sarver on behalf of Creditor Investment Management Company LLC
ADS@asarverlaw.com

Allan D Sarver on behalf of Interested Party Courtesy NEF
ADS@asarverlaw.com

Zev Shechtman on behalf of Debtor JINZHENG GROUP (USA) LLC
zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com

Zev Shechtman on behalf of Interested Party INTERESTED PARTY
zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com

Zev Shechtman on behalf of Plaintiff JINZHENG GROUP (USA) LLC
zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com

David Samuel Shevitz on behalf of Interested Party INTERESTED PARTY
david@shevitzlawfirm.com, shevitzlawfirm@ecf.courtdrive.com;r48785@notify.bestcase.com;Jose@shevitzlawfirm.com

John N Tedford, IV on behalf of Interested Party INTERESTED PARTY
jtedford@DanningGill.com, danninggill@gmail.com;jtedford@ecf.courtdrive.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                               F 9013-3.1.PROOF.SERVICE

Hatty K Yip on behalf of U.S. Trustee United States Trustee (LA)
hatty.yip@usdoj.gov, hatty.k.yip@usdoj.gov

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**