# United States Bankruptcy Court
## Central District of California
Los Angeles
Ernest Robles, Presiding
Courtroom 1568 Calendar

---

**Tuesday, July 19, 2022**              Hearing Room  1568

**11:00 AM**
**2:21-16674**      **JINZHENG GROUP (USA) LLC**            **Chapter 11**

    **#6.00**     Hearing
RE: [278] Motion to approve compromise -Debtor's Notice of Motion and Motion for Order Approving Compromise between Debtor and 150 La Sierra LLC; Memorandum of Points and Authorities, Declarations of Zhao Pu Yang, Zev Shechtman, Steven Eng, and Request for Judicial Notice in Support Thereof; proof of service  LLC (Kebeh, Alphamorlai)

fr. 7-20-22

                Docket     278

**Matter Notes:**

7/19/2022

The tentative ruling will be the order.
Party to lodge order: As set forth in the Tentative Ruling

POST PDF OF TENTATIVE OR AMENDED TENTATIVE RULING TO CIAO

**Tentative Ruling:**

7/18/2022

**Note: Parties may appear at the hearing either in-person or by telephone. The use of face masks in the courtroom is optional. Parties electing to appear by telephone should contact CourtCall at 888-882-6878 no later than one hour before the hearing.**

    For the reasons set forth below, Sound Equity's Opposition is **OVERRULED**, and the Settlement Agreement is **APPROVED**.

**Pleadings Filed and Reviewed:**
1) Debtor's Notice of Motion and Motion for Order Approving Compromise Between Debtor and 150 La Sierra LLC [Doc. No. 278]

# United States Bankruptcy Court
## Central District of California
Los Angeles
**Ernest Robles, Presiding**
**Courtroom 1568 Calendar**

**Tuesday, July 19, 2022**                                                                 **Hearing Room    1568**

<u>11:00 AM</u>
**CONT...        JINZHENG GROUP (USA) LLC                                                          Chapter 11**

    a) Amendment to Debtor's Motion to Approve Compromise Between Debtor and 150 La Sierra LLC [Doc. No. 280]
    b) Application for Order Setting Hearing on Shortened Notice [Doc. No. 279]
    c) Order Setting Hearing on <u>Motion for Order Approving Compromise Between Debtor and 150 La Sierra LLC</u> [Doc. No. 281]
    d) Declaration of Notice and Service [Doc. No. 292]
2) Sound Equity Inc.'s Opposition to Debtor's Motion for Order Approving Compromise Between Debtor and 150 La Sierra LLC [Doc. No. 303]
    a) Declaration of Ken Hansen in Support of Sound Equity Inc.'s Opposition to Debtor's Motion for Order Approving Compromise Between Debtor and 150 La Sierra LLC [Doc. No. 303-1]
3) Reply Memorandum of Points and Authorities in Support of Motion for Order Approving Compromise Between Debtor and 150 La Sierra LLC [Doc. No. 311]
    a) Debtor's Evidentiary Objections to Declaration of Ken Hansen in Support of Sound Equity's Opposition to Debtor's Motion for Order Approving Compromise Between Debtor and 150 La Sierra LLC [Doc. No. 312]

## I. Facts and Summary of Pleadings

On August 24, 2021 (the "Petition Date"), Jinzheng Group (USA) LLC (the "Debtor") filed a voluntary Chapter 11 petition. The Debtor's primary asset is 32 acres of undeveloped land located near downtown Los Angeles. Prior to the Petition Date, the Debtor was attempting to create a residential housing development on the land.

The Debtor holds a 79% interest in La Sierra LLC ("La Sierra"). The remaining 21% interest in La Sierra is held by The Code Solution LLC ("TCS").

On January 23, 2020, the Debtor's interest in real property located at 150 East La Sierra Drive, Arcadia, CA 91006 (the "Property") was transferred to La Sierra. The Debtor asserts that the transfer was not for reasonably equivalent value.

Sound Equity, Inc. ("Sound Equity") holds a deed of trust against the Property that secures a construction loan (the "Loan") that Sound Equity made to La Sierra with respect to the Property. The Property is now a partially-constructed home. The amount owed by La Sierra to Sound Equity on the Loan is approximately $1,797,884.87.

On April 5, 2022, Sound Equity's assignee recorded a notice of default against the Property. Sound Equity has the ability to foreclose upon the Property as soon as August 3, 2022 (120 days after recordation of the notice of default).

