Michael F. Chekian, Esq. SBN 165026
Chekian Law Office, Inc.
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
(310) 390-5529-Voice
(310) 451-0739-Facsimile
mike@cheklaw.com-Email

Attorneys for The Phalanx Group, Inc.

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| In Re:<br><br>JINZHENG GROUP (USA) LLC,<br><br><br><br>Debtor and Debtor-in-Possession. | ) **Chapter 11**<br>) **Case No.: 2:21-bk-16674-ER**<br>)<br>) **REPLY TO OPPOSITION TO APPLICATION FOR ORDER ALLOWING ATTORNEY FEES AND COSTS AS ADMINISTRATIVE EXPENSE TO MEMBER OF UNSECURED CREDITORS' COMMITTEE PURSUANT TO 11 USC S. 503(b)(3)(D, F); DECLARATION OF MICHAEL CHEKIAN, ESQ.**<br>)<br>) **Hearing:**<br>) **Date: August 16, 2022**<br>) **Time: 10:00 a.m.**<br>) **Place: 255 East Temple Street, Courtroom 1568, Los Angeles, CA 90012** |
|---|---|

**TO:  HON. ERNEST ROBLES, U.S. TRUSTEE, CREDITORS COMMITTEE, INTERESTED PARTIES:**

Applicant attorney Michael Chekian, Esq. ("Applicant"), counsel for unsecured creditor committee member The Phalanx Group, Inc., hereby replies ("Reply") to the opposition and request for hearing ("Opposition") filed by the United States Trustee ("UST") to Applicant's Application for Order Allowing Attorney Fees and Costs as Administrative Expense to Member of Unsecured Creditors Committee Pursuant To 11 USC Section 503(b)(3)(D, F) ("Application").

The Application was filed June 17, 2022 as docket 254 in debtor Jinzheng Group (USA) LLC's ("Debtor") Chapter 11 case.  The Opposition of the UST was filed on on June 30, 2022 as

1

docket number 275.  Applicant thereafter gave notice of the August 16 hearing on the Application by his filing on July 6, 2022 as docket number 285.  UST is the only entity opposing the Application.

The Opposition argues that Applicant did not make a substantial contribution in this case justifying Section 503(b)(3) fees.  The services described in the Application are not unlike that where the court granted attorney fees and costs totaling $89,462.32 to a creditor's (Cinco) attorney who sought attorney fees and costs related to the following:  : *"(1) Cinco's motion to terminate Skyline's exclusive right to propose a plan; (2) the drafting and pursuit of Cinco's disclosure statement and plans; (3) Cinco's objections to Skyline's disclosure statement and plans; (4) negotiations and communications with parties in interest; (5) attendance at hearings; (6) communications between Cinco and its counsel; (7) settlement negotiations; and (8) a review of the filings in this case."* *In re Skyline Ridge, LLC*, case number 4:18-bk-01908-BMW at page 8 (Ariz. June 14, 2021).  In *In re Skyline Ridge*, the court found that the creditor's lawyer provided services resulting in a higher payout on claims.

The Application's supporting declaration at pages 7-8, paragraph 2 details Applicant's significant contributions to the plan review process which buttressed the Creditor Committee's arguments resulting in withdrawal of Debtor's initial plan which included a vague and low potential payout to unsecured claimants.  The Applicant testifies in his declaration that he reviewed Debtor's plan (docket 158) and made suggestions to the Creditor's Committee regarding objections to it.  The original plan was withdrawn by stipulation and order as docket numbers 250 and 253.  Debtor now has new counsel which is making efforts to liquidate Debtor's assets which may result in faster and higher payout of claims.  Besides the creditor committee's counsel, Applicant is the only creditor's counsel who attends and participates in the creditor committee meetings in Debtor's case (see within Applicant supplemental declaration).

The Opposition also argues that Applicant seeks compensation for providing services to his own client, so he should not receive a fee award pursuant to Section 503(b)(3).  This is not supported by case law.  A creditor is not precluded from an administrative expense claim solely

because that creditor acts in its own self-interest. *In re Cellular 101, Inc.*, 377 F.3d 1092 at 1097-98 (9th Cir. 2004). "We reject Trustee's argument that substantial contribution claims must be denied if the creditor acted primarily in its own interest, even if the creditor provided a demonstrable benefit to the estate, as that is not the law in our circuit. As the bankruptcy court correctly noted, the *Cellular 101* court rejected this notion, stating that " the existence of a self-interest cannot in and of itself preclude reimbursement." (citation omitted) *In re Mortgages Ltd.*, BAP AZ-09-1412-KiJuMk, at *1 (B.A.P. 9th Cir. Aug. 4, 2010).

*In re SONICblue, Inc.,* 422 BR 204, 214 (N.D. Cal. 2009), the creditor/creditor committee member SB Claims Holder, LLC received court ordered attorney fees and expenses of $683,240.62 and $300,000, pursuant to 11 USC S. 503(b)(3) and (4) for its substantial contributions in the Chapter 11 resulting in recovery of funds to the estate based on the misdeeds of other attorneys involved in the case.

The cases cited in the Opposition are not persuasive. The UST cites *In re County of Orange*, 179 B.R. 195 (C.D. Cal. 1995), an old Chapter 9 case for the proposition that Applicant's administrative fees are not allowable (Opposition, page 3, lines 16-21). However, the holding of that case is limited to a request for fees pursuant to Code Section 503(b)(4) which is not a legal basis for recovery cited in the Application. *In re County of Orange* holds that, "The recent addition of § 503(b)(3)(F) entitles Committee members to their out-of-pocket expenses, but it does not create a right through § 503(b)(4) for Committee members to require the County to reimburse them for their professional fees unless the services result in a substantial contribution to the Chapter 9." 179 B.R. at 203.

