BRIAN T. HARVEY (SBN: 238991)
NICHOLAS S. COUCHOT (SBN: 331971)
BUCHALTER, a Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-1730
Telephone: (213) 891-0700
Facsimile: (213) 896-0400
Email: bharvey@buchalter.com
ncouchot@buchalter.com

Attorneys for Secured Creditor
ROYAL BUSINESS BANK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>JINZHENG GROUP (USA) LLC,<br><br>                     Debtor. | Case No. 2:21-bk-16674-ER<br><br>Chapter 11<br><br>**ROYAL BUSINESS BANK'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY**<br><br>[Notice of Motion and Motion for Relief from Automatic Stay, Continuation Declaration of Peter Tam concurrently filed]<br><br>**Hearing:**<br>Date:    September 6, 2022<br>Time:   10:00 AM<br>Place:   United States Bankruptcy Court<br>           Courtroom 1568<br>           255 East Temple Street<br>           Los Angeles, California 90012 |

Royal Business Bank ("Royal"), the holder of a senior security interest in real property purportedly owned by Jinzheng Group (USA) LLC, debtor in the above-captioned Chapter 11 bankruptcy case ("Debtor"), respectfully submits this Memorandum of Points and Authorities in Support of its Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362 (the "Motion"), as follows:

## I.  INTRODUCTION

Royal is entitled to relief from the automatic stay under 11 U.S.C. § 362(d)(1) and (d)(2). First, Royal seeks relief from the automatic stay based on the lack of adequate protection of its interest in the real property located at 2240 Lorain Road, San Marino, California, 91108 (the "Property").  Royal is not adequately protected because the Debtor—which scheduled the Property as its asset—is not the borrower under the promissory note. Jianqing Yang transferred the Property to the Debtor without Royal's consent in violation of the due-on-sale clause in the promissory note. The unauthorized transfer caused a default that authorized Royal to accelerate and demand payment of all sums due under the promissory note.  Additionally, Royal has not received a payment due under the promissory note since December 2021.  Based on these concerns, Royal's interest in the Property is not adequately protected.  Accordingly, sufficient cause exists to grant Royal relief from the automatic stay under Bankruptcy Code section 362(d)(1).

Second, Royal seeks relief from the automatic stay because there is no equity in the Property and the Property is not necessary to an effective reorganization.  As evidenced by a recent escrow statement and relevant portions of the Debtor's schedules, the value of the Property is less than the total amount of the secured debt.  Moreover, Royal is informed and believes that there will be no reorganization and that the Debtor intends to propose a liquidating chapter 11 plan.  Consequently, the Property is not necessary to an effective reorganization.  Given that there is no equity in the Property and no reorganization is in prospect, relief from the automatic stay is also warranted pursuant to Bankruptcy Code section 362(d)(2).

For the following reasons, Royal requests that this Court enter an order granting Royal relief from stay to enable Royal to foreclose on its interest in the Property.

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 69604814v3

1

ROYAL BUSINESS BANK'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER § 362 (REAL PROPERTY)

## II.    FACTUAL BACKGROUND

### A.    Royal has a senior secured interest in the Property.

On June 27, 2018, Jianqing Yang, as borrower, executed and delivered to Pacific Bay Lending Group ("Pacific"), as lender, a written Promissory Note ("Note") whereby Pacific agreed to lend $1,100,000 to Mr. Yang.  Declaration of Peter Tam ("Tam Decl."), ¶ 23.a.  In return for the loan, Mr. Yang agreed to pay $1,100,000, plus interest, to the order of Pacific.  *Id*.  Section 11(B) of the Note provides that "[i]f all or any part of the Property or any Interest in the Property is sold or transferred…without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument" (the "Due-on-Sale Clause").  *Id*. at ¶ 23.b.  The obligations evidenced by the Note are secured by a Deed of Trust dated June 27, 2018 (the "Deed of Trust", together with the Note, the "Loan Documents"), which was executed by Mr. Yang for the benefit of Pacific.  *Id*. at ¶ 23.c.  The Deed of Trust was recorded on July 5, 2018 against the Property in the Los Angeles County Recorder's Office bearing Instrument No. 20180669029.  *Id*.  On June 27, 2018, Pacific executed an Allonge to Promissory Note (the "Allonge"), assigning the Note and Deed of Trust to Royal.  *Id*. at ¶ 23.d.

On September 12, 2019, Mr. Yang defaulted under the terms of the Note when he transferred his interest in the Property to the Debtor by grant deed without Royal's prior written consent.  *Id*. at ¶ 24.  Upon information and belief, Mr. Yang transferred the Property to the Debtor for no consideration.  *Id*.  Mr. Yang further defaulted on the Note by failing to make the payment due on January 1, 2021 and any payment due thereafter.  *Id*. at ¶ 25.

