**LAW OFFICE OF ERIC ALAN MITNICK**
ERIC ALAN MITNICK SBN 116042
Del Amo Crossing
21515 Hawthorne Boulevard, Suite 1030
Torrance, California 90503
Telephone:  (310) 792-5864
Facsimile:   (310) 347-4353
E-mail:       MitnickLaw@gmail.com

Attorney for Secured Creditor
CORONA CAPITAL GROUP, LLC

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>JINZHENG GROUP (USA), LLC,<br><br><br><br><br><br><br>Debtor(s). | Case No. 2:21-bk-16674 ER<br><br>Chapter 11<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY**<br><br>Date: 8/22/22<br>Time: 10:00 a.m.<br>Place; Courtroom 1568 |

**TO: THE DEBTOR, ITS ATTORNEYS AND ALL INTERESTED PARTIES:**

CORONA CAPITAL GROUP, LLC ("CORONA" or "Movant"), by and through its undersigned counsel, hereby files its reply to the Opposition of Debtor and Debtor-in-Possession JINZHENG GROUP (USA), LLC ("Debtor") filed by Debtor (Docket No. 329) to the Motion for Relief from the Automatic Stay (Real Property) (the "Motion") filed by Movant (Docket No. 320).  The Motion concerns the real property commonly know as 2240 Lorain Road, San Marino, CA 91108 (the "Property"), which is vacant.

REPLY TO OPPOSITION TO MOTION FOR RELIEF FROM STAY    1

The Motion seeks termination of the automatic stay under Sections 362(d)(1) and 362(d)(2) of the Bankruptcy Code to allow CORONA to commence and complete foreclosure on the Property, and additional relief to terminate the automatic stay, or a determination that there is no stay, that the precludes Movant from reinstating or paying off the senior loan of Royal Business Bank ('RBB").

RBB filed its Motion for Relief from the Automatic Stay regarding the Property (the "RBB Motion") on August 10, 2022 (Docket No. 335), which is set for hearing on September 6, 2022. As of the commencement date of this chapter 11 Proceeding (the "Case"), neither CORONA nor RBB had commenced foreclosure on the Property.

The Debtor filed this Case almost one year ago on August 24, 2021.

**I. DEBTOR'S OPPOSITION TO THE MOTION**

In its Opposition filed August 8, 2022, Debtor did not oppose the Motion with respect to "cause" to terminate the automatic stay because Debtor has not provided proof of insurance. In a supplemental declaration filed August 12, 2022 (Docket No. 340), Debtor has submitted evidence of insurance for the Property. However, CORONA is not listed as a mortgagee or additional loss payee on this policy as required in CORONA's Deed of Trust. (See Exhibit 2, Motion page 31.)

Debtor has not opposed the Motion that seeks additional relief to terminate the automatic stay, if any, or a determination that there is no stay, that the precludes Movant from reinstating or paying off the senior loan of RBB.

Debtor has opposed the Motion seeking relief under Section 362(d)(2), asserting that there is equity in the Property, which is necessary to its reorganization. As discussed below, each of Debtor's contentions is incorrect.

**II. THERE IS NO EQUITY IN THE PROPERTY**

Debtor agrees with CORONA that the market value of the Property is $2,070,000. This valuation was based upon a then-pending sale of the Property that Debtor and DNQ,

REPLY TO OPPOSITION TO MOTION FOR RELIEF FROM STAY    2

LLC ("DNQ"), the third deed of trust, chose no to pursue. With the hiring of new brokers by Debtor, that purchase and sale agreement was terminated. (See Order entered August 8, 2022, Docket No. 330.) That sale could have been closed in or about May 2022. The broker had agreed to accept a total commission of only 2%.

The Broker's Price Opinion filed in support of the Motion estimates the market value of the Property is $2,045,000 as of July 19, 2022. However, with ongoing increases in mortgage interest rates, achieving this price seems to be unlikely.

