ZEV SHECHTMAN (State Bar No. 266280)
zs@DanningGill.com
ALPHAMORLAI L. KEBEH (State Bar No. 336798)
akebeh@DanningGill.com
DANNING, GILL, ISRAEL & KRASNOFF, LLP
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067-6006
Telephone: (310) 277-0077
Facsimile: (310) 277-5735

General Bankruptcy Counsel for Jinzheng Group
(USA) LLC, Debtor and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>JINZHENG GROUP (USA) LLC,<br><br>　　　Debtor and Debtor in Possession. | Case No. 2:21-bk-16674-ER<br><br>Chapter 11<br><br>**DEBTOR'S NOTICE OF MOTION AND MOTION FOR ORDER APPROVING COMPROMISE BETWEEN DEBTOR AND DNQ LLC; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATIONS OF ZHAO PU YANG AND ZEV SHECHTMAN IN SUPPORT THEREOF**<br><br>Date:　　September 7, 2022<br>Time:　　11:00 a.m.<br>Crtrm.:　　1568<br>　　　　　255 E. Temple Street<br>　　　　　Los Angeles, California 90012 |

**PLEASE TAKE NOTICE** that on September 7, 2022 at 11:00 a.m., or as soon thereafter as the matter may be heard, Jinzheng Group (USA) LLC (the "Debtor"), will and hereby does move the Court pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Motion"), for an order approving the Debtor's compromise with DNQ LLC ("DNQ").

Subject to Court approval, the Debtor and DNQ have entered into an agreement (the "Agreement") to generate equity in the Debtor's property located at 2240 Lorain Road, San

1690897.3  27086                                              1

Marino, California 91108 (the "Property"). A copy of the Agreement is attached as Exhibit "1" to the declaration of Zhao Pu Yang. The Agreement provides, among other things, that:

    1.    DNQ consents to the sale of the Property free and clear of any lien, right, or claim it may have with respect to the Property and will not object to its sale regardless of the sale price.

    2.    The Debtor will market the Property for sale under section 363 of the Bankruptcy Code.

    3.    If the Debtor sells the property, the Debtor shall receive 25% of the net sale proceeds (the "Carveout Amount"), to the extent available, after payment of any liens senior to DNQ's, any property tax liabilities, and any other escrow or closing costs and brokers' commissions (the "Net Sale Proceeds").

    4.    DNQ's lien on the Property will attach to the Net Sale Proceeds remaining after the Carveout Amount up to an amount of $420,000. After the sale of the Property, DNQ will be entitled to a distribution of that amount (the "DNQ Distribution").

    5.    DNQ's lien is subordinated to the Debtor's rights under the Agreement for purposes of the sale of the Property.

    6.    If the DNQ Distribution is less than $420,000, without prejudice to DNQ seeking allowance of a higher claim amount, the amount of such deficiency will be deemed an allowed general unsecured claim and DNQ will waive any other claims against the Debtor's estate.

The Debtor believes that the terms of the Agreement are in the best interest of the estate and its creditors, and should be approved by the Court.

The Motion is based upon the separately filed Notice, this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Declarations of Zhao Pu Yang and Zev Shechtman, and the papers and pleadings on file in this case and such other evidence as may be presented to the Court.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 9013-1(f), any opposition or response to the Motion must be filed and served at least 14 days before the date of the hearing. Pursuant to Local Bankruptcy Rule 9013-1(h), the Court may treat failure to timely file documents consent to the relief requested in the Motion.

DATED: August 15, 2022            DANNING, GILL, ISRAEL & KRASNOFF, LLP


By:    */s/ Alphamorlai L. Kebeh*
     ALPHAMORLAI L. KEBEH
     General Bankruptcy Counsel for Jinzheng Group
     (USA) LLC, Debtor and Debtor in Possession

1690897.3  27086

3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## FACTUAL BACKGROUND

**A.      Bankruptcy Facts**

On August 24, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor continues in possession of its property and is operating and managing its business as a debtor in possession pursuant to the provisions of 11 U.S.C. §§ 1107(a) and 1108. No Trustee or examiner has been appointed in the Debtor's Chapter 11 Case.

