FILED & ENTERED

AUG 16 2022

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY llewis    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA—LOS ANGELES DIVISION

| | |
|---|---|
| In re:   Jinzheng Group (USA) LLC,<br>         Debtor. | Case No.:  2:21-bk-16674-ER<br>Chapter:   11<br><br>**MEMORANDUM OF DECISION DENYING ATTORNEY MICHAEL CHEKIAN'S APPLICATION FOR AN ADMINISTRATIVE EXPENSE CLAIM**<br><br>**[RELATES TO DOC. NO. 254]**<br><br>[No hearing required pursuant to Federal Rule of Civil Procedure 78(b) and Local Bankruptcy Rule 9013-1(j)(3)] |

    Before the Court is the application (the "Application") of attorney Michael Chekian for allowance of an administrative expense claim.[1] The Application is opposed by the United States

---

[1] The Court considered the following pleadings in adjudicating the Application:
1) Application for Order Allowing Attorney Fees and Costs as Administrative Expense to Member of Unsecured Creditors' Committee Pursuant to 11 U.S.C. § 503(b)(D)–(F) [Doc. No. 254] (the "Application");
2) Opposition of United States Trustee to Application for Order Allowing Attorney Fees and Costs as Administrative Expense to Member of Unsecured Creditors' Committee Pursuant to 11 U.S.C. § 503(b)(D)–(F) and Request for Hearing [Doc. No. 275] (the "Opposition");
3) Reply to Opposition to Application for Order Allowing Attorney Fees and Costs as Administrative Expense to Member of Unsecured Creditors' Committee Pursuant to 11 U.S.C. § 503(b)(D)–(F) [Doc. No. 331] (the "Reply"); and
   a) Notice of Errata Regarding Hearing Date on Reply [Doc. No. 332].

Trustee (the "UST"). Pursuant to Civil Rule 78(b) and LBR 9013-1(j)(3),[2] the Court finds the Application to be suitable for disposition without oral argument. For the reasons set forth below, the Application is **DENIED**, and the hearing on the Application, set for August 17, 2022 at 10:00 a.m., is **VACATED**.

## I. Facts and Summary of Pleadings

On August 24, 2021 (the "Petition Date"), Jinzheng Group (USA) LLC (the "Debtor") filed a voluntary Chapter 11 petition. The Debtor's primary asset is 32 acres of undeveloped land located near downtown Los Angeles. Prior to the Petition Date, the Debtor was attempting to create a residential housing development on the land.

On January 25, 2022, the United States Trustee (the "UST") appointed the following three creditors to serve on the Official Committee of Unsecured Creditors (the "Committee"): (1) Betula Lenta, Inc. ("Betula"), (2) Pennington Construction Advisors, Inc. ("Pennington"), and (3) The Phalanx Group, Inc. ("Phalanx"). Doc. No. 93.

On March 30, 2022, the Court conducted hearings on the Debtor's objections to the claims asserted by Betula, Pennington, and Phalanx. The Court (1) found that an evidentiary hearing was required to adjudicate the validity of Betula's claim; (2) found that Phalanx holds a general unsecured claim in the amount of $158,845, with such finding being without prejudice to the Debtor's ability to file a renewed objection to Phalanx's claim after conducting further discovery; and (3) disallowed Pennington's claim.

On March 31, 2022, the UST amended the Committee's membership by removing Pennington from the Committee. As a result, the Committee is now composed of two members—Betula and Phalanx.

On May 18, 2022, the Court denied the Debtor's motion to disband the Committee. Doc. No. 227. On that same date, the Court authorized the Committee to employ Pachulski, Stang, Ziehl & Jones LLP ("PSZJ") as its bankruptcy counsel, effective as of January 25, 2022. Doc. No. 225.

