ZEV SHECHTMAN (State Bar No. 266280)
zs@DanningGill.com
ALPHAMORLAI L. KEBEH (State Bar No. 336798)
akebeh@DanningGill.com
DANNING, GILL, ISRAEL & KRASNOFF, LLP
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067-6006
Telephone: (310) 277-0077
Facsimile: (310) 277-5735

General Bankruptcy Counsel for Jinzheng Group
(USA) LLC, Debtor and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>JINZHENG GROUP (USA) LLC,<br><br>Debtor. | Case No. 2:21-bk-16674-ER<br><br>Chapter 11<br><br>**DEBTOR'S NOTICE OF OPPOSITION AND OPPOSITION TO MOTION FOR RELIEF FROM STAY FILED BY ROYAL BUSINESS BANK; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF ZEV SHECHTMAN**<br><br>Date:     September 7, 2022<br>Time:    11:00 a.m.<br>Crtrm.:   1568<br>             255 East Temple Street<br>             Los Angeles, California 90012 |

TO THE HONORABLE ERNEST M. ROBLES AND INTERESTED PARTIES:

PLEASE TAKE NOTICE THAT Debtor and Debtor in Possession, Jinzheng Group (USA), LLC (the "Debtor") hereby opposes the motion for relief from stay (docket no. 333) (the "Motion") filed by Royal Business Bank ("RBB" or "Movant").

1 | Any reply must be filed and served not later than 7 days before the hearing on the Motion.

DATED: August 23, 2022              DANNING, GILL, ISRAEL & KRASNOFF, LLP

By:    /s/ Alphamorlai L. Kebeh
ALPHAMORLAI L. KEBEH
General Bankruptcy Counsel for Jinzheng Group
(USA) LLC, Debtor and Debtor in Possession

1691369.2  27086                              2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

RBB's relief from stay motion should be denied.  As demonstrated below, Jinzheng Group (USA), LLC (the "Debtor") has generated equity in the subject property (subject to Court approval) and the property is necessary to the Debtor's chapter 11 process.  Furthermore, RBB is more than adequately protected from any decline in the subject property's value by virtue of its equity cushion.  Granting relief from stay will undo much of the Debtor's progress towards selling the subject property, a sale which has been structured in such a way as to benefit the Debtor, all of the lienholders who hold secured claims against the subject property, and the unsecured creditors of the Debtor's estate.

**II.**

**FACTUAL BACKGROUND**

**A.    Bankruptcy Facts**

On August 24, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtor continues in possession of its property and is operating and managing its business as a debtor in possession pursuant to the provisions of 11 U.S.C. §§ 1107(a) and 1108.  No Trustee or examiner has been appointed in the Debtor's Chapter 11 Case.

**B.    The Subject Property**

The assets of the bankruptcy estate include a number of real properties, including a parcel of real property located at 2240 Lorain Road, San Marino, California 91108 (the "Property").

There are three consensual liens on the Property.  The holders of those liens are Royal Business Bank ("RBB"), in first position; Corona Capital Group, LLC ("Corona"), in second position; and DNQ LLC ("DNQ"), in third position.

### C. The Relief From Stay Motions

On July 20, 2022, Corona filed its *Notice of Motion and Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362* (docket no. 320) (the "Corona RFS Motion"). Per the Corona RFS Motion, Corona was owed $580,924 as of July 18, 2022 on account of its secured claim. Pursuant to the Corona RFS Motion, RBB is owed $1,096,772 and DNQ is owed $530,465. The total debt on the Property is $2,220,064. The combined debt of the first and second liens is $1,677,696. The Property's value is $2,070,000 as established by the Debtor's previous attempt to short sell the Property. Corona also supplies a declaration from a broker stating that the Property is worth $2,045,000.

On August 10, 2022, RBB filed its *Notice of Motion and Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362* (docket no. 333). Per the Motion, RBB was owed $1,119,669.65 as of August 5, 2022 on account of its secured claim. Pursuant to the Motion, Corona is owed $580,924 and DNQ is owed $530,465.

### D. Attempted Sale of the Property

The Debtor previously attempted to short sell the Property for $2,070,000. The Debtor attempted to gain DNQ's approval of that short sale, but was unsuccessful. The Debtor terminated the listing agreement with its former broker who was attempting the short sale and has been working with a new broker since July 1, 2022. Thus, the transaction involving the former broker is no longer pending. The current list price is $2,200,000.[1] The Debtor seeks to expeditiously sell to a buyer for fair market value (with overbidding).

