| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7 | BRIAN T. HARVEY (SBN: 238991)<br>NICHOLAS S. COUCHOT (SBN: 331971)<br>BUCHALTER, a Professional Corporation<br>1000 Wilshire Boulevard, Suite 1500<br>Los Angeles, CA  90017-1730<br>Telephone: (213) 891-0700<br>Facsimile: (213) 896-0400<br>Email: bharvey@buchalter.com<br>ncouchot@buchalter.com<br><br>Attorneys for Secured Creditor<br>ROYAL BUSINESS BANK |

**FILED & ENTERED**

SEP 13 2022

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** gonzalez **DEPUTY CLERK**

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>JINZHENG GROUP (USA) LLC,<br><br>Debtor. | Case No. 2:21-bk-16674-ER<br><br>Chapter 11<br><br>**AMENDED ORDER APPROVING STIPULATION RESOLVING MOTIONS FOR RELIEF FROM THE AUTOMATIC STAY (REAL PROPERTY) FILED BY:**<br><br>**(1) CORONA CAPITAL GROUP, LLC [DKT. 320]; AND**<br><br>**(2) ROYAL BUSINESS BANK [DKT. 333]**<br><br>**Hearing**<br>Date:         September 14, 2022<br>Time:        11:00 AM<br>Place:       United States Bankruptcy Court<br>              Courtroom 1568<br>              255 East Temple Street<br>              Los Angeles, California 90012 |

The Court having considered the *Stipulation Resolving Motions for Relief from the Automatic Stay (Real Property) Filed by:  (1) Corona Capital Group, LLC [Dkt. 320]; and (2) Royal Business Bank [Dkt. 333]* (the "Stipulation"), and all other related pleadings, hereby

ORDERS as follows:

1. The Stipulation is approved in its entirety.

2. The Corona RFS Motion[1] is granted, in part, pursuant to 11 U.S.C. § 362(d)(2), and the automatic stay of 11 U.S.C. § 362(a) is terminated as to the Debtor and the Debtor's bankruptcy estate to allow Corona to enforce its rights and remedies with regard to that certain real property located at 2240 Lorain Road, San Marino, California, 91108 (the "Property")[2] in accordance with applicable nonbankruptcy law. However, Corona shall not record and serve a notice of default, or, except as provided herein, take other action that would otherwise be stayed under 11 U.S.C. § 362(a), until ninety days (90) days after the date of entry of this order. As requested in page 5A (Continuation Page) of the Corona RFS Motion, and effective upon the date of entry of this order, pursuant to 11 U.S.C. § 362(d)(1) the automatic stay of 11 U.S.C. § 362(a), if any, that precludes Corona from making payment(s) to Royal shall be terminated as to Debtor and Debtor's bankruptcy estate. Neither the Stipulation nor this order resolves or determines the issues of whether Royal is required to accept reinstatement of the Royal Note or whether an incurable default exists as to the transfer of the Property to Debtor.

3. The Royal RFS Motion is granted, in part, pursuant to 11 U.S.C. § 362(d)(2), and the automatic stay of 11 U.S.C. § 362(a) is terminated as to the Debtor and the Debtor's bankruptcy estate to allow Royal to enforce its rights and remedies with regard to the Property in accordance with applicable nonbankruptcy law. However, Royal shall not record and serve a notice of default, or, except as provided herein, take other action that would otherwise be stayed under 11 U.S.C. § 362(a), until ninety days (90) days after the Court enters this order.

4. Notwithstanding the foregoing, if the Debtor executes a purchase agreement with respect to the Property, escrow is open and the sale has not been terminated, then the time frame that Royal and Corona may not record and serve a notice of default is extended by an additional sixty (60) days to afford the Debtor additional time to close the pending sale. If at any point during

---

[1] Capitalized terms not defined herein shall have the same meaning ascribed to them in the Stipulation.
[2] A detailed description of the Property is attached as **Exhibit A** to this order.

the additional sixty (60) day period the sale is terminated, then Corona and Royal may immediately record and serve a notice of default. However, the additional time provided for by this paragraph will not exceed sixty (60) days minus the time that remains in the original ninety (90) day periods in Paragraphs 2 and 3 above.

5. The Stipulation and this order are binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

6. The 14-day stay as provided in FRBP 4001(a)(3) is waived.

###

Date: September 13, 2022

*Ernest M. Robles*
Ernest M. Robles
United States Bankruptcy Judge

# EXHIBIT A

ORDER NO.: 11366044

EXHIBIT "A"

PARCEL 1:

LOT 149 OF TRACT NO. 8954, IN THE CITY OF SAN MARINO, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 145 PAGE(S) 82 AND 83 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

PARCEL 2:

THAT PORTION OF THE NORTHEAST QUARTER OF SECTION 2, TOWNSHIP 1 SOUTH, RANGE 12 WEST, SAN BERNARDINO MERIDIAN, IN THE CITY OF SAN MARINO, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT OF THE SURVEY OF SAID LAND ON FILE IN THE BUREAU OF LAND MANAGEMENT, INCLUDED WITHIN THAT PORTION OF THE 40 FEET OF STRIP OF LAND MARKED "SOUTHERN PACIFIC RAILWAY MONROVIA BRANCH" ON THE MAP OF SAN MARINO PARK, RECORDED IN BOOK 12, PAGE 74 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, LYING BETWEEN THE SOUTHERLY PROLONGATION OF THE WEST LINE OF LOT 149 OF TRACT NO. 8954, AS PER MAP RECORDED IN BOOK 145 PAGES 82 AND 83 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER, AND THE CENTER LINE OF SAN MARINO AVENUE, 80 FEET WIDE SHOWN ON THE MAP OF SAID TRACT NO. 8954.

ASSESSOR'S PARCEL NUMBER: 5365-019-052

THIS IS CERTIFIED TO BE A
TRUE AND CORRECT COPY OF
THE ORIGINAL.
TIME ESCROW, INC.