# United States Bankruptcy Court
# Central District of California
Los Angeles
Ernest Robles, Presiding
Courtroom 1568 Calendar

| | |
|---|---|
| **Wednesday, September 14, 2022** | **Hearing Room  1568** |

**11:00 AM**
**2:21-16674    JINZHENG GROUP (USA) LLC**                                                              **Chapter 11**

   #102.00    Hearing
RE: [342] Motion to approve compromise -Debtor's Notice of Motion and Motion for Order Approving Compromise between Debtor and DNQ LLC; Memorandum of Points and Authorities and Declarations of Zhao Pu Yang and Zev Shechtman in Support Thereof; proof of service  LLC (Kebeh, Alphamorlai)

                        Docket    342

**Matter Notes:**

   9/14/2022

<span style="color:red">The tentative ruling will be the order.
Party to lodge order: As set forth in the Tentative Ruling

POST PDF OF TENTATIVE OR AMENDED TENTATIVE RULING TO CIAO</span>

**Tentative Ruling:**

   9/13/2022

**Note: Parties may appear at the hearing either in-person or by telephone. The use of face masks in the courtroom is optional. Parties electing to appear by telephone should contact CourtCall at 888-882-6878 no later than one hour before the hearing.**

     For the reasons set forth below, the Carveout Agreement is APPROVED and the Motion is GRANTED.

**Pleadings Filed and Reviewed:**
1) Debtor's Notice of Motion and Motion for Order Approving Compromise Between Debtor and DNQ LLC; Memorandum of Points and Authorities and Declarations of Zhao Pu Yang and Zev Shechtman in Support Thereof (the "Motion") [Doc. No. 342]
   a)   Debtor's Notice of Motion for Order Approving Compromise Between Debtor

# United States Bankruptcy Court
# Central District of California
Los Angeles
Ernest Robles, Presiding
Courtroom 1568 Calendar

**Wednesday, September 14, 2022**                                                                 **Hearing Room    1568**

<u>11:00 AM</u>
**CONT...    JINZHENG GROUP (USA) LLC                                                                Chapter 11**
and DNQ LLC [Doc. No. 343]
2) Stipulation Resolving Motions for Relief from the Automatic Stay (Real Property) Filed by: (1) Corona Capital Group, LLC [Doc. No. 320]; and (2) Royal Business Bank [Doc. No. 333] (the "Stipulation") [Doc. No. 375]
3) No opposition is on file

## I. Facts and Summary of Pleadings

Jinzheng Group (USA) LLC (the "Debtor") filed a voluntary Chapter 11 petition on August 24, 2021. No Chapter 11 Trustee has been appointed in the Debtor's case. The Debtor seeks the Court's approval of the *Carveout Agreement* (the "Carveout Agreement") pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure. As of the date of this Tentative Ruling, the Court has not received any opposition to the Motion.

The Carveout Agreement between the Debtor and DNQ LLC ("DNQ"), dated August 6, 2022, aims to generate equity in the Debtor's real property located at 2240 Lorain Road, San Marino, California (the "Property"). The Property is encumbered by the following liens in order of priority:

1. Lien in favor of Royal Business Bank ("RBB") in the amount of approximately $1,096,772;
2. Lien in favor of Corona Capital Group, LLC ("Corona") in the amount of approximately $580,924; and
3. Lien in favor of DNQ in the amount of approximately $530,465.

RBB and Corona had previously filed motions for relief from the automatic stay as to the Property. However, as of September 9, 2022, RBB, Corona, and the Debtor entered into the Stipulation, pursuant to which, RBB and Corona agreed to not pursue foreclosing on the Property for a period of ninety (90) days. The Court approved the Stipulation on September 12, 2022. The combined debt of the first and second liens is approximately $1,677,696. The Debtor previously attempted to short sell the Property for $2,070,000, which failed due to the Debtor's inability to gain DNQ's consent. The current listing price of the Property is $2,200,000. The Carveout Agreement provides, among other things, that:

- DNQ consents to the sale of the Property free and clear of any lien, right, or

# United States Bankruptcy Court
## Central District of California
Los Angeles
**Ernest Robles, Presiding**
**Courtroom 1568 Calendar**

