1 ZEV SHECHTMAN (State Bar No. 266280)
*zs@DanningGill.com*

2 ALPHAMORLAI L. KEBEH (State Bar No. 336798)
*akebeh@DanningGill.com*

3 DANNING, GILL, ISRAEL & KRASNOFF, LLP
1901 Avenue of the Stars, Suite 450

4 Los Angeles, California 90067-6006
Telephone: (310) 277-0077

5 Facsimile: (310) 277-5735

6 General Bankruptcy Counsel for Jinzheng Group
(USA) LLC, Debtor and Debtor in Possession

7

**FILED & ENTERED**

**SEP 15 2022**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY gonzalez  DEPUTY CLERK**

**CHANGES MADE BY COURT**

8 **UNITED STATES BANKRUPTCY COURT**

9 **CENTRAL DISTRICT OF CALIFORNIA**

10 **LOS ANGELES DIVISION**

11

12 In re

13 JINZHENG GROUP (USA) LLC,

14           Debtor and Debtor-in-
              Possession.

15

16

17

18

Case No. 2:21-bk-16674-ER

Chapter 11

**ORDER APPROVING COMPROMISE BETWEEN DEBTOR AND DNQ LLC**

Hearing Date:
Date:     September 14, 2022
Time:     11:00 a.m.
Crtrm.:   Courtroom 1568
            255 E. Temple Street
            Los Angeles, California 90012

19        On September 14, 2022, at 11:00 a.m., there came before the Court for hearing Jinzheng

20 Group (USA) LLC's *Motion for Order Approving Compromise Between Debtor and DNQ LLC*

21 (doc. no. 342) (the "Motion"), filed by Jinzheng Group (USA) LLC (the "Debtor"), the Honorable

22 Ernest M. Robles, United States Bankruptcy Judge, presiding.

23        The Court, having read and considered the Motion and the agreement filed with the Motion

24 as Exhibit "1," (the "Agreement"); having found that notice of the Motion and the hearing were

25 adequate and proper; having issued a tentative ruling to approve the Motion and waiving

26 appearances; with good cause shown; it is hereby

27        ORDERED THAT:

28

1693497.2  27086                              1

1        1.        The Motion is GRANTED in its entirety for the reasons set forth in the Court's

2    tentative ruling [Doc. No. 380], which the Court adopts as its final ruling.

3        2.        The Agreement, a copy of which is attached hereto as Exhibit "1" and incorporated

4    herein by this reference, is APPROVED in its entirety.

5        3.        The Debtor is authorized to execute all documents and otherwise take all necessary

6    and appropriate actions to effectuate the Agreement.

7            Without limiting the generality of the foregoing,

8            IT IS FURTHER ORDERED THAT:

9        4.        In the event of a subsequent sale of the Debtor's property located 2240 Lorain Road,

10    San Marino, California 91108 (the "Property") pursuant to 11 U.S.C. § 363, after notice and a

11    hearing, and pursuant to the terms of the Agreement, the Debtor may sell the Debtor's right, title

12    and interest in and to the Debtor's Property, free and clear of any lien, right, or claim of DNQ LLC

13    with respect to the Property.

14        5.        In the event of a sale of the Property by the Debtor, the Debtor shall receive 25% of

15    the net sale proceeds available after payment of the first and second liens, and other liens senior to

16    DNQ's, any property tax liabilities, any other escrow or closing costs and brokers' commissions;

17    and DNQ's lien shall attach to the net proceeds remaining, and DNQ shall be entitled to payment

18    thereof within 45 days after the closing of the sale or the Property.

19        6.        Only for purposes of a sale of the Property by Debtor, DNQ's lien on the Property is

20    subordinated to the rights of the Debtor under the Agreement.

21        7.        DNQ shall have an allowed proof of claim in the amount of $420,000, without

22    prejudice to DNQ seeking a claim in a higher amount.

