| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Matthew D. Resnik (Bar No. 182562)<br>RHM LAW LLP<br>17609 Ventura Blvd., Suite 314<br>Encino, CA 91316<br>Telephone: (818) 285-0100<br>Facsimile: (818) 855-7013<br>matt@RHMFirm.com<br><br>☐ *Movant appearing without an attorney*<br>☒ *Attorney for Movant* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br><br>JINZHENG GROUP (USA) LLC,<br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:21-bk-16674-ER<br>CHAPTER: 11 |
|---|---|
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (REAL PROPERTY)** |
| | DATE: 10/31/2022<br>TIME: 10:00 a.m.<br>COURTROOM: 1586 |

| **Movant:** Royalty Equity Lending LLC/ Bobs LLC |
|---|

1. **Hearing Location**:

   ☒ 255 East Temple Street, Los Angeles, CA 90012        ☐ 411 West Fourth Street, Santa Ana, CA 92701

   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367    ☐ 1415 State Street, Santa Barbara, CA 93101

   ☐ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                     Page 1                     **F 4001-1.RFS.RP.MOTION**

4. When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5. If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6. ☒ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d).  If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7. ☐ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b).  If you wish to oppose this motion, you must file and serve a response no later than (*date*) _____ and (*time*) _____; and, you may appear at the hearing.

   a. ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

   b. ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

   c. ☐ An application for order setting hearing on shortened notice was filed and remains pending.  After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date: 10/10/2022

RHM LAW LLP
Printed name of law firm (if applicable)

Matthew D. Resnik
Printed name of individual Movant or attorney for Movant

/s/Matthew D. Resnik
Signature of individual Movant or attorney for Movant

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO REAL PROPERTY

**1. Movant is the:**

☒ Holder: Movant has physical possession of a promissory note that either (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer.

☐ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g., mortgage or deed of trust) or (2) is the assignee of the beneficiary.

☐ Servicing agent authorized to act on behalf of the Holder or Beneficiary.

☐ Other (*specify*):

**2. The Property at Issue (Property):**

a. Address:                See attached continuation page.

   *Street address*:
   *Unit/suite number*:
   *City, state, zip code*:

b. Legal description, or document recording number (including county of recording), as set forth in Movant's deed of trust (attached as Exhibit _____):

**3. Bankruptcy Case History:**

a. A ☒ voluntary ☐ involuntary  bankruptcy petition under chapter  ☐ 7  ☒ 11  ☐ 12  ☐ 13
   was filed on (*date*) __08/24/2021__.

b. ☐ An order to convert this case to chapter  ☐ 7  ☐ 11  ☐ 12  ☐ 13  was entered on (*date*) _____.

c. ☐ A plan, if any, was confirmed on (*date*) _____.

**4. Grounds for Relief from Stay:**

a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay as follows:

   (1) ☒ Movant's interest in the Property is not adequately protected.

      (A) ☒ Movant's interest in the Property is not protected by an adequate equity cushion.

      (B) ☐ The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.

      (C) ☒ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

   (2) ☐ The bankruptcy case was filed in bad faith.

      (A) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

      (B) ☐ The Property was transferred to the Debtor either just before the bankruptcy filing or after the filing.

      (C) ☐ A non-individual entity was created just prior to the bankruptcy petition date for the sole purpose of filing this bankruptcy case.

      (D) ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

      (E) ☐ The Debtor filed only a few case commencement documents with the bankruptcy petition. Schedules and the statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

      (F) ☐ Other (*see attached continuation page*).

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**Continuation Page for Paragraph #2 On Page 3 Of Motion For Relief:**

**Properties At Issue**

**2929 Amethyst Street,**
**Los Angeles, CA 90032**

*Legal Description:*

BEING A PORTION OF THE CITY LANDS OF LOS ANGELES, CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 2 PAGES 504 AND 505 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, DESCRIBED AS FOLLOWS:

BEGINNING AT THE SOUTHWEST CORNER OF ROSE HILL COURT, AS PER MAP RECORDED IN BOOK 8 PAGE 2 OF MAPS; THENCE SOUTH 20° 07' WEST ALONG THE EAST LINE OF ELA HILLS TRACT, AS PER MAP RECORDED IN BOOK 14 PAGE 3 OF MISCELLANEOUS RECORDS; 32 CHAINS, MORE OR LESS, TO AN ANGLE POINT IN SAID EAST LINE; SAID ANGLE POINT BEING THE SOUTHWEST CORNER OF THE LAND CONVEYED TO L.T. GARNSEY, BY DEED RECORDED IN BOOK 428 PAGE 178 OF DEEDS; THENCE SOUTH 89' 45' EAST ALONG THE SOUTH LINE OF THE LAND DESCRIBED IN THE ABOVE MENTIONED DEED TO WILLIAM HOLGATE'S GLEN TERRACE TRACT, AS PER MAP RECORDED IN BOOK 17 PAGE 91 OF SAID MISCELLANEOUS RECORDS; THENCE NORTH AND EAST ALONG THE LINE OF SAID WILLIAM HOLGATE'S GLEN TERRACE TRACT, AND THE NORTH LINE OF THE LAND CONVEYED TO MRS. ELIZA KIMBALL, BY DEED RECORDED IN BOOK 131 PAGE 233 OF DEEDS, TO THE WEST LINE OF TRACT 7972, AS PER MAP RECORDED IN BOOK 101 PAGES 3 TO 7 INCLUSIVE OF MAPS; THENCE NORTHWEST AND NORTHEAST ALONG THE WESTERLY LINE OF SAID TRACT 7972, TO THE SOUTHEAST CORNER OF ROSE HILL COURT ABOVE MENTIONED; THENCE NORTHWEST ALONG THE SOUTH LINE OF SAID ROSE HILL COURT TO THE POINT OF BEGINNING.

EXCEPT ALL OIL, GAS, WATER AND MINERAL RIGHTS WITHOUT HOWEVER THE RIGHT TO USE THE SURFACE OF SAID LAND FOR THE EXTRACTION OF SAID OIL GAS WATER AND MINERALS AS RESERVED BY THE CITY OF LOS ANGELES, IN DEED RECORDED SEPTEMBER 26,1969 AS INSTRUMENT NO. 2822.

*APN: 5209-009-001*
*APN 5209-005-003*
*APN: 5208-025-014*

**2526-2528 Lincoln Park Ave,**
**Los Angeles, CA 90031**

*Legal Description:*

LOT 1, IN BLOCK "B" OF ELA HILLS TRACT, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 14, PAGES 3 AND 4 OR MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THEREFROM THAT PORTION DESCRIBED AS FOLLOWS:

BEGINNING AT THE NORTHWESTERLY CORNER OF LOT 1, BLOCK "B" OF ELA HILLS TRACT IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 14, PAGES 3 AND 4 OF MISCELLANEOUS RECORDS, OF LOS ANGELES COUNTY, THENCE EASTERLY ALONG THE NORTHERLY LINE OF SAID LOT 1, TO ITS INTERSECTION WITH THE PRODUCED EASTERLY LINE OF THAT PORTION OF PRICHARD STREET, EXTENDING SOUTHERLY FROM THE RIGHT ANGLE THEREIN NORTH OF ALTURA STREET; THENCE SOUTHERLY ALONG SAID PRODUCED EASTERLY LINE OF PRICHARD STREET TO THE EASTERLY LINE OF PRICHARD STREET; THENCE NORTHWESTERLY ALONG THE NORTHEASTERLY LINE OF PRICHARD STREET TO THE POINT OF BEGINNING, TO BE USED FOR PUBLIC STREET AND NO OTHER PURPOSE AS CONVEYED TO CITY OF LOS ANGELES, A MUNICIPAL CORPORATION BY DEED RECORDED SEPTEMBER 11, 1913, IN BOOK 5594, PAGE 123 OF DEEDS.

*APN: 5208-025-001*

**2520-2522 Lincoln Park Ave.,**
**Los Angeles, CA 90031**

Legal Description:

LOT 2 IN BLOCK "B" OF ELA HILLS TRACT, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA. AS PER MAP RECORDED IN BOOK 14, PAGE 3 OF MISCELLANEOUS RECORDS IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

*APN: 5208-025-002*

(3) ☐ *(Chapter 12 or 13 cases only)*

    (A) ☐ All payments on account of the Property are being made through the plan.
        ☐ Preconfirmation ☒ Postconfirmation  plan payments have not been made to the chapter 12 trustee or chapter 13 trustee.

    (B) ☐ Postpetition mortgage payments due on the note secured by a deed of trust on the Property have not been made to Movant.

(4) ☐ The Debtor filed a Statement of Intentions that indicates the Debtor intends to surrender the Property.

(5) ☐ The Movant regained possession of the Property on *(date)* _____, which is ☐ prepetition ☐ postpetition.

(6) ☐ For other cause for relief from stay, see attached continuation page.

b. ☐ Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor has no equity in the Property; and, pursuant to § 362(d)(2)(B), the Property is not necessary to an effective reorganization.

c. ☐ Pursuant to 11 U.S.C. § 362(d)(3), the Debtor has failed, within the later of 90 days after the order for relief or 30 days after the court determined that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B) to file a reasonable plan of reorganization or to commence monthly payments.

d. ☐ Pursuant to 11 U.S.C. § 362(d)(4), the Debtor's filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

(1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval; or

(2) ☐ Multiple bankruptcy cases affecting the Property.

5. ☐ **Grounds for Annulment of the Stay.** Movant took postpetition actions against the Property or the Debtor.

a. ☐ These actions were taken before Movant knew the bankruptcy case had been filed, and Movant would have been entitled to relief from the stay to proceed with these actions.

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

c. ☐ Other (*specify*):

6. **Evidence in Support of Motion:  (D***eclaration(s) MUST be signed under penalty of perjury and attached to this motion***)**

a. The REAL PROPERTY DECLARATION on page 6 of this motion.

b. ☒ Supplemental declaration(s).

c. ☐ The statements made by Debtor under penalty of perjury concerning Movant's claims and the Property as set forth in Debtor's case commencement documents.  Authenticated copies of the relevant portions of the case commencement documents are attached as Exhibit _____.

d. ☒ Other:
Note attached hereto as Exhibit "1." Deeds of Trust attached hereto as Exhibit "2."

7. ☒ **An optional Memorandum of Points and Authorities is attached to this motion.**

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**Movant requests the following relief:**

1. Relief from the stay is granted under:  ☒ 11 U.S.C. § 362(d)(1)  ☒ 11 U.S.C. § 362(d)(2)  ☐ 11 U.S.C. § 362(d)(3).

2. ☒ Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

3. ☐ Movant, or its agents, may, at its option, offer, provide and enter into a potential forebearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement. Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement.

4. ☐ Confirmation that there is no stay in effect.

5. ☐ The stay is annulled retroactive to the bankruptcy petition date. Any postpetition actions taken by Movant to enforce its remedies regarding the Property shall not constitute a violation of the stay.

6. ☐ The co-debtor stay of 11 U.S.C. §1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

7. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

8. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing on this Motion:
   ☒ without further notice, or ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

9. ☐ Relief from the stay is granted under 11 U.S.C. § 362(d)(4): If recorded in compliance with applicable state laws governing notices of interests or liens in real property, the order is binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of the order by the court, except that a debtor in a subsequent case under this title may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

10. ☐ The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:
   ☒ without further notice, or ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

11. ☐ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be:

   ☐ without further notice, or ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

12. ☐ Upon entry of the order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

13. ☐ If relief from stay is not granted, adequate protection shall be ordered.

14. ☐ See attached continuation page for other relief requested.

Date:  10/10/2022

RHM LAW LLP
_____
Printed name of law firm (*if applicable*)
 Matthew D. Resnik
_____
Printed name of individual Movant or attorney for Movant

/s/ Matthew D. Resnik
_____
Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# REAL PROPERTY DECLARATION

I, (*print name of Declarant*) __Rommy Shy_____ , declare:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age.  I have knowledge regarding Movant's interest in the real property that is the subject of this Motion (Property) because (*specify*):

   a. ☐  I am the Movant.

   b. ☐  I am employed by Movant as (*state title and capacity*):

   c. ☒  Other (*specify*): Managing Member

2. a. ☒  I am one of the custodians of the books, records and files of Movant that pertain to loans and extensions of credit given to Debtor concerning the Property.  I have personally worked on the books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant.  These books, records and files were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the actions, conditions or events to which they relate.  Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event.  The business records are available for inspection and copies can be submitted to the court if required.

   b. ☐  Other (*see attached*):

3. The Movant is:

   a. ☐  Holder: Movant has physical possession of a promissory note that (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer.  A true and correct copy of the note, with affixed allonges/indorsements, is attached as Exhibit _____.

   b. ☒  Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g.,mortgage or deed of trust) or (2) is the assignee of the beneficiary.  True and correct copies of the recorded security instrument and assignments are attached as Exhibit __3____.

   c. ☐  Servicing agent authorized to act on behalf of the:

      ☐  Holder.
      ☐  Beneficiary.

   d. ☐  Other (*specify*):

4. a.  The address of the Property is:  (see attached continuation page).
      *Street address*:
      *Unit/suite no.*:
      *City, state, zip code*:

   b.  The legal description of the Property or document recording number (including county of recording) set forth in the Movant's deed of trust is:

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                                    Page 6                          **F 4001-1.RFS.RP.MOTION**

5. Type of property (*check all applicable boxes*):

   a. ☐ Debtor's principal residence      b. ☒ Other residence
   c. ☐ Multi-unit residential      d. ☒ Commercial
   e. ☐ Industrial      f. ☐ Vacant land
   g. ☐ Other (*specify*):

6. Nature of the Debtor's interest in the Property:

   a. ☐ Sole owner

   b. ☐ Co-owner(s) (*specify*):

   c. ☐ Lienholder (*specify*):

   d. ☐ Other (*specify*):

   e. ☒ The Debtor ☒ did ☐ did not list the Property in the Debtor's schedules.

   f. ☒ The Debtor acquired the interest in the Property by ☐ grant deed ☐ quitclaim deed ☒ trust deed.

      The deed was recorded on (*date*) _12/04/2019_ .

7. Movant holds a ☒ deed of trust ☐ judgment lien ☐ other (*specify*) _____
   that encumbers the Property.

   a. ☒ A true and correct copy of the document as recorded is attached as Exhibit _2____ .

   b. ☒ A true and correct copy of the promissory note or other document that evidences the Movant's claim is
      attached as Exhibit _1____ .

   c. ☒ A true and correct copy of the assignment(s) transferring the beneficial interest under the note and deed of
      trust to Movant is attached as Exhibit _3____ .

8. Amount of Movant's claim with respect to the Property:

|   |   | PREPETITION | POSTPETITION | TOTAL |
|---|---|---|---|---|
| a. | Principal: | $ 7,000,000.00 | $ | $ 7,000,000.00 |
| b. | Accrued interest: | $ 1,304,447.74 | $ 1,221,030.30 | $ 2,525,478.04 |
| c. | Late charges | $ 39,809.00 | $ | $ |
| d. | Costs (attorney's fees, foreclosure fees, other costs): | $ 1,008,752.55 | $ | $ 1,008,752.55 |
| e. | Advances (property taxes, insurance): | $ | $ 817,367.35 | $ 817,367.35 |
| f. | Less suspense account or partial balance paid: | $[       ] | $[      ] | $[      ] |
| g. | TOTAL CLAIM as of (*date*): | $ 9,353,009.29 | $ 2,038,397.65 | $ 11,351,597.94 |

   h. ☒ Loan is all due and payable because it matured on (*date*) _06/01/2021_

9. Status of Movant's foreclosure actions relating to the Property (*fill the date or check the box confirming no such action has occurred*):

   a. Notice of default recorded on (*date*) _08/04/2020_ or ☐ none recorded.

   b. Notice of sale recorded on (*date*) _08/04/2021_ or ☐ none recorded.

   c. Foreclosure sale originally scheduled for (*date*) _08/24/2021_ or ☐ none scheduled.

   d. Foreclosure sale currently scheduled for (*date*) _____ or ☐ none scheduled.

   e. Foreclosure sale already held on (*date*) _____ or ☒ none held.

   f. Trustee's deed upon sale already recorded on (*date*) _____ or ☒ none recorded.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*          Page 7          **F 4001-1.RFS.RP.MOTION**

10. Attached (*optional*) as Exhibit _____ is a true and correct copy of a POSTPETITION statement of account that accurately reflects the dates and amounts of all charges assessed to and payments made by the Debtor since the bankruptcy petition date.

11. ☒ (*chapter 7 and 11 cases only*) Status of Movant's loan:

    a. Amount of current monthly payment as of the date of this declaration: $ 87,216.45 _____ for the month of __October_____ 20 22.

    b. Number of payments that have come due and were not made: _14___. Total amount: $ 1,221,030.30 _____

    c. Future payments due by time of anticipated hearing date (*if applicable*):

    An additional payment of $ 87,216.45 _____ will come due on (*date*) 11/01/2022 , and on the 1st__ day of each month thereafter. If the payment is not received within 10___ days of said due date, a late charge of $ 8,721.6 _____ will be charged to the loan.

    d. The fair market value of the Property is $_____, established by:  See attached continuation page.

        (1) ☐ An appraiser's declaration with appraisal is attached as Exhibit _____.

        (2) ☐ A real estate broker or other expert's declaration regarding value is attached as Exhibit _____.

        (3) ☐ A true and correct copy of relevant portion(s) of the Debtor's schedules is attached as Exhibit _____.

        (4) ☐ Other (*specify*):

    e. **Calculation of equity/equity cushion in Property:**

    Based upon ☐ a preliminary title report ☐ the Debtor's admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

| | Name of Holder | Amount as Scheduled by Debtor (*if any*) | Amount known to Declarant and Source |
|---|---|---|---|
| 1st deed of trust: | | $ | $ |
| 2nd deed of trust: | | $ | $ |
| 3rd deed of trust: | | $ | $ |
| Judgment liens: | | $ | $ |
| Taxes: | | $ | $ |
| Other: | | $ | $ |
| **TOTAL DEBT: $** | | | |

    f. Evidence establishing the existence of these deed(s) of trust and lien(s) is attached as Exhibit _____ and consists of:

        (1) ☐ Preliminary title report.

        (2) ☐ Relevant portions of the Debtor's schedules.

