ZEV SHECHTMAN (State Bar No. 266280)
zs@DanningGill.com
JOHN N. TEDFORD, IV (State Bar No. 205537)
jtedford@DanningGill.com
ALPHAMORLAI L. KEBEH (State Bar No. 336798)
akebeh@DanningGill.com
DANNING, GILL, ISRAEL & KRASNOFF, LLP
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067-6006
Telephone: (310) 277-0077
Facsimile: (310) 277-5735

General Bankruptcy Counsel for Jinzheng Group
(USA) LLC, Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>JINZHENG GROUP (USA) LLC,<br><br>　　　　Debtor. | Case No. 2:21-bk-16674-ER<br><br>Chapter 11<br><br>**DEBTOR'S OMNIBUS REPLY TO OPPOSITION OF INVESTMENT MANAGEMENT COMPANY, LLC AND OPPOSITION OF MICHAEL E. DORFF AND SHARI L. DORFF TO DEBTOR'S MOTION TO AUTHORIZE SALE OF REAL PROPERTY LOCATED AT 6840 DE CELIS PLACE, APT. 9, VAN NUYS, CALIFORNIA, FREE AND CLEAR OF LIENS [DOC. NOS. 393 AND 394]**<br><br>Date:　　October 24, 2022<br>Time:　　11:00 a.m.<br>Crtrm.:　 Courtroom 1568<br>　　　　　255 E. Temple Street<br>　　　　　Los Angeles, California 90012 |

**TO THE HONORABLE ERNEST M. ROBLES, UNITED STATES BANKRUPTCY JUDGE, AND INTERESTED PARTIES:**

Before the Court is the *Debtor's Motion to Authorize Sale of Real Property Located at 6840 De Celis Place, Apt. 9, Van Nuys, California 91406, Free and Clear of Liens* (docket no. 388) (the "Van Nuys Sale Motion"). Investment Management Company, LLC ("IMC") and

Michael E. Dorff and Shari L. Dorff (collectively, the "Dorffs"), have filed separate oppositions (the "Oppositions") (doc. nos. 393 and 394 respectively) to the Van Nuys Sale Motion.

      Jinzheng Group (USA) LLC respectfully requests that the Court overrule the Oppositions on the grounds set forth herein and approve the Van Nuys Sale Motion in its entirety.

DATED: October 17, 2022          DANNING, GILL, ISRAEL & KRASNOFF, LLP

By:     */s/ Alphamorlai L. Kebeh*
ALPHAMORLAI L. KEBEH
General Bankruptcy Counsel for Jinzheng Group (USA) LLC, Debtor and Debtor in Possession

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

At this hearing, Jinzheng Group (USA) LLC (the "Debtor") intends to satisfy its duty under the Bankruptcy Code: generate value in the estate for the benefit of its creditors and set aside part of the net proceeds in order to investigate objectionable portions of claims. The power to take such action is neither novel nor controversial. Yet still, in their Oppositions to the Van Nuys Sale Motion, IMC and the Dorffs (collectively, the "Lienholders") vigorously contest the merits of the Debtor's anticipated challenge to the default interest and attorneys' fees charged as part of their claims against the estate (the "Disputed Portions").

The only relevant standard with respect to whether the value of the Disputed Portions should be set aside from the net proceeds of the contemplated sale is that set forth in section 363(f)(4) of the Bankruptcy Code. According to section 363(f)(4), the Oppositions should be overruled in their entirety because the Debtor has shown that there is a bona fide dispute over the validity of the Disputed Portions. As demonstrated in this reply, the factual circumstances of this bankruptcy case present an argument that the high default interest rates asserted by the Lienholders' (the "Default Interest") and their claims for attorneys' fees (the "Attorneys' Fees") are subject to challenge under the Bankruptcy Code and applicable case law.

