# United States Bankruptcy Court
## Central District of California
Los Angeles
Ernest Robles, Presiding
Courtroom 1568 Calendar

**Monday, October 24, 2022**         Hearing Room    1568

**11:00 AM**
**2:21-16674**     **JINZHENG GROUP (USA) LLC**        **Chapter 11**

   #100.00     Hearing
RE: [387] Motion to Sell Property of the Estate Free and Clear of Liens under Section 363(f) - Debtor's Motion to Authorize Sale of Real Property located at 6840 De Celis Place, Apt. 9, Van Nuys, California 91406, Free and Clear of Liens

                        Docket      387

**Matter Notes:**

      10/24/2022

<span style="color:red">The tentative ruling will be the order.  Sale is confirmed to the buyers proposed in the motion.
Debtor to lodge an order within 7 days of the hearing and will set forth the non-default interest rate to the objecting creditors.

POST PDF OF TENTATIVE OR AMENDED TENTATIVE RULING TO CIAO</span>

**Tentative Ruling:**

<span style="color:red">10/21/2022 (Amended after hearing):  No overbidders, sale is confirmed to the Margens.  Non-default interest rate shall be paid.  Counsel shall meet and confer with respect to the amount.  Order to be lodged within 7 days of this hearing. Payment of non-default interest is without prejudice to any party objecting to the interest rate.</span>

**Note: Parties may appear at the hearing either in-person or by telephone. The use of face masks in the courtroom is optional.  Parties electing to appear by telephone should contact CourtCall at 888-882-6878 no later than one hour before the hearing.**

      For the reasons set forth below, the Court finds that the Debtor is entitled to sell the

# United States Bankruptcy Court
# Central District of California
Los Angeles
Ernest Robles, Presiding
Courtroom 1568 Calendar

**Monday, October 24, 2022**  **Hearing Room  1568**

### 11:00 AM
**CONT...    JINZHENG GROUP (USA) LLC                                            Chapter 11**

Property free and clear of the Disputed Funds as the Debtor has presented a bona fide dispute under § 363(f)(4). Therefore, the Oppositions are **OVERRULED** and the Sale Motion is **GRANTED**.

**Key Sale Terms:**
1) Proposed purchaser: Emmanuel D. Margen, Jr. and Analie E. Margen
2) Property for sale: 6840 De Celis Place, Apt. 9, Van Nuys, California 91406
3) Purchase price: $650,000.00
4) Overbids: The initial overbid shall be $660,000.00. Subsequent overbids shall be in increments of $2,000.00, subject to adjustment by the Court to facilitate bidding.

**Pleadings Filed and Reviewed:**
1) Debtor's Notice of Motion and Motion to Authorize Sale of Real Property Located at 6840 De Celis Place, Apt 9, Van Nuys, California 91406, Free and Clear of Liens; Memorandum of Points and Authorities, Declarations of Zhao Pu Yang, Emmanuel D. Margen, Jr., Analie E. Margen, Darren Hubert, and Alphamorlai L. Kebeh, and Request for Judicial Notice in Support Thereof [Doc. No. 387] (the "Sale Motion")
    a) Debtor's Notice of the Sale Motion [Doc. No. 388]
    b) Notice of Sale of Estate Property [Doc. No. 389]
    c) Notice of Errata re: the Sale Motion [Doc. No. 391]
    d) Notice of Submission of Signature Page of Zhao Pu Yang re: the Sale Motion [Doc. No. 392]
2) Opposition of Investment Management Company, LLC to the Sale Motion [Doc. No. 393] (the "IMC Opposition")
3) Opposition of Michael E. Dorff and Shari L. Dorff to the Sale Motion [Doc. No. 394] (the "Dorff Opposition," and together with the IMC Opposition, the "Oppositions")
4) Debtor's Omnibus Reply to the Oppositions [Doc. No. 401] (the "Reply")

## I. Facts and Summary of Pleadings

The Debtor filed a voluntary Chapter 11 petition on August 24, 2021 (the "Petition Date"). The Debtor continues in possession of its property and is operating and managing its business as a debtor-in-possession. The estate consists of several properties, including a parcel located at 6840 De Celis Place, Apt. 9, Van Nuys, California 91406 (the "Property"). The Debtor requests authority to sell the Property free and clear of liens pursuant to 11 U.S.C. § 363.

