| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| ZEV SHECHTMAN (State Bar No. 266280)<br>zs@DanningGill.com<br>ALPHAMORLAI L. KEBEH (State Bar No. 336798)<br>akebeh@DanningGill.com<br>DANNING, GILL, ISRAEL & KRASNOFF, LLP<br>1901 Avenue of the Stars, Suite 450<br>Los Angeles, California 90067-6006<br>Tel.: (310) 277-0077<br>Fax: (310) 277-5735<br><br>☐  *Individual appearing without attorney*<br>☒  *General Bankruptcy Counsel for Jinzheng Group (USA) LLC, Debtor and Debtor in Possession* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br><br>JINZHENG GROUP (USA) LLC,<br><br>                Debtor and Debtor-in-Possession | CASE NO.: 2:21-bk-16674-ER<br>CHAPTER: 11<br><br>**NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE RE:** (title of motion[1]): <u>DEBTOR'S MOTION TO AUTHORIZE SALE OF REAL PROPERTY COMMONLY KNOWN AS 6840 DE CELIS PLACE, APT 9, VAN NUYS, CALIFORNIA 91406 FREE AND CLEAR OF LIENS [DOCKET NO. 387]</u> |
|---|---|

PLEASE TAKE NOTE that the order titled <u>ORDER GRANTING DEBTOR'S MOTION TO AUTHORIZE SALE OF REAL PROPERTY COMMONLY KNOWN AS 6840 DE CELIS PLACE, APT 9 , VAN NUYS, CALIFORNIA 91406 FREE AND CLEAR OF LIENS [Docket No. 387]</u> was lodged on *(date)* <u>November 2, 2022</u> and is attached.  This order relates to the motion which is docket number <u>387</u>.

---

[1] Please abbreviate if title cannot fit into text field

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*    *Page 1*    **F 9021-1.2.BK.NOTICE.LODGMENT**
1697026.1  27086

# EXHIBIT "A"

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

1  ZEV SHECHTMAN (State Bar No. 266280)
   *zs@DanningGill.com*
2  ALPHAMORLAI L. KEBEH (State Bar No. 336798)
   *akebeh@DanningGill.com*
3  DANNING, GILL, ISRAEL & KRASNOFF, LLP
   1901 Avenue of the Stars, Suite 450
4  Los Angeles, California 90067-6006
   Telephone: (310) 277-0077
5  Facsimile: (310) 277-5735

6  General Bankruptcy Counsel for Jinzheng Group
   (USA) LLC, Debtor and Debtor in Possession
7

8                **UNITED STATES BANKRUPTCY COURT**

9                **CENTRAL DISTRICT OF CALIFORNIA**

10                      **LOS ANGELES DIVISION**

| | |
|---|---|
| 11  In re | Case No. 2:21-bk-16674-ER |
| 12  JINZHENG GROUP (USA) LLC, | Chapter 11 |
| 13       Debtor and Debtor-in Possession. | **ORDER GRANTING DEBTOR'S MOTION TO AUTHORIZE SALE OF REAL PROPERTY COMMONLY KNOWN AS 6840 DE CELIS PLACE, APT 9, VAN NUYS, CALIFORNIA 91406 FREE AND CLEAR OF LIENS [Docket No. 387]** |
| | Hearing Date, Time, and Place |
| | Date:    October 24, 2022 |
| | Time:    11:00 a.m. |
| | Place:   Courtroom 1568 |
| |          255 E. Temple Street |
| |          Los Angeles, California 90012 |

20  On October 24, 2022, at 11:00 a.m., there came before the Court for hearing the Motion to

21  Authorize Sale of Real Property Commonly Known as 6840 De Celis Place, Apt 9, Van Nuys,

22  California 91406 Free and Clear of Liens, *docket no. 387* (the "Motion"), filed by Jinzheng Group

23  (USA) LLC (the "Debtor"), the Honorable Ernest Robles, United States Bankruptcy Judge,

