ZEV SHECHTMAN (State Bar No. 266280)
zs@DanningGill.com
ALPHAMORLAI L. KEBEH (State Bar No. 336798)
akebeh@DanningGill.com
DANNING, GILL, ISRAEL & KRASNOFF, LLP
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067-6006
Telephone: (310) 277-0077
Facsimile: (310) 277-5735

General Bankruptcy Counsel for Jinzheng Group
(USA) LLC, Debtor and Debtor in Possession

**FILED & ENTERED**

**NOV 07 2022**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gonzalez DEPUTY CLERK

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:21-bk-16674-ER |
| JINZHENG GROUP (USA) LLC, | Chapter 11 |
| Debtor and Debtor-in Possession. | **AMENDED ORDER GRANTING DEBTOR'S MOTION TO AUTHORIZE SALE OF REAL PROPERTY COMMONLY KNOWN AS 6840 DE CELIS PLACE, APT 9, VAN NUYS, CALIFORNIA 91406 FREE AND CLEAR OF LIENS** [Docket No. 387] |
| | <u>Hearing Date, Time, and Place</u><br>Date:    October 24, 2022<br>Time:    11:00 a.m.<br>Place:   Courtroom 1568<br>            255 E. Temple Street<br>            Los Angeles, California 90012 |

On October 24, 2022, at 11:00 a.m., there came before the Court for hearing the Motion to Authorize Sale of Real Property Commonly Known as 6840 De Celis Place, Apt 9, Van Nuys, California 91406 Free and Clear of Liens, *docket no. 387* (the "Motion"), filed by Jinzheng Group (USA) LLC (the "Debtor"), the Honorable Ernest Robles, United States Bankruptcy Judge, presiding.  Zev Shechtman and Alphamorlai L. Kebeh of Danning, Gill, Israel & Krasnoff, LLP appeared for the Debtor; Benjamin Levinson of the Law Offices of Benjamin R. Levinson appeared for secured creditors Michael E. Dorff and Shari L. Dorff (the "Dorffs"); Allan Sarver of the Law Offices of Allan D. Sarver appeared for secured creditor Investment Management Company, Inc.

1697186.1  27086                                              1

("IMC"); and Teddy Kapur of Pachulski Stang Ziehl & Jones, LLP appeared for the Official Committee of Unsecured Creditors.

The Court having read and considered the Motion and the notice in support of the Motion at *docket no. 388*, the oppositions to the Motion filed by the Dorffs and IMC, the Debtor's reply in support of the Motion, and pleadings and evidence offered in support thereof, including the errata at *docket no. 391*; having found that notice of the Motion and the hearing were adequate and proper; having heard the oral arguments of counsel at the hearing; having called for overbids and no overbids having been received; and good cause appearing; it is hereby

**ORDERED that**:

1. The Motion is granted for the reasons set forth in the Court's tentative ruling [Doc. No. 419], which the Court adopts as its final ruling and which is incorporated herein by reference.

2. The sale by the Debtor of all of its right, title and interest in the real property commonly known as 6840 De Celis Place, Apt 9, Van Nuys, California 91406 (the "Property"), more particularly described in the legal description attached hereto as **Exhibit A**, to Emmanuel D. Margen, Jr. and Analie E. Margen (the "Buyers") for $650,000 (the "Purchase Price") is confirmed on the terms and conditions set forth in the Motion and in the agreement attached as Exhibit "1" to the Motion (the "PSA").  The Property is sold "as is," "where is," with no warranty or recourse whatsoever.

3. The overbid procedures proposed in the Motion are approved.

4. The sale shall be free and clear of all liens and interests pursuant to 11 U.S.C. § 363(f), including without limitation the following:

(a) A deed of trust in favor of IMC, recorded in the County Recorder's Office as instrument no. 20200957956 (the "IMC Deed of Trust");

(b) A deed of trust in favor of the Dorffs, recorded in the County Recorder's Office as instrument no. 20201525930 (the "Dorff Deed of Trust");

(c) A notice of Homeowners Association Assessment Lien in favor of the De Celis Court Homeowners Association in the amount of $1,347.20, recorded in the County Recorder's Office as instrument no. 2018-240534, (the "HOA Lien").

