ZEV SHECHTMAN (State Bar No. 266280)
zs@DanningGill.com
JOHN N. TEDFORD, IV (State Bar No. 205537)
jtedford@DanningGill.com
ALPHAMORLAI L. KEBEH (State Bar No. 336798)
akebeh@DanningGill.com
DANNING, GILL, ISRAEL & KRASNOFF, LLP
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067-6006
Telephone: (310) 277-0077
Facsimile: (310) 277-5735

General Bankruptcy Counsel for Jinzheng Group
(USA) LLC, Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re | Case No. 2:21-bk-16674-ER |
| JINZHENG GROUP (USA) LLC, | Chapter 11 |
| Debtor. | **DEBTOR'S REPLY TO OPPOSITION OF SOUND EQUITY HIGH INCOME DEBT FUND, LLC TO DEBTOR'S MOTION TO AUTHORIZE SALE OF REAL PROPERTY LOCATED AT 150 EAST LA SIERRA DRIVE, ARCADIA, CALIFORNIA 91006, FREE AND CLEAR OF LIENS [DOC. NO. 433]; REQUEST FOR JUDICIAL NOTICE** |
| | Date:        November 15, 2022 |
| | Time:        11:00 a.m. |
| | Crtrm.:      Courtroom 1568 |
| |                    255 E. Temple Street |
| |                    Los Angeles, California 90012 |

1

# **TABLE OF CONTENTS**

2

3                                                                                                                    **Page**

4   MEMORANDUM OF POINTS AND AUTHORITIES ....................................................................3

5   I. INTRODUCTION ......................................................................................................................3

6   II. DISCUSSION ............................................................................................................................4

7   A.      The Debtor Is Entitled To Sell The Arcadia Property Free And Clear Of The
        Disputed Portions Of Sound's Lien ...............................................................................4
8
    B.      Sound's Rights with Respect to the Transfer of the Property Have Not Been
9       Prejudiced .......................................................................................................................9

10  C.      150 La Sierra, LLC's Draws on Sound's Loan are Irrelevant to this Analysis ....................10

11  III. CONCLUSION.........................................................................................................................11

12  REQUEST FOR JUDICIAL NOTICE ..............................................................................................12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    TO THE HONORABLE ERNEST M. ROBLES, UNITED STATES BANKRUPTCY

2    JUDGE, AND INTERESTED PARTIES:

3    Before the Court is the *Debtor's Motion to Authorize Sale of Real Property Located at*

4    *150 East La Sierra Drive, Arcadia, California 91006, Free and Clear of Liens* (docket no. 421)

5    (the "Arcadia Sale Motion").  Sound Equity High Income Debt Fund, LLC ("Sound"), has filed an

6    opposition (the "Opposition") (docket no. 433) to the Arcadia Sale Motion.

7    Jinzheng Group (USA) LLC respectfully requests that the Court overrule the Opposition on

8    the grounds set forth herein and approve the Arcadia Sale Motion in its entirety.

9

10    DATED:  November 8, 2022              DANNING, GILL, ISRAEL & KRASNOFF, LLP

11

12                                          By:    */s/ Alphamorlai L. Kebeh*
13                                          ALPHAMORLAI L. KEBEH
                                            General Bankruptcy Counsel for Jinzheng Group
14                                          (USA) LLC, Debtor and Debtor in Possession

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Just as in the Debtor's previous sale motion involving a Van Nuys condominium,[1] the Debtor's goal in the Arcadia Sale Motion is to generate value for the benefit of the estate and its creditors and set aside part of the proceeds in order to investigate objectionable portions of claims.

Once again, the Debtor's attempt to fulfill its fiduciary duty is met with opposition.  While the objecting creditor is different, the circumstances of the contemplated sale are substantially similar: the Debtor's property is encumbered by a secured claim that has asserted an exorbitant amount of default interest and other charges.  Based on the payoff statement provided by Sound dated September 22, 2022, the underlying note secured by the lien against the Debtor's property is allegedly comprised of a principal debt of $1,551,633.59, standard interest charges in the amount of $130,193.28, default interest charges in the sum of approximately $196,672.80 (the "Default Interest"), attorneys' fees in the amount of at least $8,100.00 (the "Attorneys' Fees"), and various other fees and charges in the amount of $54,658.58 (the "Miscellaneous Fees").[2]  The Debtor believes that the Default Interest, Attorneys' Fees, and Miscellaneous Fees (collectively, the "Disputed Portions") are subject to challenge based on applicable authorities.  Accordingly, the Debtor intends to object to the Disputed Portions in an effort to preserve a substantial portion of the proposed sale's net proceeds for the benefit of the Debtor's estate and its creditors.

To be clear, the Debtor expects to pay the following amounts to Sound on account of its alleged claims through October 31, 2022, without prejudice to the Debtor disputing and objecting to the contractual non-default interest rate at a later time:

---

[1] See Debtor's Motion to Authorize Sale of Real Property Located at 6840 De Celis Place, Apt. 9, Van Nuys, California (docket no. 387) (the "Van Nuys Sale Motion").

[2] These amounts are updated to reflect their alleged totals through October 31, 2022, based on the figures provided in Sound's most recent payoff dated September 22, 2022, and attached to the Van Nuys Sale Motion as Exhibit "5."

|  | Principal | Contractual Standard Interest |
|---|---|---|
| Sound | $1,551,633.59 | $130,193.28 |

The Debtor is requesting to hold back in escrow the following amounts until the Debtor's disputes are resolved:

|  | Default Interest through October 31, 2022 (amount in excess of Contract Standard Interest) | Attorneys' Fees | Other Charges |
|---|---|---|---|
| Sound | $196,672.80 | $8,100.00 | $54,658.58 |

The above amounts are calculated based on the most recent payoff statement the Debtor has received from Sound, dated September 27, 2022.  In addition to these amounts, the Debtor is willing to hold back in escrow an additional $5,000 from the net sale proceeds to account for any discrepancies in calculations or additional allowable fees.

The relevant standard with respect to whether the value of the Disputed Portions should be set aside from the net proceeds of the contemplated sale is set forth in section 363(f)(4) of the Bankruptcy Code: the existence of a "bona fide dispute."  According to section 363(f)(4), the Opposition should be overruled in its entirety because the Debtor has shown that there is a bona fide dispute over the validity of the Disputed Portions.  As demonstrated in this reply, the factual circumstances of this bankruptcy case present an argument that the Disputed Portions are subject to challenge under the Bankruptcy Code and applicable case law.

