# United States Bankruptcy Court
## Central District of California
Los Angeles
Ernest Robles, Presiding
Courtroom 1568 Calendar

---

**Tuesday, December 20, 2022**                                                          **Hearing Room**    **1568**

---

**11:00 AM**
**2:21-16674**    **JINZHENG GROUP (USA) LLC**                                                          **Chapter 11**

   **#102.00**    Hearing
RE: [462] Plaintiff Jinzheng Group (USA), LLC'S Motion To Compel Defendant Betty Zheng and for Related Relief  LLC (Martinez, Damian)

                          Docket    462

**Matter Notes:**

   12/20/2022

   The tentative ruling will be the order.
   Party to lodge order: As set forth in the Tentative Ruling

   POST PDF OF TENTATIVE OR AMENDED TENTATIVE RULING TO CIAO

**Tentative Ruling:**

   12/20/2022

   **Note: Parties may appear at the hearing either in-person or by telephone. The use of face masks in the courtroom is optional. Parties electing to appear by telephone should contact CourtCall at 888-882-6878 no later than one hour before the hearing.**

   Appearances required. For the reasons set forth below, the Motion is **GRANTED**.

   **Pleadings Filed and Reviewed:**
   1) Plaintiff Jinzheng Group (USA), LLC's Motion to Compel Defendant Betty Zheng and for Related Relief [Bankr. Doc. No. 462]
   2) Memorandum of Points and Authorities in Opposition to Motions to Compel [Doc. No. 27, Adv. No. 2:22-ap-01088]
   3) Plaintiff Jinzheng Group (USA) LLC's Reply in Support of Motion to Compel Defendant Betty Zheng and for Related Relief [Bankr. Doc. No. 472]

## I. Facts and Summary of Pleadings

# United States Bankruptcy Court
## Central District of California
Los Angeles
Ernest Robles, Presiding
Courtroom 1568 Calendar

**Tuesday, December 20, 2022**                                              **Hearing Room  1568**

11:00 AM
CONT...        **JINZHENG GROUP (USA) LLC**                                           **Chapter 11**

　　On August 24, 2021 (the "Petition Date"), Jinzheng Group (USA) LLC (the "Debtor") filed a voluntary Chapter 11 petition. The Debtor is pursuing two adversary proceedings against Betty Bao Zheng ("Zheng") and various other co-defendants (the "Adversary Proceedings"). In the Adversary Proceedings, the Debtor alleges that Zheng and her co-defendants defrauded the Debtor of millions of dollars by submitting false invoices.

　　The Debtor moves to compel Zheng (1) to provide substantive responses to the Debtor's First Set of Requests for Production (the "RFP") and Interrogatories within fourteen days, (2) to produce all documents responsive to the RFP within fourteen days, and (3) to submit to a deposition within twenty-one days. The Debtor also seeks sanctions in the amount of $9,918 against Zheng and her attorney, David Browne ("Browne"), based upon Zheng's failure to comply with her discovery obligations. The Debtor states (1) that Zheng failed to appear for a deposition that had been noticed for October 10, 2022, notwithstanding the fact that upon Zheng's request, the Debtor had repeatedly continued the deposition; and (2) that Zheng and Browne ceased communicating with the Debtor on October 5, 2022.

　　Zheng opposes the Motion. She first argues that she did not appear in the action until December 16, 2022, that she was not a party to the action prior to that date, and that therefore she was not obligated to respond to the discovery. She next argues that the Motion to Compel was not properly served upon her.

　　The Debtor argues that Zheng was a party to the action, and was obligated to respond to discovery, because she was personally served with the Summons and Complaint in both actions.

## II. Findings and Conclusions

　　The Proof of Service on the Motion does not list Zheng's attorney, Browne, among the parties served with the Motion. In addition, Browne states that the Motion was not properly served upon him. However, Browne was aware of the Motion, as indicated by the fact that he filed an Opposition. Therefore, the December 20, 2022 hearing on the Motion will go forward.

### A. The Motion to Compel is Granted

　　Civil Rule 37(a)(1) provides: "On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to

# United States Bankruptcy Court
## Central District of California
Los Angeles
**Ernest Robles, Presiding**
**Courtroom 1568 Calendar**

**Tuesday, December 20, 2022**                                                         Hearing Room    1568

11:00 AM
**CONT...**       **JINZHENG GROUP (USA) LLC**                                                        **Chapter 11**

obtain it without court action." Production of documents may be compelled if "a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." Civil Rule 37(a)(3)(B)(iv).

