1 | ZEV SHECHTMAN (State Bar No. 266280)
*zs@DanningGill.com*
2 | ALPHAMORLAI L. KEBEH (State Bar No. 336798)
*akebeh@DanningGill.com*
3 | DANNING, GILL, ISRAEL & KRASNOFF, LLP
1901 Avenue of the Stars, Suite 450
4 | Los Angeles, California 90067-6006
Telephone: (310) 277-0077
5 | Facsimile: (310) 277-5735

6 | General Bankruptcy Counsel for Jinzheng Group
(USA) LLC, Debtor and Debtor in Possession
7

8 | **UNITED STATES BANKRUPTCY COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA**

10 | **LOS ANGELES DIVISION**

11 | In re

12 | JINZHENG GROUP (USA) LLC,

13 | Debtor.

Case No. 2:21-bk-16674-ER

Chapter 11

**DEBTOR'S NOTICE OF MOTION AND MOTION FOR APPROVAL OF PROCEDURES FOR AUCTION OF DEBTOR'S REAL PROPERTY; MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATIONS OF MARK CIANCIULLI AND ALPHAMORLAI L. KEBEH,**

Date:      January 4, 2023
Time:      10:00 a.m.
Crtrm.:    1568
              255 East Temple Street
              Los Angeles, California 90012

**PLEASE TAKE NOTICE** that on January 4, 2023, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 1568 of the United States Bankruptcy Court for the Central District of California, located at 255 East Temple Street, Los Angeles, California, debtor and debtor in possession Jinzheng Group (USA) LLC (the "Debtor"), will and does hereby move (the "Motion") for an order approving procedures for a sale conducted by auction of the Debtor's real property located at 2929 Amethyst Street, Los Angeles, California, in addition to several parcels

1701156.1  27086

1

1  adjacent to the Amethyst Street property (collectively, the "Lincoln Heights Property" or the

2  "Property").[1]

3       **PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 6004-

4  1(b)(1), the hearing on this motion has been set on not less than 7 days' notice.

5       **PLEASE TAKE FURTHER NOTICE** pursuant to Local Bankruptcy Rule 6004-1(b)(2),

6  that:

7       1.    **<u>Marketing of Property</u>**.  Since the Debtor engaged the CREM Group and Marcus

8  & Millichap as its real estate brokers (collectively, the "Brokers") on or about June 23, 2022, the

9  Brokers have been committed to effectively and aggressively marketing the Lincoln Heights

10  Property.  On October 20, 2022, a list price of $12,000,000 was added to the listing detail across

11  the various commercial real estate sale mediums on which the Lincoln Heights Property was

12  listed.[2]

13       The Debtor has not yet received a binding offer to purchase the Lincoln Heights Property.

14  Accordingly, the Debtor seeks to move forward with an auction of the Lincoln Heights Property,

15  whereby the Property will continue to be aggressively marketed through the end of 2022 and

16  during the entire month of January and early February 2023.  Thereafter, the Debtor will conduct a

17  2-day virtual auction on February 9 and 10, 2023, where potential buyers would be able to bid on

18  the property in real time.  The Debtor proposes to use an auction platform known as "Ten-X", a

19  highly regarded commercial real estate auction platform that is widely used across the US.

20       The Brokers' current listing agreement expired on December 20, 2022.  The Debtor hereby

21  gives notice that the Debtor has and is extending the listing agreement by 120 days from December

22

23

---

[1] The Lincoln Heights Properties are comprised of 15 separate, mostly adjacent, parcels: 2929
24  Amethyst (APN 5209-009-001), a triplex at 2526-28 Lincoln Park Ave. (APN 5208-025-001), a
duplex at 2520-22 Lincoln Park Ave. (APN 5208-025-002), land at 2602 Lincoln Park Ave, (APN
25  5208-025-014) and land at 2600 Sierra Street (APN 5209-005-003, and the parcels of vacant land
described as the Paradise Drive Lots (APNs (i) 5209-021-002, -005, -006; (ii) 5209-022-007; (iii)
26  5209-023-022, -029; -030; -031; -032; and (iv) 5209-025-006).

27
[2] This list of mediums includes, but its not limited to, CoStar, Loopnet, Crexi, Brevitas, and
28  TheMLS.

1701156.1  27086          2

1  20, 2022, subject to approval of the Bankruptcy Court at the hearing on this motion.

