# United States Bankruptcy Court
# Central District of California
Los Angeles
Ernest Robles, Presiding
Courtroom 1568 Calendar

**Tuesday, April 4, 2023**　　　　　　　　　　　　　　　　　　　　　　　Hearing Room　1568

<u>11:00 AM</u>
**2:21-16674**　　**JINZHENG GROUP (USA) LLC**　　　　　　　　　　　　　　　　Chapter 11

#103.00　　Hearing
RE: [507] Motion to Sell Property of the Estate Free and Clear of Liens under Section 363(f) -Debtor's Notice of Motion and Motion to: (1) Authorize Sale of Real Property located at 2240 Lorain Road, San Marino, CA 91108 Free and Clear of Liens; and (2) Approve Compromise with Corona Capital Gropu, LLC; Memorandum of Points and Authorities, Declarations of Zhao Pu Yang, Weijin Xu, Lihua He, William Friedman, Stephen Eng, and Alphamorlai L. Kebeh, and Request for Judicial Notice in Support Thereof; proof of service.　LLC (Kebeh, Alphamorlai)

　　　　　　　　　　　　　　　Docket　　　　507

**Matter Notes:**

　4/4/2023


　The tentative ruling will be the order.
　Party to lodge order: As set forth in the Tentative Ruling

　POST PDF OF TENTATIVE OR AMENDED TENTATIVE RULING TO CIAO

**Tentative Ruling:**

　4/3/2023

**Note: Parties may appear at the hearing either in-person or by telephone. The use of face masks in the courtroom is optional. Parties electing to appear by telephone should contact CourtCall at 888-882-6878 no later than one hour before the hearing.**

　　　For the reasons set forth below, the Sale Motion is **GRANTED** and the Corona Carveout Agreement is **APPROVED**.

　　**Key Sale Terms:**
　1)　Proposed purchaser: Lihua He and Weijun Xu

# United States Bankruptcy Court
## Central District of California
Los Angeles
**Ernest Robles, Presiding**
**Courtroom 1568 Calendar**

**Tuesday, April 4, 2023**                                                                 **Hearing Room   1568**

<u>11:00 AM</u>
**CONT...      JINZHENG GROUP (USA) LLC**                                                      **Chapter 11**
2) Property for sale: 2240 Lorain Road, San Marino, California 91108
3) Purchase price: $1,800,000.00
4) Overbids: The initial overbid shall be $1,825,000.00. Subsequent overbids shall be in increments of $10,000.00, subject to adjustment by the Court to facilitate bidding.

**Pleadings Filed and Reviewed:**
1) Debtor's Notice of Motion and Motion to: (1) Authorize Sale of Real Property Located at 2240 Lorain Road, San Marino, CA 91108 Free and Clear of Liens; and (2) Approve Compromise with Corona Capital Group, LLC [Doc. No. 507] (the "Sale Motion")
    a) Debtor's Notice of the Sale Motion [Doc. No. 508]
    b) Notice of Sale of Estate Property [Doc. No. 509]
2) No opposition to the Sale Motion is on file

## I. Facts and Summary of Pleadings

The Debtor filed a voluntary Chapter 11 petition on August 24, 2021 (the "Petition Date"). The Debtor continues in possession of its property and is operating and managing its business as a debtor-in-possession. The estate consists of several properties, including a parcel located at 2240 Lorain Road, San Marino, California 91108 (the "Property"). The Debtor requests authority to sell the Property free and clear of liens pursuant to 11 U.S.C. § 363.

With the aid of a broker, the Debtor has agreed to sell the Property to Lihua He and Weijun Xu (collectively, the "Buyer") for $1,800,000.00. The only remaining requirement to close the sale is the Court's approval, subject to qualified overbids made at the sale hearing. The overbid procedures, which are detailed in the Sale Motion, include a minimum initial overbid of $1,825,000.00, minimum overbidding increments of $10,000.00, and an initial overbid deposit of $55,000.00 (the "Overbid Procedures").

Per the Sale Motion, the Property is encumbered by the following liens:

1. A tax claim in connection with city/county taxes assessed against the Property for the fiscal year of 2022-2023 in the amount of $27,547.41 (the "Property Tax Lien").
2. A deed of trust in favor of Royal Business Bank ("RBB") in the amount of approximately $1,177,301.24 (the "RBB Deed of Trust"). This amount is comprised of a principal debt of $1,058,604.70, interest charges in the

# United States Bankruptcy Court
# Central District of California
Los Angeles
**Ernest Robles, Presiding**
**Courtroom 1568 Calendar**

| **Tuesday, April 4, 2023** | **Hearing Room 1568** |

11:00 AM
**CONT...**     **JINZHENG GROUP (USA) LLC**     **Chapter 11**

      amount of $67,420.40, attorneys' fees in the amount of $42,806.71, and various other fees and charges in the amount of $51,276.14.
3. A deed of trust in favor of Corona Capital Group, LLC ("Corona") in the amount of approximately $583,194.21 (the "Corona Deed of Trust").
4. A deed of trust in favor of DNQ LLC ("DNQ") in the amount of $420,000.00 (the "DNQ Deed of Trust").

