ZEV SHECHTMAN (State Bar No. 266280)
zs@DanningGill.com
ALPHAMORLAI L. KEBEH (State Bar No. 336798)
akebeh@DanningGill.com
DANNING, GILL, ISRAEL & KRASNOFF, LLP
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067-6006
Telephone: (310) 277-0077
Facsimile: (310) 277-5735

General Bankruptcy Counsel for Jinzheng Group
(USA) LLC, Debtor and Debtor in Possession

**FILED & ENTERED**

**APR 12 2023**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gonzalez DEPUTY CLERK

**CHANGES MADE BY COURT**

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>JINZHENG GROUP (USA) LLC,<br><br>        Debtor and Debtor-in Possession. | Case No. 2:21-bk-16674-ER<br><br>Chapter 11<br><br>**ORDER GRANTING DEBTOR'S MOTION TO (1) AUTHORIZE SALE OF REAL PROPERTY LOCATED AT 2240 LORAIN ROAD, SAN MARINO, CA 91108 FREE AND CLEAR OF LIENS AND (2) APPROVE COMPROMISE WITH CORONA CAPITAL GROUP, LLC**<br>[Docket No. 507]<br><br>Hearing Date, Time, and Place<br>Date:    April 4, 2023<br>Time:    11:00 a.m.<br>Place:    Courtroom 1568<br>           255 E. Temple Street<br>           Los Angeles, California 90012 |

On April 4, 2023, at 11:00 a.m., there came before the Court for hearing the Motion to (1) Authorize Sale of Real Property Located at 2240 Lorain Road, San Marino, CA 91108 free and clear of liens and encumbrances and (2) Approve Compromise with Corona Capital Group, LLC, *docket no. 507* (the "Motion"), filed by Jinzheng Group (USA) LLC (the "Debtor"), the Honorable Ernest Robles, United States Bankruptcy Judge, presiding. Alphamorlai L. Kebeh of Danning, Gill, Israel & Krasnoff, LLP appeared for the Debtor; Eric Mitnick of the Law Office of Eric Alan Mitnick appeared for secured creditor Corona Capital Group, LLC; Teddy Kapur of Pachulski

1  Stang Ziehl & Jones, LLP appeared for the Official Committee of Unsecured Creditors; and

2  Lihua He and Weijun Xu (the "Buyers") appeared.  All other appearances were as stated on the

3  record at the hearing.

4         The Court having read and considered the Motion and the notice in support of the Motion at

5  *docket no. 508*, and pleadings and evidence offered in support thereof; having found that notice of

6  the Motion and the hearing were adequate and proper; having received no objection to the Motion;

7  having called for overbids and no overbids having been received; and good cause appearing; it is

8  hereby

9         **ORDERED that**:

10        1.      The Motion is granted in its entirety for the reasons set forth in the Court's tentative

11  ruling [Docket No. 515], which the Court adopts as its final ruling.

12        2.      The sale by the Debtor of all of its right, title and interest in the real property located

13  at 2240 Lorain Road, San Marino, CA 91108 (the "Property"), which has the following legal

14  description,

15        The land referred to herein is situated in the State of California, County of Los
        Angeles, City of San Marino and described as follows:

16

17        Parcel 1:

18        Lot 149 of Tract No. 8954, in the City of San Marino, County of Los Angeles, State
        of California, as per Map recorded in Book 145 Pages 82 and 83 of Maps, in the
        Office of the County Recorder of said County.

19

20        Parcel 2:

21        That portion of the Northeast quarter of Section 2, Township 1 South, Range 12
        West, San Bernardino Meridian, in the City of San Marino, County of Los Angeles,
22        State of California, according to the Official Plat of the Survey of said Land on file
        in the Bureau of Land Management, included within that Portion of the 40 feet of
23        Strip of Land marked "Southern Pacific Railway Monrovia Branch" on the Map of
        San Marino Park, recorded in Book 12, Page 74 of Maps, in the Office of the
24        County Recorder of said County, lying between the Southerly prolongation of the
        West line of Lot 149 of Tract No. 8954, as per Map recorded in Book 145 Pages 82
        and 83 of Maps, in the Office of said County Recorder, and the center line of San
25        Marino Avenue, 80 feet wide shown on the Map of said Tract No. 8954.

