# United States Bankruptcy Court
# Central District of California
Los Angeles
Ernest Robles, Presiding
Courtroom 1568 Calendar

**Wednesday, April 19, 2023**                                                                 **Hearing Room** 1568

**11:00 AM**
**2:21-16674**    **JINZHENG GROUP (USA) LLC**                                                      **Chapter 11**

#102.00    Hearing
RE: [513] Debtor's Motion to Consolidate Actions

Docket    513

**Matter Notes:**

4/19/2023

<span style="color:red">The tentative ruling will be the order.
Party to lodge order: As set forth in the Tentative Ruling

POST PDF OF TENTATIVE OR AMENDED TENTATIVE RULING TO CIAO</span>

**Tentative Ruling:**

4/18/2023

**Note: Parties may appear at the hearing either in-person or by telephone. The use of face masks in the courtroom is optional. Parties electing to appear by telephone should contact CourtCall at 888-882-6878 no later than one hour before the hearing.**

For the reasons set forth below, the Motion is **GRANTED**.

**Pleadings Filed and Reviewed:**
1) Debtor's Notice of Motion and Motion to Consolidate Actions [filed as Doc. No. 513 in Case No. 2:21-bk-16674-ER and as Doc. No. 48 in Adv. No. 2:22-ap-01090-ER] (the "Motion")
2) No opposition to the Motion is on file

## I. Facts and Summary of Pleadings
On August 24, 2021 (the "Petition Date"), Jinzheng Group (USA) LLC (the "Debtor") filed a voluntary Chapter 11 petition. The Debtor continues in possession of its property and is operating and managing its business as a debtor-in-possession.

# United States Bankruptcy Court
# Central District of California
Los Angeles
Ernest Robles, Presiding
Courtroom 1568 Calendar

**Wednesday, April 19, 2023**                                                             **Hearing Room**     **1568**

**11:00 AM**
**CONT...**      **JINZHENG GROUP (USA) LLC**                                             **Chapter 11**

     On February 3, 2022, Betula Lenta, Inc. ("Betula Lenta") filed claim no. 18 in the case, alleging an unsecured claim in the amount of $1,643,977.00 (the "Claim"), which is based on three written contracts between the Debtor and Betula Lenta for entitlement and development of real property. On February 19, 2022, the Debtor filed its *Objection to Proof of Claim No. 18 of Betula Lenta Inc.* [Doc. No. 120] (the "Claim Objection"), which argues that the Claim lacks sufficient documentation and information. Since then, the Debtor has entered into a series of stipulations with Betula Lenta, David Park ("Park"), and Jonathan Pae ("Pae", and together with Betula Lenta and Park, collectively, the "Defendants") to continue the related litigation deadlines. Pursuant to the most recent stipulation and order, the evidentiary hearing on the Claim Objection is set for the week of May 22, 2022 [Doc. No. 426] (the "Claim Objection Order").

     On February 7, 2022, the Debtor commenced an action in the Los Angeles Superior Court entitled *Jinzheng Group (USA) LLC vs. Jonathan Pae, etc., et al.*, Case No. 22STCV046231 (the "State Court Action"), which includes causes of action for breach of contract, intentional misrepresentation, and negligent misrepresentation. On April 14, 2022, Betula Lenta filed a notice of removal of the State Court Action, commencing an adversary proceeding in the case, Case No. 2:22-ap-01090-ER (the "Adversary Proceeding"), which notes that the alleged facts and evidence underlying the State Court Action are identical to the alleged grounds for the Claim. On January 17, 2023, the Court filed a notice that the clerk has entered default against the Defendants [Adv. Doc. Nos. 39, 40, 41]. Pursuant to a series of stipulations between the Debtor and the Defendants, the Adversary Proceeding is set for a status conference on May 9, 2023.

     The Debtor filed the Motion to: (i) consolidate the Adversary Proceeding and the Claim Objection; (ii) vacate all dates and deadlines relating to the Claim Objection set forth in the Claim Objection Order; and (iii) deem the complaint in the Adversary Proceeding to be amended to include any and all claims for relief and defenses raised by the parties to the Claim Objection and that any substantive rights belonging to the parties shall be preserved and considered the same in connection with the Adversary Proceeding. The Debtor asserts that consolidation is appropriate because the issues presented in the Adversary Proceeding are directly related to the issues in the Claim Objection, and both proceedings involve common issues of fact (*i.e.*, the same written contracts). Per the Motion, as demonstrated in the Defendant's notice of removal, the Defendants agree with the Debtor's assertion that the Claim and the Adversary Proceeding share a factual nexus. Additionally, consolidation will serve judicial economy by sparing the Court from creating duplicative hearing dates and will,

# United States Bankruptcy Court
# Central District of California
Los Angeles
Ernest Robles, Presiding
Courtroom 1568 Calendar

**Wednesday, April 19, 2023**                                                                                   **Hearing Room**   **1568**

<u>11:00 AM</u>
**CONT...**     **JINZHENG GROUP (USA) LLC**                                                                   **Chapter 11**

relatedly, preserve the estate's resources.
No opposition to the Motion is on file.

## II. Findings and Conclusions

Civil Rule 42 provides in relevant part: "If actions before the court involve a common question of law or fact, the court may … consolidate the actions." In determining whether to consolidate proceedings, "a court weighs the interest of judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation." *Sw. Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F. Supp. 805, 806–07 (N.D. Cal. 1989).

Consolidation of the Adversary Proceeding and the Claim Objection serves the interests of judicial economy by sparing the Court from duplicative hearings and preserving the estate's resources. Both actions concern related issues and involve common issues of fact regarding the written contracts entered into by the parties. Therefore, litigation of the Adversary Proceeding and the Claim Objection shall be consolidated pursuant to Civil Rule 42.

## III. Conclusion

Based upon the foregoing, the Motion is **GRANTED**. Within seven days of the hearing, the Debtor shall submit an order incorporating this tentative ruling by reference.

No appearance is required if submitting on the Court's tentative ruling. If you intend to submit on the tentative ruling, please contact Daniel Koontz or Evan Hacker at 213-894-1522. **If you intend to contest the tentative ruling and appear, please first contact opposing counsel to inform them of your intention to do so.** Should an opposing party file a late opposition or appear at the hearing, the Court will determine whether further hearing is required. If you wish to make a telephonic appearance, contact Court Call at 888-882-6878, no later than one hour before the hearing.

| Party Information |
|---|

**Debtor(s):**

|  |  |
|---|---|
| JINZHENG GROUP (USA) LLC | Represented By |
|  | Zev  Shechtman |
|  | Alphamorlai Lamine Kebeh |
|  | Danielle R Gabai |

# United States Bankruptcy Court
# Central District of California
Los Angeles
Ernest Robles, Presiding
Courtroom 1568 Calendar

**Wednesday, April 19, 2023**                                                                 **Hearing Room    1568**

<u>11:00 AM</u>
**CONT...        JINZHENG GROUP (USA) LLC                                                              Chapter 11**

                                             Damian J. Martinez