1    ZEV SHECHTMAN (State Bar No. 266280)
*zs@DanningGill.com*
2    ALPHAMORLAI L. KEBEH (State Bar No. 336798)
*akebeh@DanningGill.com*
3    DANNING, GILL, ISRAEL & KRASNOFF, LLP
1901 Avenue of the Stars, Suite 450
4    Los Angeles, California 90067-6006
Telephone: (310) 277-0077
5    Facsimile: (310) 277-5735

6    General Bankruptcy Counsel for Jinzheng Group
(USA) LLC, Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| In re | Case No. 2:21-bk-16674-ER |
|---|---|
| JINZHENG GROUP (USA) LLC, | Chapter 11 |
| Debtor and Debtor in Possession. | **DEBTOR'S NOTICE OF MOTION AND MOTION FOR ORDER APPROVING COMPROMISE BETWEEN DEBTOR AND SOUND EQUITY INC.; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF ZHAO PU YANG IN SUPPORT THEREOF** |
| | Date: August 2, 2023<br>Time: 10:00 a.m.<br>Crtrm.: 1568<br>255 E. Temple Street<br>Los Angeles, California 90012 |

    **PLEASE TAKE NOTICE** that on August 2, 2023 at 10:00 a.m., or as soon thereafter as the matter may be heard, debtor and debtor in possession Jinzheng Group (USA) LLC (the "Debtor"), will and hereby does move the Court pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Motion"), for an order approving the Debtor's compromise with Sound Equity Inc. ("Sound").

    Subject to Court approval, the Debtor and Sound have entered into an agreement (the "Agreement") to resolve their disputes regarding certain proceeds held in escrow since the Debtor's

1718855.2  27086      1

sale of its interest in real property located at 150 East La Sierra Drive, Arcadia, CA 91006 (the "Property"). A copy of the Agreement is attached as Exhibit "1" to the declaration of Zhao Pu Yang. The Agreement provides, among other things, that:

    1.    The escrowed funds will be split between the Debtor and Sound equally.

    2.    The Debtor and Sound will exchange mutual releases of liability relating to the escrowed funds.

The Debtor believes that the terms of the Agreement are in the best interest of the estate and its creditors, and should be approved by the Court.

The Motion is based upon the separately filed Notice, this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Declaration of Zhao Pu Yang, and the papers and pleadings on file in this case and such other evidence as may be presented to the Court.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 9013-1(f), any opposition or response to the Motion must be filed and served at least 14 days before the date of the hearing. Pursuant to Local Bankruptcy Rule 9013-1(h), the Court may treat failure to timely file documents consent to the relief requested in the Motion.

DATED: July 12, 2023        DANNING, GILL, ISRAEL & KRASNOFF, LLP

By:    */s/ Alphamorlai L. Kebeh*
ALPHAMORLAI L. KEBEH
General Bankruptcy Counsel for Jinzheng Group
(USA) LLC, Debtor and Debtor in Possession

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**FACTUAL BACKGROUND**

A.   **Bankruptcy Facts**

On August 24, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor continues in possession of its property and is operating and managing its business as a debtor in possession pursuant to the provisions of 11 U.S.C. §§ 1107(a) and 1108.

B.   **The Arcadia Property**

On or about December 18, 2019, 150 La Sierra LLC, a California Limited Liability, was organized. The Debtor held a 79% interest in 150 La Sierra LLC. On or about January 23, 2020, the Debtor transferred its interest in real property located at 150 East La Sierra Drive, Arcadia, CA 91006 (the "Property") to 150 La Sierra LLC (the "Transfer").

On July 5, 2022, the Debtor filed its *Motion for Order Approving Compromise Between Debtor and 150 La Sierra LLC* (docket no. 278) (the "2022 Compromise Motion"). In the 2022 Compromise Motion, the Debtor asserted that the Transfer was an avoidable fraudulent transfer and requested that the Court approve a compromise whereby 150 La Sierra LLC would transfer all of its right, title, and interest in the Property to the Debtor, among other things. The court entered an order granting the 2022 Compromise Motion on July 20, 2022 (docket no. 322).

