ZEV SHECHTMAN (State Bar No. 266280)
*zs@DanningGill.com*
ALPHAMORLAI L. KEBEH (State Bar No. 336798)
*akebeh@DanningGill.com*
DANNING, GILL, ISRAEL & KRASNOFF, LLP
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067-6006
Telephone: (310) 277-0077
Facsimile: (310) 277-5735

Attorney for Plaintiff, Jinzheng Group (USA) LLC, Debtor and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>JINZHENG GROUP (USA) LLC,<br><br>    Debtor and Debtor in Possession. | Case No. 2:21-bk-16674-ER<br><br>Chapter 11 |
| JINZHENG GROUP (USA) LLC,<br><br>    Plaintiff,<br><br>    vs.<br><br>EVO EZPAY, LLC,<br><br>    Defendant. | Adv. No. _____<br><br>**DEBTOR'S COMPLAINT: (1) TO AVOID AND RECOVER PREFERENTIAL TRANSFERS; (2) TO AVOID AND RECOVER FRAUDULENT OR AVOIDABLE TRANSFERS; AND (3) FOR UNJUST ENRICHMENT**<br><br>Date:   SEE SUMMONS<br>Time:  SEE SUMMONS<br>Ctrm.:  SEE SUMMONS |

Jinzheng Group (USA) LLC ("Plaintiff" or the "Debtor"), Debtor and Debtor in Possession, alleges as follows:

## CASE BACKGROUND, JURISDICTION AND VENUE

1. The within bankruptcy case was commenced on or about August 24, 2021 (the "Petition Date"), when Jinzheng Group (USA) LLC, as Debtor, filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Code"). The Debtor's case (the

1  "Bankruptcy Case") was assigned case no. 2:21-bk-16674-ER and is pending in the United States

2  Bankruptcy Court for the Central District of California (the "Bankruptcy Court").

3       2.     This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C.

4  §§ 157 and 1334.  The claims for relief alleged in this Complaint arise under the Code and are

5  related to the Bankruptcy Case.

6       3.     This action is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (F), (H), and (O).

7       4.     Venue for this adversary proceeding properly lies in this judicial district pursuant to

8  28 U.S.C. § 1409(a), in that this adversary proceeding arises in, and is related to, the Bankruptcy

9  Case.

## THE PARTIES

     5.     Plaintiff is, and at all relevant times herein was, a Limited Liability Company in the State of California in the County of Los Angeles.

     6.     Upon information and belief, Defendant Evo eZpay, LLC is, and at all relevant times was, an entity located or doing business in the State of California.

## GENERAL ALLEGATIONS

     7.     Plaintiff is informed and believes and, based thereon, alleges that the Debtor made that certain transfer or those certain transfers to the Defendant totaling no less than $80,032.50 including, but not limited to, those transfers on the following dates in the following amounts (jointly and severally, the "Subject Transfers"):

| Date | Amount |
| --- | --- |
| August 13, 2018 | $2.50 |
| August 31, 2018 | $2.50 |
| July 5, 2019 | $2.50 |
| August 12, 2019 | $2.50 |
| September 3, 2019 | $2.50 |
| September 5, 2019 | $2.50 |
| July 23, 2020 | $2.50 |
| July 31, 2020 | $2.50 |
| August 21, 2020 | $80,000.00 |
| August 28, 2020 | $5.00 |

1726446.1  27086

2

| | |
|---|---:|
| July 22, 2021 | $2.50 |
| August 3, 2021 | $2.50 |
| August 5, 2021 | $2.50 |

8. Plaintiff is informed and believes, and thereon alleges that, at all times material herein, at the times the Subject Transfers were made, Debtor was insolvent.

9. Plaintiff is informed and believes, and thereon alleges, that the Subject Transfers were made without Debtor receiving fair consideration or reasonably equivalent value in exchange.

10. Plaintiff is informed and believes and, based thereon, alleges that there are one or more creditors of the Debtor holding unsecured claims allowable under 11 U.S.C. § 502 or not allowable only under 11 U.S.C. § 502(e), that could have avoided the transfers herein under applicable law.

## FIRST CLAIM FOR RELIEF

### (For Avoidance and Recovery of Preferential Transfers)

11. Plaintiff refers to and incorporates herein by reference each and every allegation contained in paragraphs 1 through 10, inclusive.

