1  Wesley H. Avery
2  758 E. Colorado Blvd. Ste. 210
   Pasadena, CA 91101-2105
3  (626) 395-7576 (office)
   (661) 430-5467 (fax)
4  Chapter 7 Trustee

5  *Fiducia in faciem dubitationem*

6

7                UNITED STATES BANKRUPTCY COURT

8

9       CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

10

11 | In re                                    | Case No. 2:21-bk-16674-WB

12 | JINZHENG GROUP (USA) LLC, a California    | Chapter 7
      limited liability company,

13 |                                           | **APPLICATION BY CHAPTER 7
      |                                         | TRUSTEE TO EMPLOY REAL ESTATE
14 |           Debtor.                         | BROKER [11 U.S.C. § 328(a), FED. R.
      |                                         | BANK. P. 2014 AND LOC. BANKR. R.
15 | TID 81-2778812                            | 2014-1(b)(1)]**

16 |                                           | Date:    [To be determined]
      |                                         | Time:    [To be determined]
17 |                                           | Place:   U.S. Courthouse
      |                                         |          Courtroom 1375
18 |                                           |          255 E. Temple St.
      |                                         |          Los Angeles, CA 90012

19 **TO THE HONORABLE JULIA W. BRAND, UNITED STATES BANKRUPTCY JUDGE,**

20 **THE DEBTOR AND OTHER PARTIES IN INTEREST:**

21     Comes Now Wesley H. Avery ("Avery"), the duly appointed and acting chapter 7 trustee
22 (the "Trustee") of the bankruptcy estate (the "Estate") of the above-captioned debtor Jinzheng
23 Group (USA) LLC, a California limited liability company, (the "Debtor"), in Case No. 2:21-bk-
24 16674-WB (the "Bankruptcy Case"), who hereby applies (the "Application") to employ Pasadena
25 Market Center, Inc., a California corporation dba KW Residential (the "Firm" or "Broker"), as the
26 Trustee's real estate broker to market and sell the following parcels of vacant land: Los Angeles
27 County Assessor's Parcel Nos. 5209-021-002, 5209-021-005, 5209-021-006, 5209-022-007, 5209-
28 023-022, 5209-023-029, 5209-023-030, 5209-023-031, 5209-023-032 and 5209-025-006

(collectively, the "Property") that is property of the Estate. By the Application, the Trustee seeks to employ the Broker through a Vacant Land Listing Agreement (the "Agreement") pursuant to 11 U.S.C. § 328(a). The Application is made on the basis of the following facts.

1.      Among the assets of the Estate is the Property. The Trustee intends to list the Property with the Broker for $300,000. The Trustee believes that there is substantial equity in the Property for the benefit of the Estate such that its sale will result in a meaningful distribution to general unsecured creditors of the Estate. The Trustee requires retention of a real estate broker to liquidate the Property for the benefit of the Estate's creditors. The employment of the Broker is in the best interest of the Estate as it will allow the Trustee to expeditiously liquidate the Property and comply with the Trustee's statutory duties under 11 U.S.C. § 704.

2.      No retainer has been paid to the Broker. Compensation to the Broker will be paid pursuant to 11 U.S.C. § 328 after services are rendered and after notice is given to creditors and interested parties of any request for compensation. By the Application the Broker will receive as compensation upon the consummation of any sale of the Property a real estate broker's commission in an amount equal to ten percent (10%) of the purchase price. Broker may share the compensation proposed herein with the purchaser's real estate broker, if any, as is customary in the real estate industry, subject to disclosure to this Court.

3.      Applicant selected Broker based on Broker's experience and expertise as a licensed broker in California. A copy of the Broker's resume is attached hereto and incorporated herein as **Exhibit A.**

4.      Attached hereto and incorporated herein as **Exhibit B** is a true and correct copy of the Agreement that Applicant is requesting that this Court approve.

5.      Based on the Statement of Disinterestedness attached hereto, the Broker does not represent or hold any interest adverse to the within Estate, nor does Broker have any prior connection with the Debtor, his creditors, or any party in interest to the Estate.

6.      Notice of this Application has been given in accordance with the rules of this Court. (See **Exhibit C** attached hereto.)

2

7. Applicant is informed and believes and therefore alleges that the employment of Broker upon the foregoing terms is fair, equitable and in the best interest of the Estate and therefore that the employment of Broker on said terms should be approved. The Broker has been advised of and has agreed to accept the employment subject to the provision of 11 U.S.C. § 328(a) and understands that notwithstanding the approval of their employment upon the terms set forth herein, that the Court may allow compensation different from the compensation agreed to.

**WHEREFORE**, Applicant prays as follows:

1. That this Application is granted;

2. That the employment of the Broker is approved under Sections 328(a);

3. That the Agreement be approved; and

4. For such other and further relief as the Court deems just and proper.

DATED:

_____
WESLEY H. AVERY
Chapter 7 Trustee

The undersigned agrees to all of the above.

By _____
Pasadena Market Center, Inc., a California corporation
dba KW Residential
Brian Parsons

| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br>Wesley H. Avery, Chapter 7 Trustee<br>758 E. Colorado Blvd. Ste. 210<br>Pasadena, CA 91101-2105<br>(626) 395-7576 (office)<br>(661) 430-5467 (fax)<br>wes@averytrustee.com<br><br><br><br><br>*Attorney for:* | FOR COURT USE ONLY |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br>JINZHENG GROUP (USA) LLC, a California limited liability company,<br><br>  Debtor.<br><br>TID 81-2778812<br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:21-bk-16674-WB<br>CHAPTER: 7<br><br>**STATEMENT OF DISINTERESTEDNESS FOR EMPLOYMENT OF PROFESSIONAL PERSON UNDER FRBP 2014**<br><br>**(File with Application for Employment)**<br><br>[No Hearing Required] |

1.  Name, address and telephone number of the professional (Professional) submitting this Statement:

    Brian Parsons, Pasadena Market Center, Inc., a California corporation dba KW Residential, 199 S Los Robles Ave #130, Pasadena, CA 91101, (626) 204-3300.


2.  The services to be rendered by the Professional in this case are *(specify)*:
    Market and sale of the following parcels of vacant land: Los Angeles County Assessor's Parcel Nos. 5209-021-002, 5209-021-005, 5209-021-006, 5209-022-007, 5209-023-022, 5209-023-029, 5209-023-030, 5209-023-031, 5209-023-032 and 5209-025-006 (collectively, the "Property")

3.  The terms and source of the proposed compensation and reimbursement of the Professional are *(specify)*:
    10% of the sales proceeds from the proceeds of sale subject to court approval upon notice to creditors.

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

4.  The nature and terms of retainer (i.e., nonrefundable versus an advance against fees) held by the Professional are *(specify)*:
    N/A.

5.  The investigation of disinterestedness made by the Professional prior to submitting this Statement consisted of *(specify)*:
    Review of client files.

6.  The following is a complete description of all of the Professional's connections with the Debtor, principals of the Debtor, insiders, the Debtor's creditors, any other party or parties in interest, and their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee *(specify, attaching extra pages as necessary)*:
    None.

7.  The Professional is not a creditor, an equity security holder or an insider of the Debtor, except as follows *(specify, attaching extra pages as necessary)*:
    N/A.

8.  The Professional is not and was not, within 2 years before the date of the filing of the petition, a director, officer or employee of the Debtor.

9.  The Professional does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason, except as follows *(specify, attaching extra pages as necessary)*:
    N/A.

10. Name, address and telephone number of the person signing this Statement on behalf of the Professional and the relationship of such person to the Professional *(specify)*:
    Brian Parsons, Pasadena Market Center, Inc., a California corporation dba KW Residentiall, 199 S Los Robles Ave #130, Pasadena, CA 91101, (626) 204-3300.

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                    Page 2                    **F 2014-1.STMT.DISINTEREST.PROF**

11. The Professional is not a relative or employee of the United States trustee or a bankruptcy judge, except as follows *(specify, attaching extra pages as necessary)*:
N/A.

12. Total number of attached pages of supporting documentation: _3_____

13. After conducting or supervising the investigation described in paragraph 5 above, I declare under penalty of perjury under the laws of the United States, that the foregoing is true and correct except that I declare that paragraphs 6 through 9 are stated on information and belief.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 8/29/25 | Brian Parsons | |
|---|---|---|
| Date | Printed Name | Signature |

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                    Page 3                    F 2014-1.STMT.DISINTEREST.PROF

Exhibit A



## The Parsons Real Estate Team's Expertise

### WHY THE PARSONS REAL ESTATE TEAM:

Our priority at The Parsons Real Estate Team is to serve the needs of our clients. With an emphasis on integrity, it is our commitment to provide professional services unlike any other company or other agents in our industry. We pride ourselves on our reputation of being trustworthy and experts at what we do **(a testament to the fact that over 75% of our business comes from referrals from past clients, friends and family).**

We utilize the most effective marketing strategies ranging from mainstream publications to social media. When matching our clients with the home they have always imagined, we find it incredibly fulfilling to know we are helping them open a new chapter of their lives. That's why we work so hard to not only find that perfect home, but also to handle every last detail of the purchase process, from negotiating the terms of sale to recommending moving companies. As your agents, we pursue all the means available to help accomplish your goals and to provide a pleasant and productive real estate experience for you.

Having a team of Sales Partners ensures that there is always an agent available to show property and handle any other questions or concerns that may arise. All of us at The Parsons Real Estate Team regularly attend seminars, take courses, teach courses and network with other professionals to continuously build and update our knowledge on real estate matters. This combination of knowledge with over 100 years combined experience in sales, marketing and negotiating enables us to help with all of your real estate needs. We believe that each and every one of our clients deserves no less than the best experience with every transaction.

All of our Sales Partners have extensive knowledge of the areas we serve, and each of them brings their own unique expertise to the buying and selling experience. Because our team has over 240 years combined residency within and around Los Angeles, we can offer a better knowledge of all it's wonderful communities. Our team most frequently serves, but is never limited to, the Pasadena, San Marino, Altadena, South Pasadena, La Canada, Arcadia, Monrovia, Temple City, Los Angeles, Glassell Park, Silverlake, Glendale, Burbank, Eagle Rock, Atwater, Los Feliz, North Hollywood, Santa Monica and San Dimas areas of Southern California.

Brian and Matt are distinguished experts in the real estate industry, specializing in the sale of residential properties and large multi-family units. With a rich portfolio comprising multiple investment properties and ownership of a thriving property management company, they offer clients a unique advantage. Their profound understanding of both the operational and financial aspects of real estate management sets them apart in the field.

Clients benefit not only from Brian and Matt's extensive experience in selling residential properties but also from their deep expertise in multi-family units. Their intimate knowledge of these complex properties enables them to navigate transactions with precision and insight. Whether it's a single-family home or a large apartment complex, Brian and Matt are equipped to handle every aspect of the sale process with professionalism and expertise.

When clients choose Brian and Matt, they gain access to a team that not only understands the intricacies of selling properties but also possesses a comprehensive understanding of multi-family units. This unique combination of skills and knowledge ensures that clients receive the highest level of service and achieve optimal results. Whether you're a first-time homebuyer, a growing family, or an investor seeking multi-family properties, Brian and Matt are the trusted advisors you need to guide you through every step of the process.



# The Parsons Real Estate Team's Expertise



### BRIAN PARSONS – LISTING SPECIALIST / REALTOR

Brian Parsons began his real estate career in 2006, quickly becoming one of Pasadena's top-producing agents. As a second-generation Realtor, Brian was brought up with a keen understanding of work ethic and putting client's needs before his own. Over the past 10 years, he has systematically established himself as one of the most trusted agents in the Pasadena and Los Angeles areas, with extensive experience in new construction projects, first-time home buyers, luxury estates, and everything between.

Brian was born and raised in the Pasadena area. He attended the University of Arizona and went to work for Disney World in Florida shortly after college. The family business was calling him home. His mother, Jayne Parsons, had started her real estate business in 1984 and she needed a partner. Brian returned to Pasadena, CA in 2006. His first year back he was recognized as Keller Williams Realty Pasadena's "Rookie of the Year", outselling every new agent that year.

Brian's ability to excel in one of America's most competitive markets is the result of his constant drive to help others and his local market knowledge. He brings invaluable expertise on a localized level. Brian is consistently ranked as a top producer, not only within the Pasadena area, but within Keller Williams Realty International as a whole. He currently oversees a top-producing team of seven people and is looking to expand operations into other market areas.

Aside from helping more than 1000 families with their real estate needs throughout the years, Brian is an avid golfer and enjoys spending time with his wife and three boys at home in Pasadena or our on the baseball field.



# The Parsons Real Estate Team's Expertise

## MATTHEW PETERS – LISTING SPECIALIST / REALTOR



Matt excel in both the acquisition and sale of residential real estate and large multi-family units. Matt, with over 16 years of experience, brings a wealth of knowledge to the table. He began his career in the dynamic Las Vegas market, specializing in single-family homes and multi-units, before transitioning to Los Angeles. Recognized as one of the top agents in the San Gabriel Valley, Matt is an experienced real estate professional dedicated to providing exceptional service.

Aside from maintaining and selling active listings to first-time homebuyers, families, and relocated professionals, Matt is also a valuable resource for those interested in investment properties. His expertise extends beyond transactions to include strategic marketing and sales techniques tailored to each property's unique attributes, maximizing value for both buyers and sellers alike.

Outside of work, Matt enjoys spending quality time with his wife and two beautiful daughters along with their two dogs. He is an active member of the San Gabriel Country Club, indulging his passion for golf. Additionally, he's an avid CrossFitter, loves fishing, and exploring new travel destinations. If you're seeking recommendations for a great restaurant experience or local entertainment beyond real estate matters, Matt Peters is your go-to guy.

Exhibit B

**⧉ docusign**

## Certificate Of Completion

Envelope Id: F67E277A-D3A6-42C8-9A92-A455F9ADF8E3          Status: Completed
Subject: Paradise Drive Lots - Listing Agreement BK Case No. 21-16674VK
Source Envelope:
Document Pages: 18              Signatures: 13              Envelope Originator:
Certificate Pages: 2            Initials: 5                Brian Parsons
AutoNav: Enabled                                           199 S. Los Robles Ave.
EnvelopeId Stamping: Enabled                               Suite 120
Time Zone: (UTC-08:00) Pacific Time (US & Canada)          Pasadena , CA  91105
                                                           brianparsons@kw.com
                                                           IP Address: 128.136.157.99

## Record Tracking

Status: Original                 Holder: Brian Parsons              Location: DocuSign
    9/4/2025 2:24:32 PM              brianparsons@kw.com

| Signer Events | Signature | Timestamp |
|---|---|---|
| Brian Parsons | *Brian Parsons* | Sent: 9/4/2025 2:25:57 PM |
| BrianParsons@kw.com | —DocuSigned by: | Viewed: 9/4/2025 2:27:18 PM |
| Keller Williams | 12CAEA92BAC9488... | Signed: 9/4/2025 2:27:28 PM |
| Security Level: Email, Account Authentication (None) | Signature Adoption: Pre-selected Style | |
| | Using IP Address: 50.39.150.96 | |

Electronic Record and Signature Disclosure:
    Not Offered via Docusign

| | | |
|---|---|---|
| Wesley H. Avery | *Wesley H. Avery* | Sent: 9/4/2025 2:27:30 PM |
| wes@averytrustee.com | —DocuSigned by: | Viewed: 9/4/2025 2:32:21 PM |
| Security Level: Email, Account Authentication (None) | C7A3ADF00B96443... | Signed: 9/4/2025 2:34:53 PM |
| | Signature Adoption: Pre-selected Style | |
| | Using IP Address: 75.35.223.20 | |

Electronic Record and Signature Disclosure:
    Not Offered via Docusign

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| Andrea Kim | **COPIED** | Sent: 9/4/2025 2:34:55 PM |
| tc@soldbyparsons.com | | |
| Security Level: Email, Account Authentication (None) | | |
| Electronic Record and Signature Disclosure: Not Offered via Docusign | | |

| Witness Events | Signature | Timestamp |
|---|---|---|

| Notary Events | Signature | Timestamp |
| --- | --- | --- |

| Envelope Summary Events | Status | Timestamps |
| --- | --- | --- |
| Envelope Sent | Hashed/Encrypted | 9/4/2025 2:25:57 PM |
| Envelope Updated | Security Checked | 9/4/2025 2:28:28 PM |
| Certified Delivered | Security Checked | 9/4/2025 2:32:21 PM |
| Signing Complete | Security Checked | 9/4/2025 2:34:53 PM |
| Completed | Security Checked | 9/4/2025 2:34:55 PM |

| Payment Events | Status | Timestamps |
| --- | --- | --- |

Docusign Envelope ID: F67E277A-D3A6-42C8-9A92-A455F5A3F4E0

**CALIFORNIA ASSOCIATION OF REALTORS®**

# DISCLOSURE REGARDING
# REAL ESTATE AGENCY RELATIONSHIP
### (As required by the Civil Code)
### (C.A.R. Form AD, Revised 12/24)

☐ (If checked) This form is being provided in connection with a transaction for a leasehold interest exceeding one year as per Civil Code §§ 2079.13(j), (k), and (l).