The Debtor seeks approval of a settlement agreement between the Debtor and La Sierra (the "Settlement Agreement"). Under the Settlement Agreement, the Property

# United States Bankruptcy Court
# Central District of California
Los Angeles
Ernest Robles, Presiding
Courtroom 1568 Calendar

**Tuesday, July 19, 2022**                                                                                                              **Hearing Room    1568**

11:00 AM
**CONT...        JINZHENG GROUP (USA) LLC                                                                                Chapter 11**

will be transferred from La Sierra to the Debtor. In exchange, the Debtor will release La Sierra from liability for any avoidance and turnover claims.

Sound Equity opposes approval of the Settlement Agreement. It argues that the "proposed settlement is merely a contrivance to extend the automatic stay to a non-debtor without meeting the substantive criteria for doing so." Doc. No. 303 at 2. According to Sound Equity, the Debtor should have moved for a preliminary injunction pursuant to *In re Excel Innovations, Inc.*, 502 F.3d 1086 (9th Cir. 2007).

The Debtor argues that Sound Equity lacks standing to oppose the Settlement Agreement because it does not hold a claim against the estate and therefore is not a "party in interest" for purposes of § 1109(b). The Debtor further asserts that although it could have obtained a preliminary injunction barring the foreclosure of the Property had it elected to do so, the Debtor chose to seek to protect the Property by way of the Settlement Agreement to reduce expense and delay.

## II. Findings of Fact and Conclusions of Law

The Court must first address whether Sound Equity has standing to oppose the Settlement Agreement. Section 1109(b) provides that a "party in interest … may raise and may appear and be heard on any issue in a case under this chapter." Section 1109(b) contains a non-exclusive list of entities that qualify as "parties in interest." It is true that Sound Equity is not among the entities specifically designated in § 1109(b). However, the list of entities with standing specified in §1109 is not exclusive. Sound Equity will be affected by approval of the Settlement Agreement, given that such approval will cause the Property to fall under the protection of the automatic stay and will prevent Sound Equity from foreclosing unless it obtains an order lifting the stay. The Court finds that Sound Equity has standing to oppose approval of the Settlement Agreement.

Sound Equity's opposition to the Settlement Agreement is **OVERRULED**. **[Note 1]** Sound Equity's primary argument is that the Debtor has manufactured the Settlement Agreement in order to avoid being required to satisfy the more exacting standards applicable to extending the automatic stay to a non-debtor entity. The Court does not agree. The Debtor holds a 79% interest in La Sierra, and the Property was transferred from the Debtor to La Sierra shortly before the Petition Date. Under these circumstances, the Debtor's constructive fraudulent transfer claims against La Sierra are quite plausible.

Sound Equity's argument that the Debtor has failed to sufficiently prove the validity of its constructive fraudulent transfer claims misses the mark. The entire

# United States Bankruptcy Court
# Central District of California
Los Angeles
Ernest Robles, Presiding
Courtroom 1568 Calendar

| | |
|---|---|
| **Tuesday, July 19, 2022** | **Hearing Room 1568** |

### 11:00 AM
**CONT...      JINZHENG GROUP (USA) LLC                                                   Chapter 11**

purpose of a settlement agreement is to avoid the expense associated with proving claims in litigation. *See Martin v. Kane (In re A & C Properties)*, 784 F.2d 1377, 1380–81 (9th Cir. 1986) ("the purpose of a compromise agreement is to allow the trustee and the creditors to avoid the expenses and burdens associated with litigating sharply contested … claims").

Bankruptcy Rule 9019 provides that the Court may approve a compromise or settlement. "In determining the fairness, reasonableness and adequacy of a proposed settlement agreement, the court must consider: (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises." *Martin v. Kane (In re A&C Properties)*, 784 F.2d 1377, 1381 (9th Cir. 1986). "[C]ompromises are favored in bankruptcy, and the decision of the bankruptcy judge to approve or disapprove the compromise of the parties rests in the sound discretion of the bankruptcy judge." *In re Sassalos*, 160 B.R. 646, 653 (D. Ore. 1993). In approving a settlement agreement, the Court must "canvass the issues and see whether the settlement 'falls below the lowest point in the range of reasonableness.'" *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983). Applying the *A&C Properties* factors, the Court finds that the Settlement Agreement is adequate, fair, and reasonable, and is in the best interests of the estate and creditors.