The Opposition (at page 4, lines 1-4) cites In *In re Firstplus Financial, Inc.*, 254 B.R. 888, 895 (Bankr. N.D. Texas 2000) for the proposition that Sec. 503(b)(3)(F) was not added to the Code to award such attorney fees to individual creditors as creditors' committee expenses. On the other hand, subsection (F) does not prohibit attorney fee awards and even if it did, Code Section 503(b)(3)(D) states that a creditor can be allowed reasonable fees in making a substantial contribution to a Chapter 11 case.

///

3

Therefore, based on the Application and this Reply, it is respectfully requested that the Application be granted and that Applicant be allowed the administrative claim as requested.

Dated: August 9, 2022               /s/ Michael F. Chekian
                                    Michael F. Chekian
                                    Chekian Law Office
                                    Attorneys for The Phalanx Group, Inc.

4

# SUPPLEMENTAL DECLARATION OF MICHAEL CHEKIAN IN SUPPORT OF APPLICATION FOR ADMINISTRATIVE FEES

I, Michael Chekian, am an attorney duly licensed to practice law in the Central District of California. I do hereby declare under the penalty of perjury that the following is true and correct to the best of my personal knowledge and belief, and if called upon as a witness, I could and would personally testify under oath in a court of law to the truthfulness of each of the below facts.

1.  I am the attorney of record for unsecured creditor The Phalanx Group ("Creditor") in the chapter 11 bankruptcy case filed by Jinzheng Group (USA) LLC ("Debtor"). Creditor is a member of the unsecured creditors committee ("Committee") in Debtor's case.

2.  I am the only creditor's attorney serving on the Committee who attends and participates in the creditor committee meetings in Debtor's case.

I do hereby declare under the penalty of perjury and pursuant to the laws of the United States of America that the foregoing is true and correct and that this declaration is executed this 9th day of August, 2022, at Los Angeles, California.

_/s/ Michael Chekian_____

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 445 South Figueroa Street, 31st Floor, Los Angeles, CA 90071.

A true and correct copy of the foregoing document entitled (*specify*):   Reply To Opposition To Application for Order Allowing Attorney Fees and Costs as Administrative Expense To Member of Unsecured Creditors' Committee Pursuant to 11 USC Section 503(b)(3)(D, F); Declaration of Michael Chekian, Esq. will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____August 9, 2022_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Sound Equity c/o Paul Leeds:  Pleeds@fsl.law
Jinzheng Group (USA) c/o Danielle Gabai:  dgabai@danninggill.com
Jinzheng Group and Danning, Gill c/o Zev Shechtman:  zshechtman@DanningGill.com
Courtesy NEF, Brian Harvey:  bharvey@buchalter.com
Corona Capital Group LLC c/o Eric Mitnick:  MitnickLaw@aol.com
Donna Bullock Carrera: donnabullockcarrera@yahoo.com
Steven P Chang: heidi@spclawoffice.com
Susan Titus Collins: scollins@counsel.lacounty.gov
Richard Girgado: rgirgado@counsel.lacounty.gov
M. Jonathan Hayes: jhayes@rhmfirm.com
Eric A Mitnick: MitnickLaw@aol.com
Matthew D. Resnik: matt@rhmfirm.com
Allan D Sarver: david@shevitzlawfirm.com
Investment Management Company LLC c/o Allan D Sarver: ADS@asarverlaw.com
JINZHENG GROUP (USA) LLC c/o Christopher J Langley: chris@slclawoffice.com
Michael E. Dorff and Shari L. Dorff c/o Benjamin R Levinson, ESQ: ben@benlevinsonlaw.com
OFFICIAL COMMITTEE OF UNSECURED CREDITORS c/o Jeffrey W Dulberg: jdulberg@pszjlaw.com
OFFICIAL COMMITTEE OF UNSECURED CREDITORS c/o Teddy M Kapur: tkapur@pszjlaw.com
Orantes Law Firm, P.C. c/o Giovanni Orantes: go@gobklaw.com
Royalty Equity Lending, LLC/Bobs LLC c/o Matthew D. Resnik: matt@rhmfirm.com
United States Trustee (LA): ustpregion16.la.ecf@usdoj.gov
United States Trustee (LA) c/o Hatty K Yip: hatty.yip@usdoj.gov
Michael F Chekian: mike@cheklaw.com
JINZHENG GROUP (USA) LLC c/o Zev Schechtman: zshechtman@DanningGill.com
Donald W. Reid: don@donreidlaw.com
Daniel Samuel Shevitz: david@shevitzlawfirm.com
John N. Tedford, IV: jtedford@DanningGill.com
JINZHENG GROUP (USA) LLC c/o Alphamorlai Lamine Kebeh: akebeh@danninggill.com
LAW OFFICES OF PETER C/O Peter A. Kim: peter@pkimlaw.com
LOS ANGELES COUNTY TREASURER AND TAX COLLECTOR c/o Oscar Estrada: oestrada@ttc.lacounty.gov

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                                **F 9013-3.1.PROOF.SERVICE**

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) __/201_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 08/09/2022 | Michael Chekian | /s/ Michael Chekian |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                          **F 9013-3.1.PROOF.SERVICE**