### B.    The Bankruptcy Case.

On August 24, 2021 ("Petition Date"), the Debtor filed its voluntary bankruptcy petition under chapter 11 of the Bankruptcy Code commencing the above-captioned bankruptcy case.  [Docket No. 1].  On January 24, 2022, the Debtor filed its Motion to Employ LT Management Group, as real estate broker, to list the Property for sale at $2,450,000.00.  [Docket No. 91].  The Court authorized the employment of LT Management Group on February 22, 2022.  [Docket No. 124].  On May 4, 2022, the Debtor accepted an offer to purchase the Property for $2,070,000, which is significantly less than the initial listing price.  *Id*. at ¶ 26.

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 69604814v3              2

ROYAL BUSINESS BANK'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER § 362 (REAL PROPERTY)

On May 4, 2022, the Debtor filed its *Combined Plan of Reorganization and Disclosure Statement Dated May 4, 2022* [Docket No. 204] (the "Plan").  On May 31, 2022, the Official Committee of Unsecured Creditors (the "Committee") filed a *Stipulation to Continue Hearing on Motion for Order Approving Debtor's Combined Plan of Reorganization and Disclosure Statement Dated May 4, 2022* [Docket No. 235].  On June 16, 2022, the Debtor and the Committee stipulated to withdraw the Plan because "the Debtor and the committee have been communicating regularly through counsel regarding the Debtor's bankruptcy strategy and potential exit options, which include an orderly liquidation of assets in chapter 11 to the extent necessary to make distributions to holders of allowed claims and on account of administrative expenses approved by the Court." [Docket No. 250].  The Court approved the stipulation on June 17, 2022. [Docket No. 253].  Royal is informed and believes the Debtor intends to propose a liquidating chapter 11 plan. Tam Decl., ¶ 27.

### III.   LEGAL DISCUSSION

**A.   Cause exists to grant relief under section 362(d)(1) to allow Royal to exercise its rights and remedies with respect to the Property.**

Section 362(d)(1) of the Bankruptcy Code provides that the bankruptcy court shall lift the automatic stay "for cause", which includes the lack of adequate protection.  11 U.S.C. § 362(d)(1).  In addition to lack of adequate protection, cause can be established by virtue of other factors and is to be determined on a case-by-case basis. *In re Tucson Estate, Inc.*, 912 F.2d 1162 (9th Cir. 1990).  For instance, bankruptcy courts in the Ninth Circuit have granted relief from stay for cause when a debtor has not been diligent in carrying out his or her duties in the bankruptcy case, has not made required payments, or is using bankruptcy as a means to delay payment or foreclosure. *In re Harlan*, 783 F.2d 839 (9th Cir. 1986); *In re Ellis*, 60 B.R. 432 (B.A.P. 9th Cir. 1985).  A violation of a due-on-sale clause is another factor to be considered in determining whether cause exists. *In re Davis*, 2010 Bankr. LEXIS 4619, at *1 (Bankr. D.S.C. 2010).  The debtor carries the burden of proof to establish adequate protection and that cause does not exist to grant the relief requested. 11 U.S.C. § 362(g).

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 69604814v3

3

**ROYAL BUSINESS BANK'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER § 362 (REAL PROPERTY)**

Here, cause exists to terminate the automatic stay because Royal is not adequately protected because the Debtor is not the borrower under the Note. On September 12, 2019, Mr. Yang defaulted on the Note when he transferred his interest in the Property to the Debtor by grant deed without Royal's prior written consent. The unauthorized transfer caused a default that authorized Royal to accelerate and demand payment of all sums due under the promissory note. Tam Decl., ¶ 23.b. Moreover, upon information and belief, Mr. Yang transferred the Property to the Debtor for no consideration. *Id*. at ¶ 24. Because the Property may have been transferred for no consideration, the transfer may also constitute a fraudulent conveyance. Mr. Yang further defaulted on the Note by failing to make the payment due on January 1, 2021. *Id*. at ¶ 25. For each of these reasons, Royal's interest in the Property is not adequately protected.

Accordingly, cause exists to terminate the stay pursuant to section 362(d)(1).