As of the filing date of the Motion, total liens against the Property were $2,220,064. (Motion ¶ 11.e.) Since then, additional unpaid amounts continue to accrue on the unpaid indebtedness secured by the Property. The RBB Motion states that total debt secured by the Property is $2,242,961. (RBB Motion at p.8.) Interest on CORONA's loan accrues at the rate of $162.89 per day from and after July 18, 2022. (Motion Ex 3.). Interest on RBB's loan accrues at the rate of $161.73 per day. (Motion Exhibit 6.).

While the numbers are clear that there is no equity in the Property, Debtor argues that its very recent "carveout" agreement with DNQ will, if a sale occurs, create a possible small amount, $45,576, to be paid to the Estate.[1] How much of this small amount, if any, would be paid to general unsecured creditors is unknown. CORONA submits that this possible payment is not equity. See *In re Mellor*, 734 F.2d 1396, 1400 n.2 (9th Cir. 1984)(equity is value, above all secured claims against the property that can be realized from the sale for the benefit of unsecured creditors). See also *Stewart v. Gurley*, 745 F. 2d 1194,1195 (9th Cir. 1984)(equity is the difference between the property value and that total amount of liens against it).

In addition, Debtor's calculations understate the amounts owed to RBB and CORONA, and do not account for additional accruals of interest on the senior loans at the

---

[1] Paragraph 2 of the Carveout Agreement provides that Court approval is required, but none has been sought or obtained. (Opp. at p. 13.)

REPLY TO OPPOSITION TO MOTION FOR RELIEF FROM STAY   3

rate of a little over $10,000 per month. ($162.89 + $161.75 x 31 = 10,063.22.) Property taxes also continue to accrue at almost $2,000 per month. (Motion Exhibit 9.) As a result, the "carveout" amount is likely to be less than estimated by Debtor.

### III. THE PROPERTY IS NOT NECESSARY TO AN EFFECTIVE REORGANIZATION

Debtor has the burden of proof to establish that the Property is not necessary to an effective reorganization.  11 U.S.C. §362(g).  Debtor must establish that there is a reasonable possibility of a successful reorganization within a reasonable time. *United Savings Ass'n of Texas v. Timbers of Inwood Forest Assoc., Ltd.*, 484 U.S. 365, 375-76 (1988).

Debtor has provided no evidence of any possibility of a successful reorganization occurring in this Case.  As this Case is almost one year old, clearly any future reorganization will not be within a reasonable time.

Finally, in a Case that involves various development properties and substantial disputes between current and former management, it seems very unlikely that the relatively small sum of $45,000 (or less) paid to the Estate is in any meaningful way necessary to an effective reorganization by this Debtor.

### IV. CONCLUSION

For all of the foregoing reasons, and those contained in the Motion, CORONA respectfully submits that its Motion should be granted, with a waiver of the 14-day stay of Rule 4001(a) of the <u>Federal Rules of Bankruptcy Procedure</u>.

Dated: August 13, 2022                     LAW OFFICE OF ERIC ALAN MITNICK

/s/ Eric Alan Mitnick

By: _____
Eric Alan Mitnick

Attorney for Secured Creditor .
CORONA CAPITAL GROUP, LLC

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

21515 Hawthorne Boulevard, Suite 1030, Torrance, CA 90503

A true and correct copy of the foregoing document entitled (*specify*): Memorandum of Points and Authorities in Reply to Opposition to Motion for Relief from the Automatic Stay

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 08/12/2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☑ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 08/15/2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 08/15/2022 | Eric Mitnick | /s/ Eric Mitnick |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

ADDITIONAL SERVICE INFORMATION (if needed):