**B.      The Subject Property**

The assets of the bankruptcy estate include a number of real properties, including a parcel of real property located at 2240 Lorain Road, San Marino, California 91108 (the "Property").

There are three consensual liens on the Property. The holders of those liens are Royal Business Bank ("RBB"), in first position; Corona Capital Group, LLC ("Corona"), in second position; and DNQ LLC ("DNQ"), in third position.

**C.      The Relief From Stay Motions**

On July 20, 2022, Corona filed its *Notice of Motion and Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362* (docket no. 320) (the "Corona RFS Motion"). Per the Corona RFS Motion, Corona was owed $580,924 as of July 18, 2022 on account of its secured claim. Pursuant to the Corona RFS Motion, RBB is owed $1,096,772 and DNQ is owed $530,465. The total debt on the Property is $2,220,064. The combined debt of the first and second liens is $1,677,696. The Property's value is $2,070,000 as established by the Debtor's previous attempt to short sell the Property. Corona also supplies a declaration from a broker stating that the Property is worth $2,045,000.

On August 10, 2022, RBB filed its *Notice of Motion and Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362* (docket no. 333) (the "RBB RFS Motion"). Per the RBB

RFS Motion, RBB was owed $1,119,669.65 as of August 5, 2022 on account of its secured claim. Pursuant to the RBB RFS Motion, Corona is owed $580,924 and DNQ is owed $530,465.

**D.     Attempted Sale of the Property**

The Debtor attempted to short sell the Property for $2,070,000. The Debtor attempted to gain DNQ's approval of that short sale, but was unsuccessful. The Debtor terminated the listing agreement with its former broker who was attempting the short sale and has been working with a new broker since July 1, 2022. Thus, the transaction involving the former broker is no longer pending. The current list price is $2,200,000.[1] The Debtor seeks to expeditiously sell to a buyer for fair market value (with overbidding).

**E.     Negotiations with DNQ and Proposed Compromise**

Recognizing that an agreement would be necessary to avoid foreclosure by senior lienholders, Debtor (through its current counsel) has been in discussions with DNQ since around June 10, 2022.[2] The sale of the Property by the Debtor was likely impossible absent the consent of DNQ, the third lienholder, to sell the Property for an amount less than the total value of the liens against the Property. However, DNQ refused consent to any such sale. To resolve DNQ's reluctance, the Debtor and DNQ entered into the Agreement, subject to court approval, (the "Agreement") attached to the Declaration of Zhao Pu Yang as Exhibit "1." The Debtor engaged with Committee Counsel on negotiation of the Agreement to ensure that it would be acceptable to the Committee. The Agreement provides, among other things, that:

1.     DNQ consents to the sale of the Property free and clear of any lien, right, or claim it may have with respect to the Property and will not object to its sale regardless of the sale price.

---

[1] The list price was reduced from $2.3 million on or about August 9, 2022, after the Agreement was executed.

[2] Current counsel was employed effective as of May 31, 2022.

2.      The Debtor will market the Property for sale under section 363 of the Bankruptcy Code.

3.      If the Debtor sells the property, the Debtor shall receive 25% of the net sale proceeds (the "Carveout Amount"), to the extent available, after payment of any liens senior to DNQ's, any property tax liabilities, and any other escrow or closing costs and brokers' commissions (the "Net Sale Proceeds").

4.      DNQ's lien on the Property will attach to the Net Sale Proceeds remaining after the Carveout Amount up to an amount of $420,000. After the sale of the Property, DNQ will be entitled to a distribution of that amount (the "DNQ Distribution").

5.      DNQ's lien is subordinated to the Debtor's rights under the Agreement for purposes of the sale of the Property.

6.      If the DNQ Distribution is less than $420,000, without prejudice to DNQ seeking allowance of a higher claim amount, the amount of such deficiency will be deemed an allowed general unsecured claim and DNQ will waive any other claims against the Debtor's estate.