From November 21, 2021 to May 31, 2022, the Debtor was represented by Shioda, Langley & Chang LLP ("SLC"). On May 31, 2022, the Debtor engaged Danning, Gill, Israel & Krasnoff, LLP ("Danning Gill") to replace SLC. Shortly after Danning Gill's engagement, the Debtor and the Committee executed a stipulation [Doc. No. 250] (the "Stipulation") providing for the withdrawal of (1) the Debtor's Plan and Disclosure Statement and (2) the Committee's Motion to Appoint a Chapter 11 Trustee. As explained in the Stipulation:

> Since on or about June 1, 2022, the Debtor and Committee have been communicating regularly through counsel regarding the Debtor's bankruptcy strategy and potential exit options, which include an orderly liquidation of assets in chapter 11 to the extent necessary to make distributions to holders of allowed claims and on account of administrative expenses approved by the Court.

---

[2] Unless otherwise indicated, all "Civil Rule" references are to the Federal Rules of Civil Procedure, Rules 1–86; all "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037; all "Evidence Rule" references are to the Federal Rules of Evidence, Rules 101–1103; all "LBR" references are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California, Rules 1001-1–9075-1; and all statutory references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532.

>In light of the foregoing, the Parties agree that the Debtor should be afforded time to execute on its updated chapter 11 strategy and the Parties recognize and agree that both the Motion to Appoint Trustee and the Plan and Disclosure Statement should be withdrawn without prejudice.

Stipulation at ¶¶ G–H.

On June 17, 2022, the Court entered an order approving the Stipulation. Doc. No. 253. The Debtor has not yet filed an updated Plan.

Attorney Michael Chekian ("Chekian") represents Phalanx, one of the members of the Committee. Chekian seeks an administrative claim for attorney's fees in the amount of $4,207.50 pursuant to § 503(b)(3)(D) and § 503(b)(4), which allows the Court to award attorney's fees and expenses "incurred by a creditor … in making a substantial contribution in a case under chapter … 11 of this title." Chekian states that he substantially contributed to the case by (1) being the only attorney employed by a creditor who attends and participates in meetings of the Committee, (2) helping to facilitate the stipulated withdrawal of the Debtor's Plan by making suggestions to the Committee's counsel regarding possible objections to the Plan, and (3) providing suggestions to the Committee's counsel on strategies to maximize the distribution to creditors.

The UST opposes the Application. He argues that "stating that a substantial contribution has been made to a plan is premature" since "no disclosure statement or plan has been approved in this case."[3] He further argues that allowing reimbursement to Chekian would lead "to duplicate attorney fees and expenses" given that the Committee "has competent bankruptcy counsel … whose employment has been approved by the Court."[4]

## II. Findings of Fact and Conclusions of Law

Section 503(b)(3)(D) provides for the allowance of administrative expenses, including "the actual, necessary expenses … incurred by a creditor … in making a substantial contribution in a case under chapter … 11 of this title." Section 503(b)(4) allows an attorney who represented a creditor who made a substantial contribution to the Chapter 11 case to assert an administrative claim for fees and expenses. "Administrative status is allowed when a claim (1) is incurred postpetition, (2) directly and substantially benefits the estate, and (3) is an actual and necessary expense." *Gull Indus., Inc. v. Mitchell (In re Hanna)*, 168 B.R. 386, 388 (B.A.P. 9th Cir. 1994). "The burden of proving an administrative expense claim is on the claimant," and administrative claims are "construed narrowly" in order "to keep administrative costs to the estate at a minimum." *Microsoft Corp. v. DAK Indus., Inc. (In re DAK Indus., Inc.)*, 66 F.3d 1091, 1094 (9th Cir. 1995). A claimant "must prove by a preponderance of the evidence entitlement to the administrative expense." *Hanna*, 168 B.R. at 388.

Section 503(b)(3)(D) is "an accommodation between the twin objectives of encouraging 'meaningful creditor participation in the reorganization process,' and 'keeping fees and administrative expenses at a minimum so as to preserve as much of the estate as possible for the creditors.'" *Law Offices of Neil Vincent Wake v. Sedona Inst. (In re Sedona Inst.)*, 220 B.R. 74, 79 (B.A.P. 9th Cir. 1998) (citing *Lebron v. Mechem Financial Inc.*, 27 F.3d 937, 944 (3d Cir. 1994)). "[T]he principal test of substantial contribution is 'the extent of benefit to the estate.'" *Cellular 101, Inc. v. Channel Communications, Inc. (In re Cellular 101, Inc.)*, 377 F.3d 1092,

---

[3] Doc. No. 275 at 3.
[4] *Id.*

1096 (9th Cir. 2004) (citing *In re Christian Life Ctr.*, 821 F.3d 1370, 1373 (9th Cir. 1987)). "Mere participation in a case, even if extensive, may not be sufficient to constitute substantial contribution." *In re SONICblue, Inc.*, 422 B.R. 204, 213 (Bankr. N.D. Cal. 2009).