### E. The Compromise Motion

The Debtor recognized that sale of the Property by the Debtor was likely impossible absent the consent of DNQ, the third lienholder, to sell the Property for an amount less than the total value

---

[1] The list price was reduced from $2.3 million on or about August 9, 2022, after the Debtor executed a carveout agreement with DNQ.

of the liens against the Property. In order to generate equity in the Property and increase the likelihood of a successful sale, the Debtor entered into a carveout agreement with DNQ, whereby the Debtor would receive 25% of the net sale proceeds from the sale of the Property.[2] On August 15, 2022, the Debtor filed a motion seeking approval of its carveout agreement with DNQ (docket no. 342) (the "Compromise Motion"). A hearing on such motion is scheduled for September 7, 2022 at 11:00 a.m.

### III.

### LEGAL DISCUSSION

A.   **The Movant is Adequately Protected Pursuant to 11 U.S.C. § 362(d)(1)**

Section 362(d)(1) of the Bankruptcy Code provides that the bankruptcy court shall lift the automatic stay "for cause", which includes the lack of adequate protection. 11 U.S.C. § 362(d)(1). While the term "adequate protection" is not defined in the Bankruptcy Code, courts have recognized that a creditor may be adequately protected by the existence of an "equity cushion." Pistole v. Mellor (In re Mellor), 734 F.2d 1396, 1400 (9th Cir. 1984) (citing In re Curtis, 9 B.R. 110, 111–112 (Bankr. E.D. Penn. 1981). Indeed, courts have found that "the existence of an equity cushion, standing alone, can provide adequate protection." Mellor, 734 F.2d at 1400; In re San Clemente Estates, 5 B.R. 605, 610 (Bankr. S.D. Cal. 1980); In re Tucker, 5 B.R. 180, 182 (Bankr. S.D.N.Y. 1980); 2 Collier on Bankruptcy, § 361.02[3] at 361–9; (15th ed. 1979). An equity cushion is defined as the "surplus of value remaining after the amount of indebtedness is subtracted from the fair market value of the collateral." In re Grant Broadcasting of Philadelphia, Inc., 75 B.R. 819, 822 (E.D. Pa. 1987). The existence of junior liens cannot be considered in determining whether a senior lienholder is adequately protected. La Jolla Mortgage Fund v. Rancho El Cajon Associates, 18 B.R. 283, 289 (Bankr. S.D. Cal. 1982); See In re Breuer, 4 B.R. 499 (Bankr. S.D.N.Y. 1980) (holding there was a sufficient equity cushion for creditor holding first mortgage

---

[2] The Debtor engaged with Committee Counsel on negotiation of the agreement to ensure that it would be acceptable to the Committee.

despite existence of four junior mortgages totaling more than market value of property). Courts have found that equity cushions as low as 10% of the value of a property were sufficient for adequate protection determinations, even when the Debtor lacked any equity in the property. In re McGowan, 6 B.R. 241, 243 (Bankr. E.D. Pa. 1980) (holding a 10% cushion is sufficient to be adequate protection); In re Rogers Development Corp., 2 B.R. 679, 685 (Bankr. E.D. Va. 1980) (holding that an equity cushion of approximately 15% to 20% was sufficient adequate protection to the creditor, even though the debtors had no equity in the property); Breuer, 4 B.R. at 501 (creditor protected by equity cushion of $21,000 despite fact that debtor lacked equity in the property).

Here, RBB benefits from a significant equity cushion of $1,096,722, or 47% of RBB's estimated value of the Property. The high value of the equity cushion should serve to protect RBB's interest in the Property despite its complaints that it has not received payment under the underlying promissory note, as courts have issued a finding of adequate protection at values nearing one-fifth of the cushion present in this case. Based on Ninth Circuit case law, RBB's 47% equity cushion is more than enough to demonstrate that RBB's interest in the Property is adequately protected from any reasonable decline in value.

**B.    Movant is Not Entitled to Relief from Stay Under 11 U.S.C. § 362(d)(2)(A) and (B) as a Result of the Carveout Agreement**

Section 362(d)(2) of the Bankruptcy Code provides that a bankruptcy court shall lift the automatic stay if (1) the debtor lacks equity in the property and (2) the property is not necessary to an effective reorganization. 11 U.S.C. § 362(d)(2). Neither of these factors is satisfied as a result of the Debtor's carveout agreement with DNQ.

**1.    The Debtor Has Generated Equity in the Property, Subject to Court Approval**

Equity is defined as "the value, above all secured claims against the property, that can be realized from the sale of the property for the benefit of the unsecured creditors." La Jolla, 18 B.R. at 287. A lack of equity in the estate is not the sole determinative factor in a relief from stay analysis. Mellor, 734 F.2d at 1400.