**Wednesday, September 14, 2022**                                                              Hearing Room    1568

<u>11:00 AM</u>
**CONT...    JINZHENG GROUP (USA) LLC                                                                Chapter 11**

- claim it may have with respect to the Property and will not object to the sale regardless of the sale price.
- The Debtor will market the Property for sale under Section 363 of the Bankruptcy Code.
- If the Debtor sells the Property, the Debtor shall receive 25% of the net sale proceeds (the "Carveout Amount"), to the extent available, after payment of any liens senior to DNQ's lien, any property tax liabilities, and any other escrow or closing costs and brokers' commissions (the "Net Sale Proceeds").
- DNQ's lien of the Property will attach to the Net Sale Proceeds remaining after the Carveout Amount up to an amount of $420,000. After the sale of the Property, DNQ will be entitled to a distribution of that amount (the "DNQ Distribution").
- DNQ's lien is subordinated to the Debtor's rights under the Carveout Agreement for purposes of the sale of the Property.
- If the DNQ Distribution is less than $420,000, without prejudice to DNQ seeking allowance of a higher claim amount, the amount of such deficiency will be deemed an allowed general unsecured claim and DNQ will waive any other claims against the Debtor's estate.

Depending on the final sale price of the Property and required payments under the Carveout Agreement (e.g., property tax liabilities and escrow or closing costs and brokers' commissions), the estate could receive a Carveout Amount of approximately $130,576.

## II. Findings and Conclusions
### <u>The Carveout Agreement is Approved</u>

Bankruptcy Rule 9019 provides that the Court may approve a compromise or settlement. "In determining the fairness, reasonableness and adequacy of a proposed agreement, the court must consider: (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises." *Martin v. Kane (In re A&C Properties)*, 784 F.2d 1377, 1381 (9th Cir. 1986). "[C]ompromises are favored in bankruptcy, and the decision of the bankruptcy judge to approve or disapprove the compromise of the

# United States Bankruptcy Court
## Central District of California
Los Angeles
Ernest Robles, Presiding
Courtroom 1568 Calendar

**Wednesday, September 14, 2022**                                                                 Hearing Room    **1568**

<u>11:00 AM</u>
**CONT...        JINZHENG GROUP (USA) LLC                                                    Chapter 11**

parties rests in the sound discretion of the bankruptcy judge." *In re Sassalos*, 160 B.R. 646, 653 (D. Ore. 1993). In approving an agreement, the Court must "canvass the issues and see whether the settlement 'falls below the lowest point in the range of reasonableness.'" *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983). Applying the *A&C Properties* factors, the Court finds that the Carveout Agreement is adequate, fair, and reasonable, and is in the best interests of the estate and creditors.

*Probability of Success on the Merits*
    This factor weighs in favor of approving the Carveout Agreement. Litigation would expose the estate to substantial uncertainty. The Debtor may have disputes with DNQ with respect to the amount and extent of its lien. The Debtor has not completed its evaluation of those claims, but has determined that it is necessary to resolve its disagreements with DNQ, at least as to the principal amount of DNQ's claim. On a preliminary basis, the Debtor has determined that it would be challenging to eliminate the principal amount of DNQ's claim. The uncertainty regarding the outcome of a trial strongly supports approval of the Carveout Agreement. *See In re Aloha Racing Found., Inc.*, 257 B.R. 83, 88 (Bankr. N.D. Ala. 2000) (internal citations omitted) ("The burden is not on … the Trustee to conclusively establish that he would be successful at a trial on these issues. That would defeat the purpose of settlement and would eliminate any cost savings from the settlement. All that he must do is establish to the reasonable satisfaction of [this Court] that, all things considered, it is prudent to eliminate the risks of litigation to achieve specific certainty though it might be considerably less (or more) than were the case fought to the bitter end.'").

*Difficulties To Be Encountered in the Manner of Collection*
    There is no pending or anticipated litigation with DNQ at this time. However, in general, this factor weighs in favor of approving the Carveout Agreement. Generally, the Carveout Agreement would allow the estate to avoid the costs associated with enforcing any judgment that might be obtained after a trial.

*Complexity of the Litigation*
    There is no pending or anticipated litigation with DNQ at this time. However, in general, this factor weighs in favor of approving the Carveout Agreement. Generally, litigation involves many disputed issues of fact and demands additional time and expense.