23

24

25

26

27

28

1693497.2  27086                                    2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

###

Date: September 15, 2022

Ernest M. Robles
United States Bankruptcy Judge

1693497.2  27086

3

EXHIBIT 1

## CARVEOUT AGREEMENT SUBJECT TO COURT APPROVAL
### Between Jinzheng Group (USA) LLC, and DNQ LLC
### August 6, 2022

**Jinzheng Group (USA) LLC:**
Zev Shechtman, Esq.
Danning, Gill, Israel & Krasnoff, LLP
1901 Avenue of the Stars, Suite 450
Los Angeles CA 90067-6006
(310) 903-6344
ZS@DanningGill.com

**DNQ LLC:**
Jason D. Wang
6145 W. Spring Mountain Road #205
Las Vegas NV 89146
702-595-3399
JasonWang3399@Hotmail.com

## CARVEOUT AGREEMENT

This carveout agreement (the "Agreement") executed on August 6, 2022, is made by and between Jinzheng Group (USA) LLC debtor and debtor-in-possession in bankruptcy case no. 2:21-bk-16674 (the "Debtor"), on the one hand, and DNQ LLC ("DNQ") on the other hand (collectively, the "Parties").

## FACTUAL BACKGROUND

1.  On August 24, 2021 (the "Petition Date"), the Debtor, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor continues in possession of its property and is operating and managing its business as a debtor in possession pursuant to the provisions of 11 U.S.C. §§ 1107(a) and 1108. No Trustee or examiner has been appointed in the Debtor's Chapter 11 Case.

2.  The assets of the bankruptcy estate include, among other things, a parcel of real property located at 2240 Lorain Road, San Marino, California 91108 (the "Property"). The Debtor is currently listing the Property for sale at $2,300,000.

3.  The Debtor is informed that there are three liens on the Property. The holders of the liens are Royal Business Bank (first position), Corona Capital Group, LLC (second position), and DNQ LLC (third position) (collectively, the "Lienholders").

4.  Royal Business Bank has asserted that it is owed at least $1,084,642.80 on account of its fist priority lien.

5.  Corona Capital Group, LLC has asserted that it is owed at least $583,194.21 on account of its second priority lien.

6.  DNQ LLC has asserted that it is owed at least $420,000 on account of its third priority lien (the "DNQ Lien"), and on or about February 9, 2022, DNQ filed claim no. 21 asserting this claim against the debtor's estate (the "DNQ Proof of Claim").

7.  The Debtor has yet to receive an offer on the Property that would be sufficient to pay all liens, brokers' commissions and closing costs in full. The Property was formerly listed with another broker for Debtor who attempted a short sale, to which DNQ did not consent.



3   EXHIBIT 1         12

**CARVEOUT AGREEMENT SUBJECT TO COURT APPROVAL**
**Between Jinzheng Group (USA) LLC, and DNQ LLC**
**August 6, 2022**

8.      On or about July 15, 2022, the Debtor filed an application to employ brokers (the "Brokers") to sell the Property (Docket No. 307), and the application remains pending before the Court.

9.      Corona Capital Group, LLC has filed a motion for relief from stay to foreclose on the Property in the Debtor's bankruptcy case, set for hearing on August 22, 2022. Any opposition to such motion is due by August 8, 2022. Royal Business Bank has also indicated that it would likely file a motion for relief from stay to initiate foreclosure proceedings.

10.     In order to protect the Property from foreclosure, generate equity in the Property for the Debtor's estate, and to afford DNQ the opportunity for a recovery on account of its secured claim, the Debtor and DNQ have entered into this carveout agreement.

## AGREEMENT

Based on the mutual promises contained herein and for other good and valuable consideration, the receipt of which is acknowledged, the parties agree as follows:

1.      Recitals Acknowledged. The above recitals are incorporated herein by reference.

2.      Court Approval Required. This Agreement is subject to the approval of the Bankruptcy Court after notice and a hearing.

3.      Consent to Sale. Subject to Court approval and compliance with the terms of this Agreement, DNQ consents to the sale of the Property free and clear of any lien, right, or claim it may have with respect to the Property, including, but not limited to the DNQ Lien. DNQ will not object to the sale of the Property, regardless of the sale price. DNQ will cooperate with the Debtor in closing a sale and will execute such documents as necessary to release its lien on the Property and allow the transfer of title to the Property to a new owner. Any order approving the sale of the Property shall be free and clear of the DNQ Lien even if DNQ breaches this Agreement by later objecting to the sale or failing to cooperate with the sale.

4.      Sale of the Property.  The Debtor agrees to market the Property for sale through the Brokers and invite overbids to any offers received. The Debtor agrees to sell the Property to a buyer subject to Court approval under section 363 of the Bankruptcy Code. If the Debtor sells the Property, the Debtor shall receive 25% of the net sale proceeds (the "Carveout Amount"), to the extent available, after payment of the first and second liens, any other liens senior to DNQ's, any property tax liabilities, any other escrow or closing costs and brokers' commissions (the "Net Sale Proceeds"). The DNQ Lien shall attach to the Net Sale Proceeds remaining after the Carveout Amount up to an amount of $420,000. DNQ shall be entitled to a distribution of such amount, if any, within forty five (45) days following the closing of the sale of the Property (the "DNQ Distribution"). For purposes of the sale of the Property only, DNQ subordinates the DNQ Lien to the Debtor's rights hereunder to aid in the expeditious sale of the Property.