        (3) ☐ Other (*specify*):

    g. ☐ **11 U.S.C. § 362(d)(1) - Equity Cushion:**
        I calculate that the value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant's debt is $ 0 _____ and is 0.0 ___ % of the fair market value of the Property.

    h. ☐ **11 U.S.C. § 362(d)(2)(A) - Equity:**
        By subtracting the total amount of all liens on the Property from the value of the Property as set forth in Paragraph 11(e) above, I calculate that the Debtor's equity in the Property is $_____.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                                      Page 8                                      **F 4001-1.RFS.RP.MOTION**

**Continuation Page for Paragraph #11 On Page 8 Of Motion for Relief:**

**Fair Market Value of The Properties/Calculation of Equity/Equity Cushion**

**2929 Amethyst Street,**
**Los Angeles, CA 90032**

d. The fair market value of the Property is *$6,800,000*, established based on the appraisal conducted by Patrick L. Tobin of TOBIN Real Estate Advisors, Inc. who appraised the properties on or around September 8, 2022.

e. Calculation of equity/equity cushion in Property:

Based upon a Property Details Report, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

| | Name of Holder | Amount as Scheduled by Debtor (if any) | Amount known to Declarant and Source |
|---|---|---|---|
| 1st deed of trust: | Bobs LLC | | $9,353,009.29 (per POC No. 2-1) |
| 2nd deed of trust: | Helen P Ho Revocable Trust | | $400,000 |
| 3rd deed of trust: | | $ | $ |
| Judgment liens: | | $ | $ |
| Taxes: | | $ | $ |
| Other: | | $ | $ |
| **TOTAL DEBT**: $9,753,009.29 | | | |

f. Evidence establishing the existence of these deed(s) of trust and lien(s) is attached as **Exhibit "4"** and consists of:
(1) Preliminary title report.
(2) Relevant portions of the Debtor's schedules.
(3) Other (specify):

g. 11 U.S.C. § 362(d)(1) - Equity Cushion: 0.00
I calculate that the value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant's debt is 0.00 and is 0% of the fair market value of the Property.

h. 11 U.S.C. § 362(d)(2)(A) - Equity:
By subtracting the total amount of all liens on the Property from the value of the Property as set forth in Paragraph 11(e) above, I calculate that the Debtor's equity in the Property is 0.00.

i. Estimated costs of sale: $544,000.00 (estimate based upon 8% of estimated gross sales price).

j. The fair market value of the Property is declining because of Debtor's failure to maintain current with monthly payments that became due and payable pre-petition and post-petition.

**2526-2528 Lincoln Park Ave,**
**Los Angeles, CA 90031**

d. The fair market value of the Property is *$800,000.00*, established based on the appraisal conducted by Patrick L. Tobin of TOBIN Real Estate Advisors, Inc.  who appraised the properties on or around September 8, 2022.

e. Calculation of equity/equity cushion in Property:

Based upon a Property Details Report, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

|  | Name of Holder | Amount as Scheduled by Debtor (if any) | Amount known to Declarant and Source |
|---|---|---|---|
| 1st deed of trust: | Royalty Equity Lending LLC | | $9,353,009.29 (per POC No. 2-1) |
| 2nd deed of trust: | | | |
| 3rd deed of trust: | | $ | $ |
| Judgment liens: | | $ | $ |
| Taxes: | | $ | $ |
| Other: | | $ | $ |
| TOTAL DEBT: $9,353,009.29 | | | |

f. Evidence establishing the existence of these deed(s) of trust and lien(s) is attached as **Exhibit "4"** and consists of:
(1) Preliminary title report.
(2) Relevant portions of the Debtor's schedules.
(3) Other (specify):

g. 11 U.S.C. § 362(d)(1) - Equity Cushion: 0.00
I calculate that the value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant's debt is 0.00 and is 0% of the fair market value of the Property.

h. 11 U.S.C. § 362(d)(2)(A) - Equity:

By subtracting the total amount of all liens on the Property from the value of the Property as set forth in Paragraph 11(e) above, I calculate that the Debtor's equity in the Property is 0.00.

i. Estimated costs of sale: $64,000.00 (estimate based upon 8% of estimated gross sales price).

j. The fair market value of the Property is declining because of Debtor's failure to maintain current with monthly payments that became due and payable pre-petition and post-petition.

**2520-2522 Lincoln Park Ave.,**
**Los Angeles, CA 90031**

d. The fair market value of the Property is *$1,000,000.00*, established based on the appraisal conducted by Patrick L. Tobin of TOBIN Real Estate Advisors, Inc. who appraised the properties on or around September 8, 2022.

e. Calculation of equity/equity cushion in Property:

Based upon a Property Details Report, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

| | Name of Holder | Amount as Scheduled by Debtor (if any) | Amount known to Declarant and Source |
|---|---|---|---|
| 1st deed of trust: | Royalty Equity Lending LLC | $ | $9,353,009.29 (per POC No. 2-1) |
| 2nd deed of trust: | | $ | $ |
| 3rd deed of trust: | | $ | |
| Judgment liens: | | $ | $ |
| Taxes: | | $ | $ |
| Other: | | $ | $ |
| **TOTAL DEBT**: $9,353,009.29 | | | |

f. Evidence establishing the existence of these deed(s) of trust and lien(s) is attached as **Exhibit "4"** and consists of:
(1) Preliminary title report.
(2) Relevant portions of the Debtor's schedules.
(3) Other (specify):

g. 11 U.S.C. § 362(d)(1) - Equity Cushion: $0.00
I calculate that the value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant's debt is 0.00 and is 0% of the fair market value of the Property.

h. 11 U.S.C. § 362(d)(2)(A) - Equity:

By subtracting the total amount of all liens on the Property from the value of the Property as set forth in Paragraph 11(e) above, I calculate that the Debtor's equity in the Property is 0.00.

i. Estimated costs of sale: $80,000.00 (estimate based upon 8% of estimated gross sales price).

j. The fair market value of the Property is declining because of Debtor's failure to maintain current with monthly payments that became due and payable pre-petition and post-petition.

i. ☐ Estimated costs of sale: $_____ (estimate based upon _____% of estimated gross sales price)

j. ☐ The fair market value of the Property is declining because:

12. ☐ (*Chapter 12 and 13 cases only*) Status of Movant's loan and other bankruptcy case information:

a. A 341(a) meeting of creditors is currently scheduled for (*or concluded on*) the following date: _____.
A plan confirmation hearing currently scheduled for (or concluded on) the following date:_____.
A plan was confirmed on the following date (*if applicable*): _____.

b. Postpetition preconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

(See attachment for additional breakdown of information attached as Exhibit _____.)

c. Postpetition postconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

d. Postpetition advances or other charges due but unpaid:                               $
(*For details of type and amount, see Exhibit _____*)

e. Attorneys' fees and costs:                                                                        $
(*For details of type and amount, see Exhibit _____*)

f. Less suspense account or partial paid balance:                                 $[                                    ]

TOTAL POSTPETITION DELINQUENCY:                 $

g. Future payments due by time of anticipated hearing date (*if applicable*): _____.
An additional payment of $_____ will come due on _____, and on
the _____ day of each month thereafter. If the payment is not received by the _____ day of the month, a late
charge of $_____ will be charged to the loan.

h. Amount and date of the last 3 postpetition payments received from the Debtor in good funds, regardless of how
applied (if applicable):

$_____  received on (*date*) _____
$_____  received on (*date*) _____
$_____  received on (*date*) _____

i. ☐ The entire claim is provided for in the chapter 12 or 13 plan and postpetition plan payments are delinquent.
A plan payment history is attached as Exhibit _____. See attached declaration(s) of chapter 12 trustee or
13 trustee regarding receipt of payments under the plan (*attach LBR form F 4001-1.DEC.AGENT.TRUSTEE*).

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                                                    Page 9                                              **F 4001-1.RFS.RP.MOTION**

13. ☒  Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

14. ☐  The court determined on (*date*) _____ that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B).  More than 90 days have passed since the filing of the bankruptcy petition; more than 30 days have passed since the court determined that the Property qualifies as single asset real estate; the Debtor has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or the Debtor has not commenced monthly payments to Movant as required by 11 U.S.C. § 362(d)(3).

15. ☐  The Debtor's intent is to surrender the Property.  A true and correct copy of the Debtor's statement of intentions is attached as Exhibit _____.

16. ☐  Movant regained possession of the Property on (*date*) _____, which is  ☐ prepetition  ☐ postpetition.

17. ☐  The bankruptcy case was filed in bad faith:

   a.  ☐  Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

   b.  ☐  Other bankruptcy cases have been filed in which an interest in the Property was asserted.

   c.  ☐  The Debtor filed only a few case commencement documents.  Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

   d.  ☐  Other (*specify*):


18. ☐  The filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

   a.  ☐  The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.

   b.  ☐  Multiple bankruptcy cases affecting the Property include:

      1.  Case name: _____
          Chapter: _____   Case number: _____
          Date dismissed: _____   Date discharged: _____   Date filed: _____
          Relief from stay regarding the Property  ☐ was  ☐ was not  granted.

      2.  Case name: _____
          Chapter: _____   Case number: _____
          Date dismissed: _____   Date discharged: _____   Date filed: _____
          Relief from stay regarding the Property  ☐ was  ☐ was not  granted.

      3.  Case name: _____
          Chapter: _____   Case number: _____
          Date dismissed: _____   Date discharged: _____   Date filed: _____
          Relief from stay regarding the Property  ☐ was  ☐ was not  granted.

   ☐  See attached continuation page for information about other bankruptcy cases affecting the Property.

   ☐  See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, or defraud creditors.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                                     Page 10                          **F 4001-1.RFS.RP.MOTION**

19. ☐ Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

    a. ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

    b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

    c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | See Next Page |
|---|---|---|
| 10/10/2022 | Rommy Shy | |
| *Date* | *Printed name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

19. ☐ Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

   a. ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

   b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

   c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/10/2022 | Rommy Shy | |
|---|---|---|
| *Date* | *Printed name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# EXHIBIT 1

# NOTE SECURED BY A DEED OF TRUST

Loan Number: ███518          Date: 09/04/2018                    Calabasas, California

2929 Amethyst Street Los Angeles CA 90032
Property Address
A.P.N.: 5209-009-001

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $7,000,000.00 (this amount will be called "principal"), plus interest, to the order of **BOBS LLC, a Nevada Single Purpose Limited Liability Company as to an undivided 100.000% interest** (who will be called "Lender"). I understand that the Lender may transfer this Note. The Lender or anyone else who takes this Note by transfer and who is entitled to receive payments under this Note will be called the "Note Holder(s)."

## 2. INTEREST

I will pay interest at a yearly rate as described in paragraph 3 below.

Interest commences on **the date of funding**, and, if paragraph 3 reflects more than one interest rate during the loan term, the rate will change on the date which is one (1) calendar month before each Payment Start Date.

Interest will be charged on unpaid principal until the full amount of principal has been paid.

I also agree to pay interest at the rate described in paragraph 3 below on the prepaid finance charges which are a part of the principal.

## 3. PAYMENTS

My payments are  ☑ Interest Only   ☐ Fully Amortized   ☐ Other
I will make my payments each month as follows:

| Number of Payments | Payment Start Dates | Interest Rates | Payment Amounts |
|---|---|---|---|
| 5 | Monthly beginning November 1, 2019 | 9.75% | $56,875.00 |
| 1 | April 1, 2020 | 9.75% | $7,056,875.00 |

I will make these payments until I have paid all of the principal and interest and any other charges that I may owe under this Note. If on **04/01/2020** (the Due Date) I still owe amounts under this Note (balloon balance), I will pay all those amounts, in full, on that date.

I will make my payments payable to **BOBS LLC, 600 S. Spring St. Unit# Office Los Angeles CA 90014**, or at a different place if I am notified by the Note Holder or the Agent for the Note Holder.

## 4. BORROWER'S FAILURE TO PAY AS REQUIRED

**(A) Late Charge For Overdue Payments.** If I do not pay the full amount of each monthly payment by the end of 10 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 10.000% of my overdue payment or U.S. **$5,687.50**, whichever is more. I will pay this late charge only once on any late payment.

In the event a balloon payment is delinquent more than **10** days after the date it is due, I agree to pay a late charge in an amount equal to the maximum late charge that could have been assessed with respect to the largest single monthly installment previously due, other than the balloon payment, multiplied by the sum of one plus the number of months occurring since the late payment charge began to accrue.

**(B) Default.** If I do not pay the full amount of each monthly payment due under this Note by the date stated in paragraph 3 above, I will be in default, and the Note Holder may demand that I pay immediately all amounts that I owe under this Note.

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(C) Payment of Note Holder's Costs and Expenses.** If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all its costs and expenses to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorney's fees. A default upon any interest of any Note Holder shall be a default upon all interests.

**(D) Remedy in Event of Default.** Upon the occurrence of an Event of Default, the entire balance of principal, together with all accrued interest, shall, at the option of the Lender, without demand or notice, immediately become due and payable. Upon the occurrence of an Event of Default (and for a period of no less than 6 months after such Event of Default may be remedied), the entire balance of principal, together with all accrued interest thereon, shall bear interest at the note rate plus **five percent (5.000%)** the ("Default Rate"). No delay or omission on the part of the Lender in exercising any right under this Note or under any of the Loan Documents shall operate as a waiver of such right.

The occurrence of (but not limited to) any of the following shall be deemed to be an event of default ("Event of Default") hereunder:

    a) Default in the payment of principal or interest when due pursuant to the terms hereof; or

    b) The occurrence of an Event of Default under the Deed of Trust or other agreement (including any amendment, modification or extension thereof) now or hereafter evidencing or securing this Note (all such documents, together with this Note, constituting the "Loan Documents").

    c) A violation of any provisions of the Deed of Trust or other agreement (including any amendment, modification or extension thereof) now or hereafter evidencing or securing ANY Note (all such documents, together with this Note, constituting the "Loan Documents") on ANY property secured by this Lender.

## 5.  BORROWER'S PAYMENTS BEFORE THEY ARE DUE - PREPAYMENT PENALTIES

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as "prepayment." If I pay all or part of the loan principal before it is due, whether such payment is made voluntarily or involuntarily, I agree to pay a prepayment penalty computed as follows: You will have to pay a prepayment penalty if the loan is paid off or refinanced in the first .8 year(s) as follows: Prepayment Penalty is equal to nine (9) months guarantee interest on the original principal balance. Prepayment penalty is waived after the first nine (9) months of the loans term.

## 6.  BORROWER'S WAIVERS

I waive my rights to require the Note Holder to do certain things. Those things are: (a) to demand payment of amounts due (known as "presentment"); (b) to give notice that amounts due have not been paid (known as "notice of dishonor"); (c) to obtain an official certification of nonpayment (known as "protest"). Anyone else who agrees to keep the promises made in this Note, or who agrees to make payments to the Note Holder if I fail to keep my promises under this Note, or who signs this Note to transfer it to someone else, also waives these rights. These persons are known as "guarantors, sureties and endorsers."

## 7.  RESPONSIBILITIES OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each of us is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety, or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of the guarantor, surety, or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that anyone of us may be required to pay all of the amounts owed under this Note.

## 8.  THIS NOTE IS SECURED BY A DEED OF TRUST

In addition to the protection given to the Note Holder under this Note, a Deed of Trust (the "Security Instrument") with a Due-on-Transfer Clause dated the same date of this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in the Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note.

Some of those conditions are described as follows:

"Lender's Right to Require The Loan to be Paid Off Immediately. If the borrower shall sell, lease for a term of more than 6-years (including options to renew), lease with an option to purchase for less than the encumbrances for any term, or transfer all or any part of the Property or an interest therein, excluding (a) the creation of a lien or encumbrance subordinate to this Deed of Trust, (b) or a transfer by devise, descent, or by operation of law upon the death of a joint tenant, the Lender may, at its option declare the Note and any other obligations secured by this Deed of Trust, together with accrued interest thereon, immediately due and payable, in full. No waiver of the Lender's right to accelerate shall be effective unless it is in writing."

Jinzheng Group (USA) LLC, a California Limited Liability
Company

_____ 9-5-18    _____
Borrower    Jianqing Yang, President    Date    Borrower    Date

## ASSIGNMENT OF NOTE
## SECURED BY A DEED OF TRUST

Date: _____

FOR VALUE RECEIVED, the undersigned hereby grants, assigns and transfers to:


all beneficial interest under the within Note, without recourse, and Deed of Trust securing same


_____     _____

_____     _____


**DO NOT DESTROY THIS NOTE:** When paid it must be surrendered to the Trustee, together with the Deed of Trust securing same for cancellation, before reconveyance will be made.

## ADDENDUM TO
## PROMISSORY NOTE

THIS ADDENDUM TO PROMISSORY NOTE (this "Addendum") is made as of September 5, 2018, between JINZHENG GROUP (USA) LLC, a California limited liability company ("Borrower"), 100 East Huntington Drive, Suite 207, Alhambra, CA 91801, and BOBS, LLC, a Nevada limited liability company ("Lender"), 600 South·Spring Street, Unit # Office, Los Angeles, CA 90014 with reference to the following facts:

### RECITALS

A.      Whereas, Borrower is the owner of the real property commonly described as 2929 Amethyst Street, Los Angeles, CA 90032, Los Angeles County Assessor's Parcel Number, 5209-009-001, and legally described as:

Real property in the City of Los Angeles, County of Los Angeles, State of California, described as follows:

BEING A PORTION OF THE CITY LANDS OF LOS ANGELES, CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 2 PAGES 504 AND 505 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, DESCRIBED AS FOLLOWS:
BEGINNING AT THE SOUTHWEST CORNER OF ROSE HILL COURT, AS PER MAP RECORDED IN BOOK 8 PAGE 2 OF MAPS; THENCE SOUTH 20° 07' WEST ALONG THE EAST LINE OF ELA HILLS TRACT, AS PER MAP RECORDED IN BOOK 14 PAGE 3 OF MISCELLANEOUS RECORDS; 32 CHAINS, MORE OR LESS, TO AN ANGLE POINT IN SAID EAST LINE; SAID ANGLE POINT BEING THE SOUTHWEST CORNER OF THE LAND CONVEYED TO L. T. GARNSEY, BY DEED RECORDED IN BOOK 428 PAGE 178 OF DEEDS; THENCE SOUTH 89° 45' EAST ALONG THE SOUTH LINE OF THE LAND DESCRIBED IN THE ABOVE MENTIONED DEED TO WILLIAM HOLGATE'S GLEN TERRACE TRACT, AS PER MAP RECORDED IN BOOK 17 PAGE 91 OF SAID MISCELLANEOUS RECORDS; THENCE NORTH AND EAST ALONG THE LINE OF SAID WILLIAM HOLGATE'S GLEN TERRACE TRACT, AND THE NORTH LINE OF THE LAND CONVEYED TO MRS. ELIZA KIMBALL, BY DEED RECORDED IN BOOK 131 PAGE 233 OF DEEDS, TO THE WEST LINE OF TRACT 7972, AS PER MAP RECORDED IN BOOK 102 PAGES 3 TO 7 INCLUSIVE OF MAPS; THENCE NORTHWEST AND NORTHEAST ALONG THE WESTERLY LINE OF SAID TRACT 7972, TO THE SOUTHEAST CORNER OF ROSE HILL COURT ABOVE MENTIONED; THENCE NORTHWEST ALONG THE SOUTH LINE OF SAID ROSE HILL COURT TO THE POINT OF BEGINNING.
EXCEPT ALL OIL, GAS, WATER AND MINERAL RIGHTS WITHOUT HOWEVER THE RIGHT TO USE THE SURFACE OF SAID LAND FOR THE EXTRACTION OF SAID OIL, GAS WATER AND MINERALS AS

1

RESERVED BY THE CITY OF LOS ANGELES, IN DEED RECORDED
SEPTEMBER 26, 1969 AS INSTRUMENT NO. 2822.