## II.

## DISCUSSION

A. **The Debtor Is Entitled To Sell The Van Nuys Property Free And Clear Of The Disputed Portions Of The Property Liens**

Section 363(f) of the Bankruptcy Code states "the [debtor] may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if one of five relevant circumstances applies. One of those five circumstances is that "such interest is in bona fide dispute." 11 U.S.C. § 363(f)(4). While the Bankruptcy Code does not define "bona fide dispute", the standard developed by courts considers "whether there is

an objective basis for either a factual or legal dispute as to the validity of the asserted interest." In re Taylor, 198 B.R. 142, 162 (Bankr. D.S.C. 1996). This standard does not require the movant to have a great probability of success on the merits of the dispute, nor does it require a resolution of the dispute. See Id. ("This standard does not require that the Court resolve the underlying dispute or determine the probable outcome of the dispute, but merely whether one exists"); See also In re Gerwer, 898 F.2d 730, 733 (9th Cir. 1990); See also In re Collins, 180 B.R. 447, 452 (Bankr. E.D. Va. 1995) ("Clearly this standard does not require the Court to resolve the underlying dispute, just determine its existence"); See also In re Octagon Roofing, 123 B.R. 583, 590 (Bankr. N.D. Ill. 1991) ("a court need not determine the probable outcome of the dispute, but merely whether one exists"). Further, the underlying dispute need not be the subject of an ongoing or immediate adversary proceeding. In re Oneida Lake, 114 B.R. 352, 358 (Bankr. N.D.N.Y. 1990). Indeed, as stated by the Ninth Circuit Bankruptcy Appellate Panel, the purpose of 363(f)(4) is to "permit property of the estate to be sold free and clear of interests that are disputed by the representative of the estate so that liquidation of the estate's assets need not be delayed while such disputes are being litigated."

That "such interest is in bona fide dispute" is the only standard that the Debtor must meet at this stage. As the Debtor demonstrated in the Van Nuys Sale Motion, the factual circumstances of this bankruptcy case have presented a basis to challenge the Disputed Portions under the Bankruptcy Code and applicable case law. Thus, the Disputed Portions are subject to a bona fide dispute. Courts have unequivocally expressed that when junior or unsecured creditors will be harmed as a result of an award of default interest, the equities of awarding such interest to an oversecured creditor must be seriously considered. From this perspective, the showing of a bona fide dispute in this case is not a matter of argument, but a matter of arithmetic. Should the Debtor prevail in its anticipated objection to the Default Interest, it will recover over $85,000 for the benefit of the estate. On its face, this is a substantial sum that will objectively impact the junior and unsecured creditors in this case. Furthermore, the Debtor owns three other properties encumbered by liens that may also assert exorbitant amounts of default interest charges that subject to challenge on equitable grounds. When selling these other properties, the Debtor anticipates

challenging the objectionable aspects of these claims as well.  Absent a global challenge to such interests, the estate will lose a significant amount of potential value that will certainly harm the creditors of the estate.  Thus, there exists an objective basis to object to this portion of the Property Liens, marking the end of the 363(f)(4) analysis, the only relevant analysis at this procedural stage.

The Debtor has also demonstrated the existence of a bona fide dispute as to the Attorneys' Fees.  Similar to the Default Interest analysis, the portion of the liens and secured claims against the Debtor's various properties attributable to attorneys' fees, collectively, likely presents a significant and potentially unreasonable sum when considering the possibility that there may be insufficient funds to pay unsecured claims.  In some lienholders' cases, charges for attorneys' fees may not be provided for in the lienholders' underlying agreements and are thus objectionable on multiple grounds.

The Debtor is not requesting an evisceration of the Lienholders' claims, nor is it seeking an immediate elimination of any right the Lienholders may have to the Disputed Portions.  In fact, the Debtor proposes that the Lienholders' principal claims be paid in full.  The Debtor only wishes to set aside a portion of the net proceeds of the Van Nuys Property Sale so that the dispute between the Debtor and the Lienholders does not obstruct the Debtor from focusing on the primary objective of this contested matter: selling the property expeditiously.  The Debtor's intentions are embodied in the Bankruptcy Code and applicable case law, and should be respected as such.

B.     **Various Arguments Asserted By The Lienholders, While Irrelevant To The 363(f)(4) Analysis, Are Misleading and Inaccurate**

The Debtor reiterates that the only applicable standard to determine whether the Van Nuys Property may be sold free and clear of the Disputed Portions is the existence of a bona fide dispute under 363(f)(4).  Despite this, the Debtor wishes to address several arguments asserted by the Lienholders.