With the aid of a broker, the Debtor has agreed to sell the Property to Emmanuel D.

# United States Bankruptcy Court
## Central District of California
Los Angeles
Ernest Robles, Presiding
Courtroom 1568 Calendar

**Monday, October 24, 2022**                                                                 Hearing Room   1568

<u>11:00 AM</u>
**CONT...        JINZHENG GROUP (USA) LLC                                                    Chapter 11**

Margen, Jr. and Analie E. Margen (collectively, the "Buyer") for $650,000.00. The only remaining requirement to close the sale is the Court's approval, subject to qualified overbids made at the sale hearing. The overbid procedures, which are detailed in the Sale Motion, include a minimum initial overbid of $660,000.00, minimum overbidding increments of $2,000.00, and an initial overbid deposit of $19,800.00 (the "Overbid Procedures"). The Debtor's breakdown of the expected net proceeds from the sale of the Property, after removing the Disputed Funds (as defined below), are:

| Sale Price | $650,000.00 |
|---|---|
| Commission to Avenue 8 (2.25%) (Debtor's Broker) | ($14,625.00) |
| Commission to Vidal Capital Investments, Inc. (2%) (Buyers' Broker) | ($13,000.00) |
| Debtor's Broker's expense reimbursements | ($740.00) |
| Sale costs (estimated 2% of Sale Price) | ($13,000.00) |
| IMC Deed of Trust (Principal only) | ($350,000.00) |
| Dorff Deed of Trust (Principal and "Admin" Fees Only) | ($50,350.00) |
| HOA Lien | ($1,347.20) |
| Estimated Net Sale Proceeds | $206,937.80 |

The Property is encumbered by the following liens:

1. A deed of trust in favor of Investment Management Company, LLC ("IMC"), securing a note in the amount of approximately $361,768.75 (the "IMC Deed of Trust"). This amount is comprised of a principal debt of $430,279.75, default interest charges in the sum of $75,277.45, and attorneys' fees in the sum of $5,002.30. The standard interest rate under the IMC Deed of Trust is 12%, which was increased to 24% per a default rider. The Debtor is informed that IMC has agreed to reduce the interest rate to 18%.
2. A deed of trust in favor of Michael E. Dorff and Shari L. Dorff (collectively, the "Dorffs"), securing a note in the amount of approximately $70,621.89 (the "Dorffs Deed of Trust," and together with the IMC Deed of Trust, the "Property Liens"). This amount is comprised of a principal debt of $50,000.00, default interest charges in the sum of $11,287.89, attorneys' fees in the sum of $8,984.00, and miscellaneous admin fees in the amount of

# United States Bankruptcy Court
## Central District of California
Los Angeles
Ernest Robles, Presiding
Courtroom 1568 Calendar

**Monday, October 24, 2022**                                                                 Hearing Room    1568

<u>11:00 AM</u>
**CONT...**     **JINZHENG GROUP (USA) LLC**                                                                    **Chapter 11**

       $350.00. The standard interest rate under the Dorffs Deed of Trust is 12%, which was increased to 17% per a default rider.
3. A notice of Homeowners Association Assessment Lien in favor of the De Celis Court Homeowners Association in the amount of $1,347.20 (the "HOA Lien").

    The Debtor disputes the default interest accrued under the Property Liens (the "Default Interest"), which the Debtor asserts is unreasonable, deviates from market standards, and would harm the estate's unsecured creditors, and the attorneys' fees asserted by the Dorffs (the "Dorffs Attorneys' Fees"), which the Debtor asserts are not allowable under the Bankruptcy Code and would be a similar detriment to the estate and unsecured creditors (collectively, the "Disputed Funds"). Thus, the Debtor contends that the Disputed Funds are subject to a bona fide dispute under § 363(f)(4) and the Property may be sold free and clear of the Disputed Funds, which would attach to the net sale proceeds.

    The Debtor is not requesting an elimination of the Property Liens or an immediate disallowance of the Disputed Funds. The Debtor intends to satisfy the undisputed portions owed under the Property Liens, as detailed above, in full with the net sale proceeds. The Debtor wishes to set aside the net sale proceeds, which the Disputed Funds would attach to, so the proposed sale of the Property may close expeditiously and generate a meaningful distribution for the benefit of the unsecured creditors.