24  presiding. Zev Shechtman and Alphamorlai L. Kebeh of Danning, Gill, Israel & Krasnoff, LLP

25  appeared for the Debtor; Benjamin Levinson of the Law Offices of Benjamin R. Levinson appeared

26  for secured creditors Michael E. Dorff and Shari L. Dorff (the "Dorffs"); Allan Sarver of the Law

27  Offices of Allan D. Sarver appeared for secured creditor Investment Management Company, Inc.

28

1696831.4  27086                                    1

1  ("IMC"); and Teddy Kapur of Pachulski Stang Ziehl & Jones, LLP appeared for the Official

2  Committee of Unsecured Creditors.

3        The Court having read and considered the Motion and the notice in support of the Motion at

4  *docket no. 388*, the oppositions to the Motion filed by the Dorffs and IMC, the Debtor's reply in

5  support of the Motion, and pleadings and evidence offered in support thereof, including the errata

6  at *docket no. 391*; having found that notice of the Motion and the hearing were adequate and

7  proper; having heard the oral arguments of counsel at the hearing; having called for overbids and

8  no overbids having been received; and good cause appearing; it is hereby

9        **ORDERED that**:

10      1.    The Motion is granted.

11      2.    The sale by the Debtor of all of its right, title and interest in the real property

12  commonly known as 6840 De Celis Place, Apt 9, Van Nuys, California 91406 (the "Property"),

13  more particularly described in the legal description attached hereto as Exhibit A, to Emmanuel D.

14  Margen, Jr. and Analie E. Margen (the "Buyers") for $650,000 (the "Purchase Price") is confirmed

15  on the terms and conditions set forth in the Motion and in the agreement attached as Exhibit "1" to

16  the Motion (the "PSA"). The Property is sold "as is," "where is," with no warranty or recourse

17  whatsoever.

18      3.    The overbid procedures proposed in the Motion are approved.

19      4.    The sale shall be free and clear of all liens and interests pursuant to 11 U.S.C. §

20  363(f), including without limitation the following:

21      (a)    A deed of trust in favor of IMC, recorded in the County Recorder's Office as

22  instrument no. 20200957956 (the "IMC Deed of Trust");

23      (b)    A deed of trust in favor of the Dorffs, recorded in the County Recorder's

24  Office as instrument no. 20201525930 (the "Dorff Deed of Trust");

25      (c)    A notice of Homeowners Association Assessment Lien in favor of the De

26  Celis Court Homeowners Association in the amount of $1,347.20, recorded in the County

27  Recorder's Office as instrument no. 2018-240534, (the "HOA Lien").

28

The liens and claims in favor of IMC and the Dorffs are referred to hereinafter collectively as the "Property Liens."

5. There is a bona fide dispute between the Debtor and the holders of the Property Liens with respect to the allowability of default interest, attorneys' fees asserted, and other charges in excess of contract standard interest (the "Disputed Amounts"). Accordingly, the Debtor may sell the Property free and clear of such Disputed Amounts pursuant to 11 U.S.C. § 363(f)(4).

6. The Disputed Amounts of the Property Liens shall attach to like amounts of the net sale proceeds, with the same force, effect, validity and priority that they had as of August 24, 2021, the petition date, against the Property.

7. The Debtor is authorized to withhold payment of the Disputed Amounts and maintain such Disputed Amounts in an escrow account until the dispute thereon is resolved by the Court.

8. At closing, the Debtor is authorized to pay IMC and the Dorffs the principal amounts owed on the Property Liens and contractual non-default interest, without prejudice to the Debtor disputing and objecting to the contractual non-default interest rates.

9. Accordingly, the Debtor is authorized to pay the following amounts to the holders of the Property Liens on account of their alleged claims through October 31, 2022:

|  | Principal | Contractual Standard Interest |
|---|---|---|
| Dorffs | $50,000.00 | $6,615.08 |
| IMC | $350,000.00 | $56,339.13 |

10. The holders of the Property Liens shall timely submit demands for payoff through escrow in the amounts set for immediately above.