1697186.1  27086                                              2

1       The liens and claims in favor of IMC and the Dorffs are referred to hereinafter collectively as the "Property Liens."

3       5.    There is a bona fide dispute between the Debtor and the holders of the Property Liens with respect to the allowability of default interest, attorneys' fees asserted, and other charges in excess of contract standard interest (the "Disputed Amounts"). Accordingly, the Debtor may sell the Property free and clear of such Disputed Amounts pursuant to 11 U.S.C. § 363(f)(4).

7       6.    The Disputed Amounts of the Property Liens shall attach to like amounts of the net sale proceeds, with the same force, effect, validity and priority that they had as of August 24, 2021, the petition date, against the Property.

10       7.    The Debtor is authorized to withhold payment of the Disputed Amounts and maintain such Disputed Amounts in an escrow account until the dispute thereon is resolved by the Court.

13       8.    At closing, the Debtor is authorized to pay IMC and the Dorffs the principal amounts owed on the Property Liens and contractual non-default interest, without prejudice to the Debtor disputing and objecting to the contractual non-default interest rates.

16       9.    Accordingly, the Debtor is authorized to pay the following amounts to the holders of the Property Liens on account of their alleged claims through October 31, 2022:

|  | Principal | Contractual Standard Interest |
|---|---|---|
| Dorffs | $50,000.00 | $6,615.08 |
| IMC | $350,000.00 | $56,339.13 |

21       10.    The holders of the Property Liens shall timely submit demands for payoff through escrow in the amounts set forth immediately above.

23       11.    The Debtor's payments of these amounts will be without prejudice to any party's objections to such amounts or their allowability at a later date.

12. The Debtor shall hold back in escrow the following amounts until the Court orders that they may be removed from escrow:

|  | Default Interest (amount in excess of Contract Standard Interest) | Attorneys' Fees | Other Charges |
|---|---|---|---|
| Dorffs | $2,756.28 | $8,984.00 | $350 (Admin Fee) |
| IMC | $64,714.79 | $8,002.30 | $350.00 (Late Charge) |

13. In addition to the amounts set forth above, the Debtor will hold back in escrow an additional $10,000 from the net sale proceeds. This amount will be held back to account for differences in the interest calculations between the Debtor and the lienholders as well as any accumulating per diem interest[1] and attorneys' fees.

14. The Debtor is authorized to pay from the net sale proceeds the principal and contract interest allegedly accrued under the Property Liens, as well as the amount allegedly owed under the HOA Lien. The Debtor is authorized to pay any disputed sums if it believes that a dispute no longer exists.

15. The Debtor is authorized to pay from the net sale proceeds costs incurred by the Debtor's real estate broker relating to the maintenance of the Property, including service costs for cleaning and handling of furniture.

16. The Debtor is authorized to pay through escrow all ordinary closing costs, such as escrow, title and other fees, as well as real property taxes.

17. The Debtor is authorized to pay through escrow a 4.25% commission as follows: 2.25%, or $14,625, to Avenue 8 as the Debtor's broker in connection with the closing of this sale; 2%, or $13,000, to Vidal Capital Investments, Inc. as the Buyers' broker in connection with the closing of this sale.

---

[1] The alleged accruing per diem interest for the Dorffs' Standard and Default Interest is as follows: $16.44 and $23.29, respectively.

1697186.1  27086                                         4

18. If the Buyers do not deliver to the Debtor the balance of the Purchase Price in good funds by the first business day which is more than fourteen calendar days following the date of entry of this Order, the Debtor is authorized to retain the Buyers' deposit of $19,500.

19. Based on the evidence submitted to the Court, the Buyers are found to be good faith purchasers within the meaning of 11 U.S.C. § 363(m) and pursuant thereto no reversal or modification on appeal shall affect the validity of the sale authorized herein.

20. The Debtor, and parties designated by the Debtor, or a chapter 11 or chapter 7 trustee appointed in this case (if and when applicable), are authorized to execute all documents and otherwise take all actions the Debtor deems necessary and appropriate to close the sale of the Property including the signing of deeds, escrow documents, title documents, authorizing disbursements, and any other actions ordinarily required to close a sale, or which the title or escrow company may reasonably require to close this sale.