## II.

## DISCUSSION

### A.    The Debtor Is Entitled To Sell The Arcadia Property Free And Clear Of The Disputed Portions Of Sound's Lien

Section 363(f) of the Bankruptcy Code states: "the [debtor] may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other

1  than the estate, only if" one of five relevant circumstances applies.  One of those five circumstances

2  is that "such interest is in bona fide dispute."  11 U.S.C. § 363(f)(4).  While the Bankruptcy Code

3  does not define "bona fide dispute", the standard developed by courts considers whether there is

4  "an objective basis for either a factual or legal dispute" as to the validity of the asserted interest.

5  Liberty Tool & Manufacturing v. Vortex Fishing Sys., Inc. (In re Vortex Fishing Sys., Inc.), 277

6  F.3d 1057, 1064 (9th Cir. 2002); accord In re Taylor, 198 B.R. 142, 162 (Bankr. D.S.C. 1996).

7  This standard does not require the Court to determine the probability of success on the merits of the

8  dispute, nor does it require a resolution of the dispute.  See Id. ("This standard does not require that

9  the Court resolve the underlying dispute or determine the probable outcome of the dispute, but

10  merely whether one exists"); See also In re Gerwer, 898 F.2d 730, 733 (9th Cir. 1990); See also In

11  re Collins, 180 B.R. 447, 452 (Bankr. E.D. Va. 1995) ("Clearly this standard does not require the

12  Court to resolve the underlying dispute, just determine its existence");  See also In re Octagon

13  Roofing, 123 B.R. 583, 590 (Bankr. N.D. Ill. 1991) ("a court need not determine the probable

14  outcome of the dispute, but merely whether one exists").  Further, the underlying dispute need not

15  be the subject of an ongoing or immediate adversary proceeding.  In re Oneida Lake, 114 B.R. 352,

16  358 (Bankr. N.D.N.Y. 1990).  Indeed, as stated by the Ninth Circuit Bankruptcy Appellate Panel,

17  the purpose of 363(f)(4) is to "permit property of the estate to be sold free and clear of interests that

18  are disputed by the representative of the estate so that liquidation of the estate's assets need not be

19  delayed while such disputes are being litigated."  In re Clark, 266 B.R. 163, 172 (B.A.P. 9th Cir.

20  2001).

21          That "such interest is in bona fide dispute" is the only standard that the Debtor must meet at

22  this stage.  As the Debtor demonstrated in the Arcadia Sale Motion, the factual circumstances of

23  this bankruptcy case have presented a basis to challenge the Disputed Portions under the

24  Bankruptcy Code and applicable case law.  Thus, the Disputed Portions are subject to a bona fide

25  dispute.  Courts have unequivocally expressed that when junior or unsecured creditors will be

26  harmed as a result of an award of default interest, the equities of awarding such interest to an

27  oversecured creditor must be seriously considered. See, e.g., In re DWS Invs., Inc., 121 B.R. 845,

28

849 (Bankr. C.D. Cal. 1990) (post-petition default interest disallowed because "[t]he estate is insolvent and the unsecured creditors are unlikely to receive a distribution.").

Here, if the Debtor prevails in its anticipated objection to the Default Interest and other charges, it will recover nearly $260,000 for the benefit of the estate.  On its face, this is a substantial sum that will objectively impact the junior and unsecured creditors in this case. Furthermore, the Debtor owns three other properties encumbered by liens of secured creditors who may also assert exorbitant amounts of default interest and charges that are subject to challenge on equitable grounds.  When selling the other properties, the Debtor anticipates challenging the objectionable aspects of the other claims as well.  Absent a global challenge to such interests, the estate will lose a significant amount of potential value that will harm the estate and its creditors. Thus, there exists an objective basis to object to the Disputed Portions, marking the end of the 363(f)(4) analysis, the only relevant analysis at this procedural stage.

The Debtor has also demonstrated the existence of a bona fide dispute as to the Attorneys' Fees and Miscellaneous Fees.  Similar to the Default Interest analysis, the portion of the liens and secured claims against the Debtor's various properties attributable to attorneys' fees and Miscellaneous Fees, collectively, likely presents a significant and potentially unreasonable sum when considering the possibility that there may be insufficient funds to pay unsecured claims.

        1.    <u>The Authorities Cited in the Debtor's Sale Motion Support a Finding of a Bona Fide Dispute</u>

In the Opposition, Sound states "It is a long-standing principal of bankruptcy law that a secured creditor's lien passes through bankruptcy proceedings unaffected."  Opposition, p. 9. Sound attempts to distinguish the authorities cited and states that the parties' dispute with respect to the allowability of Sound's default interest and fees has "no factual or legal support."  Opposition, p. 14.

Both of these statements are incorrect.  As stated in the Arcadia Sale Motion, "bankruptcy courts have applied a presumption of allowability for contracted-for default rates."  Arcadia Sale Motion, p. 14.  That presumption is subject to rebuttal.  The presumption can be overcome through various methods, as explained in the authorities cited by the Debtor in the Arcadia Sale Motion.

1    Sound attempts to distinguish these authorities by ignoring portions that are unfavorable to Sounds'

2    position.  For example, Sound cites to <u>Gen. Elec. Cap. Corp. v. Future Media Prods., Inc.</u> and

3    asserts that the Ninth Circuit does not consider the equities of a case when determining the

4    allowability of default interest.  Opposition, p. 11-12.  However, the court in <u>Future Media</u> directly

5    cites to two cases that expressly call for equitable considerations in such an analysis:

> This rule has been applied in many bankruptcy courts and in two of our sister
> circuits. <u>See</u>, <u>e.g.</u>, <u>In re Laymon</u>, 958 F.2d 72, 75 (5th Cir. 1992) (holding "that
> when an oversecured creditor's claim arises from a contract, **the contract provides
> the rate of post-petition interest," subject to examination of "the equities
> involved in [the] bankruptcy proceeding"),** cert. den., 506 U.S. 917, 113 S.Ct.
> 328, 121 L.Ed.2d 247 (1992); <u>In re Terry Ltd. P'ship</u>, 27 F.3d 241, 243 (7th Cir.
> 1994) (**noting the general rule that there is a "presumption in favor of the
> contract rate subject to rebuttal based on equitable considerations"**).

<u>Gen. Elec. Cap. Corp. v. Future Media Prods., Inc.</u>, 547 F.3d 956, 961 (9th Cir. 2008) (emphasis

added).  The Ninth Circuit Court of Appeals cited these cases to support its position and thus, the

express inclusion of the above emphasized quotes, should be read as an express endorsement of

these portions of the quoted courts' rulings.