"Parties are permitted to discover any relevant nonprivileged matter. Fed.R.Civ.P. 26(b)(1). This rule is construed very broadly, encompassing 'any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.' Discovery is not limited to the issues raised only in the pleadings, but rather it is designed to define and clarify the issues." *Miller v. Pancucci*, 141 F.R.D. 292, 296 (C.D. Cal. 1992). "The party opposing discovery bears the burden of resisting disclosure." *Rogers v. Giurbino*, 288 F.R.D. 469, 478-79 (S.D. Cal. 2012).

There is no merit to the argument that Zheng was not a party to the action prior to December 16, 2022. Zheng became a party to the action at the time the Summons and Complaint were personally served upon her approximately nine months ago. Further, the record establishes that Zheng is well aware of the litigation. During the past nine months, she has communicated with Debtor's counsel on multiple occasions to request a continuance of her deposition.

Zheng has failed to appear for a properly-noticed deposition and has failed to respond to discovery to which the Debtor is entitled. The Debtor attempted in good faith to meet and confer with Zheng's counsel, Browne, prior to filing the Motion, as required by Civil Rule 37. These efforts were fruitless because Browne failed to respond to any of the Debtor's communications.

Zheng is **ORDERED** to substantively respond to the RFP and the Interrogatories (collectively, the "Written Discovery") by no later than **January 13, 2023**. Zheng is **FURTHER ORDERED** to produce all documents in Zheng's possession, custody, or control that are responsive to the RFP by no later than **January 13, 2023**. Finally, Zheng is **ORDERED** to submit to a deposition, to be held on a date to be noticed by the Debtor on or before **January 20, 2023**.

### B. The Court Awards Sanctions to the Debtor
Civil Rule 37(a)(5)(A) provides that where a motion to compel discovery is granted, the "court must, after giving an opportunity to be heard, require the party or deponent whose conducted necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." However, if any of the following three circumstances apply, the Court must not order the payment of expenses:

# United States Bankruptcy Court
## Central District of California
Los Angeles
Ernest Robles, Presiding
Courtroom 1568 Calendar

**Tuesday, December 20, 2022**                                                                 **Hearing Room   1568**

<u>11:00 AM</u>
**CONT...      JINZHENG GROUP (USA) LLC                                                                   Chapter 11**

i.   The movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
ii.  The opposing party's nondisclosure, response, or objection was substantially justified; or
iii. Other circumstances make an award of expenses unjust.

Civil Rule 37(a)(5)(A)(i)–(iii).

Here, Debtor attempted to meet and confer prior to filing the Motion. Zheng's failure to respond to discovery was not substantially justified, and there are no circumstances which make an award of expenses unjust. Zheng and Zheng's counsel Browne shall be held jointly and severally liable for the reasonable attorneys' fees incurred by the Debtors in filing the Motion. Having reviewed the Motion, the Court finds the Debtors are entitled to attorneys' fees in the amount of $5,000 as compensation for the costs of compelling Debtor's discovery responses. (Debtor requested $9,918 in attorney's fees as compensation for drafting the Motion to Compel. The Court finds that an award of $5,000 is sufficient to compensate the Debtor for the costs of drafting a straightforward Motion to Compel.)

The fact that Browne was not listed in the Proof of Service of the Motion is not sufficient to decline to award the Debtor attorneys' fees. The record shows that Browne was aware of the discovery demands upon Zheng. The Debtor attempted to communicate with Browne in an effort to elicit compliance with Zheng's discovery obligations without filing the Motion. Zheng should have responded to her discovery obligations in connection with the Debtor's attempts to meet and confer. Zheng and Browne shall be jointly and severally liable for the $5,000 in attorneys' fees awarded by the Court.

| Party Information |
|---|

**Debtor(s):**

    JINZHENG GROUP (USA) LLC              Represented By
                                                                  Zev  Shechtman
                                                                 Alphamorlai Lamine Kebeh
                                                                  Danielle R Gabai
                                                                  Damian J. Martinez