2  Notwithstanding the foregoing, the Debtor will, in consultation with the Committee, consider

3  interviewing a third broker, if a qualified broker is recommended by the Committee or another

4  interested party, whose proposed engagement would be subject to mutual agreement of the Debtor

5  and its Brokers and whose employment would be subject to approval of the Bankruptcy Court.

6

7          2.      **Stalking Horse Bidder.**  The Debtor will continue to entertain inquiries from

8  potential stalking horse bidders.  A bidder will be qualified as the "Stalking Horse Bidder" if by no

9  later than January 31, 2023 such bidder:

10              a.      submits a written offer designated as a "Proposed Stalking Horse Bid" with

11  Deposit in the amount of 3% of the purchase price for the Lincoln Heights Property in an amount

12  not less than $12,000,000;

13              b.      the offer otherwise complies with all of the terms and bidding procedures

14  approved by the Court (the "Stalking Horse Bid").

15          The Debtor will determine by February 3, 2023, in its discretion, and after consulting with

16  the Committee, which bid if any is the most qualified bid to serve as the Stalking Horse Bidder.

17  The Stalking Horse Bidder will receive a breakup fee of 1.50% of the amount of its Stalking Horse

18  Bid if the Stalking Horse Bid remains as a qualified bidder through the closing of the auction but is

19  overbid by another bidder who ultimately succeeds in closing the sale.

20          3.      **Bidding Terms Appliable to All Bidders.** The proposed terms of the auction and

21  sale applicable to all bidders, are as follows:

22              a.      Unless the party is a proposed Stalking Horse Bidder in which case the

23  applicable deadline is mentioned above, by February 6, 2023, all buyers must submit a 3% non-

24  refundable earnest money deposit (the "Deposit") to the Debtor together with a written bid to

25  purchase the Lincoln Heights Property in an amount not less than $12,000,000;

26              b.      All Deposits, bids, and supporting documents shall be delivered: to Zev

27  Shechtman and Alphamorlai Kebeh, 1901 Avenue of the Stars, Suite 450, Los Angeles, CA 90067,

28

1    email: zs@DanningGill.com and akebeh@DanningGill.com, telephone: 310-277-0077 with a copy

2    to the Debtor's Brokers via email at: mark@cremgroupre.com;

3                c.      A qualified bid will include a mark up to the form asset purchase agreement

4    ("Form APA") which Form APA be filed in a supplement hereto, and a Microsoft Word version

5    will be available by request to undersigned counsel and the Debtor's Brokers;

6                d.      A qualified bid will be accompanied by proof of funds in a form and manner

7    satisfactory to the Debtor;

8                e.      A qualified bid will be accompanied by a declaration sufficient to establish

9    the bidder's good faith under section 363(m) of the Bankruptcy Code.  An optional form for such

10   declaration will be provided with the Form APA;

11               f.      Any sale of the Property will be as-is, where-is, without representations or

12   warranties, and no contingencies whatsoever;

13               g.      All bids are subject to the discretion of the Debtor to select the highest and

14   best bid, and any backup bidders, and to continue the auction if the Debtor does not determine one,

15   through and including the hearing date, in consultation with the Committee, and subject to the

16   approval of the Bankruptcy Court;

17               h.      The Debtor will retain possession of the Deposits submitted by the

18   successful bidder and any backup bidder until the closing of the sale;

19               i.      After the conclusion of the auction, the Debtor will file a motion to be heard

20   by the Court no later than March 3, 2023, unless another date is approved by the Court, for

21   approval of the sale pursuant to 11 U.S.C. § 363 (the "Sale Motion").  The Debtor may file the Sale

22   Motion on not less than 14 days' notice, and any opposition will be due not less than 7 days prior to

23   the hearing, with any reply due not less than 2 days before the hearing.  If the Debtor files the Sale

24   Motion on regular notice under LBR 9013-1, i.e., 21 days before the hearing, then standard

25   opposition and reply dates will apply pursuant to LBR 9013-1: i.e., opposition will be due 14 days

26   before the hearing and reply will be due 7 days before the hearing; and

27               j.      A closing of the sale of the Property must take place by March 6, 2023,

28   unless another date is authorized by the Court.

1701156.1  27086                                          4

1    **PLEASE TAKE FURTHER NOTICE** that future notice of the Debtor's proposed sale

2  and the hearing will be given to all creditors and parties in interest in accordance with Federal Rule

3  of Bankruptcy Procedure 2002(a)(2) and Local Bankruptcy Rule 6004-1(c)(3).