    The Property Tax Lien, the RBB Deed of Trust, the Corona Deed of Trust, and the DNQ Deed of Trust are hereinafter collectively referred to as the "Liens."
    Per the Sale Motion, the Debtor intends to pay the Property Tax Lien and the RBB Deed of Trust in full from the proceeds of the sale of the Property. The Debtor previously entered into an agreement with DNQ, pursuant to which, DNQ consented to the sale of the Property free and clear of its lien [Doc. No. 382] (the "DNQ Carveout Agreement"). Additionally, the Debtor seeks the Court's approval of the Corona Carveout Agreement, as defined below, pursuant to which, Corona consents to the sale of the Property free and clear of its lien in exchange for payment from the proceeds of the sale. Therefore, the Debtor asserts that the Property may be sold free and clear of the Liens pursuant to § 363(f).
    The Debtor's breakdown of the expected proceeds from the sale of the Property is as follows:

| | |
|---|---|
| Sale Price | $1,800,000.00 |
| Commission to Debtor's Brokers (4%) | ($72,000.00) |
| Sales Cost (estimated 2% of Sale Price) | ($35,000.00) |
| Property Tax Lien | ($27,547.41) |
| RBB Deed of Trust (Principal and Standard Interest only) | ($1,177,301.24) |
| Amount owed to Debtor's estate per Corona Carveout Agreement | ($25,000.00) |
| Amount owed to Corona per Corona Carveout Agreement | ($463,151.35) |
| DNQ Carveout Agreement Payment | $0 |

    As the liens senior to DNQ's are not anticipated to be paid in full from the sale of the Property, the Debtor does not anticipate distributing any funds to DNQ absent overbidding sufficient to raise the price of the Property to pay Corona in full. The

# United States Bankruptcy Court
## Central District of California
Los Angeles
**Ernest Robles, Presiding**
**Courtroom 1568 Calendar**

**Tuesday, April 4, 2023**                                                                 **Hearing Room**   **1568**

<u>11:00 AM</u>
**CONT...**      **JINZHENG GROUP (USA) LLC**      **Chapter 11**

estate will be entitled to receive additional funds if there is a successful overbid, pursuant to the Corona Carveout Agreement.

Additionally, the Debtor seeks the Court's approval of the *Carveout Agreement* between the Debtor and Corona (the "Corona Carveout Agreement"). The principal terms of the Corona Carveout Agreement include:

1. Corona consents to the sale of the Property free and clear of any lien, right, or claim it may have with respect to the Property.
2. If the Debtor completes the sale of the Property, the Debtor shall receive a carveout as follows: (i) $25,000.00 from the net sale proceeds, plus (ii) 1/3 of the net sale proceeds generated from the sale of the Property in excess of a $1,800,000.00 gross sale price. In exchange, Corona will receive, after payment of senior liens, any property tax liabilities, and any other reasonable and customary escrow or closing costs and brokers' commissions, all net proceeds up to the value of its secured claim.

## II. Findings and Conclusions
### A. The Sale of the Property May be Authorized Under Section 363 of the Bankruptcy Code

Section 363(b) authorizes the sale of estate property out of the ordinary course of business, subject to court approval. The trustee or debtor-in-possession must articulate a business justification for the sale. *In re Walter*, 83 B.R. 14, 19–20 (9th Cir. BAP 1988). Whether the articulated business justification is sufficient "depends on the case," in view of "all salient factors pertaining to the proceeding." *Id*. at 19–20. "The court's obligation in § 363(b) sales is to assure that optimal value is realized by the estate under the circumstances." *Simantob v. Claims Prosecutor, LLC (In re Lahijani)*, 325 B.R. 282, 288 (B.A.P. 9th Cir. 2005).

The Court finds that the proposed sale of the Property, subject to the Overbid Procedures, will effectively maximize the value of the estate's interest in the Property and, therefore, is an exercise of the Debtor's reasonable business judgment. The Debtor retained a licensed real estate broker to list, market, and aid in selling the Property. The Debtor has obtained the Buyer's offer, subject to the Overbid Procedures, which is the highest and best offer received to date. The sales price was a result of arms-length negotiations with the Buyer and the Debtor believes that it represents a fair and adequate price for the Property. Additionally, pursuant to the Corona Carveout Agreement, the Debtor's estate will receive $25,000.00 of the net sale proceeds, plus a percentage of any increase in the gross sale price achieved

# United States Bankruptcy Court
## Central District of California
Los Angeles
Ernest Robles, Presiding
**Courtroom 1568 Calendar**

**Tuesday, April 4, 2023**                                                                 Hearing Room    1568

<u>11:00 AM</u>
**CONT...        JINZHENG GROUP (USA) LLC                                                   Chapter 11**

through overbidding.