26        APN: 5365-019-052,

27

28

to Lihua He and Weijun Xu, for $1,800,000 (the "Purchase Price"), is confirmed on the terms and conditions set forth in the Motion and in the agreement attached as Exhibit "1" to the Motion (the "PSA").  The Property is sold "as is," "where is," with no warranty or recourse whatsoever.

3.     The Corona Carveout Agreement, a copy of which is attached to the Motion as Exhibit "3" is approved in its entirety.

4.     The Debtor is authorized to execute all documents and otherwise take all necessary and appropriate actions to effectuate the Corona Carveout Agreement.

5.     The overbid procedures proposed in the Motion are approved.

6.     The sale shall be free and clear of all liens and interests pursuant to 11 U.S.C. § 363(f), including the following:

(a)     The RBB Deed of Trust, recorded in the County Recorder's Office on July 5, 2018, as instrument no. 20180669029;

(b)     The Corona Deed of Trust, recorded in the County Recorder's Office on June 25, 2021 as instrument no. 20211001850; and

(c)     The DNQ Deed of Trust, recorded in the County Recorder's Office on November 14, 2019, as instrument no. 20191237663.

7.     The Debtor is authorized to pay through escrow all ordinary closing costs, such as escrow, title and other fees, as well as real property taxes.

8.     The Debtor is authorized to pay from the net sale proceeds the amounts allegedly owed under the RBB Deed of Trust.

9.     The Debtor is authorized to pay from the net sale proceeds the amounts allegedly owed to Corona Capital Group, LLC, pursuant to the terms of the Corona Carveout Agreement.

10.     The Debtor is authorized to pay from the net sale proceeds the amount of $25,000 to Debtor's estate, pursuant to the terms of the Corona Carveout Agreement.

11.     The Debtor is authorized to pay through escrow a 4% commission as follows: 1% each, or $36,000 total, to Coldwell Banker Realty and Re/Max of Cerritos as the Debtor's brokers in connection with the closing of this sale; 2%, or $36,000, to RubyHome Corporation as the Buyers' broker in connection with the closing of this sale.

12.     If the Buyers do not deliver to the Debtor the balance of the Purchase Price in good funds by the first business day which is more than fourteen calendar days following the date of entry of this Order, the Debtor is authorized to retain the Buyer's deposit of $54,000.

13.     Based on the evidence submitted to the Court, the Buyers are found to be good faith purchasers within the meaning of 11 U.S.C. § 363(m) and pursuant thereto no reversal or modification on appeal shall affect the validity of the sale authorized herein.

14.     The Debtor, and parties designated by the Debtor, or a chapter 11 or chapter 7 trustee appointed in this case (if and when applicable), are authorized to execute all documents and otherwise take all actions the Debtor deems necessary and appropriate to close the sale of the Property including the signing of deeds, escrow documents, title documents, authorizing disbursements, and any other actions ordinarily required to close a sale, or which the title or escrow company may reasonably require to close this sale.

15.     Further, Zhao Pu Yang (also known as Zhaopu Yang), one of the members of the Debtor, and the attorney in fact for Jianqing Yang, the managing member of the Debtor, is hereby expressly authorized to take such actions described in the preceding paragraph, to execute any and all documents and take any and all other reasonably necessary and appropriate actions, or to designate another person to do so, on behalf of the debtor, without any further court order, corporate action, or any other requirement, to effect the closing of this sale in a timely and commercially reasonably manner.

16.     The recordation of this order with the Los Angeles County Recorder shall constitute a discharge, termination, reconveyance, and cancellation as to the Property of all of the liens, including but not limited to the Property Tax Lien, the RBB Lien, the liens resulting from the Corona Deed of Trust and the DNQ Deed of Trust, and any other liens, without need for reconveyance or release of such liens, encumbrances, or other interests.

17.     There shall be no personal liability to the Debtor, or any person authorized or designated to act for the Debtor, in any capacity, by virtue of the sale of the Property hereinabove approved.  In the event the Debtor cannot consummate the sale for any reason, the Buyers' sole remedy, as the case may be, shall be limited to a return of their deposit.

18.    The 14-day stay provided by Rule 6004(h) shall not apply to this Order.

###

Date: April 12, 2023

Ernest M. Robles
United States Bankruptcy Judge