C.   **The Sale of the Property and the Sound Note**

On or about October 24, 2022, the Debtor filed its *Motion to Authorize Sale of Real Property Located at 150 East La Sierra Drive, Arcadia, California 91006 Free and Clear of Liens* (docket no. 420) (the "Sale Motion"). The Sale Motion sought to sell the Property free and clear of liens against the Property. This included a lien arising from a deed of trust in favor of Sound, securing a promissory note in the original principle amount of $2,340,000 (the "Sound Note"). The Debtor asserted that certain amounts owed to Sound on account of the Sound Note, such as

default interest, interest and other miscellaneous fees were subject to a bona fide dispute within the meaning of 11 U.S.C. § 363(f)(4), and requested authority to pay Sound's undisputed claim upon closing, and to hold the disputed amounts in escrow, pending further adjudication and Court order. On November 22, 2022, the Court entered an order authorizing the Sale Motion and authorizing the Debtor to withhold proceeds in an amount equal to the value of Sound's charges for default interest, attorneys' fees, and certain other fees, plus an additional $5,000. The Debtor is currently holding approximately $278,964.97 (as of May 25, 2023) in escrow, pending resolution of the disputed charges (the "Disputed Funds").

**D.     Proposed Compromise with Sound**

Subsequent to the entry of the Court's order granting the Sale Motion, counsel for both Sound and the Debtor discussed the merits of their respective claims to the Disputed Funds. Ultimately, counsel for both parties realized that, rather than litigating, evenly dividing the sum of the Disputed Funds would be more beneficial and cost-effective, and would minimize the risk of an adverse ruling, for both parties. To avoid, among other things, the costs, risks, and uncertainties of litigation, the Debtor and Sound entered into an agreement to resolve the disposition of the Disputed Funds, subject to Court approval (the "Agreement"). Without modifying in any respect the terms set forth therein, the Agreement's terms include:

1.     The Disputed Funds will be split between the Debtor and Sound equally.

2.     The Debtor and Sound will exchange mutual releases of liability relating to the Disputed Funds.

## II.

## LEGAL ARGUMENT

**A.     Standards for Approval of Compromise**

Inherent in the grant of jurisdiction to the district courts over all civil proceedings arising under, arising in or related to cases under title 11 is the Court's authority, under Section 105(a) of the Bankruptcy Code, to enter orders approving compromises. This power is expressly recognized

in Bankruptcy Rule 9019(a), which provides that the Court may approve a compromise or settlement on motion by the trustee after notice is provided pursuant to Bankruptcy Rule 2002.  The approval of a compromise is a "core proceeding" under 28 U.S.C. § 157(b)(2)(A) and (O).  *In re Carla Leather, Inc.*, 50 B.R. 764, 775 (Bankr. S.D.N.Y. 1985).

The approval or rejection of a proposed compromise is addressed to the sound discretion of the Court and is to be determined by the particular circumstances of each case.  *In re Walsh Construction, Inc.*, 669 F.2d 1325, 1328 (9th Cir. 1982).  The burden of establishing the fairness of the compromise rests on the proponent, here, the Debtor.

In determining the acceptability of a proposed compromise, the following four factors should be considered: (1) the probability of success in the litigation; (2) the difficulties, if any, encountered in the matter of collection; (3) the complexity of the litigation involved, the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors and a proper deference to their reasonable views.  *In re A & C Properties,* 784 F.2d 1377, 1381 (9th Cir. 1986); *Flight Transportation Corporation Securities Litigation*, 730 F.2d 1128, 1135 (8th Cir. 1984).  This Court is not required to decide the questions of law and fact in dispute, but to canvas the issues to see whether the "settlement falls below the lowest point in a range of reasonableness." *In re Teletronics Services, Inc.*, 762 F.2d 185, 189 (2d Cir. 1985) (quoting *In re W.T. Grant Co.,* 699 F.2d 599, 608 (2d Cir. 1983)).

B. **The Agreement is in the Best Interest of the Estate and Should be Approved under Bankruptcy Rule 9019**

The Debtor believes that the Agreement is fair and reasonable, in the best interest of the estate and its creditors, and satisfies the standards for approval of a settlement.  With respect to the factors set forth in *A & C Properties,* the Debtor believes that the Agreement should be approved for the reasons discussed below.