12. Plaintiff is informed and believes and, based thereon, alleges that the Subject Transfers constituted transfers of an interest or interests of the Debtor in property to Defendant.

13. Plaintiff is informed and believes and, based thereon, alleges that the Subject Transfers, and each of them, were made to or for the benefit of Defendant as a creditor of the Debtor.

14. Plaintiff is informed and believes and, based thereon, alleges that the Debtor made the Subject Transfers while the Debtor was insolvent or was rendered insolvent by each.

15. Plaintiff is informed and believes and, based thereon, alleges that the Subject Transfers were made within 90 days prior to the Petition Date or between 90 days and one year of the Petition Date to an insider.

16. Plaintiff is informed and believes and, based thereon, alleges that the Subject Transfers, and each of them, enabled Defendant to receive more than the Defendant would receive

1 if the Subject Transfers had not been made and Defendant instead received payment on Defendant's
2 claim only to the extent provided by Chapter 7 of Title 11 of the United States Code ("U.S.C.").

3      17.    Pursuant to 11 U.S.C. § 547(b), Plaintiff may avoid the Subject Transfers.

4      18.    Pursuant to 11 U.S.C. § 550, Plaintiff may recover from the Defendant the value of
5 the property transferred by the Subject Transfers, plus interest thereon at the maximum legal rate
6 from and after the date of each of the Subject Transfers, in a sum according to proof.

7
8              **SECOND CLAIM FOR RELIEF**
9          **(For Avoidance and Recovery of Fraudulent or Avoidable Transfers)**

10     19.    Plaintiff refers to and incorporates herein by reference each and every allegation
11 contained in paragraphs 1 through 10, inclusive.

12     20.    Plaintiff is informed and believes, and thereon alleges, that the Subject Transfers
13 were made with the actual intent to hinder, delay, or defraud the Debtor's creditors.

14     21.    Pursuant to 11 U.S.C. §§ 544, 548(a)(1)(A), 550, and other applicable law,
15 including, without limitation, California Civil Code §§ 3439.04(a)(1) and 3439.07, Plaintiff is
16 entitled to avoid the Subject Transfers and to recover from Defendant the property transferred
17 under the Subject Transfers or their value, plus interest thereon at the maximum legal rate, in a sum
18 according to proof.

19
20             **THIRD CLAIM FOR RELIEF**
21         **(For Avoidance and Recovery of Fraudulent or Avoidable Transfers)**

22     22.    Plaintiff refers to and incorporates herein by reference each and every allegation
23 contained in paragraphs 1 through 10, inclusive.

24     23.    Plaintiff is informed and believes, and thereon alleges, that Debtor made the Subject
25 Transfers, and each of them, without receiving fair consideration or reasonably equivalent value in
26 exchange.

27
28

1726446.1  27086                                4

24. Plaintiff is informed and believes, and thereon alleges, that the Subject Transfers occurred at a time when the Debtor was insolvent or as a result of which the Debtor became insolvent.

25. Pursuant to 11 U.S.C. §§ 544, 548(a)(1)(B)(ii)(I), 550, and other applicable law, including, without limitation, California Civil Code §§ 3439.05 and 3439.07, Plaintiff is entitled to avoid the Subject Transfers, and each of them, and to recover from Defendant the property transferred under the Subject Transfers or their value, plus interest thereon at the maximum legal rate, in a sum according to proof.

## FOURTH CLAIM FOR RELIEF

**(For Avoidance and Recovery of Fraudulent or Avoidable Transfers)**

26. Plaintiff refers to and incorporates herein by reference each and every allegation contained in paragraphs 1 through 10, inclusive.

27. Plaintiff is informed and believes, and thereon alleges, that Debtor made the Subject Transfers without receiving fair consideration or reasonably equivalent value in exchange.

28. Plaintiff is informed and believes, and thereon alleges, that when the Debtor made the Subject Transfers, Debtor was engaged in, or was about to engage in, business or a transaction, for which any property remaining with the Debtor was unreasonably small.

29. Pursuant to 11 U.S.C. §§ 544, 548(a)(1)(B)(ii)(II), 550, and other applicable law, including, without limitation, California Civil Code §§ 3439.04(a)(2)(A) and 3439.07, Plaintiff is entitled to avoid the Subject Transfers and to recover from Defendant the property transferred under the Subject Transfers or their value, plus interest thereon at the maximum legal rate, in a sum according to proof.