When you enter into a discussion with a real estate agent regarding a real estate transaction, you should from the outset understand what type of agency relationship or representation you wish to have with the agent in the transaction.

**SELLER'S AGENT**

A Seller's agent under a listing agreement with the Seller acts as the agent for the Seller only. A Seller's agent or a subagent of that agent has the following affirmative obligations:

To the Seller: A Fiduciary duty of utmost care, integrity, honesty and loyalty in dealings with the Seller.

To the Buyer and the Seller:
    (a) Diligent exercise of reasonable skill and care in performance of the agent's duties.
    (b) A duty of honest and fair dealing and good faith.
    (c) A duty to disclose all facts known to the agent materially affecting the value or desirability of the property that are not known to, or within the diligent attention and observation of, the parties. An agent is not obligated to reveal to either party any confidential information obtained from the other party that does not involve the affirmative duties set forth above.

**BUYER'S AGENT**

A Buyer's agent can, with a Buyer's consent, agree to act as agent for the Buyer only. This includes a Buyer's agent under a buyer-broker representation agreement with the Buyer. In these situations, the agent is not the Seller's agent, even if by agreement the agent may receive compensation for services rendered, either in full or in part from the Seller. An agent acting only for a Buyer has the following affirmative obligations:

To the Buyer: A fiduciary duty of utmost care, integrity, honesty and loyalty in dealings with the Buyer.

To the Buyer and the Seller:
    (a) Diligent exercise of reasonable skill and care in performance of the agent's duties.
    (b) A duty of honest and fair dealing and good faith.
    (c) A duty to disclose all facts known to the agent materially affecting the value or desirability of the property that are not known to, or within the diligent attention and observation of, the parties. An agent is not obligated to reveal to either party any confidential information obtained from the other party that does not involve the affirmative duties set forth above.

**AGENT REPRESENTING BOTH SELLER AND BUYER**

A real estate agent, either acting directly or through one or more salespersons and broker associates, can legally be the agent of both the Seller and the Buyer in a transaction, but only with the knowledge and consent of both the Seller and the Buyer.

In a dual agency situation, the agent has the following affirmative obligations to both the Seller and the Buyer:
    (a) A fiduciary duty of utmost care, integrity, honesty and loyalty in the dealings with either the Seller or the Buyer.
    (b) Other duties to the Seller and the Buyer as stated above in their respective sections.

In representing both Seller and Buyer, a dual agent may not, without the express permission of the respective party, disclose to the other party confidential information, including, but not limited to, facts relating to either the Buyer's or Seller's financial position, motivations, bargaining position, or other personal information that may impact price, including the Seller's willingness to accept a price less than the listing price or the Buyer's willingness to pay a price greater than the price offered.

**SELLER AND BUYER RESPONSIBILITIES**

Either the purchase agreement or a separate document will contain a confirmation of which agent is representing you and whether that agent is representing you exclusively in the transaction or acting as a dual agent. Please pay attention to that confirmation to make sure it accurately reflects your understanding of the agent's role.

The above duties of the agent in a real estate transaction do not relieve a Seller or Buyer from the responsibility to protect their own interests. You should carefully read all agreements to assure that they adequately express your understanding of the transaction. A real estate agent is a person qualified to advise about real estate. If legal or tax advice is desired, consult a competent professional.

If you are a Buyer, you have the duty to exercise reasonable care to protect yourself, including as to those facts about the property which are known to you or within your diligent attention and observation.

Both Sellers and Buyers should strongly consider obtaining tax advice from a competent professional because the federal and state tax consequences of a transaction can be complex and subject to change.

Throughout your real property transaction you may receive more than one disclosure form, depending upon the number of agents assisting in the transaction. The law requires each agent with whom you have more than a casual relationship to present you with this disclosure form. You should read its contents each time it is presented to you, considering the relationship between you and the real estate agent in your specific transaction. **This disclosure form includes the provisions of §§ 2079.13 to 2079.24, inclusive, of the Civil Code set forth on page 2. Read it carefully.**

**Note: Real estate broker commissions are not set by law and are fully negotiable.**

I/WE ACKNOWLEDGE RECEIPT OF A COPY OF THIS DISCLOSURE AND THE PORTIONS OF THE CIVIL CODE PRINTED ON THE SECOND PAGE.

☐ Buyer ☒ Seller ☐ Landlord ☐ Tenant _Wesley H. Avery_    *Wesley H. Avery* Date 09/04/2025 | 2:34 PM

☐ Buyer ☐ Seller ☐ Landlord ☐ Tenant _____ Date _____

Agent _____ *Keller Williams Realty* _____ DRE Lic. # *01444805*
Real Estate Broker (Firm)

By _Brian Parsons_    *Brian Parsons* DRE Lic. # *01712649* _____ Date 09/04/2025 | 2:27 PM
    (Salesperson or Broker-Associate, if any)

AD REVISED 12/24 (PAGE 1 OF 2)

**DISCLOSURE REGARDING REAL ESTATE AGENCY RELATIONSHIP (AD PAGE 1 OF 2)**

CIVIL §§ 2079.13 - 2079.24 (2079.16 APPEARS ON THE FRONT)

**2079.13.** As used in this section and §§ 2079.7 and 2079.14 to 2079.24, inclusive, the following terms have the following meanings:
**(a)** "Agent" means a person acting under provisions of Title 9 (commencing with § 2295) in a real property transaction, and includes a person who is licensed as a real estate broker under Chapter 3 (commencing with § 10130) of Part 1 of Division 4 of the Business and Professions Code, and under whose license a listing is executed or an offer to purchase is obtained. The agent in the real property transaction bears responsibility for that agent's salespersons or broker associates who perform as agents of the agent. When a salesperson or broker associate owes a duty to any principal, or to any buyer or seller who is not a principal, in a real property transaction, that duty is equivalent to the duty owed to that party by the broker for whom the salesperson or broker associate functions. **(b)** "Buyer" means a transferee in a real property transaction, and includes a person who executes an offer to purchase real property from a seller through an agent, or who seeks the services of an agent in more than a casual, transitory, or preliminary manner, with the object of entering into a real property transaction. "Buyer" includes a vendee or lessee of real property. **(c)** "Commercial real property" means all real property in the state, except (1) single-family residential real property, (2) dwelling units made subject to Chapter 2 (commencing with § 1940) of Title 5, (3) a mobilehome, as defined in § 798.3, (4) vacant land, or (5) a recreational vehicle, as defined in § 799.29. **(d)** "Dual agent" means an agent acting, either directly or through a salesperson or broker associate, as agent for both the seller and the buyer in a real property transaction. **(e)** "Listing agreement" means a written contract between a seller of real property and an agent, by which the agent has been authorized to sell the real property or to find or obtain a buyer, including rendering other services for which a real estate license is required to the seller pursuant to the terms of the agreement. **(f)** "Seller's agent" means a person who has obtained a listing of real property to act as an agent for compensation. **(g)** "Listing price" is the amount expressed in dollars specified in the listing for which the seller is willing to sell the real property through the seller's agent. **(h)** "Offering price" is the amount expressed in dollars specified in an offer to purchase for which the buyer is willing to buy the real property. **(i)** "Offer to purchase" means a written contract executed by a buyer acting through a buyer's agent that becomes the contract for the sale of the real property upon acceptance by the seller. **(j)** "Real property" means any estate specified by subdivision (1) or (2) of § 761 in property, and includes (1) single-family residential property, (2) multiunit residential property with more than four dwelling units, (3) commercial real property, (4) vacant land, (5) a ground lease coupled with improvements, or (6) a manufactured home as defined in § 18007 of the Health and Safety Code, or a mobilehome as defined in § 18008 of the Health and Safety Code, when offered for sale or sold through an agent pursuant to the authority contained in § 10131.6 of the Business and Professions Code. **(k)** "Real property transaction" means a transaction for the sale of real property in which an agent is retained by a buyer, seller, or both a buyer and seller to act in that transaction, and includes a listing or an offer to purchase. **(l)** "Single-family residential property" or "single-family residential real property" means any of the following: (1) Real property improved with one to four dwelling units, including a leasehold exceeding one year's duration. (2) A unit in a residential stock cooperative, condominium, or planned unit development. (3) A mobilehome or manufactured home when offered for sale or sold through a real estate broker pursuant to § 10131.6 of the Business and Professions Code. **(m)** "Sell," "sale," or "sold" refers to a transaction for the transfer of real property from the seller to the buyer and includes exchanges of real property between the seller and buyer, transactions for the creation of a real property sales contract within the meaning of § 2985, and transactions for the creation of a leasehold exceeding one year's duration. **(n)** "Seller" means the transferor in a real property transaction and includes an owner who lists real property with an agent, whether or not a transfer results, or who receives an offer to purchase real property of which he or she is the owner from an agent on behalf of another. "Seller" includes both a vendor and a lessor of real property. **(o)** "Buyer's agent" means an agent who represents a buyer in a real property transaction. **(p)** "Buyer-broker representation agreement" means a written contract between a buyer of real property and a buyer's agent by which the buyer's agent has been authorized by the buyer to provide services set forth in subdivision (a) of § 10131 of the Business and Professions Code for or on behalf of the buyer for which a real estate license is required pursuant to the terms of the contract.

**2079.14. (a)** A copy of the disclosure form specified in § 2079.16 shall be provided in a real property transaction as follows: (1) The seller's agent, if any, shall provide the disclosure form to the seller before entering into a listing agreement. (2) The buyer's agent shall provide the disclosure to the buyer as soon as practicable before the execution of a buyer-broker representation agreement and execution of the buyer's offer to purchase. If the offer to purchase is not prepared by the buyer's agent, the buyer's agent shall present the disclosure form to the buyer not later than the next business day after receiving the offer to purchase from the buyer. **(b)** The agent providing the disclosure form specified in § 2079.16 shall obtain a signed acknowledgement of receipt from the buyer or seller except as provided in § 2079.15.

**2079.15.** In any circumstance in which the seller or buyer refuses to sign an acknowledgement of receipt pursuant to § 2079.14, the agent shall set forth, sign, and date a written declaration of the facts of the refusal.

**2079.16** Reproduced on Page 1 of this AD form.

**2079.17(a)** As soon as practicable, the buyer's agent shall disclose to the buyer and seller whether the agent is acting in the real property transaction as the buyer's agent, or as a dual agent representing both the buyer and the seller. This relationship shall be confirmed in the contract to purchase and sell real property or in a separate writing executed or acknowledged by the seller, the buyer, and the buyer's agent prior to or coincident with execution of that contract by the buyer and the seller, respectively. **(b)** As soon as practicable, the seller's agent shall disclose to the seller whether the seller's agent is acting in the real property transaction as the seller's agent, or as a dual agent representing both the buyer and seller. This relationship shall be confirmed in the contract to purchase and sell real property or in a separate writing executed or acknowledged by the seller and the seller's agent prior to or coincident with the execution of that contract by the seller. **(c)** The confirmation required by subdivisions (a) and (b) shall be in the following form:

Seller's Brokerage Firm _____ DO NOT COMPLETE. SAMPLE ONLY _____ License Number _____

Is the broker of (check one): ☐ the seller; or ☐ both the buyer and seller. (dual agent)

Seller's Agent _____ DO NOT COMPLETE. SAMPLE ONLY _____ License Number _____

Is (check one): ☐ the Seller's Agent. (salesperson or broker associate) ☐ both the Buyer's and Seller's Agent. (dual agent)

Buyer's Brokerage Firm _____ DO NOT COMPLETE. SAMPLE ONLY _____ License Number _____

Is the broker of (check one): ☐ the buyer; or ☐ both the buyer and seller. (dual agent)

Buyer's Agent _____ DO NOT COMPLETE. SAMPLE ONLY _____ License Number _____

Is (check one): ☐ the Buyer's Agent. (salesperson or broker associate) ☐ both the Buyer's and Seller's Agent. (dual agent)
**(d)** The disclosures and confirmation required by this section shall be in addition to the disclosure required by § 2079.14. An agent's duty to provide disclosure and confirmation of representation in this section may be performed by a real estate salesperson or broker associate affiliated with that broker.

**2079.18** (Repealed pursuant to AB-1289)

**2079.19** The payment of compensation or the obligation to pay compensation to an agent by the seller or buyer is not necessarily determinative of a particular agency relationship between an agent and the seller or buyer. A listing agent and a selling agent may agree to share any compensation or commission paid, or any right to any compensation or commission for which an obligation arises as the result of a real estate transaction, and the terms of any such agreement will not necessarily be determinative of a particular relationship.

**2079.20** Nothing in this article prevents an agent from selecting, as a condition of the agent's employment, a specific form of agency relationship not specifically prohibited by this article if the requirements of § 2079.14 and § 2079.17 are complied with.

**2079.21 (a)** A dual agent may not, without the express permission of the applicable principal, disclose to the buyer that the seller is willing to sell the property at a price less than the listing price, without the express permission of the seller. **(b)** A dual agent may not, without the express permission of the buyer, disclose to the seller any confidential information obtained from the buyer. **(c)** "Confidential information" means facts relating to the client's financial position, motivations, bargaining position, or other personal information that may impact price, such as the seller is willing to accept a price less than the listing price or the buyer is willing to pay a price greater than the price offered. **(d)** This section does not alter in any way the duty or responsibility of a dual agent to any principal with respect to confidential information other than price.

**2079.22** Nothing in this article precludes a seller's agent from also being a buyer's agent. If a seller or buyer in a transaction chooses to not be represented by an agent, that does not, of itself, make that agent a dual agent.

**2079.23 (a)** A contract between the principal and agent may be modified or altered to change the agency relationship at any time before the performance of the act which is the object of the agency with the written consent of the parties to the agency relationship. **(b)** A lender or an auction company retained by a lender to control aspects of a transaction of real property subject to this part, including validating the sales price, shall not require, as a condition of receiving the lender's approval of the transaction, the homeowner or listing agent to defend or indemnify the lender or auction company from any liability alleged to result from the actions of the lender or auction company. Any clause, provision, covenant, or agreement purporting to impose an obligation to defend or indemnify a lender or an auction company in violation of this subdivision is against public policy, void, and unenforceable.

**2079.24** Nothing in this article shall be construed to either diminish the duty of disclosure owed buyers and sellers by agents and their associate licensees, subagents, and employees or to relieve agents and their associate licensees, subagents, and employees from liability for their conduct in connection with acts governed by this article or for any breach of a fiduciary duty or a duty of disclosure.

Published and Distributed by: REAL ESTATE BUSINESS SERVICES, LLC. *a subsidiary of the California Association of REALTORS®*

**AD REVISED 12/24 (PAGE 2 OF 2)**



**DISCLOSURE REGARDING REAL ESTATE AGENCY RELATIONSHIP (AD PAGE 2 OF 2)**

Docusign Envelope ID: F67E277A-D3A6-42C8-9A92-A490F9A0F0BB

**CALIFORNIA
ASSOCIATION
OF REALTORS©**

# SELLER'S VACANT LAND ADVISORY
### (C.A.R. Form SVLA, Revised 6/23)

1. **INTRODUCTION:** Selling property in California is a process that involves many steps. From start to finish, it could take anywhere from a few weeks to many months, depending upon the condition of your Property, local market conditions and other factors. You have already taken an important step by listing your Property for sale with a licensed real estate broker. Your broker will help guide you through the process and may refer you to other professionals, as needed. This advisory addresses many things you may need to think about and do as you market your Property. Some of these things are requirements imposed upon you, either by law or by the listing or sale contract. Others are simply practical matters that may arise during the process. Please read this document carefully and, if you have any questions, ask your broker or appropriate legal or tax advisor for help.

2. **DISCLOSURES:**

   A. **General Disclosure Duties:** You must affirmatively disclose to the buyer, in writing, all known facts that materially affect the value or desirability of your Property. You must disclose these facts whether or not asked about such matters by the buyer, any broker, or anyone else. This duty to disclose applies even if the buyer agrees to purchase your Property in its present condition without requiring you to make any repairs. If you do not know what or how to disclose, you should consult a real estate attorney in California of your choosing. Broker cannot advise you on the legal sufficiency of any disclosures you make.