*Paramount Interest of Creditors*
   This factor weighs in favor of approving the Settlement Agreement. If the Settlement Agreement is not approved, the Property will likely be lost to foreclosure. Approval of the Settlement Agreement will allow the Property's value to be distributed to creditors.

*Complexity of the Litigation*
   This factor weighs in favor of approving the Settlement Agreement. As an alternative to the Settlement Agreement, the Debtor could have filed a fraudulent transfer action against La Sierra, and then moved for a preliminary injunction preventing Sound Equity from foreclosing upon the Property until after the action had been adjudicated. Such an approach would have been far more costly and time-consuming than the Settlement Agreement currently before the Court.

# United States Bankruptcy Court
# Central District of California
Los Angeles
Ernest Robles, Presiding
Courtroom 1568 Calendar

| | |
|---|---:|
| **Tuesday, July 19, 2022** | **Hearing Room 1568** |

11:00 AM
**CONT...    JINZHENG GROUP (USA) LLC                                     Chapter 11**

*Probability of Success on the Merits*

This factor weighs in favor of approving the Settlement Agreement. As discussed above, in the absence of the Settlement Agreement, the Debtor would have been required to (1) file a fraudulent transfer action against La Sierra and (2) obtain a preliminary injunction preventing Sound Equity from foreclosing upon the Property pending adjudication of the fraudulent transfer action. This approach would have entailed substantial additional uncertainty and costs. Such uncertainty strongly supports approval of the Settlement Agreement. *See In re Aloha Racing Found., Inc.*, 257 B.R. 83, 88 (Bankr. N.D. Ala. 2000) (internal citations omitted) ("The burden is not on … the Trustee to conclusively establish that he would be successful at a trial on these issues. That would defeat the purpose of settlement and would eliminate any cost savings from the settlement. 'All that he must do is establish to the reasonable satisfaction of [this Court] that, all things considered, it is prudent to eliminate the risks of litigation to achieve specific certainty though it might be considerably less (or more) than were the case fought to the bitter end.'").

*Difficulties to Be Encountered in the Manner of Collection*

This factor weighs in favor of approving the Settlement Agreement. If the Court did not approve the Settlement Agreement, the Property would most likely be lost to foreclosure. If the Property were foreclosed upon, it would be pointless for the Debtor to pursue its fraudulent transfer claims against La Sierra, since La Sierra would not have any assets that could be used to satisfy any judgment that the Debtor might obtain.

## III. Conclusion

Based upon the foregoing, Sound Equity's Opposition is **OVERRULED**, and the Settlement Agreement is **APPROVED**. Within seven days of the hearing, the Debtor shall submit a proposed order incorporating this tentative ruling by reference.

No appearance is required if submitting on the court's tentative ruling. If you intend to submit on the tentative ruling, please contact Landon Foody or Daniel Koontz, the Judge's Law Clerks, at 213-894-1522. **If you intend to contest the tentative ruling and appear, please first contact opposing counsel to inform them of your intention to do so.** Should an opposing party file a late opposition or appear at the hearing, the court will determine whether further hearing is required. If you wish to make a telephonic appearance, contact Court Call at 888-882-6878, no later

# United States Bankruptcy Court
## Central District of California
Los Angeles
Ernest Robles, Presiding
Courtroom 1568 Calendar

**Tuesday, July 19, 2022**                 Hearing Room    1568

<u>11:00 AM</u>
**CONT...**      **JINZHENG GROUP (USA) LLC**             **Chapter 11**

than one hour before the hearing.

**Note 1**
    Sound Equity's principal testifies that if the Settlement Agreement is approved, Sound Equity will be severely prejudiced by the delay in foreclosing upon the Property. The Debtor objects to this testimony as an improper opinion and legal conclusion.
    The Court will consider the testimony, but will accord it only minimal weight. To the extent that Sound Equity is prejudiced by the imposition of the automatic stay with respect to the Property, Sound Equity's remedy is to file a motion for relief from the automatic stay.

| **Party Information** |
|---|

**Debtor(s):**

    JINZHENG GROUP (USA) LLC          Represented By
                                                      Zev  Shechtman
                                                      Alphamorlai Lamine Kebeh