**B.     Royal Is Entitled to Relief From the Automatic Stay Under Section 362(d)(2) Because There Is No Equity in the Property and It Is Not Necessary to an Effective Reorganization.**

Section 362(d)(2) of the Bankruptcy Code provides that a bankruptcy court shall lift the automatic stay if (1) the debtor lacks equity in the property and (2) the property is not necessary to an effective reorganization. 11 U.S.C. § 362(d)(2). A debtor has no equity in property when the liens against the property exceed the property's value. *See Stewart v. Gurley*, 745 F.2d 1194, 1195 (9th Cir. 1984). Royal's Motion satisfies both elements.

   *1.   The Debtor Lacks Any Equity in the Property.*

Equity has been defined as "the value, above all secured claims against the property that can be realized from the sale of the property for the benefit of unsecured creditors." *Mellor*, 734 F.2d at 1400, n.2; *see also Stewart v. Gurley,* 745 F.2d 1194, 1195 (9th Cir. 1984). Here, the secured debt is at least $2,242,961.65 and the value of the Property is only $2,070,000. Tam Decl. at ¶ 11. Accordingly, there is no equity for purposes of section 362(d)(2).

   *2.   The Property Is Not Necessary for an Effective Reorganization.*

After establishing that a debtor lacks equity, it is the debtor's burden to prove that the property involved is necessary to an effective reorganization. 11 U.S.C. § 362(g). The Supreme

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 69604814v3                    4

**ROYAL BUSINESS BANK'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER § 362 (REAL PROPERTY)**

Court has made it clear that for property to be necessary for an effective reorganization, there must be a reasonable possibility of a successful reorganization within a reasonable time. *United Savings Ass'n of Texas v. Timbers of Inwood Forest Assoc., Ltd.*, 484 U.S. 365, 375-76 (1988).

The Bankruptcy Appellate Panel for the Ninth Circuit has held that the burden of proof for the debtor in establishing that an effective reorganization is "in prospect" is essentially a sliding scale based on the amount of time that the debtor has been in bankruptcy and the progress made in the case toward reorganization. *See Sun Valley Newspapers v. Sun World Corp. (In re Sun Valley Newspapers)*, 171 B.R. 71 (B.A.P. 9th Cir. 1994).

In *Sun Valley Newspapers*, the court found that the burden can be separated into four stages based upon when the creditor requests relief from the automatic stay. In the early stage of the case, "the burden of proof . . . is satisfied if the debtor can offer sufficient evidence to indicate that a successful reorganization within a reasonable time is 'plausible.'" *Sun Valley*, 171 B.R. at 75 (citing *In re Holly's Inc.*, 140 B.R. 643, 700 (Bankr. W.D. Mich. 1992)). Near the expiration of the debtor's exclusivity period, "the debtor must demonstrate that a successful reorganization within a reasonable time is 'probable.'" *Id.* After the expiration of the exclusivity period, "the debtor must offer sufficient evidence to indicate that a successful reorganization within a reasonable time is 'assured.'" *Id.* And regardless of the amount of time a case has been pending, if "the evidence indicates that a successful reorganization within a reasonable time is 'impossible,' the court must grant relief from the stay." *Id.*

Here, the Property is not necessary for an effective reorganization because Royal is informed and believes there will be no reorganization and the Debtor intends to propose a liquidating chapter 11 plan. Tam Decl., ¶ 27. For these reasons, the Property is not necessary for an effective reorganization. Accordingly, in addition to cause under section 362(d)(1), Royal is also entitled to relief from stay under section 362(d)(2).

BN 69604814v3

5

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

**ROYAL BUSINESS BANK'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER § 362 (REAL PROPERTY)**

## IV. CONCLUSION

Based on the foregoing, Royal respectfully requests that the Court grant the Motion and enter an order granting relief from the automatic stay under section 362(d)(1) and (d)(2), waive the 14-day stay under Bankruptcy Rule 4001(a), and grant such other relief as is just and proper.

Dated: August 10, 2022

BUCHALTER, a Professional Corporation

By: */s/ Nicholas S. Couchot*
NICHOLAS S. COUCHOT

Attorneys for Secured Creditor
ROYAL BUSINESS BANK

BN 69604814v3

6

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

**ROYAL BUSINESS BANK'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER § 362 (REAL PROPERTY)**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
Buchalter, 1000 Wilshire Blvd., Suite 1500, Los Angeles, CA 90017