1. **SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

   - **Donna C Bullock**  donnabullockcarrera@yahoo.com, donna.bullock@ymail.com
   - **Steven P Chang**  heidi@spclawoffice.com, schang@spclawoffice.com,assistant1@spclawoffice.com,attorney@spclawoffice.com;g9806@notify.cincompass.com;changsr75251@notify.bestcase.com
   - **Michael F Chekian**  mike@cheklaw.com, chekianmr84018@notify.bestcase.com
   - **Heidi M Cheng**  heidi@slclawoffice.com, assistant1@spclawoffice.com;schang@spclawoffice.com;chenghr75251@notify.bestcase.com
   - **Susan Titus Collins**  scollins@counsel.lacounty.gov
   - **Jeffrey W Dulberg**  jdulberg@pszjlaw.com
   - **Oscar Estrada**  oestrada@ttc.lacounty.gov
   - **Danielle R Gabai**  dgabai@danninggill.com, dgabai@ecf.courtdrive.com
   - **Richard Girgado**  rgirgado@counsel.lacounty.gov
   - **Brian T Harvey**  bharvey@buchalter.com, IFS_filing@buchalter.com;dbodkin@buchalter.com
   - **M. Jonathan Hayes**  jhayes@rhmfirm.com, roksana@rhmfirm.com;matt@rhmfirm.com;rosario@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com;boshra@rhmfirm.com;rosario@rhmfirm.com
   - **Teddy M Kapur**  tkapur@pszjlaw.com, mdj@pszjlaw.com
   - **Alphamorlai Lamine Kebeh**  akebeh@danninggill.com
   - **Peter A Kim**  peter@pkimlaw.com, peterandrewkim@yahoo.com
   - **Christopher J Langley**  chris@slclawoffice.com, omar@slclawoffice.com;langleycr75251@notify.bestcase.com;ecf123@casedriver.com
   - **Paul J Leeds**  Pleeds@fsl.law, ssanchez@fsl.law
   - **Benjamin R Levinson**  ben@benlevinsonlaw.com, courtney@benlevinsonlaw.com
   - **Eric A Mitnick**  MitnickLaw@aol.com, mitnicklaw@gmail.com
   - **Giovanni Orantes**  go@gobklaw.com, gorantes@orantes-law.com,cmh@gobklaw.com,gobklaw@gmail.com,go@ecf.inforuptcy.com;orantesgr89122@notify.bestcase.com
   - **Donald W Reid**  don@donreidlaw.com, ecf@donreidlaw.com
   - **Matthew D. Resnik**  matt@rhmfirm.com, roksana@rhmfirm.com;rosario@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com
   - **Peter J Ryan**  ryan@floresryan.com, schneider@floresryan.com
   - **Allan D Sarver**  ADS@asarverlaw.com
   - **Zev Shechtman**  zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com
   - **David Samuel Shevitz**  david@shevitzlawfirm.com, shevitzlawfirm@ecf.courtdrive.com;r48785@notify.bestcase.com;Jose@shevitzlawfirm.com
   - **John N Tedford**  jtedford@DanningGill.com, danninggill@gmail.com;jtedford@ecf.courtdrive.com
   - **United States Trustee (LA)**  ustpregion16.la.ecf@usdoj.gov
   - **Hatty K Yip**  hatty.yip@usdoj.gov, hatty.k.yip@usdoj.gov

1690625.1  27086  This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                    **F 9013-3.1.PROOF.SERVICE**

**2. SERVED BY U.S. MAIL**

Debtor
JINZHENG GROUP (USA) LLC
1414 S Azusa Ave, Suite B-22
West Covina, CA 91791-4084

The Honorable Ernest M. Robles
U.S. Bankruptcy Court
Roybal Federal Building
Bin outside of Suite 1560
255 E. Temple Street
Los Angeles, CA 90012

DNQ LLC:
Jason D Wang,
6145 W. Spring Mountain RD. #205
Las Vegas NV 89146

Unsecured Creditors Committee

Betula Lenta, Inc.
David Park
800 W. 6th Street, Suite 1250
Los Angeles, CA 900171

The Phalanx Group, Inc.
Anthony Rodriguez
424 E. 15th Street, Unit #10
Los Angeles, CA 90015

Testa Capital Group
620 Newport Center Dr., #1100
Newport Beach, CA 92660

1690625.1  27086  This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**