## II.
## LEGAL ARGUMENT

**A.    Standards for Approval of Compromise**

Inherent in the grant of jurisdiction to the district courts over all civil proceedings arising under, arising in or related to cases under title 11 is the Court's authority, under Section 105(a) of the Bankruptcy Code, to enter orders approving compromises. This power is expressly recognized in Bankruptcy Rule 9019(a), which provides that the Court may approve a compromise or settlement on motion by the trustee after notice is provided pursuant to Bankruptcy Rule 2002. The approval of a compromise is a "core proceeding" under 28 U.S.C. § 157(b)(2)(A) and (O). *In re Carla Leather, Inc.*, 50 B.R. 764, 775 (Bankr. S.D.N.Y. 1985).

The approval or rejection of a proposed compromise is addressed to the sound discretion of the Court and is to be determined by the particular circumstances of each case. *In re Walsh*

*Construction, Inc.*, 669 F.2d 1325, 1328 (9th Cir. 1982). The burden of establishing the fairness of the compromise rests on the proponent, here, the Trustee.

In determining the acceptability of a proposed compromise, the following four factors should be considered: (1) the probability of success in the litigation; (2) the difficulties, if any, encountered in the matter of collection; (3) the complexity of the litigation involved, the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors and a proper deference to their reasonable views. *In re A & C Properties,* 784 F.2d 1377, 1381 (9th Cir. 1986); *Flight Transportation Corporation Securities Litigation*, 730 F.2d 1128, 1135 (8th Cir. 1984). This Court is not required to decide the questions of law and fact in dispute, but to canvas the issues to see whether the "settlement falls below the lowest point in a range of reasonableness." *In re Teletronics Services, Inc.*, 762 F.2d 185, 189 (2d Cir. 1985) (quoting *In re W.T. Grant Co.,* 699 F.2d 599, 608 (2d Cir. 1983)).

**B.     The Agreement is in the Best Interest of the Estate and Should be Approved under Bankruptcy Rule 9019**

The Debtor believes that the Agreement is fair and reasonable, in the best interest of the estate and its creditors, and satisfies the standards for approval of a settlement. With respect to the factors set forth in *A & C Properties,* the Debtor believes that the Agreement should be approved for the reasons discussed below.

**1.     The Probability of Success in Litigation**

The Debtor may have disputes with DNQ with respect to the amount and extent of its lien. The Debtor has not completed its evaluation of those claims, but has determined that it is necessary to resolve its disagreements with DNQ, at least as to the principal amount of DNQ's claim. On a preliminary basis, the Debtor has determined that it would be challenging to eliminate the principal amount of DNQ's claim.

**2.     Difficulties in Collection**

This factor does not apply.

3.  Complexity, Expense, Inconvenience, and Delay of Litigation

There is no pending litigation or anticipated litigation with DNQ at this time, and therefore it would be speculative to describe such factor and it is effectively inapplicable.

4.  Interest of Creditors

This is the primary factor which lends strong support to the Agreement. The Agreement reached by the Debtor with DNQ serves the paramount interest of creditors. By the Agreement, DNQ has consented to the Debtor's sale of the Property and the Debtor will receive 25% of the net sale proceeds that would otherwise have been paid to DNQ, enabling the Debtor to sell the Property for less than the aggregate value of the liens pursuant to section 363(f). The allowed secured claims of the holders of the first and second liens will be paid in full from any sale, assuming a price at or around the value asserted in the Corona RFS Motion, and the balance of the sale proceeds will be paid out pursuant to the Agreement.

The Debtor determined and still believes that the value generated by the Agreement served as an adequate basis to oppose the Corona RFS Motion and the RBB RFS Motion. If the Court denies those motions, the Agreement will result in some proceeds to the estate, and it will also reduce unsecured debt that would otherwise be added to the unsecured creditor body while the secured debts continue to accrue and resulting from the foreclosure of the collateral securing DNQ's lien.