In *In re SONICblue, Inc.*, 422 B.R. 204 (Bankr. N.D. Cal. 2009), the court found that a creditor had made a substantial contribution to the case where the creditor had uncovered substantial wrongdoing by the Debtor's general bankruptcy counsel, the Debtor's special litigation counsel, and the creditor's committee counsel. The wrongdoing unearthed by the whistleblower creditor led to the appointment of a Chapter 11 Trustee, the removal of the Debtor's general bankruptcy counsel, a settlement by the Debtor's general bankruptcy counsel for nearly $10 million, a settlement by the committee counsel for nearly $5 million, and the waiver of $750,000 in fees by the Debtor's special litigation counsel. *SONICblue*, 422 B.R. at 205. In *Cellular 101*, the creditor's substantial contribution consisted of formulating and presenting the only reorganization plan put forth to the bankruptcy court, a plan resulting in a 100% distribution to creditors with funds remaining for equity holders. Similarly, in *In re Skyline Ridge, LLC*, No. 4:18-BK-01908-BMW, 2021 WL 2446766 (Bankr. D. Ariz. June 14, 2021), the creditor's substantial contribution consisted of obtaining an order terminating the Debtor's exclusivity period for cause, and thereafter obtaining confirmation of its own plan that provided for a much higher payout to creditors than the initial plan proposed by the debtor.

The benefit that Phalanx provided to the estate falls far short of the benefits provided by the creditors who were awarded substantial contribution claims in *SONICblue*, *Cellular 101*, and *Skyline Ridge*. Phalanx has not unearthed significant wrongdoing, obtained the appointment of a Chapter 11 Trustee, or drafted a plan superior to the plan proposed by the Debtor.

Phalanx claims that it played a role in obtaining the stipulated withdrawal of the Debtor's Plan. The Court finds that whatever role Phalanx may have played in obtaining withdrawal of the Plan was only incidental, and that it is the Committee's counsel, PSZJ, that was primarily responsible for the withdrawal of the Plan. The Committee's counsel filed a lengthy motion seeking to appoint a Chapter 11 Trustee or, in the alternative, to provide the Committee derivative standing to prosecute claims against the Debtor's insiders. As set forth in the Stipulation, the Debtor agreed to withdraw the Plan concurrently with the Committee's withdrawal of its motion to appoint a Chapter 11 Trustee.

The vast majority of the work for which Chekian seeks compensation consists of his attendance at strategy meetings conducted by the Committee. Chekian's attendance at such meetings, standing alone, is not sufficient to constitute a substantial contribution to the case. *See SONICblue*, 422 B.R. at 213 ("Mere participation in a case, even if extensive, may not be sufficient to constitute substantial contribution.").

Chekian also seeks compensation pursuant to § 503(b)(3)(F), which provides for the allowance of an administrative claim for expenses incurred by a member of a creditor's committee, "if such expenses are incurred in the performance of the duties of such committee." Chekian's request for professional fees under § 503(b)(3)(F) is disallowed because that section specifically excludes professional fees. *See In re Cnty. of Orange*, 179 B.R. 195, 201 (Bankr. C.D. Cal. 1995) ("The House Report accompanying the Reform Act clearly indicates that § 503(b)(3)(F) was enacted to permit committee members to receive court-approved reimbursement of their actual and necessary out-of-pocket expenses. It does not allow the payment of compensation for services rendered by or to committee members.").

## III. Conclusion

Based upon the foregoing, the Application is **DENIED**. The Court will prepare and enter an order consistent with this Memorandum of Decision.

###

Date: August 16, 2022

Ernest M. Robles
United States Bankruptcy Judge