Movant's motion is, at best, premature.  The Debtor has negotiated an agreement with DNQ to facilitate the sale of the Property and is currently seeking the Court's approval through the Compromise Motion.  By the terms of that agreement, the Debtor will have generated equity in the Property.  Even if the Debtor sells the property at $2,000,000, <u>an amount lower than RBB's estimate of the Property's fair market value</u>, the projected distributions from the sale are as follows[3]:

| | |
|---|---|
| Hypothetical Sale Price | $ 2,000,000.00 |
| RBB (1st) | $ (1,096,772.00) |
| Corona (2nd) | $ (580,924.00) |
| 5% Brokers' Commission | $ (100,000.00) |
| 2% Escrow / Costs of Sale (estimated) | $ (40,000.00) |
| Net Sale Proceeds | $ 182,304.00 |
| Estate's 25% Share of Sale Proceeds | $ 45,576.00 |

The above table displays that a sale of the Property will generate funds for the benefit of the estate's unsecured creditors even if the Property sells for an amount lower than its estimated fair market value.

The benefits flowing from the sale of the Property are threefold.  First, unsecured creditors will be able to realize a greater return on account of their claims.  Second, the liens of the two most senior lienholders will be completely satisfied.  Third, the third lienholder will receive substantially more on its secured claim from the sale of the Property than it would if RBB forecloses.  If the Motion is granted, these benefits would no longer be realized, and the Debtor's efforts and success in generating equity in the Property would have been for naught.

---

[3] The following projections assume that the Debtor's compromise motion with DNQ will be approved.

### 2. The Property is Necessary to an Effective Reorganization

Liquidation in chapter 11 may be an "effective reorganization" for purposes of section 362(d)(2)(B), since liquidation is a legitimate chapter 11 purpose. See In re EM Lodgings, LLC, 580 B.R. 803, 813–14 (Bankr. C.D. Ill. 2018) (collecting cases). To satisfy its burden in the event of liquidation, the Debtor should show that it is making progress toward an effective liquidation. Id. at 814.

In this analysis, courts have also conferred "considerable merit" to the argument that the sale of an over-encumbered property would help the debtor satisfy the claims of its creditors. La Jolla, 18 B.R. at 291 ("If the debtor can satisfy certain claims in whole, or in part, from property that has no equity and which has no particular place in the reorganization effort beyond its value in being able to satisfy the claims it secures, then, the debtor may have more flexibility in dealing with the remaining claims with the other assets available").

The Motion suggests that the Debtor has definitively decided to abandon the possibility of reorganization. Motion p. 5, lines 20-22. However, the Debtor has made no such statement. The Debtor intends to liquidate its assets to the extent necessary to effectively navigate this bankruptcy case and has pursued that goal. Within the last 60 days, the Debtor has taken decisive action to list all of its real properties for a sale. See applications to employ brokers at docket nos. 298 (15 parcels comprising over 30 acres in Lincoln Heights), 304 (Van Nuys condominium), 307 (the subject Property), and 325 (Arcadia).[4] The carveout agreement negotiated with DNQ and this opposition is in furtherance of the same strategy. Once the Debtor has made substantial progress in the sale of its properties, the Debtor will either file a liquidating plan or pursue structured dismissal. Through and until that time, the Property is a component of the Debtor's strategy. At minimum, a sale of the Property would satisfy its two most senior liens in whole, and the most junior lien in part, thereby reducing the Debtor's overall liabilities. Additionally, it will provide additional funds

---

[4] The Debtor previously filed a motion to approve a settlement involving a transfer of the Arcadia property from a nondebtor LLC back to the Debtor, in order to prevent a foreclosure and preserve that asset for the benefit of the estate. See doc. no. 278.

for the estate's general unsecured creditors and ease the Debtor's bankruptcy administration. Accordingly, the Property is necessary to this chapter 11 case.

## IV.
## CONCLUSION

The Debtor has a liquidation strategy, the support of the committee of unsecured creditors, and significant protection for RBB against the decline of the Property's value. The Debtor has done the work to negotiate with the third lienholder to generate equity in the Property. Now, the Debtor needs only the time and latitude to complete a sale, satisfy RBB and Corona's liens, and produce funds for the benefit of DNQ and the estate's unsecured creditors. For these reasons and those set forth above, the Debtor respectfully requests that the Court deny the Motion, and enter such other and further relief that is just and proper in the circumstances.