# United States Bankruptcy Court
## Central District of California
Los Angeles
Ernest Robles, Presiding
Courtroom 1568 Calendar

---

**Wednesday, September 14, 2022**                                                                 **Hearing Room    1568**

---

11:00 AM
**CONT...        JINZHENG GROUP (USA) LLC**                                                                          **Chapter 11**

*Paramount Interests of Creditors*

This factor weighs heavily in favor of approving the Carveout Agreement. The Carveout Agreement serves the paramount interest of the creditors. Under the Carveout Agreement, DNQ has consented to the sale of the Property and the Debtor will receive 25% of the net sale proceeds that would otherwise have been paid to DNQ, enabling the Debtor to sell the Property for less than the aggregate value of the liens pursuant to Section 363(f) of the Bankruptcy Code. The allowed secured claims of RBB and Corona will be paid in full from any sale and the balance of the sale proceeds will be paid out pursuant to the Carveout Agreement.

Depending on the final sale price of the Property and required payments under the Carveout Agreement (e.g., property tax liabilities and escrow or closing costs and brokers' commissions), the estate could receive a Carveout Amount of approximately $130,576.

**The Debtor has Overcome any Presumption of Impropriety**

Due to past abuses, carveout agreements have been reviewed under a standard of heightened scrutiny. *See In re KVN Corp., Inc.*, 514 B.R. 1, 6 (B.A.P. 9th Cir. 2014). Such a standard invokes a presumption of impropriety, which may be overcome by affirmatively answering the following inquiries: "Has the [debtor-in-possession] fulfilled his or her basic duties? Is there a benefit to the estate, i.e., prospects for a meaningful distribution to unsecured creditors? Have the terms of the carve-out agreement been fully disclosed to the bankruptcy court?" *Id*. Although *In re KVN Corp., Inc.* involved a Chapter 7 petition, the analysis of carveout agreements, including finding impropriety where a carveout agreement is pursued primarily to generate administrative fees for the estate's professionals as opposed to yielding a meaningful distribution to unsecured creditors, remains applicable in the Chapter 11 context.

Under the present facts, the Court finds that the Debtor has overcome any presumption of impropriety arising from the Carveout Agreement. As no trustee has been appointed, the Debtor has fulfilled its basic duties. Additionally, a sale of the Property pursuant to the Carveout Agreement will result in a meaningful distribution to unsecured creditors, as discussed above; this is not a situation where the primary motivation for pursuit of the carveout was increasing the administrative fees of the

# United States Bankruptcy Court
## Central District of California
Los Angeles
Ernest Robles, Presiding
Courtroom 1568 Calendar

**Wednesday, September 14, 2022**                                                                 Hearing Room   1568

<u>11:00 AM</u>
**CONT...**      **JINZHENG GROUP (USA) LLC**                                                            **Chapter 11**

estate's professionals. Lastly, the Debtor has fully disclosed the terms of the Carveout Agreement to the Court and the creditor body. This affirmative answer negates any possibility of a secret transaction between the Debtor and DNQ or a motive of personal benefit on the Debtor's behalf.

As the questions laid out in *In re KVN Corp., Inc.* can be answered in the affirmative and the Carveout Agreement does not bear any hallmarks of abuse, the Court finds that the Debtor has overcome any presumption of impropriety.

## III. Conclusion

Based upon the foregoing, the Motion is GRANTED. Within seven days of the hearing, the Debtor shall submit an order incorporating this tentative ruling by reference.

No appearance is required if submitting on the court's tentative ruling. If you intend to submit on the tentative ruling, please contact Evan Hacker or Daniel Koontz at 213-894-1522. **If you intend to contest the tentative ruling and appear, please first contact opposing counsel to inform them of your intention to do so.** Should an opposing party file a late opposition or appear at the hearing, the court will determine whether further hearing is required. If you wish to make a telephonic appearance, contact Court Call at 888-882-6878, no later than one hour before the hearing.

|                          **Party Information**                          |

**Debtor(s):**

    JINZHENG GROUP (USA) LLC              Represented By
                                                                           Zev  Shechtman
                                                                           Alphamorlai Lamine Kebeh
                                                                           Danielle R Gabai