5.      Waiver of Claims.  The Debtor agrees that the DNQ Proof of Claim shall be deemed an allowed claim in the amount of $420,000, without prejudice to DNQ seeking

1690563.1 27086

**2 |** P a g e

# CARVEOUT AGREEMENT SUBJECT TO COURT APPROVAL
## Between Jinzheng Group (USA) LLC, and DNQ LLC
### August 6, 2022

allowance of a higher claim amount. DNQ shall be entitled to the DNQ Distribution described in Paragraph 4 above, and if the DNQ Distribution is less than $420,000, the amount of such deficiency shall be deemed an allowed general unsecured claim. DNQ waives any other claims against the Debtor's estate.

6.    <u>Mutual Releases.</u>  The Parties hereby release and discharge each other from any and all claims, grievances, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, and costs, whether at law or equity, known or unknown, suspected or unsuspected, contingent or fixed, except for their mutual obligations arising under this Agreement.

7.    <u>Notices.</u>  All notices, demands or communications pursuant to this agreement shall be in writing and shall be deemed to have been duly given if delivered via email, as follows:

      a.    To the Debtor:

        c/o Zev Shechtman
        Danning, Gill, Israel & Krasnoff, LLP
        zs@DanningGill.com

      b.    To DNQ:

        c/o Jason D. Wang
        JASONWANG3399@hotmail.com

8.    **<u>Counsel.</u>  DNQ acknowledges that DNQ has been afforded adequate opportunity to consult with an attorney in this matter and that Debtor's counsel has repeatedly urged DNQ to hire an attorney to assist DNQ with this matter.  DNQ's choice not to hire counsel shall not impact the validity of this Agreement.**

9.    <u>Interpretation.</u>  If there is a dispute over the meaning of any provision, this agreement shall not be interpreted against any of the Parties, regardless of which one prepared the initial draft hereof.

10.    <u>Jurisdiction; Applicable Law.</u>  The Bankruptcy Court presiding over the bankruptcy case shall have and retain sole and exclusive jurisdiction to interpret and enforce the terms of this agreement as a core matter, without a right to jury trial or, if required by any applicable law, with a jury before such Bankruptcy Court, and the Parties hereby consent and submit to entry of a final order or final judgment by the Bankruptcy Court. This agreement shall be interpreted and enforced pursuant to the laws of the United States of America, and where State law is required to be applied, California law shall apply.

11.    <u>Costs and Attorneys' Fees.</u>  Each Party shall bear his, her, their or its own costs, expenses and attorneys' fees, if any, heretofore incurred in the matters that are the subject of this agreement to date. However, in the event it becomes necessary for any Party to take any action

1690563.1 27086

**3 | Page**

**CARVEOUT AGREEMENT SUBJECT TO COURT APPROVAL**
**Between Jinzheng Group (USA) LLC, and DNQ LLC**
**August 6, 2022**

to compel enforcement of the terms of this agreement, the prevailing party shall be entitled to all reasonable attorneys' fees and costs incurred to compel such enforcement.

12.    Execution. This agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

13.    Entire Agreement. This agreement constitutes the entire agreement between and among the Parties concerning the subject matter hereof. There are no other understandings, representations, or agreements, oral or otherwise, between and among the Parties concerning the subject matter of this agreement.

14.    Amendments; Modifications; Waiver. This agreement may not be modified, superseded, terminated, or amended and no provision hereto may be waived except by: (i) a writing, making specific reference hereto, signed by the Parties and approved by the Bankruptcy Court; or, (ii) an order of the Bankruptcy Court which has become final.

15.    Further Assurances. The Parties shall promptly execute and deliver, as appropriate, such other and further documents as may be necessary to effectuate the terms of this agreement.

**AGREED**

DANNING, GILL, ISRAEL & KRASNOFF, LLP

_____
ZEV SHECHTMAN, Attorneys, for
Debtor and Debtor in Possession,
JINZHENG GROUP (USA) LLC

**AGREED**

DNQ, LLC

_____
JASON D. WANG, as authorized
representative of DNQ LLC.

8/6/22