("Subject Property"); and

B.      Whereas, the Subject Property is presently undeveloped, and is presently zoned A1-1D, under Section 12.05 of the Los Angeles City Municipal Code; and

C.      Whereas, Borrower intends to apply for a subdivision of the Subject Property according to the provisions of the Subdivision Map Act, *Government Code* § 66410, *et seq.*, and any local ordinances promulgated thereunder; and

D.      Whereas, Borrower intends to apply for a zoning change and/or zoning variance to allow development of the Subject Property; and

E.      Borrower now needs financing to finance the subdivision and rezoning of the Subject Property; and

F.      Financing for the Projects shall be provided to the Borrower by a loan from the Lender in the original principal amount of Seven Million Dollars ($7,000,000) ("Lender Loan") which is evidenced by a Promissory Note ("Promissory Note"); and

G.      Borrower shall be responsible, during the subdivision and rezoning process to provide funds if and as need to pay for engineering and geological studies, governmental fees and charges and other expenses; and

H.      The Lender and Borrower desire to enter into this Addendum to provide for the disbursement of the Lender Loan, and to preserve the Lender's rights to subdivide and rezone the Subject Property in the event of a default by the Borrower.

## AGREEMENT

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereby agree as follows:

1.      Of the Seven Million ($7,000,000) Lender Loan, Three and One-Half Million Dollars ($3,500,000) shall be retained by the Lender, and shall only be disbursed in accordance with the terms of this Addendum.

2.      Definitions. The following terms shall have the following meanings.

a.      "Contracts" shall mean any and all contracts entered into between the Borrower and Vendors, including, but not limited to engineers and geologists that may be necessary to accomplish the Subdivision/Rezoning of the Subject Property, including all exhibits and attachments thereto, as the same may be amended from time to time with the prior consent of the Lender

2

b.  "Impositions" shall mean all (i) real estate and personal property taxes and other taxes and assessments, water and sewer rates and charges and all other governmental charges and any interest or costs or penalties with respect thereto and charges for any easement or agreement maintained for the benefit the real property ("Real Property"), general and special, ordinary and extraordinary, foreseen and unforeseen, of any kind and nature whatsoever which, with respect to any of the foregoing, at any time may be assessed, levied or imposed upon the Real Property, and (ii) other taxes, assessments, fees and governmental charges levied, imposed or assessed upon or against Borrower or any of its properties.

c.  "Lender" shall mean the Bobs, LLC, a Nevada limited liability company, and any assignee of or successor to its rights, powers and responsibilities.

d.  "Subdivision/Rezoning" means any and all efforts to subdivide the Subject Property in accordance with the terms of the Subdivision Map Act, and any local ordinances promulgated thereunder, as well as any all efforts to rezone and/or obtain a zoning variance of the Subject Property to allow for more intensive development than is currently permitted under Los Angeles City Zone A1-1D.

e.  "Vendor" means a provider of goods and/or services that contribute in any way to the Subdivision/Rezoning of the Subject Property, and may include, but are not limited to lawyers, engineers, geologists, and/or contractors.

f.  "Work" means means to engage, suffer, or permit to work in any and all efforts to subdivide the Subject Property in accordance with the terms of the Subdivision Map Act, and any local ordinances promulgated thereunder, as well as any all efforts to rezone the Subject Property to allow for more intensive development than is currently permitted under Los Angeles City Zone A1-1D.

3.  Draw Procedures. The Lender Loan proceeds shall be disbursed as follows:

a.  The Borrower shall submit to the Lender a disbursement request ("Disbursement Request") in a form acceptable to the Lender, setting forth a detailed breakdown of the disbursement requested (the "Draw Summary"). Concurrently with the Disbursement Request, Borrower shall also furnish to the Lender a copy of the documentation indicating the Work complete pertaining to the Disbursement Request. Upon such request, the Lender may verify the Work that has been completed. If the Lender determines that Work is proceeding diligently and if all conditions to such disbursement shall have been fulfilled, the Lender shall authorize the disbursement in a manner that has been mutually agreed to by the parties. All disbursements shall be made approximately forth eight (48) hours during regular business days after receipt of all information required by the Lender to approve the requested disbursements. The Lender may also require verification of the information contained in the Disbursement Request and may require separate unconditional lien waivers and releases from all Vendors covering all prior disbursements. Notwithstanding the foregoing, each Disbursement Request shall be subject to the approval of the Lender, with respect to the Lender Loan, in accordance with this Agreement.

3

All Disbursement Requests shall be directed to the Lender at the address indicated below, and to La Mesa Fund Control, 8419 La Mesa Blvd C, La Mesa, CA 91942, and to Joe Zacharia, Open Door Lending, 24013 Ventura Blvd., Ste. 200, Calabasas, CA 91302.

b.  Borrower shall pay all reasonable costs and expenses incurred by the Lender hereunder upon demand by the Lender. After demand on the Borrower, the Lender may elect to authorize disbursements of the proceeds of the Lender Loan to pay, as and when due, any unpaid or unsatisfied fees, costs or other amounts owing hereunder to the Lender.

c.  In the event the Lender disapproves any portion of the amount requested by Borrower in a Disbursement Request, the Lender shall promptly notify Borrower of the disapproved amount and the reason for such disapproval.

d.  In the event any item shall be disapproved or deemed disapproved, the representatives of the Borrower and the Lender shall meet promptly and in good faith to attempt to resolve the matter to their mutual satisfaction.

4.    Disbursement Amounts.

a.  The aggregate amount advanced shall be limited to the amount shown in "2029 Amethyst Estimated Costs," attached hereto as Exhibit A.

b.  Subject to the terms of this Agreement, the Lender will authorize disbursements of the Lender Loan to defray actual and reasonable costs incurred by Borrower and approved by the Lender for Work performed.

c.  Cost Information. If the Borrower becomes aware of any change in the approved costs set forth in the "2029 Amethyst Estimated Costs" which would increase, change, or cause a reallocation of the costs as shown on the "2029 Amethyst Estimated Costs," the Borrower shall immediately notify the Lender in writing and promptly submit a proposed revised "2029 Amethyst Estimated Costs" to the Lender for approval. The Borrower shall have no right to receive further disbursements of the Lender Loan unless and until the revised "2029 Amethyst Estimated Costs" is approved by the Lender, which approval shall not be unreasonably withheld. The limit of financing to be provided by Lender pursuant to this Addendum shall be limited to Three and One-Half Million Dollars ($3,500,000).

d.  Conditions Precedent to Draw. The Lender shall determine whether or not the conditions precedent to its obligation to advance its loan have been satisfied or whether or not to waive, in its sole discretion, any condition precedent to its obligation to advance the Lender Loan which the Lender, or designee, determines has not been satisfied. As conditions precedent to approval of any Disbursement Request, each of the following conditions shall have been fulfilled to the satisfaction of the Lender, as applicable:

1.  All representations and warranties contained in this Agreement and the Lender Documents shall be true and correct in all material respects;

2.  All insurance coverage required to be maintained by the Borrower under the Lender

4

Documents or by law shall be in full force and effect;

3.  The Lender Documents shall be in full force and effect;

4.  No Event of Default under the Lender Documents shall have occurred and be continuing;

5.  Except to the extent waived the Lender, or designee, in their sole discretion, all governmental consents, licenses, permits and all other authorizations or approvals then required with respect to the Subdivision/Rezoning of the Subject Property shall have been obtained and/or issued, or will be timely obtained;

6.  The Lender shall have received copies of notarized partial lien waiver forms executed by the Vendors, specifying in each such partial lien waiver the amount paid in consideration of such partial release;

7.  Before any disbursements after the initial disbursement, the Borrower shall furnish to Lender a list (if not previously delivered) of all Vendors employed in connection with the Subdivision/Rezoning of the Subject Property, containing the name, address, and telephone number of each such Vendor, a general statement of the nature of the Work to be done, the labor and materials to be supplied, and the approximate dollar value of such labor or Work with respect to each. Lender shall have the right to make direct contact with each Vendor to verify the facts disclosed by said list or for any other purpose;

8.  Copies of invoices or other acceptable documentation shall be submitted to substantiate Borrower's request for payment of construction costs, including "soft costs;"

9.  Lender shall have approved of Borrower's requisition for "hard costs."

5.      Conditions Precedent to Final Disbursement. Subject to any additional conditions set forth in the Lender Documents, the following conditions shall be satisfied prior to the final disbursement of the Lender Loan and the Retainage:

a.  Lender shall have received evidence that all Impositions which are due and payable for the current tax year have been paid in full;

b.  Lender shall have received final lien releases and waivers from the Vendors for all Work performed in connection with the Subdivision/Rezoning of the Subject Property;

6.      Notices. Any and all notices, demands or other communications required or desired to be given hereunder by any party shall be in writing and shall be validly given or made to another party only (a) if served personally, (b) if deposited in the United States first class mail, certified or registered, postage prepaid, or (c) if sent by overnight delivery service and a confirmation of receipt is obtained. If such notice, demand or other communication is served personally, service shall be conclusively deemed made at the time of such personal service. If such notice, demand or other communication is given by mail, such shall be conclusively deemed given seventy-two (72) hours after the deposit thereof in the United States mail addressed to the party to whom such notice,

demand or other communication is to be given at the following address set forth below. If such notice, demand or other communication is sent by overnight delivery service, such shall be conclusively deemed given at the time confirmation of receipt is obtained, provided the overnight delivery is addressed to the party to whom such notice, demand or other communication is to be given at the address set forth below.

If to the Borrower:

JINZHENG GROUP (USA) LLC
100 East Huntington Drive, Suite 207
Alhambra, CA 91801

If to the Lender:

BOBS, LLC
600 South Spring Street, Unit # Office
Los Angeles, CA 90014

Any party hereto may change its address for the purpose of receiving notices, demands and other communications as herein provided by a written notice given in the manner aforesaid to the other party or parties hereto.

7.     Governing Law. This Agreement shall be governed by, and construed in accordance with, the substantive laws of the State of California without regard to principles of conflicts of laws.

8.     Headings. The headings used herein are for convenience only and do not limit or alter the terms of this Agreement or in any way affect the meaning or interpretation of this Agreement.

9.     Successors and Assigns. All rights of each party shall inure to the benefit of its successors and assigns, and all obligations, liabilities, and duties of each party shall bind its successors and assigns.

10.    Entire Agreement; Amendment and Modification. This Agreement constitutes the entire agreement and understanding of the parties hereto in respect of the subject matter contained herein, supersedes all prior agreements and understandings, both written and oral, between the parties in respect of the subject matter hereof and no changes, amendments, or alterations hereto shall be effective unless pursuant to written instrument executed by the Borrower and the Lender. Notwithstanding the foregoing sentence or any other provision of this Agreement, this Agreement does not supersede and shall not be deemed to amend any of the Lender Documents. Borrower and Lender anticipate modifications and supplements to this Agreement from time to time, in writing, signed by the Lender or designee, and the Borrower.

11.    No Waiver of Strict Compliance. No waiver or failure of a party to insist upon strict compliance with any obligation, covenant, agreement, representation, warranty, or condition shall operate as a waiver of, or estoppel with respect to, any subsequent or other failure to comply with such obligation, covenant, agreement, representation, warranty, or condition, or with any other obligation, covenant, agreement, representation, warranty, or condition contained herein. Failure to

6

exercise any right, power, or remedy shall not constitute a waiver of any obligations under this Agreement or constitute a modification of this Agreement. The making of this Agreement shall not waive or impair any other security a party may have or hereafter acquire for the payment of obligations under this Agreement, and the taking of any additional security it may have in the order it may deem proper.

12.   Validity. The invalidity or unenforceability of any terms or provisions of this Agreement shall not affect the validity or enforceability of any other provisions of this Agreement, which shall remain in full force and effect, and, if any such unenforceable provision hereof is enforceable in any part or to any lesser extent, such provision shall be enforceable in all such parts and to the greatest extent permissible under applicable law.

13.   Supervision of Work. The Lender shall be under no obligation to perform any of the Work necessary to complete the Subdivision/Rezoning of the Subject Property.  The Lender is not the agent for Borrower, nor is the Lender a partner or joint venturer with Borrower. The Lender shall not have any fiduciary duty or obligation to the Borrower.

14.   Reservation of Rights. Nothing contained herein shall be construed as restricting, limiting, amending or modifying the rights of the parties in the Lender Documents, as they relate to defaults or remedies, including, inter alia, the right of each party under its respective security instruments to foreclose on the Property, or to seek recourse under any guaranties.

15.   Default.  In the event of a default under the terms of the Subject Note, Borrower grants, assigns, conveys and transfers to Lender, all of Borrower's rights to the Subject Property under the Subdivision Map Act, including, but not limited to any and all Vendor Contracts, notices, parcel maps, tentative maps, final maps, local agency submittals, applications, permits, engineering reports, geological reports, technical feasibility studies, environmental analyses, notices of hearings, hearing minutes, and committee approvals, legislative approvals, permits, and fulfillments of any conditions.

Further, in the event of default, Borrower grants to Lender all of Borrower's rights to the Subject Property with regard to Subdivision/Rezoning of the Subject Property, including, but not limited to all applications, studies, staff recommendations, and approvals for a zoning change and/or zoning variance of the Subject Property to allow for more intensive development than is currently permitted under Los Angeles City Zone A1-1D.

Borrower agrees that in the event of default, Borrower will deliver to Lender all files, records, documents, drawings, specifications, equipment, software, governmental submissions and correspondence, surveys, studies, reports, permits, maps, and similar items whether maintained in hard copy, in electronic form, or on line relating to the Subject Property and the Subdivision/Rezoning, whether prepared by Borrower, Vendors, governmental agencies or others.

16.   Further Assurances. The parties hereto hereby agree to execute such other documents and to take such other action as may be reasonably necessary to further the purposes of this Agreement.

17.   Counterparts. This Agreement may be signed by each party on a separate signature page, and when the executed signature pages are combined, shall constitute one single instrument with

the same effect as if all signatories had executed the same instrument.

IN WITNESS WHEREOF, each party has executed this Agreement on the date first hereinabove written.

JINZHENG GROUP (USA) LLC,
a California limited liability company

By: _____
Jianqing Yang, Managing Member

BOBS, LLC, a Nevada limited liability company

By: _____
Rommy Shy, Managing

Member

8

# EXHIBIT 2



**This page is part of your document - DO NOT DISCARD**





# 20180916691

**Pages:**
**0008**

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**09/10/18 AT 08:00AM**

| | | |
|---|---|---|
| FEES: | | 65.00 |
| TAXES: | | 0.00 |
| OTHER: | | 0.00 |
| SB2: | | 150.00 |
| PAID: | | 215.00 |



**L E A D S H E E T**



201809100260008

**00015702495**



009331561

**SEQ:
01**

**SECURE - 8:00AM**



**THIS FORM IS NOT TO BE DUPLICATED**

E186156

36_3664564_1_

Recording Requested By

FIRST AMERICAN TITLE COMPANY LOS ANGELES

**When Recorded Mail To**
BOBS LLC
600 S. Spring St. Unit# Office
Los Angeles CA 90014

Title Order No. 5770048

Space above this line for recorder's use

# DEED OF TRUST

Loan No. ▮▮▮▮518

This Deed of Trust, made this **4th** day of **September 2018**, among the Trustor, **Jinzheng Group (USA) LLC, a California Limited Liability Company** (herein "Borrower"), **BOBS LLC** (herein "Trustee"), and the Beneficiary, **BOBS LLC, a Nevada Single Purpose Limited Liability Company as to an undivided 100.000% interest** (herein "Lender").
The beneficiaries (or assignees) of this deed of trust have agreed in writing to be governed by the desires of the holders of more than 50% of the record beneficial interest therein with respect to actions to be taken on behalf of all holders in the event of default or foreclosure or for matters that require direction or approval of the holders, including designation of the broker, servicing agent, or other person acting on their behalf, and the sale, encumbrance or lease of real property owned by the holders resulting from foreclosure or receipt of a deed in lieu of foreclosure.