1.     The Debtor is Under No Obligation to File An Objection to the Disputed Portions Prior to the Van Nuys Sale Motion

Objections to claims are governed by Federal Rule of Bankruptcy Procedure 3007.  Rule 3007 does not provide a time limit for filing objections to claims.  Indeed, Courts have decidedly

expressed that an objection against a claim can be filed at any time. <u>Ashford v. Consol. Pioneer Mortgage (In re Consol. Pioneer Mortgage)</u>, 178 B.R. 222, 225 (9th Cir. B.A.P. 1995) ("[u]nlike a proof of claim...an objection to a proof of claim may be filed at any time"); <u>Kowal v. Malkemus (In re Thompson)</u>, 965 F.2d 1136, 1147 (1st Cir. 1992).

In the Oppositions, both IMC and the Dorffs complain that the Debtor did not express to them that it intended to object to the Disputed Portions at earlier stages of the case. IMC Objection, p. 2 para. 4; Dorff Objection, p. 2 line 5. These grievances are irrelevant, as the Debtor may commence an action against an objectionable claim at any time. Furthermore, the Debtor's attention has been focused on the more pressing matters in this bankruptcy case, such as the administration of the Debtor's properties and investigating other potential litigation claims as assets of the estate. While all potential assets of the estate are important (as evidenced by the Debtor's anticipated objection to the Disputed Portions), determining a strategy to handle the Debtor's properties took priority. Indeed, abandoning these tasks in favor of analyzing the validity of the Lienholders' claims first might be criticized as illogical and impractical. Naturally, as the Debtor is beginning to secure buyers for these properties, it is evaluating the liens against the properties and appropriately noticing its anticipated objections where necessary. The Lienholders' desire for advanced notice with respect to the Debtor's anticipated objections does not take precedence over the Debtor's duties.

        2.        <u>The Lienholders Cannot Dictate the Debtor's Bankruptcy Strategy</u>

In the Oppositions, the Lienholders lament the Debtor's decision not to market the Van Nuys Property until earlier this year. IMC Opposition, p. 5 para. 1; Dorff Opposition, pp. 3, lines 15-24. These complaints are irrelevant to the standard set before the Court. The Debtor is not required to administer the bankruptcy case for the benefit of secured creditors. Over the course of this bankruptcy case, the Debtor conducted itself within the parameters of its reasonable business judgment. Such is the deference afforded to a debtor-in-possession. The Debtor has, and continues to, exercise its business judgment to benefit the junior and unsecured creditors of the estate.

3.  **The Debtor is Carefully Evaluating All Potential Assets of the Estate**

A debtor-in-possession, like a trustee, has a duty to maximize value to the estate, which includes any potential value that may be procured through litigation. Freeman v. Seligson, 405 F.2d 1326, 1334 (D.C. Cir. 1968) ("[The Trustee] is under a duty to maximize the realization on liquidation of the estate, and to this end to institute all necessary litigation").

The Oppositions attempt to divert the Court's attention away from the inequitable nature of the Disputed Portions by highlighting the significance of the property described in the Van Nuys Sale Motion as the "Lincoln Heights Property."[1]  IMC Opposition, p. 18 lines 18-26; Dorff Opposition p. 4, lines 6-8.  Additionally, the Oppositions claim the damage to the junior and unsecured creditors in this case is derived from litigation related to claim objections.  IMC Opposition, p. 5 lines 12-16;  Dorff Opposition, p. 4, lines 10-13.

While the Debtor is in agreement that the Lincoln Heights Property is the largest asset of the estate with the highest value, all of the estate's assets have value, including the subject property.  Accordingly, the Debtor must do its duty and maximize the value of the subject property by objecting to the liens and encumbrances (or portions thereof) that are subject to such challenge. With respect to the ongoing litigation in this case, the Debtor maintains that the litigation matters in this case must be administered as potential assets of this estate.  To ignore the potential assets comprised of the Disputed Portions and the other litigation matters is to ignore the Debtor's duty as a fiduciary of the estate.

It would be inequitable for the Debtor to treat similarly situated parties differently based only on the size of the asset or the liability.  The Debtor intends to scrutinize all of the oversecured claims, regardless of the size of the debt.

///

///

///

---

[1] The Lincoln Heights Property is actually comprised of several parcels that are being marketed for sale together.