    While IMC and the Dorffs do not object to the sale of the Property, they object to the withholding of the net sale proceeds with respect to the Disputed Funds. The Oppositions' main arguments include: (i) the Debtor's bona fide dispute with the Disputed Funds could have been addressed prior to this juncture of the Sale Motion; (ii) the Debtor's anticipated attorney fees and expenses related to prosecuting an objection to the Disputed Funds would be detrimental to the estate and the unsecured creditors; (iii) the Debtor's delay in selling the Property; and (iv) the equities support the allowance of the Disputed Funds. IMC further contends that the IMC Deed of Trust figures are misstated in the Sale Motion "…in view of an obvious refusal by Debtor to accept the 18% default interest rate." The IMC Opposition states the balance of its lien, utilizing a 24% default rate, to be $467,660.08.

    In the Reply, the Debtor addresses the Oppositions' main arguments. The Debtor argues that the Disputed Funds are subject to a bona fide dispute under principles of equity because they would greatly reduce any distributions available for the general unsecured creditors. The Debtor asserts that the Oppositions' grievances with the Debtor's timing with respect to the sale of the Property and objecting to the Disputed

# United States Bankruptcy Court
## Central District of California
Los Angeles
Ernest Robles, Presiding
Courtroom 1568 Calendar

**Monday, October 24, 2022**　　　　　　　　　　　　　　　　　　　　　　　　　　　　Hearing Room　　1568

<u>11:00 AM</u>
**CONT...　　JINZHENG GROUP (USA) LLC　　　　　　　　　　　　　　　　　　　　Chapter 11**

Funds are irrelevant and inaccurate. The Debtor cites the propositions that, as debtor-in-possession, it may object to a creditor's claim at any time and exercise reasonable business judgment in the administration of the estate.

## II. Findings and Conclusions
### A. The Sale of the Property May be Authorized Under Section 363 of the Bankruptcy Code

Section 363(b) authorizes the sale of estate property out of the ordinary course of business, subject to court approval. The trustee or debtor-in-possession must articulate a business justification for the sale. *In re Walter*, 83 B.R. 14, 19–20 (9th Cir. BAP 1988). Whether the articulated business justification is sufficient "depends on the case," in view of "all salient factors pertaining to the proceeding." *Id*. at 19–20. "The court's obligation in § 363(b) sales is to assure that optimal value is realized by the estate under the circumstances." *Simantob v. Claims Prosecutor, LLC (In re Lahijani)*, 325 B.R. 282, 288 (B.A.P. 9th Cir. 2005).

The Court finds that the proposed sale of the Property, subject to the Overbid Procedures, will effectively maximize the value of the estate's interest in the Property and, therefore, is an exercise of the Debtor's reasonable business judgment. The Debtor retained a licensed real estate broker to list, market, and aid in selling the Property. The Debtor has obtained the Buyer's offer, subject to the Overbid Procedures, which is the highest and best offer received to date. The sales price was a result of arms-length negotiations with the Buyer and the Debtor believes that it represents a fair and adequate price for the Property. The Oppositions do not object to the sale of the Property or the proposed sales price.

Relatedly, upon reviewing the declarations attached to the Sale Motion, the Court finds that the Buyer is a good faith purchaser entitled to the protections of § 363(m). In the event that an overbidder prevails at the auction, the Court will take testimony from such overbidder to determine whether § 363(m) protections are warranted.

Additionally, the Debtor may pay brokerage commissions, ordinary and customary costs of sale (including title and escrow fees) through escrow, and reimburse the Debtor's broker's out of pocket expenses.

### B. The Property May be Sold Free and Clear of the Disputed Funds Pursuant to § 363(f)(4)

Section 363(f) of the Bankruptcy Code provides that, upon certain conditions, the trustee (or debtor-in-possession) may sell property free and clear of a lien or interest in such property:

# United States Bankruptcy Court
## Central District of California
Los Angeles
Ernest Robles, Presiding
Courtroom 1568 Calendar

---

**Monday, October 24, 2022**                                                              **Hearing Room    1568**

---

<u>11:00 AM</u>
**CONT...        JINZHENG GROUP (USA) LLC                                                    Chapter 11**

> The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if—
>
> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
> (2) such entity consents;
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
> (4) such interest is in bona fide dispute; or
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