11. The Debtor's payments of these amounts will be without prejudice to any party's objections to such amounts or their allowability at a later date.

1696831.4  27086                                3

12. The Debtor shall hold back in escrow the following amounts until the Court orders that they may be removed from escrow:

|  | Default Interest (amount in excess of Contract Standard Interest) | Attorneys' Fees | Other Charges |
|---|---|---|---|
| Dorffs | $2,756.28 | $8,984.00 | $350 (Admin Fee) |
| IMC | $64,714.79 | $8,002.30 | $350.00 (Late Charge) |

13. In addition to the amounts set forth above, the Debtor will hold back in escrow an additional $10,000 from the net sale proceeds. This amount will be held back to account for differences in the interest calculations between the Debtor and the lienholders as well as any accumulating per diem interest[1] and attorneys' fees.

14. The Debtor is authorized to pay from the net sale proceeds the principal and contract interest allegedly accrued under the Property Liens, as well as the amount allegedly owed under the HOA Lien. The Debtor is authorized to pay any disputed sums if it believes that a dispute no longer exists.

15. The Debtor is authorized to pay from the net sale proceeds costs incurred by the Debtor's real estate broker relating to the maintenance of the Property, including service costs for cleaning and handling of furniture.

16. The Debtor is authorized to pay through escrow all ordinary closing costs, such as escrow, title and other fees, as well as real property taxes.

17. The Debtor is authorized to pay through escrow a 4.25% commission as follows: 2.25%, or $14,625, to Avenue 8 as the Debtor's broker in connection with the closing of this sale; 2%, or $13,000, to Vidal Capital Investments, Inc. as the Buyers' broker in connection with the closing of this sale.

---

[1] The alleged accruing per diem interest for the Dorffs' Standard and Default Interest is as follows: $16.44 and $23.29, respectively.

18. If the Buyers do not deliver to the Debtor the balance of the Purchase Price in good funds by the first business day which is more than fourteen calendar days following the date of entry of this Order, the Debtor is authorized to retain the Buyers' deposit of $19,500.

19. Based on the evidence submitted to the Court, the Buyers are found to be good faith purchasers within the meaning of 11 U.S.C. § 363(m) and pursuant thereto no reversal or modification on appeal shall affect the validity of the sale authorized herein.

20. The Debtor, and parties designated by the Debtor, or a chapter 11 or chapter 7 trustee appointed in this case (if and when applicable), are authorized to execute all documents and otherwise take all actions the Debtor deems necessary and appropriate to close the sale of the Property including the signing of deeds, escrow documents, title documents, authorizing disbursements, and any other actions ordinarily required to close a sale, or which the title or escrow company may reasonably require to close this sale.

21. Further, Zhoupu Yang, one of the members of the Debtor, and the attorney in fact for Jianqing Yang, the managing member of the Debtor, is hereby expressly authorized to take such actions described in the preceding paragraph, to execute any and all documents and take any and all other reasonably necessary and appropriate actions, or to designate another person to do so, on behalf of the debtor, without any further court order, corporate action, or any other requirement, to effect the closing of this sale in a timely and commercially reasonably manner.

22. The recordation of this order with the Los Angeles County Recorder shall constitute a discharge, termination, reconveyance, and cancellation as to the Property of the IMC Deed of Trust, the Dorff Deed of Trust, the HOA Lien, and any other liens, without need for reconveyance or release of such liens, encumbrances, or other interests.

23. There shall be no personal liability to the Debtor, or any person authorized or designated to act for the Debtor, in any capacity, by virtue of the sale of the Property hereinabove approved. In the event the Debtor cannot consummate the sale for any reason, the Buyers' sole remedy, as the case may be, shall be limited to a return of their deposit.

1   24.   The 14-day stay provided by Rule 6004(h) shall not apply to this Order.

###

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 1901 Avenue of the Stars, Suite 450, Los Angeles, CA 90067-6006.