21. Further, Zhoupu Yang, one of the members of the Debtor, and the attorney in fact for Jianqing Yang, the managing member of the Debtor, is hereby expressly authorized to take such actions described in the preceding paragraph, to execute any and all documents and take any and all other reasonably necessary and appropriate actions, or to designate another person to do so, on behalf of the debtor, without any further court order, corporate action, or any other requirement, to effect the closing of this sale in a timely and commercially reasonably manner.

22. The recordation of this order with the Los Angeles County Recorder shall constitute a discharge, termination, reconveyance, and cancellation as to the Property of the IMC Deed of Trust, the Dorff Deed of Trust, the HOA Lien, and any other liens, without need for reconveyance or release of such liens, encumbrances, or other interests.

23. There shall be no personal liability to the Debtor, or any person authorized or designated to act for the Debtor, in any capacity, by virtue of the sale of the Property hereinabove approved. In the event the Debtor cannot consummate the sale for any reason, the Buyers' sole remedy, as the case may be, shall be limited to a return of their deposit.

24. The 14-day stay provided by Rule 6004(h) shall not apply to this Order.

###

Date: November 7, 2022

Ernest M. Robles
United States Bankruptcy Judge

# EXHIBIT "A"
# LEGAL DESCRIPTION

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA AND IS DESCRIBED AS FOLLOWS:

A CONDOMINIUM COMPRISED OF:

PARCEL 1:

AN UNDIVIDED ONE-THIRTY SIXTH (1/36TH) FEE SIMPLE INTEREST AS A TENANT IN COMMON IN AND TO THE COMMON AREA OF MODULE "A" OF LOT 1 OF TRACT NO. 62442, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, AS PER MAP RECORDED IN BOOK 1331, PAGES 20 THROUGH 21, INCLUSIVE, OF MAPS, AS SHOWN ON THAT CERTAIN CONDOMINIUM PLAN FOR MODULES "A" AND "B" OF SAID LOT 1 OF TRACT NO. 62442, WHICH CONDOMINIUM PLAN WAS RECORDED ON MAY 31, 2007, AS INSTRUMENT NO. 07-1312424 ("CONDOMINIUM PLAN"), ALL IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THEREFROM THE UNITS AS SHOWN ON SAID CONDOMINIUM PLAN.

PARCEL 2:

UNIT NO. 9, OF SAID MODULE "A" OF LOT NO. 1 OF TRACT NO. 62442, AS SHOWN AND DESCRIBED IN SAID CONDOMINIUM PLAN. RESERVING FROM SAID PARCELS 1 AND 2 ABOVE, FOR THE BENEFIT OF GRANTOR, ITS SUCCESSORS IN INTEREST, AND OTHERS, EASEMENTS FOR ACCESS, USE, ENJOYMENT, DRAINAGE, REPAIRS, AND FOR OTHER PURPOSES, ALL AS DESCRIBED IN THE DECLARATION OF ESTABLISHMENT OF CONDITIONS, COVENANTS AND RESTRICTIONS FOR DE CELIS COURT ("DECLARATION"), RECORDED ON 5/31, 2007 AS INSTRUMENT NO. 07-1312425, OF THE OFFICIAL RECORDS OF LOS ANGELES COUNTY, CALIFORNIA, INCLUDING ANY AMENDMENTS THERETO, ALL OF WHICH ARE INCORPORATED HEREIN BY THIS REFERENCE.

PARCEL 3:

NONEXCLUSIVE EASEMENTS FOR ACCESS, INGRESS, EGRESS, USE, ENJOYMENT, DRAINAGE, ENCROACHMENT, SUPPORT, MAINTENANCE, REPAIRS, AND FOR OTHER PURPOSES, ALL AS DESCRIBED IN THE DECLARATION RECORDED MAY 31, 2007 AS INSTRUMENT NO. 07-1312425, OF OFFICIAL RECORDS AND THE CONDOMINIUM PLAN.

APN:    2225-001-043