    Sound then goes on to mention many of the other cases cited in the Arcadia Sale Motion in

furtherance of the proposition that default interest is not subject to equitable considerations,

claiming that they are either "(A) not in the Ninth Circuit and not subject to the mandatory

authority of *Future Media*; and/or (B) were decided long before the Supreme Court's decision in

*Travelers* and *Future Media*; and/or (C) found that the oversecured creditor was entitled to default

interest."  Opposition, p. 12-13.  As to point A: the authority of <u>Future Media</u> is not incongruent

with the holdings of the cases cited by the Debtor.  Additionally, the Debtor's authorities, to the

extent they are not binding, are persuasive and indicative of the proper standard for analyzing the

allowability of default interest.  Moreover, the Ninth Circuit Bankruptcy Appellate Panel, since

<u>Future Media,</u> has noted that the presumption in favor of contract rates may be overcome based on

equitable considerations.  <u>In re Beltway One Dev. Grp., LLC</u>, 547 B.R. 819, 830 (B.A.P. 9th Cir.

2016).  As to point B: the fact that some of the cases cited by the Debtor were decided prior to

<u>Travelers</u> and <u>Future Media</u> does not render them invalid.  All of the cases cited by the Debtor

represent valid, legitimate authority and have not been overturned.  And none of the case law cited

1  by Sound rejects longstanding Supreme Court and Ninth Circuit precedent that grants bankruptcy

2  courts equitable discretion on this issue.  In re Boardwalk Partners, 171 B.R. 87, 92 (Bankr. D.

3  Ariz. 1994) ("Distilling this combination of Supreme Court, Ninth Circuit, and other authority to its

4  essence … the contract rate [] may include [] post-maturity default rate, **depending upon the**

5  **equities of the case**.") (emphasis added).  With respect to point C: Sound does not articulate an

6  argument that challenges the established concept that default interest may be disallowed based on

7  equitable principles.  The disposition of a different case analyzing the same issue does not change

8  this.  In fact, the In re 3MB court's consideration of equitable factors only serves to reinforce the

9  idea that default interest may be subject to challenge on equitable principles and that a

10  disagreement on that basis constitutes a bona fide dispute under section 363(f).  Indeed, the 3MB

11  court devoted an entire section of its opinion to evaluating the equities in the case.  In re 3MB,

12  LLC, 609 B.R. 849-51 (Bankr. E.D. Cal. 2019).

13         Furthermore, this Court considered the same authorities when analyzing the same issue in

14  the Debtor's previous sale motion.[3]  In its tentative ruling on the Van Nuys Sale Motion, which the

15  Court adopted as its final ruling, the Court determined that there is a bona fide dispute as the

16  allowability of multiple lienholders' claims for default interest and other charges.  RJN, Exhibit 9.

17  The Court addressed the Debtor's position that the equities may be considered in determining

18  whether default interest and other charges should be allowed with respect to an oversecured claim.

19  While the Court did not determine the ultimate issue, the Court found that the Debtor's arguments,

20  relying on the authorities that Sound attempts to minimize, supported the existence of a bona fide

21  dispute.  Sound's attacks on the authorities cited by the Debtor are unfounded.

22

23

24

25

26

---

27  [3] See Van Nuys Sale Motion (docket no. 387), order thereon (docket no. 436) and detailed ruling at
28  Exhibit "9" to RJN.

2.    <u>The Opposition Misunderstands the Relief Sought in the Arcadia Sale</u>
<u>Motion</u>

At multiple points in the Opposition, Sound denounces any attempt to "strip Sound Equity's fully secured claim to pay administrative creditors of this estate."  Opposition, p. 1; See also Opposition p. 7, 14, 16.  This grievance mischaracterizes the Debtor's intentions.  The Debtor is not attempting to strip Sound of its lien against the Property.  The Debtor has only recognized that the amount of default interest and other charges alleged on behalf of such lien are inequitable, and is requesting a form of relief well established in the Bankruptcy Code and case law in order to prevent such a level of interest and charges from adversely affecting the Debtor's estate.  Being forced to resolve Sound's inflated lien before selling would prevent the Debtor from liquidating the asset as quickly as it is doing, thereby impeding the Debtor's duties as a fiduciary of the estate.  The motivation for the Debtor's requested relief is not, as the Opposition accuses, to "[free] funds to pay professionals in an administratively insolvent estate."  Opposition, p. 14.  As the Arcadia Sale Motion states, any proceeds held back from the sale of the Property would be held in escrow, subject to further Court order.  Arcadia Sale Motion, p. 4.  Per the Arcadia Sale Motion, Sound will be paid its principal and standard interest through escrow.  Arcadia Sale Motion, p. 5.  The Debtor's objective is to employ the tools provided by the Bankruptcy Code to adjudicate the validity of Sound's claim in excess of what is equitable, and ensure that an excessive rate and charges do not result in unfair treatment toward the other creditors of this estate.

B.    **<u>Sound's Rights with Respect to the Transfer of the Property Have Not Been</u>**
**<u>Prejudiced</u>**

Sound's Opposition asserts that the Debtor is judicially estopped from requesting the relief in the Arcadia Sale Motion because withholding default interest and other charges alleged on account of Sound's lien would prejudice Sound's rights.  Opposition, p. 16.  Sound notes that the Debtor's motion to authorize the transfer of title to the Property from 150 La Sierra, LLC, to the Debtor (the "Transfer") was without prejudice to the rights of creditors of La Sierra or lienholders in the Property.  Docket no. 278, p. 2, lines 6-7.  This argument is misguided.  The Transfer did not, in and of itself, alter Sound's rights with respect to the Property.  However, that does not mean that

1   Sound's rights can never be challenged at any time after that Transfer under applicable law.

2   Sound's lien does not grant it a blank check to collect any amount of money it asserts upon the sale

3   of the Property.  Just as any other encumbrance, Sound's lien is subject to the applicable laws of

4   the relevant jurisdiction.  Additionally, should the Arcadia Sale Motion be granted, the requested

5   withholding of default interest and other charges would not be by operation of the Transfer.

6   Rather, it would be effected by the provisions of the Bankruptcy Code, specifically section 363(f).

7   Accordingly, the relief requested in the Arcadia Sale Motion and the Transfer are wholly separate

8   and do not give rise to a judicial estoppel claim.