4    **PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 6004-

5  1(b)(4), any response in opposition to this Motion must be filed and served at least 1 day prior to

6  the hearing, unless otherwise ordered by the Court.  Documents filed in opposition to the Motion

7  must be served by personal delivery, messenger, fax, or email.  A judge's copy of the opposition

8  must be served on the judge in chambers in accordance with Local Bankruptcy Rule 5005-2(d).  If

9  you do not have any objection to the Motion, you do not need to take any further action.

10    This Motion is based upon this notice and Motion, the Memorandum of Points and

11  Authorities, the declarations of Mark Cianciulli and Alphamorlai L. Kebeh, the papers and

12  pleadings on file in this case, and such other evidence as may be presented to the Court.

13

14  DATED:  December 23, 2022                    DANNING, GILL, ISRAEL & KRASNOFF, LLP

15

16
                                                    By:  _____/s/ ZEV SHECHTMAN_____
17                                                          ZEV SHECHTMAN
                                                          General Bankruptcy Counsel for Jinzheng Group
18                                                        (USA) LLC, Debtor and Debtor in Possession

19

20

21

22

23

24

25

26

27

28

1701156.1  27086                                   5

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS

**A.    Bankruptcy Background**

On August 24, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtor continues in possession of its property and is operating and managing its business as a debtor in possession pursuant to the provisions of 11 U.S.C. §§ 1107(a) and 1108.

**B.    Description of the Property**

The primary asset of this estate is the Debtor's real property located at 2929 Amethyst Street, Los Angeles, California, in addition to several parcels adjacent to the Amethyst Street property (collectively, the "Lincoln Heights Properties").  The Lincoln Heights Properties have the following Assessor Parcel Numbers: 2929 Amethyst (APN 5209-009-001), a triplex at 2526-28 Lincoln Park Ave. (APN 5208-025-001), a duplex at 2520-22 Lincoln Park Ave. (APN 5208-025-002), land at 2602 Lincoln Park Ave, (APN 5208-025-014) and land at 2600 Sierra Street (APN 5209-005-00, and the parcels of vacant land described as the Paradise Drive Lots (APNs (i) 5209-021-002, -005, -006; (ii) 5209-022-007; (iii) 5209-023-022, -029; -030; -031; -032; and (iv) 5209-025-006).  The real property located at 2929 Amethyst Street constitutes the Lincoln Heights Properties' flagship parcel which contains over 31 acres of raw, undeveloped hillside land in the Lincoln Heights neighborhood of Los Angeles.

**C.    Liens Against The Property**

Various parcels of the Lincoln Heights Properties are encumbered by different liens.  Generally, there are four parties with liens against certain parcels:  Royalty Equity Lending LLC/Bobs LLC ("REL"), Michael E. Dorff and Shari L. Dorff (collectively, the "Dorffs"), Breezeblock Capital, LLC ("Breezeblock"), and Helen P. Ho, Trustee of the Helen P. Ho Revocable Trust (the "Ho Trust").  A preliminary title report for each parcel comprising the Lincoln Heights Properties, excepting only the Paradise Drive Lots, for which a further report will

1  be provided with the Sale Motion, is attached to the declaration of Alphamorlai L. Kebeh as

2  Exhibit "1."

3         **1.      Deed of Trust in Favor of Royal Equity Lending/Bobs LLC**

4         On or about September 5, 2018, the Debtor executed a promissory note in favor of REL in

5  the principal sum of $7,000,000, secured by a deed of trust encumbering the following parcels:

6  APNs (i) 5209-009-001; (ii) 5208-025-001; (iii) 5208-025-002, 5208-025-014; (iv) and 5209-005-

7  003.  REL claims that the current value of its lien is $11,351,597.94.[3]  However, the Debtor

8  disputes portions of this claim and intends to object to REL's claim accordingly.

9         REL has obtained an order granting it relief from the automatic stay, pursuant to which it

10 can foreclose on the Property as early as March 7, 2023.  The debtor is informed that REL is

11 scheduled to foreclose on or about March 7, 2023.[4]

12        **2.      Deed of Trust in Favor of Michael E. Dorff and Shari L. Dorff**

13         On September 3, 2019, the Debtor and the Dorffs executed a deed of trust securing an

14 indebtedness of $115,000.  The deed of trust encumbers the real property located at the following:

15 2602 Lincoln Park Avenue and 2600 Sierra Street in Los Angeles, California.  The Debtor is

16 investigating this claim.