Upon reviewing the declarations attached to the Sale Motion, the Court finds that the Buyer is a good faith purchaser entitled to the protections of § 363(m). In the event that an overbidder prevails at the auction, the Court will take testimony from such overbidder to determine whether § 363(m) protections are warranted.

Lastly, the Debtor may pay brokerage commissions and ordinary and customary costs of sale (including title and escrow fees) through escrow.

### B. The Property May be Sold Free and Clear of the Liens Pursuant to § 363(f)

Section 363(f) of the Bankruptcy Code provides that, upon certain conditions, the trustee (or debtor-in-possession) may sell property free and clear of a lien or interest in such property:

> The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if—
>
> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
> (2) such entity consents;
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
> (4) such interest is in bona fide dispute; or
> (5) such entity could be compelled, in a legal or equitable proceeding, to
> accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

The Debtor asserts that the Property may be sold free and clear of the Liens pursuant to § 363(f). The Debtor has reviewed the title report and has determined that the proposed sale has addressed the Liens. Per the Sale Motion, the Debtor intends to pay the Property Tax Lien and the RBB Deed of Trust in full from the net sale proceeds. Pursuant to the DNQ Carveout Agreement and the Corona Carveout Agreement, which is addressed below, DNQ and Corona consent to the sale of the Property free and clear of their respective interests under § 363(f)(2).

Accordingly, each lien recorded against the Property is either (i) being paid in full

United States Bankruptcy Court
Central District of California
Los Angeles
Ernest Robles, Presiding
Courtroom 1568 Calendar

Tuesday, April 4, 2023                                                                  Hearing Room    1568

11:00 AM
CONT...        JINZHENG GROUP (USA) LLC                                                         Chapter 11
(the Property Tax Lien and RBB); or (ii) the subject of an agreement between the Debtor and the lienholder (DNQ and Corona). Therefore, the Court finds that the Property may be sold free and clear of the Liens.

**C. The Corona Carveout Agreement**
 i)   **The Corona Carveout Agreement is Approved**
    Bankruptcy Rule 9019 provides that the Court may approve a compromise or settlement. "In determining the fairness, reasonableness and adequacy of a proposed agreement, the court must consider: (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises." *Martin v. Kane (In re A&C Properties)*, 784 F.2d 1377, 1381 (9th Cir. 1986). "[C]ompromises are favored in bankruptcy, and the decision of the bankruptcy judge to approve or disapprove the compromise of the parties rests in the sound discretion of the bankruptcy judge." *In re Sassalos*, 160 B.R. 646, 653 (D. Ore. 1993). In approving an agreement, the Court must "canvass the issues and see whether the settlement 'falls below the lowest point in the range of reasonableness.'" *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983). Applying the *A&C Properties* factors, the Court finds that the Corona Carveout Agreement is adequate, fair, and reasonable, and is in the best interests of the estate and creditors.

*Probability of Success on the Merits*
    This factor weighs in favor of approving the Corona Carveout Agreement. Absent the proposed agreement, in order to obtain any value for the estate, the Debtor would have to challenge the alleged amount owed under the Corona Deed of Trust. The Debtor is unlikely to succeed in objecting to a sufficient portion of the Corona Deed of Trust because a majority of the asserted debt arises from a valid, secured promissory note. Per the Sale Motion, without the Corona Carveout Agreement, there is zero estimated net sale proceeds after payment in full of Corona's interest. Thus, without the Corona Carveout Agreement, the sale of the Property would provide no benefit to the estate.

*Difficulties To Be Encountered in the Manner of Collection*
    This factor is irrelevant in the Court's review of the Corona Carveout Agreement.

# United States Bankruptcy Court
# Central District of California
Los Angeles
Ernest Robles, Presiding
Courtroom 1568 Calendar

**Tuesday, April 4, 2023**                                                                                                                                               **Hearing Room    1568**

**11:00 AM**
**CONT...**     **JINZHENG GROUP (USA) LLC**                                                            **Chapter 11**

*Complexity of the Litigation*

There is no pending or anticipated litigation with Corona at this time. However, in general, this factor weighs in favor of approving the Corona Carveout Agreement. Generally, litigation involves many disputed issues of fact and demands substantial time and expense.