1. The Probability of Success in Litigation

In the Sale Motion, the Debtor's primary argument against allowance of Sound's default interest, attorneys' fees, and other miscellaneous fees relies on principals of equity and

reasonableness. While the case law cited in the Sale Motion supported this argument, the Debtor recognizes that whether the Court will ultimately disallow such disputes amounts depends on the factual circumstances surrounding the request. Although the Debtor here believes in its position, it is uncertain that the Court would find that Sound's default interest, attorneys' fees, and miscellaneous charges are inequitable or unreasonable. Thus, this factor weighs in favor of settlement.

### 2. Difficulties in Collection

The Debtor does not expect any difficulty in collection. The Disputed Funds are being held in escrow, pending further instruction from the Court.

### 3. Complexity, Expense, Inconvenience, and Delay of Litigation

As stated earlier, the Debtor's primary argument against the allowance of Sound's default interest, attorneys' fees, and other miscellaneous fees is are based on equitable principals and reasonableness. Thus, to support these arguments, the Debtor would be required to conduct a comprehensive factual investigation relating to the circumstances under which the Debtor executed the Sound Note, the various fees and charges asserted by Sound over the life of the Sound Note, and the economic climate at the time of the Sound Note's negotiation and execution. Depending on the feasibility of obtaining relevant documents and their volume, such analysis could consume a significant amount of time and could therefore become even more expensive than the value of the Disputed Funds. Settling according to the terms of the Agreement, on the other hand, would avoid all of this expected expense and result in the immediate influx of cash in the Debtor's estate. Thus, this factor weighs in favor of settlement.

### 4. Interest of Creditors

The Agreement reached by the Debtor with Sound serves the paramount interest of creditors. The Agreement would immediately add approximately $139,482.49 to the estate while simultaneously eliminating the administrative fees and expenses that would have been incurred in litigating over the Disputed Funds. Thus, this factor supports approval of the Agreement.

# III.

# **CONCLUSION**

Based upon the foregoing, the Debtor respectfully requests that the Court:

**1.**  grant the Motion;

**2.**  approve and authorize the Debtor to enter into the Agreement, a copy of which is attached to the Declaration of Zhao Pu Yang as Exhibit "1";

**3.**  authorize the Debtor to execute all documents and to take any action reasonably necessary to effectuate the Agreement; and

**4.**  For such other and further relief as the Court may deem just and proper.

DATED: July 12, 2023                    DANNING, GILL, ISRAEL & KRASNOFF, LLP

By:    */s/ Alphamorlai L. Kebeh*
ALPHAMORLAI L. KEBEH
General Bankruptcy Counsel for Jinzheng Group
(USA) LLC, Debtor and Debtor in Possession

1718855.2  27086

## DECLARATION OF ZHAO PU YANG

I, Zhao Pu Yang, declare as follows:

1. I am the Attorney in Fact for Jianqing Yang, Managing Member of Jinzheng Group (USA) LLC. I am also the son of Jianqing Yang.

2. All facts in this declaration are based upon my personal knowledge, discussions with the Debtor's or my own advisors, brokers or counsel, and/or my personal opinion based upon my experience and general knowledge about the Debtor.

3. I am over the age of 18 and am authorized to submit this declaration on behalf of the Debtor. If called to testify, I would testify to the matters set forth in this declaration.

4. I submit my declaration in support of the Debtor's Motion for Order Approving Compromise Between Debtor and Sound Equity Inc. (the "Motion").

5. Through counsel, Sound and I have agreed to settle our disputes and have reached an agreement (the "Agreement") with respect to the division of certain proceeds held in escrow subsequent to the Debtor's sale of its interest in real property located at 150 East La Sierra Drive, Arcadia, CA 91006. A true and correct copy of the Agreement is attached hereto as Exhibit "1."