## FIFTH CLAIM FOR RELIEF

**(For Avoidance and Recovery of Fraudulent or Avoidable Transfers)**

30. Plaintiff refers to and incorporates herein by reference each and every allegation contained in paragraphs 1 through 10, inclusive.

31. Plaintiff is informed and believes, and thereon alleges, that Debtor made the Subject Transfers without receiving fair consideration or reasonably equivalent value in exchange.

32. Plaintiff is informed and believes, and thereon alleges, that, when the Debtor made the Subject Transfers, Debtor had already incurred, or believed or reasonably should have believed that Debtor would incur, debts that would be beyond its ability to pay as such debts matured.

33. Pursuant to 11 U.S.C. §§ 544, 548(a)(1)(B)(ii)(III), 550, and other applicable law, including, without limitation, California Civil Code §§ 3439.04(a)(2)(B) and 3439.07, Plaintiff is entitled to avoid the Subject Transfers and to recover from Defendant the property transferred under the Subject Transfers or their value, plus interest thereon at the maximum legal rate, in a sum according to proof.

## SIXTH CLAIM FOR RELIEF

### (For Unjust Enrichment)

34. Plaintiff refers to and incorporates herein by reference each and every allegation contained in paragraphs 1 through 10, inclusive.

35. As a result of the Subject Transfers, Defendant received a benefit and unjustly retained that benefit at the expense of Debtor, unsecured creditors, in an amount to be proved at trial.

**WHEREFORE**, Plaintiff prays for judgment against the Defendant as follows:

**ON THE FIRST, SECOND, THIRD, FOURTH, AND FIFTH CLAIMS FOR RELIEF:**

1. That the Subject Transfers be avoided;

2. That the Subject Transfers or the respective value thereof be recovered from each of the recipients of the transfer for the benefit of this estate; and,

3. For interest thereon from the respective date of receipt of each of the Subject Transfers.

1726446.1  27086                                    6

**ON THE SIXTH CLAIM FOR RELIEF:**

4.    For damages in a sum to be proved at trial; and

5.    For interest thereon from the date of each of the Subject Transfers.

**ON ALL CLAIMS FOR RELIEF:**

6.    For costs of suit incurred herein;

7.    For interest according to law; and,

For all other and further relief as the Court deems just and proper.

DATED: August 22, 2023        DANNING, GILL, ISRAEL & KRASNOFF, LLP

By:    */s/ Alphamorlai L. Kebeh*
ALPHAMORLAI L. KEBEH
General Bankruptcy Counsel for Jinzheng Group
(USA) LLC, Debtor and Debtor in Possession

1726446.1  27086

7

B1040 (FORM 1040) (12/15)

| **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER** (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br><br>JINZHENG GROUP (USA) LLC | **DEFENDANTS**<br><br>EVO EZPAY, LLC |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>DANNING, GILL, ISRAEL & KRASNOFF, LLP<br>1901 Avenue of the Stars, Suite 450<br>Los Angeles, California 90067-6006; Tel. 310-277-0077 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☒ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Recovery of preference transfer under 11 U.S.C. §§ 547(b) and 550; Recovery of fraudulent transfer under 11 U.S.C. §§ 544, 548(a)(1)(A), 548(a)(1)(B)(i)(I), 548(a)(1)(B)(i)(II), 548(a)(1)(B)(i)(III), and 550.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
[1] 12-Recovery of money/property - §547 preference
[2] 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ **80,032.50** |

Other Relief Sought
Damages relating to Plaintiff's claim for unjust enrichment.

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||||
|---|---|---|---|---|
| NAME OF DEBTOR<br>**JINZHENG GROUP (USA) LLC** || BANKRUPTCY CASE NO.<br>**2:21-bk-16674-ER** |||
| DISTRICT IN WHICH CASE IS PENDING<br>**CENTRAL DISTRICT OF CALIFORNIA** || DIVISION OFFICE<br>**LOS ANGELES** || NAME OF JUDGE **HON. ERNEST M. ROBLES** |
| RELATED ADVERSARY PROCEEDING (IF ANY) |||||
| PLAINTIFF || DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Alphamorlai L. Kebeh |||||
| DATE<br><br>**August 22, 2023** ||| PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>**ALPHAMORLAI L. KEBEH** ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.