   B. **Specific Contractual Disclosure Duties:**
   
   (1) The Vacant Land Purchase Agreement provides that the seller shall, if required by Law, deliver to buyer information regarding earthquakes, environmental hazards, flood hazards, and fire hazards

   (2) If seller has actual knowledge, the purchase agreement requires seller to disclose **(i)** Legal Proceedings affecting the Property, **(ii)** Agricultural Use restrictions, **(iii)** Deed restrictions; **(iv)** Farm Use and right to farm issues, **(v)** Endangered Species issues, **(vi)** Environmental Hazards, **(vii)** Common Walls, **(viii)** Landlocked property, **(ix)** Easements and Encroachments, **(x)** Soil fill and Soil problems, **(xi)** Earthquake damage, **(xii)** Zoning Issues, **(xiii)** Neighborhood problems, and **(xiv)** Surveys, plans, and permits in seller's possession.

   (3) Existing Rental and Service agreements must be disclosed.

   (4) Seller is also required to make a good faith effort to obtain and deliver to the buyer a disclosure notice from the appropriate local agency(ies) about any special tax levied on your Property pursuant to the Mello-Roos Community Facilities Act, the Improvement Bond Act of 1915, and a notice concerning the contractual assessment provided by § 5898.24 of the Streets and Highways Code.

   (5) **Common Interest Developments:** If the Property is in a common interest development, you must provide to the buyer copies of the governing documents, the most recent financial statements distributed, and other documents required by law or contract. If you do not have a current version of these documents, you can request them from the management of your homeowners' association. To avoid delays, you are encouraged to obtain these documents as soon as possible, even if you have not yet entered into a purchase agreement to sell your Property.

   (6) **Contract Terms and Conditions:** A buyer may request, as part of the contract for the sale of your Property, that you pay for repairs to the Property and other items. Your decision on whether or not to comply with a buyer's requests may affect your ability to sell your Property at a specified price.

   C. **Other Legal Duties - Withholding Taxes:** Under federal and California tax laws, a buyer is required to withhold a portion of the purchase price from your sale proceeds for tax purposes unless you sign an affidavit of non-foreign status and California residency, or some other exemption applies and is documented.

   D. **Prohibition Against Discrimination:** Discriminatory conduct in the sale of real property against individuals belonging to legally protected classes is a violation of the law.

3. **LEGAL AND TAX IMPLICATIONS:** Your Property may have legal, tax, insurance, title or other implications. You should consult an appropriate professional for advice on these matters.

4. **MARKETING CONSIDERATIONS:**

   A. **Pre-Sale Inspections and Considerations:** You should consider doing what you can to prepare your Property for sale. Many people are not aware of defects in or problems with their own Property. One way to make yourself aware is to obtain professional inspections prior to sale. Pre-sale inspections may include a general property inspection and an inspection of the septic or well systems, if any, among others. By doing this, you then have an opportunity to make repairs before your Property is sold, which may enhance its marketability. Keep in mind, however, that any problems revealed by such inspection reports or repairs that have been made, should be disclosed to the buyer (see "Disclosures" in **paragraph 2** above). This is true even if the buyer gets his/her own inspections covering the same area. Obtaining inspection reports may also assist you during contract negotiations with the buyer.

   B. **Safety Precautions:** Advertising and marketing your Property for sale, including, but not limited to, placing a

| Brian Parsons | Produced with Lone Wolf Transactions (zipForm Edition) 717 N Harwood St, Suite 2200, Dallas, TX 75201  www.lwolf.com | Phone: 6262043390    Fax: 6262043400 | Paradise Drive |

Docusign Envelope ID: F67E277A-D3A6-42C8-9A92-A49...

keysafe/lockbox, erecting FOR SALE signs, and disseminating photographs, videotapes, and virtual tours of the Property, may jeopardize the safety of your Property. You are strongly encouraged to maintain insurance, and to take any and all possible precautions and safeguards to protect Property, and your belongings, including valuables located on the Property.

C. **Expenses:** You are advised that you, not the Broker, are responsible for the fees and costs, if any, to comply with your duties and obligations to the buyer of your Property.

5. **OTHER ITEMS:**

_____

_____

**Seller has read and understands this Advisory. By signing below, Seller acknowledges receipt of a copy of this document.**

Seller X _Wesley H. Avery_ _____ Date 09/04/2025 | 2:34 PM PDT

*Wesley H. Avery*

Print Name

Seller _____ Date _____

Print Name

© 2023, California Association of REALTORS®, Inc. United States copyright law (Title 17 U.S. Code) forbids the unauthorized distribution, display and reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS®. NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ACCURACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL. This form is made available to real estate professionals through an agreement with or purchase from the California Association of REALTORS®. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, LLC.
*a subsidiary of the CALIFORNIA ASSOCIATION OF REALTORS®*
525 South Virgil Avenue, Los Angeles, California 90020



SVLA REVISED 6/23 (PAGE 2 OF 2)

**SELLER'S VACANT LAND ADVISORY (SVLA PAGE 2 OF 2)**

Docusign Envelope ID: F67E277A-D3A6-42C8-9A92-A4997B49F2E3



CALIFORNIA
ASSOCIATION
OF REALTORS®

# VACANT LAND LISTING AGREEMENT
## (C.A.R. Form VLL, Revised 6/25)

Date Prepared: **August 18, 2025**

1. **EXCLUSIVE AUTHORIZATION:** **Wesley H. Avery** ("Owner")
hereby employs and grants **Keller Williams Realty** ("Broker")
the exclusive and irrevocable right to: [X] SELL, [ ] LEASE, [ ] EXCHANGE, [ ] OPTION, or [ ] OTHER _____
the real property described as **APN 5209-023-029**
situated **Los Angeles** (City), **Los Angeles** (County), California, **90032** (Zip Code),
Assessor's Parcel No. **5209-023-029** ("Property") for the Listing Period in **paragraph 2A(1).**

2. **TERMS OF LISTING AGREEMENT:** The items in this paragraph are contractual terms of the Agreement. Referenced paragraphs provide further explanation. This form is 6 pages. Owner is advised to read all 6 pages.

| | Para # | Paragraph Title or Contract Term | Terms and Conditions |
|---|---|---|---|
| **A** | | **Representation** | |
| A(1) | | Listing Period | Beginning __08/18/2025__ (date) Ending at 11:59 P.M. on __02/28/2026__ (date) |
| A(2) | | Listing Price | **Thirty Thousand** Dollars ($**30,000.00** ) |
| **B** | | Property Specific Listings | [ ] Manufactured (mobile) home (C.A.R. Form MHLA attached) [ ] Probate, conservatorship or guardianship (C.A.R. Form PLA attached) |
| **C** | | **Compensation: NOTICE:** The amount or rate of real estate commissions is not fixed by law. They are set by each broker individually and may be negotiable between Owner and Broker. See attached Broker Compensation Advisory (C.A.R. Form BCA). | |
| C(1) | 4B | Compensation to Owner's Broker (only Owner's side of transaction) | **10.000** % of the listing price AND, if any, _____ OR [ ] $ _____ ; OR [ ] see attached Broker-created compensation schedule. (% above is based on purchase price if Owner and buyer sign a purchase agreement) |
| C(2) | 4C | [ ] Additional Compensation if buyer is unrepresented (Does NOT apply to dual agency) | _____ % of the purchase price AND, if any, _____ OR [ ] $ _____ , OR [ ] see attached Broker-created compensation schedule. (If Broker represents both buyer and Seller, buyer side compensation shall be specified in a separate written agreement between Broker and Buyer.) |
| C(3) | 4D(2) | Continuation of Right to Compensation for Broker Identified Prospective Buyers | The Continuation Period shall be _____ calendar days after the Listing Period or any extension ("Continuation Period"). |
| C(4) | 4F | Owner Obligation to Pay Previous Brokers | Previous Listing/Other broker(s): _____ Compensation to above broker(s) owed if Property transferred to: _____ |
| **D** | | **Items Intended to be Included and Excluded** | |
| D(1) | 5A | Items Included | [ ] _____ ; [ ] _____ |
| D(2) | 5A | Excluded Items | [ ] _____ ; [ ] _____ |
| D(3) | 5B | Leased Items: | [ ] Solar Power System(s); [ ] _____ |
| D(4) | 5B | Liened Items: | [ ] Solar Power System(s); [ ] _____ |
| **E** | | **MLS and Public Marketing** | |
| E(1) | | Property will be marketed in the following MLS | Primary **FlexMLS** Other(s): _____ / See C.A.R. Form MLSA. |
| E(2) | 10 | Publication of Seller willingness to consider concessions | If checked below: **(i)** Seller authorizes Broker to market that Seller is willing to consider offers asking for concessions; and **(ii)** No amount of the possible concession will be stated in such marketing unless Seller notifies Broker in writing of the amount. [ ] In the MLS(s) listed above, if permitted by that MLS. [ ] In any other marketing outside of the MLS |
| E(3) | 12A | [ ] Owner instructs Broker not to take or use photographs in marketing, except as required by MLS rules. | |
| **F** | | **Owner and Broker Duties** | |
| F(1) | 7B | Timing of Presentation of Offers | Owner instructs Broker to present all offers received as soon as practicable OR [ ] Offers shall be presented on _____ (date) or [ ] _____ days after the Property is listed as active on the MLS. |

© 2025, California Association of REALTORS®, Inc.

**VLL REVISED 6/25 (PAGE 1 OF 6)**

Owner's Initials X _____ / _____

EQUAL HOUSING
OPPORTUNITY

**VACANT LAND LISTING AGREEMENT (VLL PAGE 1 OF 6)**

Brian Parsons | Produced with Lone Wolf Transactions (zipForm Edition) 717 N Harwood St, Suite 2200, Dallas, TX 75201 www.lwolf.com | Phone: 6262043390 Fax: 6262043400 | Paradise Drive

Docusign Envelope ID: F67E277A-D3A6-42C8-9A92-A4A8CFC9CD41

Property Address: *APN 5209-023-029, Los Angeles, CA 90032*    Date: *August 18, 2025*

| F(2) | 7E | Investigation Reports | [X] Natural Hazard Disclosure<br>[ ] Structural Pest Control,<br>[ ] General Property Inspection,<br>[ ] Homeowners Association Documents,<br>[ ] Preliminary (Title) Report,<br>[ ] Roof Inspection,<br>[ ] Pool Inspection,<br>[ ] Septic/Sewer Inspection,<br>[ ] Other: _____ | Owner shall order and pay for any reports selected within **5 (or _____) days** of the Beginning Date of this Agreement |
|---|---|---|---|---|
| G | 21 | Exceptions to Ownership/Title | _____ | |
| H | | | [ ] Owner intends to include a contingency to purchase a replacement property as part of any transaction (see C.A.R. Form SPRP). | |
| I | | **Intentionally Left Blank** | | |
| J | 13, 14 | Owner Opt Outs | [ ] Keysafe/Lockbox<br>[ ] Signs | |
| K | | Additional Terms | _____ | |

3   **ADVISORIES AND ADDENDA:**

   A.  **Advisories**
   [X] Broker Compensation Advisory (C.A.R. Form BCA)
   [ ] REO Advisory Listing (C.A.R. Form REOL)
   [ ] Trust Advisory (C.A.R. Form TA)
   [ ] Other: _____

   B.  **Addenda.**  The addenda identified below are incorporated into this Agreement.
   [ ] Short Sale Listing Addendum (C.A.R. Form SSLA)
   [X] Other: *Addendum 1 regarding parcel numbers*
   [ ] Other: _____

4.  **COMPENSATION TO BROKER:**
**Notice: The amount or rate of real estate commissions is not fixed by law. They are set by each Broker individually and may be negotiable between Owner and Broker.**

   A.  **ADVISORY:** Real estate commissions include all compensation and fees to Broker and are fully negotiable.

   B.  **COMPENSATION TO BROKER:** Owner agrees to pay to Broker as compensation for services under this Agreement, the amount specified in **paragraph 2C(1)**.

   C.  **OPTIONAL ADDITIONAL COMPENSATION FOR UNREPRESENTED BUYER:** Owner agrees to pay Broker the additional amount specified in **paragraph 2C(2)**, if checked, for services rendered only if the buyer is not represented by a real estate agent.  If a buyer is represented by a real estate agent, whether working through Broker or another brokerage company, then **paragraph 2C(2)** does not apply.

   D.  **COMPENSATION TERMS:** Compensation is earned, and Owner shall pay Broker as follows:

   (1)  **Completed Transaction or Owner Default:** If during the Listing Period, or any extension, Broker, cooperating broker, Owner or any other person procures a ready, willing, and able buyer(s) whose offer to purchase the Property on any price and terms is accepted by Owner, provided the buyer completes the transaction or is prevented from doing so by Owner. (Broker is entitled to compensation whether any escrow resulting from such offer closes during or after the expiration of the Listing Period, or any extension.)

   OR (2)  **Continuation of Right to Compensation for Broker Procured Buyer(s):** If, during the Continuation Period specified in **paragraph 2C(3)**, or the same period of time after any cancellation of this Agreement, unless otherwise agreed, Owner enters into a contract to sell, convey, lease or otherwise transfer the Property to anyone ("Prospective Buyer") or that person's related entity:
   •  who physically entered and was shown the Property during the Listing Period or any extension by Broker or a any other broker; or
   •  for whom Broker or any other broker submitted to Owner a signed, written offer to acquire, lease exchange or obtain an option on the Property.
   Broker's right to compensation pursuant to this paragraph shall only apply if, prior to expiration of this Agreement or any extension, Broker delivers to Owner a written notice of the names of such Prospective Buyers (C.A.R. Form NPB).

   OR (3)  **Owner Interference with Listing:** If, without Broker's prior written consent, the Property is withdrawn from sale, conveyed, leased, rented, otherwise transferred, or made unmarketable by a voluntary act of Owner during the Listing Period, or any extension.

VLL REVISED 6/25 (PAGE 2 OF 6)                Owner's Initials [X] _____ / _____   

**VACANT LAND LISTING AGREEMENT (VLL PAGE 2 OF 6)**
Produced with Lone Wolf Transactions (zipForm Edition) 717 N Harwood St, Suite 2200, Dallas, TX 75201   www.lwolf.com          **Paradise Drive**

Docusign Envelope ID: F67E277A-D3A6-42C8-9A92-A45FABDF3ECB
Property Address: APN 5209-023-029, Los Angeles, CA 90032                        Date: *August 18, 2025*

**E.   ADDITIONAL COMPENSATION TERMS:**

(1)   **Buyer Breach and Owner Recovery of Damages:** If completion of the sale is prevented by a party to the transaction other than Owner, then compensation which otherwise would have been earned under **paragraph 4** shall be payable only if and when Owner collects damages by suit, arbitration, settlement or otherwise, and then in an amount equal to the lesser of one-half of the damages recovered or the above compensation, after first deducting title and escrow expenses and the expenses of collection and suit, if any.

(2)   **Escrow Instructions:** Owner hereby irrevocably assigns to Broker the above compensation from Owner's funds and proceeds in escrow. Broker may submit this Agreement, as instructions to compensate Broker pursuant to **paragraph 4**, to any escrow regarding the Property involving Owner and a buyer, Prospective Buyer or other transferee.

**F.   COMPENSATION OBLIGATIONS TO OTHER BROKERS:**

(1)   Owner represents that Owner has not previously entered into a listing agreement with another broker regarding the Property, unless specified in **paragraph 2C(4).**

(2)   Owner warrants that Owner has no obligation to pay compensation to any other broker regarding the Property unless the Property is transferred to any of the individuals or entities specified in **paragraph 2C(4).**

(3)   If the Property is sold to anyone specified in **paragraph 2C(4)** during the time Owner is obligated to compensate another broker: **(i)** Broker is not entitled to compensation under this Agreement; and **(ii)** Broker is not obligated to represent Owner in such transaction.

**5.   A.   ITEMS EXCLUDED AND INCLUDED:** Unless otherwise specified in a real estate purchase agreement, all fixtures and fittings that are attached to the Property are included, and personal property items are excluded, from the purchase price.

Owner intends that the items specified in **paragraph 2D** be included or excluded in offering the Property for sale, but understands that: **(i)** the purchase agreement supersedes any intention expressed above and will ultimately determine which items are excluded and included in the transaction; and **(ii)** Broker is not responsible for and does not guarantee that the above exclusions and/or inclusions will be in the purchase agreement.