A true and correct copy of the foregoing document entitled (*specify*):  **ROYAL BUSINESS BANK'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 8/10/2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Donna C Bullock**    donnabullockcarrera@yahoo.com, donna.bullock@ymail.com
- **Steven P Chang**    heidi@spclawoffice.com, schang@spclawoffice.com,assistant1@spclawoffice.com,attorney@spclawoffice.com;g9806@notify.cincompass.com;changsr75251@notify.bestcase.com
- **Michael F Chekian**    mike@cheklaw.com, chekianmr84018@notify.bestcase.com
- **Heidi M Cheng**    heidi@slclawoffice.com, assistant1@spclawoffice.com;schang@spclawoffice.com;chenghr75251@notify.bestcase.com
- **Susan Titus Collins**    scollins@counsel.lacounty.gov
- **Jeffrey W Dulberg**    jdulberg@pszjlaw.com
- **Oscar Estrada**    oestrada@ttc.lacounty.gov
- **Danielle R Gabai**    dgabai@danninggill.com, dgabai@ecf.courtdrive.com
- **Richard Girgado**    rgirgado@counsel.lacounty.gov
- **Brian T Harvey**    bharvey@buchalter.com, IFS_filing@buchalter.com;dbodkin@buchalter.com
- **M. Jonathan Hayes**    jhayes@rhmfirm.com, roksana@rhmfirm.com;matt@rhmfirm.com;rosario@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com;boshra@rhmfirm.com;rosario@rhmfirm.com
- **Teddy M Kapur**    tkapur@pszjlaw.com, mdj@pszjlaw.com
- **Alphamorlai Lamine Kebeh**    akebeh@danninggill.com
- **Peter A Kim**    peter@pkimlaw.com, peterandrewkim@yahoo.com
- **Christopher J Langley**    chris@slclawoffice.com, omar@slclawoffice.com;langleycr75251@notify.bestcase.com;ecf123@casedriver.com
- **Paul J Leeds**    Pleeds@fsl.law, ssanchez@fsl.law
- **Benjamin R Levinson**    ben@benlevinsonlaw.com, courtney@benlevinsonlaw.com
- **Damian J. Martinez**    damian.martinez@aalrr.com
- **Eric A Mitnick**    MitnickLaw@aol.com, mitnicklaw@gmail.com
- **Giovanni Orantes**    go@gobklaw.com, gorantes@orantes-law.com,cmh@gobklaw.com,gobklaw@gmail.com,go@ecf.inforuptcy.com;orantesgr89122@notify.bestcase.com
- **Donald W Reid**    don@donreidlaw.com, ecf@donreidlaw.com
- **Matthew D. Resnik**    matt@rhmfirm.com, roksana@rhmfirm.com;rosario@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com
- **Peter J Ryan**    ryan@floresryan.com, schneider@floresryan.com
- **Allan D Sarver**    ADS@asarverlaw.com
- **Zev Shechtman**    zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com
- **David Samuel Shevitz**    david@shevitzlawfirm.com, shevitzlawfirm@ecf.courtdrive.com;r48785@notify.bestcase.com;Jose@shevitzlawfirm.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                       **F 9013-3.1.PROOF.SERVICE**

- **John N Tedford**  jtedford@DanningGill.com, danninggill@gmail.com;jtedford@ecf.courtdrive.com
- **United States Trustee (LA)**  ustpregion16.la.ecf@usdoj.gov
- **Hatty K Yip**  hatty.yip@usdoj.gov, hatty.k.yip@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 8/10/2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

*Debtor*
Jinzheng Group (USA) LLC
1414 S Azusa Ave, Suite B-22
West Covina, CA 91791

*Presiding Judge:*
Hon. Ernest M. Robles
U.S. Bankruptcy Court
255 E. Temple Street, Suite 1560
Los Angeles, CA 90012

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 8/10/2022 | Margie Arias | /s/ Margie Arias |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                 F 9013-3.1.PROOF.SERVICE

**2. SERVED BY UNITED STATES MAIL (Cont'd.)**:

**Manual Notice List:**

Atkinson, Andelson, Loya, Ruud & Romo
201 S Lake Ave., Ste. 300
Pasadena, CA 91101

Avenue 8
c/o Darren Hubert
3900 Wilshire Blvd
Beverly Hills, CA 90212

Michael Douglas Carlin
PO Box 67132
Century City, CA 90067

Coldwell Banker Real Estate, LLC
388 S Lake Ave.
Pasadena, CA 91101

Pachulski Stang Ziehl & Jones
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA  90067

Remax
1055 E Colorado Blvd.
Pasadena, CA 91106

Peter J. Ryan
FLORES RYAN, LLP
115 W. California Blvd., #9010
Pasadena, CA 91105

Shioda Langley and Chang LLP
1063 E Las Tunas Dr.
San Gabriel, CA 91776

The Crem Group
3900 W Alameda Ave., Suite 1200
Burbank, CA 91505

Jay Wu
LT Management Group Estate
1414 S. Azusa Avenue, B-22
West Covina, CA  91791

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    F 9013-3.1.PROOF.SERVICE