## III.

## CONCLUSION

As a result of the Agreement, the Debtor is equipped to sell the Property for its fair market value. The estate and all creditors will be better off if the Debtor sells the Property. Based upon the foregoing, the Debtor respectfully requests that the Court:

1.  Approve the Agreement, a copy of which is attached to the Declaration of Zhao Pu Yang as Exhibit "1";

2.  Authorize the Debtor to execute all documents and to take any action reasonably necessary to effectuate the Agreement; and

3.  For such other and further relief as the Court may deem just and proper.

DATED: August 15, 2022            DANNING, GILL, ISRAEL & KRASNOFF, LLP

By:     */s/ Alphamorlai L. Kebeh*
ALPHAMORLAI L. KEBEH
General Bankruptcy Counsel for Jinzheng Group
(USA) LLC, Debtor and Debtor in Possession

1690897.3  27086

9

### DECLARATION OF ZHAO PU YANG

I, Zhao Pu Yang, declare as follows:

1. I am the Attorney in Fact for Jianqing Yang, Managing Member of Jinzheng Group (USA) LLC. I am also the son of Jianqing Yang.

2. All facts in this declaration are based upon my personal knowledge, discussions with the Debtor's or my own advisors, brokers or counsel, and/or my personal opinion based upon my experience and general knowledge about the Debtor.

3. I am over the age of 18 and am authorized to submit this declaration on behalf of the Debtor. If called to testify, I would testify to the matters set forth in this declaration.

4. I submit my declaration in support of the Debtor's Motion for Order Approving Compromise Between Debtor and DNQ LLC (the "Motion").

5. I have approved and authorized my counsel to execute the agreement attached hereto as Exhibit "1" which provides for, among other relief, a division of the net proceeds of sale of the Debtor's property located at 2240 Lorain Road, San Marino, California 91108 (the "Property"), between the debtor and DNQ.

6. I believe that the proposed is the only way to generate equity from the sale of the Property for the benefit of the estate, successfully defend against efforts to foreclose on the Property, and eliminate the possibility of additional unsecured debt thereby incurred. In my business judgment, I believe that the proposed agreement is fair and reasonable, and is in the best interest of the estate and its creditors.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at Los Angeles, California on August 15, 2022.

_____Zhaopu Yang_____
ZHAO PU YANG

# DECLARATION OF ZEV SHECHTMAN

I, Zev Shechtman, declare as follows:

1. I am an attorney duly admitted to practice before this Court. I am the principal of a professional corporation that is a partner of Danning, Gill, Israel & Krasnoff, LLP, attorneys of record for Debtor and Debtor in Possession, Jinzheng Group (USA), LLC. I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify thereto.

2. I make this declaration in support of Debtor's Motion for Order Approving Compromise with DNQ LLC (the "Motion").

3. My firm was engaged by the Debtor as general bankruptcy counsel on or about May 31, 2022. On behalf of the Debtor, I first contacted DNQ on or about June 10, 2022.

4. The Debtor recognized that the sale of the Debtor's property located at 2240 Lorain Road, San Marino, California 91108 (the "Property") was unlikely absent the consent of DNQ, the third lienholder, to sell the Property for an amount less than the total value of the liens against the Property. In order to persuade DNQ to consent to a sale of the Property, the Debtor and DNQ entered into a carveout agreement on August 6, 2022, attached hereto as Exhibit "1" (the "Agreement").

5. The Agreement will allow the Debtor to generate equity for the benefit of creditors through a sale of the Property.

6. I have been in regular communication with Committee Counsel regarding the negotiation of the Agreement to ensure that it would be acceptable to the Committee.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 15th day of August, 2022, at Los Angeles, California.

_____
Zev Shechtman

1690897.3  27086

EXHIBIT 1

## CARVEOUT AGREEMENT SUBJECT TO COURT APPROVAL
### Between Jinzheng Group (USA) LLC, and DNQ LLC
### August 6, 2022

**Jinzheng Group (USA) LLC:**
Zev Shechtman, Esq.
Danning, Gill, Israel & Krasnoff, LLP
1901 Avenue of the Stars, Suite 450
Los Angeles CA 90067-6006
(310) 903-6344
ZS@DanningGill.com

**DNQ LLC:**
Jason D. Wang
6145 W. Spring Mountain Road #205
Las Vegas NV 89146
702-595-3399
JasonWang3399@Hotmail.com

## CARVEOUT AGREEMENT

This carveout agreement (the "Agreement") executed on August 6, 2022, is made by and between Jinzheng Group (USA) LLC debtor and debtor-in-possession in bankruptcy case no. 2:21-bk-16674 (the "Debtor"), on the one hand, and DNQ LLC ("DNQ") on the other hand (collectively, the "Parties").