DATED: August 23, 2022                    DANNING, GILL, ISRAEL & KRASNOFF, LLP

                                          By:    /s/ Alphamorlai L. Kebeh
                                                 ALPHAMORLAI L. KEBEH
                                                 General Bankruptcy Counsel for Jinzheng Group
                                                 (USA) LLC, Debtor and Debtor in Possession

# DECLARATION OF ZEV SHECHTMAN

I, Zev Shechtman, declare as follows:

1. I am an attorney duly admitted to practice before this Court. I am the principal of a professional corporation that is a partner of Danning, Gill, Israel & Krasnoff, LLP, attorneys of record for Debtor and Debtor in Possession, Jinzheng Group (USA), LLC. I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify thereto.

2. I make this declaration in support of Debtor's Opposition to Motion for Relief From Stay Filed by Royal Business Bank.

3. The assets of the bankruptcy estate include, among other properties, a parcel of real property located at 2240 Lorain Road, San Marino, California 91108 (the "Property").

4. The Debtor attempted to short sell the Property for $2,070,000. The Debtor attempted to gain the approval of third lien holder DNQ, LLC ("DNQ") for that short sale but was unsuccessful. The Debtor terminated the listing agreement with its former broker who was attempting the short sale and has engaged a new broker effective July 1, 2022. Thus, the transaction involving the former broker is no longer pending.

5. On August 15, 2022, the Debtor filed a motion seeking approval of its carveout agreement with DNQ (docket no. 342) (the "Compromise Motion").

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 19th day of August, 2022, at Los Angeles, California.

_____
Zev Shechtman

1691369.2  27086

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 1901 Avenue of the Stars, Suite 450, Los Angeles, CA 90067-6006.

A true and correct copy of the foregoing document entitled (*specify*): DEBTOR'S NOTICE OF OPPOSITION AND OPPOSITION TO MOTION FOR RELIEF FROM STAY FILED BY ROYAL BUSINESS BANK; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF ZEV SHECHTMAN  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) August 23, 2022  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**: On August 23, 2022 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by causing to be placed a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 23, 2022 | Beverly Lew | /s/ Beverly Lew |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                              F 9013-3.1.PROOF.SERVICE

**ADDITIONAL SERVICE INFORMATION (if needed):**

## 1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

Donna C Bullock on behalf of Interested Party Donna Bullock Carrera
donnabullockcarrera@yahoo.com, donna.bullock@ymail.com

Steven P Chang on behalf of Interested Party Courtesy NEF
heidi@spclawoffice.com,
schang@spclawoffice.com,assistant1@spclawoffice.com,attorney@spclawoffice.com;g9806@notify.cincompass.com;
changsr75251@notify.bestcase.com

Michael F Chekian on behalf of Creditor The Phalanx Group
mike@cheklaw.com, chekianmr84018@notify.bestcase.com

Michael F Chekian on behalf of Interested Party Chekian Law Office, Inc.
mike@cheklaw.com, chekianmr84018@notify.bestcase.com

Heidi M Cheng on behalf of Plaintiff JINZHENG GROUP (USA) LLC
heidi@slclawoffice.com,
assistant1@spclawoffice.com;schang@spclawoffice.com;chenghr75251@notify.bestcase.com

Susan Titus Collins on behalf of Interested Party INTERESTED PARTY
scollins@counsel.lacounty.gov

Nicholas S Couchot on behalf of Creditor Royal Business Bank    ncouchot@buchalter.com, docket@buchalter.com

Jeffrey W Dulberg on behalf of Creditor Committee OFFICIAL COMMITTEE OF UNSECURED CREDITORS
jdulberg@pszjlaw.com

Oscar Estrada on behalf of Creditor LOS ANGELES COUNTY TREASURER AND TAX COLLECTOR
oestrada@ttc.lacounty.gov

Danielle R Gabai on behalf of Debtor JINZHENG GROUP (USA) LLC
dgabai@danninggill.com, dgabai@ecf.courtdrive.com

Richard Girgado on behalf of Interested Party Courtesy NEF    rgirgado@counsel.lacounty.gov

Brian T Harvey on behalf of Interested Party Courtesy NEF
bharvey@buchalter.com, IFS_filing@buchalter.com;dbodkin@buchalter.com

M. Jonathan Hayes on behalf of Interested Party Courtesy NEF
jhayes@rhmfirm.com,
roksana@rhmfirm.com;matt@rhmfirm.com;rosario@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com;boshra@rhmfirm.com;rosario@rhmfirm.com

Teddy M Kapur on behalf of Creditor Committee OFFICIAL COMMITTEE OF UNSECURED CREDITORS
tkapur@pszjlaw.com, mdj@pszjlaw.com