## GRANT IN TRUST
BORROWER, in consideration of the indebtedness herein recited and the trust herein created, irrevocably grants, transfers, conveys and assigns to Trustee, in trust, with power of sale, the following described property located in the county of **Los Angeles**, State of California: **BEING A PORTION OF THE CITY LANDS OF LOS ANGELES, CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 2 PAGES 504 AND 505 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, DESCRIBED AS FOLLOWS:
BEGINNING AT THE SOUTHWEST CORNER OF ROSE HILL COURT, AS PER MAP RECORDED IN BOOK 8 PAGE 2 OF MAPS; THENCE SOUTH 20° 07' WEST ALONG THE EAST LINE OF ELA HILLS TRACT, AS PER MAP RECORDED IN BOOK 14 PAGE 3 OF MISCELLANEOUS RECORDS; 32 CHAINS, MORE OR LESS, TO AN ANGLE POINT IN SAID EAST LINE; SAID ANGLE POINT BEING THE SOUTHWEST CORNER OF THE LAND CONVEYED TO L. T. GARNSEY, BY DEED RECORDED IN BOOK 428 PAGE 178 OF DEEDS; THENCE SOUTH 89° 45' EAST ALONG THE SOUTH LINE OF THE LAND DESCRIBED IN THE ABOVE MENTIONED DEED TO WILLIAM HOLGATE'S GLEN TERRACE TRACT, AS PER MAP RECORDED IN BOOK 17 PAGE 91 OF SAID MISCELLANEOUS RECORDS; THENCE NORTH AND EAST ALONG THE LINE OF SAID WILLIAM HOLGATE'S GLEN TERRACE TRACT, AND THE NORTH LINE OF THE LAND CONVEYED TO MRS. ELIZA KIMBALL, BY DEED RECORDED IN BOOK 131 PAGE 233 OF DEEDS, TO THE WEST LINE OF TRACT 7972, \AS PER MAP RECORDED IN BOOK 102 PAGES 3 TO 7 INCLUSIVE OF MAPS; THENCE NORTHWEST AND NORTHEAST ALONG THE WESTERLY LINE OF SAID TRACT 7972, TO THE SOUTHEAST CORNER OF ROSE HILL COURT ABOVE MENTIONED; THENCE NORTHWEST ALONG THE SOUTH LINE OF SAID ROSEHILL COURT TO THE POINT OF BEGINNING.
EXCEPT ALL OIL, GAS, WATER AND MINERAL RIGHTS WITHOUT HOWEVER THE RIGHT TO USE THE SURFACE OF SAID LAND FOR THE EXTRACTION OF SAID OIL, GAS WATER AND MINERALS AS RESERVED BY THE CITY OF LOS ANGELES, IN DEED RECORDED SEPTEMBER 26, 1969 AS INSTRUMENT NO. 2822.**, which has the address of **2929 Amethyst Street Los Angeles CA 90032** (herein "Property Address"); APN; 5209-009-001

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, rents (subject however to the rights and authorities given herein to Lender to collect and apply such rents), royalties, mineral, oil and gas rights and profits, water, and water rights, and water stock, and all fixtures now or hereafter attached to the property, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are herein referred to as the "Property";

**THIS DEED OF TRUST IS MADE TO SECURE TO LENDER:**
(a) the repayment of the indebtedness evidenced by Borrower's note (herein "Note") dated **09/04/2018**, in the principal sum of U.S. **$7,000,000.00**, with payment of interest thereon, the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust; the performance of the covenants and agreements of Borrower herein contained; and (b) repayment of any future advances, with interest thereon, made to the Borrower by Lender pursuant to paragraph 19 hereof (herein "Future Advances"); and in addition (c) this Deed of Trust shall provide the same security on behalf of the Lender, to cover extensions, modifications or renewals, including without limitation, extensions, modifications or renewals of the Note at a different rate of interest; and the performance of the covenants and agreements of Borrower herein contained.

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the **Property, that the Property is unencumbered except for encumbrances of record, and that Borrower will warrant and defend** generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. BORROWER AND LENDER COVENANT AND AGREE AS FOLLOWS:

**1. Payments of Principal and/or Interest.** Borrower shall promptly pay, when due, the principal of and/or interest on the indebtedness evidenced by the Note, prepayment and late charges as provided in the Note, and the principal of and/or interest on any Future Advances secured by the Deed of Trust.

**2. Funds for Taxes and Insurance (Impounds).** Subject to applicable law, and if required by the Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed of Trust, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional Lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed of Trust that interest on the Funds shall be paid to Borrower, and unless such an agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed of Trust.

If the amount of Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower any Funds held by Lender. If under Paragraph 18 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, if applicable, then to interest payable on the Note, then to the principal of the Note, and then to interest and principal on any Future Advances.

**4. Prior Mortgages and Deeds of Trust; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid, at least 10 days before delinquency, all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any.

**5. Hazard Insurance.** Borrower agrees to provide, maintain and deliver to Lender fire insurance satisfactory and with loss payable to Lender. The amount collected under any fire or other insurance policy may be applied by Lender upon any indebtedness secured hereby and in such order as Lender may determine, or at option of Lender the entire amount so collected or any part thereof may be released to the Borrower. Such application or release shall not cure or waive any Default or Notice of Default hereunder or invalidate any  act done pursuant to such notice.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

In the event of a loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply their insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed of Trust.

If Borrower obtains earthquake, flood or any other hazard insurance, or any other insurance on the Property, and such insurance is not specifically required by the Lender, then such insurance shall: (i) name the Lender as loss payee thereunder, and (ii) be subject to all of the provisions of this paragraph 5.

**6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of Trust is on a leasehold. If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration of covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

**7. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which affects Lender's interest in the Property, including but not limited to proceedings by the Lender to obtain relief from stay in any bankruptcy proceeding which would prohibit Lender enforcing its rights under the Deed of Trust, then Lender, at Lender's option, may make such appearances, disburse such sums, including reasonable attorney's fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, including but not limited to payment of delinquent taxes and assessments, insurance premiums due, and delinquent amounts owed to prior lien holders, shall become additional indebtedness of Borrower secured by this Deed of Trust . Such amounts as are disbursed by Lender shall be payable, upon notice from Lender to Borrower requesting payment thereof, and shall bear interest from the date of disbursement at the rate payable on the Note. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

**8. Inspection.** Lender may make or cause to be made reasonable entries upon and inspection of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefore related to Lender's interest in the Property.

**9. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in conjunction with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

**10. Borrower Not Released.** At any time or from time to time, without liability therefore and without notice upon written request of Lender and presentation of this Deed and said Note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge thereof. Trustee may, but shall be under no obligation or duty to, appear in or defend any action or proceeding purporting to affect said property or the title thereto, or purporting to affect the security hereof or the rights or powers of Lender or Trustee.

**11. Forbearance by Lender Not a Waiver.** Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy. The procurement of insurance or the payment of taxes or other liens or charges by Lender shall not be a waiver of Lender's right to accelerate the maturity of the indebtedness secured by this Deed of Trust.

**12. Remedies Cumulative.** All remedies provided in this Deed of Trust are distinct and cumulative to any other or remedy under this Deed of Trust or afforded by law or equity, and may be exercised concurrently, independently or successively.

**13. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 18 hereof. All covenants and agreements of Borrower shall be joint and several.

**14. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower or the Property at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and

(b) any notice to Lender shall be given by certified mail to Lender, in care of Lender's Servicing Agent ("Agent"), **BOBS LLC, 600 S. Spring St. Unit# Office Los Angeles CA 90014** or to such other address as Lender or Agent may designate by notice to Borrower as provided herein. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**15. This Deed of Trust shall be governed by the Laws of the State of California.** In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not effect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of the Deed of Trust are declared to be severable.

**16. Lender's Right to Require The Loan to be Paid Off Immediately.** If the Borrower shall sell, enter into a contract of sale, lease for a term of more than 6-years (including options to renew), lease with an option to purchase for any term, or transfer all or any part of the Property or an interest therein, excluding (a) the creation of a lien or encumbrance subordinate to this Deed of Trust, (b) or a transfer by devise, descent, or by operation of law upon the death of a joint tenant, the Lender may, at its option declare the Note and any other obligations secured by this Deed of Trust, together with accrued interest thereon, immediately due and payable, in full. No waiver or the Lender's right to accelerate shall be effective unless it is in writing.

If Lender exercises such option to accelerate, Lender shall mail Borrower notice of acceleration in accordance with paragraph 14 hereof. Such notice shall provide a period of not less than 30 days from the date the notice is mailed within which Borrower may pay the sums declared due. If Borrower fails to pay such sums prior to the expiration of such period, Lender may, without further notice or demand on Borrower, invoke any remedies permitted by paragraph 17 hereof.

BORROWER AND LENDER FURTHER COVENANT AND AGREE AS FOLLOWS:

**17. Assignment of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, and without regard to the adequacy of any security for the indebtedness hereby secured, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 18 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 18 hereof or abandonment of the Property, Lender, in person, by Agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorney's fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

**18. Default.** Upon default by Borrower in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Lender may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written Notice of Default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Trustee shall be entitled to rely upon the correctness of such notice. Lender also shall deposit with Trustee this Deed, said Note and all documents evidencing expenditures secured hereby.

After the lapse of such time as then may be required by law following the recordation of said Notice of Default and Notice of Sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said Notice of Sale, either as a whole or in separate parcels and in such order as it may determine (but subject to any statutory right of Trustor to direct the order in which said property, if consisting of several lots or parcels, shall be sold), at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property to sold, but without any covenant or warranty, expressed or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of; all sums expended under the terms hereof, not then repaid, with accrued interest at the rate prescribed in the Note; all other sums then secured thereby; and the remainder, if any, to the person or persons legally entitled thereto.

**19. Future Advances.** Upon request of Borrower, Lender, at Lender's option prior to full reconveyance of the Property by Trustee to Borrower, may make Future Advances to Borrower. Such advances with interest thereon, shall be secured by this Deed of Trust when evidenced by promissory notes stating that said notes are secured hereby.

**20. Reconveyance.** Upon written request of Lender stating that all sums secured hereby have been paid, and upon surrender of this Deed and said Note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto." The Trustee may destroy said Note, this Deed or Trust (and any other documents related thereto) upon the first to occur of the following: 5

years after issuance of a full reconveyance; or, recordation of the Note and Deed of Trust in a form or medium which permits their reproduction for 5 years following issuance of a full reconveyance.

**21. Substitution of Trustee.** Lender, at Lender's option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon the Trustee herein and by applicable law.

**22. Request for Notices.** Borrower requests that copies of the notice of sale and notice of default be sent to Borrower's address which is the Property Address.

**23. Statement of Obligation.** Lender may collect a fee, not to exceed the maximum amount permitted by law, for furnishing the statement of obligations as provided by Section 2943 of the Civil Code of California.

MISCELLANEOUS PROVISIONS

**24. Construction or Home Improvement Loan.** If the loan secured by this Deed of Trust is a construction or home improvement loan, Borrower is required to perform according to the terms and conditions of each agreement contained in any building, home improvement or similar agreement between the Borrower and Lender.

**25. Acceptance by Lender of a Partial Payment After Notice of Default.** By accepting partial payment (payments which do not satisfy a default or delinquency in full) of any sums secured by this Deed of Trust after a Notice of Default has been recorded, or by accepting late performance of any obligation secured by this Deed of Trust, or by adding any payment so made to the loan secured by this Deed of Trust, whether or not such payments are made pursuant to a court order, the Lender does not waive its right either to require prompt payment when due of all other sums so secured or to declare default for failure to make any such prompt payment or to perform any such act. No exercise of any right or remedy of the Lender or Trustee under this Deed of Trust shall constitute a waiver of any other right or remedy contained in this Deed of Trust or provided by law.

IN WITNESS WHEREOF, BORROWER HAS EXECUTED THIS DEED OF TRUST

Jinzheng Group (USA) LLC, a California Limited Liability Company

_____  9-5-18      _____
Borrower   Jianqing Yang, President     Date     Borrower                    Date

| A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document. |
| --- |

State of California
County of San Bernardino

On 9-5-18 before me, Ting Hao Hu , Notary Republic ,
personally appeared Jianqing Yang ,

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

TING HAO HU
COMM. #2244329
NOTARY PUBLIC - CALIFORNIA
SAN BERNARDINO COUNTY
My Comm. Expires May 28, 2022

Signature _____

TING HAO HU
COMM. #2244329
NOTARY PUBLIC - CALIFORNIA
SAN BERNARDINO COUNTY
My Comm. Expires May 28, 2022

(Seal)

See Attachment

# ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of _San Bernardino_ )

On _9-5-18_ before me, Ting Hao Hu, Notary Public

(insert name and title of the officer)

personally appeared _Jianqing Yang_,

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

TING HAO HU
COMM. # 2244329
NOTARY PUBLIC - CALIFORNIA
SAN BERNARDINO COUNTY
My Comm. Expires May 28, 2022

Signature _____    (Seal)

## REQUEST FOR FULL RECONVEYANCE

The undersigned is the holder of the note or notes secured by this Deed of Trust. Said note or notes, together with all **other indebtedness secured by this Deed of Trust, have been paid in full. You are hereby directed to cancel said note or notes and** this Deed of Trust, which are delivered hereby, and to reconvey, without warranty, all the estate now held by you under this Deed of Trust to the person or persons legally entitled thereto.

_____    _____        _____    _____
Signature of Beneficiary (the "LENDER")        Date        Signature of Beneficiary (the "LENDER")        Date


When recorded, mail to

Att: _____

**This page is part of your document - DO NOT DISCARD**



## 20190091547





**Pages:**
**0005**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**01/30/19 AT 04:05PM**

| | |
|---|---|
| FEES: | 29.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 75.00 |
| PAID: | 104.00 |



**L E A D S H E E T**



201901300930035

00016221695



009604966

**SEQ:**
**05**

**DAR - Counter (Upfront Scan)**



**THIS FORM IS NOT TO BE DUPLICATED**

E528330

RECORDING REQUESTED BY


WHEN RECORDED MAIL TO

NAME   *Ronny Shy*

MAILING   *600 S. Spring St. #106*

CITY, STATE ZIP CODE

*Los Angeles, CA 90014*

SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE

## TITLE(S)

*Assignment of Loan Documents*

## ASSIGNMENT OF LOAN DOCUMENTS

FOR VALUE RECEIVED, the undersigned, **BOBS LLC, a Nevada Limited Liability Company** ("Assignor"), hereby absolutely and unconditionally transfers, conveys, and assigns to **Royalty Equity Lending LLC, a California Limited Liability Company** ("Assignee") all of Assignor's right, title and interest in and to (i) all those Loan Documents described in Schedule 1 hereto, (ii) the Loan, and (iii) Assignor's security interests in the collateral securing the Loan. In connection therewith, Assignor hereby grants, sells, transfers, conveys, and assigns to Assignee the Loan Documents.

This Assignment is made pursuant to the terms and conditions of that certain Loan Purchase Agreement between Assignor and Assignee which, among other things, provides for an assignment and transfer to Assignee on as 'AS IS" AND "WITH ALL FAULTS" basis and without recourse or representation or warranty of any kind, express or implied.

Assignor hereby covenants and agrees to execute and deliver to Assignee any and all further documents an instruments reasonably required by Assignee to effectuate and perfect the grant, sale, transfer, conveyance and assignment contained in this Assignment of Loan Documents.

This Assignment shall be binding upon and shall inure to the benefit of Assignor and Assignee and its successors and assigns. (All capitalized terms not defined herein shall have the meaning ascribed to them in the aforementioned Loan Purchase and Sale Agreement.)

Dated: December 22nd , 2018

*Assignor:*

BOBS LLC

By: _____

Name: _____Rommy Shy_____

Its: _____Manager_____

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

CIVIL CODE § 1189

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California )
County of _Los Angeles_ )

On _1-25-19_ before me, _Shlomo Rackliff - Notary Public_
      Date                                    Here Insert Name and Title of the Officer

personally appeared _Rommy Shy_
                        Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Shlomo Rackliff_
                Signature of Notary Public

> SHLOMO RACKLIFF
> Notary Public – California
> Los Angeles County
> Commission # 2208779
> My Comm. Expires Aug 4, 2021

Place Notary Seal Above

————————— OPTIONAL —————————
Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.

**Description of Attached Document**
Title or Type of Document: _Assignment of Loan Doc_
Document Date: _12/22/18_                                    Number of Pages: _01_
Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Individual    ☐ Attorney in Fact
☐ Trustee    ☐ Guardian or Conservator
☐ Other: _____
Signer Is Representing: _____

Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Individual    ☐ Attorney in Fact
☐ Trustee    ☐ Guardian or Conservator
☐ Other: _____
Signer Is Representing: _____

©2016 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)    Item #5907

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

CIVIL CODE § 1189

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California      )
County of _Los Angeles_   )

On _1-25-19_ before me, _Shlomo Rackliff - Notary Public_
     Date                          Here Insert Name and Title of the Officer

personally appeared _Rommy Shy_
                    Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Shlomo Rackliff_
          Signature of Notary Public

```
SHLOMO RACKLIFF
Notary Public – California
Los Angeles County
Commission # 2208779
My Comm. Expires Aug 4, 2021
```

Place Notary Seal Above

────────── OPTIONAL ──────────

*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**
Title or Type of Document: _Assignment of Loan Doc_
Document Date: _12/22/18_
Signer(s) Other Than Named Above: _____    Number of Pages: _01_

**Capacity(ies) Claimed by Signer(s)**
Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Individual        ☐ Attorney in Fact
☐ Trustee          ☐ Guardian or Conservator
☐ Other: _____
Signer Is Representing: _____

Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Individual        Attorney in Fact
☐ Trustee          ☐ Guardian or Conservator
☐ Other: _____
Signer Is Representing: _____

©2016 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)   Item #5907

**Schedule 1 to**
**Assignment of Loan Documents**

Borrower:              Jinzheng Group LLC

Lender:                BOBS LLC

Property Address:      2929 Amethyst St, Los Angeles, CA 90032

Date:                  12/22/2018

---

1. Loan Agreement  *- never recorded*
2. Promissory Note  *- never recorded*
3. Deed of Trust and Assignment of Rents  *(Deed of Trust Instrument #20180916691)*
4. Affidavit Regarding Business Loan Purpose  *- never recorded*
5. Arbitration Agreement  *- never recorded*
6. Balloon Payment Disclosures  *- never recorded*
7. Borrower's Representations and Warranties  *- never recorded*
8. Certificate of Business Purpose of Loan  *- never recorded*
9. Continuing Guaranty  *- never recorded*
10. Environmental Certificate and Indemnity Agreement  *- never recorded*
11. Lender's Instructions  *- never recorded*

**This page is part of your document - DO NOT DISCARD**

# 20201580415




**Pages:**
**0009**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**12/04/20 AT 08:00AM**

| | |
|---|---|
| FEES: | 68.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 150.00 |
| PAID: | 218.00 |



**L E A D S H E E T**



202012041060039

00019457633



011528194

**SEQ:**
**04**

**SECURE - 8:00AM**



**THIS FORM IS NOT TO BE DUPLICATED**

E611099

E08_201204_8000180

9S004-20-00408

Recording Requested By

*North American Title*

When Recorded Mail To:

Royalty Equity Lending, LLC
600 S. Spring Street #106
Los Angeles, CA 90014

Space above this line for recorder's use

# DEED OF TRUST

This Deed of Trust, made this 25th day of November 2020, among the Trustor, Jinzheng Group (USA) LLC, a California Limited Liability Company (herein "Borrower"), Royalty Equity Lending, LLC (herein "Trustee"), and the Beneficiary, Royalty Equity Lending, LLC, a California Limited Liability Company as to an undivided 100.000% Interest (herein "Lender").

The beneficiaries (or assignees) of this deed of trust have agreed in writing to be governed by the desires of the holders of more than 50% of the record beneficial interest therein with respect to actions to be taken on behalf of all holders in the event of default or foreclosure or for matters that require direction or approval of the holders, including designation of the broker, servicing agent, or other person acting on their behalf, and the sale, encumbrance or lease of real property owned by the holders resulting from foreclosure or receipt of a deed in lieu of foreclosure.