4. <u>This Hearing Is Not the Appropriate Setting to Litigate the Debtor's Anticipated Objections</u>

The Dorff Opposition states that "[the] Debtor has not set forth any admissible evidence to support its arguments that the Dorffs' default interest provision is inequitable." Dorff Opposition, p. 3 lines 9-10. While the Debtor disagrees with this contention, the Dorffs fail to recognize the applicable standard under 363(f)(4). The Debtor need not show that the Disputed Portions are patently inequitable. The Debtor needs only to show that a "bona fide dispute" exists as to this issue. 11 U.S.C. § 363(f)(4). In addition to the substantive arguments raised by the Debtor in the Van Nuys Sale Motion, the fact that the Debtor has raised this issue, supplemented its position with supporting authority in reply, and has been met with resistance from other parties in interest, confirms the existence of a bona fide dispute. Considering this, the Debtor contends that the record before the Court exceeds the threshold required for a finding of a "bona fide" dispute under section 363(f)(4).

5. <u>IMC's Reliance On In re 3MB and In re Heavey Is Misplaced</u>

In the IMC Opposition, IMC relies on <u>In re 3MB, LLC</u> to support its general arguments regarding default interest enforceability. IMC Opposition, p. 7 lines 8-10. However, <u>3MB</u> is considerably distinguishable from the case at bar. In <u>3MB</u>, the Court stated that modification of a contracted rate of interest should occur when "the contractual interest rate would harm the unsecured creditors". <u>In re 3MB, LLC</u>, 609 B.R. 841, 849 (Bankr. E.D. Cal. 2019). As the Debtor demonstrated earlier in this reply and in the Van Nuys Sale Motion, this is an $80,000 dispute, a meaningful amount to the estate's unsecured creditors. Additionally, in <u>3MB</u>, it was uncertain whether the unsecured creditors would be paid in full. Here, absent a successful sale of the Debtor's properties, most of which are encumbered by secured notes with default interest provisions, the unsecured creditors of this estate will receive nothing. As the Debtor stated in the Van Nuys Sale Motion, a junior secured creditor of one of the properties was compelled to subordinate part of its lien to even make that sale possible. An allowance of default interest here has considerably more significance for junior and unsecured creditors here than it did in <u>3MB</u>. Finally, the note rate in <u>3MB</u> was 6.27%, and the default rate was 10.27%, which was acceptable

for market rate loans at the time. Id. at 850. Here, the interest rate on IMC's underlying note was 12% (already higher than the default rate in 3MB), and the default rate was 24%. While IMC and the Debtor, through its prior counsel, agreed to reduce this rate to 18%, this percentage is still nearly double the default rate in 3MB. To add, a default interest rate of even 18% departs drastically from the market average at the time by a factor of 5 or 6. These circumstances differ greatly from those in 3MB, and appropriately compel a different result.

The IMC Opposition also relies on In re Heavey to state that a default interest rate of 24 percent may not constitute a penalty or diminish a debtor's fresh start. IMC Opposition, p. 7 lines 11-13. This reliance is misguided for multiple reasons. The court in Heavey analyzed the enforceability of a prepetition accrual of default interest as a penalty under New York law. In re Heavey, 608 B.R. 341 (E.D.N.Y. 2019). In this case, any penalty analysis would be conducted under California law. Further, the expressed basis for the Debtor's anticipated challenge of the Default Interest is related to the equities of the case, not a penalty analysis. With respect to the Heavey court's equity analysis, the court ruled that the 24% interest rate was enforceable and would not impact the Debtor's fresh start "because the Debtor has already received his discharge in this case" and because the fact that awarding default interest would cause harm to the estate's unsecured creditors, on its own, was not persuasive. Id. at 354. IMC's reliance on this case ignores the significant fact that the Debtor here has not received a discharge, as well as the projected harm to unsecured creditors as a result of the Default Interest and the default interest rate's deviation from market standards. These facts present a stark contrast from those in Heavey and should also compel a different result.

### III.
### CONCLUSION

During the course of its administration, the Debtor has discovered that a portion of the value of the liens attached to one of its properties is likely invalid. Rather than delay the sale of the property and potentially lose the chance to generate value for the estate, the Debtor is trying to use the Bankruptcy Code as intended to allow it to sell the property while reserving its right to object to

claims that may be invalid.  The standard to proceed under this course of action requires only the existence of a bona fide dispute between the parties.  Based on the equitable factors outlined in the Debtor's arguments and the positions taken by the Lienholders, the Debtor urges the Court to find that there is a bona fide dispute as to the enforceability of the Disputed Amounts.  Thus, the Debtor requests that the Court overrule the Oppositions and approve the Van Nuys Sale Motion in full.