    A bona fide dispute exists if there is "an objective basis for either a factual or a legal dispute" as to an interest in property of the estate. *Liberty Tool & Manufacturing v. Vortex Fishing Sys., Inc. (In re Vortex Fishing Sys., Inc.)*, 277 F.3d 1057, 1064 (9th Cir. 2002). **[Note 1]** "Under this standard, a court need not determine the probable outcome of the dispute, but merely whether one exists." *In re Octagon Roofing*, 123 B.R. 583, 590 (Bankr. N.D. Ill. 1991). To meet its burden under § 363(f)(4), the Debtor must do more than merely allege that a dispute exists; instead, the Debtor must identify factual grounds showing an objective basis for the dispute. *Id.* The required evidentiary showing "depends upon a case-by-case consideration of: (i) the procedural posture of the case, (ii) the need to expedite the sale, and (iii) the nature of the basis for determining that a dispute exists." *In re Robotic Vision Sys., Inc.*, 322 B.R. 502, 506 (Bankr. D.N.H. 2005).

    The Court finds that the Debtor has outlined a bona fide dispute with respect to the Disputed Funds. Therefore, the Property may be sold free and clear of the Disputed Funds pursuant to § 363(f)(4). However, the Court is neither finding nor postulating as to the merits of the Debtor's underlying dispute (*i.e.*, whether the Disputed Funds are in fact allowable).

    Per the Sale Motion, in support of finding a bona fide dispute as to the Disputed Funds, the Debtor advances that although bankruptcy courts apply a presumption of allowability for contracted-for default rates, equities may challenge such presumption. *In re Beltway One Dev. Grp., LLC*, 547 B.R. 819, 830 (B.A.P. 9th Cir. 2016) (noting that "the presumptive rule for default interest is also subject to rebuttal based on equitable

# United States Bankruptcy Court
## Central District of California
Los Angeles
Ernest Robles, Presiding
Courtroom 1568 Calendar

**Monday, October 24, 2022**                                                                 **Hearing Room    1568**

11:00 AM
**CONT...    JINZHENG GROUP (USA) LLC                                                        Chapter 11**

considerations"). The Debtor asserts that courts weigh various factors when reviewing the allowability of claims for default rates, specifically the potential harm to junior or unsecured creditors. *In re DWS Invs., Inc.*, 121 B.R. 845, 849 (Bankr. C.D. Cal. 1990) (considering the default interest's relation to the market rate of interest, the default interest's relationship to the actual or projected loss as a result of nonpayment, the debtor's solvency, and the likelihood of distribution to unsecured creditors); *Id.* at 849 (declining to apply a post-petition default interest rate in part because "[t]he estate is insolvent and the unsecured creditors are unlikely to receive a distribution" if the rate is applied).

    Per the Sale Motion, the default interest rates attached to the Property Liens are approximately 3x the market rates at the time the deeds of trust were executed. The Debtor contends that at the present stage of the case, the estate's unsecured creditors will not receive distributions in full satisfaction of their claims, if at all. Moreover, the Debtor notes that the estate does not yet have sufficient funds to pay administrative expenses. Per the Reply, the Disputed Funds total over $85,000.00 (an even higher figure is asserted in the IMC Opposition, as discussed above), which is a substantial sum that would inure to the estate and unsecured creditors. As the payment of the Disputed Funds is directly at the expense of general unsecured creditors, the equities of awarding such monies must be considered.

    The Debtor is attempting to liquidate its portfolio of properties to generate funds for the benefit of the estate and its creditors. The Debtor's properties are all encumbered by claims secured by liens, which may also assert exorbitant default interest claims, which the Debtor plans to challenge per the Reply. The Debtor's argument in support of finding a bona fide dispute with respect to the Disputed Funds is that they are inequitable because they would greatly reduce any distributions available for the general unsecured creditors.

    The Debtor also disputes the Dorffs' claim for post-petition attorneys' fees in the amount of $8,984.00. Per the Sale Motion, this amount nearly matches the total of default interest accrued and comprises nearly 20% of the underlying note's original value. The Court finds that the Debtor has provided objective evidence to establish a bona fide dispute based on principles of equity as to the Default Interest and the Dorffs Attorneys' Fees.