A true and correct copy of the foregoing document entitled: **NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) November 2, 2022  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 2, 2022 | Patricia Morris | /s/ Patricia Morris |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*    Page 3    **F 9021-1.2.BK.NOTICE.LODGMENT**
1697026.1  27086

**ADDITIONAL SERVICE INFORMATION (if needed):**

1. **SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

- **Donna C Bullock**   donnabullockcarrera@yahoo.com, donna.bullock@ymail.com
- **Steven P Chang**   heidi@spclawoffice.com, schang@spclawoffice.com,assistant1@spclawoffice.com,attorney@spclawoffice.com;g9806@notify.cincompass.com;changsr75251@notify.bestcase.com
- **Michael F Chekian**   mike@cheklaw.com, chekianmr84018@notify.bestcase.com
- **Heidi M Cheng**   heidi@slclawoffice.com, assistant1@spclawoffice.com;schang@spclawoffice.com;chenghr75251@notify.bestcase.com
- **Susan Titus Collins**   scollins@counsel.lacounty.gov
- **Nicholas S Couchot**   ncouchot@buchalter.com, docket@buchalter.com;marias@buchalter.com
- **Jeffrey W Dulberg**   jdulberg@pszjlaw.com
- **Oscar Estrada**   oestrada@ttc.lacounty.gov
- **Danielle R Gabai**   dgabai@danninggill.com, dgabai@ecf.courtdrive.com
- **Runmin Gao**   ivy.gao@aalrr.com, alicia.mcmaster@aalrr.com
- **Richard Girgado**   rgirgado@counsel.lacounty.gov
- **Brian T Harvey**   bharvey@buchalter.com, IFS_filing@buchalter.com;dbodkin@buchalter.com
- **M. Jonathan Hayes**   jhayes@rhmfirm.com, roksana@rhmfirm.com;matt@rhmfirm.com;rosario@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com;boshra@rhmfirm.com;rosario@rhmfirm.com
- **Teddy M Kapur**   tkapur@pszjlaw.com, mdj@pszjlaw.com
- **Alphamorlai Lamine Kebeh**   akebeh@danninggill.com
- **Peter A Kim**   peter@pkimlaw.com, peterandrewkim@yahoo.com
- **Christopher J Langley**   chris@slclawoffice.com, omar@slclawoffice.com;langleycr75251@notify.bestcase.com;ecf123@casedriver.com
- **Paul J Leeds**   Pleeds@fsl.law, ssanchez@fsl.law
- **Benjamin R Levinson**   ben@benlevinsonlaw.com, courtney@benlevinsonlaw.com
- **Damian J. Martinez**   damian.martinez@aalrr.com, julissa.ruiz@aalrr.com
- **Eric A Mitnick**   MitnickLaw@gmail.com, mitnicklaw@gmail.com
- **Giovanni Orantes**   go@gobklaw.com, gorantes@orantes-law.com,cmh@gobklaw.com,gobklaw@gmail.com,go@ecf.inforuptcy.com;orantesgr89122@notify.bestcase.com
- **Donald W Reid**   don@donreidlaw.com, ecf@donreidlaw.com
- **Matthew D. Resnik**   matt@rhmfirm.com, roksana@rhmfirm.com;rosario@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com
- **Peter J Ryan**   ryan@floresryan.com, schneider@floresryan.com
- **Allan D Sarver**   ADS@asarverlaw.com
- **Zev Shechtman**   zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com
- **David Samuel Shevitz**   david@shevitzlawfirm.com, shevitzlawfirm@ecf.courtdrive.com;r48785@notify.bestcase.com;Jose@shevitzlawfirm.com
- **John N Tedford**   jtedford@DanningGill.com, danninggill@gmail.com;jtedford@ecf.courtdrive.com
- **United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov
- **Hatty K Yip**   hatty.yip@usdoj.gov, hatty.k.yip@usdoj.gov

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*     Page 4     **F 9021-1.2.BK.NOTICE.LODGMENT**
1697026.1  27086