9       C.      **150 La Sierra, LLC's Draws on Sound's Loan are Irrelevant to this Analysis**

10      The Debtor reiterates that the only applicable standard to determine whether the Property

11  may be sold free and clear of the Disputed Portions is the existence of a bona fide dispute under

12  section 363(f)(4).  Despite this, the Debtor wishes to address several statements made in the

13  Opposition.

14      The Opposition focuses on the 150 La Sierra, LLC's draws on Sound's Loan.  Opposition,

15  p. 3, 4, 6, 10, 14.  The Opposition also makes several unsupported claims regarding the Debtor's

16  instructions to 150 La Sierra, LLC in connection with the loan.  Opposition, p. 4, 14.  These

17  statements are speculative and do not discredit the "bona fide dispute" analysis.  The Debtor is an

18  entity that was, in the past, mismanaged.  The Debtor is concerned about how and when proceeds

19  of loans encumbering the Debtor's Property were used.  To that end, the Debtor is actively

20  investigating and prosecuting claims against former managers and consultants who operated its

21  business and caused the secured debts of the Debtor to be incurred.  However, these arguments by

22  Sound do not obviate the existence of a bona fide dispute with respect to the equities of the default

23  interest and other charges.

24

25

26

27

28

# III.

## CONCLUSION

As with the rest of the Debtor's properties, the Debtor has determined that a portion of the value of the liens encumbering the Debtor's assets is objectionable. The Debtor does not seek to disallow all of the liens securing funds that were loaned to the Debtor. But the Debtor disputes, and intends to object to, the excessive interest and other charges on account of such loans. The Debtor's goal in requesting a holdback of such amounts is to prevent any delay in its administration of the estate. If the default interest and other charges asserted by Sound are truly legitimate and valid under the Bankruptcy Code and relevant case law, the Disputed Portions of its claim will be paid in full. However, the Debtor recognizes the potential harm in paying such claims in full at the expense of the estate and its unsecured creditors, particularly when valid authorities support the Debtor's position that such excessive amounts are disallowable. The Debtor has satisfied its burden to demonstrate a bona fide dispute, and accordingly requests that the Court overrule the Opposition and approve the Arcadia Sale Motion in its entirety.

DATED:  November 8, 2022                    DANNING, GILL, ISRAEL & KRASNOFF, LLP


By:      /s/ Alphamorlai L. Kebeh
         ALPHAMORLAI L. KEBEH
         General Bankruptcy Counsel for Jinzheng Group
         (USA) LLC, Debtor and Debtor in Possession

1

## **REQUEST FOR JUDICIAL NOTICE**

2      Jinzheng Group (USA) LLC, debtor and debtor-in-possession (the "Debtor"), hereby

3  respectfully requests that the Court take judicial notice of the following facts:

4      1.      Attached hereto as Exhibit "1" is a copy of the Court's tentative ruling on the

5  Debtor's Motion to Authorize Sale of Real Property Located at 6840 De Celis Place, Apt. 9, Van

6  Nuys, California (docket no. 387) (the "Van Nuys Sale Motion").

7

8  DATED:  November 8, 2022              DANNING, GILL, ISRAEL & KRASNOFF, LLP

9

10

11                          By:      _/s/ Alphamorlai L. Kebeh_
                                     ALPHAMORLAI L. KEBEH
12                                   General Bankruptcy Counsel for Jinzheng Group
                                     (USA) LLC, Debtor and Debtor in Possession

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1697170.1  27086                          12

EXHIBIT 1

# United States Bankruptcy Court
## Central District of California
### Los Angeles
### Ernest Robles, Presiding
### Courtroom 1568 Calendar

---

**Monday, October 24, 2022**                                    **Hearing Room    1568**

---

<u>11:00 AM</u>
**2:21-16674    JINZHENG GROUP (USA) LLC**                            **Chapter 11**

#100.00    Hearing
RE: [387] Motion to Sell Property of the Estate Free and Clear of Liens under
Section 363(f) - Debtor's Motion to Authorize Sale of Real Property located at
6840 De Celis Place, Apt. 9, Van Nuys, California 91406, Free and Clear of
Liens

Docket        387

**Tentative Ruling:**

10/21/2022

**Note: Parties may appear at the hearing either in-person or by telephone. The
use of face masks in the courtroom is optional.  Parties electing to appear by
telephone should contact CourtCall at 888-882-6878 no later than one hour
before the hearing.**

For the reasons set forth below, the Court finds that the Debtor is entitled to sell
the Property free and clear of the Disputed Funds as the Debtor has presented a bona
fide dispute under § 363(f)(4). Therefore, the Oppositions are **OVERRULED** and the
Sale Motion is **GRANTED**.

**Key Sale Terms:**
1)    Proposed purchaser: Emmanuel D. Margen, Jr. and Analie E. Margen
2)    Property for sale: 6840 De Celis Place, Apt. 9, Van Nuys, California 91406
3)    Purchase price: $650,000.00
**4)**    Overbids: The initial overbid shall be $660,000.00. Subsequent overbids shall be
in increments of $2,000.00, subject to adjustment by the Court to facilitate
bidding.

**Pleadings Filed and Reviewed:**
1)    Debtor's Notice of Motion and Motion to Authorize Sale of Real Property Located
at 6840 De Celis Place, Apt 9, Van Nuys, California 91406, Free and Clear of
Liens; Memorandum of Points and Authorities, Declarations of Zhao Pu Yang,
Emmanuel D. Margen, Jr., Analie E. Margen, Darren Hubert, and Alphamorlai L.

EXHIBIT 1                    13

**United States Bankruptcy Court**
**Central District of California**
**Los Angeles**
**Ernest Robles, Presiding**
**Courtroom 1568 Calendar**

---

**Monday, October 24, 2022**                                         **Hearing Room    1568**

---

<u>11:00 AM</u>
**CONT...        JINZHENG GROUP (USA) LLC**                                         **Chapter 11**

Kebeh, and Request for Judicial Notice in Support Thereof [Doc. No. 387] (the "Sale Motion")

   a) Debtor's Notice of the Sale Motion [Doc. No. 388]
   b) Notice of Sale of Estate Property [Doc. No. 389]
   c) Notice of Errata re: the Sale Motion [Doc. No. 391]
   d) Notice of Submission of Signature Page of Zhao Pu Yang re: the Sale Motion [Doc. No. 392]

2) Opposition of Investment Management Company, LLC to the Sale Motion [Doc. No. 393] (the "IMC Opposition")
3) Opposition of Michael E. Dorff and Shari L. Dorff to the Sale Motion [Doc. No. 394] (the "Dorff Opposition," and together with the IMC Opposition, the "Oppositions")
4) Debtor's Omnibus Reply to the Oppositions [Doc. No. 401] (the "Reply")

## I. Facts and Summary of Pleadings

The Debtor filed a voluntary Chapter 11 petition on August 24, 2021 (the "Petition Date"). The Debtor continues in possession of its property and is operating and managing its business as a debtor-in-possession. The estate consists of several properties, including a parcel located at 6840 De Celis Place, Apt. 9, Van Nuys, California 91406 (the "Property"). The Debtor requests authority to sell the Property free and clear of liens pursuant to 11 U.S.C. § 363.