17        **3.      Deed of Trust in Favor of Breezeblock Capital, LLC**

18        On September 15, 2019, the Debtor executed a promissory note in favor of Breezeblock in

19 the principal sum of $127,000, secured by a deed of trust encumbering the following parcels: APNs

20 (i) 5209-021-002, -005, -006; (ii) 5209-022-007; (iii) 5209-023-022, -029; -030; -031; -032; and

21 (iv) 5209-025-006.  The Debtor is investigating this claim.

22        **4.      Deed of Trust in Favor of the Helen P. Ho Revocable Trust**

23        On December 9, 2019, the Debtor and the Ho Trust executed a deed of trust securing an

24 indebtedness in the principal sum of $400,000.  The deed of trust encumbers the real property

25 located at 2929 Amethyst Street, Los Angeles California.  The Debtor is investigating this claim.

26

27 [3] See REL's *Motion for Relief from the Automatic Stay*, docket no. 395.

28 [4] Docket no. 456.

**D.      The Debtor's Employment of The CREM Group and Marcus & Millichap as its Real Estate Brokers**

On June 23, 2022, the Debtor filed its application to employ The CREM Group and Marcus & Millichap as its real estate brokerage firms and listing agents (the "Brokers").[5]  The Brokers commenced services immediately.  The Court's order granting the application was entered on July 12, 2022.[6]

The Debtor's exclusive listing agreement with the Brokers provides that the Brokers have exclusive authorization to market the Lincoln Heights Property until December 20, 2022.  It also provides that, if the buyer of the Lincoln Heights Property is represented by a broker, the Brokers are entitled to a commission equal to 3% of the gross sales prices.  If the buyer is not represented by a broker, the Brokers are entitled to a commission equal to 3.5% of the gross sales price.  To facilitate a sale of the Lincoln Heights Property through an auction, the Debtor intends to extend the Brokers' employment for an additional 120 days or the end of the proposed sale process, whichever occurs sooner.

**E.      The Debtor's Sale Procedures**

Since the Debtor engaged The CREM Group and Marcus & Millichap as its real estate brokers on June 23, 2022, they have been committed to effectively and aggressively marketing the Lincoln Heights Property.  Because of its unique characteristics, a wide range of professional opinions of value had previously been rendered with respect to the Lincoln Heights Property.  Accordingly, the Lincoln Heights Property was initially marketed without a list price.

On October 20, 2022, a list price of $12,000,000 was added to the listing detail across the various commercial real estate sale mediums on which the Lincoln Heights Property was listed.[7]

---

[5] See docket no. 263.

[6] See docket no. 298.

[7] This list of mediums includes, but is not limited to, CoStar, Loopnet, Crexi, Brevitas, and TheMLS.

1701156.1  27086                                    8

1  Since November 15, 2022, the listing has received at least 4,806 views its accompanying offering

2  memorandum has been downloaded at least 201 times.

3       The Debtor proposes to move forward with an auction of the Lincoln Heights Property,

4  whereby the property continues to be aggressively marketed for all of January and part of February

5  2023.  Thereafter, the Debtor would conduct a 2-day virtual auction, where potential buyers would

6  be able to bid on the property in real time.  The Debtor proposes to use an auction platform known

7  as "Ten-X", a highly regarded commercial real estate auction platform that is widely used across

8  the US.  The successful buyer, and any backup bidder, will ultimately be presented to the Court for

9  final approval.  The procedures are set forth in more detail in the above notice, the terms of which

10  are incorporated herein by this reference.

11       The timing and schedule proposed herein is needed because, absent a timely sale or

12  postponement of the foreclosure, the Property will be foreclosed on March 7, 2023.