*Paramount Interests of Creditors*

This factor weighs in favor of approving the Corona Carveout Agreement. The Corona Carveout Agreement serves the paramount interest of the creditors. Under the Corona Carveout Agreement, Corona has consented to the sale of the Property. The Corona Carveout Agreement resolves Corona's secured claim efficiently and at a lower cost than any possible litigation. The Debtor cannot risk any further delay due to litigation, as RBB or Corona may foreclose on the Property absent a sale. Additionally, under the Corona Carveout Agreement, the Debtor's estate will receive $25,000.00 of the net sale proceeds, plus a percentage of any increase in the gross sale price achieved through overbidding. Absent the Corona Carveout Agreement, the Debtor would not be able to readily sell the Property and generate enough revenue to benefit any creditors beyond the Liens.

**ii) The Debtor has Overcome any Presumption of Impropriety**

Due to past abuses, carveout agreements have been reviewed under a standard of heightened scrutiny. *See In re KVN Corp., Inc.*, 514 B.R. 1, 6 (B.A.P. 9th Cir. 2014). Such a standard invokes a presumption of impropriety, which may be overcome by affirmatively answering the following inquiries: "Has the [debtor-in-possession] fulfilled his or her basic duties? Is there a benefit to the estate, i.e., prospects for a meaningful distribution to unsecured creditors? Have the terms of the carve-out agreement been fully disclosed to the bankruptcy court?" *Id*. Although *In re KVN Corp., Inc.* involved a Chapter 7 petition, the analysis of carveout agreements, including finding impropriety where a carveout agreement is pursued primarily to generate administrative fees for the estate's professionals as opposed to yielding a meaningful distribution to unsecured creditors, remains applicable in the Chapter 11 context.

Under the present facts, the Court finds that the Debtor has overcome any presumption of impropriety arising from the Corona Carveout Agreement. As no trustee has been appointed, the Debtor has fulfilled its basic duties. Additionally, a sale of the Property pursuant to the Corona Carveout Agreement will result in a meaningful distribution to the Debtor's estate, as discussed above; this is not a

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
**Ernest Robles, Presiding**
**Courtroom 1568 Calendar**

---

**Tuesday, April 4, 2023**                                                                                                   **Hearing Room**     **1568**

---

<u>11:00 AM</u>
**CONT...**       **JINZHENG GROUP (USA) LLC**                                              **Chapter 11**

situation where the primary motivation for pursuit of the carveout was increasing the administrative fees of the estate's professionals. Lastly, the Debtor has fully disclosed the terms of the Corona Carveout Agreement to the Court and the creditor body. This affirmative answer negates any possibility of a secret transaction between the Debtor and Corona or a motive of personal benefit on the Debtor's behalf.

    As the questions laid out in *In re KVN Corp., Inc.* can be answered in the affirmative and the Corona Carveout Agreement does not bear any hallmarks of abuse, the Court finds that the Debtor has overcome any presumption of impropriety.

### D. The Overbid Procedures are Approved

    The Overbid Procedures, which are summarized above and outlined in the Sale Motion, are approved. In the event that any qualified overbidders are present, the Court will conduct the auction in accordance with the Overbid Procedures. The overbid increment is subject to adjustment by the Court to facilitate bidding. The Court will announce each bid level; however, parties are free to submit bids in excess of the bid level announced by the Court. To remain in the auction, bidders must participate at all bid levels. That is, parties who do not bid in a round cannot later change their minds and re-enter the auction.

### E. Waiver of FRBP 6004(h) is Granted

    The order approving the sale of the Property shall take effect immediately upon entry. It is in the best interests of the estate and the creditors to complete the sale of the Property at the earliest possible time. Therefore, to ensure an expeditious closing, the Court grants the Debtor's requested waiver of the 14-day stay of the effect of the sale order. Additionally, the Debtor is authorized to execute all documents and instruments necessary to effectuate the sale of the Property.

## III. Conclusion

    For the reasons set forth above, the Sale Motion is **GRANTED** and the Corona Carveout Agreement is **APPROVED**. Within seven days of the hearing, the Debtor shall submit an order incorporating this tentative ruling by reference.

| Party Information |
|---|

**Debtor(s):**

    JINZHENG GROUP (USA) LLC         Represented By
                                                          Zev Shechtman
                                                          Alphamorlai Lamine Kebeh

# United States Bankruptcy Court
# Central District of California
Los Angeles
Ernest Robles, Presiding
Courtroom 1568 Calendar

**Tuesday, April 4, 2023**             **Hearing Room**    **1568**

<u>11:00 AM</u>
**CONT...**     **JINZHENG GROUP (USA) LLC**                                    **Chapter 11**

                                                  Danielle R Gabai
                                                  Damian J. Martinez