6. I believe that the Agreement is the most effective and efficient way to generate cash for the Debtor's estate. In my business judgment, I believe that the proposed Agreement is fair and reasonable, in the best interest of the estate and its creditors, and satisfies the standards for approval of a settlement.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at _____, China on July **12**, 2023.

_YANG ZHAOPU_____
ZHAO PU YANG

1718855.2  27086

8

# EXHIBIT 1

## SETTLEMENT AGREEMENT

This settlement agreement (the "Agreement") is made by and between Jinzheng Group (USA) LLC, debtor and debtor-in-possession in bankruptcy case no. 2:21-bk-16674 (the "Debtor"), on the one hand, and Sound Equity Inc. on the other hand ("Sound"). The Debtor and Sound are referred to herein, all together, as the "Parties."

## RECITALS

A. On or about December 18, 2019, 150 La Sierra LLC, a California Limited Liability, was organized. The Debtor held a 79% interest in 150 La Sierra LLC.

B. On or about January 23, 2020, the Debtor transferred its interest in real property located at 150 East La Sierra Drive, Arcadia, CA 91006 (the "Property") to 150 La Sierra LLC (the "Transfer").

C. On August 24, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

D. On July 5, 2022, the Debtor filed its *Motion for Order Approving Compromise Between Debtor and 150 La Sierra LLC* (docket no. 278) (the "Compromise Motion"). In the Compromise Motion, the Debtor asserted that the Transfer was an avoidable fraudulent transfer and requested that the Court approve a compromise whereby 150 La Sierra LLC would transfer all of its right, title, and interest in the Property to the Debtor, among other things.

E. On July 20, 2022, the Court entered an order granting the Compromise Motion (docket no. 322) and effectively transferring the Property to the Debtor.

F. On or about January 15, 2020, á note in favor of Sound (the "Sound Note") was executed and secured by a deed of trust recorded against the Property. The original principal amount of the Sound Note was $2,340,000.

G. On or about October 24, 2022, the Debtor filed its *Motion to Authorize Sale of Real Property Located at 150 East La Sierra Drive, Arcadia, California 91006 Free and Clear of Liens* (docket no. 420) (the "Sale Motion").

H. In the Sale Motion, the Debtor sought to sell the Property free and clear of Sound's lien against the Property. The Debtor asserted that certain amounts owed to Sound on account of the Sound Note, such as default interest, interest and other miscellaneous fees were subject to a bona fide dispute within the meaning of 11 U.S.C. § 363(f)(4), and requested authority to pay Sound's undisputed claim upon closing, and to hold the disputed amounts in escrow, pending further adjudication and Court order.

I. On or about November 22, 2022, the Court entered an order granting the Sale Motion and confirming the sale of the Property to a third party free and clear of all liens and interests (docket no. 455) (the "Sale Order"). The Sale Order further provided that the encumbrances resulting from the Sound Note attached to like amounts of the net sale proceeds

with the same force, effect, validity, and priority, if any, that they enjoyed with respect to the Property. The Sale Order also granted the Debtor authority to withhold proceeds in an amount equal to the value of Sound's charges for default interest, attorneys' fees, and certain other fees, plus an additional $5,000.

J.    While Sound received $1,697,820.71 of undisputed funds upon closing, the Debtor is currently holding approximately $278,964.97 (as of May 25, 2023) in escrow, pending resolution of the disputed charges (the "Disputed Funds").

K.    After engaging in arm's-length negotiations, to avoid the expense, risk, delay, and uncertainty of litigation, the parties wish to resolve their disputes regarding the Disputed Funds without litigation, upon the terms and subject to the conditions set forth in this agreement, subject to Bankruptcy Court approval.

TERMS AND CONDITIONS

Based on the mutual promises contained herein and for other good and valuable consideration, the receipt of which is acknowledged, the parties agree as follows:

1.    Recitals Acknowledged. Each of the Parties acknowledges that, to the best of the Party's knowledge, each of the foregoing recitals is true and correct in every material respect and is incorporated into this agreement.

2.    Court Approval Required. This agreement is subject to the approval of the Bankruptcy Court after notice and hearing. Following execution hereof, the Debtor shall file a motion for an order approving the agreement (the "Approval Order") under Federal Rule of Bankruptcy Procedure 9019.