**B.   LEASED OR NOT OWNED ITEMS; LIENED ITEMS:** The items specified in **paragraph 2D(3)** are leased or not owned by Owner and the items specified in **paragraph 2D(4)** have been financed and a lien has been placed on the Property to secure payment. Owner will provide to the buyer, as part of the purchase agreement, copies of lease documents, or other documents obligating Owner to pay for any such leased or liened item.

**6.   OWNER REPRESENTATIONS:** Owner represents that, unless otherwise specified in writing, Owner is unaware of: **(i)** any Notice of Default recorded against the Property; **(ii)** any delinquent amounts due under any loan secured by, or other obligation affecting, the Property; **(iii)** any bankruptcy, insolvency or similar proceeding affecting the Property; **(iv)** any litigation, arbitration, administrative action, government investigation or other pending or threatened action that affects or may affect the Property or Owner's ability to transfer it; and **(v)** any current, pending or proposed special assessments affecting the Property. Owner shall promptly notify Broker in writing if Owner becomes aware of any of these items during the Listing Period or any extension thereof.

**7.   BROKER'S AND OWNER'S DUTIES:**

**A.   BROKER RESPONSIBILITY, AUTHORITY AND LIMITATIONS:** Broker agrees to exercise reasonable effort and due diligence to achieve the purposes of this Agreement. Unless Owner gives Broker written instructions to the contrary, Broker is authorized, but not required, to **(i)** order reports and disclosures including those specified in **paragraph 7E** as necessary, **(ii)** advertise and market the Property by any method and in any medium selected by Broker, including MLS and the internet, and, to the extent permitted by these media, control the dissemination of the information submitted to any medium; and **(iii)** disclose to any real estate licensee making an inquiry the receipt of any offers on the Property and the offering price of such offers.

**B.   IDENTIFICATION OF OWNER:** Owner shall present to Broker a government issued, signed, photo identification or other identification acceptable to Broker, within **5 Days** of the beginning date of this Listing Agreement. If Owner does not produce such identification, Broker has the right to unilaterally cancel this Listing Agreement.

**C.   PRESENTATION OF OFFERS:**

(1)   **Strategies Affecting Delayed Offers and Buyer Broker Compensation:** There are different strategies for obtaining the best offer for Owner. Owner is advised that certain buyers may prefer not to be in a competitive situation and either may not make an offer if there is an instruction that all offers will be presented at a later specified time or may try to make a "preemptive" offer that will expire shortly, hoping that Owner will accept before the presentation date. Additionally, certain buyers may not be able or allowed to pay compensation to a buyer's broker. These buyers may request for Owner to pay buyer's broker through a term in the purchase agreement or through a separate compensation agreement. Owner is advised to discuss and consider the best strategy for Owner related to the presentation of offers.

(2)   **(A)   Owner Instructs Broker to Present Offers:** Broker agrees to present all offers received for Owner's Property, and present them to Owner as soon as possible, unless Owner gives Broker written instructions to the contrary.

OR **(B)   Owner Instructs Broker not to Present Offers until a Later Time:** If checked in **paragraph 2F(1)**, Owner has elected to have Broker hold all offers and present them to Owner as specified in **paragraph 2F(1)**. Broker will inform Owner that an offer has come in, but will not submit the offer to Owner, unless specifically instructed otherwise, in writing. Local MLS rules may impact this practice and whether it will provide any benefit to Owner. Broker and Owner may amend this instruction by agreeing in writing.

**D.   OWNER GOOD FAITH:** Owner agrees to consider offers presented by Broker, and to act in good faith to accomplish the sale of the Property by, among other things, making the Property available for showing at reasonable times and, subject to **paragraph 2C(4)**, referring to Broker all inquiries of any party interested in the Property. Owner is responsible for determining at what price to list and sell the Property.

**VLL REVISED 6/25 (PAGE 3 OF 6)**                        Owner's Initials X _____ / _____

Docusign Envelope ID: F67E277A-D3A6-42C8-9A92-A4591AD7F9EB

Property Address: APN 5209-023-029, Los Angeles, CA  90032            Date: **August 18, 2025**

E. **INVESTIGATIONS AND REPORTS:** Owner agrees, within the time specified in **paragraph 2F(2)**, to order and, when required by the service provider, pay for all reports specified in **paragraph 2F(2)**. If Property is located in a Common Interest Development or Homeowners Association, Owner is advised that there may be benefits to obtaining any required documents prior to entering into escrow with any buyer. Such benefits may include, but not be limited to, potentially being able to lower costs in obtaining the documents and avoiding any potential delays or complications due to late or slow delivery of such documents.

F. **UNDISCLOSED CONDITIONS; INCOMPLETE OR INCORRECT INFORMATION:** Owner further agrees to indemnify, defend and hold Broker harmless from all claims, disputes, litigation, judgments, and costs arising from any incorrect or incomplete information supplied by Owner, or from any material facts that Owner knows but fails to disclose including dangerous or hidden conditions on the Property.

8. **DEPOSIT:** Broker is authorized to accept and hold on Owner's behalf any deposits to be applied toward the purchase price.

9. **AGENCY RELATIONSHIPS:**

A. **DISCLOSURE:** Owner acknowledges receipt of a ☒ "Disclosure Regarding Real Estate Agency Relationship" (C.A.R. Form AD).

B. **OWNER REPRESENTATION:** Broker shall represent Owner in any resulting transaction, except as specified in **paragraph 2G**.

C. **POSSIBLE DUAL AGENCY:**

(1) **Disclosure and Consent in a Transaction:** Depending upon the circumstances, it may be necessary or appropriate for Broker to act as an agent for both Owner and buyer, exchange party, or one or more additional parties ("Buyer"). Broker shall, as soon as practicable, disclose to Owner any election to act as a dual agent representing both Owner and Buyer. If a Buyer is procured directly by Broker or an associate-licensee in Broker's firm, Owner hereby consents to Broker acting as a dual agent for Owner and Buyer. In the event of an exchange, Owner hereby consents to Broker collecting compensation from additional parties for services rendered, provided there is disclosure to all parties of such agency and compensation. Owner understands and agrees that: a dual agent may not, without the express permission of the respective party, disclose to the other party confidential information, including, but not limited to, facts relating to either Buyer's or Owner's financial position, motivations, bargaining position, or other personal information that may impact price, including the Owner's willingness to accept a price less than the listing price or Buyer's willingness to pay a price greater than the price offered; and except as set forth above, a dual agent is obligated to disclose known facts materially affecting the value or desirability of the Property to both parties. Compensation is not necessarily determinative of agency.

(2) **Showing Properties:** Owner acknowledges that real estate brokers must have a written agreement in order to work with a buyer before showing properties to that buyer and that some buyers working through Broker may consider or make an offer on Owner's property. Owner consents to Broker entering into a representation agreement with a buyer, and if that buyer makes an offer on Owner's property, Broker will become a dual agent representing both that buyer and Owner.

(3) **Potentially Competing Owners and Buyer's:** Owner understands that Broker may have or obtain listings on other properties, and that potential buyers may consider, make offers on, or purchase through Broker, property the same as or similar to Owner's Property. Owner consents to Broker's representation of Owners and buyers of other properties before, during and after the end of this Agreement. Owner acknowledges receipt of a ☒ "Possible Representation of More than One Buyer or Seller - Disclosure and Consent" (C.A.R. Form PRBS).

D. **UNREPRESENTED BUYERS:** If a buyer is interested in viewing Owner's Property is not already represented by a real estate broker, and such buyer refuses to be represented by Broker, Owner authorizes Broker to obtain a signed document from such buyer refusing representation by Broker. Broker shall provide such buyers, at the earliest practicable time, a disclosure of non-representation, such as Buyer Non-Agency (CAR Form BNA) or Open House Visitor Non-Agency Disclosure and Sign-In (C.A.R. Form OHNA-SI).

E. **CONFIRMATION:** Broker shall confirm the agency relationship described above, or as modified, in writing, prior to or concurrent with Owner's execution of a purchase agreement.

F. **TERMINATION OF AGENCY RELATIONSHIP:** Owner acknowledges and agrees that the representation duties of, and agency relationship with, Broker terminate at the expiration of this Agreement or, if it occurs first, the completion of any transaction specified in this Agreement.

10. **SELLER CONCESSIONS:**

- Concessions are monetary payments that a seller agrees to contribute towards a buyer's expenses and other costs a buyer is responsible for in the transaction.

- Concessions may include, but are not limited to, costs of escrow or title, lender fees, repairs, inspections and buyer broker compensation.

- Concessions specified in the MLS must be allowed to be used for any permissible buyer expense or cost and must not specify the concessions are to be used for broker compensation. However, a term in the buyer's offer may specify that the Seller agrees to pay compensation to a buyer's broker. Should Seller agree to do so, Broker does not represent, nor will Broker confirm, that the amount specified is owed by buyer to buyer's broker pursuant to a written agreement that covers Seller's property. In the absence of a separate agreement, Seller's contractual obligation to pay buyer's broker is independent of any obligation between buyer and buyer's broker.

- Concessions identified in an MLS listing are not promises to pay but instead indicate to a buyer that the seller will consider offers asking for concessions. Concessions specified in the MLS are not intended to be binding on Seller unless included in the accepted purchase agreement.

**VLL REVISED 6/25 (PAGE 4 OF 6)**                    Owner's Initials ☒ _____ / _____

Docusign Envelope ID: F67E277A-D3A6-42C8-9A92-A466A86284A1
Property Address: APN 5209-023-029, Los Angeles, CA 90032                    Date: **August 18, 2025**

11. **SECURITY, INSURANCE, SHOWINGS, AUDIO AND VIDEO:** Broker is not responsible for loss of or damage to personal or real property, or injury to person, whether attributable to use of a keysafe/lockbox, a showing of the Property, or otherwise. Third parties, including, but not limited to, appraisers, inspectors, brokers and prospective buyers, may have access to, and take videos and photographs of, the interior of the Property. Owner agrees: (i) to take reasonable precautions to safeguard and protect valuables that might be accessible during showings of the Property; and (ii) to obtain insurance to protect against these risks. Broker does not maintain insurance to protect Owner. Persons visiting the Property may not be aware that they could be recorded by audio or visual devices installed by Owner (such as "nanny cams" and hidden security cameras). Owner is advised to post a notice disclosing the existence of security devices.

12. **PHOTOGRAPHS AND INTERNET ADVERTISING:**
   A. In order to effectively market the Property for sale it is often necessary to provide photographs, virtual tours and other media to buyers. Unless checked in **paragraph 2E(3)**, Owner agrees that Broker or others may photograph or otherwise electronically capture images of the exterior and interior of the Property ("Images") for static and/or virtual tours of the Property by buyers and others for use on Broker's website, the MLS, and other marketing materials and sites. Owner acknowledges that if Broker engages third parties to capture and/or reproduce and display Images, the agreement between Broker and those third parties may provide such third parties with certain rights to those Images. The rights to the Images may impact Broker's control or lack of control of future use of the Images. If Owner is concerned, Owner should request that Broker provide any third parties' agreement impacting the Images. Owner also acknowledges that once Images are placed on the internet neither Broker nor Owner has control over who can view such Images and what use viewers may make of the Images, or how long such Images may remain available on the internet. Owner further assigns any rights in all Images to the Broker/Agent and agrees that such Images are the property of Broker/Agent and that Broker/Agent may use such Images for advertising, including post transaction and for Broker/Agent's business in the future.

   B. Owner acknowledges that prospective buyers and/or other persons coming onto the Property may take photographs, videos or other images of the Property. Owner understands that Broker does not have the ability to control or block the taking and use of Images by any such persons. Once Images are taken and/or put into electronic display on the internet or otherwise, neither Broker nor Owner has control over who views such Images nor what use viewers may make of the Images.

13. **KEYSAFE/LOCKBOX:** A keysafe/lockbox is designed to hold a key to the Property to permit access to the Property by Broker, cooperating brokers, MLS participants, their authorized licensees and representatives, authorized inspectors, and accompanied prospective buyers. Owner further agrees that Broker, at Broker's discretion, and without further approval from Owner, shall have the right to grant access to and convey Owner's consent to access the Property to inspectors, appraisers, workers, repair persons, and other persons requiring entry to the Property in order to facilitate the sale of the Property. Broker, cooperating brokers, MLS and Association/Boards of REALTORS® are not insurers against injury, theft, loss, vandalism or damage attributed to the use of a keysafe/lockbox.

   A. Unless checked in **paragraph 2J**, Owner authorizes Broker to install a keysafe/lockbox.

   B. **TENANT OCCUPIED PROPERTY:** If Owner does not occupy the Property, Owner shall be responsible for obtaining occupant(s)' written permission for use of a keysafe/lockbox (C.A.R. Form KLA).

14. **SIGN:** Unless checked in **paragraph 2J**, Owner authorizes Broker to install a FOR SALE/SOLD sign on the Property.

15. **EQUAL HOUSING OPPORTUNITY:** The Property is offered in compliance with federal, state and local anti-discrimination laws.

16. **ATTORNEY FEES:** In any action, proceeding or arbitration between Owner and Broker arising out of this Agreement, Owner and Broker are each responsible for paying their own attorney's fees and costs except as provided in **paragraph 19A**.

17. **MANAGEMENT APPROVAL:** If an associate-licensee in Broker's office (salesperson or broker-associate) enters into this Agreement on Broker's behalf, Broker or Manager has the right to cancel this Agreement, in writing, within **5 days** After its execution.

18. **SUCCESSORS AND ASSIGNS:** This Agreement shall be binding upon Owner and Owner's successors and assigns.

19. **DISPUTE RESOLUTION:**
   A. **MEDIATION:** (1) Owner and Broker agree to mediate any dispute or claim arising between them under this Agreement, before resorting to arbitration or court action. (2) Mediation fees, if any, shall be divided equally among the parties involved. (3) If, for any dispute or claim to which this paragraph applies, any party (the non-mediating party) (i) commences an action without first attempting to resolve the matter through mediation, or (ii) before commencement of an action, refuses to mediate after a request has been made, then if the non-mediating party is the losing party in any such action, the prevailing party in such action shall be entitled to recover attorney fees from the non-mediating party, notwithstanding the terms in **paragraph 16**. (4) Exclusions from this mediation agreement are specified in paragraph 19B.

   B. **ADDITIONAL MEDIATION TERMS: The following matters shall be excluded from mediation: (i) a judicial or non-judicial foreclosure or other action or proceeding to enforce a deed of trust, mortgage or installment land sale contract as defined in Civil Code § 2985; (ii) an unlawful detainer action; (iii) the filing or enforcement of a mechanic's lien; and (iv) any matter that is within the jurisdiction of a probate, small claims or bankruptcy court. The filing of a court action to enable the recording of a notice of pending action, for order of attachment, receivership, injunction, or other provisional remedies, shall not constitute a waiver or violation of the mediation provisions.**

   C. **ARBITRATION ADVISORY: If Owner and Broker desire to resolve disputes arising between them through arbitration rather than court, they can document their agreement by attaching and signing an Arbitration Agreement (C.A.R. Form ARB).**

**VACANT LAND LISTING AGREEMENT (VLL PAGE 5 OF 6)**
Produced with Lone Wolf Transactions (zipForm Edition) 717 N Harwood St, Suite 2200, Dallas, TX 75201  www.lwolf.com        Paradise Drive

Docusign Envelope ID: F67E277A-D3A6-42C8-9A92-A4A8D1A4E39B

Property Address: *APN 5209-023-029, Los Angeles, CA  90032*                                                    Date: ***August 18, 2025***

20. **ENTIRE AGREEMENT:** All prior discussions, negotiations and agreements between the parties concerning the subject matter of this Agreement are superseded by this Agreement, which constitutes the entire contract and a complete and exclusive expression of their agreement, and may not be contradicted by evidence of any prior agreement or contemporaneous oral agreement. If any provision of this Agreement is held to be ineffective or invalid, the remaining provisions will nevertheless be given full force and effect. This Agreement and any supplement, addendum or modification, including any photocopy or facsimile, may be executed in counterparts.

21. **OWNERSHIP, TITLE AND AUTHORITY:** Owner warrants that: **(i)** Owner is the owner of the Property; **(ii)** no other persons or entities have title to the Property; and **(iii)** Owner has the authority to both execute this Agreement and sell the Property. Exceptions to ownership, title and authority are specified in **paragraph 2G.**

22. **LEGALLY AUTHORIZED SIGNER:** Wherever the signature or initials of the Legally Authorized Signer, identified in the signature block below, appear on this Agreement or any related documents, it shall be deemed to be in a representative capacity for the entity described and not in an individual capacity, unless otherwise indicated. The Legally Authorized Signer **(i)** represents that the entity for which that person is acting already exists and is in good standing to do business in California and **(ii)** shall deliver to Broker, within **3 days** after execution of this Agreement, evidence of authority to act in that capacity (such as but not limited to: applicable portion of the trust or Certification Of Trust (Probate Code § 18100.5), letters testamentary, court order, power of attorney, corporate resolution, or formation documents of the business entity).