## FACTUAL BACKGROUND

1. On August 24, 2021 (the "Petition Date"), the Debtor, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor continues in possession of its property and is operating and managing its business as a debtor in possession pursuant to the provisions of 11 U.S.C. §§ 1107(a) and 1108. No Trustee or examiner has been appointed in the Debtor's Chapter 11 Case.

2. The assets of the bankruptcy estate include, among other things, a parcel of real property located at 2240 Lorain Road, San Marino, California 91108 (the "Property"). The Debtor is currently listing the Property for sale at $2,300,000.

3. The Debtor is informed that there are three liens on the Property. The holders of the liens are Royal Business Bank (first position), Corona Capital Group, LLC (second position), and DNQ LLC (third position) (collectively, the "Lienholders").

4. Royal Business Bank has asserted that it is owed at least $1,084,642.80 on account of its fist priority lien.

5. Corona Capital Group, LLC has asserted that it is owed at least $583,194.21 on account of its second priority lien.

6. DNQ LLC has asserted that it is owed at least $420,000 on account of its third priority lien (the "DNQ Lien"), and on or about February 9, 2022, DNQ filed claim no. 21 asserting this claim against the debtor's estate (the "DNQ Proof of Claim").

7. The Debtor has yet to receive an offer on the Property that would be sufficient to pay all liens, brokers' commissions and closing costs in full. The Property was formerly listed with another broker for Debtor who attempted a short sale, to which DNQ did not consent.

1690563.1 27086
1 | Page



**CARVEOUT AGREEMENT SUBJECT TO COURT APPROVAL**
**Between Jinzheng Group (USA) LLC, and DNQ LLC**
**August 6, 2022**

8.  On or about July 15, 2022, the Debtor filed an application to employ brokers (the "Brokers") to sell the Property (Docket No. 307), and the application remains pending before the Court.

9.  Corona Capital Group, LLC has filed a motion for relief from stay to foreclose on the Property in the Debtor's bankruptcy case, set for hearing on August 22, 2022. Any opposition to such motion is due by August 8, 2022. Royal Business Bank has also indicated that it would likely file a motion for relief from stay to initiate foreclosure proceedings.

10.  In order to protect the Property from foreclosure, generate equity in the Property for the Debtor's estate, and to afford DNQ the opportunity for a recovery on account of its secured claim, the Debtor and DNQ have entered into this carveout agreement.

## AGREEMENT

Based on the mutual promises contained herein and for other good and valuable consideration, the receipt of which is acknowledged, the parties agree as follows:

1.  <u>Recitals Acknowledged.</u> The above recitals are incorporated herein by reference.

2.  <u>Court Approval Required.</u> This Agreement is subject to the approval of the Bankruptcy Court after notice and a hearing.

3.  <u>Consent to Sale.</u> Subject to Court approval and compliance with the terms of this Agreement, DNQ consents to the sale of the Property free and clear of any lien, right, or claim it may have with respect to the Property, including, but not limited to the DNQ Lien. DNQ will not object to the sale of the Property, regardless of the sale price. DNQ will cooperate with the Debtor in closing a sale and will execute such documents as necessary to release its lien on the Property and allow the transfer of title to the Property to a new owner. Any order approving the sale of the Property shall be free and clear of the DNQ Lien even if DNQ breaches this Agreement by later objecting to the sale or failing to cooperate with the sale.

4.  <u>Sale of the Property.</u> The Debtor agrees to market the Property for sale through the Brokers and invite overbids to any offers received. The Debtor agrees to sell the Property to a buyer subject to Court approval under section 363 of the Bankruptcy Code. If the Debtor sells the Property, the Debtor shall receive 25% of the net sale proceeds (the "Carveout Amount"), to the extent available, after payment of the first and second liens, any other liens senior to DNQ's, any property tax liabilities, any other escrow or closing costs and brokers' commissions (the "Net Sale Proceeds"). The DNQ Lien shall attach to the Net Sale Proceeds remaining after the Carveout Amount up to an amount of $420,000. DNQ shall be entitled to a distribution of such amount, if any, within forty five (45) days following the closing of the sale of the Property (the "DNQ Distribution"). For purposes of the sale of the Property only, DNQ subordinates the DNQ Lien to the Debtor's rights hereunder to aid in the expeditious sale of the Property.