Alphamorlai Lamine Kebeh on behalf of Debtor JINZHENG GROUP (USA) LLC
akebeh@danninggill.com

Peter A Kim on behalf of Attorney LAW OFFICES OF PETER KIM
peter@pkimlaw.com, peterandrewkim@yahoo.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                                              F 9013-3.1.PROOF.SERVICE

Peter A Kim on behalf of Defendant Betula Lenta Inc
peter@pkimlaw.com, peterandrewkim@yahoo.com

Peter A Kim on behalf of Defendant David Park    peter@pkimlaw.com, peterandrewkim@yahoo.com

Peter A Kim on behalf of Defendant Jonathan Pae    peter@pkimlaw.com, peterandrewkim@yahoo.com

Christopher J Langley on behalf of Plaintiff JINZHENG GROUP (USA) LLC
chris@slclawoffice.com, omar@slclawoffice.com;langleycr75251@notify.bestcase.com;ecf123@casedriver.com

Paul J Leeds on behalf of Creditor Sound Equity, Inc.
Pleeds@fsl.law, ssanchez@fsl.law

Benjamin R Levinson, ESQ on behalf of Creditor Michael E. Dorff and Shari L. Dorff
ben@benlevinsonlaw.com, courtney@benlevinsonlaw.com

Damian J. Martinez on behalf of Plaintiff JINZHENG GROUP (USA) LLC    damian.martinez@aalrr.com

Eric A Mitnick on behalf of Creditor Corona Capital Group LLC
MitnickLaw@aol.com, mitnicklaw@gmail.com

Eric A Mitnick on behalf of Interested Party Courtesy NEF
MitnickLaw@aol.com, mitnicklaw@gmail.com

Giovanni Orantes on behalf of Other Professional Orantes Law Firm, P.C.
go@gobklaw.com, gorantes@orantes-law.com,cmh@gobklaw.com,gobklaw@gmail.com,go@ecf.inforuptcy.com;orantesgr89122@notify.bestcase.com

Donald W Reid on behalf of Interested Party INTERESTED PARTY
don@donreidlaw.com, ecf@donreidlaw.com

Matthew D. Resnik on behalf of Attorney Matthew Resnik
matt@rhmfirm.com, roksana@rhmfirm.com;rosario@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com

Matthew D. Resnik on behalf of Creditor Royalty Equity Lending, LLC/Bobs LLC
matt@rhmfirm.com, roksana@rhmfirm.com;rosario@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com

Matthew D. Resnik on behalf of Interested Party Courtesy NEF
matt@rhmfirm.com, roksana@rhmfirm.com;rosario@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com

Peter J Ryan on behalf of Defendant Testa Capital Group    ryan@floresryan.com, schneider@floresryan.com

Peter J Ryan on behalf of Defendant Thomas L. Testa    ryan@floresryan.com, schneider@floresryan.com

Allan D Sarver on behalf of Creditor Investment Management Company LLC
ADS@asarverlaw.com

Allan D Sarver on behalf of Interested Party Courtesy NEF    ADS@asarverlaw.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**

Zev Shechtman on behalf of Attorney DANNING, GILL, ISRAEL & KRASNOFF, LLP
zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com

Zev Shechtman on behalf of Debtor JINZHENG GROUP (USA) LLC
zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com

Zev Shechtman on behalf of Interested Party INTERESTED PARTY
zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com

Zev Shechtman on behalf of Plaintiff JINZHENG GROUP (USA) LLC
zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com

David Samuel Shevitz on behalf of Interested Party INTERESTED PARTY
david@shevitzlawfirm.com,
shevitzlawfirm@ecf.courtdrive.com;r48785@notify.bestcase.com;Jose@shevitzlawfirm.com

John N Tedford, IV on behalf of Interested Party INTERESTED PARTY
jtedford@DanningGill.com, danninggill@gmail.com;jtedford@ecf.courtdrive.com

United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

Hatty K Yip on behalf of U.S. Trustee United States Trustee (LA)
hatty.yip@usdoj.gov, hatty.k.yip@usdoj.gov

## 2. **SERVED BY U.S. MAIL**

| Debtor | The Honorable Ernest M. Robles | DNQ LLC: |
|---|---|---|
| JINZHENG GROUP (USA) LLC | U.S. Bankruptcy Court | Jason D Wang, |
| 1414 S Azusa Ave, Suite B-22 | 255 E. Temple Street, Suite 1560 | 6145 W. Spring Mountain RD. #205 |
| West Covina, CA 91791-4084 | Los Angeles, CA 90012 | Las Vegas NV 89146 |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                          **F 9013-3.1.PROOF.SERVICE**