## GRANT IN TRUST

BORROWER, in consideration of the indebtedness herein recited and the trust herein created, irrevocably grants, transfers, conveys and assigns to Trustee, in trust, with power of sale, a **FIRST (1ˢᵀ) PRIORITY POSITION DEED OF TRUST** on the property located at 2526-2528 Lincoln Park Ave. Los Angeles, CA 90031 in the county of Los Angeles, State of California and which has a Legal Description fully described on the attached Exhibit A.

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, rents (subject however to the rights and authorities given herein to Lender to collect and apply such rents), royalties, mineral, oil and gas rights and profits, water, and water rights, and water stock, and all fixtures now or hereafter attached to the property, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are herein referred to as the "Property";

THIS DEED OF TRUST IS MADE TO SECURE TO LENDER:

(a)  the repayment of the indebtedness evidenced by the Note Secured by Deed of Trust dated September 4, 2018 (herein "Note") on 2929 Amethyst St. and Deed of Trust for same property which recorded on September 10, 2018 as Instrument 20180916691 at the Los Angeles County Recorder, in the principal sum of U.S. Seven Million Dollars ($7,000,000.00), with payment of interest thereon, the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust; the performance of the covenants and agreements of Borrower herein contained: and (b) repayment of any future advances, with interest thereon, made to the Borrower by Lender pursuant to paragraph 19 hereof (herein "Future Advances"); and in addition (c) this Deed of Trust shall provide the same security on behalf of the Lender, to cover extensions, modifications or renewals, including without limitation, extensions, modifications or renewals of the Note at a different rate of interest; and the performance of the covenants and agreements of Borrower herein contained. As consideration for the Loan Extension Agreement granted by Lender dated November ____ 2020, Borrower offers Property as additional collateral for the Note. In addition to cross-collateralization with 2929 Amethyst, this Property and all other obligations under the Note shall be cross-collateralized with the properties at i) 2602 Lincoln Park Ave. Los Angeles, CA  90031, ii) 2600 Sierra St.. Los Angeles, CA 90031 and  iii) 2520-2522 Lincoln Park Ave. Los Angeles, CA 90031.

Borrower covenants that Borrower is lawfully seized of the estate hereby conveyed and has the right to grant and convey the Property, that the Property is unencumbered except for encumbrances of record, and that Borrower will warrant and  defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. BORROWER AND LENDER COVENANT AND AGREE AS FOLLOWS:

**1. Payments or Principal and/or Interest.** Borrower shall promptly pay, when due, the principal of and/or interest on the indebtedness evidenced by the Note, prepayment and late charges as provided in the Note and the principal of and/or interest on  any Future Advances secured by the Deed of Trust.

**2.  Funds for Taxes and Insurance (Impounds).** Subject to applicable law, and if required by the Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed of Trust, and ground rents on the Property, if any, plus one-twelfth of yearly premium  installments for hazard

insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional Lender.

If Borrower pays Funds to Lender. the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed of Trust that interest on the Funds shall be paid to Borrower. and unless such an agreement is made or applicable law requires such interest to be paid. Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which such debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed of Trust.

If the amount of Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the: deficiency in one or more payments as Lender may require. Upon payment in full of all sums secured by this Deed of Trust. Lender shall promptly refund to Borrower any Funds held by Lender. If under Paragraph 18 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs I and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof: if applicable, then to interest payable on the Note, then to the principal of the Note, and then to interest and principal on any Future Advances.

**4. Prior Mortgages and Deeds of Trust; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid, at least 10 days before delinquency, all taxes, assessments and other charges. fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any.

**5. Hazard Insurance.** Borrower agrees to provide, maintain and deliver to Lender fire insurance satisfactory and with loss payable to Lender. The amount collected under any fire or other insurance policy may be applied by Lender upon any indebtedness secured hereby and in such order as Lender may determine. or at option of Lender the entire amount so collect, or any part thereof may be released to the Borrower. Such application or release shall not cure or waive any Default or Notice of Default hereunder or invalidate any act done pursuant to such notice.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

In the event of a loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower rails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply their insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed of Trust.

If Borrower obtains earthquake, flood or any other hazard insurance, or any other insurance on the Property and such insurance is not specifically required by the Lender, then such insurance shall: (i) name the Lender as loss payee thereunder, and (ii) be subject to all of the provisions of this paragraph *5*.

**6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of Trust is on a leasehold. If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration of covenants creating or governing the condominium

or planned unit development. the by-laws and regulations of the condominium or planned unit development, and constituent documents.

**7. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which affects Lender's interest in the Property, including but not limited to proceedings by the Lender to obtain relief from stay in any bankruptcy proceeding which would prohibit Lender enforcing its rights under she Deed of Trust, then Lender, at Lender's option, may make such appearances, disburse such sums, including reasonable attorney's fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed off rust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with the Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, including but not limited to payment of delinquent taxes and assessments, insurance premiums due, and delinquent amounts owed to prior lien holders, shall become additional indebtedness of Borrower secured by this Deed of Trust. Such amounts as are disbursed by Lender shall be payable, upon notice from Lender to Borrower requesting payment thereof. and shall I bear interest from the date of disbursement at the rate payable on the Note. Nothing contained in this paragraph 7shall require Lender to incur any expense or take any action hereunder.

**8. Inspection.** Lender may make or cause to be made reasonable entries upon and inspection of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefore related to Lender's interest in the Property.

**9. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in conjunction with any condemnation or other taking of the Property, or part thereof: or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

**10. Borrower Not Released.** At any time or from time to time, without liability therefore and without notice upon written request of Lender and presentation of this Deed and said Note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof, join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge thereof. Trustee may, but shall be under no obligation or duty to, appear in or defend any action or proceeding purporting to affect said property or the title thereto, or purporting to affect the security heretofore the rights or powers of Lender or Trustee.

**11. Forbearance by Lender Not a Waiver.** Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy. The procurement of insurance or the payment of taxes or other liens or charges by Lender shall not be a waiver of Lender's right to accelerate the maturity of the indebtedness secured by this Deed of Trust.

**12. Remedies Cumulative.** All remedies provided in this Deed of Trust are distinct and cumulative to any other remedy under this Deed of Trust or afforded by law or equity, and may be exercised concurrently, independently or successively.

**13. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 18 hereof. All covenants and agreements of Borrower shall be joint and several.

**14. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower or the Property at the Property Address oral such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender, in care of Lender's Servicing Agent ("Agent"), Royalty Equity Lending, LLC located at 600 S. Spring St. Unit Office Los Angeles CA 90014 or to such other address as Lender or Agent may designate by notice to Borrower as provided herein. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**15. This Deed of Trust shall be governed by the Laws of the State or California.** In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of the Deed of Trust are declared to be severable.

**16. Lender's Right to Require the Loan to be Paid Off Immediately.** If the Borrower shall sell, enter into a contract of sale, lease for a term of more than 6-years (including options to renew), lease with an option to purchase for any term, or transfer all or any part of the Property or an interest therein. excluding (a) the creation of a lien or encumbrance subordinate to this Deed of Trust,
(b) or a transfer by devise, descent, or by operation of law upon the death of a joint tenant, the Lender may, at its option declare the Note and any other obligations secured by this Deed of Trust, together with accrued interest

thereon, immediately due and payable, in full. No waiver or the Lender's right to accelerate shall be effective unless it is in writing.

If Lender exercises such option to accelerate, Lender shall mail Borrower notice of acceleration in accordance with paragraph 14 hereof. Such notice shall provide a period of not less than 30 days from the date the notice is mailed within which Borrower may pay the sums declared due. If Borrower fails to pay such sums prior to the expiration of such period, Lender may, without further notice or demand on Borrower, invoke any remedies permitted by paragraph 17 hereof.

**BORROWER AND LENDER FURTHER COVENANT AND AGREE AS FOLLOWS:**

17. **Assignment of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, and without regard to the adequacy of any security for the indebtedness hereby secured, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 18 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 18 hereof or abandonment of the Property, Lender, in person, by Agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorney's fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

18. **Default.** Upon default by Borrower in payment of any indebtedness secured hereby or in performance of any agreement hereunder or any other loan document relating to the indebtedness secured hereby, Lender may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written Notice of Default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Trustee shall be entitled to rely upon the correctness of such notice. Lender also shall deposit with Trustee this Deed, said Note and all documents evidencing expenditures secured hereby. After the lapse of such time as then may be required by law following the recordation of said Notice of Default and Notice of Sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said Notice of Sale, either as a whole or in separate parcels and in such order as it may determine (but subject to any statutory right of Trustor to direct the order in which said property, if consisting of several lots or parcels, shall be sold), at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property to sold, but without any covenant or warranty, expressed or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof: Any person including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale. After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of Title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof: not then repaid, with accrued interest at the rate prescribed in the Note; all other sums then secured thereby; and the remainder, if any, to the person or persons legally entitled thereto.

19. **Future Advances.** Upon request of Borrower, Lender, at Lender's option prior to full reconveyance of the Property by Trustee to Borrower, may make Future Advances to Borrower. Such advances with interest thereon shall be secured by this Deed of Trust when evidenced by promissory notes stating that said notes are secured hereby.

20. **Reconveyance.** Upon written request of Lender stating that all sums secured hereby have been paid, and upon surrender of this Deed and said Note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey. without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto." The Trustee may destroy said Note, this Deed off rust (and any other documents related thereto) upon the first to occur of the following: 5 years after issuance of a full reconveyance; or, recordation of the Note and Deed of Trust in a form or medium which permits their reproduction for 5 years following issuance of a full reconveyance.

**21. Substitution of Trustee.** Lender, al Lender's option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon the Trustee herein and by applicable law.

**22. Request for Notices.** Borrower requests that copies of the notice of sale and notice of default be sent to Borrower's address which is the Property Address.

**23. Statement of Obligation.** Lender may collect a fee, not to exceed the maximum amount permitted by law, for furnishing the statement of obligations as provided by Section 2943 of the Civil Code of California.

**MISCELLANEOUS PROVISIONS:**

**24. Construction or Home Improvement Loan.** If the loan secured by this Deed of Trust is a construction or home improvement loan, Borrower is required to perform according to the terms and conditions of each agreement contained in any building, home improvement or similar agreement between the Borrower and Lender.

**25. Acceptance by Lender or a Partial Payment After Notice of Default.** By accepting partial payment (payments which do not satisfy a default or delinquency in full) of any sums secured by this Deed of Trust after a Notice of Default has been recorded, or by accepting late performance of any obligation secured by this Deed of Trust, or by adding any payment so made to the loan secured by this Deed of Trust, whether or not such payments are may pursuant to a court order, the Lender does not waive its right either to require prompt payment when due of all other sums so secured or to declare default for failure to make any such prompt payment or to perform any such act. No exercise of any right or remedy of the Lender or Trustee under this Deed of Trust shall constitute a waiver of any other right of remedy contained in this Deed of Trust or provided by law.

Borrower: Jinzheng Group (USA) LLC, a California Limited Liability Company

By: _____     Date: _12 — 1 — 2020_
    Betty Zheng, Manager

IN WITNESS WHEREOF, BORROWER HAS EXECUTED THIS DEED OF TRUST

# ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of _Los Angeles_ )

On _12/1/2020_ before me, _Brooke D. Rodriguez, Notary Public_
(insert name and title of the officer)

personally appeared _Betty Zheng_
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.


BROOKE D. RODRIGUEZ
Notary Public - California
San Bernardino County
Commission # 2285067
My Comm. Expires May 10, 2023

Signature _____    (Seal)

BROOKE D. RODRIGUEZ
Notary Public - California
San Bernardino County
Commission # 2285067
My Comm. Expires May 10, 2023

EXHIBIT "A"

### LEGAL DESCRIPTION

Real Property in the City of Los Angeles, County of Los Angeles, State of California, described as follows:

PARCEL 1:

LOT 3, BLOCK F OF ELA HILLS TRACT, IN THE CITY OF LOS ANGELS, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 14, PAGE 3 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY STATE OF CALIFORNIA.

APN: 5209-005-003

Real Property in the City of Los Angeles, County of Los Angeles, State of California, described as follows:

PARCEL 2:

LOT 1, IN BLOCK "B" OF ELA HILLS TRACT, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 14, PAGES 3 AND 4 OR MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THEREFROM THAT PORTION DESCRIBED AS FOLLOWS:

BEGINNING AT THE NORTHWESTERLY CORNER OF LOT 1, BLOCK "B" OF ELA HILLS TRACT IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 14, PAGES 3 AND 4 OF MISCELLANEOUS RECORDS, OF LOS ANGELES COUNTY, THENCE EASTERLY ALONG THE NORTHERLY LINE OF SAID LOT 1, TO ITS INTERSECTION WITH THE PRODUCED EASTERLY LINE OF THAT PORTION OF PRICHARD STREET, EXTENDING SOUTHERLY FROM THE RIGHT ANGLE THEREIN NORTH OF ALTURA STREET; THENCE SOUTHERLY ALONG SAID PRODUCED EASTERLY LINE OF PRICHARD STREET TO THE EASTERLY LINE OF PRICHARD STREET; THENCE NORTHWESTERLY ALONG THE NORTHEASTERLY LINE OF PRICHARD STREET TO THE POINT OF BEGINNING, TO BE USED FOR PUBLIC STREET AND NO OTHER PURPOSE AS CONVEYED TO CITY OF LOS ANGELES, A MUNICIPAL CORPORATION BY DEED RECORDED SEPTEMBER 11, 1913, IN BOOK 5594, PAGE 123 OF DEEDS.

APN: 5208-025-001

Real Property in the City of Los Angeles, County of Los Angeles, State of California, described as follows:

PARCEL 3:

LOT 2 IN BLOCK "B" OF ELA HILLS TRACT, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA. AS PER MAP RECORDED IN BOOK 14, PAGE 3 OF MISCELLANEOUS RECORDS IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

APN: 5208-025-002

Real Property in the City of Los Angeles, County of Los Angeles, State of California, described as follows:

PARCEL 4:

BEING A PORTION OF THE CITY LANDS OF LOS ANGELES, CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 2 PAGES 504 AND 505 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, DESCRIBED AS FOLLOWS:

BEGINNING AT THE SOUTHWEST CORNER OF ROSE HILL COURT, AS PER MAP RECORDED IN BOOK 8 PAGE 2 OF MAPS; THENCE SOUTH 20° 07' WEST ALONG THE EAST LINE OF ELA HILLS TRACT, AS PER

MAP RECORDED IN BOOK 14 PAGE 3 OF MISCELLANEOUS RECORDS; 32 CHAINS, MORE OR LESS, TO AN ANGLE POINT IN SAID EAST LINE; SAID ANGLE POINT BEING THE SOUTHWEST CORNER OF THE LAND CONVEYED TO L.T. GARNSEY, BY DEED RECORDED IN BOOK 428 PAGE 178 OF DEEDS; THENCE SOUTH 89° 45' EAST ALONG THE SOUTH LINE OF THE LAND DESCRIBED IN THE ABOVE MENTIONED DEED TO WILLIAM HOLGATE'S GLEN TERRACE TRACT, AS PER MAP RECORDED IN BOOK 17 PAGE 91 OF SAID MISCELLANEOUS RECORDS; THENCE NORTH AND EAST ALONG THE LINE OF SAID WILLIAM HOLGATE'S GLEN TERRACE TRACT, AND THE NORTH LINE OF THE LAND CONVEYED TO MRS. ELIZA KIMBALL, BY DEED RECORDED IN BOOK 131 PAGE 233 OF DEEDS, TO THE WEST LINE OF TRACT 7972, AS PER MAP RECORDED IN BOOK 101 PAGES 3 TO 7 INCLUSIVE OF MAPS; THENCE NORTHWEST AND NORTHEAST ALONG THE WESTERLY LINE OF SAID TRACT 7972, TO THE SOUTHEAST CORNER OF ROSE HILL COURT ABOVE MENTIONED; THENCE NORTHWEST ALONG THE SOUTH LINE OF SAID ROSE HILL COURT TO THE POINT OF BEGINNING.

EXCEPT ALL OIL, GAS, WATER AND MINERAL RIGHTS WITHOUT HOWEVER THE RIGHT TO USE THE SURFACE OF SAID LAND FOR THE EXTRACTION OF SAID OIL GAS WATER AND MINERALS AS RESERVED BY THE CITY OF LOS ANGELES, IN DEED RECORDED SEPTEMBER 26,1969 AS INSTRUMENT NO. 2822.

APN: 5209-009-001

Real Property in the City of Los Angeles, County of Los Angeles, State of California, described as follows:

PARCEL: 5

LOT 7 BLOCK E OF ELA HILLS TRACT, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 14, PAGES 3 AND 4, OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THE EASTERLY 70 FEET THEREOF.

ALSO EXCEPTING THOSE PORTIONS OF SAID LAND CONVEYED TO THE CITY OF LOS ANGELES FOR STREET PURPOSES.

APN: 5208-025-014



**This page is part of your document - DO NOT DISCARD**

## 20201580412





**Pages:
0009**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**12/04/20 AT 08:00AM**

| | |
|---|---|
| FEES: | 68.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 150.00 |
| PAID: | 218.00 |



**L E A D S H E E T**



202012041060039

**00019457630**



011528194

**SEQ:
01**

**SECURE - 8:00AM**



**THIS FORM IS NOT TO BE DUPLICATED**



*E611099*

NORTH AMERICAN TITLE COMPANY

95004-20-00406

Recording Requested By

North American Title

When Recorded Mail To:

Royalty Equity Lending, LLC
600 S. Spring Street #106
Los Angeles, CA 90014

Space above this line for recorder's use

# DEED OF TRUST

This Deed of Trust, made this 25th day of November 2020, among the Trustor, Jinzheng Group (USA) LLC, a California Limited Liability Company (herein "Borrower"), Royalty Equity Lending, LLC (herein "Trustee"), and the Beneficiary, Royalty Equity Lending, LLC, a California Limited Liability Company as to an undivided 100.000% Interest (herein "Lender").

The beneficiaries (or assignees) of this deed of trust have agreed in writing to be governed by the desires of the holders of more than 50% of the record beneficial interest therein with respect to actions to be taken on behalf of all holders in the event of default or foreclosure or for matters that require direction or approval of the holders, including designation of the broker, servicing agent, or other person acting on their behalf, and the sale, encumbrance or lease of real property owned by the holders resulting from foreclosure or receipt of a deed in lieu of foreclosure.