DATED:  October 17, 2022                    DANNING, GILL, ISRAEL & KRASNOFF, LLP


By:     /s/ Alphamorlai L. Kebeh
        ALPHAMORLAI L. KEBEH
        General Bankruptcy Counsel for Jinzheng Group
        (USA) LLC, Debtor and Debtor in Possession

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 1901 Avenue of the Stars, Suite 450, Los Angeles, CA 90067-6006.

A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR'S OMNIBUS REPLY TO OPPOSITION OF INVESTMENT MANAGEMENT COMPANY, LLC AND OPPOSITION OF MICHAEL E. DORFF AND SHARI L. DORFF TO DEBTOR'S MOTION TO AUTHORIZE SALE OF REAL PROPERTY LOCATED AT 6840 DE CELIS PLACE, APT. 9, VAN NUYS, CALIFORNIA, FREE AND CLEAR OF LIENS [DOC. NOS. 393 AND 394]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On October 17, 2022 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:  On October 17, 2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) October 17, 2022, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 17, 2022 | Beverly Lew | /s/ Beverly Lew |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                                                        F 9013-3.1.PROOF.SERVICE

**ADDITIONAL SERVICE INFORMATION (if needed):**

## 1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

Donna C Bullock on behalf of Interested Party Donna Bullock Carrera
donnabullockcarrera@yahoo.com, donna.bullock@ymail.com

Steven P Chang on behalf of Interested Party Courtesy NEF
heidi@spclawoffice.com,
schang@spclawoffice.com,assistant1@spclawoffice.com,attorney@spclawoffice.com;g9806@notify.cincompass.com;changsr75251@notify.bestcase.com

Michael F Chekian on behalf of Creditor The Phalanx Group
mike@cheklaw.com, chekianmr84018@notify.bestcase.com

Michael F Chekian on behalf of Interested Party Chekian Law Office, Inc.
mike@cheklaw.com, chekianmr84018@notify.bestcase.com

Heidi M Cheng on behalf of Plaintiff JINZHENG GROUP (USA) LLC
heidi@slclawoffice.com,
assistant1@spclawoffice.com;schang@spclawoffice.com;chenghr75251@notify.bestcase.com

Susan Titus Collins on behalf of Interested Party INTERESTED PARTY
scollins@counsel.lacounty.gov

Nicholas S Couchot on behalf of Creditor Royal Business Bank
ncouchot@buchalter.com, docket@buchalter.com;marias@buchalter.com

Jeffrey W Dulberg on behalf of Creditor Committee OFFICIAL COMMITTEE OF UNSECURED CREDITORS
jdulberg@pszjlaw.com

Oscar Estrada on behalf of Creditor LOS ANGELES COUNTY TREASURER AND TAX COLLECTOR
oestrada@ttc.lacounty.gov

Danielle R Gabai on behalf of Debtor JINZHENG GROUP (USA) LLC
dgabai@danninggill.com, dgabai@ecf.courtdrive.com

Runmin Gao on behalf of Plaintiff JINZHENG GROUP (USA) LLC
ivy.gao@aalrr.com, alicia.mcmaster@aalrr.com

Runmin Gao on behalf of Plaintiff JINZHENG GROUP (USA) LLC
ivy.gao@aalrr.com, alicia.mcmaster@aalrr.com

Richard Girgado on behalf of Interested Party Courtesy NEF    rgirgado@counsel.lacounty.gov

Brian T Harvey on behalf of Interested Party Courtesy NEF
bharvey@buchalter.com, IFS_filing@buchalter.com;dbodkin@buchalter.com

M. Jonathan Hayes on behalf of Interested Party Courtesy NEF
jhayes@rhmfirm.com,
roksana@rhmfirm.com;matt@rhmfirm.com;rosario@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com;boshra@rhmfirm.com;rosario@rhmfirm.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                           F 9013-3.1.PROOF.SERVICE

Teddy M Kapur on behalf of Creditor Committee OFFICIAL COMMITTEE OF UNSECURED CREDITORS
tkapur@pszjlaw.com, mdj@pszjlaw.com

Alphamorlai Lamine Kebeh on behalf of Debtor JINZHENG GROUP (USA) LLC   akebeh@danninggill.com

Alphamorlai Lamine Kebeh on behalf of Plaintiff JINZHENG GROUP (USA) LLC   akebeh@danninggill.com