    Additionally, the Court agrees with the Reply's responses to the arguments laid out in the Oppositions. The Oppositions' censure of the Debtor's timing with respect to objecting to the Disputed Funds and the sale of the Property do not negate the Debtor's establishment of a good faith dispute for purposes of § 363(f)(4). The Debtor, as debtor-in-possession, has effectively discharged its duties, which include the goal of maximizing

## United States Bankruptcy Court
## Central District of California
Los Angeles
Ernest Robles, Presiding
Courtroom 1568 Calendar

**Monday, October 24, 2022**                                                                                   **Hearing Room    1568**

<u>11:00 AM</u>
**CONT...        JINZHENG GROUP (USA) LLC                                                                               Chapter 11**

the value to the estate and unsecured creditors.

The Oppositions devote substantial space to arguing the underlying merits of and entitlement to the Disputed Funds. However, the Court is not making a finding as to the allowability of the Disputed Funds at the present time. The Court only finds that the Debtor has outlined a bona fide dispute with respect to the Disputed Funds. Therefore, the Court finds that the Property may be sold free and clear of the Disputed Funds. The Disputed Funds shall attach to the net sale proceeds, with the same force, effect, validity and priority that they have with respect to the Property. The net sale proceeds are to be held in escrow, not to be distributed, pending the Court's review and determination of the substantive arguments regarding the allowability of the Disputed Funds. **[Note 2]**

### C. The Overbid Procedures are Approved

The Overbid Procedures, which are summarized above and outlined in the Sale Motion, are approved. In the event that any qualified overbidders are present, the Court will conduct the auction in accordance with the Overbid Procedures. The overbid increment is subject to adjustment by the Court to facilitate bidding. The Court will announce each bid level; however, parties are free to submit bids in excess of the bid level announced by the Court. To remain in the auction, bidders must participate at all bid levels. That is, parties who do not bid in a round cannot later change their minds and re-enter the auction.

### D. Waiver of FRBP 6004(h) is Granted

The order approving the sale of the Property shall take effect immediately upon entry. It is in the best interests of the estate and the creditors to complete the sale of the Property at the earliest possible time. Therefore, to ensure an expeditious closing, the Court grants the Debtor's requested waiver of the 14-day stay of the effect of the sale order. Additionally, the Debtor is authorized to execute all documents and instruments necessary to effectuate the sale of the Property.

## III. Conclusion

In the Oppositions, IMC and the Dorffs devote substantial space to arguing the underlying merits of and their entitlement to the Disputed Funds. However, the Court is not making a finding as to the allowability of the Disputed Funds at the present time. The Court only finds that the Debtor has outlined a bona fide dispute with respect to the Disputed Funds. The net sale proceeds are to be held in escrow, not to be distributed, pending the Court's determination of the allowability of the Disputed Funds.

For the reasons set forth above, the Court finds that the Debtor is entitled to sell

# United States Bankruptcy Court
# Central District of California
Los Angeles
Ernest Robles, Presiding
Courtroom 1568 Calendar

**Monday, October 24, 2022**     Hearing Room    1568

<u>11:00 AM</u>
**CONT...**     **JINZHENG GROUP (USA) LLC**     **Chapter 11**

the Property free and clear of the Disputed Funds as the Debtor has presented a bona fide dispute under § 363(f)(4). Therefore, the Oppositions are **OVERRULED** and the Sale Motion is **GRANTED**. Within seven days of the hearing, the Debtor shall submit an order incorporating this tentative ruling by reference.

**Note 1:** Although *Vortex Fishing* defined "bona fide dispute" for purposes of § 303, courts have held that § 303's definition of "bona fide dispute" also applies in the context of § 363(f)(4). *See, e.g.*, *In re Octagon Roofing*, 123 B.R. 583, 590 (Bankr. N.D. Ill. 1991); *Union Planters Bank, N.A. v. Burns (In re Gaylord Grain L.L.C.)*, 306 B.R. 624, 627 (B.A.P. 8th Cir. 2004).

**Note 2:** The holdback of the net sale proceeds shall include sufficient capital to pay the Disputed Funds, including the default interest of 24% for the ICM Deed of Trust and 17% for the Dorffs Deed of Trust, up to such time that the Court enters an order determining the allowability of the Disputed Funds.

| Party Information |
|---|

**Debtor(s):**

    JINZHENG GROUP (USA) LLC     Represented By
       Zev Shechtman
       Alphamorlai Lamine Kebeh
       Danielle R Gabai