With the aid of a broker, the Debtor has agreed to sell the Property to Emmanuel D. Margen, Jr. and Analie E. Margen (collectively, the "Buyer") for $650,000.00. The only remaining requirement to close the sale is the Court's approval, subject to qualified overbids made at the sale hearing. The overbid procedures, which are detailed in the Sale Motion, include a minimum initial overbid of $660,000.00, minimum overbidding increments of $2,000.00, and an initial overbid deposit of $19,800.00 (the "Overbid Procedures"). The Debtor's breakdown of the expected net proceeds from the sale of the Property, after removing the Disputed Funds (as defined below), are:

| Sale Price | $650,000.00 |
| --- | --- |
| Commission to Avenue 8 (2.25%) (Debtor's Broker) | ($14,625.00) |
| Commission to Vidal Capital Investments, Inc. (2%) (Buyers' Broker) | ($13,000.00) |

**United States Bankruptcy Court**
**Central District of California**
**Los Angeles**
**Ernest Robles, Presiding**
**Courtroom 1568 Calendar**

**Monday, October 24, 2022**                                    **Hearing Room    1568**

<u>11:00 AM</u>
**CONT...**    **JINZHENG GROUP (USA) LLC**                        **Chapter 11**

| | |
|---|---|
| Debtor's Broker's expense reimbursements | ($740.00) |
| Sale costs (estimated 2% of Sale Price) | ($13,000.00) |
| IMC Deed of Trust (Principal only) | ($350,000.00) |
| Dorff Deed of Trust (Principal and "Admin" Fees Only) | ($50,350.00) |
| HOA Lien | ($1,347.20) |
| Estimated Net Sale Proceeds | $206,937.80 |

The Property is encumbered by the following liens:

1. A deed of trust in favor of Investment Management Company, LLC ("IMC"), securing a note in the amount of approximately $361,768.75 (the "IMC Deed of Trust"). This amount is comprised of a principal debt of $430,279.75, default interest charges in the sum of $75,277.45, and attorneys' fees in the sum of $5,002.30. The standard interest rate under the IMC Deed of Trust is 12%, which was increased to 24% per a default rider. The Debtor is informed that IMC has agreed to reduce the interest rate to 18%.
2. A deed of trust in favor of Michael E. Dorff and Shari L. Dorff (collectively, the "Dorffs"), securing a note in the amount of approximately $70,621.89 (the "Dorffs Deed of Trust," and together with the IMC Deed of Trust, the "Property Liens"). This amount is comprised of a principal debt of $50,000.00, default interest charges in the sum of $11,287.89, attorneys' fees in the sum of $8,984.00, and miscellaneous admin fees in the amount of $350.00. The standard interest rate under the Dorffs Deed of Trust is 12%, which was increased to 17% per a default rider.
3. A notice of Homeowners Association Assessment Lien in favor of the De Celis Court Homeowners Association in the amount of $1,347.20 (the "HOA Lien").

The Debtor disputes the default interest accrued under the Property Liens (the "Default Interest"), which the Debtor asserts is unreasonable, deviates from market standards, and would harm the estate's unsecured creditors, and the attorneys' fees asserted by the Dorffs (the "Dorffs Attorneys' Fees"), which the Debtor asserts are not

# United States Bankruptcy Court
## Central District of California
### Los Angeles
### Ernest Robles, Presiding
### Courtroom 1568 Calendar

---

**Monday, October 24, 2022**                                    **Hearing Room     1568**

---

<u>11:00 AM</u>
**CONT...      JINZHENG GROUP (USA) LLC**                                    **Chapter 11**

allowable under the Bankruptcy Code and would be a similar detriment to the estate and unsecured creditors (collectively, the "Disputed Funds"). Thus, the Debtor contends that the Disputed Funds are subject to a bona fide dispute under § 363(f)(4) and the Property may be sold free and clear of the Disputed Funds, which would attach to the net sale proceeds.

The Debtor is not requesting an elimination of the Property Liens or an immediate disallowance of the Disputed Funds. The Debtor intends to satisfy the undisputed portions owed under the Property Liens, as detailed above, in full with the net sale proceeds. The Debtor wishes to set aside the net sale proceeds, which the Disputed Funds would attach to, so the proposed sale of the Property may close expeditiously and generate a meaningful distribution for the benefit of the unsecured creditors.

While IMC and the Dorffs do not object to the sale of the Property, they object to the withholding of the net sale proceeds with respect to the Disputed Funds. The Oppositions' main arguments include: (i) the Debtor's bona fide dispute with the Disputed Funds could have been addressed prior to this juncture of the Sale Motion; (ii) the Debtor's anticipated attorney fees and expenses related to prosecuting an objection to the Disputed Funds would be detrimental to the estate and the unsecured creditors; (iii) the Debtor's delay in selling the Property; and (iv) the equities support the allowance of the Disputed Funds. IMC further contends that the IMC Deed of Trust figures are misstated in the Sale Motion "…in view of an obvious refusal by Debtor to accept the 18% default interest rate." The IMC Opposition states the balance of its lien, utilizing a 24% default rate, to be $467,660.08.

In the Reply, the Debtor addresses the Oppositions' main arguments. The Debtor argues that the Disputed Funds are subject to a bona fide dispute under principles of equity because they would greatly reduce any distributions available for the general unsecured creditors. The Debtor asserts that the Oppositions' grievances with the Debtor's timing with respect to the sale of the Property and objecting to the Disputed Funds are irrelevant and inaccurate. The Debtor cites the propositions that, as debtor-in-possession, it may object to a creditor's claim at any time and exercise reasonable business judgment in the administration of the estate.

## II. Findings and Conclusions
### A. The Sale of the Property May be Authorized Under Section 363 of the Bankruptcy Code

Section 363(b) authorizes the sale of estate property out of the ordinary course of business, subject to court approval. The trustee or debtor-in-possession must articulate

# United States Bankruptcy Court
## Central District of California
### Los Angeles
### Ernest Robles, Presiding
### Courtroom 1568 Calendar

---

**Monday, October 24, 2022**                                              **Hearing Room    1568**

---

<u>11:00 AM</u>
**CONT...       JINZHENG GROUP (USA) LLC**                              **Chapter 11**

a business justification for the sale. *In re Walter*, 83 B.R. 14, 19–20 (9th Cir. BAP 1988). Whether the articulated business justification is sufficient "depends on the case," in view of "all salient factors pertaining to the proceeding." *Id*. at 19–20. "The court's obligation in § 363(b) sales is to assure that optimal value is realized by the estate under the circumstances." *Simantob v. Claims Prosecutor, LLC (In re Lahijani)*, 325 B.R. 282, 288 (B.A.P. 9th Cir. 2005).