13

14  **II.**

15  **ARGUMENT**

16  A.     **The Sale Procedures Should be Approved**

17       "The trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary

18  course of business, property of the estate . . . ."  11 U.S.C. § 363(b).  The paramount goal in any

19  proposed sale of estate property is to maximize the proceeds received by the estate.  *See In re*

20  *Integrated Resources, Inc.*, 147 B.R. 650, 659 (Bankr. S.D.N.Y. 1992) ("It is a well-established

21  principle of bankruptcy law that the objective of bankruptcy rules and the [Debtor's] duty with

22  respect to such sales is to obtain the highest price or greatest overall benefit possible for the

23  estate.") (citation omitted).  To that end, courts uniformly recognize that procedures intended to

24  enhance competitive bidding are consistent with the goal of maximizing the value received by the

25  estate and are appropriate in the context of bankruptcy sales.  *See, e.g., id.* at 659 (such procedures

26  should "encourage bidding and . . . maximize the value of the debtor's assets").

27       To facilitate a prompt sale of the Lincoln Heights Property for a fair price, the Debtor has

28  determined that it is appropriate to attempt to sell the Lincoln Heights Property through the auction

1    process described herein.  The Debtor has established a reserve price of $12,000,000, and if that

2    price is met, will sell the Property to the bidder presenting the highest bid for the Property (subject

3    to future Court approval).  The Debtor believes that these procedures will provide the marketing

4    boost that the Lincoln Heights Property requires to convert the interest it has received thus far into

5    an actual offer and purchase agreement.  At this stage in the marketing process, the proposed

6    procedures constitute the Debtor's best chance to liquidate the Lincoln Heights Property, preclude

7    foreclosure, and generate proceeds for the benefit of the estate.

8            The breakup fee of 1.5% is presumptively reasonable.[8]  It is calculated to encourage a

9    stalking horse bidder which is desirable in most bankruptcy sales, including this one.

10            The procedures proposed by the Debtor in detail in the above notice are fair, reasonable,

11    and should be approved.

12

13                                        **III.**

14                                    **CONCLUSION**

15            For the foregoing reasons, the Court should enter an order approving the proposed sale

16    procedures.  The Debtor also requests such further relief as the Court deems just and proper.

17

18    DATED:  December 23, 2022                    DANNING, GILL, ISRAEL & KRASNOFF, LLP

19

20
                                              By:        _/s/ ZEV SHECHTMAN_
21                                                     ZEV SHECHTMAN
                                                       General Bankruptcy Counsel for Jinzheng Group
22                                                     (USA) LLC, Debtor and Debtor in Possession

23

24

25

26

27    _____
        [8] _In re Twenver, Inc._, 149 B.R. 954, 956 (Bankr. D. Colo. 1992) (noting that a 1-2% breakup fee is
28    typically reasonable) (citing _In re Integrated Resources, Inc._, 147 B.R. 650 (S.D.N.Y. 1992)).

1                                          **DECLARATION OF MARK CIANCIULLI**

2         I, Mark Cianciulli, declare as follows:

3         1.        I have personal knowledge of the facts stated below.

4         2.        I have been a licensed real estate broker, in good standing, since 2015.

5         3.        I am a co-founder and principal of CREM Brokerage and Professional Services,

6 Inc., doing business as "The CREM Group," a real estate brokerage specializing in court

7 supervised real estate sales.

8         4.        I am representing the debtor and debtor in possession, Jinzheng Group (USA) LLC

9 (the "Debtor"), as one of the co-brokers, tasked with listing and selling multiple parcels of real

10 property (the "Real Property") for sale in Lincoln Heights (the "Lincoln Heights Properties").  The

11 Lincoln Heights Properties are comprised of 15 separate, mostly adjacent, parcels: 2929 Amethyst

12 (APN 5209-009-001), a triplex at 2526-28 Lincoln Park Ave. (APN 5208-025-001), a duplex at

13 2520-22 Lincoln Park Ave. (APN 5208-025-002), land at 2602 Lincoln Park Ave, (APN 5208-025-

14 014) and land at 2600 Sierra Street (APN 5209-005-003), and the parcels of vacant land described

15 as the Paradise Drive Lots (APNs (i) 5209-021-002, -005, -006; (ii) 5209-022-007; (iii) 5209-023-

16 022, -029; -030; -031; -032; and (iv) 5209-025-006).

17         5.        The other co-broker tasked with listing, marketing, and selling the Real Property, is

18 Lonnie McDermott, a licensed real estate broker with Marcus & Millichap, Inc.

19         6.        The Real Property was listed on the market on July 26, 2022.

20         7.        The Real Property has been marketed on a variety of commercial real estate sale

21 mediums, including, but not limited to: CoStar, Loopnet, Crexi, Brevitas, and TheMLS.