3.    Division and Delivery of Disputed Funds. The Approval Order will direct the escrow company to make distributions of the Disputed Funds, net of any escrow or banking fees, as follows: 50% to the Debtor, and 50% to Sound. Immediately upon the Court's entry of the Approval Order, the Debtor will be authorized to instruct the escrow agent to immediately release the Disputed Funds in accordance with the Approval Order and this Agreement.

4.    Mutual Releases. The Parties hereby release and discharge each other from any and all claims, grievances, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, and costs, whether at law or equity, known or unknown, suspected or unsuspected, contingent or fixed with respect to the Disputed Funds.

5.    Waiver of Claims. Except for the right to payment described in Paragraph 3 above, Sound waives any claims against the estate, whether administrative, secured or unsecured.

6.    Notices. All notices, demands or communications pursuant to this agreement shall be in writing and shall be deemed to have been duly given if delivered in person, by United States mail, or by overnight service, as follows:

1716437.4 27086                                    2

(a)  To the Debtor:
Alphamorlai L. Kebeh
Email: *akebeh@DanningGill.com*
Danning, Gill, Israel & Krasnoff, LLP
1901 Avenue of the Stars, Suite 450
Los Angeles, CA 90067-6006

(b)  To counsel for Sound:
Paul J. Leeds
Email: *pleeds@fsl.law*
Franklin Soto Leeds, LLP
444 West C Street, Suite 300
San Diego, CA 92101

7.  Interpretation.  If there is a dispute over the meaning of any provision, this agreement shall not be interpreted against any of the Parties, regardless of which one prepared the initial draft hereof.

8.  Jurisdiction; Applicable Law.  The Bankruptcy Court presiding over the bankruptcy case shall have and retain sole and exclusive jurisdiction to interpret and enforce the terms of this agreement as a core matter, without a right to jury trial or, if required by any applicable law, with a jury before such Bankruptcy Court, and the Parties hereby consent and submit to entry of a final order or final judgment by the Bankruptcy Court.  This agreement shall be interpreted and enforced pursuant to the laws of the United States of America, and where State law is required to be applied, California law shall apply.

9.  Costs and Attorneys' Fees.  Each Party shall bear his, her, their or its own costs, expenses and attorneys' fees, if any, heretofore incurred in the matters that are the subject of this agreement to date.  However, in the event it becomes necessary for any Party to take any action to compel enforcement of the terms of this agreement, the prevailing party shall be entitled to all reasonable attorneys' fees and costs incurred to compel such enforcement.

10.  No Admission. This Agreement represents a compromise of claims that are disputed by the Parties.  Neither the payment of the consideration, nor anything contained in this Agreement, shall be construed as an admission by any party and shall not be used against any party as evidence or otherwise to prove any fact or issue with respect to that party in any legal action.

11.  Successors and Assigns.  This Agreement is binding upon and shall inure to the benefit of the Parties hereto, and their respective attorneys, agents, heirs, administrators, predecessors, successors and assigns.  This Agreement shall be binding on any successor trustee, chapter 7 trustee, reorganized debtor, post-confirmation debtor, or revested debtor, as applicable.

12.  Authority to Sign.  The person signing below on behalf of each Party, and each Party, represents that the signing person has the authority to execute this Agreement on behalf of said Party, and that it is not necessary for any other Party to inquire further into the validity of execution or authority to execute.

1716437.4  27086                                        3

11

13. **Execution.** This agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

14. **Entire Agreement.** This agreement constitutes the entire agreement between and among the Parties concerning the subject matter hereof. There are no other understandings, representations, or agreements, oral or otherwise, between and among the Parties concerning the subject matter of this agreement.

15. **Amendments; Modifications; Waiver.** This agreement may not be modified, superseded, terminated, or amended and no provision hereto may be waived except by: (i) a writing, making specific reference hereto, signed by the Parties and approved by the Bankruptcy Court; or, (ii) an order of the Bankruptcy Court which has become final.

16. **Further Assurances.** The Parties shall promptly execute and deliver, as appropriate, such other and further documents as may be necessary to effectuate the terms of this agreement.