**By signing below, Seller acknowledges that they have received a copy of this Vacant Land Listing Agreement, and they have read, understand, and agree to its terms.**

☒ **ENTITY OWNER: (Note: If this paragraph is completed, a Representative Capacity Signature Disclosure (C.A.R. Form RCSD) is not required for the Legally Authorized Signers designated below.)**
   (1) **Non-Individual (entity) Owner:** One or more Owners is a trust, corporation, LLC, probate estate, partnership, holding a power of attorney or other entity.
   (2) **Full entity name:** The following is the full name of the entity (if a trust, enter the complete trust name; if under probate, enter full name of the estate, including case #): *Wesley H. Avery, Chapter 7 Trustee for Jinzheng Group, LLC case #21-16674VK* .
   (3) **Contractual Identity of Owner:** For purposes of this Agreement, when the name described below is used, it shall be deemed to be the full entity name.
       (A) If a trust: The trustee(s) of the trust or a simplified trust name (ex. John Doe, co-trustee, Jane Doe, co-trustee or Doe Revocable Family Trust);
       (B) If Property is sold under the jurisdiction of a probate court: The name of the executor or administrator, or a simplified probate name (John Doe, executor, or Estate (or Conservatorship) of John Doe).
   (4) **Legally Authorized Signer:**
       (A) This Agreement is being Signed by a Legally Authorized Signer in a representative capacity and not for him/herself as an individual. See **paragraph 22** for additional terms.
       (B) The name(s) of the Legally Authorized Signer(s) is/are: _____

**OWNER SIGNATURE(S):** *Addendum No. 1 and Addendum No. 2 are*
(Signature) By, *Wesley H. Avery* *incorporated into this agreement.* Date: 09/04/2025 | 2:34 PM
Printed name of OWNER: *Wesley H. Avery*
   ☒ Printed Name of Legally Authorized Signer: _____ Title, if applicable, ***Chapter 7 Trustee***
   Address _____ City _____ State **CA** Zip _____
   Email *wes@averytrustee.com* Phone # _____

(Signature) By, _____ Date: _____
Printed name of OWNER: _____
   ☐ Printed Name of Legally Authorized Signer: _____ Title, if applicable, _____
   Address _____ City _____ State _____ Zip _____
   Email _____ Phone # _____
☐ Additional Signature Addendum attached (C.A.R. Form ASA)

**BROKER SIGNATURE(S):**

Real Estate Broker (Firm) *Keller Williams Realty* _____ DRE Lic # *01444805* _____
Address *199 S. Los Robles Ave., Ste. 130* _____ City **Pasadena** _____ State **CA** Zip **91101**
                                                                                                              09/04/2025 | 2:27 PM P
By *Brian Parsons* _____ *Brian Parsons* _____ Date _____
Tel. *(626)340-8050* _____ E-mail *BrianParsons@kw.com* _____ DRE Lic # *01712649* _____

By _____ Date _____
Tel. _____ E-mail _____ DRE Lic # _____

☐ More than one agent from the same firm represents Owner. Additional Agent Acknowledgement (C.A.R. Form AAA) attached.
☐ Two Brokers with different companies are co-listing the Property. Co-listing Broker information is on the attached Additional Broker Acknowledgement (C.A.R. Form ABA).

© 2025, California Association of REALTORS®, Inc. United States copyright law (Title 17 U.S. Code) forbids the unauthorized distribution, display and reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS®. NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ACCURACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL. This form is made available to real estate professionals through an agreement with or purchase from the California Association of REALTORS®.
Published and Distributed by: REAL ESTATE BUSINESS SERVICES, LLC, *a subsidiary of the California Association of REALTORS®*

**VLL REVISED 6/25 (PAGE 6 OF 6)**

**VACANT LAND LISTING AGREEMENT (VLL PAGE 6 OF 6)**

**CALIFORNIA
ASSOCIATION
OF REALTORS®**

# MULTIPLE LISTING SERVICE ADDENDUM
### (C.A.R. Form MLSA, Revised 12/24)

The following terms and conditions are hereby incorporated in and made a part of the Residential Listing Agreement, ☐ Other
_____ ("Agreement"),

dated ___08/18/2025___, on property known as _____ APN 5209-023-029, Los Angeles, CA  90032 _____

in which _____ Wesley H. Avery _____ is referred to as ("Seller")

and _____ Keller Williams Realty _____ is referred to as ("Broker").

**1.  MULTIPLE LISTING SERVICE:**
 **A.  WHAT IS AN MLS?** The MLS is a database of properties for sale that is available and disseminated to and accessible by all
 other real estate agents who are participants or subscribers to the MLS. As set forth in **paragraph 3**, participants and
 subscribers conducting public marketing of a property listing must submit the property information to the MLS. Property
 information submitted to the MLS describes the price, terms and conditions under which the Seller's property is offered for
 sale, excepting offers of compensation. It is likely that a significant number of real estate practitioners in any given area are
 participants or subscribers to the MLS. The MLS may also be part of a reciprocal or data sharing agreement to which other
 multiple listing services belong. Real estate agents belonging to other multiple listing services that have reciprocal or data
 sharing agreements with the MLS also have access to the information submitted to the MLS. The MLS may further transmit
 listing information to internet sites that post property listings online.
 **B.  WHAT INFORMATION IS PROVIDED TO THE MLS BEFORE OR AFTER SALE:** All terms of the transaction, including sales
 price and, if applicable, financing and concessions, **(i)** will be provided to the MLS in which the Property is listed for publication,
 dissemination and use by persons and entities on terms approved by the MLS, and **(ii)** may be provided to the MLS even if the
 Property was not listed with the MLS. Seller consents to Broker providing a copy of this listing agreement to the MLS if
 required by the MLS.
 **C.  WHAT IS BROKER'S MLS?** Broker is a participant/subscriber to the Multiple Listing Service (MLS) specified in **paragraph
 2E(1)** of the Agreement and possibly others. Broker shall inform Seller if the MLS specified in **paragraph 2E(1)** is not the
 primary MLS for the geographic area of the Property. When required by **paragraph 3** or by the MLS, Property will be listed
 with the MLS(s) specified.
**2.  BENEFITS OF USING THE MLS; IMPACT OF OPTING OUT OF THE MLS**
 **A.  EXPOSURE TO BUYERS THROUGH MLS: Listing property with an MLS** exposes a seller's property to all real estate
 agents and brokers (and their potential buyer clients) who are participants or subscribers to the MLS or a reciprocating MLS.
 The MLS may further transmit the MLS database to internet sites that post property listings online.
 **B.  IMPACT OF OPTING OUT OF MLS:** If Seller elects to exclude the Property from the MLS, Seller understands and acknowledges
 that: **(i)** Seller is authorizing limited exposure of the Property and NO marketing or advertising of the Property to the public will
 occur; **(ii)** real estate agents and brokers from other real estate offices, and their buyer clients, who have access to that MLS may
 not be aware that Seller's Property is offered for sale; **(iii)** Information about Seller's Property will not be transmitted from the MLS
 to various real estate internet sites that are used by the public to search for property listings; **(iv)** real estate agents, brokers and
 members of the public may be unaware of the terms and conditions under which Seller is marketing the Property; and **(v)** the
 scope of marketing will consist only of direct one-on-one promotion between the brokers and licensees affiliated with the listing
 brokerage and their respective clients.
 **C.  REDUCTION IN EXPOSURE:** Any reduction in exposure of the Property may lower the number of offers and negatively
 impact the sales price.
 **D.  NOT LISTING PROPERTY IN A LOCAL MLS:** If the Property is listed in an MLS which does not cover the geographic area
 where the Property is located then real estate agents and brokers working that territory, and buyers they represent looking for
 property in the neighborhood, may not be aware the Property is for sale.
**3.  PUBLIC MARKETING OF PROPERTY:**
 **A.  CLEAR COOPERATION POLICY: Unless paragraph 3F is checked,** MLS rules require that exclusive and seller reserved listings
 for residential real property with one to four units and vacant lots be submitted to the MLS within **1 business day** of any public
 marketing. This is because the MLSs have adopted the Clear Cooperation Policy of the National Association of REALTORS®.
 That policy seeks to maximize Seller profits by highlighting the importance of advertising listed properties in forums that are
 ultimately visible to the public.
 **B.  PUBLIC MARKETING WITHIN CLEAR COOPERATION: (i)** Public marketing includes, but is not limited to, flyers displayed in
 windows, yard signs, digital marketing on public facing websites, brokerage website displays, digital communications
 marketing and email blasts, multi-brokerage listing sharing networks, marketing to closed or private listing clubs or groups, and
 applications available to the general public. **(ii)** Public marketing does not include an office exclusive listing where there is
 direct promotion of the listing between the brokers and licensees affiliated with the listing brokerage, and one-to-one promotion
 between these licensees and their clients.
 **C.  "COMING SOON" STATUS IMPACT ON MARKETING; Days on Market (DOM):**
  **(1)**  Seller is advised to discuss with Broker the meaning of "Coming Soon" as that term applies to the MLS in which the
  Property will be listed, and how any Coming Soon status will impact when and how a listing will be viewable to the public
  via the MLS. Seller is further advised to discuss with Broker how any DOM calculations or similarly utilized tracking field
  works in the MLS in which the Property will be listed.

**MLSA REVISED 12/24 (PAGE 1 OF 2)**

## MULTIPLE LISTING SERVICE ADDENDUM (MLSA PAGE 1 OF 2)

Docusign Envelope ID: F67E277A-D3A6-42C8-9A92-A455A47B40D9

(2)   Seller does (☐does not) authorize Broker to market the Property per the Coming Soon status in Broker's MLS, if any.

**D.   SELLER INSTRUCTIONS TO BROKER:**

(1)   Seller instructs Broker to market the Property to the public at the beginning of the Listing Period;

OR (2)   ☐ Seller instructs Broker to EXCLUDE the Property from dissemination by the MLS. The MLS may require its own form or this MLSA to be submitted. Seller understands that no public marketing will occur and the scope of marketing that will occur will consist only of direct one-on-one promotion between the brokers and licensees affiliated with the listing brokerage and their respective clients while the property is excluded. Seller understands the impact of opting out of the MLS in **paragraph 2B**, and Seller certifies and instructs Broker:

(A)   ☐ To begin marketing the Property to the public (including through the MLS) on _____ (date);

(B)   ☐ NOT to market the Property to the public during the Listing Period unless Seller gives written instruction otherwise.

**E.**   Seller understands and agrees that should any public marketing of the property occur, the Property listing will be submitted to the MLS within **1 business day**.

**F.**   ☐**CLEAR COOPERATION POLICY DOES NOT APPLY:** The MLSs utilized by Broker do not have a Clear Cooperation Policy that applies to the Property. **Paragraphs 3A-E** do not apply to this listing. Broker shall disclose to Seller and obtain Seller's consent for any instruction to not market the Property on the MLS or to the public.

**4.   MLS DATA ON THE INTERNET:** MLS rules allow MLS data to be made available by the MLS to additional internet sites unless Broker gives the MLS instructions to the contrary. Specific information that can be excluded from the internet as permitted by (or in accordance with) the MLS is as follows:

**A.   PROPERTY OR PROPERTY ADDRESS:** Seller can instruct Broker to have the MLS not display the Property or the Property address on the internet (C.A.R. Form SELI). Seller understands that either of these opt outs would mean consumers searching for listings on the internet may not see the Property or Property's address in response to their search.

**B.   FEATURE OPT OUTS:** Seller can instruct Broker to advise the MLS that Seller does not want visitors to MLS Participant or Subscriber Websites or Electronic Displays that display the Property listing to have the features below (C.A.R. Form SELI). Seller understands **(i)** that these opt outs apply only to Websites or Electronic Displays of MLS Participants and Subscribers who are real estate brokers and agent members of the MLS; **(ii)** that other internet sites may or may not have the features set forth herein; and **(iii)** that neither Broker nor the MLS may have the ability to control or block such features on other internet sites.

(1)   **COMMENTS AND REVIEWS:** The ability to write comments or reviews about the Property on those sites; or the ability to link to another site containing such comments or reviews if the link is in immediate conjunction with the Property display.

(2)   **AUTOMATED ESTIMATE OF VALUE:** The ability to create an automated estimate of value or to link to another site containing such an estimate of value if the link is in immediate conjunction with the Property display.

**C.   SELLER ELECTION:**

(1)   Seller authorizes the MLS to make all listing information available to internet sites;

OR (2)   ☐ Seller elects to opt out of certain internet features as provided by C.A.R. Form SELI or the local equivalent form.

**5.   PHOTOGRAPHS:**

**A.**   Visitors entering or touring the Property may take photographs, and Broker does not have the ability to control or block the taking and use of Images. Seller can instruct Broker to publish information in the MLS is limited to those persons preparing appraisal or inspection reports. Seller acknowledges that unauthorized persons may take images who do not have access to or have not read any limiting instruction in the MLS or who take images regardless of any limiting instruction in the MLS.

**B.   SELLER INSTRUCTION:**

(1)   Visitors are not restricted from taking pictures of the Property;

OR (2)   ☐ Seller instructs Broker to publish in the MLS that taking of Images is limited to those persons preparing appraisal or inspection reports.

**The foregoing terms and conditions are hereby agreed to, and the undersigned acknowledge receipt of a copy of this Multiple Listing Service Addendum.**

Seller X _Wesley H. Avery_ _____     Date 09/04/2025 | 2:34 P
      **_Wesley H. Avery_**

Seller _____     Date _____

Real Estate Broker (Listing Firm) **_Keller Williams Realty_** _____     DRE Lic# **_01444805_**

By _Brian Parsons_ _____ **_Brian Parsons_** _____     Date: 09/04/2025 | 2:27 |

© 2024, California Association of REALTORS®, Inc. United States copyright law (Title 17 U.S. Code) forbids the unauthorized distribution, display and reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS®. NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ACCURACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL. This form is made available to real estate professionals through an agreement with or purchase from the California Association of REALTORS®.

Published and Distributed by: REAL ESTATE BUSINESS SERVICES, LLC. *a subsidiary of the California Association of REALTORS®*

**MLSA REVISED 12/24 (PAGE 2 OF 2)**

Docusign Envelope ID: F67E277A-D3A6-42C8-9A92-A4537BADF6EC

**CALIFORNIA
ASSOCIATION
OF REALTORS®**

## BROKER COMPENSATION ADVISORY
### (C.A.R. Form BCA, Revised 6/25)

1. **WHEN SELLERS LIST THEIR PROPERTY FOR SALE THROUGH A REAL ESTATE BROKER THEY AGREE TO PAY THE SELLER'S BROKER WHEN ESCROW CLOSES.**

    A. **LISTING AGREEMENT COMPENSATION IS FULLY NEGOTIABLE:** When a seller enters into a listing agreement with a broker, the seller authorizes the broker to find a buyer for the seller's property and agrees to pay the seller's broker if a buyer is found who purchases the property. Compensation amounts are not fixed by law and are fully negotiable between the seller and the seller's broker. When negotiating compensation, the parties may discuss factors such as the broker's expertise and experience, the type of broker services to be performed, and the broker's time and expenses, among other considerations.

    B. **OPTIONAL ADDITIONAL COMPENSATION IF BUYER IS UNREPRESENTED:** A listing agreement may include optional additional compensation amounts owed to the seller's broker for situations where the broker takes on additional responsibilities or workload. Sometimes a buyer may not be working with nor want to be represented by a real estate broker. When that happens, the seller's broker is not required to represent the buyer, and the seller and seller's broker may decide that they do not want to create such a relationship. In those situations, the seller's broker is advised to use a Buyer Non-Agency (C.A.R. Form BNA) to inform the buyer that the seller's broker will be acting on behalf of the seller only, and not act as the buyer's agent, throughout the transaction. However, because the buyer is unrepresented, the seller's agent will inevitably have to do more work to facilitate the transaction. A seller may agree to compensate their broker for the additional work in such cases.

    C. **BROKER MAY REPRESENT BOTH BUYER AND SELLER; DUAL AGENCY:** California law allows a brokerage company to represent both seller and buyer in a real estate transaction. At the time the agent, on behalf of a brokerage, obtains the signature of a seller on a listing agreement, the agent will not, in most cases, know who the eventual buyer will be for a seller's property. Similarly, at the time an agent, on behalf of a brokerage, obtains the signature of a buyer on a buyer representation agreement, the agent will not, in most cases, know who the eventual seller will be for a property the buyer wants to buy. Because many individual licensees may work through one brokerage company, and some individual licensees work with many buyers and sellers, there is a possibility that the same brokerage company will represent both buyer and seller in a transaction. If licensees working through broker represent both seller and buyer, broker is allowed to receive compensation from each, provided the seller and buyer are advised of the relationship and the total amount of compensation the broker will receive.