5.  <u>Waiver of Claims.</u> The Debtor agrees that the DNQ Proof of Claim shall be deemed an allowed claim in the amount of $420,000, without prejudice to DNQ seeking

1690563.1 27086
2 | Page

DOCS_LA:344724.2 46360/002

**CARVEOUT AGREEMENT SUBJECT TO COURT APPROVAL**
**Between Jinzheng Group (USA) LLC, and DNQ LLC**
**August 6, 2022**

allowance of a higher claim amount. DNQ shall be entitled to the DNQ Distribution described in Paragraph 4 above, and if the DNQ Distribution is less than $420,000, the amount of such deficiency shall be deemed an allowed general unsecured claim. DNQ waives any other claims against the Debtor's estate.

6. **Mutual Releases.** The Parties hereby release and discharge each other from any and all claims, grievances, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, and costs, whether at law or equity, known or unknown, suspected or unsuspected, contingent or fixed, except for their mutual obligations arising under this Agreement.

7. **Notices.** All notices, demands or communications pursuant to this agreement shall be in writing and shall be deemed to have been duly given if delivered via email, as follows:

   a. To the Debtor:

   c/o Zev Shechtman
   Danning, Gill, Israel & Krasnoff, LLP
   zs@DanningGill.com

   b. To DNQ:

   c/o Jason D. Wang
   JASONWANG3399@hotmail.com

8. **Counsel. DNQ acknowledges that DNQ has been afforded adequate opportunity to consult with an attorney in this matter and that Debtor's counsel has repeatedly urged DNQ to hire an attorney to assist DNQ with this matter. DNQ's choice not to hire counsel shall not impact the validity of this Agreement.**

9. **Interpretation.** If there is a dispute over the meaning of any provision, this agreement shall not be interpreted against any of the Parties, regardless of which one prepared the initial draft hereof.

10. **Jurisdiction; Applicable Law.** The Bankruptcy Court presiding over the bankruptcy case shall have and retain sole and exclusive jurisdiction to interpret and enforce the terms of this agreement as a core matter, without a right to jury trial or, if required by any applicable law, with a jury before such Bankruptcy Court, and the Parties hereby consent and submit to entry of a final order or final judgment by the Bankruptcy Court. This agreement shall be interpreted and enforced pursuant to the laws of the United States of America, and where State law is required to be applied, California law shall apply.

11. **Costs and Attorneys' Fees.** Each Party shall bear his, her, their or its own costs, expenses and attorneys' fees, if any, heretofore incurred in the matters that are the subject of this agreement to date. However, in the event it becomes necessary for any Party to take any action

1690563.1 27086
3 | Page

**CARVEOUT AGREEMENT SUBJECT TO COURT APPROVAL**
**Between Jinzheng Group (USA) LLC, and DNQ LLC**
**August 6, 2022**

to compel enforcement of the terms of this agreement, the prevailing party shall be entitled to all reasonable attorneys' fees and costs incurred to compel such enforcement.

12. Execution. This agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

13. Entire Agreement. This agreement constitutes the entire agreement between and among the Parties concerning the subject matter hereof. There are no other understandings, representations, or agreements, oral or otherwise, between and among the Parties concerning the subject matter of this agreement.

14. Amendments; Modifications; Waiver. This agreement may not be modified, superseded, terminated, or amended and no provision hereto may be waived except by: (i) a writing, making specific reference hereto, signed by the Parties and approved by the Bankruptcy Court; or, (ii) an order of the Bankruptcy Court which has become final.

15. Further Assurances. The Parties shall promptly execute and deliver, as appropriate, such other and further documents as may be necessary to effectuate the terms of this agreement.