## GRANT IN TRUST

BORROWER, in consideration of the indebtedness herein recited and the trust herein created, irrevocably grants, transfers, conveys and assigns to Trustee, in trust, with power of sale, a **FIRST (1ST) PRIORITY POSITION DEED OF TRUST** on the property located at 2600 Sierra St. Los Angeles, CA 90031 in the county of Los Angeles, State of California and which has a Legal Description fully described on the attached Exhibit A.

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, rents (subject however to the rights and authorities given herein to Lender to collect and apply such rents), royalties, mineral, oil and gas rights and profits, water, and water rights, and water stock, and all fixtures now or hereafter attached to the property, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are herein referred to as the "Property";

## THIS DEED OF TRUST IS MADE TO SECURE TO LENDER:

(a) the repayment of the indebtedness evidenced by the Note Secured by Deed of Trust dated September 4, 2018 (herein "Note") on 2929 Amethyst St. and Deed of Trust for same property which recorded on September 10, 2018 as Instrument 20180916691 at the Los Angeles County Recorder, in the principal sum of U.S. Seven Million Dollars ($7,000,000.00), with payment of interest thereon, the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust: the performance of the covenants and agreements of Borrower herein contained: and (b) repayment of any future advances, with interest thereon, made to the Borrower by Lender pursuant to paragraph 19 hereof (herein "Future Advances"); and in addition (c) this Deed of Trust shall provide the same security on behalf of the Lender, to cover extensions, modifications or renewals, including without limitation, extensions, modifications or renewals of the Note at a different rate of interest; and the performance of the covenants and agreements of Borrower herein contained. As consideration for the Loan Extension Agreement granted by Lender dated November ____ 2020, Borrower offers Property as additional collateral for the Note. In addition to cross-collateralization with 2929 Amethyst, this Property and all other obligations under the Note shall be cross-collateralized with the properties at i) 2602 Lincoln Park Ave. Los Angeles, CA  90031, ii) 2520-2522 Lincoln Park Ave. Los Angeles, CA 90031 and  iii) 2526-2528 Lincoln Park Ave. Los Angeles, CA 90031.

Borrower covenants that Borrower is lawfully seized of the estate hereby conveyed and has the right to grant and convey the Property, that the Property is unencumbered except for encumbrances of record, and that Borrower will warrant and  defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

## UNIFORM COVENANTS. BORROWER AND LENDER COVENANT AND AGREE AS FOLLOWS:

1. **Payments or Principal and/or Interest.** Borrower shall promptly pay, when due, the principal of and/or interest on the indebtedness evidenced by the Note, prepayment and late charges as provided in the Note and the principal of and/or interest on  any Future Advances secured by the Deed of Trust.

2. **Funds for Taxes and Insurance (Impounds).** Subject to applicable law, and if required by the Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed of Trust, and ground rents on the Property, if any, plus one-twelfth of yearly premium  installments for hazard

insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional Lender.

If Borrower pays Funds to Lender. the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed of Trust that interest on the Funds shall be paid to Borrower. and unless such an agreement is made or applicable law requires such interest to be paid. Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which such debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed of Trust.

If the amount of Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the: deficiency in one or more payments as Lender may require. Upon payment in full of all sums secured by this Deed of Trust. Lender shall promptly refund to Borrower any Funds held by Lender. If under Paragraph 18 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof: if applicable, then to interest payable on the Note, then to the principal of the Note, and then to interest and principal on any Future Advances.

**4. Prior Mortgages and Deeds of Trust; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid, at least 10 days before delinquency, all taxes, assessments and other charges. fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any.

**5. Hazard Insurance.** Borrower agrees to provide, maintain and deliver to Lender fire insurance satisfactory and with loss payable to Lender. The amount collected under any fire or other insurance policy may be applied by Lender upon any indebtedness secured hereby and in such order as Lender may determine. or at option of Lender the entire amount so collect, or any part thereof may be released to the Borrower. Such application or release shall not cure or waive any Default or Notice of Default hereunder or invalidate any act done pursuant to such notice.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

In the event of a loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower rails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply their insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed of Trust.

If Borrower obtains earthquake, flood or any other hazard insurance, or any other insurance on the Property and such insurance is not specifically required by the Lender, then such insurance shall: (i) name the Lender as loss payee thereunder, and (ii) be subject to all of the provisions of this paragraph 5.

**6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of Trust is on a leasehold. If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration of covenants creating or governing the condominium

or planned unit development. the by-laws and regulations of the condominium or planned unit development, and constituent documents.

**7. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which affects Lender's interest in the Property, including but not limited to proceedings by the Lender to obtain relief from stay in any bankruptcy proceeding which would prohibit Lender enforcing its rights under she Deed of Trust, then Lender, at Lender's option, may make such appearances, disburse such sums, including reasonable attorney's fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed off rust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with the Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, including but not limited to payment of delinquent taxes and assessments, insurance premiums due, and delinquent amounts owed to prior lien holders, shall become additional indebtedness of Borrower secured by this Deed of Trust. Such amounts as are disbursed by Lender shall be payable, upon notice from Lender to Borrower requesting payment thereof. and shall I bear interest from the date of disbursement at the rate payable on the Note. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

**8. Inspection.** Lender may make or cause to be made reasonable entries upon and inspection of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefore related to Lender's interest in the Property.

**9. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in conjunction with any condemnation or other taking of the Property, or part thereof: or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

**10. Borrower Not Released.** At any time or from time to time, without liability therefore and without notice upon written request of Lender and presentation of this Deed and said Note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof, join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge thereof. Trustee may, but shall be under no obligation or duty to, appear in or defend any action or proceeding purporting to affect said property or the title thereto, or purporting to affect the security heretofore the rights or powers of Lender or Trustee.

**11. Forbearance by Lender Not a Waiver.** Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy. The procurement of insurance or the payment of taxes or other liens or charges by Lender shall not be a waiver of Lender's right to accelerate the maturity of the indebtedness secured by this Deed of Trust.

**12. Remedies Cumulative.** All remedies provided in this Deed of Trust are distinct and cumulative to any other remedy under this Deed of Trust or afforded by law or equity, and may be exercised concurrently, independently or successively.

**13. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 18 hereof. All covenants and agreements of Borrower shall be joint and several.

**14. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower or the Property at the Property Address oral such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender, in care of Lender's Servicing Agent ("Agent"), Royalty Equity Lending, LLC located at 600 S. Spring St. Unit Office Los Angeles CA 90014 or to such other address as Lender or Agent may designate by notice to Borrower as provided herein. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**15. This Deed of Trust shall be governed by the Laws of the State or California.** In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of the Deed of Trust are declared to be severable.

**16. Lender's Right to Require the Loan to be Paid Off Immediately.** If the Borrower shall sell, enter into a contract of sale, lease for a term of more than 6-years ( including options to renew), lease with an option to purchase for any term, or transfer all or any part of the Property or an interest therein. excluding (a) the creation of a lien or encumbrance subordinate to this Deed of Trust,

(b) or a transfer by devise, descent, or by operation of law upon the death of a joint tenant, the Lender may, at its option declare the Note and any other obligations secured by this Deed of Trust, together with accrued interest

thereon, immediately due and payable, in full. No waiver or the Lender's right to accelerate shall be effective unless it is in writing.

If Lender exercises such option to accelerate, Lender shall mail Borrower notice of acceleration in accordance with paragraph 14 hereof. Such notice shall provide a period of not less than 30 days from the date the notice is mailed within which Borrower may pay the sums declared due. If Borrower fails to pay such sums prior to the expiration of such period, Lender may, without further notice or demand on Borrower, invoke any remedies permitted by paragraph 17 hereof.

## BORROWER AND LENDER FURTHER COVENANT AND AGREE AS FOLLOWS:

17. **Assignment of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, and without regard to the adequacy of any security for the indebtedness hereby secured, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 18 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 18 hereof or abandonment of the Property, Lender, in person, by Agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorney's fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

18. **Default.** Upon default by Borrower in payment of any indebtedness secured hereby or in performance of any agreement hereunder or any other loan document relating to the indebtedness secured hereby, Lender may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written Notice of Default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Trustee shall be entitled to rely upon the correctness of such notice. Lender also shall deposit with Trustee this Deed, said Note and all documents evidencing expenditures secured hereby. After the lapse of such time as then may be required by law following the recordation of said Notice of Default and Notice of Sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said Notice of Sale, either as a whole or in separate parcels and in such order as it may determine (but subject to any statutory right of Trustor to direct the order in which said property, if consisting of several lots or parcels, shall be sold), at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property to sold, but without any covenant or warranty, expressed or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale. After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of Title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof: not then repaid, with accrued interest at the rate prescribed in the Note; all other sums then secured thereby; and the remainder, if any, to the person or persons legally entitled thereto.

19. **Future Advances.** Upon request of Borrower, Lender, at Lender's option prior to full reconveyance of the Property by Trustee to Borrower, may make Future Advances to Borrower. Such advances with interest thereon shall be secured by this Deed of Trust when evidenced by promissory notes stating that said notes are secured hereby.

20. **Reconveyance.** Upon written request of Lender stating that all sums secured hereby have been paid, and upon surrender of this Deed and said Note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey. without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto." The Trustee may destroy said Note, this Deed off rust (and any other documents related thereto) upon the first to occur of the following: 5 years after issuance of a full reconveyance; or, recordation of the Note and Deed of Trust in a form or medium which permits their reproduction for 5 years following issuance of a full reconveyance.

**21. Substitution of Trustee.** Lender, al Lender's option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon the Trustee herein and by applicable law.

**22. Request for Notices.** Borrower requests that copies of the notice of sale and notice of default be sent to Borrower's address which is the Property Address.

**23. Statement of Obligation.** Lender may collect a fee, not to exceed the maximum amount permitted by law, for furnishing the statement of obligations as provided by Section 2943 of the Civil Code of California.

**MISCELLANEOUS PROVISIONS:**

**24. Construction or Home Improvement Loan.** If the loan secured by this Deed of Trust is a construction or home improvement loan, Borrower is required to perform according to the terms and conditions of each agreement contained in any building, home improvement or similar agreement between the Borrower and Lender.

**25. Acceptance by Lender or a Partial Payment After Notice of Default.** By accepting partial payment (payments which do not satisfy a default or delinquency in full) of any sums secured by this Deed of Trust after a Notice of Default has been recorded, or by accepting late performance of any obligation secured by this Deed of Trust, or by adding any payment so made to the loan secured by this Deed of Trust, whether or not such payments are may pursuant to a court order, the Lender does not waive its right either to require prompt payment when due of all other sums so secured or to declare default for failure to make any such prompt payment or to perform any such act. No exercise of any right or remedy of the Lender or Trustee under this Deed of Trust shall constitute a waiver of any other right of remedy contained in this Deed of Trust or provided by law.

Borrower: Jinzheng Group (USA) LLC, a California Limited Liability Company

By: _____        Date: _12- 1 - 2020_
    Betty Zheng, Manager

IN WITNESS WHEREOF, BORROWER HAS EXECUTED THIS DEED OF TRUST

# ACKNOWLEDGMENT

> A notary public or other officer completing this
> certificate verifies only the identity of the individual
> who signed the document to which this certificate is
> attached, and not the truthfulness, accuracy, or
> validity of that document.

State of California
County of _____ *Los Angeles* _____ )

On _____ *12/1/2020* _____ before me, *Brooke D. Rodriguez, Notary Public*

*Betty Zheng*
_____ (insert name and title of the officer)

personally appeared _____ ,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

BROOKE D. RODRIGUEZ
Notary Public - California
San Bernardino County
Commission # 2285067
My Comm. Expires May 10, 2023

Signature _____    **(Seal)**

## LEGAL DESCRIPTION

Real Property in the City of Los Angeles, County of Los Angeles, State of California, described as follows:

PARCEL 1:

LOT 3, BLOCK F OF ELA HILLS TRACT, IN THE CITY OF LOS ANGELS, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 14, PAGE 3 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY STATE OF CALIFORNIA.

APN: 5209-005-003

Real Property in the City of Los Angeles, County of Los Angeles, State of California, described as follows:

PARCEL 2:

LOT 1, IN BLOCK "B" OF ELA HILLS TRACT, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 14, PAGES 3 AND 4 OR MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THEREFROM THAT PORTION DESCRIBED AS FOLLOWS:

BEGINNING AT THE NORTHWESTERLY CORNER OF LOT 1, BLOCK "B" OF ELA HILLS TRACT IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 14, PAGES 3 AND 4 OF MISCELLANEOUS RECORDS, OF LOS ANGELES COUNTY, THENCE EASTERLY ALONG THE NORTHERLY LINE OF SAID LOT 1, TO ITS INTERSECTION WITH THE PRODUCED EASTERLY LINE OF THAT PORTION OF PRICHARD STREET, EXTENDING SOUTHERLY FROM THE RIGHT ANGLE THEREIN NORTH OF ALTURA STREET; THENCE SOUTHERLY ALONG SAID PRODUCED EASTERLY LINE OF PRICHARD STREET TO THE EASTERLY LINE OF PRICHARD STREET; THENCE NORTHWESTERLY ALONG THE NORTHEASTERLY LINE OF PRICHARD STREET TO THE POINT OF BEGINNING, TO BE USED FOR PUBLIC STREET AND NO OTHER PURPOSE AS CONVEYED TO CITY OF LOS ANGELES, A MUNICIPAL CORPORATION BY DEED RECORDED SEPTEMBER 11, 1913, IN BOOK 5594, PAGE 123 OF DEEDS.

APN: 5208-025-001

Real Property in the City of Los Angeles, County of Los Angeles, State of California, described as follows:

PARCEL 3:

LOT 2 IN BLOCK "B" OF ELA HILLS TRACT, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA. AS PER MAP RECORDED IN BOOK 14, PAGE 3 OF MISCELLANEOUS RECORDS IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

APN: 5208-025-002

Real Property in the City of Los Angeles, County of Los Angeles, State of California, described as follows:

PARCEL 4:

BEING A PORTION OF THE CITY LANDS OF LOS ANGELES, CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 2 PAGES 504 AND 505 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, DESCRIBED AS FOLLOWS:

BEGINNING AT THE SOUTHWEST CORNER OF ROSE HILL COURT, AS PER MAP RECORDED IN BOOK 8 PAGE 2 OF MAPS; THENCE SOUTH 20° 07' WEST ALONG THE EAST LINE OF ELA HILLS TRACT, AS PER

MAP RECORDED IN BOOK 14 PAGE 3 OF MISCELLANEOUS RECORDS; 32 CHAINS, MORE OR LESS, TO AN ANGLE POINT IN SAID EAST LINE; SAID ANGLE POINT BEING THE SOUTHWEST CORNER OF THE LAND CONVEYED TO L.T. GARNSEY, BY DEED RECORDED IN BOOK 428 PAGE 178 OF DEEDS; THENCE SOUTH 89° 45' EAST ALONG THE SOUTH LINE OF THE LAND DESCRIBED IN THE ABOVE MENTIONED DEED TO WILLIAM HOLGATE'S GLEN TERRACE TRACT, AS PER MAP RECORDED IN BOOK 17 PAGE 91 OF SAID MISCELLANEOUS RECORDS; THENCE NORTH AND EAST ALONG THE LINE OF SAID WILLIAM HOLGATE'S GLEN TERRACE TRACT, AND THE NORTH LINE OF THE LAND CONVEYED TO MRS. ELIZA KIMBALL, BY DEED RECORDED IN BOOK 131 PAGE 233 OF DEEDS, TO THE WEST LINE OF TRACT 7972, AS PER MAP RECORDED IN BOOK 101 PAGES 3 TO 7 INCLUSIVE OF MAPS; THENCE NORTHWEST AND NORTHEAST ALONG THE WESTERLY LINE OF SAID TRACT 7972, TO THE SOUTHEAST CORNER OF ROSE HILL COURT ABOVE MENTIONED; THENCE NORTHWEST ALONG THE SOUTH LINE OF SAID ROSE HILL COURT TO THE POINT OF BEGINNING.

EXCEPT ALL OIL, GAS, WATER AND MINERAL RIGHTS WITHOUT HOWEVER THE RIGHT TO USE THE SURFACE OF SAID LAND FOR THE EXTRACTION OF SAID OIL GAS WATER AND MINERALS AS RESERVED BY THE CITY OF LOS ANGELES, IN DEED RECORDED SEPTEMBER 26,1969 AS INSTRUMENT NO. 2822.

APN: 5209-009-001

Real Property in the City of Los Angeles, County of Los Angeles, State of California, described as follows:

PARCEL: 5

LOT 7 BLOCK E OF ELA HILLS TRACT, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 14, PAGES 3 AND 4, OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THE EASTERLY 70 FEET THEREOF.

ALSO EXCEPTING THOSE PORTIONS OF SAID LAND CONVEYED TO THE CITY OF LOS ANGELES FOR STREET PURPOSES.

APN: 5208-025-014

**This page is part of your document - DO NOT DISCARD**



## 20201580414



**Pages:
0009**

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**12/04/20 AT 08:00AM**

| | |
|---|---:|
| FEES: | 68.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 150.00 |
| PAID: | 218.00 |



**L E A D S H E E T**



202012041060039

00019457632



011528194

**SEQ:
03**

**SECURE - 8:00AM**



**THIS FORM IS NOT TO BE DUPLICATED**

*E611099*

E08_201204_

NORTH AMERICAN TITLE COMPANY
9504-20-00408

Recording Requested By

*North American Title*

When Recorded Mail To:

Royalty Equity Lending, LLC
600 S. Spring Street #106
Los Angeles, CA 90014

Space above this line for recorder's use

# DEED OF TRUST

This Deed of Trust, made this 25th day of November 2020, among the Trustor, Jinzheng Group (USA) LLC, a California Limited Liability Company (herein "Borrower"), Royalty Equity Lending, LLC (herein "Trustee"), and the Beneficiary, Royalty Equity Lending, LLC, a California Limited Liability Company as to an undivided 100.000% Interest (herein "Lender").

The beneficiaries (or assignees) of this deed of trust have agreed in writing to be governed by the desires of the holders of more than 50% of the record beneficial interest therein with respect to actions to be taken on behalf of all holders in the event of default or foreclosure or for matters that require direction or approval of the holders, including designation of the broker, servicing agent, or other person acting on their behalf, and the sale, encumbrance or lease of real property owned by the holders resulting from foreclosure or receipt of a deed in lieu of foreclosure.

## GRANT IN TRUST

BORROWER, in consideration of the indebtedness herein recited and the trust herein created, irrevocably grants, transfers, conveys and assigns to Trustee, in trust, with power of sale, a **FIRST (1ST) PRIORITY POSITION DEED OF TRUST** on the property located at 2602 Lincoln Park Ave. Los Angeles, CA 90031 in the county of Los Angeles, State of California and which has a Legal Description fully described on the attached Exhibit A.