Peter A Kim on behalf of Attorney LAW OFFICES OF PETER KIM
peter@pkimlaw.com, peterandrewkim@yahoo.com

Peter A Kim on behalf of Defendant Betula Lenta Inc
peter@pkimlaw.com, peterandrewkim@yahoo.com

Peter A Kim on behalf of Defendant David Park    peter@pkimlaw.com, peterandrewkim@yahoo.com

Peter A Kim on behalf of Defendant Jonathan Pae   peter@pkimlaw.com, peterandrewkim@yahoo.com

Christopher J Langley on behalf of Plaintiff JINZHENG GROUP (USA) LLC
chris@slclawoffice.com, omar@slclawoffice.com;langleycr75251@notify.bestcase.com;ecf123@casedriver.com

Paul J Leeds on behalf of Creditor Sound Equity, Inc.    Pleeds@fsl.law, ssanchez@fsl.law

Benjamin R Levinson, ESQ on behalf of Creditor Michael E. Dorff and Shari L. Dorff
ben@benlevinsonlaw.com, courtney@benlevinsonlaw.com

Damian J. Martinez on behalf of Plaintiff JINZHENG GROUP (USA) LLC
damian.martinez@aalrr.com, julissa.ruiz@aalrr.com

Damian J. Martinez on behalf of Plaintiff JINZHENG GROUP (USA) LLC
damian.martinez@aalrr.com, julissa.ruiz@aalrr.com

Eric A Mitnick on behalf of Creditor Corona Capital Group LLC
MitnickLaw@gmail.com, mitnicklaw@gmail.com

Eric A Mitnick on behalf of Interested Party Courtesy NEF   MitnickLaw@gmail.com, mitnicklaw@gmail.com

Giovanni Orantes on behalf of Other Professional Orantes Law Firm, P.C.
go@gobklaw.com, gorantes@orantes-law.com,cmh@gobklaw.com,gobklaw@gmail.com,go@ecf.inforuptcy.com;orantesgr89122@notify.bestcase.com

Donald W Reid on behalf of Interested Party INTERESTED PARTY
don@donreidlaw.com, ecf@donreidlaw.com

Matthew D. Resnik on behalf of Attorney Matthew Resnik
matt@rhmfirm.com, roksana@rhmfirm.com;rosario@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com

Matthew D. Resnik on behalf of Creditor Royalty Equity Lending, LLC/Bobs LLC
matt@rhmfirm.com, roksana@rhmfirm.com;rosario@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                F 9013-3.1.PROOF.SERVICE

Matthew D. Resnik on behalf of Interested Party Courtesy NEF
matt@rhmfirm.com,
roksana@rhmfirm.com;rosario@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com

Peter J Ryan on behalf of Defendant Testa Capital Group
ryan@floresryan.com, schneider@floresryan.com

Peter J Ryan on behalf of Defendant Thomas L. Testa
ryan@floresryan.com, schneider@floresryan.com

Allan D Sarver on behalf of Creditor Investment Management Company LLC
ADS@asarverlaw.com

Allan D Sarver on behalf of Interested Party Courtesy NEF    ADS@asarverlaw.com

Zev Shechtman on behalf of Attorney DANNING, GILL, ISRAEL & KRASNOFF, LLP
zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com

Zev Shechtman on behalf of Debtor JINZHENG GROUP (USA) LLC
zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com

Zev Shechtman on behalf of Interested Party INTERESTED PARTY
zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com

Zev Shechtman on behalf of Plaintiff JINZHENG GROUP (USA) LLC
zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com

David Samuel Shevitz on behalf of Interested Party INTERESTED PARTY
david@shevitzlawfirm.com,
shevitzlawfirm@ecf.courtdrive.com;r48785@notify.bestcase.com;Jose@shevitzlawfirm.com

John N Tedford, IV on behalf of Interested Party INTERESTED PARTY
jtedford@DanningGill.com, danninggill@gmail.com;jtedford@ecf.courtdrive.com

United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

Hatty K Yip on behalf of U.S. Trustee United States Trustee (LA)
hatty.yip@usdoj.gov, hatty.k.yip@usdoj.gov;dare.law@usdoj.gov;eryk.r.escobar@usdoj.gov

**2. SERVED BY U.S. MAIL**

**JINZHENG GROUP (USA) LLC**
1414 S Azusa Ave, Suite B-22
West Covina, CA 91791

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**