The Court finds that the proposed sale of the Property, subject to the Overbid Procedures, will effectively maximize the value of the estate's interest in the Property and, therefore, is an exercise of the Debtor's reasonable business judgment. The Debtor retained a licensed real estate broker to list, market, and aid in selling the Property. The Debtor has obtained the Buyer's offer, subject to the Overbid Procedures, which is the highest and best offer received to date. The sales price was a result of arms-length negotiations with the Buyer and the Debtor believes that it represents a fair and adequate price for the Property. The Oppositions do not object to the sale of the Property or the proposed sales price.

Relatedly, upon reviewing the declarations attached to the Sale Motion, the Court finds that the Buyer is a good faith purchaser entitled to the protections of § 363(m). In the event that an overbidder prevails at the auction, the Court will take testimony from such overbidder to determine whether § 363(m) protections are warranted.

Additionally, the Debtor may pay brokerage commissions, ordinary and customary costs of sale (including title and escrow fees) through escrow, and reimburse the Debtor's broker's out of pocket expenses.

**<u>B. The Property May be Sold Free and Clear of the Disputed Funds Pursuant to § 363(f)(4)</u>**

Section 363(f) of the Bankruptcy Code provides that, upon certain conditions, the trustee (or debtor-in-possession) may sell property free and clear of a lien or interest in such property:

> The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if—
>
> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
> (2) such entity consents;

# United States Bankruptcy Court
## Central District of California
### Los Angeles
### Ernest Robles, Presiding
### Courtroom 1568 Calendar

---

**Monday, October 24, 2022**                                    **Hearing Room        1568**

---

11:00 AM
**CONT...        JINZHENG GROUP (USA) LLC**                                        **Chapter 11**

    (3) such interest is a lien and the price at which such property is to be
        sold is greater than the aggregate value of all liens on such
        property;

    (4) such interest is in bona fide dispute; or

    (5) such entity could be compelled, in a legal or equitable proceeding,
        to
        accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

    A bona fide dispute exists if there is "an objective basis for either a factual or a legal dispute" as to an interest in property of the estate. *Liberty Tool & Manufacturing v. Vortex Fishing Sys., Inc. (In re Vortex Fishing Sys., Inc.)*, 277 F.3d 1057, 1064 (9th Cir. 2002). **[Note 1]** "Under this standard, a court need not determine the probable outcome of the dispute, but merely whether one exists." *In re Octagon Roofing*, 123 B.R. 583, 590 (Bankr. N.D. Ill. 1991). To meet its burden under § 363(f)(4), the Debtor must do more than merely allege that a dispute exists; instead, the Debtor must identify factual grounds showing an objective basis for the dispute. *Id.* The required evidentiary showing "depends upon a case-by-case consideration of: (i) the procedural posture of the case, (ii) the need to expedite the sale, and (iii) the nature of the basis for determining that a dispute exists." *In re Robotic Vision Sys., Inc.*, 322 B.R. 502, 506 (Bankr. D.N.H. 2005).

    The Court finds that the Debtor has outlined a bona fide dispute with respect to the Disputed Funds. Therefore, the Property may be sold free and clear of the Disputed Funds pursuant to § 363(f)(4). However, the Court is neither finding nor postulating as to the merits of the Debtor's underlying dispute (*i.e.*, whether the Disputed Funds are in fact allowable).

    Per the Sale Motion, in support of finding a bona fide dispute as to the Disputed Funds, the Debtor advances that although bankruptcy courts apply a presumption of allowability for contracted-for default rates, equities may challenge such presumption. *In re Beltway One Dev. Grp., LLC*, 547 B.R. 819, 830 (B.A.P. 9th Cir. 2016) (noting that "the presumptive rule for default interest is also subject to rebuttal based on equitable considerations"). The Debtor asserts that courts weigh various factors when reviewing the allowability of claims for default rates, specifically the potential harm to junior or unsecured creditors. *In re DWS Invs., Inc.*, 121 B.R. 845, 849 (Bankr. C.D. Cal. 1990) (considering the default interest's relation to the market rate of interest, the default interest's relationship to the actual or projected loss as a result of nonpayment,

# United States Bankruptcy Court
## Central District of California
### Los Angeles
### Ernest Robles, Presiding
### Courtroom 1568 Calendar

**Monday, October 24, 2022**                                        **Hearing Room    1568**

<u>11:00 AM</u>
**CONT...        JINZHENG GROUP (USA) LLC**                              **Chapter 11**

the debtor's solvency, and the likelihood of distribution to unsecured creditors); *Id.* at 849 (declining to apply a post-petition default interest rate in part because "[t]he estate is insolvent and the unsecured creditors are unlikely to receive a distribution" if the rate is applied).

Per the Sale Motion, the default interest rates attached to the Property Liens are approximately 3x the market rates at the time the deeds of trust were executed. The Debtor contends that at the present stage of the case, the estate's unsecured creditors will not receive distributions in full satisfaction of their claims, if at all. Moreover, the Debtor notes that the estate does not yet have sufficient funds to pay administrative expenses. Per the Reply, the Disputed Funds total over $85,000.00 (an even higher figure is asserted in the IMC Opposition, as discussed above), which is a substantial sum that would inure to the estate and unsecured creditors. As the payment of the Disputed Funds is directly at the expense of general unsecured creditors, the equities of awarding such monies must be considered.

The Debtor is attempting to liquidate its portfolio of properties to generate funds for the benefit of the estate and its creditors. The Debtor's properties are all encumbered by claims secured by liens, which may also assert exorbitant default interest claims, which the Debtor plans to challenge per the Reply. The Debtor's argument in support of finding a bona fide dispute with respect to the Disputed Funds is that they are inequitable because they would greatly reduce any distributions available for the general unsecured creditors.

The Debtor also disputes the Dorffs' claim for post-petition attorneys' fees in the amount of $8,984.00. Per the Sale Motion, this amount nearly matches the total of default interest accrued and comprises nearly 20% of the underlying note's original value. The Court finds that the Debtor has provided objective evidence to establish a bona fide dispute based on principles of equity as to the Default Interest and the Dorffs Attorneys' Fees.

Additionally, the Court agrees with the Reply's responses to the arguments laid out in the Oppositions. The Oppositions' censure of the Debtor's timing with respect to objecting to the Disputed Funds and the sale of the Property do not negate the Debtor's establishment of a good faith dispute for purposes of § 363(f)(4). The Debtor, as debtor-in-possession, has effectively discharged its duties, which include the goal of maximizing the value to the estate and unsecured creditors.