22         8.        Due to the uniqueness of the Real Property -- i.e. the approximately 33 acres of real

23 estate being primarily made up of agriculturally zoned land in a highly dense region of Lincoln

24 Heights, possessing unique topography (e.g. steep inclines along the property), and a wide range of

25 professional opinions of value – Lonnie and I made a strategic recommendation to market the

26 property without a list price.

27         9.        On October 20, 2022, a list price of $12,000,000 was added to the listing detail

28 across the various commercial real estate sale mediums on which the Lincoln Heights Property was

DocuSign Envelope ID: 7EDD08GB-5F82-45A7-81B6-248A85F336 0E

1  listed.  The value was determined to be a conservative estimate based on numerous factors

2  considered by the Debtor and its professionals.  Since November 15, 2022, the listing has received

3  4,806 views its accompanying offering memorandum has been downloaded 201 times.

4      10.    Although we have gotten close, we do not have a bidder presently submitting an

5  offer  for the purchase of the Lincoln Heights Property. In light of the March 7, 2023 foreclosure

6  date, I propose moving forward with an auction of the Lincoln Heights Property, whereby the

7  property is marketed further until early February as part of an auction sale.  Subsequently, the

8  Debtor would conduct a 2-day virtual auction , where potential buyers would be able to bid on the

9  property in real time.  I recommend using an auction platform known as "Ten-X", a highly

10  regarded commercial real estate auction platform that is widely used across the US.

11      11.    To facilitate a sale of the Lincoln Heights Property, Lonnie and I have agreed to

12  continue as the Debtor's brokers and listing agents for an additional 120 days or through the end of

13  the proposed sale process, whichever occurs sooner.  The proposed terms of the auction are set

14  forth in the above notice.  I have reviewed and approved the procedures described in the notice

15  above.

16      12.    Based on my experience as a broker and in court sales, I believe that a 1.5% breakup

17  fee will make a stalking horse bid more attractive and therefore increase the likelihood of a

18  successful sale.

19

20

21      I declare under penalty of perjury under the laws of the United States of America that the

22  foregoing is true and correct.

23      Executed on December  23  , 2022, at Los Angeles, California.

24

DocuSigned by:

25  _____

Mark Cianciulli — 58DE5C4DF6B94F2...

26

27

28

1    **<u>DECLARATION OF ZEV SHECHTMAN</u>**

2    I, Zev Shechtman, declare as follows:

3    1.    I am the principal of a professional corporation that is a partner of Danning, Gill,

4  Israel & Krasnoff, LLP ("Danning Gill" or the "Firm"), general bankruptcy counsel for Debtor and

5  Debtor in Possession, Jinzheng Group (USA), LLC (the "Debtor").  I have personal knowledge of

6  each of the facts herein, except those set forth on information and belief and, as to those matters, I

7  believe them to be true.  If called as a witness, I could and would testify competently with respect

8  to such facts.

9    2.    I am in receipt of several preliminary title reports dated May 25, 2022, from Fidelity

10  National Title Company with respect to the Debtor's real property located at 2929 Amethyst Street,

11  Los Angeles, California, in addition to several parcel adjacent to the Amethyst Street property

12  (collectively, the "Lincoln Heights Properties"), except for with respect to the Paradise Drive Lots.[9]

13  True and correct copies of the preliminary title reports are attached, collectively, as Exhibit "1"

14  hereto.

15

16    I declare under penalty of perjury under the laws of the United States of America that the

17  foregoing is true and correct.

18    Executed on December 23, 2022, at Los Angeles, California.

19

20    _/s/ ZEV SHECHTMAN_
Zev Shechtman

21

22

23

24

---

25  [9] The Lincoln Heights Properties are comprised of 15 separate, mostly adjacent, parcels: 2929
Amethyst (APN 5209-009-001), a triplex at 2526-28 Lincoln Park Ave. (APN 5208-025-001), a
26  duplex at 2520-22 Lincoln Park Ave. (APN 5208-025-002), land at 2602 Lincoln Park Ave, (APN
5208-025-014) and land at 2600 Sierra Street (APN 5209-005-003, and the parcels of vacant land
27  described as the Paradise Drive Lots (APNs (i) 5209-021-002, -005, -006; (ii) 5209-022-007; (iii)
5209-023-022, -029; -030; -031; -032; and (iv) 5209-025-006).
28

1701156.1  27086                                    13