17. **Counterparts.** Each Party may sign an electronic mail, PDF, or facsimile copy of this Agreement, in counterparts, with the same effect as if each Party had signed an original of the same document.

AGREED:

DATED: July 10, 2023            JINZHENG GROUP (USA) LLC

                                *Zhaopu yang*
                                _____
                                By Zhou Pu Yang, its Authorized Representative

AGREED:

DATED: July 10, 2023            SOUND EQUITY INC.

                                DocuSigned by:
                                *ken Hansen*
                                66C69F3C2BE74F8...
                                By  Ken Hansen  , its Authorized Representative

[Signatures Continued on Next Page]

1716437.4 27086                          4

12

13

APPROVED BY COUNSEL:

DATED: July 10, 2023

DANNING, GILL, ISRAEL & KRASNOFF, LLP

_____
By ZEV SHECHTMAN, Attorneys for Debtor and Debtor-in-Possession, JINZHENG GROUP (USA) LLC

APPROVED BY COUNSEL:

DATED: July 10, 2023

FRANKLIN SOTO LEEDS, LLP

_____
By PAUL J. LEEDS, Attorneys for SOUND EQUITY INC.

1716437.4  27086

5

**Dropbox Sign**  Audit trail

| | |
|---|---|
| Title | Jinzheng - Sound Settlement Agreement |
| File name | 1716437_4.pdf |
| Document ID | 25ff2852443aca8c0edbc0c9f3a7e819f149572c |
| Audit trail date format | MM / DD / YYYY |
| Status | ● Signed |

## Document History

**SENT**  07 / 06 / 2023  01:38:29 UTC  Sent for signature to Zhou Pu Yang (yangzhaopu5555@gmail.com) from zshechtman@dgdk.com  IP: 38.88.161.178

**VIEWED**  07 / 10 / 2023  12:47:24 UTC  Viewed by Zhou Pu Yang (yangzhaopu5555@gmail.com)  IP: 61.93.118.193

**SIGNED**  07 / 10 / 2023  12:47:46 UTC  Signed by Zhou Pu Yang (yangzhaopu5555@gmail.com)  IP: 61.93.118.193

**COMPLETED**  07 / 10 / 2023  12:47:46 UTC  The document has been completed.

Powered by **Dropbox Sign**

14

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 1901 Avenue of the Stars, Suite 450, Los Angeles, CA 90067-6006.

A true and correct copy of the foregoing document entitled (*specify*):  DEBTOR'S NOTICE OF MOTION AND MOTION FOR ORDER APPROVING COMPROMISE BETWEEN DEBTOR AND SOUND EQUITY INC.; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF ZHAO PU YANG IN SUPPORT THEREOF  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)  July 12, 2023  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2.  SERVED BY UNITED STATES MAIL**: On July 12, 2023 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 12, 2023 | Beverly Lew | /s/ Beverly Lew |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                                   F 9013-3.1.PROOF.SERVICE

**ADDITIONAL SERVICE INFORMATION (if needed):**

1. **SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

J Scott Bovitz on behalf of Mediator J. Scott Bovitz
bovitz@bovitz-spitzer.com

David M Browne on behalf of Defendant Betula Lenta Inc
dmbrownelaw@gmail.com, dmbeaster@aol.com

David M Browne on behalf of Defendant CBW Global Inc.
dmbrownelaw@gmail.com, dmbeaster@aol.com

David M Browne on behalf of Defendant CBW Global, Inc.
dmbrownelaw@gmail.com, dmbeaster@aol.com

David M Browne on behalf of Defendant Betty Zheng
dmbrownelaw@gmail.com, dmbeaster@aol.com

David M Browne on behalf of Defendant Betty Bao Zheng
dmbrownelaw@gmail.com, dmbeaster@aol.com

David M Browne on behalf of Defendant David Park
dmbrownelaw@gmail.com, dmbeaster@aol.com

David M Browne on behalf of Defendant Jonathan Pae
dmbrownelaw@gmail.com, dmbeaster@aol.com