2. **BROKER AGREEMENTS WITH BUYERS:**

    A. **BUYER REPRESENTATION COMPENSATION IS FULLY NEGOTIABLE:** When a buyer enters into a representation agreement with a broker, the buyer authorizes the broker to locate properties for the buyer to buy and agrees to pay the buyer's broker if a transaction is completed. Compensation amounts are not fixed by law and are fully negotiable. When negotiating compensation, the parties may discuss factors such as the broker's expertise and experience, the type of broker services to be performed, and the broker's time and expenses, among other considerations.

    B. **REQUIREMENT FOR WRITTEN AGREEMENTS:** Pursuant to a nationwide class action settlement reached by the National Association of REALTORS® (NAR), participants in Multiple Listing Services are required to have a written agreement with a buyer prior to showing a buyer a residential property or giving a buyer a tour of such a property. The agreement must identify the amount of compensation to be paid to the broker for services provided and require that the broker cannot receive any compensation in excess of the amount specified in the agreement. Pursuant to a January 1, 2025 new law in California, all licensees must have a buyer representation agreement as soon as practicable upon acting as the buyer's agent, and it must include the amount of compensation, services to be rendered, when compensation is due, and the contract termination, which may not exceed three months.

    C. **ADVANTAGES OF WRITTEN AGREEMENTS:** Buyers and their brokers benefit when the terms of their relationship and respective duties are in writing. A written agreement establishes clear, mutual expectations and helps avoid misunderstandings over the buyer and broker's duties and the amount of compensation the buyer's agent is to be paid.

© 2025, California Association of REALTORS®, Inc.
**BCA REVISED 6/25 (PAGE 1 OF 2)**

**BROKER COMPENSATION ADVISORY (BCA PAGE 1 OF 2)**

3.  **WHEN ENLISTING A REAL ESTATE BROKER TO REPRESENT THEM, BUYERS AGREE TO PAY THE BUYER'S BROKER WHEN ESCROW CLOSES, BUT THE PERSON RESPONSIBLE FOR PAYMENT MAY BE NEGOTIATED IN THE TRANSACTION:**

    A.  **BUYER PAYS THE COMPENSATION PURSUANT TO A BUYER REPRESENTATION AGREEMENT:** A buyer's broker may negotiate the amount of compensation directly with the Buyer and then document that agreement in a buyer representation agreement (C.A.R. Form BRBC or PSRA). The buyer then becomes contractually obligated to pay the broker by providing funds to escrow prior to the closing of a transaction.

    B.  **SELLER PAYS THE COMPENSATION:**

        (1) **Buyer negotiates for Seller to Compensate Buyer's Broker:** A buyer may make a conditional offer to the seller by including a term in the purchase offer asking the seller to pay the buyer's broker if the buyer has already agreed to pay their own broker pursuant to a buyer representation agreement. If such a term is included in the purchase offer, the request will become one term among many that a seller may accept, reject, or negotiate by way of a counter offer. The possibility of asking the seller to pay the buyer's contractual compensation obligation option should be discussed when creating a buyer representation agreement and prior to an offer being made. Pursuant to the NAR Settlement (see **paragraph 2B**) **a buyer's broker is not permitted to receive compensation for services, from whatever source, that is greater than the amount in the buyer representation agreement**.

        (2) **Buyer's Agent negotiates an agreement directly with Seller:** If a seller is unrepresented or does not have an exclusive agency relationship with another broker, a buyer's broker may approach that seller asking the seller to sign an agreement (C.A.R. Form SP, Single Party Compensation Agreement) to pay the buyer's broker. In this situation, the seller agrees to pay the buyer's broker compensation without necessarily creating an agency relationship with the broker. When that happens, the buyer's broker is advised to use a Seller Non-Agency (C.A.R. Form SNA) to inform the seller that the buyer's broker will be acting on behalf of the buyer only, and not act as the seller's agent, throughout the transaction. However, because the seller is unrepresented, the buyer's agent will inevitably have to do more work to facilitate the transaction, which may be factored into the negotiation of the single party compensation agreement.

    C.  **CHANGING PRACTICE RELATED TO A SELLER'S BROKER'S OFFER OF COMPENSATION:**

        Historically, in California, many seller's brokers used a Multiple Listing Service (MLS) to make a unilateral offer to compensate a buyer's broker who procured a buyer for the seller's property. However, the nationwide NAR settlement prohibits the seller's broker from using an MLS to make such an offer of compensation. The California Association of REALTORS®' (C.A.R.) listing agreement forms no longer provide for such offers of cooperating broker compensation nor does C.A.R. include other forms in its library of forms that might facilitate such offers. Buyers and sellers must separately negotiate compensation with their respective brokers, as specified above.

**By signing below, Seller or Buyer acknowledge that they have received a copy of this Broker Compensation Advisory, and they have read and understand its terms. Seller or Buyer acknowledges they have been advised of their various options regarding compensation to be paid to real estate brokers and that any written agreement they have signed with a seller's or buyer's broker reflects a mutual understanding.**

Seller/Buyer ___DocuSigned by:___ _Wesley H. Avery_ ___C7A3ADFD0B96443...___ Trustee   **Wesley H. Avery** Date 09/04/2025 | 2:34 PM P

Seller/Buyer _____ Date _____

© 2025, California Association of REALTORS®, Inc. United States copyright law (Title 17 U.S. Code) forbids the unauthorized distribution, display and reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS®. NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ACCURACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL. This form is made available to real estate professionals through an agreement with or purchase from the California Association of REALTORS®.

Published and Distributed by: REAL ESTATE BUSINESS SERVICES, LLC. *a subsidiary of the California Association of REALTORS®*

**BCA REVISED 6/25 (PAGE 2 OF 2)**



Docusign Envelope ID: F67E277A-D3A6-42C8-9A92-A465F9ADF8EC



**CALIFORNIA
ASSOCIATION
OF REALTORS®**

## POSSIBLE REPRESENTATION OF MORE THAN ONE BUYER
## OR SELLER - DISCLOSURE AND CONSENT
(C.A.R. Form PRBS, Revised 6/25)

1. **BROKER AGENCY RELATIONSHIP WITH MULTIPLE PRINCIPALS:** A real estate broker ("Brokerage"), whether a corporation, partnership or sole proprietorship, may legally represent more than one buyer or seller. This multiple representation can occur through a sole proprietor Brokerage; or through a salesperson or broker acting under the Brokerage's license ("Associate Licensee"). Associate Licensees under a Brokerage's license may be working out of the same or different office locations, and may or may not know one another. Clients of the Brokerage may have similar goals and may compete against each other for the same property or the same pool of prospective buyers. Some buyers and sellers prefer to work with individual, sole proprietor brokerages, some with brokerages that have multiple licensees, and others with large brokerage companies that have multiple offices and may have a regional, statewide or a national or international presence. Each has its own advantages. It is important for buyers and sellers to understand how the Brokerage representation of multiple buyers or sellers may impact them under various situations.
   A. **MULTIPLE BUYERS:** Brokerage (individually or through any of its Associate Licensees) may work with many prospective buyers at the same time. These prospective buyers may have an interest in, and make offers on, the same properties. Some of these properties may be listed by the Brokerage. Whether Brokerage is large or small, it is possible that one Associate-Licensee (agent 1) working with a buyer may not be aware that another Associate-Licensee (agent 2) is working with a different buyer who is interested in viewing or making an offer on the same property as agent 1's client, and vise-versa. Brokerage will not limit or restrict any buyer from making an offer on any specific property, whether or not the Brokerage represents other buyers interested in the same property.
   B. **MULTIPLE SELLERS:** Brokerage (individually or through its Associate Licensees) may have listings on many properties at the same time. As a result, Brokerage will attempt to find buyers for each of those listed properties. Some listed properties may appeal to the same prospective buyers. Some properties may attract more prospective buyers than others. Some of these prospective buyers may be represented by Brokerage and some may not. Brokerage will market all listed properties to all prospective buyers, whether or not Brokerage has other listed properties that may appeal to the same prospective buyers.
   C. **DUAL AGENCY IN A TRANSACTION:** California law allows a brokerage to represent both a buyer and a seller in a transaction (Civil Code § 2079 et seq.).
      (1) **Brokerage Dual Agency:** If one Associate-Licensee from the Brokerage is working with a buyer and another Associate-Licensee from the same Brokerage is working with a seller on the same transaction, the Brokerage is considered a dual agent with fiduciary duties to both buyer and seller. In that situation, each individual Associate Licensee working on the transaction is also considered a dual agent having the same knowledge and responsibility as the Brokerage.
      (2) **Single Agent Dual Agency:** Another form of dual agency occurs when an individual Associate-Licensee is working with both the buyer and seller in the same transaction. In that situation, both the Brokerage company and the individual Associate-Licensee are dual agents with fiduciary duties to each side of the transaction. There is no one approach to this situation. Some brokerages allow the single agent dual agent to continue to represent both parties, as that Associate-Licensee is the chosen agent of the principal. Some brokerages recommend that the broker or an office manager get involved if there is a dispute between the buyer and seller. Some brokerages will require that the broker or an office manager assist the Associate-Licensee with one principal or the other, even if the parties do not have a dispute. Whether one of these approaches, or another, is taken in a single agent dual agency will depend on the circumstances and the brokerage policy. Regardless of the approach, the Associate-Licensee and Brokerage shall conduct activity consistent with the terms in paragraph 2C.

2. **ACKNOWLEDGEMENT AND CONSENT:**
   A. **OFFERS ARE NOT NECESSARILY CONFIDENTIAL:** Buyer is advised that seller or listing agent may disclose the existence, terms, or conditions of buyer's offer to other interested buyers and agents unless all parties and their agent have signed a written confidentiality agreement, (C.A.R. Form NDA). In the absence of a signed NDA, Buyer consents to such disclosure. Whether any such information is actually disclosed depends on many factors, such as current market conditions, the prevailing practice in the real estate community, the listing agent's marketing strategy, and the instructions of the seller.
   B. **MULTIPLE BUYERS OR SELLERS:** If Seller is represented by Brokerage, Seller acknowledges that Brokerage may represent prospective buyers of Seller's property and consents to Brokerage acting as a dual agent for both Seller and buyer in that transaction. If Buyer is represented by Brokerage, Buyer acknowledges that Brokerage may represent sellers of property that Buyer is interested in acquiring and consents to Brokerage acting as a dual agent for both Buyer and seller with regard to that property.
   C. **DUAL AGENCY IN A TRANSACTION:** In the event of dual agency, Seller and Buyer agree that: **(i)** a dual agent may not, without the express permission of the respective party, disclose to the other party confidential information, including, but not limited to, facts relating to either the buyer's or seller's financial position, motivations, bargaining position, or other personal information that may impact price, including the Seller's willingness to accept a price less than the listing price or the Buyer's willingness to pay a price greater than the price offered; and **(ii)** except as set forth above, a dual agent is obligated to disclose known facts materially affecting the value or desirability of the Property to both parties. Seller and Buyer should discuss with a dual agent the details and parameters of this requirement. Seller and/or Buyer consents to allowing Brokerage to act as a dual agent in a transaction.

**PRBS REVISED 6/25 (PAGE 1 OF 2)**

**POSSIBLE REPRESENTATION OF MORE THAN ONE BUYER OR SELLER (PRBS PAGE 1 OF 2)**

Docusign Envelope ID: F67E277A-D3A6-42C8-9A92-A4B0B4BD7B83

By signing below, Buyer and/or Seller acknowledge that each has received a copy of this Possible Representation of More Than One Buyer or Seller — Disclosure and Consent, and each has read, understands, and agrees to its terms and consents to the agency possibilities disclosed.

Buyer _____ Date _____

Buyer _____ Date _____

Seller X _Wesley H. Avery_ _____ *Wesley H. Avery* Date 09/04/2025 | 2:34

Seller _____ Date _____

Buyer's Brokerage Firm _____ DRE Lic # _____

By _____ DRE Lic # _____ Date _____

Seller's Brokerage Firm _Keller Williams Realty_ _____ DRE Lic # _01444805_

By _Brian Parsons_ _____ DRE Lic # _01712649_ Date 09/04/2025 | 2:27
_Brian Parsons_

© 2025, California Association of REALTORS®, Inc. United States copyright law (Title 17 U.S. Code) forbids the unauthorized distribution, display and reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS®. NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ACCURACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL. This form is made available to real estate professionals through an agreement with or purchase from the California Association of REALTORS®.

Published and Distributed by: REAL ESTATE BUSINESS SERVICES, LLC. *a subsidiary of the California Association of REALTORS®*

PRBS REVISED 6/25 (PAGE 2 OF 2)

POSSIBLE REPRESENTATION OF MORE THAN ONE BUYER OR SELLER (PRBS PAGE 2 OF 2)

Produced with Lone Wolf Transactions (zipForm Edition) 717 N Harwood St, Suite 2200, Dallas, TX 75201    www.lwolf.com    Paradise Drive

Docusign Envelope ID: F67E277A-D3A6-42C8-9A92-A499F8ADF2E5


CALIFORNIA
ASSOCIATION
OF REALTORS®

# CALIFORNIA CONSUMER PRIVACY ACT ADVISORY, DISCLOSURE AND NOTICE
### (C.A.R. Form CCPA, Revised 12/22)

The California Consumer Privacy Act (commencing with Civil Code § 1798.100) ("CCPA"), as amended by California voters in 2020, grants to California residents certain rights in their private, personal information ("PI") that is collected by companies with whom they do business. Under the CCPA, PI is defined broadly to encompass non-public records information that could reasonably be linked directly or indirectly to you. PI could potentially include photographs of, or sales information about, your property.

During the process of buying and selling real estate your PI will be collected and likely shared with others, including real estate licensees, a Multiple Listing Service, real estate internet websites, service providers, lenders, and title and escrow companies, to name several possibilities. Businesses that are covered by the CCPA are required to grant you various rights in your PI, including the right to know what PI is collected, the right to know what PI is sold or shared and to whom, the right to request that the business correct or delete your PI, the right to "opt out" or stop the transfer of your PI to others, and the right to limit the use of certain PI which is considered "sensitive." You may get one or more notices regarding your CCPA rights from businesses you interact with in a real estate transaction. However, not all businesses that receive or share your PI are obligated to comply with the CCPA. Moreover, businesses that are otherwise covered under the CCPA may have a legal obligation to maintain PI, notwithstanding your instruction to the contrary. For instance, regardless of whether they are covered by CCPA, under California law, brokers and Multiple Listing Services are required to maintain their records for 3 years. If you wish to exercise your rights under CCPA, where applicable, you should contact the respective business directly.

You can obtain more information about the CCPA and your rights under the law from the State of California Department of Justice (oag.ca.gov/privacy/ccpa). Additionally, the California Privacy Protection Agency is authorized to promulgate regulations which may further clarify requirements of the CCPA (cppa.ca.gov/regulations/).

**I/we acknowledge receipt of a copy of this California Consumer Privacy Act Advisory, Disclosure and Notice.**

Buyer/Seller/Landlord/Tenant _Wesley H. Avery_ _Twerter_ Date 09/04/2025 | 2:34 PM PDT
*Wesley H. Avery*

Buyer/Seller/Landlord/Tenant _____ Date _____

© 2022, California Association of REALTORS®, Inc. United States copyright law (Title 17 U.S. Code) forbids the unauthorized distribution, display and reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS®. NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ACCURACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL. This form is made available to real estate professionals through an agreement with or purchase from the California Association of REALTORS®. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, LLC.
*a subsidiary of the CALIFORNIA ASSOCIATION OF REALTORS®*
525 South Virgil Avenue, Los Angeles, California 90020

**CCPA REVISED 12/22 (PAGE 1 OF 1)**

## CALIFORNIA CONSUMER PRIVACY ACT ADVISORY (CCPA PAGE 1 OF 1)

| Brian Parsons | Phone: 6262043390    Fax: 6262043400 | Paradise Drive |
|---|---|---|
| | Produced with Lone Wolf Transactions (zipForm Edition) 717 N Harwood St, Suite 2200, Dallas, TX 75201 www.lwolf.com | |

Docusign Envelope ID: F67E277A-D3A6-42C8-9A92-A499F9ADF9E3



**CALIFORNIA
ASSOCIATION
OF REALTORS®**

### ADDENDUM - GENERIC No. _____1_____
**(C.A.R. Form ADM-GEN, 6/25)**

The following terms and conditions are hereby incorporated in and made a part of the: Residential Listing Agreement, OR ☐ Buyer Representation and Broker Compensation Agreement, ☐ Team Agreement, ☐ Other _____, dated _08/18/2025_, between _____ **Wesley H. Avery** _____
("Broker/Agent/Buyer/Tenant ☐ Other _____ ("Principal 1")),
and _____ **Keller Williams Realty** _____
("Broker/Agent/Seller/Housing Provider ☐ Other _____ ("Principal 2")).
The term "Housing Provider" also includes Landlord or Rental Property Owner.