**AGREED**

**DANNING, GILL, ISRAEL & KRASNOFF, LLP**

_____
ZEV SHECHTMAN, Attorneys, for
Debtor and Debtor in Possession,
JINZHENG GROUP (USA) LLC

**AGREED**

**DNQ, LLC**

_____  8/6/22
JASON D. WANG, as authorized
representative of DNQ LLC.

1690563.1 27086
4 | Page

DOCS_LA:344724.2 46360/002

15

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 1901 Avenue of the Stars, Suite 450, Los Angeles, CA 90067-6006.

A true and correct copy of the foregoing document entitled (*specify*): DEBTOR'S NOTICE OF MOTION AND MOTION FOR ORDER APPROVING COMPROMISE BETWEEN DEBTOR AND DNQ LLC; MEMORANDUM OF POINTS AND AUTHORITIES, AND DECLARATIONS OF ZHAO PU YANG AND ZEV SHECHTMAN IN SUPPORT THEREOF will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) August 15, 2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**: On August 15, 2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by causing to be placed a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 15, 2022 | Beverly Lew | /s Beverly Lew |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

**ADDITIONAL SERVICE INFORMATION (if needed):**

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>:**

Donna C Bullock on behalf of Interested Party Donna Bullock Carrera
donnabullockcarrera@yahoo.com, donna.bullock@ymail.com

Steven P Chang on behalf of Interested Party Courtesy NEF
heidi@spclawoffice.com,
schang@spclawoffice.com,assistant1@spclawoffice.com,attorney@spclawoffice.com;g9806@notify.cincompass.com;changsr75251@notify.bestcase.com

Michael F Chekian on behalf of Creditor The Phalanx Group
mike@cheklaw.com, chekianmr84018@notify.bestcase.com

Michael F Chekian on behalf of Interested Party Chekian Law Office, Inc.
mike@cheklaw.com, chekianmr84018@notify.bestcase.com

Heidi M Cheng on behalf of Plaintiff JINZHENG GROUP (USA) LLC
heidi@slclawoffice.com,
assistant1@spclawoffice.com;schang@spclawoffice.com;chenghr75251@notify.bestcase.com

Susan Titus Collins on behalf of Interested Party INTERESTED PARTY
scollins@counsel.lacounty.gov

Nicholas S Couchot on behalf of Creditor Royal Business Bank
ncouchot@buchalter.com, docket@buchalter.com

Jeffrey W Dulberg on behalf of Creditor Committee OFFICIAL COMMITTEE OF UNSECURED CREDITORS
jdulberg@pszjlaw.com

Oscar Estrada on behalf of Creditor LOS ANGELES COUNTY TREASURER AND TAX COLLECTOR
oestrada@ttc.lacounty.gov

Danielle R Gabai on behalf of Debtor JINZHENG GROUP (USA) LLC
dgabai@danninggill.com, dgabai@ecf.courtdrive.com

Richard Girgado on behalf of Interested Party Courtesy NEF
rgirgado@counsel.lacounty.gov

Brian T Harvey on behalf of Interested Party Courtesy NEF
bharvey@buchalter.com, IFS_filing@buchalter.com;dbodkin@buchalter.com

M. Jonathan Hayes on behalf of Interested Party Courtesy NEF
jhayes@rhmfirm.com,
roksana@rhmfirm.com;matt@rhmfirm.com;rosario@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com;boshra@rhmfirm.com;rosario@rhmfirm.com

Teddy M Kapur on behalf of Creditor Committee OFFICIAL COMMITTEE OF UNSECURED CREDITORS
tkapur@pszjlaw.com, mdj@pszjlaw.com

Alphamorlai Lamine Kebeh on behalf of Debtor JINZHENG GROUP (USA) LLC
akebeh@danninggill.com

Peter A Kim on behalf of Attorney LAW OFFICES OF PETER KIM
peter@pkimlaw.com, peterandrewkim@yahoo.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                              F 9013-3.1.PROOF.SERVICE

Peter A Kim on behalf of Defendant Betula Lenta Inc
peter@pkimlaw.com, peterandrewkim@yahoo.com

Peter A Kim on behalf of Defendant David Park
peter@pkimlaw.com, peterandrewkim@yahoo.com