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, rents (subject however to the rights and authorities given herein to Lender to collect and apply such rents), royalties, mineral, oil and gas rights and profits, water, and water rights, and water stock, and all fixtures now or hereafter attached to the property, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are herein referred to as the "Property";

## THIS DEED OF TRUST IS MADE TO SECURE TO LENDER:

(a) the repayment of the indebtedness evidenced by the Note Secured by Deed of Trust dated September 4, 2018 (herein "Note") on 2929 Amethyst St. and Deed of Trust for same property which recorded on September 10, 2018 as Instrument 20180916691 at the Los Angeles County Recorder, in the principal sum of U.S. Seven Million Dollars ($7,000,000.00), with payment of interest thereon, the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust: the performance of the covenants and agreements of Borrower herein contained: and (b) repayment of any future advances, with interest thereon, made to the Borrower by Lender pursuant to paragraph 19 hereof (herein "Future Advances"); and in addition (c) this Deed of Trust shall provide the same security on behalf of the Lender, to cover extensions, modifications or renewals, including without limitation, extensions, modifications or renewals of the Note at a different rate of interest; and the performance of the covenants and agreements of Borrower herein contained. As consideration for the Loan Extension Agreement granted by Lender dated November ____ 2020, Borrower offers Property as additional collateral for the Note. In addition to cross-collateralization with 2929 Amethyst, this Property and all other obligations under the Note shall be cross-collateralized with the properties at i) 2600 Sierra St. Los Angeles, CA 90031, ii) 2520-2522 Lincoln Park Ave. Los Angeles, CA 90031 and iii) 2526-2528 Lincoln Park Ave. Los Angeles, CA 90031.

Borrower covenants that Borrower is lawfully seized of the estate hereby conveyed and has the right to grant and convey the Property, that the Property is unencumbered except for encumbrances of record, and that Borrower will warrant and defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

## UNIFORM COVENANTS. BORROWER AND LENDER COVENANT AND AGREE AS FOLLOWS:

**1. Payments or Principal and/or Interest.** Borrower shall promptly pay, when due, the principal of and/or interest on the indebtedness evidenced by the Note, prepayment and late charges as provided in the Note and the principal of and/or interest on any Future Advances secured by the Deed of Trust.

**2. Funds for Taxes and Insurance (Impounds).** Subject to applicable law, and if required by the Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed of Trust, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard

insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional Lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed of Trust that interest on the Funds shall be paid to Borrower. and unless such an agreement is made or applicable law requires such interest to be paid. Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which such debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed of Trust.

If the amount of Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the: deficiency in one or more payments as Lender may require. Upon payment in full of all sums secured by this Deed of Trust. Lender shall promptly refund to Borrower any Funds held by Lender. If under Paragraph 18 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs I and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof: if applicable, then to interest payable on the Note, then to the principal of the Note, and then to interest and principal on any Future Advances.

**4. Prior Mortgages and Deeds of Trust; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid, at least 10 days before delinquency, all taxes, assessments and other charges. fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any.

**5. Hazard Insurance.** Borrower agrees to provide, maintain and deliver to Lender fire insurance satisfactory and with loss payable to Lender. The amount collected under any fire or other insurance policy may be applied by Lender upon any indebtedness secured hereby and in such order as Lender may determine. or at option of Lender the entire amount so collect, or any part thereof may be released to the Borrower. Such application or release shall not cure or waive any Default or Notice of Default hereunder or invalidate any act done pursuant to such notice.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

In the event of a loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower rails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply their insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed of Trust.

If Borrower obtains earthquake, flood or any other hazard insurance, or any other insurance on the Property and such insurance is not specifically required by the Lender, then such insurance shall: (i) name the Lender as loss payee thereunder, and (ii) be subject to all of the provisions of this paragraph 5.

**6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of Trust is on a leasehold. If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration of covenants creating or governing the condominium

or planned unit development. the by-laws and regulations of the condominium or planned unit development, and constituent documents.

**7. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which affects Lender's interest in the Property, including but not limited to proceedings by the Lender to obtain relief from stay in any bankruptcy proceeding which would prohibit Lender enforcing its rights under she Deed of Trust, then Lender, at Lender's option, may make such appearances, disburse such sums, including reasonable attorney's fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed off rust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with the Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, including but not limited to payment of delinquent taxes and assessments, insurance premiums due, and delinquent amounts owed to prior lien holders, shall become additional indebtedness of Borrower secured by this Deed of Trust. Such amounts as are disbursed by Lender shall be payable, upon notice from Lender to Borrower requesting payment thereof. and shall I bear interest from the date of disbursement at the rate payable on the Note. Nothing contained in this paragraph 7shall require Lender to incur any expense or take any action hereunder.

**8. Inspection.** Lender may make or cause to be made reasonable entries upon and inspection of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefore related to Lender's interest in the Property.

**9. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in conjunction with any condemnation or other taking of the Property, or part thereof: or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

**10. Borrower Not Released.** At any time or from time to time, without liability therefore and without notice upon written request of Lender and presentation of this Deed and said Note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof, join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge thereof. Trustee may, but shall be under no obligation or duty to, appear in or defend any action or proceeding purporting to affect said property or the title thereto, or purporting to affect the security heretofore the rights or powers of Lender or Trustee.

**11. Forbearance by Lender Not a Waiver.** Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy. The procurement of insurance or the payment of taxes or other liens or charges by Lender shall not be a waiver of Lender's right to accelerate the maturity of the indebtedness secured by this Deed of Trust.

**12. Remedies Cumulative.** All remedies provided in this Deed of Trust are distinct and cumulative to any other remedy under this Deed of Trust or afforded by law or equity, and may be exercised concurrently, independently or successively.

**13. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 18 hereof. All covenants and agreements of Borrower shall be joint and several.

**14. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower or the Property at the Property Address oral such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender, in care of Lender's Servicing Agent ("Agent"), Royalty Equity Lending, LLC located at 600 S. Spring St. Unit Office Los Angeles CA 90014 or to such other address as Lender or Agent may designate by notice to Borrower as provided herein. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**15. This Deed of Trust shall be governed by the Laws of the State or California.** In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of the Deed of Trust are declared to be severable.

**16. Lender's Right to Require the Loan to be Paid Off Immediately.** If the Borrower shall sell, enter into a contract of sale, lease for a term of more than 6-years (including options to renew), lease with an option to purchase for any term, or transfer all or any part of the Property or an interest therein. excluding (a) the creation of a lien or encumbrance subordinate to this Deed of Trust,
(b) or a transfer by devise, descent, or by operation of law upon the death of a joint tenant, the Lender may, at its option declare the Note and any other obligations secured by this Deed of Trust, together with accrued interest

thereon, immediately due and payable, in full. No waiver or the Lender's right to accelerate shall be effective unless it is in writing.

If Lender exercises such option to accelerate, Lender shall mail Borrower notice of acceleration in accordance with paragraph 14 hereof. Such notice shall provide a period of not less than 30 days from the date the notice is mailed within which Borrower may pay the sums declared due. If Borrower fails to pay such sums prior to the expiration of such period, Lender may, without further notice or demand on Borrower, invoke any remedies permitted by paragraph 17 hereof.

**BORROWER AND LENDER FURTHER COVENANT AND AGREE AS FOLLOWS:**

17. **Assignment of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, and without regard to the adequacy of any security for the indebtedness hereby secured, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 18 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 18 hereof or abandonment of the Property, Lender, in person, by Agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorney's fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

18. **Default.** Upon default by Borrower in payment of any indebtedness secured hereby or in performance of any agreement hereunder or any other loan document relating to the indebtedness secured hereby, Lender may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written Notice of Default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Trustee shall be entitled to rely upon the correctness of such notice. Lender also shall deposit with Trustee this Deed, said Note and all documents evidencing expenditures secured hereby. After the lapse of such time as then may be required by law following the recordation of said Notice of Default and Notice of Sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said Notice of Sale, either as a whole or in separate parcels and in such order as it may determine (but subject to any statutory right of Trustor to direct the order in which said property, if consisting of several lots or parcels, shall be sold), at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property to sold, but without any covenant or warranty, expressed or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof: Any person including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale. After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of Title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof: not then repaid, with accrued interest at the rate prescribed in the Note; all other sums then secured thereby; and the remainder, if any, to the person or persons legally entitled thereto.

19. **Future Advances.** Upon request of Borrower, Lender, at Lender's option prior to full reconveyance of the Property by Trustee to Borrower, may make Future Advances to Borrower. Such advances with interest thereon shall be secured by this Deed of Trust when evidenced by promissory notes stating that said notes are secured hereby.

20. **Reconveyance.** Upon written request of Lender stating that all sums secured hereby have been paid, and upon surrender of this Deed and said Note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey. without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto." The Trustee may destroy said Note, this Deed off rust (and any other documents related thereto) upon the first to occur of the following: 5 years after issuance of a full reconveyance; or, recordation of the Note and Deed of Trust in a form or medium which permits their reproduction for 5 years following issuance of a full reconveyance.

**21. Substitution of Trustee.** Lender, al Lender's option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon the Trustee herein and by applicable law.

**22. Request for Notices.** Borrower requests that copies of the notice of sale and notice of default be sent to Borrower's address which is the Property Address.

**23. Statement of Obligation.** Lender may collect a fee, not to exceed the maximum amount permitted by law, for furnishing the statement of obligations as provided by Section 2943 of the Civil Code of California.

**MISCELLANEOUS PROVISIONS:**

**24. Construction or Home Improvement Loan.** If the loan secured by this Deed of Trust is a construction or home improvement loan, Borrower is required to perform according to the terms and conditions of each agreement contained in any building, home improvement or similar agreement between the Borrower and Lender.

**25. Acceptance by Lender or a Partial Payment After Notice of Default.** By accepting partial payment (payments which do not satisfy a default or delinquency in full) of any sums secured by this Deed of Trust after a Notice of Default has been recorded, or by accepting late performance of any obligation secured by this Deed of Trust, or by adding any payment so made to the loan secured by this Deed of Trust, whether or not such payments are may pursuant to a court order, the Lender does not waive its right either to require prompt payment when due of all other sums so secured or to declare default for failure to make any such prompt payment or to perform any such act. No exercise of any right or remedy of the Lender or Trustee under this Deed of Trust shall constitute a waiver of any other right of remedy contained in this Deed of Trust or provided by law.

Borrower: Jinzheng Group (USA) LLC, a California Limited Liability Company

By: _____          Date: _12 - 1 - 2020_
     Betty Zheng, Manager

IN WITNESS WHEREOF, BORROWER HAS EXECUTED THIS DEED OF TRUST

# ACKNOWLEDGMENT

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of _____ Los Angeles _____ )

On __12/1/2020__ before me, _Brooke D. Rodriguez, Notary Public_
(insert name and title of the officer)

personally appeared __Betty Zheng_____
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

BROOKE D. RODRIGUEZ
Notary Public - California
San Bernardino County
Commission # 2285067
My Comm. Expires May 10, 2023

Signature _____    (Seal)

## LEGAL DESCRIPTION

Real Property in the City of Los Angeles, County of Los Angeles, State of California, described as follows:

PARCEL 1:

LOT 3, BLOCK F OF ELA HILLS TRACT, IN THE CITY OF LOS ANGELS, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 14, PAGE 3 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY STATE OF CALIFORNIA.

APN: 5209-005-003

Real Property in the City of Los Angeles, County of Los Angeles, State of California, described as follows:

PARCEL 2:

LOT 1, IN BLOCK "B" OF ELA HILLS TRACT, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 14, PAGES 3 AND 4 OR MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THEREFROM THAT PORTION DESCRIBED AS FOLLOWS:

BEGINNING AT THE NORTHWESTERLY CORNER OF LOT 1, BLOCK "B" OF ELA HILLS TRACT IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 14, PAGES 3 AND 4 OF MISCELLANEOUS RECORDS, OF LOS ANGELES COUNTY, THENCE EASTERLY ALONG THE NORTHERLY LINE OF SAID LOT 1, TO ITS INTERSECTION WITH THE PRODUCED EASTERLY LINE OF THAT PORTION OF PRICHARD STREET, EXTENDING SOUTHERLY FROM THE RIGHT ANGLE THEREIN NORTH OF ALTURA STREET; THENCE SOUTHERLY ALONG SAID PRODUCED EASTERLY LINE OF PRICHARD STREET TO THE EASTERLY LINE OF PRICHARD STREET; THENCE NORTHWESTERLY ALONG THE NORTHEASTERLY LINE OF PRICHARD STREET TO THE POINT OF BEGINNING, TO BE USED FOR PUBLIC STREET AND NO OTHER PURPOSE AS CONVEYED TO CITY OF LOS ANGELES, A MUNICIPAL CORPORATION BY DEED RECORDED SEPTEMBER 11, 1913, IN BOOK 5594, PAGE 123 OF DEEDS.

APN: 5208-025-001

Real Property in the City of Los Angeles, County of Los Angeles, State of California, described as follows:

PARCEL 3:

LOT 2 IN BLOCK "B" OF ELA HILLS TRACT, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA. AS PER MAP RECORDED IN BOOK 14, PAGE 3 OF MISCELLANEOUS RECORDS IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

APN: 5208-025-002

Real Property in the City of Los Angeles, County of Los Angeles, State of California, described as follows:

PARCEL 4:

BEING A PORTION OF THE CITY LANDS OF LOS ANGELES, CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 2 PAGES 504 AND 505 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, DESCRIBED AS FOLLOWS:

BEGINNING AT THE SOUTHWEST CORNER OF ROSE HILL COURT, AS PER MAP RECORDED IN BOOK 8 PAGE 2 OF MAPS; THENCE SOUTH 20° 07' WEST ALONG THE EAST LINE OF ELA HILLS TRACT, AS PER

MAP RECORDED IN BOOK 14 PAGE 3 OF MISCELLANEOUS RECORDS; 32 CHAINS, MORE OR LESS, TO AN ANGLE POINT IN SAID EAST LINE; SAID ANGLE POINT BEING THE SOUTHWEST CORNER OF THE LAND CONVEYED TO L.T. GARNSEY, BY DEED RECORDED IN BOOK 428 PAGE 178 OF DEEDS; THENCE SOUTH 89° 45' EAST ALONG THE SOUTH LINE OF THE LAND DESCRIBED IN THE ABOVE MENTIONED DEED TO WILLIAM HOLGATE'S GLEN TERRACE TRACT, AS PER MAP RECORDED IN BOOK 17 PAGE 91 OF SAID MISCELLANEOUS RECORDS; THENCE NORTH AND EAST ALONG THE LINE OF SAID WILLIAM HOLGATE'S GLEN TERRACE TRACT, AND THE NORTH LINE OF THE LAND CONVEYED TO MRS. ELIZA KIMBALL, BY DEED RECORDED IN BOOK 131 PAGE 233 OF DEEDS, TO THE WEST LINE OF TRACT 7972, AS PER MAP RECORDED IN BOOK 101 PAGES 3 TO 7 INCLUSIVE OF MAPS; THENCE NORTHWEST AND NORTHEAST ALONG THE WESTERLY LINE OF SAID TRACT 7972, TO THE SOUTHEAST CORNER OF ROSE HILL COURT ABOVE MENTIONED; THENCE NORTHWEST ALONG THE SOUTH LINE OF SAID ROSE HILL COURT TO THE POINT OF BEGINNING.

EXCEPT ALL OIL, GAS, WATER AND MINERAL RIGHTS WITHOUT HOWEVER THE RIGHT TO USE THE SURFACE OF SAID LAND FOR THE EXTRACTION OF SAID OIL GAS WATER AND MINERALS AS RESERVED BY THE CITY OF LOS ANGELES, IN DEED RECORDED SEPTEMBER 26,1969 AS INSTRUMENT NO. 2822.

APN: 5209-009-001

Real Property in the City of Los Angeles, County of Los Angeles, State of California, described as follows:

PARCEL: 5

LOT 7 BLOCK E OF ELA HILLS TRACT, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 14, PAGES 3 AND 4, OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THE EASTERLY 70 FEET THEREOF.

ALSO EXCEPTING THOSE PORTIONS OF SAID LAND CONVEYED TO THE CITY OF LOS ANGELES FOR STREET PURPOSES.

APN: 5208-025-014

**This page is part of your document - DO NOT DISCARD**



## 20201580413



**Pages:**
**0009**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**12/04/20 AT 08:00AM**

| | |
|---|---|
| FEES: | 68.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 150.00 |
| PAID: | 218.00 |



**L E A D S H E E T**



202012041060039

**00019457631**



011528194

**SEQ:**
**02**

**SECURE - 8:00AM**



**THIS FORM IS NOT TO BE DUPLICATED**

E08_201204_8000180

E611099

NORTH AMERICAN TITLE COMPANY

9S004-20-00408

Recording Requested By

*North American Title*

When Recorded Mail To:

Royalty Equity Lending, LLC
600 S. Spring Street #106
Los Angeles, CA 90014

_____

Space above this line for recorder's use

# DEED OF TRUST

This Deed of Trust, made this 25th day of November 2020, among the Trustor, Jinzheng Group (USA) LLC, a California Limited Liability Company (herein "Borrower"), Royalty Equity Lending, LLC (herein "Trustee"), and the Beneficiary, Royalty Equity Lending, LLC, a California Limited Liability Company as to an undivided 100.000% Interest (herein "Lender").

The beneficiaries (or assignees) of this deed of trust have agreed in writing to be governed by the desires of the holders of more than 50% of the record beneficial interest therein with respect to actions to be taken on behalf of all holders in the event of default or foreclosure or for matters that require direction or approval of the holders, including designation of the broker, servicing agent, or other person acting on their behalf, and the sale, encumbrance or lease of real property owned by the holders resulting from foreclosure or receipt of a deed in lieu of foreclosure.

## GRANT IN TRUST

BORROWER, in consideration of the indebtedness herein recited and the trust herein created, irrevocably grants, transfers, conveys and assigns to Trustee, in trust, with power of sale, a **FIRST (1ST) PRIORITY POSITION DEED OF TRUST** on the property located at 2520-2522 Lincoln Park Ave. Los Angeles, CA 90031 in the county of Los Angeles, State of California and which has a Legal Description fully described on the attached Exhibit A.