The Oppositions devote substantial space to arguing the underlying merits of and entitlement to the Disputed Funds. However, the Court is not making a finding as to the allowability of the Disputed Funds at the present time. The Court only finds that

# United States Bankruptcy Court
## Central District of California
### Los Angeles
### Ernest Robles, Presiding
### Courtroom 1568 Calendar

---

**Monday, October 24, 2022**                                        **Hearing Room    1568**

---

<u>11:00 AM</u>
**CONT...      JINZHENG GROUP (USA) LLC**                               **Chapter 11**

the Debtor has outlined a bona fide dispute with respect to the Disputed Funds.
Therefore, the Court finds that the Property may be sold free and clear of the Disputed
Funds. The Disputed Funds shall attach to the net sale proceeds, with the same force,
effect, validity and priority that they have with respect to the Property. The net sale
proceeds are to be held in escrow, not to be distributed, pending the Court's review
and determination of the substantive arguments regarding the allowability of the
Disputed Funds. **[Note 2]**

### C. The Overbid Procedures are Approved

The Overbid Procedures, which are summarized above and outlined in the Sale
Motion, are approved. In the event that any qualified overbidders are present, the
Court will conduct the auction in accordance with the Overbid Procedures. The
overbid increment is subject to adjustment by the Court to facilitate bidding. The
Court will announce each bid level; however, parties are free to submit bids in excess
of the bid level announced by the Court. To remain in the auction, bidders must
participate at all bid levels. That is, parties who do not bid in a round cannot later
change their minds and re-enter the auction.

### D. Waiver of FRBP 6004(h) is Granted

The order approving the sale of the Property shall take effect immediately upon
entry. It is in the best interests of the estate and the creditors to complete the sale of
the Property at the earliest possible time. Therefore, to ensure an expeditious closing,
the Court grants the Debtor's requested waiver of the 14-day stay of the effect of the
sale order. Additionally, the Debtor is authorized to execute all documents and
instruments necessary to effectuate the sale of the Property.

## III. Conclusion

In the Oppositions, IMC and the Dorffs devote substantial space to arguing the
underlying merits of and their entitlement to the Disputed Funds. However, the Court
is not making a finding as to the allowability of the Disputed Funds at the present
time. The Court only finds that the Debtor has outlined a bona fide dispute with
respect to the Disputed Funds. The net sale proceeds are to be held in escrow, not to
be distributed, pending the Court's determination of the allowability of the Disputed
Funds.

For the reasons set forth above, the Court finds that the Debtor is entitled to
sell the Property free and clear of the Disputed Funds as the Debtor has presented a

# United States Bankruptcy Court
## Central District of California
### Los Angeles
### Ernest Robles, Presiding
### Courtroom 1568 Calendar

**Monday, October 24, 2022**                                          **Hearing Room    1568**

---

<u>11:00 AM</u>
**CONT...      JINZHENG GROUP (USA) LLC**                                          **Chapter 11**

bona fide dispute under § 363(f)(4). Therefore, the Oppositions are **OVERRULED** and the Sale Motion is **GRANTED**. Within seven days of the hearing, the Debtor shall submit an order incorporating this tentative ruling by reference.

**Note 1:** Although *Vortex Fishing* defined "bona fide dispute" for purposes of § 303, courts have held that § 303's definition of "bona fide dispute" also applies in the context of § 363(f)(4). *See, e.g.*, *In re Octagon Roofing*, 123 B.R. 583, 590 (Bankr. N.D. Ill. 1991); *Union Planters Bank, N.A. v. Burns (In re Gaylord Grain L.L.C.)*, 306 B.R. 624, 627 (B.A.P. 8th Cir. 2004).

**Note 2:** The holdback of the net sale proceeds shall include sufficient capital to pay the Disputed Funds, including the default interest of 24% for the ICM Deed of Trust and 17% for the Dorffs Deed of Trust, up to such time that the Court enters an order determining the allowability of the Disputed Funds.

| Party Information |
|---|

**Debtor(s):**

JINZHENG GROUP (USA) LLC              Represented By
                                      Zev  Shechtman
                                      Alphamorlai Lamine Kebeh
                                      Danielle R Gabai

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 1901 Avenue of the Stars, Suite 450, Los Angeles, CA 90067-6006.

A true and correct copy of the foregoing document entitled (*specify*):  DEBTOR'S REPLY TO OPPOSITION OF SOUND EQUITY HIGH INCOME DEBT FUND, LLC'S TO DEBTOR'S MOTION TO AUTHORIZE SALE OF REAL PROPERTY LOCATED AT 150 EAST LA SIERRA DRIVE, ARCADIA, CALIFORNIA 91006, FREE AND CLEAR OF LIENS [DOC. NO. 433]; REQUEST FOR JUDICIAL NOTICE  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On November 8, 2022  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

⊠ Service information continued on attached page.

**2.  SERVED BY UNITED STATES MAIL**: On  November 8, 2022 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by causing to be placed a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

**3. SERVED BY OVERNIGHT MAIL**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on November 8, 2022, I served the following persons and/or entities by overnight mail service as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

⊠ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 8, 2022 | Beverly Lew | /s/ Beverly Lew |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                          **F 9013-3.1.PROOF.SERVICE**

<u>**ADDITIONAL SERVICE INFORMATION**</u> (if needed):

## 1. <u>SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")</u>

Donna C Bullock on behalf of Interested Party Donna Bullock Carrera
donnabullockcarrera@yahoo.com, donna.bullock@ymail.com

Steven P Chang on behalf of Interested Party Courtesy NEF
heidi@spclawoffice.com,
schang@spclawoffice.com,assistant1@spclawoffice.com,attorney@spclawoffice.com;g9806@notify.cincom
pass.com;changsr75251@notify.bestcase.com

Michael F Chekian on behalf of Creditor The Phalanx Group
mike@cheklaw.com, chekianmr84018@notify.bestcase.com

Michael F Chekian on behalf of Interested Party Chekian Law Office, Inc.
mike@cheklaw.com, chekianmr84018@notify.bestcase.com

Heidi M Cheng on behalf of Plaintiff JINZHENG GROUP (USA) LLC
heidi@slclawoffice.com,
assistant1@spclawoffice.com;schang@spclawoffice.com;chenghr75251@notify.bestcase.com

Susan Titus Collins on behalf of Interested Party INTERESTED PARTY
scollins@counsel.lacounty.gov

Nicholas S Couchot on behalf of Creditor Royal Business Bank
ncouchot@buchalter.com, docket@buchalter.com;marias@buchalter.com

Jeffrey W Dulberg on behalf of Creditor Committee OFFICIAL COMMITTEE OF UNSECURED
CREDITORS
jdulberg@pszjlaw.com