Donna C Bullock on behalf of Interested Party Donna Bullock Carrera
donnabullockcarrera@yahoo.com, donna.bullock@ymail.com

Steven P Chang on behalf of Interested Party Courtesy NEF
heidi@spclawoffice.com,
schang@spclawoffice.com,assistant1@spclawoffice.com,attorney@spclawoffice.com;g9806@notify.cincompass.com;changsr75251@notify.bestcase.com

Michael F Chekian on behalf of Creditor The Phalanx Group
mike@cheklaw.com, chekianmr84018@notify.bestcase.com

Michael F Chekian on behalf of Interested Party Chekian Law Office, Inc.
mike@cheklaw.com, chekianmr84018@notify.bestcase.com

Heidi M Cheng on behalf of Plaintiff JINZHENG GROUP (USA) LLC
heidi@slclawoffice.com,
assistant1@spclawoffice.com;schang@spclawoffice.com;chenghr75251@notify.bestcase.com

Susan Titus Collins on behalf of Interested Party INTERESTED PARTY
scollins@counsel.lacounty.gov

Nicholas S Couchot on behalf of Creditor Royal Business Bank
ncouchot@buchalter.com, docket@buchalter.com;marias@buchalter.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                              F 9013-3.1.PROOF.SERVICE

Jeffrey W Dulberg on behalf of Creditor Committee OFFICIAL COMMITTEE OF UNSECURED CREDITORS
jdulberg@pszjlaw.com

Oscar Estrada on behalf of Creditor LOS ANGELES COUNTY TREASURER AND TAX COLLECTOR
oestrada@ttc.lacounty.gov

Danielle R Gabai on behalf of Debtor JINZHENG GROUP (USA) LLC
dgabai@danninggill.com, dgabai@ecf.courtdrive.com

Runmin Gao on behalf of Plaintiff JINZHENG GROUP (USA) LLC
ivy.gao@aalrr.com, alicia.mcmaster@aalrr.com

Runmin Gao on behalf of Plaintiff JINZHENG GROUP (USA) LLC
ivy.gao@aalrr.com, alicia.mcmaster@aalrr.com

Richard Girgado on behalf of Interested Party Courtesy NEF
rgirgado@counsel.lacounty.gov

Brian T Harvey on behalf of Interested Party Courtesy NEF
bharvey@buchalter.com, IFS_filing@buchalter.com;dbodkin@buchalter.com

M. Jonathan Hayes on behalf of Interested Party Courtesy NEF
jhayes@rhmfirm.com,
roksana@rhmfirm.com;matt@rhmfirm.com;rosario@rhmfirm.com;sloan@rhmfirm.com;priscilla@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;russ@rhmfirm.com

Teddy M Kapur on behalf of Creditor Committee OFFICIAL COMMITTEE OF UNSECURED CREDITORS
tkapur@pszjlaw.com, mdj@pszjlaw.com

Alphamorlai Lamine Kebeh on behalf of Debtor JINZHENG GROUP (USA) LLC
akebeh@danninggill.com

Alphamorlai Lamine Kebeh on behalf of Plaintiff JINZHENG GROUP (USA) LLC
akebeh@danninggill.com

Peter A Kim on behalf of Attorney LAW OFFICES OF PETER KIM
peter@pkimlaw.com, peterandrewkim@yahoo.com

Christopher J Langley on behalf of Attorney Shioda Langley and Chang LLP
chris@slclawoffice.com,
omar@slclawoffice.com;langleycr75251@notify.bestcase.com;ecf123@casedriver.com

Christopher J Langley on behalf of Plaintiff JINZHENG GROUP (USA) LLC
chris@slclawoffice.com,
omar@slclawoffice.com;langleycr75251@notify.bestcase.com;ecf123@casedriver.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                                           F 9013-3.1.PROOF.SERVICE

Paul J Leeds on behalf of Creditor Sound Equity, Inc.
Pleeds@fsl.law, ssanchez@fsl.law

Benjamin R Levinson, ESQ on behalf of Creditor Michael E. Dorff and Shari L. Dorff
ben@benlevinsonlaw.com, courtney@benlevinsonlaw.com