**Note: If the Principals intend to modify the compensation previously agreed in a listing or buyer representation agreement, use a Modification of Terms, (C.A.R. Form MT-LA or MT-BR).**

*The Vacant Land Listing Agreement is for the following 10 adjacent parcels: APN 5209-021-002, APN 5209-021-005, APN 5209-021-006, APN 5209-022-007, APN 5209-023-022, APN 5209-023-029, APN 5209-023-030, APN 5209-023-031, APN 5209-023-032, APN 5209-025-006.*

*Each of the 10 lots to be listed for $30,000, 10% commission.*

**By signing below, Principal 1 and Principal 2 acknowledge that each has received a copy of this Addendum - Generic, and each has read, understands, and agrees to its terms.**

Principal 1 _Wesley H. Avery_ _____ **Wesley H. Avery** Date _09/04/2025 | 2:34 PM PD_
 C7A3ADFD0B96443...
Principal 1 _Brian Parsons_ _____ **Keller Williams Realty** Date _09/04/2025 | 2:27 PM PD_
 12CAEA92BAC9488...
Principal 2 _____ Date _____

Principal 2 _____ Date _____

© 2025, California Association of REALTORS®, Inc. United States copyright law (Title 17 U.S. Code) forbids the unauthorized distribution, display and reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS®. NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ACCURACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL. This form is made available to real estate professionals through an agreement with or purchase from the California Association of REALTORS®.
Published and Distributed by: REAL ESTATE BUSINESS SERVICES, LLC. *a subsidiary of the California Association of REALTORS®*

**ADM-GEN 6/25 (PAGE 1 OF 1)**

### ADDENDUM - GENERIC (ADM-GEN PAGE 1 OF 1)

# ADDENDUM No.2

**ADDITIONAL TERMS TO EXCLUSIVE RIGHT TO REPRESENT OWNER FOR SALE OR LEASE OF REAL PROPERTY.** The terms of this addendum (the "Addendum") supplement, amend and supersede the terms of the foregoing Vacant Land Listing Agreement (the "Agreement") between Wesley H. Avery, Chapter 7 Trustee (the "Trustee" or "Seller") for the bankruptcy estate (the "Estate") of Jinzheng Group (USA) LLC (the "Debtor"), in Case No. 2:21-bk-16674-WB (the "Bankruptcy Case") on the one hand, and Keller Williams Realty, a real estate broker licensed by the California Department of Real Estate (the "Broker") on the other hand, as follows:

1. The Seller of that vacant land as delineated by Los Angeles County APN's 5209-021-002, 5209-021-005, 5209-021-006, 5209-022-007, 5209-023-022, 5209-023-029, 5209-023-030, 5209-023-031, 5209-023-032 and 5209-025-006 (collectively hereinafter the "Real Property") is Wesley H. Avery as the chapter 7 bankruptcy trustee for the Estate and not Wesley H. Avery as an individual.

2. To the degree that the Agreement conflicts with this Addendum, this Addendum controls and the Agreement is not binding and is superseded.

3. The foregoing Agreement and this Addendum are unenforceable and of no legal effect, unless and until approved by the Bankruptcy Court. Any and all sales of the Real Property are subject to review and approval by the Bankruptcy Court and any proposed sale is subject to overbid at the time of the hearing on the Motion to Approve Sale.

4. To the degree that the Agreement contains disclosure or warranty provisions, then the undersigned is a federal 7 bankruptcy trustee and there will be no warranties or disclosures made concerning the Real Property.

5. Because the sale of the Real Property is a bankruptcy sale, any such sale shall be "as-is" and without any warranties (whatsoever), and any transfer by the Trustee shall be by Bankruptcy Trustee's Deed or Quitclaim deed at the Trustee's option.

6. Any and all disputes in connection with the Agreement and/or this Addendum are subject to the exclusive jurisdiction and venue of the United States Bankruptcy Court hearing in the Bankruptcy Case.

7. No fees shall be paid and no costs shall be reimbursed unless and until ordered by the Bankruptcy Court under 11 U.S.C. Sections 328 and/or 330. Any and all such fees and costs shall be the sole and exclusive liability of and claim against the Estate and Wesley H. Avery shall not have any personal liability on any account.

8. To the extent that liens, claims or co-owners, or other encumbrances against the Real Property, if any, make the sale infeasible or unprofitable to the Estate, then the Trustee may terminate this Agreement and cancel any proposed sale under this

1

Agreement.  In such case, the Broker agrees to fully completely release Seller from any and all obligations under this Agreement.

9.      The Agreement and this Addendum shall automatically terminate in the event that the Real Property cannot be administered. The Broker then agrees to fully and completely release Seller from any and all obligations under the Agreement and this Addendum.

Dated: ___9/3/25___

Wesley H. Avery, Chapter 7 Trustee of
JInzheng Group (USA) LLC

Dated: ___9/3/25___

Keller Williams Realty
Brian Parsons
Agent

1

Exhibit C

1    Wesley H. Avery
2    758 E. Colorado Blvd. Ste. 210
    Pasadena, CA 91101-2105
3    (626) 395-7576 (office)
    (661) 430-5467 (fax)
4    Chapter 7Trustee

5    *Fiducia in faciem dubitationem*

6

7

8            **UNITED STATES BANKRUPTCY COURT**

9       **CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION**

10

11    In re

12    JINZHENG GROUP (USA) LLC, a California
    limited liability company,
13

14           Debtor.

15    TID 81-2778812

| | |
|---|---|
| Case No. 2:21-bk-16674-WB | |
| Chapter 7 | |

**NOTICE OF APPLICATION BY CHAPTER 7 TRUSTEE TO EMPLOY REAL ESTATE BROKER [11 U.S.C. § 328(a), FED. R. BANK. P. 2014 AND LOC. BANKR. R. 2014-1(B)(2)]**

| | |
|---|---|
| Date: | [To be determined] |
| Time: | [To be determined] |
| Place: | U.S. Courthouse |
| | Courtroom 1375 |
| | 255 E. Temple St. |
| | Los Angeles, CA 90012 |

19    **TO THE HONORABLE JULIA W. BRAND, UNITED STATES BANKRUPTCY JUDGE,**

20    **THE DEBTOR AND OTHER PARTIES IN INTEREST:**

21      **PLEASE TAKE NOTICE THAT** Wesley H. Avery ("Avery"), the duly appointed and

22    acting chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of the above-

23    captioned debtor Jinzheng Group (USA) LLC, a California limited liability company, (the

24    "Debtor"), in Case No. 2:21-bk-16674-WB (the "Bankruptcy Case"), has applied (the

25    "Application") to employ Pasadena Market Center, Inc., a California corporation dba KW

26    Residential (the "Firm" or "Broker"), as the Trustee's real estate broker to market and sell the

27    following parcels of vacant land: Los Angeles County Assessor's Parcel Nos. 5209-021-002, 5209-

28    021-005, 5209-021-006, 5209-022-007, 5209-023-022, 5209-023-029, 5209-023-030, 5209-023-

1    031, 5209-023-032 and 5209-025-006 (collectively, the "Property") that is property of the Estate.

2    By the Application, the Trustee seeks to employ the Broker through a Vacant Land Listing

3    Agreement (the "Agreement") pursuant to 11 U.S.C. § 328(a). The Application is made on the

4    basis of the following facts.

5        1.    Among the assets of the Estate is the Property. The Trustee intends to list the

6    Property with the Broker for $300,000. The Trustee believes that there is substantial equity in the

7    Property for the benefit of the Estate such that its sale will result in a meaningful distribution to

8    general unsecured creditors of the Estate. The Trustee requires retention of a real estate broker to

9    liquidate the Property for the benefit of the Estate's creditors. The employment of the Broker is in

10   the best interest of the Estate as it will allow the Trustee to expeditiously liquidate the Property

11   and comply with the Trustee's statutory duties under 11 U.S.C. § 704.

12       2.    No retainer has been paid to the Broker. Compensation to the Broker will be paid

13   pursuant to 11 U.S.C. § 328 after services are rendered and after notice is given to creditors and

14   interested parties of any request for compensation. By the Application the Broker will receive as

15   compensation upon the consummation of any sale of the Property a real estate broker's

16   commission in an amount equal to ten percent (10%) of the purchase price. Broker may share the

17   compensation proposed herein with the purchaser's real estate broker, if any, as is customary in

18   the real estate industry, subject to disclosure to this Court.

19   **PLEASE TAKE FURTHER NOTICE** that Loc. Bankr. R. 9013-1(f) requires any

20   response to the Application to be in writing, filed with the Clerk of the United States Bankruptcy

21   Court, 255 E. Temple Street, 1st Floor, Los Angeles California 90012 (the "Clerk's Office"), and

22   served upon the Trustee, whose address appears in the upper left corner of the first page of this

23   Notice of Application, no later than fourteen (14) days after service of this notice. Pursuant to

24   Loc. Bankr. R. 9013-1(h), failure to timely file and serve a responsive pleading may be deemed to

25   constitute consent to the instant request herein. You may obtain a copy of the Trustee's

26   Application by making a written request to him at the address and telephone number in the upper

27   left corner of the first page of this notice. You may obtain copies of all pleadings in the

28

1  Bankruptcy Case from the Clerk's Office.

2  Dated:  September 4, 2025

3

4

5  Wesley H. Avery
   Chapter 7 Trustee

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. I am an employee of Law Offices of Wesley H. Avery, APC, and my business address is 758 E. Colorado Blvd. Ste. 210, Pasadena, CA 91101. A true and correct copy of the foregoing document entitled (*specify*): **Notice** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) September 4, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Wesley H Avery (TR)**   wes@averytrustee.com,
  C117@ecfcbis.com;lucy@averytrustee.com;lupe@averytrustee.com
- **J Scott Bovitz**   bovitz@bovitz-spitzer.com
- **David M Browne**   dmbrownelaw@gmail.com, dmbeaster@aol.com
- **Donna C Bullock**   donnabullockcarrera@yahoo.com, donna.bullock@ymail.com
- **Scott W Carlson**   scarlson@stonercarlson.com, swcarl@pacbell.net
- **Steven P Chang**   schang@slclawoffice.com,
  schang@spclawoffice.com,assistant1@spclawoffice.com,attorney@spclawoffice.com;g9806@notify.cincompass.com;changsr75251@notify.bestcase.com
- **Michael F Chekian**   mike@cheklaw.com, chekianmr84018@notify.bestcase.com
- **Heidi M Cheng**   heidi@slclawoffice.com,
  assistant1@spclawoffice.com;schang@spclawoffice.com;chenghr75251@notify.bestcase.com
- **Carol Chow**   Carol.Chow@saul.com,
  hannah.richmond@saul.com;easter.santamaria@saul.com;carol.chow@ecf.courtdrive.com;litigationdocketing@saul.com
- **Susan Titus Collins**   scollins@counsel.lacounty.gov
- **Nicholas S Couchot**   ncouchot@swlaw.com
- **Jeffrey W Dulberg**   jdulberg@pszjlaw.com
- **Anthony Dutra**   adutra@hansonbridgett.com, ssingh@hansonbridgett.com
- **Oscar Estrada**   oestrada@ttc.lacounty.gov
- **Danielle R Gabai**   dgabai@ecjlaw.com,
  dgabai@ecf.courtdrive.com;aantonio@ecjlaw.com;dperez@ecjlaw.com
- **Runmin Gao**   ivy.gao@aalrr.com, ryan.hobson@aalrr.com
- **Richard Girgado**   rgirgado@counsel.lacounty.gov
- **Matthew Harrison**   matt@procivlaw.com
- **Brian T Harvey**   bharvey@buchalter.com, docket@buchalter.com;dbodkin@buchalter.com
- **M. Jonathan Hayes**   jhayes@rhmfirm.com
- **Teddy M Kapur**   tkapur@pszjlaw.com, mdj@pszjlaw.com
- **Alphamorlai Lamine Kebeh**   MKebeh@allenmatkins.com, mdiaz@allenmatkins.com
- **Peter A Kim**   peter@pkimlaw.com, peterandrewkim@yahoo.com
- **Christopher J. Langley**   chris@slclawoffice.com,
  john@slclawoffice.com;langleycr75251@notify.bestcase.com
- **Paul J Leeds**   Pleeds@fsl.law, ssanchez@fsl.law;jwilson@fsl.law
- **Shantal Malmed**   shantal.malmed@gmlaw.com, cheryl.caldwell@gmlaw.com
- **Ron Maroko**   ron.maroko@usdoj.gov
- **Richard A Marshack**   rmarshack@marshackhays.com,
  lbuchananmh@ecf.courtdrive.com;rmarshack@ecf.courtdrive.com;alinares@ecf.courtdrive.com
- **Damian J. Martinez**   dmartinez@leechtishman.com, mmocciaro@leechtishman.com
- **Eric A Mitnick**   MitnickLaw@gmail.com, mitnicklaw@gmail.com
- **Matthew C Mullhofer**   MCM@MATTHEWCMULLHOFER.COM, assistant@matthewcmullhofer.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                     F 9013-3.1.PROOF.SERVICE

- **Giovanni Orantes**   go@gobklaw.com,
  cmh@gobklaw.com,go@ecf.inforuptcy.com;orantesgr89122@notify.bestcase.com,andreac@gobklaw.com,norma
  y@gobklaw.com
- **Donald W Reid**   don@donreidlaw.com, 5969691420@filings.docketbird.com
- **Matthew D. Resnik**   matt@rhmfirm.com,
  roksana@rhmfirm.com;russ@rhmfirm.com;sloan@rhmfirm.com;susie@rhmfirm.com;priscilla@rhmfirm.com;re
  beca@rhmfirm.com;rosario@rhmfirm.com;gabriela@rhmfirm.com;david@rhmfirm.com
- **Peter J Ryan**   ryan@floresryan.com, schneider@floresryan.com
- **Allan D Sarver**   ADS@asarverlaw.com
- **Zev Shechtman**   Zev.Shechtman@saul.com,
  zshechtman@ecf.inforuptcy.com;hannah.richmond@saul.com;LitigationDocketing@saul.com
- **David Samuel Shevitz**   David.S.Shevitz@usdoj.gov
- **David M Stern**   dstern@ktbslaw.com
- **John N Tedford**   JNT@LNBYG.com, jnt@ecf.courtdrive.com
- **United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov
- **Hatty K Yip**   hatty.yip@usdoj.gov, hatty.k.yip@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (*date*) September 4, 2025, I served the following persons and/or entities at the last known addresses in this
bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United
States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that
mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method
for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) September 4, 2025, I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is
filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 9/4/25 | Lupe Castillo | /s/ Lupe Castillo |
|--------|---------------|-------------------|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Label Matrix for local noticing
0973-2
Case 2:21-bk-16674-WB
Central District of California
Los Angeles
Thu Sep  4 14:52:40 PDT 2025

Chekian Law Office, Inc.
Chekian Law Office, Inc.
445 South Figueroa Street
31st Floor
Los Angeles, CA 90071-1635

Investment Management Company LLC
Law Offices Allan Sarver
16000 Ventura Blvd
Suite 1000
Encino, CA 91436-2762

(p)LOS ANGELES COUNTY TREASURER AND TAX COLLE
ATTN BANKRUPTCY UNIT
PO BOX 54110
LOS ANGELES CA 90054-0110

Saul Ewing LLP
1888 Century Park East Ste 1500
Los Angeles, CA 90067-1719

Sound Equity, Inc.
c/o Franklin Soto Leeds LLP
Attn: Paul J. Leeds, Esq
444 West C Street, Suite 300
San Diego, CA 92101-3597