Peter A Kim on behalf of Defendant Jonathan Pae
peter@pkimlaw.com, peterandrewkim@yahoo.com

Christopher J Langley on behalf of Plaintiff JINZHENG GROUP (USA) LLC
chris@slclawoffice.com,
omar@slclawoffice.com;langleycr75251@notify.bestcase.com;ecf123@casedriver.com

Paul J Leeds on behalf of Creditor Sound Equity, Inc.    Pleeds@fsl.law, ssanchez@fsl.law

Benjamin R Levinson, ESQ on behalf of Creditor Michael E. Dorff and Shari L. Dorff
ben@benlevinsonlaw.com, courtney@benlevinsonlaw.com

Damian J. Martinez on behalf of Plaintiff JINZHENG GROUP (USA) LLC
damian.martinez@aalrr.com

Eric A Mitnick on behalf of Creditor Corona Capital Group LLC
MitnickLaw@aol.com, mitnicklaw@gmail.com

Eric A Mitnick on behalf of Interested Party Courtesy NEF
MitnickLaw@aol.com, mitnicklaw@gmail.com

Giovanni Orantes on behalf of Other Professional Orantes Law Firm, P.C.
go@gobklaw.com, gorantes@orantes-law.com,cmh@gobklaw.com,gobklaw@gmail.com,go@ecf.inforuptcy.com;orantesgr89122@notify.bestcase.com

Donald W Reid on behalf of Interested Party INTERESTED PARTY
don@donreidlaw.com, ecf@donreidlaw.com

Matthew D. Resnik on behalf of Attorney Matthew Resnik
matt@rhmfirm.com,
roksana@rhmfirm.com;rosario@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com

Matthew D. Resnik on behalf of Creditor Royalty Equity Lending, LLC/Bobs LLC
matt@rhmfirm.com,
roksana@rhmfirm.com;rosario@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com

Matthew D. Resnik on behalf of Interested Party Courtesy NEF
matt@rhmfirm.com,
roksana@rhmfirm.com;rosario@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com

Peter J Ryan on behalf of Defendant Testa Capital Group
ryan@floresryan.com, schneider@floresryan.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    F 9013-3.1.PROOF.SERVICE

Peter J Ryan on behalf of Defendant Thomas L. Testa
ryan@floresryan.com, schneider@floresryan.com

Allan D Sarver on behalf of Creditor Investment Management Company LLC
ADS@asarverlaw.com

Allan D Sarver on behalf of Interested Party Courtesy NEF    ADS@asarverlaw.com

Zev Shechtman on behalf of Attorney DANNING, GILL, ISRAEL & KRASNOFF, LLP
zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com

Zev Shechtman on behalf of Debtor JINZHENG GROUP (USA) LLC
zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com

Zev Shechtman on behalf of Interested Party INTERESTED PARTY
zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com

Zev Shechtman on behalf of Plaintiff JINZHENG GROUP (USA) LLC
zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com

David Samuel Shevitz on behalf of Interested Party INTERESTED PARTY
david@shevitzlawfirm.com, shevitzlawfirm@ecf.courtdrive.com;r48785@notify.bestcase.com;Jose@shevitzlawfirm.com

John N Tedford, IV on behalf of Interested Party INTERESTED PARTY
jtedford@DanningGill.com, danninggill@gmail.com;jtedford@ecf.courtdrive.com

United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

Hatty K Yip on behalf of U.S. Trustee United States Trustee (LA)
hatty.yip@usdoj.gov, hatty.k.yip@usdoj.gov,kelly.l.morrison@usdoj.gov

**2. SERVED BY U.S. MAIL**

| | | |
|---|---|---|
| JINZHENG GROUP (USA) LLC<br>1414 S Azusa Ave, Suite B-22<br>West Covina, CA 91791 | The Honorable Ernest M. Robles<br>U.S. Bankruptcy Court<br>255 E. Temple Street, Suite 1560<br>Los Angeles, CA 90012 | DNQ, LLC<br>Jason D. Wang<br>6145 W. Spring Mountain Road, #205<br>Las Vegas, NV  89146 |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**