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, rents (subject however to the rights and authorities given herein to Lender to collect and apply such rents), royalties, mineral, oil and gas rights and profits, water, and water rights, and water stock, and all fixtures now or hereafter attached to the property, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are herein referred to as the "Property";

## THIS DEED OF TRUST IS MADE TO SECURE TO LENDER:

(a) the repayment of the indebtedness evidenced by the Note Secured by Deed of Trust dated September 4, 2018 (herein "Note") on 2929 Amethyst St. and Deed of Trust for same property which recorded on September 10, 2018 as Instrument 20180916691 at the Los Angeles County Recorder, in the principal sum of U.S. Seven Million Dollars ($7,000,000.00), with payment of interest thereon, the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust: the performance of the covenants and agreements of Borrower herein contained: and (b) repayment of any future advances, with interest thereon, made to the Borrower by Lender pursuant to paragraph 19 hereof (herein "Future Advances"); and in addition (c) this Deed of Trust shall provide the same security on behalf of the Lender, to cover extensions, modifications or renewals, including without limitation, extensions, modifications or renewals of the Note at a different rate of interest; and the performance of the covenants and agreements of Borrower herein contained. As consideration for the Loan Extension Agreement granted by Lender dated November ____ 2020, Borrower offers Property as additional collateral for the Note. In addition to cross-collateralization with 2929 Amethyst, this Property and all other obligations under the Note shall be cross-collateralized with the properties at i) 2602 Lincoln Park Ave. Los Angeles, CA 90031, ii) 2600 Sierra St., Los Angeles, CA 90031 and iii) 2526-2528 Lincoln Park Ave. Los Angeles, CA 90031.

Borrower covenants that Borrower is lawfully seized of the estate hereby conveyed and has the right to grant and convey the Property, that the Property is unencumbered except for encumbrances of record, and that Borrower will warrant and defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

## UNIFORM COVENANTS. BORROWER AND LENDER COVENANT AND AGREE AS FOLLOWS:

1. **Payments or Principal and/or Interest.** Borrower shall promptly pay, when due, the principal of and/or interest on the indebtedness evidenced by the Note, prepayment and late charges as provided in the Note and the principal of and/or interest on any Future Advances secured by the Deed of Trust.

2. **Funds for Taxes and Insurance (Impounds).** Subject to applicable law, and if required by the Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed of Trust, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard

insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional Lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed of Trust that interest on the Funds shall be paid to Borrower. and unless such an agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which such debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed of Trust.

If the amount of Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the: deficiency in one or more payments as Lender may require. Upon payment in full of all sums secured by this Deed of Trust. Lender shall promptly refund to Borrower any Funds held by Lender. If under Paragraph 18 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs I and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof: if applicable, then to interest payable on the Note, then to the principal of the Note, and then to interest and principal on any Future Advances.

**4. Prior Mortgages and Deeds of Trust; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid, at least 10 days before delinquency, all taxes, assessments and other charges. fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any.

**5. Hazard Insurance.** Borrower agrees to provide, maintain and deliver to Lender fire insurance satisfactory and with loss payable to Lender. The amount collected under any fire or other insurance policy may be applied by Lender upon any indebtedness secured hereby and in such order as Lender may determine. or at option of Lender the entire amount so collect, or any part thereof may be released to the Borrower. Such application or release shall not cure or waive any Default or Notice of Default hereunder or invalidate any act done pursuant to such notice.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

In the event of a loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower rails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply their insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed of Trust.

If Borrower obtains earthquake, flood or any other hazard insurance, or any other insurance on the Property and such insurance is not specifically required by the Lender, then such insurance shall: (i) name the Lender as loss payee thereunder, and (ii) be subject to all of the provisions of this paragraph 5.

**6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of Trust is on a leasehold. If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration of covenants creating or governing the condominium

or planned unit development. the by-laws and regulations of the condominium or planned unit development, and constituent documents.

**7. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which affects Lender's interest in the Property, including but not limited to proceedings by the Lender to obtain relief from stay in any bankruptcy proceeding which would prohibit Lender enforcing its rights under she Deed of Trust, then Lender, at Lender's option, may make such appearances, disburse such sums, including reasonable attorney's fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed off rust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with the Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, including but not limited to payment of delinquent taxes and assessments, insurance premiums due, and delinquent amounts owed to prior lien holders, shall become additional indebtedness of Borrower secured by this Deed of Trust. Such amounts as are disbursed by Lender shall be payable, upon notice from Lender to Borrower requesting payment thereof. and shall I bear interest from the date of disbursement at the rate payable on the Note. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

**8. Inspection.** Lender may make or cause to be made reasonable entries upon and inspection of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefore related to Lender's interest in the Property.

**9. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in conjunction with any condemnation or other taking of the Property, or part thereof: or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

**10. Borrower Not Released.** At any time or from time to time, without liability therefore and without notice upon written request of Lender and presentation of this Deed and said Note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof, join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge thereof. Trustee may, but shall be under no obligation or duty to, appear in or defend any action or proceeding purporting to affect said property or the title thereto, or purporting to affect the security heretofore the rights or powers of Lender or Trustee.

**11. Forbearance by Lender Not a Waiver.** Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy. The procurement of insurance or the payment of taxes or other liens or charges by Lender shall not be a waiver of Lender's right to accelerate the maturity of the indebtedness secured by this Deed of Trust.

**12. Remedies Cumulative.** All remedies provided in this Deed of Trust are distinct and cumulative to any other remedy under this Deed of Trust or afforded by law or equity, and may be exercised concurrently, independently or successively.

**13. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 18 hereof. All covenants and agreements of Borrower shall be joint and several.

**14. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower or the Property at the Property Address oral such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender, in care of Lender's Servicing Agent ("Agent"), Royalty Equity Lending, LLC located at 600 S. Spring St. Unit Office Los Angeles CA 90014 or to such other address as Lender or Agent may designate by notice to Borrower as provided herein. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**15. This Deed of Trust shall be governed by the Laws of the State or California.** In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of the Deed of Trust are declared to be severable.

**16. Lender's Right to Require the Loan to be Paid Off Immediately.** If the Borrower shall sell, enter into a contract of sale, lease for a term of more than 6-years ( including options to renew), lease with an option to purchase for any term, or transfer all or any part of the Property or an interest therein. excluding (a) the creation of a lien or encumbrance subordinate to this Deed of Trust,
(b) or a transfer by devise, descent, or by operation of law upon the death of a joint tenant, the Lender may, at its option declare the Note and any other obligations secured by this Deed of Trust, together with accrued interest

thereon, immediately due and payable, in full. No waiver or the Lender's right to accelerate shall be effective unless it is in writing.

If Lender exercises such option to accelerate, Lender shall mail Borrower notice of acceleration in accordance with paragraph 14 hereof. Such notice shall provide a period of not less than 30 days from the date the notice is mailed within which Borrower may pay the sums declared due. If Borrower fails to pay such sums prior to the expiration of such period, Lender may, without further notice or demand on Borrower, invoke any remedies permitted by paragraph 17 hereof.

**BORROWER AND LENDER FURTHER COVENANT AND AGREE AS FOLLOWS:**

17. **Assignment of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, and without regard to the adequacy of any security for the indebtedness hereby secured, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 18 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 18 hereof or abandonment of the Property, Lender, in person, by Agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorney's fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

18. **Default.** Upon default by Borrower in payment of any indebtedness secured hereby or in performance of any agreement hereunder or any other loan document relating to the indebtedness secured hereby, Lender may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written Notice of Default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Trustee shall be entitled to rely upon the correctness of such notice. Lender also shall deposit with Trustee this Deed, said Note and all documents evidencing expenditures secured hereby. After the lapse of such time as then may be required by law following the recordation of said Notice of Default and Notice of Sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said Notice of Sale, either as a whole or in separate parcels and in such order as it may determine (but subject to any statutory right of Trustor to direct the order in which said property, if consisting of several lots or parcels, shall be sold), at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property to sold, but without any covenant or warranty, expressed or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale. After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of Title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof; not then repaid, with accrued interest at the rate prescribed in the Note; all other sums then secured thereby; and the remainder, if any, to the person or persons legally entitled thereto.

19. **Future Advances.** Upon request of Borrower, Lender, at Lender's option prior to full reconveyance of the Property by Trustee to Borrower, may make Future Advances to Borrower. Such advances with interest thereon shall be secured by this Deed of Trust when evidenced by promissory notes stating that said notes are secured hereby.

20. **Reconveyance.** Upon written request of Lender stating that all sums secured hereby have been paid, and upon surrender of this Deed and said Note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey. without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto." The Trustee may destroy said Note, this Deed off rust (and any other documents related thereto) upon the first to occur of the following: 5 years after issuance of a full reconveyance; or, recordation of the Note and Deed of Trust in a form or medium which permits their reproduction for 5 years following issuance of a full reconveyance.

**21. Substitution of Trustee.** Lender, al Lender's option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon the Trustee herein and by applicable law.

**22. Request for Notices.** Borrower requests that copies of the notice of sale and notice of default be sent to Borrower's address which is the Property Address.

**23. Statement of Obligation.** Lender may collect a fee, not to exceed the maximum amount permitted by law, for furnishing the statement of obligations as provided by Section 2943 of the Civil Code of California.

**MISCELLANEOUS PROVISIONS:**

**24. Construction or Home Improvement Loan.** If the loan secured by this Deed of Trust is a construction or home improvement loan, Borrower is required to perform according to the terms and conditions of each agreement contained in any building, home improvement or similar agreement between the Borrower and Lender.

**25. Acceptance by Lender or a Partial Payment After Notice of Default.** By accepting partial payment (payments which do not satisfy a default or delinquency in full) of any sums secured by this Deed of Trust after a Notice of Default has been recorded, or by accepting late performance of any obligation secured by this Deed of Trust, or by adding any payment so made to the loan secured by this Deed of Trust, whether or not such payments are may pursuant to a court order, the Lender does not waive its right either to require prompt payment when due of all other sums so secured or to declare default for failure to make any such prompt payment or to perform any such act. No exercise of any right or remedy of the Lender or Trustee under this Deed of Trust shall constitute a waiver of any other right of remedy contained in this Deed of Trust or provided by law.

Borrower: Jinzheng Group (USA) LLC, a California Limited Liability Company

By: _____    Date: _12-1-2020_
    Betty Zheng, Manager

IN WITNESS WHEREOF, BORROWER HAS EXECUTED THIS DEED OF TRUST

# EXHIBIT 3

RECORDING REQUESTED BY


WHEN RECORDED MAIL TO

NAME    *Ronny Shy*

MAILING    *600 S. Spring St. #106*

CITY, STATE ZIP CODE

*Los Angeles, CA 90014*

SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE

TITLE(S)

*Assignment of Loan Documents*

## ASSIGNMENT OF LOAN DOCUMENTS

FOR VALUE RECEIVED, the undersigned, **BOBS LLC, a Nevada Limited Liability Company** ("Assignor"), hereby absolutely and unconditionally transfers, conveys, and assigns to **Royalty Equity Lending LLC, a California Limited Liability Company** ("Assignee") all of Assignor's right, title and interest in and to (i) all those Loan Documents described in Schedule 1 hereto, (ii) the Loan, and (iii) Assignor's security interests in the collateral securing the Loan. In connection therewith, Assignor hereby grants, sells, transfers, conveys, and assigns to Assignee the Loan Documents.

This Assignment is made pursuant to the terms and conditions of that certain Loan Purchase Agreement between Assignor and Assignee which, among other things, provides for an assignment and transfer to Assignee on as 'AS IS" AND "WITH ALL FAULTS" basis and without recourse or representation or warranty of any kind, express or implied.

Assignor hereby covenants and agrees to execute and deliver to Assignee any and all further documents an instruments reasonably required by Assignee to effectuate and perfect the grant, sale, transfer, conveyance and assignment contained in this Assignment of Loan Documents.

This Assignment shall be binding upon and shall inure to the benefit of Assignor and Assignee and its successors and assigns. (All capitalized terms not defined herein shall have the meaning ascribed to them in the aforementioned Loan Purchase and Sale Agreement.)

Dated: December 22nd , 2018

*Assignor:*

BOBS LLC

By: _____

Name: _____

Its: _____

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

CIVIL CODE § 1189

---

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California )

County of _Los Angeles_ )

On _1-25-19_ before me, _Shlomo Rackliff - Notary Public_
    Date                     Here Insert Name and Title of the Officer

personally appeared _Rommy Shy_
                                Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

SHLOMO RACKLIFF
Notary Public – California
Los Angeles County
Commission # 2208779
My Comm. Expires Aug 4, 2021

Signature _Shlomo Rackliff_
                  Signature of Notary Public

Place Notary Seal Above

——————————— OPTIONAL ———————————

*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**
Title or Type of Document: _Assignment of Loan Doc_
Document Date: _12/22/18_                      Number of Pages: _01_
Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Individual ☐ Attorney in Fact
☐ Trustee ☐ Guardian or Conservator
☐ Other: _____
Signer Is Representing: _____

Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Individual ☐ Attorney in Fact
☐ Trustee ☐ Guardian or Conservator
☐ Other: _____
Signer Is Representing: _____

---

©2016 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)    Item #5907

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

CIVIL CODE § 1189

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California )
County of _Los Angeles_ )

On _1-25-19_ before me, _Shlomo Rackliff - Notary Public_
　　　Date　　　　　　　　　　　　　　Here Insert Name and Title of the Officer
personally appeared _Rommy Shy_
　　　　　　　　　　　　　　Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

SHLOMO RACKLIFF
Notary Public – California
Los Angeles County
Commission # 2208779
My Comm. Expires Aug 4, 2021

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Shlomo Rackliff_
　　　　　Signature of Notary Public

Place Notary Seal Above

──────────── OPTIONAL ────────────
Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.

**Description of Attached Document**
Title or Type of Document: _Assignment of Loan Doc_
Document Date: _12/23/18_
Signer(s) Other Than Named Above: _____  Number of Pages: _01_

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Individual ☐ Attorney in Fact
☐ Trustee ☐ Guardian or Conservator
☐ Other: _____
Signer Is Representing: _____

Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Individual ☐ Attorney in Fact
☐ Trustee ☐ Guardian or Conservator
☐ Other: _____
Signer Is Representing: _____

©2016 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)    Item #5907

**Schedule 1 to
Assignment of Loan Documents**

Borrower:              Jinzheng Group LLC

Lender:                BOBS LLC

Property Address:      2929 Amethyst St, Los Angeles, CA 90032

Date:                  12/22/2018

_____

1.   Loan Agreement   - never recorded
2.   Promissory Note   - never recorded
3.   Deed of Trust and Assignment of Rents   (Deed of Trust Instrument #20180916691)
4.   Affidavit Regarding Business Loan Purpose   - never recorded
5.   Arbitration Agreement   - never recorded
6.   Balloon Payment Disclosures   - never recorded
7.   Borrower's Representations and Warranties   - never recorded
8.   Certificate of Business Purpose of Loan   - never recorded
9.   Continuing Guaranty   - never recorded
10.  Environmental Certificate and Indemnity Agreement   - never recorded
11.  Lender's Instructions   - never recorded

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

17609 Ventura Blvd., Suite 314, Encino, CA 91316.

A true and correct copy of the foregoing document entitled (*specify*): NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C.§ 362 will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 10/10/2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 10/10/2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/10/2022 | Max Bonilla | /s/ Max Bonilla |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                        **F 9013-3.1.PROOF.SERVICE**

1. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF) [CONTINUED]**</u>:

- Donna C Bullock    donnabullockcarrera@yahoo.com, donna.bullock@ymail.com
- Steven P Chang    heidi@spclawoffice.com, schang@spclawoffice.com,assistant1@spclawoffice.com,attorney@spclawoffice.com;g9806@notify.cincompass.com;changsr75251@notify.bestcase.com
- <u>Counsel for The Phalanx Group:</u> Michael F Chekian    mike@cheklaw.com, chekianmr84018@notify.bestcase.com
- Susan Titus Collins    scollins@counsel.lacounty.gov
- <u>Counsel for Official Committee of Unsecured Creditors:</u> Jeffrey W Dulberg    jdulberg@pszjlaw.com; Teddy M Kapur    tkapur@pszjlaw.com, mdj@pszjlaw.com
- <u>Counsel for Los Angeles County Treasurer and Tax Collector:</u> Oscar Estrada    oestrada@ttc.lacounty.gov
- Richard Girgado    rgirgado@counsel.lacounty.gov
- Peter A Kim    peter@pkimlaw.com, peterandrewkim@yahoo.com
- Christopher J Langley    chris@slclawoffice.com, omar@slclawoffice.com;langleycr75251@notify.bestcase.com
- <u>Counsel for Michael and Shari Dorff:</u> Benjamin R Levinson    ben@benlevinsonlaw.com, courtney@benlevinsonlaw.com
- <u>Counsel for Corona Capital Group</u>: Eric A Mitnick    MitnickLaw@aol.com, mitnicklaw@gmail.com
- Giovanni Orantes    go@gobklaw.com, gorantes@orantes-law.com,cmh@gobklaw.com,gobklaw@gmail.com,go@ecf.inforuptcy.com;orantesgr89122@notify.bestcase.com
- Donald W Reid    don@donreidlaw.com, ecf@donreidlaw.com
- <u>Counsel for Royalty Equity Lending:</u> Matthew D. Resnik    matt@rhmfirm.com, roksana@rhmfirm.com;rosario@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com
- Peter J Ryan    ryan@floresryan.com, pryancfi@gmail.com
- <u>Counsel for Investment Management Company, LLC:</u> Allan D Sarver    ADS@asarverlaw.com
- David Samuel Shevitz    david@shevitzlawfirm.com, shevitzlawfirm@ecf.courtdrive.com;r48785@notify.bestcase.com;Jose@shevitzlawfirm.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- <u>Counsel for United States Trustee (LA):</u> Hatty K Yip    hatty.yip@usdoj.gov, hatty.k.yip@usdoj.gov
- <u>Counsel for Royal Business Bank</u>: Nicholas S Couchot    ncouchot@buchalter.com
- <u>Counsel for Sound Equity Inc.:</u>  Paul J Leeds Pleeds@fsl.law
- <u>Counsel for Jinzheng Group (USA) LLC:</u> Danielle R Gabai dgabai@danninggill.com; Alphamorlai Lamine Kebeh akebeh@danninggill.com; Zev Shechtman zshechtman@DanningGill.com

2. <u>**SERVED BY UNITED STATES MAIL [CONTNIUED]**</u>:

JINZHENG GROUP LLC
1414 S Azusa Ave, Suite B-22
West Covina, CA 91791


Judge's Copy
Hon. Judge Ernest Robles
255 E. Temple Street, Suite 1560 / Courtroom 1568
Los Angeles, CA 90012