Oscar Estrada on behalf of Creditor LOS ANGELES COUNTY TREASURER AND TAX COLLECTOR
oestrada@ttc.lacounty.gov

Danielle R Gabai on behalf of Debtor JINZHENG GROUP (USA) LLC
dgabai@danninggill.com, dgabai@ecf.courtdrive.com

Runmin Gao on behalf of Plaintiff JINZHENG GROUP (USA) LLC
ivy.gao@aalrr.com, alicia.mcmaster@aalrr.com

Runmin Gao on behalf of Plaintiff JINZHENG GROUP (USA) LLC
ivy.gao@aalrr.com, alicia.mcmaster@aalrr.com

Richard Girgado on behalf of Interested Party Courtesy NEF          rgirgado@counsel.lacounty.gov

Brian T Harvey on behalf of Interested Party Courtesy NEF

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                    **F 9013-3.1.PROOF.SERVICE**

bharvey@buchalter.com, IFS_filing@buchalter.com;dbodkin@buchalter.com


M. Jonathan Hayes on behalf of Interested Party Courtesy NEF        jhayes@rhmfirm.com,
roksana@rhmfirm.com;matt@rhmfirm.com;rosario@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.co
m;david@rhmfirm.com;sloan@rhmfirm.com;boshra@rhmfirm.com;rosario@rhmfirm.com


Teddy M Kapur on behalf of Creditor Committee OFFICIAL COMMITTEE OF UNSECURED
CREDITORS
tkapur@pszjlaw.com, mdj@pszjlaw.com


Alphamorlai Lamine Kebeh on behalf of Debtor JINZHENG GROUP (USA) LLC
akebeh@danninggill.com


Alphamorlai Lamine Kebeh on behalf of Plaintiff JINZHENG GROUP (USA) LLC
akebeh@danninggill.com


Peter A Kim on behalf of Attorney LAW OFFICES OF PETER KIM
peter@pkimlaw.com, peterandrewkim@yahoo.com


Peter A Kim on behalf of Defendant Betula Lenta Inc
peter@pkimlaw.com, peterandrewkim@yahoo.com


Peter A Kim on behalf of Defendant David Park
peter@pkimlaw.com, peterandrewkim@yahoo.com


Peter A Kim on behalf of Defendant Jonathan Pae
peter@pkimlaw.com, peterandrewkim@yahoo.com


Christopher J Langley on behalf of Attorney Shioda Langley and Chang LLP
chris@slclawoffice.com,
omar@slclawoffice.com;langleycr75251@notify.bestcase.com;ecf123@casedriver.com


Christopher J Langley on behalf of Plaintiff JINZHENG GROUP (USA) LLC
chris@slclawoffice.com,
omar@slclawoffice.com;langleycr75251@notify.bestcase.com;ecf123@casedriver.com


Paul J Leeds on behalf of Creditor Sound Equity, Inc.
Pleeds@fsl.law, ssanchez@fsl.law


Benjamin R Levinson, ESQ on behalf of Creditor Michael E. Dorff and Shari L. Dorff
ben@benlevinsonlaw.com, courtney@benlevinsonlaw.com


Damian J. Martinez on behalf of Attorney ATKINSON ANDELSON LOYA RUUD & ROMO
damian.martinez@aalrr.com, julissa.ruiz@aalrr.com


Damian J. Martinez on behalf of Plaintiff JINZHENG GROUP (USA) LLC
damian.martinez@aalrr.com, julissa.ruiz@aalrr.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                            F 9013-3.1.PROOF.SERVICE

Damian J. Martinez on behalf of Plaintiff JINZHENG GROUP (USA) LLC
damian.martinez@aalrr.com, julissa.ruiz@aalrr.com

Eric A Mitnick on behalf of Creditor Corona Capital Group LLC
MitnickLaw@gmail.com, mitnicklaw@gmail.com

Eric A Mitnick on behalf of Interested Party Courtesy NEF
MitnickLaw@gmail.com, mitnicklaw@gmail.com

Giovanni Orantes on behalf of Other Professional Orantes Law Firm, P.C.
go@gobklaw.com, gorantes@orantes-
law.com,cmh@gobklaw.com,gobklaw@gmail.com,go@ecf.inforuptcy.com;orantesgr89122@notify.bestcase
.com

Donald W Reid on behalf of Interested Party INTERESTED PARTY
don@donreidlaw.com, ecf@donreidlaw.com

Matthew D. Resnik on behalf of Attorney Matthew Resnik
matt@rhmfirm.com,
roksana@rhmfirm.com;rosario@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.c
om;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.c
om

Matthew D. Resnik on behalf of Creditor Royalty Equity Lending, LLC/Bobs LLC
matt@rhmfirm.com,
roksana@rhmfirm.com;rosario@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.c
om;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.c
om

Matthew D. Resnik on behalf of Interested Party Courtesy NEF
matt@rhmfirm.com,
roksana@rhmfirm.com;rosario@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.c
om;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.c
om

Peter J Ryan on behalf of Defendant Testa Capital Group
ryan@floresryan.com, schneider@floresryan.com

Peter J Ryan on behalf of Defendant Thomas L. Testa
ryan@floresryan.com, schneider@floresryan.com

Allan D Sarver on behalf of Creditor Investment Management Company LLC
ADS@asarverlaw.com

Allan D Sarver on behalf of Interested Party Courtesy NEF          ADS@asarverlaw.com

Zev Shechtman on behalf of Attorney DANNING, GILL, ISRAEL & KRASNOFF, LLP

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                    F 9013-3.1.PROOF.SERVICE

zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com

Zev Shechtman on behalf of Debtor JINZHENG GROUP (USA) LLC
zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com


Zev Shechtman on behalf of Interested Party INTERESTED PARTY
zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com

Zev Shechtman on behalf of Plaintiff JINZHENG GROUP (USA) LLC
zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com

David Samuel Shevitz on behalf of Interested Party INTERESTED PARTY
david@shevitzlawfirm.com,
shevitzlawfirm@ecf.courtdrive.com;r48785@notify.bestcase.com;Jose@shevitzlawfirm.com

John N Tedford, IV on behalf of Interested Party INTERESTED PARTY
jtedford@DanningGill.com, danninggill@gmail.com;jtedford@ecf.courtdrive.com

United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

Hatty K Yip on behalf of U.S. Trustee United States Trustee (LA)
hatty.yip@usdoj.gov, hatty.k.yip@usdoj.gov

## 3.  <u>SERVED BY OVERNIGHT MAIL</u>

The Honorable Ernest M. Robles
U.S. Bankruptcy Court
255 E. Temple Street, Suite 1560
Los Angeles, CA 90012

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**