Damian J. Martinez on behalf of Attorney ATKINSON ANDELSON LOYA RUUD & ROMO
damian.martinez@aalrr.com, julissa.ruiz@aalrr.com

Damian J. Martinez on behalf of Debtor JINZHENG GROUP (USA) LLC
damian.martinez@aalrr.com, julissa.ruiz@aalrr.com

Damian J. Martinez on behalf of Plaintiff JINZHENG GROUP (USA) LLC
damian.martinez@aalrr.com, julissa.ruiz@aalrr.com

Damian J. Martinez on behalf of Plaintiff JINZHENG GROUP (USA) LLC
damian.martinez@aalrr.com, julissa.ruiz@aalrr.com

Eric A Mitnick on behalf of Creditor Corona Capital Group LLC
MitnickLaw@gmail.com, mitnicklaw@gmail.com

Eric A Mitnick on behalf of Interested Party Courtesy NEF
MitnickLaw@gmail.com, mitnicklaw@gmail.com

Giovanni Orantes on behalf of Other Professional Orantes Law Firm, P.C.
go@gobklaw.com, gorantes@orantes-law.com,cmh@gobklaw.com,gobklaw@gmail.com,go@ecf.inforuptcy.com;orantesgr89122@notify.bestcase.com

Donald W Reid on behalf of Interested Party INTERESTED PARTY
don@donreidlaw.com, ecf@donreidlaw.com

Matthew D. Resnik on behalf of Attorney Matthew Resnik
Matt@rhmfirm.com, roksana@rhmfirm.com;rosario@rhmfirm.com;sloan@rhmfirm.com;priscilla@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;russ@rhmfirm.com

Matthew D. Resnik on behalf of Creditor Royalty Equity Lending, LLC/Bobs LLC
Matt@rhmfirm.com, roksana@rhmfirm.com;rosario@rhmfirm.com;sloan@rhmfirm.com;priscilla@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;russ@rhmfirm.com

Matthew D. Resnik on behalf of Interested Party Courtesy NEF
Matt@rhmfirm.com, roksana@rhmfirm.com;rosario@rhmfirm.com;sloan@rhmfirm.com;priscilla@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;russ@rhmfirm.com

Peter J Ryan on behalf of Defendant Testa Capital Group
ryan@floresryan.com, schneider@floresryan.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    F 9013-3.1.PROOF.SERVICE

Peter J Ryan on behalf of Defendant Thomas L. Testa
ryan@floresryan.com, schneider@floresryan.com

Allan D Sarver on behalf of Creditor Investment Management Company LLC
ADS@asarverlaw.com

Allan D Sarver on behalf of Interested Party Courtesy NEF
ADS@asarverlaw.com

Zev Shechtman on behalf of Attorney DANNING, GILL, ISRAEL & KRASNOFF, LLP
zs@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com

Zev Shechtman on behalf of Debtor JINZHENG GROUP (USA) LLC
zs@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com

Zev Shechtman on behalf of Interested Party INTERESTED PARTY
zs@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com

Zev Shechtman on behalf of Plaintiff JINZHENG GROUP (USA) LLC
zs@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com

David Samuel Shevitz on behalf of Interested Party INTERESTED PARTY
david@shevitzlawfirm.com, shevitzlawfirm@ecf.courtdrive.com;r48785@notify.bestcase.com;Jose@shevitzlawfirm.com

John N Tedford, IV on behalf of Interested Party INTERESTED PARTY
jtedford@DanningGill.com, danninggill@gmail.com;jtedford@ecf.courtdrive.com

United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

Hatty K Yip on behalf of U.S. Trustee United States Trustee (LA)
hatty.yip@usdoj.gov, hatty.k.yip@usdoj.gov,leslie.skorheim@usdoj.gov

**2. SERVED BY U.S. MAIL**

| | |
|---|---|
| JINZHENG GROUP (USA) LLC<br>1414 S Azusa Ave, Suite B-22<br>West Covina, CA 91791 | The Honorable Ernest M. Robles<br>U.S. Bankruptcy Court<br>255 E. Temple Street, Suite 1560<br>Los Angeles, CA 90012 |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**