Los Angeles Division
255 East Temple Street,
Los Angeles, CA 90012-3332

BETTY ZHENG
28 N. 3RD ST. #b513
ALHAMBRA, CA 91801-6234

Bamboo Insurance
7050 Union Park Center Ste 400B
Midvale UT 84047-6055

Betula Lenta Inc.
800 West 6th Street
Suite 1250
Los Angeles, CA 90017-2721

Avenue 8
c/o Darren Hubert
3900 Wilshire Blvd
Beverly Hills, CA 90212

Corona Capital Group LLC
c/o Law Office of Eric Mitnick
21515 Hawthorne Bl #1030
Torrance, CA 90503-6579

JINZHENG GROUP (USA) LLC
1414 S Azusa Ave, Suite B-22
West Covina, CA 91791-4084

Orantes Law Firm, P.C.
The Orantes Law Firm, P.C.
3435 Wilshire Blvd., suite 2920
los angeles, CA 90010-2015

Saul Ewing, LLP
1888 Century Park East Suite 1500
Los Aneles, CA 90067-1719

The Phalanx Group
c/o Michael Chekian, Esq.
Chekian Law Office
445 South Figueroa Street
31st Floor
Los Angeles, CA 90071-1635

Accutax Services
9040 Telstar Ave Ste 105
El Monte CA 91731-2838

BOBS LLC
Attn: Barry Shy
7525 Avalon Bay St
Las Vegas, NV 89139-5307

Bentula Lenta, Inc.
David Park
800 W. 6th Street
Suite 1250
Los Angeles, CA 90017-2721

Build Group Construction Co
700 Flower St 575
Los Angeles CA 90017-4122

Betula Lenta, Inc.
800 W. 6th St.
16th Floor
Los Angeles, CA 90017-2719

DANNING, GILL, ISRAEL & KRASNOFF, LLP

LAW OFFICES OF PETER KIM
LAW OFFICES OF PETER KIM
3450 Wilshire Blvd
Ste 1200
Los Angeles, CA 90010-2214

Royal Business Bank
c/o Buchalter, A Professional Corp
Nicholas S. Couchot, Esq.
1000 Wilshire Blvd., Suite 1500
`
Los Angeles, CA 90017-1730

Shioda Langley & Chang LLP
1063 E Las Tunas Drive
San Gabriel, CA 91776-1632

United States Trustee (LA)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017-3560

American Modern Insurance
7000 Midland Blvd
Amelia OH 45102-2608

BREEZEBLOCK CAPITAL, LLC
c/o Pacific Mortgage Exchange, Inc.
P.O. Box 2836
Big Bear Lake, CA 92315-2836

Best Alliance
16133 Ventura Blvd.
Suite 700
Encino, CA 91436-2406

California American Water
8657 Grand Ave
Rosemead CA 91770-1220

Coory Engineering
1718 N Neville St
ORANGE, CA 92865-4214

Corona Capital Group, LLC
1222 Crenshaw Blvd.
#B
Torrance, CA 90501-2496

Craig & Associates
990 S. Arroya Pkwy, #4
Pasadena, CA 91105-3920


Craig Fry and Associates
990 Arroyo Parkway #4
Pasadena, CA 91105-3920

DNQ LLC
Jason D Wang
6145 W Spring Mountain Rd. #205
Las Vegas NV 89146-8819

David S Zu
100 N Citrus St Ste 330
West Covina CA 91791-1674


David Z. Su
100 N. Citrus Street Ste 615
West Covina, CA 91791-6600

Donna Bullock
Attorney at Law
800 W 6th St
Suite 1250
Los Angeles, CA 90017-2721

Donna Bullock Esq
Law Offices of Donna Bullock
800 W 6th St Suite 1250
Los Angeles CA 90017-2721


EFI Global
5261 W Imperial Hwy
Los Angeles CA 90045-6231

Employment Development Department
Bankruptcy Group MIC 92E
P.O. Box 826880
Sacramento, CA 94280-0001

Employment Development Department
Bankruptcy Group MIC 92E, PO BOX 826880
Sacramento, CA 95814


Franchise Tax Board
Bankruptcy Section, MS:A-340
P.O. Box 2952
Sacramento, CA 95812-2952

Franchise Tax Board Chief Counsel
c/o General Counsel Section
P.O. Box 720, MS: A-260
Rancho Cordova, CA 95741-1720

Griffin Underwriters
PO Box 3867
Bellevue WA 98009-3867


Home Loans Unlimited
Attn Daniel Triana
28859 Phantom Trail
Santa Clarita, CA 91390-5295

Home Loans Unlimited, Inc.
28859 Phantom Trail
Santa Clarita, CA 91390-5295

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346


Investment Management Company
1507 7th Street, #344
Santa Monica, CA 90401-2605

Jade Capital
333 Thornall St Ste 101
Edison NJ 08837-2220

Jianqing Yang
PO Box 3702
Alhambra CA 91803-0702


Jinzheng Group (USA) LLC
100 E. Huntington Dr. Ste 207
Alhambra, CA 91801-1022

LA City Treasurer and Tax Collector
255 N Hill St 1st Fl
Los Angeles CA 90012-2705

LT Management Group
1414 S. Azusa Ave.
Unit 22
West Covina, CA 91791-4088


Land Design Consultants
800 Royal Oaks Drive
Suite 104
Monrovia, CA 91016-6364

Law Offices of Matthew C. Mullhofer
2107 N. Broadway
Suite 103
Santa Ana, CA 92706-2633

Los Angeles Treasurer Tax Collector
P.O. Box 54018
Los Angeles, CA 90054-0018


Marc Cohen
Cohen Law Group, APC
541 S. Spring Street
Ste. 1208
Los Angeles, CA 90013-1667

Michael Carlin
PO Box 67132
Century City, CA 90067-0132

Michael E. Dorff and Shari L. Dorff
3239 Bordero Lane
Thousand Oaks, CA 91362-4659

Office of the U.S. Trustee
915 Wilshire Blvd Suite 1850
Los Angeles, CA 90017-3560

Office of the United States Trustee
915 Wilshire Blvd.
Los Angeles, CA 90017-3409

Overland Traffic Consultants
952 Manhattan Beach Blvd 100
Manhattan Beach CA 90266-5112

Pacific Geotech Inc
Attn Jirayus Pukkansasut
15038 Clark Ave
Hacienda Heights CA 91745-1408

Pacific Mortgae Exchange, Inc.
73241 Hwy. 111, Ste. 1-A
Palm Desert, CA 92260-3921

Pennington Construction Advisors Inc
Attn: Todd C. Pennington
79 Bell Pasture Rd
Ladera Ranch CA 92694-1558

Phalanx
424 E. 15th Street
Suite 10
Los Angeles, CA 90015-3140

(p)ROYAL BUSINESS BANK
1055 WILSHIRE BLVD SUITE 1220
LOS ANGELES CA 90017-3103

Royalty Equity Lending LLC
600 S. Spring Street
Suite 106
Los Angeles, CA 90014-1979

Shawn Charles Sourgose
2111 Seville Drive
Santa Paula, CA 93060-8042

State Farm Insurance
PO Box 588002
North Metro GA 30029-8002

Testa Capital Group
620 Newport Center Dr., #1100
Newport Beach, CA 92660-8011

Testa Capital Group
Attn Thomas L Testa
620 Newport Center Drive
Suite 1100
Newport Beach, CA 92660-8011

The Alison Company
2060 D Avenida De Los Arboles
#471
Thousand Oaks, CA 91362-1376

The Code Solution, Inc.
Attn Jamie Cho
800 W. 6th Street
Suite 1250 A
Los Angeles, CA 90017-2719

The Orantes Law Firm APC
3435 Wilshire Blvd. Ste 2920
Los Angeles, CA 90010-2015

The Phalanx Group
424 E. 15th St Ste 10
Los Angeles, CA 90015-3140

The Phalanx Group
Anthony Rodriguez
424 E 15th St Ste Unit 10
Los Angeles CA 90015-3140

The Phalanx Group
c/o Michael Chekian Esq
633 W 5th St, 26th Fl
Los Angeles CA 90071-2053

The Phalanx Group, Inc.
Anthony Rodriguez
424 E. 1st Street, Unit #10
Los Angeles, CA 90012

The Phallanx Group
Anthony Rodriguez
424 E. 1st Street, Unit #10
Los Angeles CA 90012

UltraSystems Environmental
Attn Hassan Ayati
16431 Scientific Way
Irvine, CA 92618-4355

Yepez Gardening Services
2121 N Marengo Ave
Pasadena CA 91001

Alphamorlai Lamine Kebeh
Danning, Gill, Israel & Krasnoff, LLP
1901 Avenue of the Stars
Ste 450
Los Angeles, CA 90067-6006

Carol Chow
Saul Ewing LLP
1888 Century Park East
Suite 1500
Los Angeles, CA 90067-1719

Damian J. Martinez
Atkinson, Andelson, Loya, Ruud and Romo
1100 Glendon Ave
15th Fl
Los Angeles, CA 90024-3519

Danielle R Gabai
Danning, Gill, Israel & Krasnoff, LLP
1901 Avenue of the Stars Ste 450
Ste 450
Los Angeles, CA 90067-6006

Donna Bullock Carrera
LAW OFFICES OF DONNA BULLOCK
800 W 6th St
Ste 1250
Los Angeles, CA 90017-2721

Matthew Resnik
RHM LAW LLP
17609 Ventura Blvd. Suite 314
Encino, CA 91316-5132

Michael Douglas Carlin
PO Box 67132
Century City, CA 90067-0132

Wesley H Avery (TR)
758 E. Colorado Blvd., Suite 210
Pasadena, CA 91101-5407

Zev Shechtman
Danning, Gill, Israel & Krasnoff, LLP
1901 Avenue of the Stars
Suite 450
Los Angeles, CA 90067-6006


The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


LOS ANGELES COUNTY TREASURER AND TAX COLLECT
PO BOX 54110
LOS ANGELES, CA 90054-0110

(d)LOS ANGELES COUNTY TREASURER AND TAX COLLE
PO BOX 54110
LOS ANGELES, CA 90054-0110

(d)Los Angeles County Tax Collector
225 N. Hill Street, #1
Los Angeles, CA 90012


(d)Los Angeles County Tax Collector
P.O. Box 54018
Los Angeles, CA 90054-0018

Royal Business Bank
1055 Wilshire Blvd.
Suite 1220
Los Angeles, CA 90017



The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)ATKINSON ANDELSON LOYA RUUD & ROMO

(u)Coldwell Banker Real Estate, LLC

(u)Courtesy NEF


(u)INTERESTED PARTY

(u)Koo, Chow & Company, LLP

(u)Leech Tishman Fuscaldo & Lamp, Inc


(u)Michael E. Dorff and Shari L. Dorff

(u)NELA SOUL INC

(u)OFFICIAL COMMITTEE OF UNSECURED CREDITORS


(u)Pachulski Stang Ziehl & Jones

(u)Re/Max Of Cerritos And Coldwell Banker

(u)Remax


(u)Royalty Equity Lending, LLC/Bobs LLC

(u)Shioda Langley and Chang LLP

(u)The Crem Group

(u)Ji Anqi Ngyang
66 Yuhua West Rd
Shi Ji Azhuang Hebei Province 050000 Chi

(d)The Phalanx Group, Inc.
Anthony Rodriguez
424 E. 1st Street, Unit #10
Los Angeles, CA 90012

(u)Jay Wu
LT Management Group Estate

(u)Stephen Eng

End of Label Matrix
Mailable recipients    91
Bypassed recipients    19
Total                 110

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  I am an employee of Law Offices of Wesley H. Avery, APC, and my business address is 758 E. Colorado Blvd. Ste. 210, Pasadena, CA 91101.  A true and correct copy of the foregoing document entitled (*specify*): **Application** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) September 4, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Wesley H Avery (TR)**    wes@averytrustee.com,
  C117@ecfcbis.com;lucy@averytrustee.com;lupe@averytrustee.com
- **J Scott Bovitz**    bovitz@bovitz-spitzer.com
- **David M Browne**    dmbrownelaw@gmail.com, dmbeaster@aol.com
- **Donna C Bullock**    donnabullockcarrera@yahoo.com, donna.bullock@ymail.com
- **Scott W Carlson**    scarlson@stonercarlson.com, swcarl@pacbell.net
- **Steven P Chang**    schang@slclawoffice.com,
  schang@spclawoffice.com,assistant1@spclawoffice.com,attorney@spclawoffice.com;g9806@notify.cincompass.
  com;changsr75251@notify.bestcase.com
- **Michael F Chekian**    mike@cheklaw.com, chekianmr84018@notify.bestcase.com
- **Heidi M Cheng**    heidi@slclawoffice.com,
  assistant1@spclawoffice.com;schang@spclawoffice.com;chenghr75251@notify.bestcase.com
- **Carol Chow**    Carol.Chow@saul.com,
  hannah.richmond@saul.com;easter.santamaria@saul.com;carol.chow@ecf.courtdrive.com;litigationdocketing@s
  aul.com
- **Susan Titus Collins**    scollins@counsel.lacounty.gov
- **Nicholas S Couchot**    ncouchot@swlaw.com
- **Jeffrey W Dulberg**    jdulberg@pszjlaw.com
- **Anthony Dutra**    adutra@hansonbridgett.com, ssingh@hansonbridgett.com
- **Oscar Estrada**    oestrada@ttc.lacounty.gov
- **Danielle R Gabai**    dgabai@ecjlaw.com,
  dgabai@ecf.courtdrive.com;aantonio@ecjlaw.com;dperez@ecjlaw.com
- **Runmin Gao**    ivy.gao@aalrr.com, ryan.hobson@aalrr.com
- **Richard Girgado**    rgirgado@counsel.lacounty.gov
- **Matthew Harrison**    matt@procivlaw.com
- **Brian T Harvey**    bharvey@buchalter.com, docket@buchalter.com;dbodkin@buchalter.com
- **M. Jonathan Hayes**    jhayes@rhmfirm.com
- **Teddy M Kapur**    tkapur@pszjlaw.com, mdj@pszjlaw.com
- **Alphamorlai Lamine Kebeh**    MKebeh@allenmatkins.com, mdiaz@allenmatkins.com
- **Peter A Kim**    peter@pkimlaw.com, peterandrewkim@yahoo.com
- **Christopher J. Langley**    chris@slclawoffice.com,
  john@slclawoffice.com;langleycr75251@notify.bestcase.com
- **Paul J Leeds**    Pleeds@fsl.law, ssanchez@fsl.law;jwilson@fsl.law
- **Shantal Malmed**    shantal.malmed@gmlaw.com, cheryl.caldwell@gmlaw.com
- **Ron Maroko**    ron.maroko@usdoj.gov
- **Richard A Marshack**    rmarshack@marshackhays.com,
  lbuchananmh@ecf.courtdrive.com;rmarshack@ecf.courtdrive.com;alinares@ecf.courtdrive.com
- **Damian J. Martinez**    dmartinez@leechtishman.com, mmocciaro@leechtishman.com
- **Eric A Mitnick**    MitnickLaw@gmail.com, mitnicklaw@gmail.com
- **Matthew C Mullhofer**    MCM@MATTHEWCMULLHOFER.COM, assistant@matthewcmullhofer.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                            **F 9013-3.1.PROOF.SERVICE**

- **Giovanni Orantes**    go@gobklaw.com,
  cmh@gobklaw.com,go@ecf.inforuptcy.com;orantesgr89122@notify.bestcase.com,andreac@gobklaw.com,norma
  y@gobklaw.com
- **Donald W Reid**    don@donreidlaw.com, 5969661420@filings.docketbird.com
- **Matthew D. Resnik**    matt@rhmfirm.com,
  roksana@rhmfirm.com;russ@rhmfirm.com;sloan@rhmfirm.com;susie@rhmfirm.com;priscilla@rhmfirm.com;re
  beca@rhmfirm.com;rosario@rhmfirm.com;gabriela@rhmfirm.com;david@rhmfirm.com
- **Peter J Ryan**    ryan@floresryan.com, schneider@floresryan.com
- **Allan D Sarver**    ADS@asarverlaw.com
- **Zev Shechtman**    Zev.Shechtman@saul.com,
  zshechtman@ecf.inforuptcy.com;hannah.richmond@saul.com;LitigationDocketing@saul.com
- **David Samuel Shevitz**    David.S.Shevitz@usdoj.gov
- **David M Stern**    dstern@ktbslaw.com
- **John N Tedford**    JNT@LNBYG.com, jnt@ecf.courtdrive.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Hatty K Yip**    hatty.yip@usdoj.gov, hatty.k.yip@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (*date*) September 4, 2025, I served the following persons and/or entities at the last known addresses in this
bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United
States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that
mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method
for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) September 4, 2025, I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is
filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 9/4/25 | Lupe Castillo | /s/ Lupe Castillo |
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                    **F 9013-3.1.PROOF.SERVICE**